[counsel on signature page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| PAUL TREMBLAY,<br><br>    Individual and Representative Plaintiff,<br><br>v.<br><br>OPENAI, INC., et al.,<br><br>    Defendants. | Lead Case No. 3:23-cv-03223-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held on Thursday, September 14, 2023, between counsel for Plaintiffs Paul Tremblay, Sarah Silverman, Christopher Golden, Richard Kadrey, and the proposed class ("Plaintiffs") and counsel for Defendants OpenAI, Inc.; OpenAI, LP; OpenAI OpCo, LLC; OpenAI GP, LLC; OpenAI Startup Fund GP I, LLC; OpenAI Startup Fund I, LP; and OpenAI Startup Fund Management, LLC ("OpenAI" or "Defendants"). The Parties, by and through their undersigned counsel, met and conferred concerning the topics set forth in Rule 26(f), the United States District Court for the Northern District of California's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information and Guidelines for the Discovery of Electronically Stored Information, and the Standing Order for All Judges of the Northern District of California—Contents of Joint Case Management Statement. Pursuant to Rule 26(f)(2), Civil Local Rule 16-9(a), and ECF No. 10, the Parties hereby submit this Joint Rule 26(f) Report in advance of the Case Management Conference scheduled for October 5, 2023.

**A.      Jurisdiction & Service**

This Court has subject matter jurisdiction over all of Plaintiffs' claims under 28 U.S.C. 1331 and Defendants do not challenge personal jurisdiction. No parties remain to be served.

**B.      Facts and Legal Issues**

On June 28, 2023, Plaintiff Tremblay filed his Complaint (ECF No. 1)[1] alleging Defendants engaged in actions related to the creation, maintenance, and operation of the OpenAI language models that violate Plaintiffs' rights under Direct Copyright Infringement (17 U.S.C. § 106), Vicarious Copyright Infringement (17 U.S.C. § 106), the Digital Millennium Copyright Act – Removal of Copyright Management Information ("CMI") (17 U.S.C. § 1202 (b)) ("the DMCA"), Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*), Negligence, and Unjust Enrichment. and demanding a trial by jury on all claims for which a jury is permitted. On July 7, 2023, Plaintiffs Sarah Silverman, Christopher Golden, and Richard Kadrey filed their Complaint[2] (*Silverman* Action, ECF No. 1), initiating an action that has since been related to this action initiated by Plaintiff Tremblay. *See* ECF

---

[1] Referred to herein as the "*Tremblay* Action." Unless otherwise indicated, "ECF No. __" refers to filings in the *Tremblay* Action.

[2] Referred to herein as the "*Silverman* Action."

No. 26. On August 11, 2023, Plaintiff Mona Awad voluntarily dismissed her individual claims against Defendants without prejudice.  ECF No. 29.

Plaintiffs are writers who own copyrights in works allegedly used to train Defendants' language models. Plaintiffs contend Defendants used Plaintiffs' works to train their language models. Defendants develop AI-based products, including language models such as GPT-4 and ChatGPT. Plaintiffs allege that Defendants violated their rights when using Plaintiffs' works to train (i.e., the process by which an AI program can "learn" how to anticipate and provide solutions to coding issues) OpenAI language models without permission. Plaintiffs further allege Defendants continue to violate Plaintiffs' rights through the distribution and operation of language models as well as further unauthorized training on their works if such occurs.

Defendants deny that they have violated any of Plaintiffs' rights.  On August 28, 2023, Defendants filed a motion to dismiss Counts II through VI in the *Silverman* and *Tremblay* actions.  ECF Nos. 32 and 33. Plaintiffs filed their oppositions on September 27, 2023 (ECF No. 48, both Actions) and Defendants' replies are due October 11, 2023. The hearing on Defendants' motions to dismiss is scheduled for December 7, 2023.

The principal facts in dispute include (a) whether each of the named Plaintiffs' copyrighted works were actually used to train the large language models underlying ChatGPT, (b) whether ChatGPT's outputs are substantially similar to those works, (c) whether Defendants derive a direct financial benefit from the alleged inclusion of Plaintiffs' works in the training data, (d) the extent to which Defendants have a right and ability to control acts of third-party infringement via ChatGPT, (e) whether Plaintiffs included CMI in their copyrighted works, and (f) whether that alleged CMI was removed during the training process.

