MORRISON & FOERSTER LLP
Joseph C. Gratz (SBN 240676)
 jgratz@mofo.com
Tiffany Cheung (SBN 211497)
 tcheung@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
 abennett@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
 alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for Defendants OpenAI, Inc.,
OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI
GP, L.L.C., OpenAI Startup Fund GP I, L.L.C.,
OpenAI Startup Fund I, L.P., and OpenAI
Startup Fund Management, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PAUL TREMBLAY, an individual; MONA AWAD, an individual; <br><br> Individual and Representative Plaintiffs, <br><br> v. <br><br> OPENAI, INC., a Delaware nonprofit corporation; OPENAI, L.P., a Delaware limited partnership; OPENAI OPCO, L.L.C., a Delaware limited liability corporation; OPENAI GP, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND GP I, L.L.C., a Delaware limited liability company; OPENAI STARTUP FUND I, L.P., a Delaware limited partnership; and OPENAI STARTUP FUND MANAGEMENT, LLC, a Delaware limited liability company, <br><br> Defendants. | CASE NO. 3:23-cv-03223-AMO <br><br> **DEFENDANTS' MEMORANDUM OF LAW REGARDING FURTHER PROPOSED SCHEDULING** <br><br> Place:    Courtroom 10 - 19th Floor <br> Before:   Hon. Araceli Martínez-Olguín |

1

## I.      INTRODUCTION

2      In copyright cases like this one, courts frequently resolve summary judgment motions

3  before class certification.  Because these cases often turn on legal issues, hearing a summary

4  judgment motion first can moot the need to hear class certification altogether.  And even if

5  summary judgment is denied, the court's summary judgment ruling can often narrow and clarify

6  the issues to be decided on class certification.  Further, courts have recognized that there is

7  generally no prejudice where, as here, it is the defendant requesting that summary judgment be

8  heard first.  Accordingly, Defendants request that the Court schedule summary judgment briefing

9  to occur before class certification briefing or, at a minimum, at the same time.

10

## II.      BACKGROUND

11      Plaintiffs seek to hold OpenAI liable for the creation and operation of an artificial

12  intelligence service known as ChatGPT.  (*See* OpenAI's Mot. to Dismiss (Dkt. No. 33, "MTD")[1]

13  at 1-2 (explaining more about ChatGPT).)  Although Plaintiffs are authors of books, they seek to

14  represent a class of "[a]ll" U.S persons who "own a [] copyright in *any work* used as training data

15  for the OpenAI Language Models."  (Compl. (Dkt. No. 1) ¶ 42 (emphasis added); Compl.

16  (*Silverman*, Dkt. No. 1) ¶ 43 (emphasis added).)

17      Plaintiffs bring claims for, among other things, copyright infringement and violation of

18  Section 1202 of the DMCA.[2]  Plaintiffs' claims appear to relate both to (1) the training of

19  OpenAI's models, and (2) the outputs of those models.  For both types of claims, the fair use

20  doctrine will play an important role: with respect to training, whether making intermediate copies

21  of copyrighted works—that are never shown to anyone—for the purposes of training an AI model

22  is fair use, and with respect to outputs, whether particular outputs generated by the AI models are

23  fair use.  Analyzing those issues will require the Court to apply the factors set out in Section 107

24

25  [1] Unless stated otherwise, the docket numbers refer to the *Tremblay* docket, no. 3:23-cv-03223-AMO.

26  [2] As explained in more detail in Defendants' Motion to Dismiss, Section 1202 of the DMCA prohibits, among other things, the intentional removal or alteration of copyright management

27  information while having "reasonable grounds to know . . . that [that removal or alteration] will induce, enable, facilitate, or conceal an infringement [of copyright]."  17 U.S.C. 1202(b); *see also*

28  MTD at 11-18.

1

of the Copyright Act. *See* 17 U.S.C. § 107 (listing four factors). With respect to outputs, Plaintiffs must also show that expression in the output is substantially similar to expression in Plaintiffs' works. *See Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020). And with respect to all claims, of course, Plaintiffs must show that they own the copyrights in question.

OpenAI will argue at the appropriate time that class certification is not appropriate because (among other reasons) analyzing each of these issues as to each putative class member will require individualized inquiries not susceptible to class-wide proof.

## III.  ARGUMENT

The Ninth Circuit has held that "under the proper circumstances—where it is more practicable to do so and where the parties will not suffer significant prejudice—the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984). That procedure is particularly "reasonable" where it "seems likely" to avoid "needless and costly further litigation." *Id.*; *see also Saeger v. Pac. Life Ins. Co*., 305 F. App'x 492, 493 (9th Cir. 2008) (same); *Khasin v. Hershey Co*., No. 5:12-CV-01862-EJD, 2014 WL 1779805, at *2 (N.D. Cal. May 5, 2014) (same); *see also* Standing Order for Civil Cases Before Judge Vince Chhabria (N.D. Cal.) ¶ 50, *available at* https://www.cand.uscourts.gov/wp-content/uploads/judges/chhabria-vc/VC-Civil-Standing-Order-2023-06-01.pdf (stating that the court believes that hearing summary judgment before litigating class certification "will often save a great deal of time and money").

