# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD KADREY, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>META PLATFORMS, INC., <br><br>    Defendant. | Case No. 23-cv-03417-VC <br><br>**ORDER GRANTING MOTION TO DISMISS** <br><br>Re: Dkt. No. 23 |

Meta has moved to dismiss all claims except the one alleging that the unauthorized copying of the plaintiffs' books for purposes of training LLaMA constitutes copyright infringement. The motion is granted. The remaining theories of liability, at least as articulated in the complaint, are not viable. This order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law.

1. The plaintiffs allege that the "LLaMA language models are themselves infringing derivative works" because the "models cannot function without the expressive information extracted" from the plaintiffs' books. This is nonsensical. A derivative work is "a work based upon one or more preexisting works" in any "form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101. There is no way to understand the LLaMA models themselves as a recasting or adaptation of any of the plaintiffs' books.

2. Another theory is that "every output of the LLaMA language models is an infringing derivative work," and that because third-party users initiate queries of LLaMA, "every output from the LLaMA language models constitutes an act of vicarious copyright infringement." But the complaint offers no allegation of the contents of any output, let alone of one that could be

understood as recasting, transforming, or adapting the plaintiffs' books. Without any plausible allegation of an infringing output, there can be no vicarious infringement. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007).

The plaintiffs are wrong to say that, because their books were duplicated in full as part of the LLaMA training process, they do not need to allege any similarity between LLaMA outputs and their books to maintain a claim based on derivative infringement. To prevail on a theory that LLaMA's outputs constitute derivative infringement, the plaintiffs would indeed need to allege and ultimately prove that the outputs "incorporate in some form a portion of" the plaintiffs' books. *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984); *see also Andersen v. Stability AI Ltd.*, No. 23-CV-00201-WHO, 2023 WL 7132064, at *7-8 (N.D. Cal. Oct. 30, 2023) ("[T]he alleged infringer's derivative work must still bear some similarity to the original work or contain the protected elements of the original work."); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 8.09 (Matthew Bender Rev. Ed. 2023) ("Unless enough of the pre-existing work is contained in the later work to constitute the latter an infringement of the former, the latter, by definition, is not a derivative work."); 1 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 3.01 (Matthew Bender Rev. Ed. 2023) ("A work is not derivative unless it has substantially copied from a prior work." (emphasis omitted)). The plaintiffs cite *Range Road Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148 (9th Cir. 2012), but that case is not applicable here. In *Range Road*, the infringement was the public performance of copyrighted songs at a bar. *Id.* at 1151-52. The plaintiffs presented evidence (namely, the testimony of someone they sent to the bar) that the songs performed were, in fact, the protected songs. *Id.* at 1151-53. The defendants presented no evidence of their own that the protected songs were not performed. Nor did they present evidence that the performed songs were different in any meaningful way from the protected songs. *Id.* at 1154. The Ninth Circuit held that, under these circumstances, summary judgment for the plaintiffs was appropriate. And the Court rejected the defendants' contention that the plaintiffs, under these circumstances, were also required to present evidence that the performed songs were "substantially similar" to the protected songs.

2

That contention made no sense, because the plaintiffs had already offered unrebutted evidence that the songs performed at the bar *were* the protected songs. *Id.* at 1154. Of course, if the defendants had presented evidence at summary judgment that the songs performed at the bar were meaningfully different from the protected songs, then there would have been a dispute over whether the performances were infringing, and the case would have needed to go to trial. At that trial, the plaintiffs would have needed to prove that the performed songs (or portions of the performed songs) were "substantially similar" to the protected songs. That's the same thing the plaintiffs would need to do here with respect to the content of LLaMA's outputs. To the extent that they are not contending LLaMa spits out actual copies of their protected works, they would need to prove that the outputs (or portions of the outputs) are similar enough to the plaintiffs' books to be infringing derivative works. And because the plaintiffs would ultimately need to prove this, they must adequately allege it at the pleading stage.

   3. The plaintiffs' Digital Millennium Copyright Act Section 1202(b) claims must also be dismissed. There are no facts to support the allegation that LLaMA ever distributed the plaintiffs' books, much less did so "without their CMI." This is fatal to the Section 1202(b) claims. *See Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019). The allegation that Meta violated Section 1202(a)(1) of the DMCA also fails because the plaintiffs have not plausibly alleged that LLaMA is an infringing derivative work.

   4. The UCL claim must also be dismissed. To the extent it is based on the surviving claim for direct copyright infringement, it is preempted. *See* 17 U.S.C. § 301(a); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017). To the extent it is based on allegations of fraud or unfairness separate from the surviving copyright claim, the plaintiffs have not come close to alleging such fraud or unfairness.

   5. The last two claims, for unjust enrichment and negligence, must also be dismissed as preempted. The complaint alleges the use of the plaintiffs' books to train LLaMA unjustly enriched Meta, but this claim relies on the same rights contained in the Copyright Act. *See Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987). Similarly, the

3

plaintiffs allege Meta breached a duty of care "to act in a reasonable manner toward others" by copying the plaintiffs' books to train LLaMA. Again, the duty alleged (to the extent it could be thought to exist) is premised on the rights protected by the Copyright Act and thus any claims for breach of this duty are preempted. Even if the negligence claim was not preempted, the "economic loss doctrine" would apply. *See Kalitta Air, LLC v. Cent. Tex. Airborne Sys., Inc.*, 315 Fed. App'x 603, 605-06 (9th Cir. 2008).

\* \* \* \*

All the claims are dismissed with leave to amend except for the negligence claim which is dismissed with prejudice. The plaintiffs may file an amended complaint within 21 days of this ruling. Any response to the complaint is due 21 days after the complaint is filed.

**IT IS SO ORDERED.**

Dated: November 20, 2023

_____
VINCE CHHABRIA
United States District Judge

4