1                     UNITED STATES DISTRICT COURT

2                    NORTHERN DISTRICT OF CALIFORNIA

3    Before The Honorable Araceli Martinez-Olguin, District Judge

4

5    TREMBLAY, et al.,              )
                                    )
6            Plaintiffs,            )
                                    )
7    vs.                            )   No. C 23-03223-AMO
                                    )       C 23-03416-AMO
8    OPENAI, INC., et al.,          )       C 23-04625-AMO
                                    )
9            Defendants.            )
     _____)
10
                                        San Francisco, California
11                                      Wednesday, November 8, 2023

12

13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
             RECORDING 10:14 - 10:36 = 22 MINUTES

14   APPEARANCES:

15   For Plaintiffs:

16                                  Joseph Saveri Law Firm, LLP
                                    601 California Street
17                                  Suite 1000
                                    San Francisco, California
18                                    94108
                              BY:   JOSEPH SAVERI, ESQ.

19                                  Matthew Butterick, Attorney at
                                      Law
20                                  1920 Hillhurst Avenue
                                    Suite 406
21                                  Los Angeles, California 90027
                              BY:   MATTHEW BUTTERICK, ESQ.
22

23

24
                       (APPEARANCES CONTINUED ON NEXT PAGE)
25

2

APPEARANCES:  (Cont'd.)

For Plaintiffs:
                            Cafferty Clobes Meriwether &
                              Sprengel, LLP
                            1101 Market Street
                            Suite 2650
                            Philadelphia, Pennsylvania
                              19107
                    BY:  BRYAN L. CLOBES, ESQ.

For Defendants:
                            Morrison & Foerster, LLP
                            425 Market Street
                            San Francisco, California
                              94105
                    BY:  TIFFANY CHEUNG, ESQ.
                         JOSEPH CHARLES GRATZ, ESQ.

                            Latham & Watkins, LLP
                            505 Montgomery Street
                            Suite 2000
                            San Francisco, California
                              94111
                    BY:  ANDREW MICHAEL GASS, ESQ.

Transcribed by:             Echo Reporting, Inc.
                            Contracted Court Reporter/
                            Transcriber
                            echoreporting@yahoo.com

3

1  <u>Wednesday, November 8, 2023</u>                      <u>10:14 a.m.</u>

2                    P-R-O-C-E-E-D-I-N-G-S

3                         --oOo--

4          THE CLERK:  Calling civil matter 23-3223, Tremblay

5  et al v. OpenAI Incorporated et al, including related cases

6  23-3416, Silverman et al v. OpenAI Incorporated et al, and

7  23-4625, Chabon v. OpenAI Incorporated et al.

8      Counsel, can you please state your appearances for the

9  record, starting with the plaintiffs?

10         MR. SAVERI:  Good morning, your Honor.  Joseph

11  Saveri on behalf of plaintiffs Tremblay and Silverman.

12         MR. BUTTERICK:  Good morning.  Matthew Butterick

13  on behalf of plaintiffs Tremblay and Silverman.

14         MR. CLOBES:  Good morning, your Honor.  I'm Bryan

15  Clobes from Cafferty Clobes on behalf of the Chabon

16  plaintiffs.

17         MS. CHEUNG:  Good morning, your Honor.  Tiffany

18  Cheung of Morrison and Foerster on behalf of OpenAI

19  defendants.

20         MR. GRATZ:  Good morning, your Honor.  Joe Gratz,

21  also at Morrison and Foerster, also on behalf of defendants.

22         MR. GASS:  And Andy Gass from Latham and Watkins

23  on behalf of defendants.

24         THE COURT:  Good morning, everyone.  And thank you

25  for finding time to do this, and thank you for letting us

4

1  know that the last time we set did not work for you all.

2      All right, folks.  Just a couple of things.  I wanted

3  to meet with you all today to talk about both your

4  stipulation to consolidate the cases, and then as we had --

5  because we have the matter pending from the Silverman and

6  Tremblay cases, the summary judgment briefing schedule.  So

7  we're going to hit both of those today.

