Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:     jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         tmanfredi@saverilawfirm.com
         hbenon@saverilawfirm.com
         kmcmahon@saverilawfirm.com
         acera@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:     mb@butterricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     (215) 864-2800
Email:     bclobes@caffertyclobes.com

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**NOTICE OF MOTION AND MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK**<br><br>Judge: Araceli Martínez-Olguín<br>Date: April 4, 2024<br>Time: 2:00 p.m.<br>Courtroom 10 — 19th Floor |

PLEASE TAKE NOTICE that on April 4, 2024, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, the Honorable Araceli Martínez-Olguín presiding, Plaintiffs in the *In re OpenAI ChatGPT Litigation* pending before this Court, Lead Case No. 3:23-cv-03223-AMO (N.D. Cal. 2023), on behalf of themselves and all others similarly situated, hereby move this Court, United States District Judge, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, to enjoin Defendants and their counsel in the *Authors Guild et al. v. OpenAI et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. 2023) from proceeding in the Southern District of New York.

In support of the motion, Plaintiffs rely on the accompanying Memorandum of Law, the Declaration of Joseph R. Saveri in support of Plaintiffs' Motion to Enjoin Defendants and Their Counsel from proceeding in the Southern District of New York, the [Proposed] Order to Enjoin Defendants from Proceeding in the Southern District of New York, the file and docket in this matter, the file and docket in the subsequently filed actions in the Southern District of New York, and any other facts and arguments to be submitted to the Court.

Dated: February 8, 2024

By:      */s/Joseph Saveri*
                Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            kmcmahon@saverilawfirm.com
            acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:  (323)968-2632
Facsimile:  (415) 395-9940
Email:      mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    215-864-2800
Email:         bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
Email:         asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:         dmuller@venturahersey.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@but:ricklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

IN RE OPENAI CHATGPT LITIGATION

This document relates to:

Case No. 3:23-cv-03416-AMO
Case No. 3:23-cv-04625-AMO

Master File No. 3:23-cv-03223-AMO

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE SOUTHERN DISTRICT OF NEW YORK**

**TABLE OF CONTENTS**

I.    INTRODUCTION ....................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND .................................................3

      A.    The *Tremblay* Action..................................................................................3

      B.    The S.D.N.Y. Actions .................................................................................4

III.  THE FIRST-TO-FILE RULE WARRANTS ENJOINING THE AUTHORS
      GUILD DEFENDANTS FROM PROCEEDING IN THE S.D.N.Y.........................7

      A.    The *Tremblay Action* and the S.D.N.Y. Involve Substantially Similar Parties ..................8

      B.    The *Tremblay* Action and the S.D.N.Y. Actions Involve Similar Facts and
            Claims.........................................................................................................9

      C.    None of the Limited Exceptions to the First-Filed Rule Apply Here ...........................10

IV.   CONCLUSION .....................................................................................................12

1

## TABLE OF AUTHORITIES

2

**Cases**

3
*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
    860 F. Supp. 128 (S.D.N.Y. 1994) ........................................................... 12

4

5
*Alltrade, Inc. v. Uniweld Prods., Inc.*,
    946 F.2d 622 (9th Cir. 1991) ........................................................... 8, 10

6

7
*Amerifreight, Inc. v. Belacon Pallet Servs., LLC*,
    No. 215CV5607RSWLJPRX, 2015 WL 13037420 (C.D. Cal. Nov. 10, 2015)................... 7

8

9
*Authors Guild et al. v. Open AI, Inc. et al.*,
    Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023)............................*passim*

10
*Basbanes et al. v. Microsoft Corp. et al.*,
    No. 24-cv-00084 (S.D.N.Y. Jan. 5, 2024) ................................................... 6

11

12
*Brit. Telecommc'ns plc v. McDonnell Douglas
    Corp.*, No. C-93-0677 MHP, 1993 WL 149860 (N.D. Cal. May 3, 1993) ................... 7

13
*Broadcom Corp. v. Qualcomm Inc.*,
    No. SACV 05-468JVSMLGX, 2005 WL 5925585 (C.D. Cal. Sept. 26, 2005).................. 7

14

15
*Chabon v. OpenAI, Inc. et al.*,
    Case No. 23-cv-04625-CRB (N.D Cal. Sep. 8, 2023) ................................... 4

16

17
*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986)........................................................... 7

18

19
*eBay Inc. v. Digital Point Sols., Inc.*,
    608 F. Supp. 2d 1156 (N.D. Cal. 2009)..................................................11

20
*Genentech, Inc. v. GlaxoSmithKline LLC*,
    No. 5:10-CV-04255-JF, 2010 WL 4923954 (N.D. Cal. Dec. 1, 2010)......................11

