| | |
|---|---|
| Joseph R. Saveri (State Bar No. 130064)<br>Cadio Zirpoli (State Bar No. 179108)<br>Christopher K.L. Young (State Bar No. 318371)<br>Travis Manfredi (State Bar No. 281779)<br>Holden Benon (State Bar No. 325847)<br>Kathleen J. McMahon (State Bar No. 340007)<br>Aaron Cera (State Bar No. 351163)<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1000<br>San Francisco, California 94108<br>Telephone:     (415) 500-6800<br>Facsimile:      (415) 395-9940<br>Email:            jsaveri@saverilawfirm.com<br>                      czirpoli@saverilawfirm.com<br>                      cyoung@saverilawfirm.com<br>                      tmanfredi@saverilawfirm.com<br>                      hbenon@saverilawfirm.com<br>                      kmcmahon@saverilawfirm.com<br>                      acera@saverilawfirm.com | Matthew Butterick (State Bar No. 250953)<br>1920 Hillhurst Avenue, #406<br>Los Angeles, CA 90027<br>Telephone:     (323) 968-2632<br>Facsimile:      (415) 395-9940<br>Email:            mb@buttericklaw.com<br><br>Bryan L. Clobes (*pro hac vice*)<br>**CAFFERTY CLOBES MERIWETHER<br>& SPRENGEL LLP**<br>205 N. Monroe Street<br>Media, PA 19063<br>Telephone:     (215) 864-2800<br>Email:            bclobes@caffertyclobes.com |

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK** |

I, Joseph R. Saveri, declare as follows:

1. I am the Founder of the Joseph Saveri Law Firm, LLP ("JSLF") and am its Managing Partner. I am a counsel of record for Plaintiffs in this matter. I submit this Declaration in support of Plaintiffs' Motion to Enjoin Defendants and Their Counsel from Proceeding in the substantially similar cases filed in the Southern District of New York, three of which are consolidated under *Authors Guild et al., v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023). The fourth case is brought on behalf of an individual entity. *See The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 23-cv-11195 (S.D.N.Y. Dec. 27, 2023). I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to them. I make this declaration pursuant to 28 U.S.C. § 1746.

2. JSLF, on behalf of Plaintiffs, filed the Class Action Complaint initiating the instant action on June 28, 2023. ECF No. 1. That Complaint is the currently operative complaint.

3. On July 19, 2023, JSLF, on behalf of Plaintiffs, filed an administrative motion to relate *Tremblay et al. v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023) ("*Tremblay* Action") to *Silverman et al. v. OpenAI, Inc. et al.*, Case No.4:23-cv-03416-KAW (N.D. Cal. July 7, 2023) ("*Silverman* Action"). ECF No. 16. On July 28, 2023, the Court granted the Administrative Motion to relate. ECF No. 26. On September 20, 2023, Plaintiffs filed a motion to relate *Chabon et al. v. OpenAI, Inc. et al.*, Case No. 4:23-cv-04625-PHK (N.D. Cal. Sept. 8, 2023) ("*Chabon* Action") to the *Tremblay* Action. ECF No. 46. On October 10, 2023, the Court granted Plaintiffs' administrative motion to relate. ECF No. 54.

4. On October 5, 2023, the Court conducted a case management conference. During that conference, the parties discussed, among other things, the pretrial litigation schedule for the case. The schedule Plaintiffs submitted provided a schedule for the completion of merits and expert discovery, class certification, and dispositive motions consistent with Rule 23 and settled class action practice. Defendants sought to schedule dispositive motions prior to class certification. After hearing from counsel, the Court asked for letter briefs on the issues of scheduling summary judgment, class certification and the application of the one-way intervention rule.

5. On October 17, 2023, the parties submitted letter briefs, as requested by the Court. ECF Nos. 56, 57. On November 8, 2023, the Court held a status conference, where the pretrial litigation schedule in this case was discussed and decided. Among other things, the Court accepted Plaintiffs' proposal, setting class certification prior to dispositive motions. ECF No. 77 at 12-13; ECF No. 51. Under that schedule, the close of fact discovery is October 29, 2024. The close of expert discovery is March 13, 2025. Motions for Class Certification and Daubert motions are due by April 10, 2025. Oppositions to Class Certification and Daubert motions are due by June 24, 2025.

6. The parties have relied on that order and litigation is well underway. Counsel for the parties conducted a Rule 26(f) conference on September 14, 2023. The parties have exchanged initial disclosures. Plaintiffs and Defendants have served and responded to requests for documents and interrogatories. Plaintiffs and Defendants served each other with Requests for Production and Interrogatories on December 13, 2023. The parties issued objections and responses to each other's requests, and the parties are in the process of meeting and conferring regarding outstanding discovery requests. On October 26, 2023, the parties stipulated to consolidation of the *Tremblay*, *Silverman*, and *Chabon* Actions. ECF No. 60. The case is proceeding on schedule.

7. Counsel for the parties have litigated a Rule 12 motion and discovery is proceeding. In contrast, the S.D.N.Y. Actions are not substantially advanced. I have reviewed the dockets in those matters and it reveals that other than filing the complaints, the matter is not substantially advanced. There has been no motion practice and discovery is not underway. Other than motions for lead counsel, there has been little activity in the cases until recently.

8. I have reviewed the complaints filed in the consolidated *Authors Guild* case. They are substantially identical to the *Tremblay* Action. Each purport to represent proposed classes that are coextensive with and entirely subsumed by the class proposed in the instant Action. They are each copies of the instant action. I have reviewed the complaint filed in the *N.Y. Times* case, which is substantially similar to the instant Action. The Plaintiff in *N.Y. Times* is subsumed by the class proposed in the instant Action. Plaintiffs in each action allege that OpenAI, Inc. and its affiliated entities committed direct

Master File No. 3:23-cv-03223-AMO    2

DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK

copyright infringement when they made and used copies of Plaintiffs' books—without Plaintiffs' permission—during the process of training OpenAI's language models.

9. As explained further in the brief, under the first-to-file rule, Defendants should be enjoined from proceeding in the substantially similar case in Southern District of New York during the pendency of the *In Re OpenAI ChatGPT Litigation*.

10. Attached hereto as Exhibit A is a true and correct copy of the First Consolidated Class Action Complaint filed in *Authors Guild et al. v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Feb. 5, 2024).

11. Attached hereto as Exhibit B is a true and correct copy of the original Complaint filed in *Authors Guild et al., v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023).

12. Attached hereto as Exhibit C is a true and correct copy of the original Complaint filed in *Sancton et al. v. OpenAI, Inc. et al.*, Case No. 23-cv-10211-SHS (S.D.N.Y. Nov. 21, 2023).

13. Attached hereto as Exhibit D is a true and correct copy of the original Complaint filed in *Basbanes et al. v. Microsoft Corp. et al.*, Case No. 24-cv-00084 (S.D.N.Y. Jan. 5, 2024).

14. Attached hereto as Exhibit E is a true and correct copy of the original Complaint filed in *The N.Y. Times Co. v. Microsoft Corp. et al.* Case No. 1:23-cv-11195 (S.D.N.Y. Dec. 27, 2023).

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 8, 2024.

By:   */s/Joseph R. Saveri*
      Joseph R. Saveri