| | |
|---|---|
| Joseph R. Saveri (State Bar No. 130064) | Matthew Butterick (State Bar No. 250953) |
| Cadio Zirpoli (State Bar No. 179108) | 1920 Hillhurst Avenue, #406 |
| Christopher K.L. Young (State Bar No. 318371) | Los Angeles, CA 90027 |
| Travis Manfredi (State Bar No. 281779) | Telephone: (323) 968-2632 |
| Holden Benon (State Bar No. 325847) | Facsimile: (415) 395-9940 |
| Kathleen J. McMahon (State Bar No. 340007) | Email: mb@butterickkaw.com |
| Aaron Cera (State Bar No. 351163) | |
| **JOSEPH SAVERI LAW FIRM, LLP** | |
| 601 California Street, Suite 1000 | Bryan L. Clobes (*pro hac vice*) |
| San Francisco, California 94108 | **CAFFERTY CLOBES MERIWETHER** |
| Telephone: (415) 500-6800 | **& SPRENGEL LLP** |
| Facsimile: (415) 395-9940 | 205 N. Monroe Street |
| Email: jsaveri@saverilawfirm.com | Media, PA 19063 |
| czirpoli@saverilawfirm.com | Telephone: (215) 864-2800 |
| cyoung@saverilawfirm.com | Email: bclobes@caffertyclobes.com |
| tmanfredi@saverilawfirm.com | |
| hbenon@saverilawfirm.com | |
| kmcmahon@saverilawfirm.com | |
| acera@saverilawfirm.com | |

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SHORTEN TIME TO HEAR THEIR MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK** |

Master File No. 3:23-cv-03223-AMO

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SHORTEN TIME TO HEAR MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District Local Rules 6-3 and 7-11, Plaintiffs in the *In re OpenAI ChatGPT Litigation* pending before this Court, Master File No. 3:23-cv-03223-AMO (N.D. Cal. 2023), hereby move this Court for an Order shortening time on Plaintiffs' recently filed Motion to Enjoin Defendants and Their Counsel from Proceeding in Substantially Similar Cases in the Southern District of New York ("Motion to Enjoin"), currently scheduled to be heard on April 4, 2024 at 2:00 p.m.

This Motion to Shorten Time is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the accompanying declaration of Joseph R. Saveri filed pursuant to Local Rule 6-3, all pleadings and files herein, and all other matters as may be presented to the Court at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  BACKGROUND

On June 28, 2023, Plaintiff Paul Tremblay filed the Instant Lawsuit captioned *Tremblay et al. v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO (the "*Tremblay* Action") against OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, L.L.C. (collectively, "OpenAI"). The *Tremblay* Action asserts claims on behalf of a nationwide class of all persons or entities domiciled in the United States who own a United States copyright in any work that was used as training data for the OpenAI Language Models during the Class Period. ECF No. 1, ¶ 42.[1]

---

[1] On July 7, 2023, Plaintiffs Sarah Silverman, Christopher Golden, and Richard Kadrey filed their complaint captioned *Silverman et al. v. OpenAI, Inc. et al.*, Case No. 23-cv-03416, alleging similar claims on behalf of an identical class of Plaintiffs. Then, on September 8, 2023, Plaintiffs Michael Chabon, David Henry Hwang, Matthew Klam, Rachel Louise Snyder, and Ayelet Waldman filed their complaint captioned *Chabon v. OpenAI, Inc. et al.*, Case No. 23-cv-04625-CRB on behalf of an identical proposed class of Plaintiffs. Last, on October 5, 2023, the Chabon Plaintiffs filed their First Amended Class Action Complaint, adding Laura Lippman, Jacqueline Woodson, Andrew Sean Greer, Ta-Nehisi Coates, and Junot Díaz as additional Plaintiffs. These actions have now been related and consolidated under the master caption, *In re OpenAI ChatGPT Litigation*. ECF Nos. 26, 53, 74.

As explained in more detail in Plaintiffs' Motion to Enjoin, following the *Tremblay* Action, four actions were filed in the Southern District of New York ("S.D.N.Y. Actions"). Three of the S.D.N.Y. Actions are consolidated under *Authors Guild et al., v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023) ("*Authors Guild* Action"). The fourth case is brought on behalf of an individual entity. *See The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 23-cv-11195 (S.D.N.Y. Dec. 27, 2023). They are each copies of *Tremblay*, some more obvious than others. Declaration of Joseph R. Saveri ("Saveri Decl."), ¶ 8. Like the *Tremblay* Action, each of the S.D.N.Y. Actions asserts copyright-infringement claims arising from the impermissible copying and other use of Plaintiffs' and other authors' copyrighted works used to train OpenAI's large language models, and the commercial products based on that technology. Those claims share common or overlapping theories of liability. Like the *Tremblay* Action, each of the S.D.N.Y. Actions asserts these claims on behalf of classes or plaintiffs entirely identical to or subsumed by the class first defined in the *Tremblay* Action against OpenAI and its affiliates, who are also Defendants in all relevant actions. *Id.* The parties in the S.D.N.Y. Actions readily admit that the *Tremblay* Action was first-filed, pending, and is well underway in the Northern District of California.

