Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Travis Manfredi (State Bar No. 281779)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              tmanfredi@saverilawfirm.com
              hbenon@saverilawfirm.com
              kmcmahon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:    (215) 864-2800
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION TO SHORTEN TIME TO HEAR THEIR MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK** |

I, Joseph R. Saveri, declare as follows:

1. I am the Founder of the Joseph Saveri Law Firm, LLP ("JSLF") and am its Managing Partner. I am a counsel of record for Plaintiffs in this matter. I submit this Declaration in support of Plaintiffs' Motion to Shorten time to Hear Their Motion to Enjoin Defendants and Their Counsel from Proceeding in the substantially similar cases filed in the Southern District of New York, three of which are consolidated under *Authors Guild et al. v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023) ("*Authors Guild* Action"). The fourth case is brought on behalf of an individual entity. *See The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 23-cv-11195 (S.D.N.Y. Dec. 27, 2023). I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to them. I make this declaration pursuant to 28 U.S.C. § 1746.

2. JSLF, on behalf of Plaintiffs, filed the Class Action Complaint initiating the instant action on June 28, 2023. ECF No. 1. That Complaint is the currently operative complaint.

3. On July 19, 2023, JSLF, on behalf of Plaintiffs, filed an administrative motion to relate *Tremblay et al. v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023) ("*Tremblay* Action") to *Silverman et al. v. OpenAI, Inc. et al.*, Case No.4:23-cv-03416-KAW (N.D. Cal. July 7, 2023) (*"Silverman* Action"). ECF No. 16. On July 28, 2023, the Court granted the Administrative Motion to relate. ECF No. 26. On September 20, 2023, Plaintiffs filed a motion to relate *Chabon et al. v. OpenAI, Inc. et al.*, Case No. 4:23-cv-04625-PHK (N.D. Cal. Sept. 8, 2023) ("*Chabon* Action") to the *Tremblay* Action. ECF No. 46. On October 10, 2023, the Court granted Plaintiffs' administrative motion to relate. ECF No. 54.

4. On October 5, 2023, the Court conducted a case management conference. During that conference, the parties discussed, among other things, the pretrial litigation schedule for the case. The schedule Plaintiffs submitted provided a schedule for the completion of merits and expert discovery, class certification, and dispositive motions consistent with Rule 23 and settled class action practice. Defendants sought to schedule dispositive motions prior to class certification. After hearing from counsel, the Court asked for letter briefs on the issues of scheduling summary judgment, class certification and the application of the one-way intervention rule.

Master File No. 3:23-cv-03223-AMO     1
DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF PLAINTIFFS' MOTION TO SHORTEN TIME TO HEAR MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN SUBSTANTIALLY SIMILAR CASES IN THE SOUTHERN DISTRICT OF NEW YORK

5.     On October 17, 2023, the parties submitted letter briefs, as requested by the Court. ECF Nos. 56, 57. On November 8, 2023, the Court held a status conference, where the pretrial litigation schedule in this case was discussed and decided. Among other things, the Court accepted Plaintiffs' proposal, setting class certification prior to dispositive motions. ECF No. 77 at 12-13; ECF No. 51. Under that schedule, the close of fact discovery is October 29, 2024. The close of expert discovery is March 13, 2025. Motions for Class Certification and *Daubert* motions are due by April 10, 2025. Oppositions to Class Certification and *Daubert* motions are due by June 24, 2025.

6.     The parties have relied on the Court's scheduling order, and litigation is well underway. On September 14, 2023, counsel for the parties conducted a Rule 26(f) conference. ECF No. 50 at 2. On September 28, 2023, the parties exchanged initial disclosures. On December 13, 2023, the parties served each other with interrogatories and requests for production. The parties have issued objections and responses to each other's discovery requests and are in the process of meeting and conferring regarding them. On October 26, 2023, the parties stipulated to consolidation of the *Tremblay*, *Silverman*, and *Chabon* Actions. ECF No. 60. On November 9, 2023, the Court consolidated the *Tremblay*, *Silverman*, and *Chabon* Actions under the master caption *In re OpenAI ChatGPT Litigation*. ECF No. 74. The case is proceeding on schedule.

7.     In addition to discovery being well underway in the instant action, counsel for the parties have litigated a Rule 12 motion to dismiss. ECF Nos. 33, 48, 54.

8.     I have reviewed the complaints filed in the consolidated *Authors Guild* Action. They are substantially identical to the *Tremblay* Action. Each purport to represent proposed classes that are coextensive with and entirely subsumed by the class proposed in the instant action. They are each copies of the instant action. I have reviewed the complaint filed in the *N.Y. Times* case, which is substantially similar to the instant action. The Plaintiff in *N.Y. Times* is subsumed by the class proposed in the instant action. Plaintiffs in each action allege that OpenAI, Inc. and its affiliated entities committed direct copyright infringement when they made and used copies of Plaintiffs' literary works—without Plaintiffs' permission—during the process of training OpenAI's language models.

9. I have also reviewed the dockets filed in the four S.D.N.Y. Actions. In the last month alone, there have been over 45 docket entries across the S.D.N.Y Actions. The Courts in both the instant action and the S.D.N.Y. actions are expending judicial resources in an effort to resolve what are essentially the same claims being brought by essentially the same parties.

10. On February 8, 2024, Plaintiffs filed a Motion to Enjoin Defendants from Proceeding in Substantially Similar Cases in the Southern District of New York ("Motion to Enjoin"). ECF No. 98. As explained in those moving papers, under the first-to-file rule, Defendants should be enjoined from proceeding in the substantially similar S.D.N.Y. Actions during the pendency of the *In Re OpenAI ChatGPT Litigation*. By hearing the Motion to Enjoin on a shortened basis, the Court can more expeditiously grant the relief Plaintiffs are seeking and thereby limit the needless expenditure of judicial resources that would occur if the Motion to Enjoin was heard on the currently scheduled date of April 4, 2024.

11. This is the first request to shorten time to be made in this case, and the requested time modification will not have any material impact on the schedule for this action.

12. On February 16, 2024, my office wrote to Defendants' counsel to ask whether Defendants will stipulate to hear the Motion to Enjoin on shortened time. Defendants' counsel responded by stating: "Defendants take no position on Plaintiffs' anticipated motion to shorten time."

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 16, 2024.

By:    */s/Joseph R. Saveri*
        Joseph R. Saveri