**MORRISON & FOERSTER LLP**
Michael A. Jacobs (SBN 111664)
  mjacobs@mofo.com
Joseph C. Gratz (SBN 240676)
  jgratz@mofo.com
Tiffany Cheung (SBN 211497)
  tcheung@mofo.com
Rose S. Lee (SBN 294658)
  roselee@mofo.com
Joyce C. Li (SBN 323820)
  joyceli@mofo.com
Melody Ellen Wong (SBN 341494)
  melodywong@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
  abennett@mofo.com
Alexandra Marie Ward (SBN 318042)
  alexandraward@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
  andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
  joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
  sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
  alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This Document Relates To:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDINGS IN THE SOUTHERN DISTRICT OF NEW YORK** |

I.  **INTRODUCTION**

Plaintiffs' motion requests extraordinary and drastic relief—an injunction prohibiting Defendants from defending themselves in an action filed against them in another district. Plaintiffs cite no case suggesting that they are entitled to such relief. This Court should deny Plaintiffs' motion, which defies precedent, fairness, and common sense.

II. **FACTUAL AND PROCEDURAL BACKGROUND**

   A.  ***Tremblay v. OpenAI* and Related Actions**

This action commenced on June 28, 2023, when Paul Tremblay and two other authors of books filed a class action complaint against OpenAI.[1] One week later, the same counsel filed an identical complaint on behalf of three different named plaintiffs in this district. *See* Compl. in *Silverman v. OpenAI*, No. 23-cv-03416, Dkt. 1 (N.D. Cal., filed July 7, 2023). Months later, different counsel filed another virtually identical complaint on behalf of five different plaintiffs. *See* Compl. in *Chabon v. OpenAI*, No. 23-cv-04625, Dkt. 1 (N.D. Cal., filed Sept. 8, 2023). This Court consolidated those cases on November 9, 2023. Dkt. 74.

On October 6, 2023, this Court ordered the parties to submit briefing in support of their proposed case schedules. Dkt. 51. OpenAI's brief argued that summary judgment should be sequenced prior to class certification. OpenAI noted that in a closely analogous case involving the "Google Books" service, the Second Circuit reversed the district court's grant of class certification as premature, ordering the district court to "resol[ve] [] [the] fair use defense in the first instance" under Rule 56. Dkt. 56 at 3 (quoting *Authors Guild v. Google, Inc.*, 721 F.3d 132, 134 (2d Cir. 2013) ("*Google Books*")). Plaintiffs argued that sequencing summary judgment prior to class certification would be inappropriate "[i]n the absence of an express or implied waiver by the defendant" of the so-called "one-way intervention rule." Dkt. 57 at 2. The Court heard argument on the issue on November 8, 2023, and decided not to sequence summary judgment prior to class certification "for the time being," inviting OpenAI to re-raise the issue at a later date. Dkt. 77 at 16:24–17:11.

---

[1] "OpenAI" refers to OpenAI, Inc., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L. C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC, collectively. *See* Dkt. 1 at 1.

On February 12, 2024, this Court dismissed four of the six claims in Plaintiffs' complaint, and ordered Plaintiffs to file an amended complaint by March 13, 2024. Dkt. 104 at 12.

### B. *Authors Guild v. OpenAI* and Related Actions

On September 19, 2023, a different group of authors filed a class action lawsuit against OpenAI in the Southern District of New York. *See* Compl. in *Authors Guild v. OpenAI*, No. 23-cv-08292, Dkt. 1 (S.D.N.Y., filed Sept. 19, 2023). On November 22, 2023, the parties to the *Authors Guild* action filed a Rule 26(f) Report in which OpenAI—at that time the sole defendant in that case—indicated that (1) it intended to file a motion under the first-to-file rule to dismiss the action or transfer it to California, and (2) if the action remained in New York, the Court should sequence summary judgment prior to class certification. Report ¶¶ 16, 33-34, No. 23-cv-08292, Dkt. 31 (S.D.N.Y. filed Nov. 22, 2023) (citing *Google Books*). At the subsequent Initial Pretrial Conference, Judge Stein (1) noted that he did not "view [the first-to-file rule] as a hard and fast rule because it does have exceptions," and (2) agreed that the case appeared "aligned with [the] *Google Books* [decision]" in which the Second Circuit held that the fair use defense should be decided prior to class certification. Transcript at 10:17–20, 20:6–14, No. 23-cv-08292, Dkt. 44 (S.D.N.Y., filed Dec. 15, 2023).

