# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF MICHAEL P. RICHTER IN SUPPORT PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDING IN THE SOUTHERN DISTRICT OF NEW YORK** |

I, Michael P. Richter, declare:

1. I am a partner at Grant Herrmann Schwartz & Klinger LLP ("GHSK") and serve as counsel of record for Plaintiffs Nicholas Basbanes and Nicholas Gage in *Basbanes et al. v. Microsoft Corp. et al.*, Case No. 24-cv-00084 (S.D.N.Y. Jan. 5, 2024) (the "*Basbanes-Gage* Action").

2. On behalf of Messrs. Basbanes and Gage, who are plaintiffs in the *Basbanes-Gage* Action, I submit this Declaration in support of the Motion to Enjoin Defendants and Their Counsel from Proceeding in the Southern District of New York ("Motion"), three of which are consolidated under *Authors Guild et al., v. OpenAI, Inc. et al.*, Case No. 1:23-cv-08292-SHS (S.D.N.Y. Sep. 19, 2023).[1] The *Basbanes-Gage* Action is one of the four S.D.N.Y. Actions that is the focus of the Motion.

3. I am familiar with the complaints filed in the S.D.N.Y. Actions. They are substantially identical to *Tremblay et al. v. OpenAI, Inc. et al.*, Case No. 3:23-cv-03223-AMO (N.D. Cal. June 28, 2023) ("*Tremblay* Action"). Each purport to represent proposed classes that are entirely subsumed by the class proposed in the instant Action. I have also reviewed the complaint filed in the *N.Y. Times* case, which is likewise substantially similar to the instant Action. The Plaintiff in *N.Y. Times* is subsumed by the class proposed in the instant Action. Plaintiffs in each action allege that Microsoft, OpenAI, Inc., and its affiliated entities committed direct copyright infringement when they made and used copies of Plaintiffs' books— without Plaintiffs' permission—during the process of training OpenAI's language models.

4. I have reviewed the dockets in the S.D.N.Y. Actions and they reveal that other than filing complaints and commencing with limited discovery, the matters are not substantially advanced.

5. By way of background, Messrs. Basbanes and Gage initially supported the application of counsel in the *Authors Guild* Action (1:23-cv-08292-SHS) and *Alter* Action (1:23-cv-10211-SHS) to serve as interim co-lead counsel ("Other New York Counsel"). But that support was premised on an agreement that

---

[1] The consolidated *Authors Guild* Action includes Plaintiffs from *Alter et al. v. OpenAI, Inc. et al.*, Case No. 23-cv-10211-SHS (S.D.N.Y. Nov. 21, 2023) ("*Alter* Action") and *Basbanes et al. v. Microsoft Corp. et al.*, Case No. 24-cv-00084 (S.D.N.Y. Jan. 5, 2024). There is a fourth case brought on behalf of an individual entity. *See The N.Y. Times Co. v. Microsoft Corp. et al.*, Case No. 23-cv-11195 (S.D.N.Y. Dec. 27, 2023). The consolidated *Authors Guild* Action and the *New York Times* Action are collectively referred to herein as the "S.D.N.Y. Actions."

GHSK would be able to represent the interests of Messrs. Basbanes and Gage, and those like them, along with Other New York Counsel.

6. As set forth in my letter to the Southern District of New York dated February 5, 2024 (the "Letter," at 1:23-cv-08292, ECF No. 68, and incorporated here by reference), Other New York Counsel continued to change the terms of GHSK's participation to the point where GHSK could not devote the resources necessary to ensure that its representation of Messrs. Basbanes and Gage, and those like them, was competent. As a result, I requested that the Southern District of New York rule on GHSK's pending motion (*Basbanes-Gage* Action, at ECF No. 21) to, among other things, consolidate the actions and appoint GHSK to a steering committee to address the serious concerns Messrs. Basbanes and Gage had about the cases pending in New York.

