UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re OpenAI ChatGPT Litigation*

Case No. 23-cv-03223-AMO

**ORDER DENYING MOTION TO ENJOIN DEFENDANTS AND DENYING AS MOOT MOTION TO SHORTEN TIME**

Re: Dkt. Nos. 98, 109

Before the Court are Plaintiffs' motion to enjoin Defendants from defending an action against them in the Southern District of New York and motion to shorten time to hear the motion. The matters are fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion to enjoin Defendants and **DENIES AS MOOT** the motion to shorten time for the following reasons.

I.   **PROCEDURAL BACKGROUND**

On June 28, 2023, Plaintiffs Tremblay et al. brought claims against various OpenAI entities in the Northern District of California. ECF 1. On September 19, 2023, the Authors Guild brought an action against OpenAI in the Southern District of New York ("Authors Guild"), raising similar allegations and claims as Plaintiffs brought in *Tremblay*. *Authors Guild et al. v. OpenAI Inc. et al*, No. 23-cv-8292-SHS.[1]  Plaintiffs now move this Court to enjoin Defendants from

---

[1] *Authors Guild* is the lead case of several consolidated cases in the Southern District of New York.

defending the Authors Guild Action under the first-to-file rule.[2]  Motion (ECF 98).

**II.     ANALYSIS**

Under the "first-to-file" rule, when two cases in different districts involve "substantially similar issues and parties, . . . the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018) (citation omitted); *see Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  In considering whether to apply the first-to-file rule, courts analyze three factors: "chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp.*, 787 F.3d at 1240.  Typically, the court in the second-filed case considers whether to apply this rule.  *See, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, No. C-11-1892 EMC, 2012 WL 3277222, at *7 (N.D. Cal. Aug. 9, 2012) ("Normally, when 'cases involving the same parties and issues have been filed in two different districts,' it is 'the *second* district court' that exercises its 'discretion to transfer, stay, or dismiss the *second* case in the interest of efficiency and judicial economy.' ") (quoting *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (emphasis in original)).

Plaintiffs have pointed to no authority allowing the Court to enjoin Defendants from defending against litigation in a second district court case.  In support of their motion, Plaintiffs cite a Ninth Circuit case which held that a district court with jurisdiction over all parties "may enjoin later filed actions." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  However, in *Decker*, the district court enjoined defendants from *prosecuting* an action in the second court.[3]  *Id.*  That is not what Plaintiffs seek here.  Instead, Plaintiffs seek to enjoin Defendants from defending against the Authors Guild Action.  Motion at 20.  Further, Plaintiffs

---

[2] Plaintiffs have also moved to intervene in the SDNY Action to move the court to dismiss, stay, or transfer the Authors Guild Action under the first-to-file rule.  23-cv-8292-SHS, ECF 71-1.

[3] The persuasive authority Plaintiffs cite suffers from the same infirmity.  *See Broadcom Corp. v. Qualcomm Inc.*, No. SACV 05-468JVSMLGX, 2005 WL 5925585, at *3 (C.D. Cal. Sept. 26, 2005) (enjoining Qualcomm from pursuing claims against Broadcom in second action); *Amerifreight, Inc. v. Belacon Pallet Servs., LLC*, No. 215CV5607RSWLJRPX, 2015 WL 13037420, at *1, *6 (C.D. Cal. Nov. 10, 2015) (court in second-filed case stayed the second-filed case brought by the defendant against the plaintiff).

fail to address how the requested injunction would work on a practical level, as the requested injunction would permit the plaintiffs in the Authors Guild Action to continue prosecuting their case while OpenAI would be unable to defend the action.[4]  "[O]nly in the most unusual cases" should the Court grant an injunction that would "interfere with another federal proceeding." *Bergh v. State of Wash.*, 535 F.2d 505, 507 (9th Cir. 1976).  Plaintiffs have not shown such an "unusual case."

Accordingly, the Court declines to enjoin Defendants from defending against the Authors Guild Action.

### III.  CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to enjoin Defendants from defending the Authors Guild Action.  The Court therefore **DENIES AS MOOT** Plaintiffs' motion to shorten time to hear the motion.

**IT IS SO ORDERED.**

Dated: March 1, 2024

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[4] Plaintiffs' argument that Defendants engaged in forum shopping holds no sway.  In the Authors Guild Action, Defendants initially indicated an intent to move to dismiss, stay, or transfer that case to the Northern District of California under the first-to-file rule.  23-cv-8282-SHS, ECF 31.  However, they stipulated to forgo any motions to dismiss or transfer and to sequence summary judgment motion practice prior to class certification.  *Id.*, ECF 56.  Contrary to Plaintiffs assertions, this conduct does not indicate "procedural gamesmanship."  Ultimately, this is not a situation similar to the cases Plaintiffs cite (*see* Motion at 20).