| | |
|---|---|
| **MORRISON & FOERSTER LLP**<br>Joseph C. Gratz (SBN 240676)<br> *jgratz@mofo.com*<br>Tiffany Cheung (SBN 211497)<br> *tcheung@mofo.com*<br>Joyce C. Li (SBN 323820)<br> *joyceli@mofo.com*<br>Melody Ellen Wong (SBN 341494)<br> *melodywong@mofo.com*<br>Vera Ranieri (SBN 271594)<br> *vranieri@mofo.com*<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: 415.258.7522<br><br>Allyson R. Bennett (SBN 302090)<br> *abennett@mofo.com*<br>Rose S. Lee (SBN 294658)<br> *roselee@mofo.com*<br>Alexandra Marie Ward (SBN 318042)<br> *alexandraward@mofo.com*<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>Telephone: 213.892.5454<br><br>[CAPTION CONTINUED ON NEXT PAGE] | **LATHAM & WATKINS LLP**<br>Andrew M. Gass (SBN 259694)<br> *andrew.gass@lw.com*<br>Joseph R. Wetzel (SBN 238008)<br> *joseph.wetzel@lw.com*<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br><br>Sarang V. Damle (*pro hac vice*)<br> *sy.damle@lw.com*<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br><br>Allison L. Stillman (*pro hac vice*)<br> *alli.stillman@lw.com*<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212.751.4864<br><br>*Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC* |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This Document Relates To:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DEFENDANTS' NOTICE OF MOTION, MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: August 1, 2024<br>Time: 2:00 pm<br>Place: Courtroom 10 - 19th Floor<br>Before: Hon. Araceli Martínez-Olguín |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

1  Max I. Levy (SBN 346289)
    *mlevy@mofo.com*
2  755 Page Mill Road
    Palo Alto, CA 94304-1018
3  Telephone: 650.813.5600

4  Eric K. Nikolaides (*pro hac vice*)
    *enikolaides@mofo.com*
5  250 West 55th Street
    New York, NY 10019-9601
6  Telephone: 212.468.8000

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 1, 2024 at 2:00 p.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, Courtroom 10, 19th Floor, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC (together, "OpenAI"), through their undersigned counsel, will, and hereby do, move to dismiss Count II of the First Consolidated Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

OpenAI's Motion to Dismiss is based on this Notice, the supporting Memorandum of Points and Authorities, the complete files and records in this action, and any additional material and arguments as may be considered in connection with the hearing on the Motion.

### STATEMENT OF RELIEF SOUGHT

OpenAI seeks an order pursuant to FRCP 12(b)(6) dismissing Count II of the Amended Complaint for failure to state a claim upon which relief can be granted.

### ISSUES TO BE DECIDED

The Motion presents the following issue to be decided: Whether Count II of the Amended Complaint, for violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, should be dismissed for failure to state a predicate violation of law, failure to allege fraudulent business practices, and preemption by Section 301 of the Copyright Act.

Dated: March 27, 2024                    Respectfully submitted,

                                         By:  */s/ Joseph C. Gratz*

                                         MORRISON & FOERSTER LLP
                                         Joseph C. Gratz (SBN 240676)
                                          *jgratz@mofo.com*
                                         Tiffany Cheung (SBN 211497)
                                          *tcheung@mofo.com*
                                         Joyce C. Li (SBN 323820)
                                          *joyceli@mofo.com*
                                         Melody Ellen Wong (SBN 341494)
                                          *melodywong@mofo.com*
                                         Vera Ranieri (SBN 271594)
                                          *vranieri@mofo.com*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
 abennett@mofo.com
Rose S. Lee (SBN 294658)
 roselee@mofo.com
Alexandra Marie Ward (SBN 318042)
 alexandraward@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

Max I. Levy (SBN 346289)
 mlevy@mofo.com
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650.813.5600

Eric K. Nikolaides (*pro hac vice*)
 enikolaides@mofo.com
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000

By:  */s/ Andrew M. Gass*

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
 joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
 sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
 alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. BACKGROUND .................................................................................................................. 1

III. LEGAL STANDARD ........................................................................................................... 3

IV. ARGUMENT ........................................................................................................................ 3

