Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:             jsaveri@saverilawfirm.com
                      czirpoli@saverilawfirm.com
                      cyoung@saverilawfirm.com
                      wcastillo@saverilawfirm.com
                      hbenon@saverilawfirm.com
                      acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:           mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   (215) 864-2800
Email:           bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT** |

## I.  INTRODUCTION

Defendants' Motion to Dismiss amounts to a belated attempt to raise arguments that Defendants did not, but should have, raised in their previous motion to dismiss. Defendants should not be permitted to take a second bite of the apple after they failed to set forth arguments that were fully available to them when they moved to dismiss the original complaints filed in this action. Defendants fail to explain why they did not raise this issue when they should have, and Plaintiffs are prejudiced from now having to litigate yet another motion to dismiss, especially when discovery has begun. Indeed, this is expressly prohibited under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. Rule 12(g)(2). Defendants' tardy motion should be rejected for this reason alone.

On the merits, the Copyright Act does not preempt the Plaintiffs' California Unfair Competition Law claim, because that claim is based on theories of unfair competition that do not fall under the subject matter of the Copyright Act. Critically, Plaintiffs' UCL claim is based not solely on Defendants' use of their works to train and create their generative AI models, but also on the models' distortion of the marketplace in which Plaintiffs and Class members compete. Plaintiffs are creators of written works. Defendants' models, designed to generate written language (which were created and trained using misappropriated copies of Plaintiffs' works), confers unfair advantages in the marketplace, detrimental to both consumers and law-abiding competitors, which the California legislature sought to eliminate.

Accordingly, as detailed below, Defendants' Motion should be rejected.

## II.  FACTUAL BACKGROUND

On June 28, 2023, Plaintiff Paul Tremblay filed a class action complaint ("Original *Tremblay* Complaint") against OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, L.L.C. (collectively, "Defendants"). ECF No. 1. The Original Complaint asserted claims for: (1) Direct Copyright Infringement; (2) Vicarious Copyright Infringement; (3) Violation of the Digital Millenium Copyright Act ("DMCA"); (4) Unfair Competition (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) ("UCL Claim"); (5) Negligence; and (6) Unjust Enrichment. *See generally id.* Next, on July 7, 2023, Plaintiffs Sarah Silverman, Christopher Golden, and Richard Kadrey filed their complaint, alleging similar claims

on behalf of an identical class of plaintiffs ("Original *Silverman* Complaint"). *Silverman* Action, ECF No. 1.

On August 28, 2023, Defendants filed separate Motions to Dismiss[1] all causes of action alleged in the *Tremblay* Complaint and in the *Silverman* Complaint, except the claims for direct copyright infringement asserted in those actions. *See* ECF No. 33; *Silverman* Action, ECF No. 32. As relevant here, Defendants devoted several pages of argument as to why Plaintiffs' UCL Claim should be dismissed. *See id.* at **18-20. Specifically, Defendants argued the UCL Claim fails because: (1) Plaintiffs failed to plead DMCA claims; (2) Plaintiffs did not allege an economic injury flowing directly from the alleged DMCA violations; and (3) Plaintiffs did not allege an adequate remedy under the UCL. *See id.* Nowhere in their Motion to Dismiss the Original Complaint did Defendants raise preemption vis-à-vis the UCL Claim.[2]

On September 8, 2023, Plaintiffs Michael Chabon, David Henry Hwang, Matthew Klam, Rachel Louise Snyder, and Ayelet Waldman filed their complaint captioned *Chabon v. OpenAI, Inc. et al.*, Case No. 23-cv-04625- CRB on behalf of an identical proposed class of plaintiffs. On October 5, 2023, the *Chabon* Plaintiffs filed their First Amended Class Action Complaint, adding Laura Lippman, Jacqueline Woodson, Andrew Sean Greer, Ta-Nehisi Coates, and Junot Díaz as additional Plaintiffs. These actions have now been related and consolidated under the master caption, *In re OpenAI ChatGPT Litigation*. ECF Nos. 26, 53, 74.