Defendants summarize the legal issues as follows:

1. Whether Defendants' alleged use of Plaintiffs' books to train a large language model is a fair use under 17 U.S.C. § 107.

2. Whether Plaintiffs are entitled to relief under a vicarious copyright infringement claim.

3. Whether Plaintiffs are entitled to relief for violation of Section 1202(b) of the Copyright Act.

1  **4.** Whether Plaintiffs are entitled to relief for unfair competition under common law and

2      California Business & Professions Code § 17200.

3  **5.** Whether Plaintiffs are entitled to relief for negligence.

4  **6.** Whether Plaintiffs are entitled to relief for unjust enrichment under common law.

5  **7.** Whether the Copyright Act preempts Plaintiffs' claims for negligence and unjust

6      enrichment.  *Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir.

7      1987) (finding the Copyright Act preempted plaintiff's unjust enrichment claim).

8  **8.** Whether Plaintiffs can meet their burden of establishing that any class can be certified.

9  **C.   Motions**

10      On August 28, 2023, Defendants filed Motions to Dismiss Counts II through VI in the *Tremblay*

11  and *Silverman* Actions. ECF No. 33 (*Tremblay* Action) & ECF No. 32 (*Silverman* Action).  Plaintiffs'

12  oppositions were filed on September 27, 2023 (ECF No. 48, both Actions) and Defendants' replies are

13  due October 11, 2023.  A hearing on Defendants' motions is set for December 7, 2023. ECF No. 27.

14  There is also a pending motion to consider whether the *Tremblay* and *Silverman* Actions, which are

15  already related (ECF No. 26), should be further related to *Chabon, et al v. OpenAI, Inc, et al.*, Case No.

16  4:23-cv-04625-PHK (N.D. Cal. Sept. 8, 2023) ("*Chabon* Action") (ECF No. 46).  Defendants do not

17  oppose that motion. Plaintiffs anticipate moving to consolidate the *Tremblay*, *Silverman*, and *Chabon*

18  Actions pursuant to F. R. Civ. Pro. 42.

19      The Parties also anticipate various discovery motions, a motion for class certification, and

20  summary judgment motions.

21  **D.   Amendments to Pleadings**

22      To date, no pleadings have been amended.

23  **E.   Evidence Preservation**

24      The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored

25  Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate

26  steps taken to preserve evidence relevant to the issues reasonably evident in the case. Defendants have

27  alerted Plaintiffs to certain past and upcoming data deletion performed at the request of users of their

28  language models and the Parties have met and conferred regarding this practice. The Parties are

continuing to meet and confer regarding this issue. The Parties have not identified any other past or planned deletion of information or documents relevant to this case. The Parties will continue to meet and confer regarding Defendants' user-requested deletion and to ensure other relevant evidence is preserved as necessary.

**F.     Disclosures**

The Parties will exchange initial disclosures by September 28, 2023 pursuant to Rule 26(a)(1)(A). The Parties will supplement Initial Disclosures as necessary, as required by Rule 26(e).

**G.     Discovery**

**1.     Scope of Discovery**

The Parties agree that discovery is governed by the Federal Rules of Civil Procedure. The Parties anticipate having to account for some discoverable data being too voluminous to produce and have begun to discuss potential alternatives to complete production of such data. The Parties will continue to meet and confer on this topic once requests for production of documents have been propounded.

Discovery has not commenced in this matter yet.  While Defendants do not dispute that discovery may proceed as to Count I and any potential defenses thereto, they propose that the Parties meet and confer in good faith regarding discovery as to Counts II through VI once the pleadings are settled.  Defendants reserve their rights to seek modifications to limits on discovery until discovery commences.

**Subjects of Discovery from Defendants:** The following is a non-exhaustive list of subjects that Plaintiffs plan to seek discovery on. Plaintiffs reserve all rights to expand upon these subject areas as the case progresses:

- The interactions between Class members (including Plaintiffs) and Defendants, including but not limited to requests and/or demands from the owners of works used to train language models regarding Defendants' use of their works.