As addressed below, assessing the underlying claims will assist and inform the Court's evaluation of whether Plaintiffs have satisfied the strictures of Rule 23 for the proposed class here. Moreover, the possibility that resolving summary judgment prior to class certification could result in a judgment that does not bind an entire class (often referred to as "one-way intervention") does not constitute "prejudice" to Plaintiffs under well-established Ninth Circuit precedent.

### A.  Resolving class certification before summary judgment would be inefficient.

As noted, the Court in this case will have to resolve issues regarding ownership of the

2

1    works in dispute, whether any of the outputs of OpenAI's models are substantially similar to the

2    Plaintiffs' works, and the extent to which the challenged conduct qualifies as a fair use.  Many of

3    the authorities that bear on these questions are judicial opinions resolving them as a matter of law,

4    including on summary judgment.[3]  Even where cases *can't* be resolved on summary judgment,

5    summary judgment often narrows and clarifies the issues in dispute, making briefing and ruling

6    on class certification easier.  It is therefore often most efficient in copyright cases for courts to

7    consider summary judgment before turning to class certification, and the Court should do so here.

8         *Authors Guild v. Google, Inc. ("Google Books")* is instructive.  There, the plaintiff

9    alleged that Google committed copyright infringement by creating "digital scan[s]" of "millions

10   of books" to create a new search engine and related research tools.  804 F.3d 202, 208–29 (2d Cir.

11   2015).  Prior to summary judgment, the plaintiffs moved to certify a class under Rule 23, and the

12   district court granted the motion based, in part, on the suggestion that the fair use question could

13   be resolved on a classwide basis.  282 F.R.D. 384, 394 (S.D.N.Y. 2012).  The Second Circuit

14   reversed, noting that the district court's attempt to grapple with Rule 23's detailed requirements—

15   including "the commonality of plaintiffs' injuries, the typicality of their claims, and the

16   predominance of common questions of law or fact"—was premature in light of the likelihood that

17   those issues will be "necessarily inform[ed] and perhaps moot[ed]" by "resolution of [the] fair use

18   defense in the first instance" under Rule 56.  721 F.3d 132, 134 (2d Cir. 2013).  The court

19   ultimately granted summary judgment to Google on fair use, mooting the class certification

20   question.  *See* 804 F.3d at 207-8.

21        *Google Books* is not unique:  courts have repeatedly sequenced summary judgment prior

22   to class certification in appropriate circumstances to streamline litigation.  The court in *Stevens v.*

23   *CoreLogic*, for example, addressed a claim under Section 1202 of the DMCA based on the

24   alteration of metadata in photographs that third-party users had uploaded to the defendant's

---

[3] *See, e.g., Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1199–1200 (2021) (rejecting
argument that "'fair use' is a question for a jury" after finding that "the ultimate 'fair use'
question primarily involves legal work"); *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir.
2015) (affirming summary judgment on fair use grounds); *A.V. ex rel. Vanderhye v. iParadigms,*
*LLC,* 562 F.3d 630, 644-45 (4th Cir. 2009) (same); *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 822
(9th Cir. 2003) (same).

DEFENDANTS' MEMORANDUM OF LAW RE FURTHER PROPOSED SCHEDULING
CASE NO. 3:23-CV-03223-AMO

software platform.  Plaintiffs brought the case as a putative class action, but defendants filed a motion for summary judgment prior to class certification, which the court granted, thereby mooting the class certification issue.  194 F. Supp. 3d 1046, 1050–54 (S.D. Cal. 2016).  On appeal, the Ninth Circuit affirmed, including by explicitly endorsing the district court's decision not to defer consideration of the Rule 56 motion.  899 F.3d 666, 678–79 (9th Cir. 2018).

While *Stevens* and *Google Books* mooted the class certification motion entirely, hearing summary judgment before or contemporaneously with class certification can be beneficial even in cases where summary judgment is denied.  That was the case in *Schneider v. YouTube, LLC*, which was also a putative class action focusing on claims for copyright infringement and violation of the DMCA.  No. 20-cv-04423-JD, 2023 WL 114226 (N.D. Cal. Jan. 5, 2023).  Again, defendants filed a motion for summary judgment prior to class certification, which the court considered without hesitation.  *Id.*  And while the court granted summary judgment on copyright infringement but denied with respect to the DMCA claims, in that instance, its later class certification analysis relied heavily on the "summary judgment record."  2023 WL 3605981, at *15 (N.D. Cal. May 22, 2023); *see also id.* at *13 ("the individualized disputes of fact that precluded summary judgment" also "raise[] obvious barriers to classwide proof"); *id.* at *10-11 (relying on the summary judgment "record" in analyzing Rule 23's predominance requirement).