8      I'm going to start with consolidation.  And with

9  consolidation, I just -- I want to understand this, right,

10 the reason to consolidate cases -- you all are asking for

11 consolidation.  I'm grateful that you all are asking for

12 consolidation, but one of the reasons to do it is for --

13 right -- is for -- is because it would be just and efficient

14 and conserve time -- the Court's time and resources.

15     So I'm trying to understand why on earth you would want

16 me to look through the motions to dismiss that were filed in

17 both Tremblay/Silverman, then go through -- and then come up

18 with a consolidated complaint.  I'm trying to understand --

19 I -- if -- I don't know who to look to in that one since

20 it's an agreement between all of you, but I want to tell you

21 that, frankly, my inclination is to have you all create a

22 consolidated complaint and go through the motions to dismiss

23 once, so that we're just dealing with it.  I don't see the

24 purpose in going through the iterations.  And it -- that, to

25 me, seems to be the opposite of conserving court time and

5

1   resources.  And rather than consolidating these cases, you
2   still are trying to hold Chabon out as a thing that
3   shouldn't be -- that case out as a thing that shouldn't be
4   dealt with yet.
5        So if someone could please --
6             MR. SAVERI:  Your Honor --
7             THE COURT:  Yes.
8             MR. SAVERI:  Your Honor, let me take a crack at
9   it.
10       So, actually, in our view, the consolidation will
11  actually save judicial time and resources in the following
12  way, first, the Tremblay and Silverman cases are advanced,
13  and the briefing is happening -- happened, and the Chabon
14  case, if you look at the complaint, the allegations are
15  virtually -- are very, very similar, almost carbon copies of
16  what has -- what is contained in Tremblay and Silverman.
17       So in our view, because of that, it would make sense to
18  resolve the issues on Tremblay and Silverman in the event
19  that a complaint needs to be filed as a result of your -- an
20  order on the motion to dismiss -- that at that point, a
21  consolidated complaint would be -- could be filed.
22       If on the other hand the Court denies the motions to
23  dismiss completely, there would be really no need to file an
24  additional consolidated complaint, and we could proceed with
25  the schedule apace.

6

1     The alternative would be to basically press reset, to

2 require us to file another consolidated complaint or to file

3 a complaint on behalf of all the plaintiffs.  And then the

4 defendants would have an opportunity to respond to that.  So

5 we would end up at very much the same place, but it would be

6 a number of months later.

7     In my view and my experience, this is an efficient way

8 of dealing with this situation where there are cases filed

9 initially -- they advance, and then there are follow-on

10 cases that resemble the cases that were already on file very

11 closely.  We feel actually that doing it in this way is the

12 best way of conserving judicial resources and having the

13 case proceed.  And that's the explanation.

14          THE COURT:  I guess -- I'm trying to understand --

15 and I may be looking -- I may be looking a bit to you, Mr.

16 Clobes, since you're the -- since you're the newest one

17 among us here.  Usually, that's been me in the room.  I'm

18 heartened by it not being me this time, but I'm just trying

19 to understand if ultimately you're satisfied with the --

20 that if we -- that if the Court rules on the motions to

21 dismiss and -- right, there may be a complaint -- if I -- if

22 nothing changes -- if the complaints as they are right now

23 are not amended later, you're satisfied with what is

24 presently pled there?

25          MR. CLOBES:  Yeah, your Honor.  Thank you.  We've

7

1 carefully considered the briefing on dismissal.  We've been

2 in contact with Mr. Saveri's office, and we -- we've worked

3 together in many cases in the past.

4      We're satisfied with the state of affairs.  The

5 complaints are very similar, other than the fact allegations

6 relating to the particular individual plaintiffs.  And we've

7 also been in touch with defense counsel to coordinate things

8 like service and filing our motion to relate and all of

9 that.

10      So I think that -- you know, if your Honor needs more

11 briefing now or later, we're happy to participate, but --

12 right -- but right -- right.  But our view is that the

13 issues have been fully joined.  We know there's an argument

14 scheduled for early next month on the dismissal motion.  And

15 your Honor will then at some point rule after the argument.