21

22
*Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*,
    342 U.S. 180 (1952) ........................................................... 8

23

24
*Kiland v. Bos. Sci. Corp.*,
    No. C 10-4105 SBA, 2011 WL 1261130 (N.D. Cal. Apr. 1, 2011) ......................... 8

25
*Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.*,
    767 F.3d 1237 (9th Cir. 2015)........................................................9, 10, 12

26

27
*Manier v. L'Oreal USA, Inc.*,
    No. 2:16-CV-06886-ODW-KS, 2017 WL 59066 (C.D. Cal. Jan. 4, 2017) ................... 8

28

*Micron Tech., Inc. v. MOSAID Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008).................................................................................. 10

*In Re OpenAI ChatGPT Litigation*,
   No. 3:23-cv-03223-AMO (N.D. Cal. Nov. 9, 2023)................................................. 1

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982)....................................................................................... 7

*Robeson v. Howard Univ.*,
   No. 00 CIV 7389 GBD, 2002 WL 122913 (S.D.N.Y. Jan. 30, 2002)................................ 12

*Ross v. U.S. Bank Nat. Ass'n*,
   542 F. Supp. 2d 1014 (N.D. Cal. 2008) .................................................................... 8

*Sancton et al. v. OpenAI, Inc.*,
   No. 23-cv-10211-SHS (S.D.N.Y. Nov. 21, 2023) ..................................................... 5

*Schwartz v. Frito-Lay N. Am.*,
   No. C-12-02740 EDL, 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012)......................... 10

*Subbaiah v. GEICO Gen. Ins. Co.*,
   No. 219CV06717ABJPRX, 2019 WL 9904278 (C.D. Cal. Dec. 11, 2019) .................. 8

*The N.Y. Times Co. v. Microsoft Corp. et al.*,
   Case No. 1:23-cv-11195 (S.D.N.Y. Dec. 27, 2023) ........................................... 5, 8, 9

*Tremblay et al. v. OpenAI, Inc. et al.*,
   Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023).................................... *passim*

*Young v. L'Oreal USA, Inc.*,
   526 F. Supp. 3d 700 (N.D. Cal. 2021)................................................................... 8, 9

*Zero-Techs., LLC v. The Clorox Co.*,
   No. 22-3989, 2024 WL 434169 (E.D. Pa. Jan. 30, 2024)....................................... 12

**Statutes**

17 U.S.C. § 106.............................................................................................................. 3

17 U.S.C. § 501.............................................................................................................. 5

17 U.S.C. § 1202 (b) ................................................................................................. 3, 10

28 U.S.C. § 1404(a)................................................................................................... 2, 11

Cal. Bus. & Prof. Code §§ 17200, et seq. ................................................................. 4, 10

**Other Authorities**

Fed R. Civ. P. 12 ...................................................................................................................... 4

Fed R. Civ. P. 23 ...................................................................................................................... 6

Fed R. Civ. P. 26(f) ................................................................................................................. 4

Fed R. Civ. P. 45(c)(1) ............................................................................................................11

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK

# I.   INTRODUCTION

Plaintiffs Sarah Silverman, Paul Tremblay, Christopher Golden, Richard Kadrey, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson (collectively, the *Tremblay* Plaintiffs) are named plaintiffs in the first-filed class action ("*Tremblay* Action").[1] They are each book authors who initiated the litigation challenging the copyright infringement and other conduct by OpenAI, Inc. and its affiliate entities (collectively, "OpenAI"). The *Tremblay* Action states claims based on the impermissible use of Plaintiffs' copyrighted work to train Defendants' artificial intelligence products. In fact, after a significant and lengthy prefiling investigation, Plaintiffs' attorneys filed the *Tremblay* Action on June 28, 2023. The *Tremblay* Action was the first case filed in the United States alleging that OpenAI infringed Plaintiffs' and a Class of authors' copyrights when making copies of their copyrighted works to train OpenAI's large language models. Lawsuits subsequently filed in the Southern District of New York, beginning with *Authors Guild et al. v. Open AI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y.) ("*Authors Guild* Action"), raise substantially similar allegations and claims against the Defendants. The instant case was pending in this Court well before the filing of the *Authors Guild* Action, which is substantially similar to the *Tremblay* Action.

The *Tremblay* Plaintiffs' Complaint was the first in the United States to allege that OpenAI committed direct copyright infringement when it made copies of Plaintiffs' books—without Plaintiffs' permission—during the process of training OpenAI's language models and was novel and ground-breaking when it was filed. Now, there are numerous copycat complaints and cases, including the *Authors Guild* Action. Meanwhile, the *Tremblay* Action is substantially advanced with motion practice and discovery well underway. *See* Declaration of Joseph R. Saveri ("Saveri Decl."), ¶¶ 5-7. A case schedule has been entered, including dates through class certification and summary judgment. ECF No. 51.