There is no dispute that the later-filed S.D.N.Y. Actions overlap with the first-filed *Tremblay* Action. *See* ECF No. 50 (Joint Case Management Statement) ("The Parties are also aware of a case filed in the District Court for the Southern District of New York . . . . The case appears to include duplicative causes of action."). OpenAI has also stated that it would move to dismiss the *Authors Guild* Action under the first-to-file rule. *Authors Guild* Action, ECF No. 31, ¶ 16. Meanwhile, the parties and this Court have advanced the *Tremblay* Action by consolidating the cases, negotiating and entering a pretrial schedule, fully briefing a dismissal motion, and they are continuing to conduct discovery. Saveri Decl., ¶¶ 6-7.

OpenAI reversed course after it failed to obtain the pretrial schedule it wanted from this Court. After extensive argument and briefing by both OpenAI and Plaintiffs, this Court adopted and entered the schedule suggested by Plaintiffs. Saveri Decl., ¶ 5. In particular, Plaintiffs sought to sequence the class determination before summary judgment, which is the accepted procedure under Rule 23. *Id.* Once that schedule was entered, OpenAI decided it was better served by multiplying the proceedings and litigating

subsequently filed cases after it obtained the scheduling concessions it preferred from Plaintiffs in the S.D.N.Y. Actions. *See Authors Guild* Action, ECF No. 56. The Motion to Enjoin addresses these developments and asks the Court to enjoin Defendants and their counsel from multiplying the proceedings with wasteful, duplicative litigation and blatant forum shopping.

In order to avoid duplicative efforts, judicial waste, and potentially disparate rulings, Plaintiffs filed the Motion to Enjoin under the first-to-file rule to preclude OpenAI from proceeding in substantially identical actions in the Southern District of New York. Plaintiffs filed the Motion to Enjoin on February 8, 2024. Plaintiffs reserved a hearing date on their Motion to Enjoin of April 4, 2024, as that date was the earliest available hearing date on the Court's calendar.

On February 15, 2024, Plaintiffs wrote to Defendants' counsel asking if Defendants would stipulate to hear the Motion to Enjoin on a shortened basis. Saveri Decl., ¶ 12. Defendants' counsel responded by stating: "Defendants take no position on Plaintiffs' anticipated motion to shorten time." *Id.*

## II.   ARGUMENT

Under the Court's Standing Orders, "Parties should notice motions (other than discovery motions) pursuant to the Civil Local Rules. Parties need not reserve a hearing date, but should confirm the Court's availability . . ." Civil Local Rule 7-2(a) generally requires that "all motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after service of the motion." The Court may permit motions to be heard within a shorter period of time. Civ. L.R. 6-3 (Motion to Change Time); Civ. L.R. 7-11 (governing administrative motions).

Plaintiffs reserved the earliest available date on the Court's calendar to hear the Motion to Enjoin, April 4, 2024.

Meanwhile, the same two large, costly, and duplicative consolidated actions continue to be litigated by essentially the same parties in matters pending before this Court and the Southern District of New York. Although the S.D.N.Y. Actions were filed a number of months after the *Tremblay* Action, there has been a flurry of docket activity in both cases. In the last month alone, there have been over 45 docket entries across the S.D.N.Y. Actions. Saveri Decl., ¶ 9. Most recently, it appears the Defendants agreed not to oppose the complaints in the S.D.N.Y. Actions that raise the same claims they have

challenged in this Court. *Authors Guild* Action, ECF No. 56. In so doing, Defendants have not only wasted the time and energy of the Court and the parties, but created a situation where inconsistent results are likely. The risk of duplicative, inconsistent rulings is real and was engineered by Defendants to secure a more favorable schedule. With each passing week, this Court and the Southern District of New York are expending judicial resources on duplicative, unnecessary litigation involving the same parties and claims. The Court should hear the Motion to Enjoin on a shortened basis, before the April 4, 2024, hearing, and apply the first-to-file rule to put an immediate end to the waste of judicial resources caused by the duplicative S.D.N.Y. Actions.

To prevent the waste of judicial resources that is certain to result if the Court does not hear the Motion to Enjoin on a shortened basis, Plaintiffs respectfully request that this Court hear Plaintiffs' Motion on a shortened basis, ideally on Thursday, March 7, 2024, or as soon thereafter as the matter may be heard.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant their Motion for an Order shortening time on Plaintiffs' Motion to Enjoin.

| | | |
|---|---|---|
| Dated: February 16, 2024 | By: | /s/ *Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:     jsaveri@saverilawfirm.com
     czirpoli@saverilawfirm.com
     cyoung@saverilawfirm.com
     tmanfredi@saverilawfirm.com
     hbenon@saverilawfirm.com
     kmcmahon@saverilawfirm.com
     acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     215-864-2800
Email:     bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     312-782-4880
Email:     asweatman@caffertyclobes.com

Master File No. 3:23-cv-03223-AMO          5
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SHORTEN TIME TO HEAR MOTION TO ENJOIN
DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE
SOUTHERN DISTRICT OF NEW YORK

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*