The day before the *Authors Guild* parties filed their Rule 26(f) Report (*i.e.*, November 21, 2023), a different group of authors filed yet another putative class action in the Southern District of New York—this time naming as defendants both OpenAI (via a variety of entities) and Microsoft Corporation. *See* Compl. in *Sancton v. OpenAI*, No. 23-cv-10211, Dkt. 1 (S.D.N.Y., filed Nov. 21, 2023). The *Sancton* complaint alleged that Microsoft maintained "Azure datacenters located in New York" and used them to "facilitate OpenAI's . . . development of [the] GPT models." *Id.* ¶ 13 (further alleging that "New York personnel were involved in the creation and maintenance of the supercomputing systems" OpenAI used). Shortly thereafter, the *Authors Guild* plaintiffs filed an amended complaint adding Microsoft as a defendant, including similar allegations as to Microsoft's New York connections. Amended Complaint ¶ 51, No. 23-cv-08292, Dkt. 40 (S.D.N.Y., filed Dec. 5, 2023); *see* Answer ¶¶ 13–17, No. 23-cv-08292, Dkt. 74 (S.D.N.Y., filed Feb. 16, 2024) (admitting that Microsoft has sold software, maintains an office, and employs

personnel in New York).

On January 19, 2024 the *Authors Guild* and *Sancton* parties filed a joint stipulation in which the OpenAI and Microsoft defendants agreed "not to bring a motion to dismiss under the first-to-file rule," and further agreed "not to seek to dismiss" the existing claims under Rule 12(b). Stip. ¶¶ 2–3, No. 23-cv-08292, Dkt. 55 (S.D.N.Y., filed Jan. 19, 2024). The defendants also "expressly waive[d] . . . the 'one-way intervention' rule," and the parties agreed that "summary judgment will be briefed before Plaintiffs' motion for class certification." *Id.* ¶¶ 6, 9. The Court endorsed that stipulation on January 22, 2024, Order, No. 23-cv-08292, Dkt. 56 (S.D.N.Y., filed Jan. 22, 2024), and ordered the parties to proceed on an expedited schedule under which motions for summary judgment and *Daubert* motions "shall be filed by January 7, 2025." Order at 2, No. 23-cv-08292, Dkt. 65 (S.D.N.Y., filed Jan. 31, 2024). Plaintiffs in those New York actions filed a consolidated complaint on February 5, 2024, *see* No. 23-cv-08292, Dkt. 69 (S.D.N.Y., filed Feb. 5, 2024), and the defendants filed answers on February 16, *see* No. 23-cv-08292, Dkts. 74, 75 (S.D.N.Y., filed Feb. 16, 2024).

On December 27, 2023, The New York Times Company filed an individual action against multiple OpenAI entities and Microsoft. *See* Compl. in *The New York Times Company v. Microsoft*, No. 23-cv-11195, Dkt. 1 (S.D.N.Y., filed Dec. 27, 2023). Like the *Authors Guild* and *Sancton* actions, the *New York Times* case was assigned to Judge Stein. OpenAI's responsive pleading is due on February 26, 2024. *See* Waivers of Service Returned Executed, No. 23-cv-11195, Dkts. 13–20 (S.D.N.Y., filed Jan. 3, 2024).[2]

### C. Plaintiffs' Motions to Enjoin Defendants and Intervene in SDNY Actions

On February 8, 2024—roughly three weeks after the SDNY defendants stated their intent not to transfer those cases to California, *see supra* at 3—Plaintiffs filed this Motion. Dkt. 98 ("Mot."). Plaintiffs ask this Court to "enjoin[]" the OpenAI defendants "from proceeding in the subsequently-filed actions," including the *Authors Guild* action, the *Sancton* action, and the *New*

[2] On January 5, 2024, yet another group of plaintiffs filed a putative class action against both OpenAI and Microsoft, also in the Southern District of New York, which Judge Stein consolidated with the *Authors Guild* and *Sancton* cases. *See* Compl. & Order *in Basbanes v. Microsoft*, No. 24-cv-00084, Dkts. 1 & 32 (S.D.N.Y., filed Jan. 5, 2024 & Feb. 2, 2024).

*York Times* action. Proposed Order at 1, Dkt. 98-7. In the Motion, Plaintiffs assert that their claim "was the first in the United States to allege that OpenAI committed direct copyright infringement" and that the subsequently filed actions are "copycat[s]." Mot. at 1. The Motion also argues that the plaintiffs and class members in the SDNY actions—including The New York Times Company—are "subsumed by the class asserted in the *Tremblay* action," *id.* at 4–6, which purports to cover "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for the OpenAI Language Models," Dkt. 1 ¶ 42.

Four days later, Plaintiffs filed a motion seeking to intervene in the SDNY actions "for the limited purpose of" moving the Court to dismiss, stay, or transfer those actions under the first-to-file rule. Mot. at 8, No. 23-cv-08292, Dkt. 71-1 (S.D.N.Y., filed Feb. 12, 2024).