7. Shortly after I filed the Letter, Other New York Counsel filed its opposition to that part of GHSK's motion for a steering committee (the "Opp." at *Basbanes-Gage* Action, ECF No. 31).

8. Contrary to Other New York Counsel's assertion that the *Basbanes-Gage* Action only set forth "vague allusions to 'serious concerns'" (Opp. 4), the *Basbanes-Gage* Action identified three specific and serious concerns.

9. **First**, the *Basbanes-Gage* Action highlighted that Defendants conduct monetized personal tragedies recounted in copyrighted works. Mr. Gage's masterpiece *Eleni*, which was made into a major motion picture starring John Malkovich, and which President Reagan cited as his inspiration to pursue arms control talks with the Soviet Union, documents the execution of his mother by Greek Communists during the Greek civil war. Mr. Gage never consented to Defendants' decision to profit from the story of his mother's murder. It is essential that any fact-finder consider the impact Defendants' conduct had on members of the proposed class like Mr. Gage. (*See Basbanes-Gage* Action, ECF No. 22 at 3.)

10. **Second**, the *Basbanes-Gage* Action felt it was unnecessary and inefficient to have one class for fiction authors and a separate class for non-fiction authors, as Other New York Counsel initially sought by virtue of their two separate actions. Accordingly, the Complaint filed by Messrs. Basbanes and Gage advocated for a class with no such distinction. (*See Basbanes-Gage* Action, ECF No. 22 at 4-6.)

11. **Third**, the Complaint in the *Basbanes-Gage* Action emphasized that, in stark contrast to

Defendants, individual authors like Messrs. Basbanes and Gage utilized their own resources to secure access to copyrighted works for use in their own works. (*Basbanes-Gage* Action, ECF No. 22 at 3-4.)

12. The complaints filed by Other New York Counsel failed to address the three points identified above. This is precisely why Messrs. Basbanes and Gage filed their own Complaint and only supported Other New York Counsel's application to serve as interim co-lead counsel so long as the interests of Messrs. Basbanes and Gage, and the interests of those like them, were represented.

13. Other New York Counsel also asserted that my familial relationship with Mr. Basbanes constituted "red flags." (Opp. 4.) Nonsense.

14. Other New York Counsel cited a single case in support of this purported concern, but omitted that there the Eastern District of New York ruled "that counsel's relationship with certain class members does not make the named class members inadequate." *Oliver v. Am. Express Co.*, No. 19CV566NGGSJB, 2024 WL 100848, at *17 (E.D.N.Y. Jan. 9, 2024), *amended in part*, No. 19CV566NGGSJB, 2024 WL 217711 (E.D.N.Y. Jan. 19, 2024) (*See* Opp. 4). Rather, the court was "convinced that these proposed representatives will adequately represent their classes despite their family connections to class counsel." *Id*.

15. Other New York Counsel also omitted that the court's "inquiry focuses on whether the class plaintiff is so closely allied with the class attorney that he or she might have an interest in the legal fees that the attorney may ultimately seek such that the named representative's interests are antagonistic to those of the rest of the class." *Id*. (quotation marks omitted). But Mr. Basbanes engagement agreement with GHSK does not entitle him to any legal fees.[2]

16. As my Letter details, GHSK agreed to every request made by Other New York Counsel. This initially included that GHSK's role would potentially be limited to defensive discovery pertaining to Messrs. Basbanes and Gage. GHSK agreed. Then Other New York Counsel moved the goal posts by insisting that they have the power to remove GHSK if it violated fiduciary duties. Offensive, but GHSK agreed. Then Other New York Counsel moved the goal posts again by proposing an agreement that, among other things, omitted any mention of GHSK's role representing Messrs. Basbanes and Gage, allowed Other New York

---

[2] Mr. Gage has no family relationship with anyone at GHSK.