    A. The Amended Complaint Does Not State a UCL Claim ........................................ 4

        1. Plaintiffs Do Not Allege An "Unlawful" UCL Claim ............................... 4

        2. Plaintiffs Do Not Allege A "Fraudulent" UCL Claim ............................... 4

        3. The UCL Claim Under the "Unfair" Prong Is Preempted ......................... 5

    B. The Dismissal Should Be With Prejudice ............................................................... 7

V. CONCLUSION ..................................................................................................................... 8

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Andersen v. Stability AI Ltd.*,
  No. 23-cv-00201, 2023 WL 7132064 (N.D. Cal. Oct. 30, 2023) ..................................................1

*Armstrong-Harris v. Wells Fargo Bank, N.A.*,
  No. 21-cv-07637, 2022 WL 3348426 (N.D. Cal. Aug. 12, 2022) ..........................................2, 4

*Asencio v. Miller Brewing Co.*,
  283 F. App'x. 559 (9th Cir. 2008) ..............................................................................................4

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................................3

*Brown v. Van's Int'l Foods, Inc.*,
  No. 22-cv-00001, 2022 WL 1471454 (N.D. Cal. May 10, 2022) ..............................................7

*Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*,
  No. 14-cv-3448, 2015 WL 12746228 (C.D. Cal. Apr. 14, 2015) ...............................................7

*Doe 1 v. GitHub, Inc.*,
  672 F. Supp. 3d 837 (N.D. Cal. 2023) ...................................................................................1, 6

*Doe 1 v. GitHub, Inc.*,
  No. 22-cv-06823, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024) .............................................1, 6

*Eidmann v. Walgreen Co.*,
  522 F. Supp. 3d 634 (N.D. Cal. 2021) .......................................................................................4

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) .....................................................................................4

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ...................................................................................................3

*Kadrey v. Meta Platforms, Inc.*,
  No. 23-cv-03417, 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ....................................1, 4, 5

*Kodadek v. MTV Networks, Inc.*,
  152 F.3d 1209 (9th Cir. 1998) ...............................................................................................4, 6

*Laws v. Sony Music Ent., Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ...............................................................................................5, 6

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004 (9th Cir. 2017) ...................................................................................................5

*United States ex rel. Berge v. Bd. Of Tr. of the Univ. of Ala.*,
  104 F.3d 1453 (4th Cir. 1997) ...................................................................................................5

*Welgus v. TriNet Grp., Inc.*,
   No. 15-cv-03625, 2017 WL 6466264 (N.D. Cal. Dec. 18, 2017), *aff'd*, 765
   Fed. App'x 239 (9th Cir. 2019) ..................................................................................................7

*Young Money Entertainment, LLC v. Digerati Holdings, LLC*,
   No. 12-cv-07663, 2012 WL 5571209 (C.D. Cal. Nov. 15, 2012) ..............................................7

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) .....................................................................................................7

**STATUTES**

17 U.S.C. § 101 .................................................................................................................................5

17 U.S.C. § 102 .................................................................................................................................5

17 U.S.C. § 106 .................................................................................................................................6

17 U.S.C. § 301 .........................................................................................................................1, 3, 5

Cal. Bus. & Prof. Code § 17200, *et seq.* ................................................................................. *passim*

**OTHER AUTHORITIES**

William F. Patry, PATRY ON COPYRIGHT § 18:16 (Mar. 2024 update) ...........................................5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

## I. INTRODUCTION

Plaintiffs previously filed scattershot complaints asserting five different claims beyond their core theory that it is copyright infringement to use books as part of the corpus of training material from which a generative AI model learns factual information about the operation of human language and facts in our world. Defendants moved to dismiss those ancillary claims, and, on February 12, the Court granted that motion with respect to all but one—a claim that the same conduct giving rise to the core copyright infringement claim may also violate one of the prongs of California's Unfair Competition Law ("UCL"). Even as to that sole surviving ancillary claim, however, the Court expressly noted that "to the extent the UCL claim alleges the same violation as the copyright claim, it may be preempted by the Copyright Act." Dkt. 104 ("MTD Order") at 10 n.6.