On February 12, 2024, the Court granted in part and denied in part the Motions to Dismiss. ECF No. 104. In relevant part, the Court allowed the "unlawful" portion of Plaintiffs' UCL Claim to proceed, reasoning "[a]ssuming the truth of Plaintiffs' allegations . . . the Court concludes that Defendants' conduct may constitute an unfair practice" and that California courts have defined "unfair" broadly. *Id.*

On March 13, 2024, Plaintiffs filed the First Consolidated Amended Complaint (ECF 120, the "FCAC"), alleging causes of action for (1) Direct Copyright Infringement; and (2) Unfair Competition

---

[1] The two motions to dismiss are virtually identical in substance.

[2] Curiously, Defendants *did* raise preemption as respects Plaintiffs' claims for negligence and unjust enrichment. *See* ECF No. 33 at **22-24.

(Cal. Bus. & Prof. Code §§ 17200, *et seq.*). Defendants filed a Motion to Dismiss the FCAC on March 27, 2024. Defendants' Motion only seeks to dismiss the outstanding UCL claim on the grounds that it is preempted by the Copyright Act.

## III. ARGUMENT

### A. Defendants' Belated Argument Should Be Rejected Under Federal Rule of Civil Procedure 12(g)(2)

Defendants could have raised their preemption argument before when they challenged Plaintiffs' initial complaint—indeed, the nexus of facts underlying Plaintiffs' UCL Claim remain the same. Defendants should not be permitted to take a second bite at the apple after they failed to set forth preemption arguments in their earlier motion to dismiss.

The Rule is clear. Under Federal Rule of Civil Procedure 12(g)(2), a party that makes a "motion under [Rule 12(b)] "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); *see also In re Apple iPhone Antitrust Litig.*, 318 (9th Cir. 2017) ("Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)" although "the defense may be asserted in other ways."). The later-asserted defense is barred where it is "omitt[ed] from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). As the single exception to Rule 12, "a party may subsequently raise the foreclosed issue in a post-answer motion under Rule 12(c); otherwise, the party may validly raise the issue in a pleading under Rule 7 . . . or at trial." *In re Packaged Seafood Prods. Antitrust Litig.*, 277 F. Supp. 3d 1167, 1174 (S.D. Cal. 2017) (quoting *Apple iPhone*, 846 F.3d at 318) (internal quotations omitted). District courts assiduously enforce the Rule where there would be prejudice to plaintiffs in allowing a defendant to seek dismissal of claims on grounds that could have been brought through an earlier motion. *See, e.g., Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2019 WL 452039, at *8 (N.D. Cal. Feb. 5, 2019) (explaining courts have the discretion to consider successive Rule 12(b)(6) motions if the motion does not prejudice the plaintiff and expedites resolution of the case.").

Rule 12(g)(2) is designed to guard against what Defendants seek to do here: "repetitive motion practice, delay, [or] ambush tactics." *In re Packaged Seafood Prods.*, 277 F. Supp. 3d at 1174. Allowing

Defendants to seek dismissal of the UCL Claim on grounds that could have, and should have, been brought through its first motion to dismiss would prejudice Plaintiffs and cause unnecessary expenditure of precious judicial resources. *See, e.g., Harell*, 2019 WL 452039, at *8. Indeed, this is Defendants' second motion to dismiss in this action, though it is their first time raising a preemption argument with respect to the UCL Claim. *Compare* ECF No. 33, *with* ECF No. 122. Defendants seek to dismiss the UCL Claim asserted in the FCAC, which contains the same nexus of facts as to the UCL Claim asserted in the Original Complaint. *Compare* ECF No. 1, ¶¶ 68-72, *with* ECF No. 120, ¶¶ 70-74. In the prior go-around, Defendants moved to dismiss the UCL Claim based solely on the UCL's "unlawful" prong. ECF No. 33 at *19.[3] Defendants failed to raise preemption as respects the UCL Claim until now.[4] But nothing prohibited Defendants from so arguing prior, and Defendants do not contend they were. The Rule is written to prevent successive attacks on the pleadings. In particular, Defendants are not permitted to await the results of their first motion to dismiss only to then file another Rule 12 motion seeking to dismiss based on another ground that was previously available to them. *See Bush v. Liberty Life Assurance Co. of Bos.*, 130 F. Supp. 3d 1320, 1326 (N.D. Cal. 2015) (denying motion to dismiss under Rule 12(g)(2) because "perhaps [defendant] strategically chose to first await the result of [Plaintiffs'] efforts. Such an approach needlessly complicated the pleading stage of this case."); *see also* Fed. R. Civ. P. 12(g). At this point, the pleadings are closed, and Defendants may request an order of the Court as set forth in Rule 7(a). *See Parker v. United States*, 110 F.3d 678, 682 (1997) (distinguishing pleadings and motions for summary judgment).