- Defendants' conduct that caused OpenAI language models to ingest and distribute Plaintiffs' and the proposed class's works without including any associated CMI, including but not limited to Defendants' knowledge regarding these actions and their consequences.

- The planning for, creation, operation, modification, distribution, and upkeep of OpenAI language models, including but not limited to its source code.

- Efforts by Defendants to obtain licenses or other permission to use works used to train OpenAI language models.

- Defendants conduct in concealing CMI associated with Class members' (including Plaintiffs') works from users of OpenAI language models, including steps taken during the creation, alteration, and/or operation of OpenAI language models.

- Defendants' organizational structures related to OpenAI language models.

- Contracts or other agreements between Defendants, Defendants and Plaintiffs, and Defendants and third parties that relate to OpenAI language models.

- Defendants' entity structures and corporate documents.

- Information regarding all materials used to train OpenAI language models, including the materials themselves.

- Facts related to affirmative defenses raised by Defendants.

- Defendants' policies regarding any usage of copyrighted material.

- Defendants' interactions with government entities regarding OpenAI language models, including document submissions, requests for information or documents, testimony, and correspondence.

- Defendants' participation in other lawsuits or private administrative proceedings regarding OpenAI language models.

Defendants reserve all rights to object to Plaintiffs' efforts to seek discovery into such matters.

**Subjects of Discovery from Plaintiffs:** The following is a non-exhaustive list of subjects regarding which Defendants currently plan to seek discovery from Plaintiffs:

- Plaintiffs' lack of harm.

- Plaintiffs' ownership of and copyright interest in the works that are the subject of their complaints.

- Plaintiffs' works, and where and how they are published.

- Plaintiffs' lack of prospective economic relations with third parties.

- The licensing and distribution of all Plaintiffs' works they assert form any basis for their claims, and all other facts concerning the market for such works.
- Any copyright registrations or applications for registration of any of the Plaintiffs' works they assert form any basis for their claims.
- All use by Plaintiffs of ChatGPT.
- All efforts by Plaintiffs or anyone acting on their behalf to prompt ChatGPT to suggest outputs similar to Plaintiffs' works.

Plaintiffs reserve all rights to object to Defendants' efforts to seek discovery into such matters.

**2.      Discovery Limits**

The Parties have met and conferred regarding the discovery limits set forth in the Federal Rules of Civil Procedure. Plaintiffs have indicated the likelihood they will require expansion of the limits on the number depositions and interrogatories. Defendants disagree that any expansion of the number of depositions and interrogatories is warranted, and Plaintiffs have provided no justification for expanding the limits.

**3.      Production of Electronically Stored Information**

The Parties have met and conferred pursuant to Rule 26(f) and have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). The Parties will continue to meet and confer on this topic in an attempt to come to agreement on a stipulated order regarding production of ESI. The Parties have discussed the potential need for ESI Liaisons and will meet and confer further on this topic once discovery requests have been served but do not believe they will be required at this time. The Parties will further meet and confer on how responsive material will be identified and metadata formatting for ESI and will continue to do so as discovery progresses.

**4.      Protective Order**

The Parties agree to meet and confer regarding an appropriate protective order for confidential materials based on this Court's model orders and attempt to come to agreement on a stipulated protective order to be entered by this Court.

### 5.   Privilege

The Parties have agreed to enter a stipulated Privileged Materials Order under Rule 502(d) should the provisions of the model protective order not meet their needs and will meet and confer further to determine the details of such if necessary.

### 6.   Deposition Logistics

Plaintiffs believe that in-person depositions are appropriate for all witnesses, either in the Northern District or elsewhere in the United States where they may reside.

Defendants cannot determine in the abstract whether in-person depositions will be appropriate for all witnesses but are generally willing to consider in-person depositions.

The Parties will meet and confer should any disputes arise as to the location of depositions and/or use of remote depositions.

### 7.   Discovery Issues and Potential Disputes

Plaintiffs believe discovery may commence once Initial Disclosures are served.  The Parties anticipate discovery disputes regarding production of voluminous data repositories held by Defendants and other documents or information Defendants will contend is not relevant to Plaintiffs' claims. The Parties will meet and confer on these and any other discovery disputes that may arise in an effort to resolve the disputes without court intervention.