So too here.  Whether or not OpenAI's summary judgment motion is dispositive, the Court's consideration of that motion will clarify whether the disputed issues can be resolved on a class-wide basis.  Such clarification is especially important in copyright cases like this one, since "[i]t has been said that copyright claims are poor candidates for class-action treatment" because they often turn on "facts which are particular to that single claim of infringement[] and separate from all the other claims" and are often subject to "defenses that require their own individualized inquiries."  *Id.* at *6 (cleaned up).  For example, in this case, the Court will know after summary judgment whether there are factual disputes about whether: (1) the outputs of OpenAI's models (or the models themselves) are substantially similar to any of Plaintiffs' works, (2) the models' training or output harms the market for any of Plaintiffs' works (which is one of the fair use

4

factors), (3) which markets are being harmed by such conduct, or (4) ownership.  The Court will then, in turn, be able to better evaluate whether the factual disputes that will actually be tried are susceptible to class-wide proof—rather than ruling on class certification based on hypotheticals, and potentially having to re-visit that ruling later.

**B.**     **Plaintiffs will not be prejudiced if summary judgment is heard before class certification.**

As the Ninth Circuit explained in *Wright*, the question of "prejudice" in this context primarily relates to the possibility that, if defendants prevail on summary judgment, the ruling will not bind absent class members.  *See Wright*, 742 F.2d at 543-44.  But that is prejudice to the defendant, not plaintiff.  *Id.* at 544-45; *Khasin,* 2014 WL 1779805, at *2-3 (rejecting plaintiffs' argument that the possibility of "one-way intervention" constitutes prejudice where the defendant sought summary judgment prior to a ruling on class certification).  Courts therefore reject it as a basis for refusing to schedule summary judgment prior to class certification where the defendants have requested summary judgment to be heard first.  *See, e.g., Khasin,* 2014 WL 1779805, at *2 ("Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on the members of the putative class, it is within the discretion of the district court to rule on the summary judgment motion first."); *id*. at *3 (rejecting plaintiffs' argument that the possibility of "one-way intervention" constitutes prejudice where the defendant sought summary judgment prior to a ruling on class certification).

Nor will plaintiffs be able to show any other form of prejudice.  If summary judgment is denied, plaintiffs may still seek class certification of the remaining claims.  And if summary judgment is granted, absent members of the putative class "remain entirely free to file suit" against any of the defendants.  *Wright*, 742 F.2d at 545.

**IV.    CONCLUSION**

Because deciding summary judgment first is likely to be most efficient for the Court and will not prejudice any party, Defendants request that summary judgment be heard before or, at a minimum, at the same time as class certification.

5

1

Dated:  October 17, 2023                    Respectfully submitted,

2

By:  */s/ Allyson R. Bennett*

3

MORRISON & FOERSTER LLP

4

Joseph C. Gratz (SBN 240676)
  *jgratz@mofo.com*

5

Tiffany Cheung (SBN 211497)
  *tcheung@mofo.com*

6

425 Market Street
San Francisco, CA 94105

7

Telephone: 415.258.7522

8

Allyson R. Bennett (SBN 302090)
  *abennett@mofo.com*

9

707 Wilshire Boulevard, Suite 6000

10

Los Angeles, CA 90017-3543
Telephone: 213.892.5454

11

By:  */s/ Andrew M. Gass*

12

LATHAM & WATKINS LLP

13

Andrew M. Gass (SBN 259694)
  *andrew.gass@lw.com*

14

Joseph R. Wetzel (SBN 238008)
  *joseph.wetzel@lw.com*

15

505 Montgomery Street, Suite 2000

16

San Francisco, CA 94111
Telephone: 415.391.0600

17

18

Sarang V. Damle (*pro hac vice pending*)
  *sy.damle@lw.com*

19

555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004

20

Telephone: 202.637.2200

21

Allison L. Stillman (*pro hac vice pending*)
  *alli.stillman@lw.com*

22

1271 Avenue of the Americas

23

New York, NY 10020
Telephone: 212.751.4864

24

*Attorneys for Defendants OpenAI, Inc., OpenAI,*

25

*L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C.,*
*OpenAI Startup Fund GP I, L.L.C., OpenAI Startup*

26

*Fund I, L.P., and OpenAI Startup Fund*
*Management, LLC*

27

28

6

DEFENDANTS' MEMORANDUM OF LAW RE FURTHER PROPOSED SCHEDULING
CASE NO. 3:23-CV-03223-AMO

**ATTESTATION OF CONCURRENCE**

I, Allyson R. Bennett, as the ECF user and filer of this document, attest that concurrence in the filing of this document has been obtained from Andrew M. Gass.

Dated: October 17, 2023

*/s/ Allyson R. Bennett*
Allyson R. Bennett

7

DEFENDANTS' MEMORANDUM OF LAW RE FURTHER PROPOSED SCHEDULING
CASE NO. 3:23-CV-03223-AMO