16 I think the idea that's captured in the proposed

17 consolidation order of then allowing plaintiffs to

18 collectively -- our firm and Joe's firm to put together a

19 consolidated amended complaint consistent with your Honor's

20 ruling is the most efficient way to proceed.

21           THE COURT:  I appreciate hearing that from you

22 all.  What I want to avoid is the idea that we're going to

23 do the motion to dismiss dance again in a few months.

24           MR. CLOBES:  Right.

25           THE COURT:  Okay.  Good.  So as long as we're all

8

1  on the same page about that -- let me put it this way, no

2  more than would be otherwise -- no more than we otherwise

3  would have done already just in Tremblay and Silverman,

4  right?  I'm not trying to --

5          MR. CLOBES:  Yes.

6          THE COURT:  I'm not trying to tell defendants if

7  they can't file a second motion to dismiss if the complaint

8  -- if they see something wrong in the complaint.  I just

9  want to make sure that we aren't doing -- I want to make

10 sure that we aren't taking longer than we need or that we

11 somehow are letting the folks in Chabon come back later to

12 do more.  So if we are all on the same page about that, then

13 that may be fine.

14     But you'll see -- so let me flag a few other things

15 from you with regard to your -- with your stipulation,

16 things that you'll see change.  So what will happen in the

17 next day or two is that we -- right.  I'll take a pen to

18 your proposed stipulation and make just a handful of edits,

19 including, for example, you'll see me put in something about

20 the fact that there won't be -- well, a couple of things.  I

21 would -- well, we'll ask -- we'll put a deadline on the

22 consolidated complaint, and we'll tie it to a ruling on the

23 motion to dismiss, just to put it within so many days.

24     Is there any reason not to close -- once these are

25 consolidated, is there -- and the -- right -- is there any

9

1 reason not to close Silverman and Chabon? Right, we'll --

2 as you all are suggesting, we'll consolidate everything into

3 3223. Is there any reason not to close 3416 or 4625?

4      MR. SAVERI: So, your Honor, let me speak to 3416.

5 That's my case -- Silverman.

6      THE COURT: Uh-huh.

7      MR. SAVERI: This is Joe Saveri. I really think

8 this is a matter of administration by the Court of its

9 docket. And so, you know, from our perspective, we would

10 have the low number case Silverman be the lead case. That

11 would allow us to file everything in that docket. That's

12 kind of the point of the consolidation in part, so that we

13 can kind of clean that up.

14   I -- Silverman should probably not be dismissed. I

15 mean, we would not in -- until the consolidated complaint

16 was filed, we would not want to have anything entered in the

17 docket which would indicate that her claims were dismissed

18 either voluntarily or involuntarily. But in terms of the

19 way the Court administers the docket, once the cases are

20 consolidated, we don't really see a point, I guess, in

21 maintaining the separate docket.

22      THE COURT: Just to make sure -- I think, Mr.

23 Saveri, you and I are saying something similar, but I want

24 to make sure. I don't think it would say -- I don't think

25 the docket would say anything about the Silverman

10

1 plaintiff's claims being dismissed.  It would simply say

2 that the -- right -- in both Silverman and Chabon, I

3 understand that the docket would simply say they've been

4 consolidated into 3223 and they would be closed, and I just

5 -- I'm just making sure that -- not that -- well, think of

6 -- I may just be previewing it for you so that no one panics

7 when they see those cases closed, or to give you an

8 opportunity to tell me why that shouldn't happen.  And I

9 think I hear you saying, "Yes, judge, as long as you don't

10 mark it dismiss -- as long as nothing is dismissed in the

11 process."  Is that right?

12          MR. SAVERI:  Yes, your Honor.  And one thing, my

13 last name is pronounced Saveri, and it's the kind of thing

14 where if I don't -- if we don't have this conversation

15 now --

16          THE COURT:  Please.

17          MR. SAVERI:  -- two years from now, you'll say --

18          THE COURT:  No, no.

19          MR. SAVERI:  -- why didn't you tell me today that

20 I was mispronouncing your name.

21          THE COURT:  No, no, I appreciate it.  I really do.

22 I do.

23          MR. SAVERI:  I would imagine you might, but I just

24 wanted to -- I just wanted to --

25          THE COURT:  Yes.  I made a note for myself, and I

1  could -- I clearly did not understand my own little note

2  about where the accent was.