---

[1] The Court consolidated the *Tremblay* Action with the other actions filed in this District. ECF No. 74. The Court then established a master docket number and a consolidated caption for this litigation, *In Re OpenAI ChatGPT Litigation*, No. 3:23-cv-03223-AMO. *Id.*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE SOUTHERN DISTRICT OF NEW YORK

The subsequently filed S.D.N.Y. Actions are strikingly similar to the first-filed *Tremblay* Complaint pending in this Court. Like the *Tremblay* Action, each of the S.D.N.Y. Actions asserts claims arising from the same course of conduct by Defendants, namely the impermissible copying and other use of Plaintiffs' copyrighted works used as training for OpenAI's large language models, and the commercial products based on that technology. They each assert claims under theories of copyright infringement against OpenAI for OpenAI's copying Plaintiffs' books during the training process. Those claims share common and overlapping theories of liability. Like the *Tremblay* Action, each of the S.D.N.Y. Actions asserts these claims on behalf of classes or plaintiffs entirely identical to or subsumed by the class first asserted in the *Tremblay* Action against OpenAI, who are defendants in all relevant actions. Indeed, the parties to the S.D.N.Y. Actions readily admit that the *Tremblay* Action was first-filed and pending in this District. OpenAI, which is represented by the same counsel in both actions, previously agreed that the *Authors Guild* Complaint is substantially similar to the first-filed *Tremblay* Complaint and represented to the court in *Authors Guild* that it would seek dismissal under the first-to-file rule:

> Defendants anticipate filing a motion to dismiss under the first-filed rule, or, in the alternative, to stay this action pending resolution of the three substantially similar putative class actions pending in the District Court for the Northern District of California, or, in the further alternative, to transfer this matter to the Northern District of California either under the first-filed rule or 28 U.S.C. § 1404(a).

*Authors Guild* Action, ECF No. 31, ¶ 16. The *Tremblay* Plaintiffs relied on this representation when made.

Most recently, OpenAI changed course—forum shopping for the most favorable schedule. On October 6, 2023, this Court entered a litigation schedule, over OpenAI's objections. OpenAI objected to sequencing motions for class certification before motions for summary judgment. *See Tremblay* Action, ECF No. 50 at *12:4-5; *Authors Guild* Action at ECF No. 31, ¶¶ 33-37. OpenAI wanted to litigate substantive issues before class certification, which is highly uncommon. After briefing, the Court rejected that approach, and instead adopted and entered the schedule submitted by Plaintiffs. The parties are following that schedule. Saveri Decl., ¶¶ 5-6.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK

Apparently unsatisfied, and aiming to undercut and undo the Court's Scheduling Order, OpenAI sought to enter a competing schedule in the Southern District of New York. In so doing, OpenAI reversed course, ignored its prior representations and stated its intent to seek a stay or transfer of the S.D.N.Y. Actions. OpenAI agreed to forego its first-to-file motion, a motion to transfer, or indeed any challenges to the complaint in exchange for the *Authors Guild* Plaintiffs' agreement to the schedule rejected by this Court. *Authors Guild* Action, ECF No. 31, ¶ 16. By its forum shopping, OpenAI is creating the likelihood—or certainty—of inconsistent rulings in overlapping class actions, inefficiency, and the attendant waste of precious judicial resources. This is precisely the type of procedural gamesmanship the first-to-file rule was adopted to arrest.

In order to avoid duplicative efforts, judicial waste, and potentially disparate rulings, the Court should apply the first-to-file rule and enjoin OpenAI from proceeding in substantially identical actions in the Southern District of New York.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The *Tremblay* Action

On June 28, 2023, Plaintiff Paul Tremblay filed the instant lawsuit captioned *Tremblay et al. v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO against OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, L.L.C. (collectively, "OpenAI"). The *Tremblay* Action asserts these claims on behalf of a nationwide class of all persons or entities domiciled in the United States that own a United States' copyright in any work that was used as training data for the OpenAI Language Models during the Class Period. ECF No. 1, ¶ 42.[2] Specifically, the *Tremblay* Action alleges that OpenAI engaged in, created, maintained, and operated their large language models in violation of Plaintiffs' rights under federal law—Direct Copyright Infringement (17 U.S.C. § 106), Vicarious Copyright Infringement (17 U.S.C. § 106), the Digital Millennium Copyright Act – Removal of Copyright Management Information ("CMI") (17 U.S.C. § 1202 (b)) ("the DMCA"), and state law—

---

[2] References to "ECF No." shall refer to electronic filings in the instant action unless otherwise noted.