## III.  ARGUMENT

The injunction Plaintiffs request in their Motion is both inappropriate and unprecedented. Plaintiffs seek to enjoin OpenAI from defending itself, but nothing in the proposed injunction prevents the *plaintiffs* in the SDNY actions from continuing to prosecute their claims. The order Plaintiffs have proposed would therefore place OpenAI in an impossible position: complying with the proposed injunction would require OpenAI to ignore court-ordered deadlines in the SDNY actions—including, for example, its obligation to respond to pending discovery requests and to file a responsive pleading in the *New York Times* action. *See* Dkt. 98-7 (proposing to "enjoin[] [OpenAI] from proceeding in the subsequently-filed actions"). Plaintiffs do not explain how OpenAI could comply with that injunction without triggering a motion for default judgment. *See* Fed. R. Civ. P. 55(a).

Nor do Plaintiffs cite a single case in which a court has ordered such relief. That is no surprise, because the Ninth Circuit has recognized that "injunctions directed by a district court to a court of equal dignity" are incredibly rare and reserved for exceptional cases, like when a defendant is attempting to "us[e] that [other] forum to circumvent a pending settlement agreement in the enjoining court." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008) (citation omitted).

Instead, Plaintiffs cite a number of cases in which courts in the *second-filed action* have

decided to dismiss, stay, or transfer *that action* under the first-to-file rule. *See* Mot. at 7–8, 12.[3] As this Court explained: "Normally, when cases involving the same parties and issues have been filed in two different districts, it is the *second district court* that exercises its discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy."[4] *Nat'l Union Fire Ins. Co. of Pittsburg v. Payless Shoesource*, Inc., No. 11-cv-1892, 2012 WL 3277222, at *8 (N.D. Cal. Aug. 9, 2012) (emphasis added).

Only in "the most unusual cases" is injunctive relief against another district court proceeding appropriate. *Bergh v. Washington*, 535 F.2d 505, 507 (9th Cir. 1976). That flows directly from the "principle of comity," which "requires federal district courts" to "exercise care to avoid interference with each other's affairs." *Nat'l Union Fire*, 2012 WL 3277222, at *8; *see also Bergh*, 535 F.2d at 507 (courts exercise "more than the usual measure of restraint" when asked to issue an injunction that would "interfere with another federal proceeding"). The prototypical scenario, as illustrated by Plaintiffs' other cited cases, *see* Mot. at 7–8, is when a defendant in a first-filed action files a separate, mirror-image lawsuit in a separate forum.[5] Here, however, OpenAI is the *defendant* in both sets of suits. None of the cases that Plaintiffs cite support the notion that a federal court can reach beyond its own docket and enjoin a defendant from defending itself in a separate action brought against it in a separate district.

The thrust of Plaintiffs' Motion is that OpenAI's agreement to a four-way stipulation—

---

[3] *See, e.g., Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982) (affirming second-filed court's decision to decline jurisdiction in favor of first-filed action); *Young v. L'Oreal USA, Inc.,* 526 F. Supp. 3d 700, 704 (N.D. Cal. 2021) (transferring second-filed action); *Brit. Telecomms. plc v. McDonnell Douglas Corp.*, No. C-93-0677 MHP, 1993 WL 149860, at *4 (N.D. Cal. May 3, 1993) (staying second-filed action); *see also Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (reversing dismissal of second-filed action and remanding for stay).

[4] Indeed, Plaintiffs in this case have moved to intervene in the SDNY actions in order to put such a motion before Judge Stein. *See supra* 4.

[5] *See, e.g., Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 834, 843–44 (9th Cir. 1986) (holding that it was not an abuse of discretion for district court to "enjoin[] the prosecution of a substantially similar action Edison had filed in Illinois shortly after Decker filed its action in Montana"); *Broadcom Corp. v. Qualcomm Inc.*, No. 05-cv-468, 2005 WL 5925585 (C.D. Cal. Sept. 26, 2005) (enjoining defendants from proceeding with San Diego action they had filed against Broadcom involving same claims); *Kiland v. Boston Sci. Corp.*, No. 10-cv-4105, 2011 WL 1261130 (N.D. Cal. April 1, 2011) (enjoining district court action in Minnesota where defendant had filed its own action there regarding employment contracts); *see also* Mot. at 7–8.

with co-defendant Microsoft and the *Authors Guild* and *Sancton* plaintiffs—in the SDNY cases constitutes "forum shopping" and "procedural gamesmanship." Mot. at 2–3. As a preliminary matter, however, Plaintiffs are misreading the procedural history. In late November 2023—at a time when OpenAI, a California-based company, was the only defendant in the *Authors Guild* case—OpenAI filed a statement suggesting that case should be transferred to this Court. Shortly thereafter, the *Authors Guild* plaintiffs amended their complaint to add Microsoft, adding allegations as to Microsoft's New York connections. Microsoft is now a defendant in each of the cases pending before Judge Stein, but has not been named as a defendant in any AI-related copyright infringement litigation in this District. Rather than pursue a first-to-file motion under these changed circumstances, OpenAI agreed to forego motion practice that would delay resolution of the merits, while plaintiffs maintained their forum choice. OpenAI also worked with the other parties to agree on a case schedule that all parties collectively believed to be most appropriate in light of Second Circuit precedent and Judge Stein's statements at the initial *Authors Guild* conference. There is nothing nefarious about a defendant working with its co-parties to maximize efficiency in an important and complex case or cases. Plaintiffs' suggestion that these developments constitute "forum shopping" or "gamesmanship" by OpenAI is absurd.