Master File No. 3:23-cv-03223-AMO  3

DECLARATION OF MICHAEL P. RICHTER IN SUPPORT PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDINGS IN THE SOUTHERN DISTRICT OF NEW YORK

Counsel not to include GHSK's time in any future fee application to the court, and prohibited GHSK from submitting fees for time that would be necessary to be familiar with the case. (*See* Letter at 3.) GHSK did not agree because this could impair its ethical duty to act competently.[3]

17. Other New York Counsel also asserted that GHSK sought a "blank check" "to simply 'stay abreast'" of the case. (Opp. 5.) False. GHSK's email to Other New York Counsel regarding the parties' agreement—which Other New York Counsel never responded to—stated, in pertinent part, as follows:

> "One thing I did not raise yesterday, but should have (apologies), is that in order to ensure we have the necessary level of competence to act ethically on behalf of our clients--whether it is reviewing documents, preparing them for depositions, defending them at depositions, or otherwise--we must stay familiar with the case and take the time to stay abreast of filings and discovery. Of course, I don't see how us merely reading material to stay familiar with the case could ever cause a conflict with your fiduciary duties, but I do see how not staying abreast of the developments in the case could inhibit our ability to ethically represent our clients. *I am not suggesting that we must be included in every single aspect of discovery, far from it, but we must be sufficiently familiar with the case to act ethically.*" (emphasis added).

18. To fulfill the role Other New York Counsel suggested—*i.e.*, leading defensive discovery for Messrs. Basbanes and Gage—GHSK would have to be familiar with key aspects of the case, including, for example, the operative complaint, answer, document demands, interrogatories, pertinent rulings from the court, and other developments so that it can act competently.

19. On behalf of Messrs. Basbanes and Gage, GHSK attempted, in good faith, to work cooperatively with Other New York Counsel, especially in light of Other New York Counsel's assertion to the Court in the Southern District of New York that they "have the ability and willingness to work

---

[3] Ironically, Other New York Counsel was purportedly concerned, without any basis, that GHSK may violate fiduciary duties. Then, Other New York Counsel insisted on conditions that would impair GHSK's ability to competently represent Messrs. Basbanes or Gage, or those similarly situated. (*See* Letter at 3.)

cooperatively with other law firms" and "understand that professional and courteous relations amongst joint counsel . . . are essential to the conduct and management of complex litigation such as this one." (*See Authors Guild* Action ECF No. 29-1 at 14-15.) However, Other New York Counsel ultimately insisted on conditions that would have precluded GHSK from competently representing the interests of Messrs. Basbanes and Gage, and those like them. GHSK could not agree to those conditions.

20. On February 6, 2024, the Southern District of New York consolidated the *Basbanes-Gage* Action with the *Authors Guild* Action and *Alter* Action for pretrial purposes, denied the request to create a steering committee that included GHSK, and appointed Other New York Counsel as interim co-lead class counsel. (*Basbanes-Gage* Action, ECF No. 32.)

***

21. I have had an opportunity to speak with counsel at the Joseph Saveri Law Firm. In contrast to Other New York Counsel, they have agreed to work collaboratively with GHSK to competently represent the interests of Messrs. Basbanes and Gage, and those like them, in the action now pending in the Northern District of California.

22. Accordingly, it is in the best interests of those members of the class that are similar to Messrs. Basbanes and Gage for the Motion to be granted. Thus, Messrs. Basbanes and Gage support the Motion and respectfully request that the Court grant the relief requested therein.

I declare under penalty of perjury under the laws of the United States and the State of New York that the foregoing is true and correct to the best of my knowledge and belief.

DATED: February 29, 2024
       New York, New York

By:   */s/ Michael P. Richter*
      Michael P. Richter, Esq.

Master File No. 3:23-cv-03223-AMO    5

DECLARATION OF MICHAEL P. RICHTER IN SUPPORT PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ENJOIN DEFENDANTS AND THEIR COUNSEL FROM PROCEEDINGS IN THE SOUTHERN DISTRICT OF NEW YORK

## L.R. 5-1 SIGNATURE ATTESTATION

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: February 29, 2024                         By:      */s/ Joseph R. Saveri*
                                                                     Joseph R. Saveri