Shortly thereafter, Plaintiffs filed an Amended Complaint in which they did not attempt to replead any of the claims the Court dismissed, but did reassert the same UCL claim. OpenAI now moves to dismiss that claim on the basis the Court identified: that 17 U.S.C. § 301 expressly preempts it. Plaintiffs have alleged no new facts that would avoid that result. And their continued assertion of the claim effectively ignores four other rulings in which courts in this district have rejected similar claims on preemption grounds in recent AI cases filed by the same counsel. *See Doe 1 v. GitHub, Inc.*, No. 22-cv-06823, 2024 WL 235217, at *7 (N.D. Cal. Jan. 22, 2024); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023); *Andersen v. Stability AI Ltd.*, No. 23-cv-00201, 2023 WL 7132064, at *14 (N.D. Cal. Oct. 30, 2023); *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 857 (N.D. Cal. 2023).

## II. BACKGROUND

On June 28, 2023, Paul Tremblay and Mona Awad[1] filed a class action complaint against seven entities that they collectively refer to as "OpenAI." Dkt. 1 ("Tremblay Compl."). That Complaint asserted a cause of action for direct copyright infringement based on the allegation that OpenAI used Plaintiffs' books "during the training process" of its AI models. *Id.* ¶ 55. It also alleged five other causes of action (the "Ancillary Claims"), including a claim of unfair

---

[1] Awad voluntarily dismissed her claims without prejudice on August 11, 2023.

1  competition under California's UCL. *Id.* ¶¶ 68–72 (Count IV). That claim was based entirely on Plaintiffs' allegation that OpenAI's use of their books constituted an "unlawful business practice[]." *Id.* ¶ 69 ("Defendants have engaged in unlawful business practices . . ."); *see also id.* ¶¶ 70 ("unlawful business practices"), 71 ("unlawful business practices"), 72 ("unlawful business practices"). On July 7, 2023, the same counsel filed an identical complaint on behalf of three other plaintiffs. *See* No. 23-cv-03416, Dkt. 1 ("Silverman Compl.").

On August 28, 2023, OpenAI moved to dismiss the Ancillary Claims. Dkt. 33. Based on the numerous references to "unlawful business practices" in the Tremblay and Silverman Complaints, *see supra*—and the absence of any direct allegations relating to "unfair" or "fraudulent" business practices—OpenAI understood Count IV to be based on the UCL's "unlawful" prong, which "borrows violations of other laws and treats them as unlawful practices." *Armstrong-Harris v. Wells Fargo Bank, N.A.*, No. 21-cv-07637, 2022 WL 3348426, at *3 (N.D. Cal. Aug. 12, 2022) (citation omitted). OpenAI's motion pointed out that, because the "sole predicate violation" was a violation of the Digital Millennium Copyright Act ("DMCA"), and because Plaintiffs had failed to plead such a violation, the claim should be dismissed. Dkt. 33 at 19. OpenAI also argued that, to the extent the UCL claim was based on the alleged copyright infringement claim, that claim was preempted. *Id.* at 19 n.11. Because Plaintiffs' Complaints only referenced the UCL's "unlawful" prong, OpenAI's motion did not address that law's other prongs.

In their opposition, Plaintiffs insisted for the first time that, in addition to a claim under the UCL's "unlawful" prong, they also alleged a claim under that law's "unfair" and "fraudulent" prongs. Dkt. 48 at 19–20. On February 12, 2024, the Court dismissed all of the Ancillary Claims in full other than Count IV. MTD Order. The Court dismissed Count IV to the extent it was based on the UCL's "unlawful" prong because it had already "dismissed the predicate DMCA claims." *Id.* at 8. It also dismissed the claim to the extent it was based on the UCL's "fraudulent" prong because Plaintiffs "fail[ed] to indicate where they have pleaded allegations of fraud." *Id.* at 9. The Court, however, held that Plaintiffs arguably had alleged a claim under the UCL's "unfair" prong, and declined to dismiss that element of Count IV. But the Court noted "that to the extent the UCL claim alleges the same violations as the copyright claim, it may be preempted." *Id.* at 10 & n.6.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

1   On March 13, 2024, Plaintiffs filed the First Consolidated Amended Complaint. Dkt. 120 ("Am. Compl."). Plaintiffs realleged the cause of action for direct copyright infringement that OpenAI did not move to dismiss. *See id.* ¶¶ 62–69 (Count I). Additionally, despite the Court's language regarding preemption, Plaintiffs realleged a UCL claim—this time expressly using the language of that law's "unfair" prong. *See, e.g.*, *id.* ¶ 71 ("Defendants engaged in unfair business practices . . ."). Their amended pleading also includes a number of offhand references to the words "unlawful" and "deceptive[]," which suggests that Plaintiffs might also intend to replead the dismissed claims under the UCL's "unlawful" and "fraudulent" prongs. *See id.* ¶¶ 73–74.