Defendants have provided no explanation as to their tardiness in raising their preemption argument when the defense was available to it before. The prejudice to Plaintiffs is apparent—significant time has passed, and discovery is well underway. The litigation has already been delayed significantly while Rule 12 motions were briefed and argued. Rather than address belated attacks on the pleadings, the parties should focus their energies on fact discovery and preparation of the case for trial, given the looming fact-discovery deadline of October 29, 2024. This is precisely what Rule 12(g)(2) is designed to

---

[3] Page numbers referenced herein refer to the page number located at the bottom of the page.

[4] The Court remarked on Defendants' failure to raise preemption in their first attempt to dismiss the UCL Claim. *See* ECF No. 104 at *10, n.6 ("As OpenAI does not raise preemption, the Court does not consider it.").

address. *In re Packaged Seafood Prods.*, 277 F. Supp. 3d at 1174. Defendants should not be rewarded for their delay in advancing a preemption argument that should have been made in their first motion to dismiss, filed more than seven months ago. To the extent Defendants intend to pursue this defense, they can do so under other procedures available to them under the Federal Rules or at trial. *See Mario V. v. Armenta*, 2019 WL 8137140, at *2 (N.D. Cal. Apr. 17, 2019) (denying successive motion to dismiss where "Defendants have not offered any explanation as to why they failed to raise their current failure-to-state-a-claim defenses in their first motions to dismiss, or why Plaintiffs should be prejudiced by potential delay in litigating those defenses at this late date.").

### B. Plaintiffs' UCL Claim is Not Preempted by the Copyright Act Because it is Based on a Theory of Unfair Competition that Falls Outside the Scope of the Copyright Act

Plaintiffs' UCL Claim is based on Defendants' unfair conduct, falling outside the subject matter of copyright. In essence, Defendants have acted unfairly, distorting the marketplace for literary content in a way that unfairly disadvantages Plaintiffs' ability to compete within that marketplace. As alleged, rather than obtain licenses for the training data used to build their products, Defendants copied infringing copyrighted works without consent, compensation or credit to the creators and original owners. FCAC, ¶ 34. By avoiding licensing fees, Defendants developed their models at a lower cost, which in turn, allows Defendants to market their products at artificially deflated prices for consumers. Those products have the ability to "emit convincing simulations of natural written language as it appears in the training dataset." FCAC, ¶ 33. Ultimately, by their scheme, Defendants unfairly created a new wellspring of literary content they seek to control, promote, market and sell that directly competes with human content creators such as Plaintiffs and the proposed Class of authors. As a result, Plaintiffs and the Class have suffered economic harm in the form of lost revenue.

Defendants' conduct amounts to unfair competition under California's broad unfair competition law ("UCL"), which protects entities and individuals like Plaintiffs by preserving "fair" business competition. "Unfair competition in California is 'any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising.' California Business and Professions Code § 17200." *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F. Supp. 3d 1105, 1119 (N.D. Cal. 2014).