The Parties agree to electronic service in all instances where service is necessary and will exchange service lists.

### H.   Class Action

Plaintiffs purport to bring this class action on behalf of themselves, and all others similarly situated pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for the OpenAI Language Models during the Class Period.

Plaintiffs believe that the class is so numerous that joinder of all members is impracticable. Plaintiffs do not know the exact size of the class since that information is within the control of OpenAI. Upon information and belief, Plaintiffs allege that the number of class members is in the millions.

Plaintiffs allege that the claims asserted by Plaintiffs are typical of the proposed class's claims in that the representative Plaintiffs allege that, like all class members, their copyright-protected works were used to train an OpenAI Language Model. Plaintiffs allege all members of the proposed class have been similarly injured by Defendants' conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and those issues predominate over any question affecting only individual class members. The common legal and factual issues include the following:

- Whether Defendants violated the copyrights of Plaintiffs and the Class when they downloaded copies of Plaintiff's copyrighted works and used them to train OpenAI language models.

- Whether OpenAI language models are infringing derivative works based on Plaintiffs' copyrighted works.

- Whether the text outputs of OpenAI language models are infringing derivative works based on Plaintiffs' copyrighted works.

- Whether Defendants violated the DMCA by removing copyright-management information (CMI) from Plaintiffs' copyrighted works.

- Whether Defendants were unjustly enriched by the unlawful conduct alleged herein.

- Whether Defendants' conduct alleged herein constitutes Unfair Competition under California Business and Professions Code section 17200 et seq.

- Whether Defendants' conduct alleged herein constitutes unfair competition under the common law.

- Whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein. And what the scope of that injunction would be.

- Whether any affirmative defense excuses Defendants' conduct.

- Whether any statutes of limitation limits Plaintiffs' and the Class's potential for recovery.

Defendants believe that class certification is not appropriate, and that a proposed briefing schedule for class certification should be made after the pleadings are settled, as the Parties will be in a better position at that time to propose a realistic schedule.

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements.

The Parties agree that phased discovery will not be necessary in this case.

**I.      Related Cases**

As discussed above, two motions to consider whether cases should be related have been filed (ECF Nos. 16, 46). One (regarding the *Silverman* Action) was granted and the other (regarding the *Chabon* Action) is pending.

The Parties are also aware of a case filed in the District Court for the Southern District of New York, *Authors Guild, et al. v. OpenAI Inc.*, Case No. 23-cv-082092 (S.D.N.Y.) filed September 19, 2023. The case appears to include duplicative causes of action.

**J.      Relief**

Plaintiffs seek two forms of relief. The first is injunctive relief to preclude further harm to them through the operation of OpenAI language models. The second, damages, would be calculated after discovery enables Plaintiffs to ascertain the number of violations committed during the Class Period and other facts not currently available to Plaintiffs. Depending on the cause of action, damages will either be set by statute or based upon Defendants' profit resulting from the violations alleged by Plaintiffs. Plaintiffs reserve the right to seek attorneys' fees and costs as allowed by statute or otherwise.

Defendants do not seek any relief other than attorneys' fees if they prevail.

**K.      Consent to Magistrate Judge**

The Parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. *See* ECF No. 4.

**L.      Other References**

The Parties do not oppose having discovery disputes heard by a magistrate judge if the Court is inclined to appoint a discovery magistrate.

**M.      Settlement and ADR**

The Parties have complied with ADR L-R 3.5. The Parties have agreed to discuss settlement in the near term and with this Court at the upcoming Case Management Conference. The Parties would be amenable to having the case referred to a magistrate judge for settlement. Defendants propose

Magistrate Judge Sallie Kim, who is the magistrate judge assigned to *J. Doe 1 et al. v. GitHub, Inc. et al.*, No. 22-cv-06823-JST (N.D. Cal.), for settlement. Given the complexity associated with settling class actions and the nature of these disputes, an experienced judicial officer is necessary to improve the chances of attaining an appropriate settlement.

**N.    Narrowing of Issues**

No issues have yet been narrowed by agreement or by motion. The Parties will continue to meet and confer about narrowing potential issues should the circumstances of the case change.