3      All right.  So one last thing here.  Can you all

4  explain to me -- there -- there's one other -- there's a

5  couple of other things in the stip that I wanted to discuss.

6  So I want to -- I want to highlight for you all -- in

7  paragraphs -- this is not in the stip, excuse me.  This is

8  in the pretrial order.

9          MR. SAVERI:  Yes.

10          THE COURT:  In paragraph six, you all are asking

11  that the clerk be the one -- you all are asking for the

12  clerk to file a notice attaching a copy of this order in any

13  subsequent OpenAI ChatGPTs.  Can you all please explain to

14  me why the clerk or the Court should be doing that instead

15  of you all serving it on parties who may bring subsequent

16  claims?

17          MR. SAVERI:  Your Honor, this kind of provision is

18  ordinary in these types of orders, and I've seen courts,

19  depending on how they are set up, do it either way.  We are

20  fine with taking the responsibility for doing that if -- so

21  we're happy to do that.

22          THE COURT:  Thank you.  And then the other thing I

23  wanted to point out for you or I wanted to note for you all

24  -- down in paragraph eight, you all were asking that the

25  requirement for pro hac vice counsel be waived.  I won't be

12

1  doing that because this is not an MDL.

2          MR. SAVERI:  Okay.

3          THE COURT:  So I will still -- if -- you know,

4  depending on -- if at some point you want me to revisit

5  that, I'm open to that.  But at this point, I won't be doing

6  that.

7          MR. SAVERI:  That's fine, your Honor.

8          THE COURT:  Okay.  Folks, I think that is

9  everything that I had on consolidation.  So you should

10 expect to see a modified -- you'll -- you should expect to

11 see some modifications consistent with what we've discussed

12 today, and -- but you should see those ordered -- either

13 entered the consolidation order and the other documents

14 entered today and tomorrow or today or tomorrow.

15     Let's talk for a minute -- let's talk for a minute

16 about the summary judgment briefing.

17     So, Mr. Gratz, we talked a little bit at the initial

18 case management conference, and I appreciate you all -- both

19 sides, I appreciate you all sending me in -- sending in some

20 short briefs about why maybe the summary judgment briefing

21 should be done before class cert.  I will share with you all

22 that I am -- I feel strongly about just doing motion -- just

23 doing motions for summary judgment once.  And so I agree

24 with plaintiffs that doing a motion for summary judgment

25 before class cert will deny them the opportunity to be able

13

1 to seek summary judgment.

2     So I'm, at this point, going to deny the request to do

3 summary judgment before class cert.  We're going to keep the

4 schedule that we have right now.  We'll bring in Chabon.

5 We'll -- and as you -- and as I've done so far, what we'll

6 do is -- right, we've got to schedule through class cert.

7 Once we get through class cert, we'll have another -- we'll

8 have a further case management conference and set a schedule

9 for all things necessary thereafter.

10         MR. SAVERI:  Okay, your Honor.

11         MR. CLOBES:  Thank you, your Honor.

12         THE COURT:  Of course.  All right, folks -- go

13 ahead.

14         MS. CHEUNG:  I'm sorry, your Honor.  I'm sorry to

15 interrupt.  There is just one question that I had that I --

16 we were hoping to raise with you with respect to the summary

17 judgment motions, because we certainly understand your one

18 summary judgment rule and absolutely we would anticipate

19 only one time filing summary judgment motions.  The idea

20 would be to have both sides doing those summary judgment

21 motions.  And even if we couldn't do them -- do summary

22 judgment before class cert, doing them at the same time we

23 do think still will allow the Court the opportunity to have

24 a full record so that you would have a full understanding of

25 the claims at issue and also help inform your class

14

1  certification ruling.

2      So understand what you're saying about doing summary

3  judgment before, but doing them in parallel and together, I

4  think we'll have the best of all worlds.  So we wanted to

5  raise that with you.

6          THE COURT:  Mr. Saveri -- and tell me if I got it

7  right that time, please.