1    Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, et seq.), Negligence, and Unjust Enrichment.

2    This was the first case in the United States bringing such claims and asserting this theory.

3        Next, on July 7, 2023, Plaintiffs Sarah Silverman, Christopher Golden, and Richard Kadrey filed

4    their complaint, alleging similar claims on behalf of an identical class of plaintiffs. Then, on September

5    8, 2023, Plaintiffs Michael Chabon, David Henry Hwang, Matthew Klam, Rachel Louise Snyder, and

6    Ayelet Waldman filed their complaint captioned *Chabon v. OpenAI, Inc. et al.*, Case No. 23-cv-04625-

7    CRB on behalf of an identical proposed class of plaintiffs. Last, on October 5, 2023, the *Chabon*

8    Plaintiffs filed their First Amended Class Action Complaint, adding Laura Lippman, Jacqueline

9    Woodson, Andrew Sean Greer, Ta-Nehisi Coates, and Junot Díaz as additional Plaintiffs. These actions

10   have now been related and consolidated under the master caption, *In re OpenAI ChatGPT Litigation*.

11   ECF Nos. 26, 53, 74.

12       On October 6, 2023, this Court entered a pretrial schedule in the consolidated actions. ECF No.

13   51. The schedule provides deadlines for discovery, class certification, and expert disclosures. *Tremblay*

14   Action, ECF No. 51. Notably, over OpenAI's objections, this Court's scheduling order sequences class

15   certification before summary judgment. *See id.* The parties have also briefed and argued a Rule 12

16   motion, conducted a Rule 26(f) conference, and exchanged initial disclosures. Saveri Decl., ¶ 6. Also,

17   discovery is well underway. *Id.* Plaintiffs and OpenAI each served their Requests for Production and

18   Interrogatories on December 13, 2023. *Id.* The parties have also prepared and served objections and

19   responses to the various discovery requests and met and conferred on the discovery requests. *Id.*

20       **B.    The S.D.N.Y. Actions**

21       Following the *Tremblay Action*, four actions were filed in the Southern District of New York.

22   They are each copies of *Tremblay*, some more obvious than others. Three months after the filing of the

23   *Tremblay* Action, on September 19, 2023, the Authors Guild filed its complaint against OpenAI, naming

24   the identical affiliated OpenAI entities. *Authors Guild* Action, ECF No. 1.[3] Like the *Tremblay* Action, the

25   *Authors Guild* Action is brought on behalf of an overlapping nationwide class of authors. The *Tremblay*

26   proposed class already includes all such persons. Like *Tremblay*, the *Authors Guild* complaint alleges

27   _____

28   [3] The original Complaint in the *Authors Guild* Action is attached as Exhibit B to the Declaration of
     Joseph R. Saveri.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK

claims for Copyright Infringement under 17 U.S.C. § 501, Vicarious Copyright Infringement, and Contributory Copyright Infringement. *Id.*, ¶¶ 44-46. In essence, the *Authors Guild* Action alleges liability against OpenAI for infringing Plaintiffs' registered Copyrights when training OpenAI's large language models. *Id.* [4]

On November 21, 2023, Julian Sancton filed a substantively similar class action complaint against OpenAI and affiliated Defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, and Microsoft Corporation. *Sancton et al. v. OpenAI, Inc.*, No. 23-cv-10211-SHS (S.D.N.Y. Nov. 21, 2023) (the "*Alter* Action"), ECF No. 1. [5] On December 19, 2023, Jonathan Alter and others (including Julian Sancton) filed a class action complaint against those same defendants. *Alter* Action, ECF No. 26 (Am. Compl.). Both the *Sancton* Action and *Alter* Action state claims based on the use of their copyrighted material in the training of Defendants' large language models. The *Alter* Action asserts claims of copyright infringement and contributory infringement. *Id.*, ¶¶ 33-36. The *Alter* Action asserts these claims on behalf of the same class defined in *Sancton*, which purports to represent a nationwide class of nonfiction authors. *Id.*, ¶ 109. The *Authors Guild* Action and the *Alter* Action have since been related and consolidated. *Authors Guild* Action, ECF Nos. 56, 67. On December 27, 2023, The New York Times Company filed a complaint against OpenAI, OpenAI affiliates and Microsoft Corporation. *The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 1:23-cv-11195 (S.D.N.Y. Dec. 27, 2023) ("*New York Times* Action"). [6] Similar to its predecessors, the *New York Times* Action asserts a claim for direct copyright infringement, vicarious copyright infringement, contributory copyright infringement, violation of the Digital Millennium Copyright Act, common law unfair competition by misappropriation, and trademark dilution. *Id.*, ¶¶ 158-204. The *New York Times* Action is brought on behalf of a sole plaintiff that is subsumed by the class asserted in the *Tremblay* Action. On January 5, 2024, Nicholas Basbanes and

---

[4] The operative, First Consolidated Class Amended Complaint ("FCCAC") filed in the *Authors Guild* Action is attached as Exhibit A to the Declaration of Joseph R. Saveri.