Moreover, Plaintiffs' concern that those cases may proceed on a faster schedule is not a sufficient justification for the extraordinary relief they seek here. The Seventh Circuit's decision in *In re Jimmy John's Overtime Litigation* is instructive. 877 F.3d 756 (7th Cir. 2017). In that case, the District Court for the Northern District of Illinois consolidated a number of wage-and-hour actions, which then "proceeded together." *Id.* at 758. Months later, several class members filed duplicative lawsuits "asserting the same misclassification claims" in different districts, *id.* at 759, and the first district court issued a series of anti-suit injunctions enjoining "thirteen lawsuits in twelve federal district courts," *id.* at 760–61. The Seventh Circuit reversed, noting that "[a]t bottom, [the] argument amounts to nothing more than a fear that the district courts presiding over the [later-filed] cases might reach a final decision on the merits before this case or, at the very least, make legal determinations that could affect the present litigation." *Id.* at 766. That concern, the Court held, was insufficient to justify the extraordinary relief issued by the district court—

particularly in light of the moving party's failure to "cite [] a single case in which a non-MDL court has enjoined parallel litigation in circumstances like this." *Id.* at 768–69 (holding that "the district court lacked authority" to issue the anti-suit injunction); *see also Negrete*, 523 F.3d at 1100 (vacating injunction that "enjoin[ed] [a party] from even discussing settlements in other cases," holding that "[t]here simply was no proper support for the district court's enjoining of proceedings in other courts").

The same analysis applies here. As noted, Plaintiffs have not cited a "single case" in which a district court has enjoined a defendant in a separate court from defending itself against a plaintiff's claims. Nor have Plaintiffs presented any reason why it was improper for OpenAI to enter into a four-way stipulation with plaintiffs and its co-defendant Microsoft to litigate summary judgment prior to class certification in the SDNY actions, particularly after the judge presiding over those actions indicated that he believed Second Circuit precedent required that schedule. *See supra* 3. Plaintiffs' "fear" that Judge Stein "might reach a final decision on the merits" before this case is simply irrelevant, *Jimmy John's*, 877 F.3d at 766, and in any case is a direct result of Plaintiffs' own insistence on a prolonged schedule because of their counsel's concern that a faster pace would be too much of "a heavy lift." Dkt. 77 at 15:2–13.

"[C]onsiderations of comity . . . counsel against enforcement of the first-filed rule via an injunction issued by the first court against the second court." *Nat'l Union Fire*, 2012 WL 3277222, at *9. Those considerations are particularly important here, as the injunction Plaintiffs seek would paralyze OpenAI's defense in a group of critically important cases that will decide the fate of an industry that promises to "add the equivalent of $2.6 trillion to $4.4 trillion annually" to the global economy.[6] Plaintiffs' desire to be the first to litigate that issue notwithstanding their self-imposed resource constraints is not a sufficient reason for this Court to grant the extraordinary and unprecedented relief their Motion requests.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny the Motion.

---

[6] McKinsey & Company, *The economic potential of generative AI: The next productivity frontier* (June 2023), https://www.mckinsey.com/capabilities/mckinsey-digital/our-insights/the-economic-potential-of-generative-ai-the-next-productivity-frontier.

Dated: February 22, 2024

Respectfully submitted,

By: /s/ Joseph C. Gratz

MORRISON & FOERSTER LLP
Michael A. Jacobs (SBN 111664)
 mjacobs@mofo.com
Joseph C. Gratz (SBN 240676)
 jgratz@mofo.com
Tiffany Cheung (SBN 211497)
 tcheung@mofo.com
Rose S. Lee (SBN 294658)
 roselee@mofo.com
Joyce C. Li (SBN 323820)
 joyceli@mofo.com
Melody Ellen Wong (SBN 341494)
 melodywong@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
 abennett@mofo.com
Alexandra Marie Ward (SBN 318042)
 alexandraward@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

By:/s/ Andrew M. Gass

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
 alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for OpenAI Defendants*

## **ATTESTATION**

I, Andrew M. Gass, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in its filing.

Dated: February 22, 2024                         */s/ Andrew M. Gass*