## III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "[A] formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court should disregard conclusory allegations, legal characterizations, unreasonable inferences, and unwarranted factual deductions. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## IV.   ARGUMENT

This motion seeks dismissal with prejudice of Count II of the Amended Complaint for violation of California's UCL. To the extent Count II's offhand references to the words "unlawful" and "deceptive" suggest that Plaintiffs are attempting to replead claims under the UCL's "unlawful" or "fraudulent" prongs, Plaintiffs have failed to do so because (1) they still have not alleged a valid predicate to support an "unlawful" claim, *see infra* Section A.1; and (2) as before, they have made no attempt to "plead[] allegations of fraud," *see* MTD Order at 9; *see also infra* Section A.2. To the extent Count II alleges a claim under the UCL's "unfair" prong, that claim is preempted by Section 301 of the Copyright Act, for the reasons previewed by this Court, *see* MTD Order at 10 n.6; *see also infra* Section A.3. Finally, the dismissal should be with prejudice because further amendment would be futile. *Infra* Section B.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

### A. The Amended Complaint Does Not State a UCL Claim

#### 1. Plaintiffs Do Not Allege An "Unlawful" UCL Claim

As mentioned, the UCL's "unlawful" prong "borrows violations of other laws and treats them as unlawful practices." *Armstrong-Harris*, 2022 WL 3348426, at *3 (citation omitted). Plaintiffs make a single passing reference to "unlawful business practices" that "violate the UCL because consumers are likely to be deceived." Am. Compl. ¶ 74.

Plaintiffs, however, make no attempt to identify a predicate violation for this claim. In fact, the only other violation of law that the Amended Complaint alleges is direct copyright infringement. Am. Compl. ¶¶ 62–69. But copyright infringement is not a valid predicate for a UCL "unlawful" claim. *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998) (UCL claim "expressly base[d] . . . on . . . the Copyright Act" was "clear[ly]" preempted); *Kadrey*, 2023 WL 8039640, at *2 (same). Because Plaintiffs' Amended Complaint does not plead a violation of law that could serve as a valid predicate for an "unlawful" UCL claim, that claim fails on its face. *See Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 647 (N.D. Cal. 2021) (dismissing UCL claim based on "unlawful" prong where plaintiff failed to allege predicate violations of law); *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1119 (E.D. Cal. 2014) (dismissing UCL claim with prejudice, including because pleading failed to state predicate violation); *see also Asencio v. Miller Brewing Co.*, 283 F. App'x. 559, 562 (9th Cir. 2008) (affirming district court's dismissal of UCL claim based on "unlawful" prong because "there was no statutory violation").

#### 2. Plaintiffs Do Not Allege A "Fraudulent" UCL Claim

Like Plaintiffs' original Complaints, the Amended Complaint makes no mention of the word "fraud." *See generally* Dkt. 1, Am. Compl. Nonetheless, in the event that Plaintiffs again attempt to rely on offhand references to the word "deceptive[]" to argue that they have alleged a claim under the UCL's "fraudulent" prong, *see, e.g.*, Dkt. 48 at 19–20, this Court should dismiss that claim for the same reasons expressed in its prior order, *see* MTD Order at 9. Plaintiffs have made no attempt to supplement their allegations on this score: indeed, the allegations in the Amended Complaint regarding alleged "decepti[on]" are a carbon copy of the allegations prompting dismissal of Plaintiffs' original Complaints. *Compare* Dkt. 1 ¶ 72, *with* Am. Compl.