1    Indeed, this Court acknowledged that the statutory scheme provided by the California legislature when it passed the UCL "is intentionally broad to give the court maximum discretion to control whatever new schemes may be contrived, even though they are not yet forbidden by law." ECF No. 104 (citing *People ex rel. Renne v. Servantes*, 86 Cal. App. 4th 1081, 1095 (2001)). This is in line with the California Supreme Court, which has held that the UCL is both expansive and sweeping:

> [California's] unfair competition law's scope is broad. Unlike the [California] Unfair Practices Act, it does not proscribe specific practices. Rather, . . . it defines 'unfair competition' to include 'any unlawful, unfair or fraudulent business act or practice.' ([Cal. Bus. & Prof. Code] § 17200.) Its coverage is 'sweeping, embracing anything that can properly be called a business practice and that at the same time is forbidden by law.'. . . It governs 'anti-competitive business practices' as well as injuries to consumers, and has as a major purpose the preservation of fair business competition.

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (internal quotations omitted).

Here, Plaintiffs' theory of unfair competition falls within the broad coverage of California's UCL. In the FCAC, Plaintiffs alleged that "Defendants engaged in unfair business practices by, **among other things**, using Plaintiffs' Infringed Works to train ChatGPT without permission from Plaintiffs or Class members." FCAC, ¶ 71 (emphasis added). In addition to the fact that Plaintiffs' works were used to train ChatGPT, Defendants have unfairly created a source of content generation that unfairly competes with the legal marketplace for Plaintiffs' services and works. This asserts a claim that falls outside the subject matter of the Copyright Act.

Plaintiffs' UCL Claim is not preempted by the Copyright Act. The Ninth Circuit applies a two-part test to determine whether the Copyright Act preempts state law claims. *Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837 (N.D. Cal. 2023). The court first ascertains "whether the subject matter of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017) (internal quotations omitted). If it does, the court then determines whether the state law asserts equivalent rights to those asserted in the Copyright Act or "[i]f [the] state law claim includes an extra element that makes the right asserted qualitatively different from those protected under the Copyright Act." *Id.*; *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089

(9th Cir. 2005). If the court finds the latter is true, then the Copyright Act does not preempt the state law claim.

The UCL Claim is not preempted by state law because it is not merely based on the use of Plaintiffs' works to train and create ChatGPT and the GPT models that underlie it, but is also based on the claim that Defendants have unfairly created a commercial product, making available a source of content generation that distorts the legal marketplace in which Plaintiffs and Class members compete. Plaintiffs and Class members are all creators of written works, as is ChatGPT. There is a commercial market for such content, largely created by the authors of written work and their customers, where content is bought and sold. It is the distortion of that market that underlies Plaintiffs' UCL claims. These anticompetitive actions fall squarely within the UCL's ambit, and outside of the Copyright Act. *Cf. Nia v. Bank of Am., N.A.*, No. 21-cv-1799-BAS-BGS, 2024 WL 1298004, at *23 (S.D. Cal. Mar. 26, 2024) (denying preemption under national security sanctions regimes because "the UCL exists to 'discourage business practices that confer unfair advantages in the marketplace to the detriment of both consumers and law-abiding competitors.'") (citing *Rose v. Bank of Am., N.A.*, 57 Cal.4th 390, 397 (2013)).

Accordingly, Plaintiffs allege a theory of unfair competition that is not preempted by the Copyright Act. To the extent the factual predicate for Plaintiffs' theory of unfair competition is not adequately addressed by the allegations as pled, it should be noted that leave to amend is freely granted by courts in this district where the claim could be cured by additional factual allegations. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Because Defendants have not challenged these allegations before, Plaintiffs would seek leave to amend were the Court to allow the motion to proceed and conclude these allegations insufficient.

**IV.   CONCLUSION**

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss. In the alternative, should the Court grant Defendants' Motion, Plaintiffs should be given leave to amend.

| | | |
|---|---|---|
| Dated: April 10, 2024 | By: | /s/ Joseph R. Saveri |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     cyoung@saverilawfirm.com
                     wcastillo@saverilawfirm.com
                     hbenon@saverilawfirm.com
                     acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:          mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   215-864-2800
Email:          bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   312-782-4880
Email:          asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*