**O.    Expedited Trial Procedures**

The Parties agree this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**P.    Scheduling**

The Parties have not come to an agreement on a case schedule.  As noted above, there is a

pending motion to relate the *Chabon* Action to the already related *Tremblay* and *Silverman* Actions.

Defendants believe that attention should be paid to the schedule after that motion is resolved because the

Parties will be in a better position to propose a realistic schedule at that time. Plaintiffs believe that this

case can benefit from careful case management and proposing a case schedule serves that goal. Plaintiffs

propose the following schedule:

| Scheduled Case Event | Date Set by ECF No. 27 |
|---|---|
| Deadline for opposition to motions to dismiss | Wednesday, September 27, 2023 |
| Initial Case Management Conference | Thursday, October 5, 2023 |
| Deadline for replies in support of motions to dismiss | Wednesday, October 11, 2023 |
| Hearing on motions to dismiss | Thursday, December 7, 2023 |
| **Unscheduled Case Event** | **Plaintiffs' Proposed Date** |
| Close of fact discovery including non-expert depositions | Tuesday, October 29, 2024 |
| Deadline for Plaintiffs' expert reports | Thursday, December 12, 2024 |
| Deadline for Defendants' expert reports | Monday, January 13, 2025 |
| Deadline for Plaintiffs' rebuttal expert reports | Tuesday, February 11, 2025 |
| Close of expert discovery | Thursday, March 13, 2025 |
| Deadline for motions for class certification, and Daubert motions | Thursday, April 10, 2025 |
| Deadline for oppositions to class certification, and *Daubert* motions | Friday, May 23, 2025 |
| Deadline for replies in support of motions for class certification, and *Daubert* motions | Tuesday, June 24, 2025 |
| Deadline for motions for summary judgment. Deadline for replies in support of motions for class certification and *Daubert* motions | Monday, August 11, 2025 |
| Deadline for oppositions to motions for summary judgment. Deadline for motions for summary judgment. | Wednesday, September 24, 2025Monday, August 11, 2025 |
| Deadline for replies in support of motions for summary judgment. | Thursday, October 23, 2025 |
| Class certification, summary judgment, and Daubert hearing | To be set by Court |
| Deadline for joint pre-trial statement | Thursday, January 8, 2026 |
| Final pre-trial conference | Thursday, January 15, 2026 |
| Trial Begins | Monday, January 26, 2026 |

**Q.**     **Trial**

Plaintiffs have requested a trial by jury on all claims allowed. Defendants believe determination of a trial schedule is premature at this time.

**R.**     **Length of Trial**

Plaintiffs believe trial will last ten trial days. Plaintiffs propose that time be split evenly between Defendants and Plaintiffs. Defendants believe determination of the length of trial is premature at this time.

**S.**     **Disclosure of Non-party Interested Entities or Persons**

The Parties have provided the relevant disclosures of non-party interested entities or persons and will continue to supplement as other non-party interested entities or persons become known. *See* ECF Nos. 22, 28, 37 (*Tremblay* Action); ECF Nos. 20, 29, 37 (*Silverman* Action).

**T.**     **Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: September 28, 2023

By: _____/s/ Joseph R. Saveri_____
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                tmanfredi@saverilawfirm.com
                kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:      (323) 968-2632
Facsimile:      (415) 395-9940
Email:          mb@but13ricklaw.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: September 28, 2023

By: _____/s/ Joseph C. Gratz_____
        Joseph C. Gratz

Joseph C. Gratz (State Bar No. 240676)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Telephone:      415-268-7000
Facsimile:      415-268-7522
Email:          jgratz@mofo.com

*Counsel for OpenAI, Inc., OpenAI, L.P., OpenAI GP,*
*LLC, OpenAI OpCo, L.L.C., OpenAI Startup Fund GP*
*I, L.L.C, OpenAI Startup Fund I, L.P., and OpenAI*
*Startup Fund Management LLC*

1                                <u>L.R. 5-1 SIGNATURE ATTESTATION</u>

2        As the ECF user whose user ID and password are utilized in the filing of this document, I attest

3 under penalty of perjury that concurrence in the filing of the document has been obtained from each of

4 the other signatories.

5

6 Dated:  September 28, 2023

7                                                   */s/ Joseph R. Saveri*

                                                    Joseph R. Saveri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28