8          MR. SAVERI:  Saveri.  Saveri.

9          THE COURT:  Saveri.  Shoot.  Okay.  I will have to

10  fix this.  All right.  Sorry.  Keep going.

11          MR. SAVERI:  Well, I -- it's fine.

12          THE COURT:  I'll just write it.  I'll write the VE

13  real big for myself.  Sorry.

14      So, Mr. Saveri, please tell me what you think about

15  doing them in parallel, which I think is a little different

16  than what we've been talking about so far.

17          MR. SAVERI:  So, your Honor, I say a couple of

18  things about that.  One, I think it's a bad idea.  I think

19  that the -- yeah, putting aside it's been a little bit of a

20  moving target now -- I think the defendants -- this is the

21  third proposal they've made on that.  But here's the

22  problem, I think.  The class certification briefing and the

23  work in class certification is a heavy lift.  It's a heavy

24  lift for the lawyers.  And then ultimately it's going to be

25  a -- you know, a complex issue to be resolved, including a

15

1  well-developed factual and legal record.

2      In my experience, combining summary judgment on top of

3  that will -- the burden will not just be additive, it will

4  be multiplying.  And so it's going to be a lot of work for

5  counsel, and then having class certification and summary

6  judgment at the same time for the Court.  I mean, it clearly

7  -- I'm not going to presume about the work that it would

8  take on the Court's end.  But in my experience, it can be

9  quite a heavy lift.  And so that's why we feel, based on our

10 experience, that to sequence classification before -- get

11 those issues ventilated, framed, and resolved, and then move

12 to summary judgment -- is just the most efficient way of

13 doing.

14        MS. CHEUNG:  Your Honor, may I respond?  Because

15 in terms of the burden, we do think actually at the end of

16 the day, this will be the most efficient.  We can certainly

17 brief things in a way so that they're not duplicative, but

18 provide your Honor with the helpful background and context

19 of the merits of the claims that ultimately you will have to

20 consider in determining whether a class is appropriate here.

21      So doing that all at once and having the full picture

22 is going to be more efficient for the Court.  That does

23 allow us also to hold the hearing on class certification and

24 summary judgment at the same time so that we can combine

25 that process as well.

1     And having the full picture, your Honor, we do think,

2 at the end of the day, for the long run is actually going to

3 save time, because if there is some class that is certified

4 prematurely based on an incomplete record because we don't

5 have the full merits issues before your Honor, you could be

6 having to face a motion to decertify.  And I've definitely

7 been in that situation before, unfortunately, where the

8 Court has sequence class certification first, and then

9 summary judgment, and then a motion to decertify was

10 necessary because it became clear from the record, having

11 the full record in front of the Court, that the class, as

12 initially anticipated, could not be certified, which is why

13 we would propose, your Honor, doing them together.  We do

14 think in the long run this will be the most efficient path.

15 And we can certainly adjust the briefing schedule as

16 necessary.

17         MR. SAVERI:  Your Honor -- your Honor, excuse me,

18 if I may.

19         THE COURT:  Hold that thought.  Hold that thought,

20 if you would.

21     So I'm going to tell you, Ms. Cheung, I think Mr. -- I

22 will -- I hear Mr. Saveri, and I agree with him that this is

23 now -- it's a different proposal than the one that I've been

24 considering.  And so for the time being, we're going to

25 stick with what we've got.  You are welcome in -- you're

1 welcome -- I mean, perhaps as we get closer, if after you've

2 seen them move for -- if after you've seen them move for

3 class cert you think summary judgment is still appropriate,

4 you can request to do that briefing.  You can write -- you

5 all are going to -- I'm sure you all are going to negotiate

6 a briefing schedule for class cert, billed in their time if

7 you like -- I would advise it -- to look at their -- to look

8 at their initial motion.  If you want to request then

9 additional pages to do the motion for class cert, I'll

10 revisit it.  But today, I'm only prepared to go forward with

11 what we've already set.

12      Mr. Saveri, do you still want to try and jump in?

13          MR. SAVERI:  No.  I'm going to take yes for an

14 answer, your Honor.