[5] The Complaint filed in the *Alter* Action is attached as Exhibit C to the Declaration of Joseph R. Saveri.

[6] The Complaint filed in the *New York Times* Action is attached as Exhibit E to the Declaration of Joseph R. Saveri.

1   other Plaintiffs filed a complaint against OpenAI, OpenAI affiliates and Microsoft Corporation. *Basbanes*

2   *et al. v. Microsoft Corp. et al.*, No. 24-cv-00084 (S.D.N.Y. Jan. 5, 2024). Like the others, the *Basbanes*

3   Action asserts a claim for direct copyright infringement, vicarious copyright infringement, and

4   contributory copyright infringement. *Id.*, ¶¶ 26-29. Also, like the *Authors Guild* and *Alter* Action, the

5   *Basbanes* Action asserts these claims on behalf of a nationwide class of all authors, coextensive with the

6   class asserted in the *Tremblay* Action. [7] The *Basbanes* Action was consolidated with the *Authors Guild*

7   Actions on February 6, 2024. *Basbanes* Action, ECF No. 32.

8       The S.D.N.Y. Actions duplicate the first-filed *Tremblay* Action. Each arises out of the same

9   nucleus of operative facts and is based on the same conduct and theories of liability. *Tremblay* was the

10   first case in the United States to allege claims arising from the impermissible use of plaintiffs'

11   copyrighted material in connection with the training of OpenAI's large language models and

12   commercialized generative AI products. The S.D.N.Y. Actions followed suit, alleging substantially

13   similar facts. Based on those facts, like *Tremblay*, they then state duplicative claims for direct copyright

14   infringement, vicarious copyright infringement, and contributory copyright infringement. They do so

15   on behalf of proposed classes or plaintiffs that are either identical to or are entirely subsumed by the

16   proposed class defined in the first-filed *Tremblay* Action pending in this Court.

17       In fact, OpenAI agrees. *See* ECF No. 50 (Joint Case Management Statement) ("The Parties are

18   also aware of a case filed in the District Court for the Southern District of New York . . . . The case

19   appears to include duplicative causes of action."). This basic fact lies at the heart of OpenAI's stated

20   position that it would move to dismiss the *Authors Guild* Action under the first-filed rule. Meanwhile,

21   the parties and this Court have advanced the instant action by consolidating the cases, negotiating and

22   entering a pretrial schedule, conducting discovery, and progressing the litigation.

23       What changed? OpenAI failed to obtain the pretrial schedule it wanted from this Court. After

24   extensive argument and briefing, this Court adopted and entered the schedule suggested by Plaintiffs. In

25   particular, Plaintiffs sought to sequence the class determination prior to summary judgment, which is

26   the accepted procedure under Rule 23. Once that schedule was entered, OpenAI reversed course,

27

28   [7] The original Complaint filed in the *Basbanes* Action is attached as Exhibit D to the Declaration of
    Joseph R. Saveri.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK

looking for a better deal. It then decided it was better served by multiplying the proceedings and litigating subsequently filed cases, after it obtained scheduling concessions from the S.D.N.Y. Plaintiffs. *See Authors Guild* Action, ECF No. 65. Despite the Court's order, and despite its prior representations, OpenAI decided to also proceed in a more favorable district.

### III.   THE FIRST-TO-FILE RULE WARRANTS ENJOINING THE AUTHORS GUILD DEFENDANTS FROM PROCEEDING IN THE S.D.N.Y.

First-to-file motions provide the mechanism to address and prevent litigation of similar subsequently filed cases. *Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-468JVSMLGX, 2005 WL 5925585, *2 (C.D. Cal. Sept. 26, 2005) ("When two suits are initiated with substantially similar claims, the general rule is that the first case to be filed has priority. Absent special circumstances, the first case should proceed while the second case is enjoined."); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) ("Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.").

First-to-file motions may be brought in the court where the first-filed case is pending or where the subsequently filed cases were filed.[8] Indeed, some courts have expressed a preference for allowing the court in the first-filed action to decide the issues. *See Amerifreight, Inc. v. Belacon Pallet Servs., LLC*, No. 215CV5607RSWLJPRX, 2015 WL 13037420, at *5 (C.D. Cal. Nov. 10, 2015) (noting "several courts have held that the first-filed court should decide whether an exception to the first-to-file rule applies, especially when motions raising identical issues are pending in two different federal courts."); *Brit. Telecommc'ns plc v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993) ("It is better to let the court in the first-filed action determine whether there are special circumstances that justify dismissing the first-filed action in favor of the second."); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843–44 (9th Cir. 1986) (finding that the "trial court exercised sound judicial discretion in enjoining the later filed Illinois action.").