1  ¶ 74. Accordingly, the Court's prior order resolves this claim: Because Plaintiffs' pleading "fail[s] to satisfy the heightened pleading requirements of Rule 9(b) which apply to UCL fraud claims," the "UCL claim based on fraudulent conduct also fails." MTD Order at 9; *see also Kadrey*, 2023 WL 8039640, at *2 (dismissing all three UCL prongs in similar complaint filed by Plaintiffs' counsel).

### 3. The UCL Claim Under the "Unfair" Prong Is Preempted

Finally, Plaintiffs' claim for "unfair business practices" under the UCL is preempted by the Copyright Act, as this Court previewed. MTD Order at 10 n.6; Am. Compl. ¶¶ 70–74. Section 301 of the Act preempts state-law claims if (1) the "subject matter" of the claim falls within the "subject matter of copyright as specified by [§] 102" of the Act and (2) if the rights asserted under state law are functionally "equivalent to" the rights in Section 106 of the Copyright Act. 17 U.S.C. § 301(a); *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017); *see also United States ex rel. Berge v. Bd. Of Tr. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997) ("[T]he shadow actually cast by the [Copyright] Act's preemption is notably broader than the wing of its protection."). Plaintiffs' "unfair" UCL claim satisfies both prongs and cannot survive preemption.

*Subject Matter of Copyright*. Like in the original Complaints, Plaintiffs' UCL claim is explicitly based on their "Infringed Works," which are books. *See* Am. Compl. ¶¶ 71 (UCL claim), 22 (defining "Infringed Works"). Books meet the definition of "literary works," which fall within the "subject matter of copyright" under Section 102. 17 U.S.C. § 101 (listing "books" as an example of "literary works"); § 102 (listing "literary works" as a category of the subject matter of copyright). Accordingly, the "subject matter" of the UCL claim falls within the "subject matter of copyright." *Id.* § 301(a). Plaintiffs have never disputed this point.

*Equivalent Rights*. To survive preemption under Section 301, a plaintiff must also show that the rights the state-law claim seeks to vindicate are "qualitatively different from" the rights protected by Section 106 of the Copyright Act. *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1143–44 (9th Cir. 2006). "The state right may be narrower, broader, or contain somewhat different elements, yet it will still be preempted if its essence is the same as the federal right." 6 PATRY ON COPYRIGHT § 18:16 (Mar. 2024 update).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

Plaintiffs' UCL claim is qualitatively indistinguishable from their direct copyright infringement claim. The essence of the UCL claim, in Plaintiffs' own words, is OpenAI's "us[e] [of] Plaintiffs' Infringed Works to train ChatGPT." Am. Compl. ¶ 71. According to Plaintiffs, this "use" occurs when OpenAI "cop[ies] . . . text" from their books in order to "extract[] expressive information" from them. Am. Compl. ¶ 33. But the right to control the "cop[ying]…[of] text" and "extract[ion] [of] expressive information" from copyrighted works, *see* Am. Compl. ¶ 33, is equivalent to the right to control reproduction of those works, *see* 17 U.S.C. § 106(1), regardless of whether that copying is labeled a "use."

Indeed, the factual bases of the two claims are indistinguishable. The basis of Plaintiffs' UCL claim is the creation of "reproductions" of Plaintiffs' books and use of those "unauthorized copies" to create a language model. *See* Am. Compl. ¶¶ 73–74. Those are the same allegations that supply the factual basis for Plaintiffs' copyright claim. *See id.* ¶¶ 65–66 (alleging that OpenAI "made copies of Plaintiffs' books" to use "during the training process"); *see also id.* ¶ 68 (alleging, in copyright claim, that creation of a language model based on books violates the 17 U.S.C. § 106(2) right to prepare "derivative works"), *id.* ¶ 73 (alleging, in UCL claim, that creation of a "commercial product based on . . . stolen writings and ideas" is "unfair").