15          THE COURT:  We discuss sometimes in my chambers

16 that lawyers don't know when to stop.  So forgive me for

17 cutting you off, but I'm just like just let me -- you --

18 you've -- it's not even you so much as just a -- as more

19 just my -- this is where I am right now.  I'm open to -- I'm

20 still open to the idea that maybe they go together, but not

21 today.  So perhaps -- yeah.  As you get closer and as you

22 get into the discovery, if you want to try me again, I'm

23 open to that, but not today.

24          MS. CHEUNG:  Thank you, your Honor.  We -- we're

25 -- we understand and certainly can revisit once we proceed

18

1 with some discovery and also see the plaintiffs' class

2 certification motion.

3          THE COURT:  That's right.  And we still need to

4 get -- I'm jumping way ahead of myself because we still have

5 to deal with these motions to dismiss next month.  So we'll

6 get there first, and -- but we'll sort of go from there.

7      All right.  Folks, I think that's everything.  Tell me

8 if there's something else you all wanted to do today.

9          MR. SAVERI:  I wanted to clarify.  So the --

10          THE COURT:  Yes, sir.

11          MR. SAVERI:  What I'm hearing is the order or the

12 scheduling order that the Court previously entered is going

13 to remain intact for now.

14          THE COURT:  Correct.

15          MR. SAVERI:  Very good.  Thank you, your Honor.

16          THE COURT:  Of course.  Anything else from anyone

17 else?

18          MS. CHEUNG:  Just -- apologize.  One last issue --

19 on the current schedule, would it be possible, your Honor,

20 to adjust the expert schedule just modestly, because

21 currently we have defendants' --

22          THE COURT:  Ms. Cheung, have you raised this with

23 plaintiff's counsel?

24          MS. CHEUNG:  I have not.  So we are happy to --

25          THE COURT:  We're going to -- so we're going to

1 stop, and you're going to talk with them and see if you can

2 get a stipulation around it.  And if you can, wonderful.

3 And if you can't, you can make an administrative motion for

4 that.

5          MS. CHEUNG:  Okay.

6          THE COURT:  But for -- but that's -- I'm not going

7 -- I would really prefer not to -- call it the privilege of

8 the relatively brand new judge.  I would really rather not

9 have to make these calls, especially if you can maybe even

10 just work it out between the two of you.

11     So raise -- you know, we're -- I like to think we're

12 finishing early.  Maybe it's not early for you all.  Maybe

13 you thought you would be done at 10:30.  But you can stay on

14 the line.  I will just run away.  And we'll stop the

15 recording, and maybe you all can talk about the expert

16 schedule.  And if you have something, file a stip and let us

17 know.

18          MS. CHEUNG:  Perfect.  Thank you.

19          MR. SAVERI:  Your Honor, if you -- I -- to --

20 that's not going to work for me.  I actually have to visit

21 someone in the hospital after this, but you --

22          THE COURT:  Oh, sir, I'm not requiring you to

23 stay.  Let's be -- I'm so sorry.  You don't have to.  I'm

24 just -- that was -- I apologize.  I should know not to make

25 light anymore.

20

1        MR. SAVERI:  My -- they -- my opponents know where
2 to reach me.  They --
3        THE COURT:  Yes.
4        MR. SAVERI:  -- have the ability to find me.  And
5 so we're open --
6        THE COURT:  Yes.  No, I'm exact -- I'm -- thank
7 you for -- I should know better.  I am not ordering you to
8 meet and confer about that right now.  I am not.
9    Just -- at your leisure, Ms. Cheung, I leave it to you
10 to follow up with plaintiffs' counsel to try and get a
11 stipulation from them or let us know if you just need to
12 move for it.
13        MS. CHEUNG:  Thank you.
14        THE COURT:  All right.  Thank you, everyone.  Have
15 a good rest of your day.
16        MR. CLOBES:  Thank you.
17        MR. SAVERI:  Thank you, your Honor.
18        MR. GRATZ:  Thank you, your Honor.
19    (Proceedings adjourned at 10:36 a.m.)
20
21
22
23
24
25

21

<u>CERTIFICATE OF TRANSCRIBER</u>

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

Echo Reporting, Inc., Transcriber
Tuesday, November 28, 2023