---

[8] In addition to this filing, Plaintiffs are filing in the Southern District of New York a Motion to Intervene and Dismiss and/or Stay the S.D.N.Y. Actions under the first-filed rule.

The first-to-file rule serves the purpose of promoting judicial efficiency and "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). The principle underlying the rule promotes "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation . . . ." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952).

Courts in this district weigh the following factors in applying the first-filed rule: "(1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Kiland v. Bos. Sci. Corp.*, No. C 10-4105 SBA, 2011 WL 1261130, at *6 (N.D. Cal. Apr. 1, 2011) (internal citations and quotations omitted). Judges are given ample discretion in deciding to apply the first-to-file rule, and in applying the rule, the court should strive to "maximize economy, consistency, and comity." *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 704 (N.D. Cal. 2021) (internal citations and quotations omitted).

### A.    The *Tremblay Action* and the S.D.N.Y. Actions Involve Substantially Similar Parties

The parties in the *Tremblay* Action are substantially overlapping with the parties in the S.D.N.Y. Actions. In analyzing the first-filed rule in the class action context, "the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008); *see also Manier v. L'Oreal USA, Inc.*, No. 2:16-CV-06886-ODW-KS, 2017 WL 59066, at *3 (C.D. Cal. Jan. 4, 2017) ("Where the proposed classes in both actions overlap, courts have held that the parties are substantially similar.") (Citing *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)); *Subbaiah v. GEICO Gen. Ins. Co.*, No. 219CV06717ABJPRX, 2019 WL 9904278, at *5 (C.D. Cal. Dec. 11, 2019) ("Notably, Plaintiff and Munoz are absent members of each other's putative classes. Accordingly, the Court finds that the parties are substantially similar under the first-to-file rule.").

Here, the class proposed in the *Authors Guild* FCCAC is coextensive with, and entirely subsumed by, the class in *Tremblay*. The Plaintiff in the *New York Times* Action is also entirely subsumed by the *Tremblay* proposed class. There is also more than substantial overlap among the

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK

defendants in the three actions.[9] There is no dispute that the actions are substantially similar. OpenAI itself conceded that the two actions are sufficiently similar for purposes of the first-filed rule. ECF No. 31, ¶ 16. The parties are sufficiently overlapping for purposes of the rule.

### B.   The *Tremblay* Action and the S.D.N.Y. Actions Involve Similar Facts and Claims

The factual and legal issues in the cases need not be identical, only substantially similar. *Kohn*, 787 F.3d at 1240; *see also Young*, 526 F. Supp. 3d at 704 ("To determine whether two suits involve substantially similar issues, we look at whether there is 'substantial overlap' between the two suits.").

Here, the S.D.N.Y. Actions are similar to the first-filed instant action because both lawsuits arise from the same nucleus of fact and law. Both the S.D.N.Y. Actions and the instant action involve the same class of literary authors seeking redress against essentially the same defendants for the same infringing conduct. Specifically, all three lawsuits allege that OpenAI infringed plaintiffs' copyrights when they made copies of plaintiffs' copyrighted works to train their large language models. *Compare* ECF No. 1. with *Authors Guild* Action, ECF No. 69 (Saveri Decl., Exh. A); *New York Times* Action, ECF No. 1 (Saveri Decl., Exh. E). Indeed, the actions contain causes of action for direct copyright infringement and vicarious copyright infringement based on this same theory. Like the *Tremblay* Complaint, the *Authors Guild* Complaint alleges that OpenAI likely trained its large language model using "two internet-based books corpora" called "Books1" and "Books2," which comprise copyrighted materials. *Compare*, *Tremblay* Complaint, ECF No. 1, ¶¶ 24-35 with *Authors Guild*, ECF No. 69 (Saveri Decl., Exh. A) at ¶¶ 92-112. Similarly, the *Authors Guild* Complaint regurgitates the same theory of liability alleged against OpenAI in the first-filed *Tremblay* Complaint—that ChatGPT could create a detailed summary of specific infringed works. *Compare*, ECF No. 1, ¶¶ 5, 38-41 with *Authors Guild*, ECF No. 69 (Saveri Decl., Exh. A) at ¶ 149. That the *Tremblay* Action contains certain causes of action that

---

[9] The defendants are all OpenAI affiliates. Many of them are the same. Even though the later-filed S.D.N.Y. Actions include certain affiliate entities not named in the first-filed *Tremblay* Action (OpenAI LLC, OpenAI Global LLC, and OpenAI Holdings LLC) the difference is nominal because the non-overlapping parties are clearly affiliates of OpenAI. *See Kohn Law Grp. v. Auto Parts Mfg. Miss., Inc.,* 767 F.3d 1237, 1240 (9th Cir. 2015) ("[C]ourts have held that the first-to-file rule does not require exact identity of the parties").

do not overlap with those in the S.D.N.Y. Actions is of no moment.[10] *See  Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 EDL, 2012 WL 8147135, at *3 (N.D. Cal. Sept. 12, 2012) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims.").

At core, the S.D.N.Y. Actions allege claims against OpenAI for their trespass of plaintiffs' exclusive rights under the Copyright Act. Each of the lawsuits involve the same substantive questions of copyright law. Adjudication of these issues by one district court would "maximize judicial economy, consistency, and comity." *Kohn*, 767 F.3d at 1240.

**C.      None of the Limited Exceptions to the First-Filed Rule Apply Here**

None of the exceptions to the first-file-rule apply. "The circumstances under which an exception to the first-to-file rule typically will be made include bad faith, anticipatory suit, and forum shopping." *Alltrade*, 946 F.2d at 628 (citations omitted). Far from showing that the first-to-file rule is inapplicable, consideration of those factors show why the rule clearly applies here. The *Tremblay* Action was not an anticipatory filing. It was the first case in the United States challenging this conduct, setting forth allegations of facts and legal theories that have set the metes and bounds of all subsequent litigation. Plaintiffs proceeded in good faith, organizing and consolidating this Action, negotiating and entering the pretrial schedule, and advancing the litigation. The *Authors Guild* Action, filed three months later, followed. The Defendants have engaged in forum shopping, attempting to achieve the scheduling order previously denied by this Court.

Moreover, here, the first-to-file rule is also supported by other factors. In *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008), the Federal Circuit held that "where the two actions [are] filed almost simultaneously," "[i]nstead of . . . automatically going with the first-filed

---

[10] The *Tremblay* Action includes causes of action for violations of the Digital Millennium Copyright Act – Removal of Copyright Management Information ("CMI") (17 U.S.C. § 1202 (b)) ("the DMCA"), Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, et seq.), Negligence, and Unjust Enrichment. The standard requires "substantial similarity." The overlap between the central causes of action is clear. Namely, defendants' violated copyright law by training large language models on copyright protected works. There is more than substantial similarity here.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE SOUTHERN DISTRICT OF NEW YORK

1  action, the more appropriate analysis takes account of the convenience factors under 28 U.S.C. §

2  1404(a)." Among these factors are:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state
> that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the
> respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's
> cause of action in the chosen forum; (6) the differences in the costs of litigation in the two
> forums; (7) the availability of compulsory process to compel attendance of unwilling non-
> party witnesses; (8) the ease of access to sources of proof; (9) the presence of a forum
> selection clause; and (10) the relevant public policy of the forum state, if any.

*Genentech, Inc. v. GlaxoSmithKline LLC*, No. 5:10-CV-04255-JF, 2010 WL 4923954, at *2 (N.D. Cal.

Dec. 1, 2010). Above all of these factors, "[t]he convenience of witnesses is often the most important

factor considered by the court when deciding a motion to transfer for convenience." *Id.* (cleaned up).

Here, the balance of convenience weighs strongly in favor of the Northern District of California.

OpenAI's corporate headquarters are located in the Northern District of California at 3180 18th Street

in San Francisco, within a stone's throw of the courthouse. The technology and the commercial

products at issue were created, developed, marketed and sold from the Northern District of California.

As a result, many of the relevant documents and sources of proof are located in the Northern District of

California. Plaintiffs chose this forum for that reason, as well as the fact this Court routinely handles

complex copyright and other commercial matters, as well as class actions. In addition to party witnesses,

third parties and former employees are likewise located in the Northern District, within 100 miles of the

Court and therefore can be compelled to appear at trial. *See* Fed R. Civ. P. 45(c)(1) (100 mile rule).

Substantial evidence is located here, the precipitating conduct occurred here, and the vast majority of

the witnesses and other evidence are located here. In addition, the parties have retained counsel located

in this District. It would be significantly more expensive to litigate this matter in New York, far away

from the witnesses and counsel. The balance of convenience weighs heavily against allowing the

litigation to proceed in New York.[11]

---

[11] There do not appear to be any relevant forum selection clauses. While the claims arise under federal copyright law, California clearly has an interest in regulating businesses and illegal conduct which take place within its boundaries. California also has a large community of authors and other persons affected by the challenged conduct and likely represents one of the largest, if not the largest, components of the class. *See eBay Inc. v. Digital Point Sols., Inc.*, 608 F. Supp. 2d 1156, 1162 (N.D. Cal. 2009)

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK

Additionally, there is no indication of forum shopping by Plaintiffs here that supports giving priority to the later-filed S.D.N.Y. Actions. In fact, the opposite is true. As OpenAI made plain here, it was *their intent* to seek transfer to the Northern District of California, until the Northern District of California denied OpenAI's proposed litigation schedule. *Authors Guild* Action, ECF No. 31, ¶ 16. OpenAI changed their tune once they extracted concessions from plaintiffs in the S.D.N.Y. Actions, including the sequencing of summary judgment motions and class certification. *See* Sections I, II. A, *supra*. In other words, Defendants decided not to move to dismiss under the first-to-file rule in *Authors Guild* because those Plaintiffs agreed to give Defendants what this Court would not—i.e., Defendants' preferred sequencing of case management events. That is precisely the forum shopping that the first-to-file rules exists to prevent, not permit. *See Robeson v. Howard Univ.*, No. 00 CIV 7389 GBD, 2002 WL 122913, at *2 (S.D.N.Y. Jan. 30, 2002) (explaining that one exception to the first-filed rule is to "protect[ ] potential plaintiffs who wish to resolve a controversy amicably, 'without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing . . .'"); *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 132 (S.D.N.Y. 1994). Giving priority to the S.D.N.Y. Actions "would sanction the type of procedural gamesmanship and litigation tactics the judicially declared exceptions to the first-to-file doctrine were designed to guard against." *Zero-Techs., LLC v. The Clorox Co.*, No. 22-3989, 2024 WL 434169, at *12 (E.D. Pa. Jan. 30, 2024); *see also Kohn Law Grp.*, 767 F.3d at 1240 (explaining that the rule's application "avoids awarding such gamesmanship and is consistent with the policy of the first-to-file rule, which is to maximize judicial economy, consistency, and comity.").

Accordingly, the Court should give priority to the *Tremblay* Action under the first-to-file rule and enjoin Defendants from proceeding in the S.D.N.Y.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court grant this motion and enjoin the S.D.N.Y. Actions and further enjoin Defendants and their counsel from proceeding in the Southern District of New York.

---

("In the absence of an enforceable forum-selection clauses, it is apparent that eBay has alleged sufficient facts to establish that venue is proper in this district."). !

1   Dated: February 8, 2024                    By:    _/s/Joseph Saveri_
                                                      Joseph R. Saveri
2

3                                              Joseph R. Saveri (State Bar No. 130064)
                                               Cadio Zirpoli (State Bar No. 179108)
4                                              Christopher K. L. Young (State Bar No. 318371)
                                               Holden Benon (State Bar No. 325847)
5                                              Kathleen J. McMahon (State Bar No. 340007)
                                               Aaron Cera (State Bar No. 351163)
6                                              **JOSEPH SAVERI LAW FIRM, LLP**
                                               601 California Street, Suite 1000
7                                              San Francisco, California 94108
                                               Telephone: (415) 500-6800
8                                              Facsimile:  (415) 395-9940
                                               Email:   jsaveri@saverilawfirm.com
9                                                       czirpoli@saverilawfirm.com
                                                        cyoung@saverilawfirm.com
10                                                      hbenon@saverilawfirm.com
                                                        kmcmahon@saverilawfirm.com
11                                                      acera@saverilawfirm.com

12                                             Matthew Butterick (State Bar No. 250953)
                                               1920 Hillhurst Avenue, #406
13                                             Los Angeles, CA 90027
                                               Telephone:  (323)968-2632
14                                             Facsimile:  (415) 395-9940
                                               Email:      mb@butterickllaw.com
15

16                                             Bryan L. Clobes (pro hac vice)
                                               **CAFFERTY CLOBES MERIWETHER**
17                                             **& SPRENGEL LLP**
                                               205 N. Monroe Street
18                                             Media, PA 19063
                                               Telephone:    215-864-2800
19                                             Email:        bclobes@caffertyclobes.com

20                                             Alexander J. Sweatman (pro hac vice anticipated)
                                               **CAFFERTY CLOBES MERIWETHER**
21                                             **& SPRENGEL LLP**
                                               135 South LaSalle Street, Suite 3210
22                                             Chicago, IL 60603
                                               Telephone:    312-782-4880
23                                             Email:        asweatman@caffertyclobes.com

24

25

26

27

28

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:          dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the
Proposed Class*

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN A SUBSTANTIALLY SIMILAR CASE IN THE
SOUTHERN DISTRICT OF NEW YORK