In other words, the "underlying nature of [the] state law claim[]" is identical to Plaintiffs' copyright claim, which renders the state-law claim subject to preemption. *See Laws*, 448 F.3d at 1144 (finding plaintiff's UCL claim preempted because the "alleged misappropriation by the defendants [] are part and parcel of the copyright claim"); *Kodadek*, 152 F.3d 1209, 1213 (finding plaintiff's UCL claim preempted where it was "based solely on rights equivalent to those protected by the federal copyright laws"). In a similar case involving OpenAI's alleged "use" of plaintiffs' source code to train large language models, this Court has held on two separate occasions that claims "principally concern[ing] the unauthorized reproduction of [plaintiffs' works] to prepare derivative works—not the unlawful use of an end-product or output . . . fall under the purview of the Copyright Act." *GitHub, Inc.*, 2024 WL 235217 at *7-8 (finding state law claims preempted); *GitHub, Inc.*, 672 F. Supp. 3d 837, 857 (same). Accordingly, Plaintiffs' UCL claim, which fundamentally concerns the rights of reproduction and preparation of derivative works of

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

1  Plaintiffs' copyrighted works, also fails.

2    **B.**  **The Dismissal Should Be With Prejudice**

3    "[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny [further] leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). Here, Plaintiffs have made no attempt to supply the Court with additional allegations that could support a UCL claim under that law's "unlawful" and "fraudulent" prongs. *See supra*. Instead, Plaintiffs simply reassert the "same theor[ies]" and allegations that this Court (and multiple others in this district) have already rejected. *Welgus v. TriNet Grp., Inc.*, No. 15-cv-03625, 2017 WL 6466264, at *6 (N.D. Cal. Dec. 18, 2017) (dismissing with prejudice), *aff'd*, 765 Fed. App'x 239 (9th Cir. 2019); MTD Order at 8–9. That is grounds for dismissal with prejudice.

  As to Plaintiffs' claim under the UCL's "unfair" prong, "dismissal [] without leave to amend" is appropriate because the claim's defect "lies in the legal theory, not the factual allegations." *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022). Courts routinely dismiss such claims with prejudice after finding that a plaintiff cannot simply plead around Copyright Act preemption. *See, e.g.*, *Young Money Entertainment, LLC v. Digerati Holdings, LLC*, No. 12-cv-07663, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012) (dismissing UCL claim with prejudice because "the First Amended Complaint expressly bases the claims on equivalent rights granted by the Copyright Act" such that "any attempt to amend the UCL claim to avoid preemption would be futile"); *Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*, No. 14-cv-3448, 2015 WL 12746228, at *7 (C.D. Cal. Apr. 14, 2015) (finding that "unfair competition claim" is "premised on use of [plaintiff's] copyrighted work" and dismissing with prejudice because "amendment would be futile"). That is particularly appropriate here, where Plaintiffs were aware that their claim "may be preempted by the Copyright Act," *see* MTD Order at 10 n.6, and nevertheless were unable to supplement their pleadings with any allegations that might remove the claim from the scope of preemption, *see generally* Am. Compl.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

## V. CONCLUSION

For the foregoing reasons, OpenAI requests dismissal of Count II of the First Consolidated Amended Complaint with prejudice.

Dated: March 27, 2024

Respectfully submitted,

By: */s/ Joseph C. Gratz*

Joseph C. Gratz (SBN 240676)
 *jgratz@mofo.com*
Tiffany Cheung (SBN 211497)
 *tcheung@mofo.com*
Joyce C. Li (SBN 323820)
 *joyceli@mofo.com*
Melody Ellen Wong (SBN 341494)
 *melodywong@mofo.com*
Vera Ranieri (SBN 271594)
 *vranieri@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
 *abennett@mofo.com*
Rose S. Lee (SBN 294658)
 *roselee@mofo.com*
Alexandra Marie Ward (SBN 318042)
 *alexandraward@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

Max I. Levy (SBN 346289)
 *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650.813.5600

Eric K. Nikolaides (*pro hac vice*)
 *enikolaides@mofo.com*
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000

By: */s/ Andrew M. Gass*

LATHAM & WATKINS LLP
Andrew M. Gass (SBN 259694)
 *andrew.gass@lw.com*
Joseph R. Wetzel (SBN 238008)

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

*joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
*sy.damle@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
*alli.stillman@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

*Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

## **ATTESTATION**

I, Andrew M. Gass, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in its filing.

Dated: March 27, 2024                                    */s/ Andrew M. Gass*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANTS' MOTION TO DISMISS FIRST
CONSOLIDATED AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO