| | |
|---|---|
| **MORRISON & FOERSTER LLP** <br> Joseph C. Gratz (SBN 240676) <br> *jgratz@mofo.com* <br> Tiffany Cheung (SBN 211497) <br> *tcheung@mofo.com* <br> Joyce C. Li (SBN 323820) <br> *joyceli@mofo.com* <br> Melody Ellen Wong (SBN 341494) <br> *melodywong@mofo.com* <br> Vera Ranieri (SBN 271594) <br> *vranieri@mofo.com* <br> 425 Market Street <br> San Francisco, CA 94105 <br> Telephone: 415.258.7522 <br><br> Allyson R. Bennett (SBN 302090) <br> *abennett@mofo.com* <br> Rose S. Lee (SBN 294658) <br> *roselee@mofo.com* <br> Alexandra Marie Ward (SBN 318042) <br> *alexandraward@mofo.com* <br> 707 Wilshire Boulevard, Suite 6000 <br> Los Angeles, CA 90017-3543 <br> Telephone: 213.892.5454 <br><br> [CAPTION CONTINUED ON NEXT PAGE] | **LATHAM & WATKINS LLP** <br> Andrew M. Gass (SBN 259694) <br> *andrew.gass@lw.com* <br> Joseph R. Wetzel (SBN 238008) <br> *joseph.wetzel@lw.com* <br> 505 Montgomery Street, Suite 2000 <br> San Francisco, CA 94111 <br> Telephone: 415.391.0600 <br><br> Sarang V. Damle (*pro hac vice*) <br> *sy.damle@lw.com* <br> 555 Eleventh Street, NW, Suite 1000 <br> Washington, D.C. 20004 <br> Telephone: 202.637.2200 <br><br> Allison L. Stillman (*pro hac vice*) <br> *alli.stillman@lw.com* <br> 1271 Avenue of the Americas <br> New York, NY 10020 <br> Telephone: 212.751.4864 <br><br><br> *Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION <br><br> This Document Relates To: <br><br> Case No. 3:23-cv-03223-AMO <br> Case No. 3:23-cv-03416-AMO <br> Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO <br><br> **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FIRST CONSOLIDATED AMENDED COMPLAINT** <br><br> Date: August 1, 2024 <br> Time: 2:00 pm <br> Place: Courtroom 10 - 19th Floor <br> Before: Hon. Araceli Martínez-Olguín |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

1  Max I. Levy (SBN 346289)
    *mlevy@mofo.com*
2  755 Page Mill Road
   Palo Alto, CA 94304-1018
3  Telephone: 650.813.5600

4  Eric K. Nikolaides (*pro hac vice*)
    *enikolaides@mofo.com*
5  250 West 55th Street
   New York, NY 10019-9601
6  Telephone: 212.468.8000

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

## TABLE OF CONTENTS

I. INTRODUCTION ........ 1
II. ARGUMENT ........ 2
A. OpenAI Had No Reason To Raise Preemption Earlier In The Case ........ 2
B. Rule 12(g) Does Not Preclude Considering OpenAI's Preemption Defense ........ 4
C. Plaintiffs' UCL Claim Is Preempted ........ 6
D. The Dismissal Should Be With Prejudice ........ 8
III. CONCLUSION ........ 8

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
 No. 10-cv-05696, 2011 WL 2690437 (N.D. Cal. July 8, 2011) ..............................................5

*Banko v. Apple, Inc.*,
 No. 13-cv-02977, 2013 WL 6623913 (N.D. Cal. Dec. 16, 2013)...........................................5

*Barbera v. WMC Mortgage Corp.*,
 No. 04-cv-03738, 2006 WL 167632 (N.D. Cal. Jan. 19, 2006)..............................................3

*Brown v. Van's Int'l Foods, Inc.*,
 No. 22-cv-00001, 2022 WL 1471454 (N.D. Cal. May 10, 2022)...........................................8

*Bush v. Liberty Life Assurance Co. of Boston*,
 130 F. Supp. 3d 1320 (N.D. Cal. 2015) ..................................................................................5

*Columbia Export Terminal, LLC v. ILWU-PMA Pension Fund*,
 No. 20-cv-08202, 2023 WL 3510377 (N.D. Cal. May 16, 2023)...........................................5

*Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*,
 No. 14-cv-03448, 2015 WL 12746228 (C.D. Cal. Apr. 14, 2015) ..........................................8

*Doe 1 v. GitHub, Inc.*,
 672 F. Supp. 3d 837 (N.D. Cal. 2023) ....................................................................................7

*Doe v. U.S.*,
 58 F.3d 494 (9th Cir. 1995) .....................................................................................................8

*Doody v. Penguin Group (USA) Inc.*,
 673 F. Supp. 2d 1144 (D. Haw. 2009) ....................................................................................6

*Evans v. Arizona Cardinals Football Club, LLC*,
 231 F. Supp. 3d 342 (N.D. Cal. 2017) ....................................................................................5

*Harrell v. City of Gilroy*,
 No. 17-cv-05204, 2019 WL 452039 (N.D. Cal. Feb. 5, 2019) ............................................4, 5

*In re Apple iPhone Antitrust Litigation*,
 846 F.3d 313 (9th Cir. 2017) .......................................................................................1, 2, 4, 5

*Kodadek v. MTV Networks, Inc.*,
 152 F.3d 1209 (9th Cir. 1998) .................................................................................................6

*Laws v. Sony Music Entertainment, Inc.*,
 448 F.3d 1134 (9th Cir. 2006) ..............................................................................................7, 8

*Maloney v. T3Media, Inc.*,
 853 F.3d 1004 (9th Cir. 2017) .................................................................................................6

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ii

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

*Mario V. v. Henry Armenta*,
 No. 18-cv-00041, 2019 WL 8137140 (N.D. Cal. Apr. 17, 2019) ............................................... 5

*Media.net Advertising FZ-LLC v. NetSeer, Inc.*,
 156 F. Supp. 3d 1052 (N.D. Cal. 2016) .................................................................................. 6, 7

*Nia v. Bank of Am., N.A.*,
 No. 21-cv-01799, 2024 WL 1298004 (S.D. Cal. Mar. 26, 2024) ................................................ 7

*Rumble, Inc. v. Google LLC*,
 No. 21-cv-00229, 2022 WL 3018062 (N.D. Cal. July 29, 2022) ........................................... 3, 5

*Rutledge v. High Point Regional Health Sys.*,
 558 F. Supp. 2d 611 (M.D.N.C. 2008) ................................................................................. 2, 7

*Symantec Corp. v. Zscaler, Inc.*,
 No. 17-cv-04426, 2018 WL 1456678 (N.D. Cal. Mar. 23, 2018) ............................................. 5

*U.S. v. Sutter Health*,
 No. 14-cv-04100, 2021 WL 9182525 (N.D. Cal. Nov. 2, 2021) ............................................... 5

*Young Money Entertainment, LLC v. Digerati Holdings, LLC*,
 No. 12-cv-07663, 2012 WL 5571209 (C.D. Cal. Nov. 15, 2012) ............................................. 8

**STATUTES**

17 U.S.C. § 102 .................................................................................................................................. 6

17 U.S.C. § 103 .................................................................................................................................. 6

17 U.S.C. § 106 .................................................................................................................................. 6

17 U.S.C. § 301 .................................................................................................................................. 6

**RULES**

Fed. R. Civ. P. 7 ............................................................................................................................. 1, 4

Fed. R. Civ. P. 8 ................................................................................................................................ 2

Fed. R. Civ. P. 12 ............................................................................................................ 1, 2, 3, 4, 5

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

## I. INTRODUCTION

After bringing a UCL claim that the Court has expressly noted "may be preempted by the Copyright Act," Dkt. 104 ("Order") at 10 n. 6, Plaintiffs fail to provide any legitimate argument against preemption. Instead, they fault OpenAI for not raising the defense earlier—even though OpenAI would have had no reason to do so. In their original complaints, Plaintiffs pled a UCL claim based solely on the allegation that OpenAI's use of their books constituted an "unlawful business practice[]." Dkt. 1 ¶ 69 ("Defendants have engaged in unlawful business practices . . ."); *id.* ¶¶ 70–72 (same). After OpenAI moved to dismiss that "unlawful" claim, Plaintiffs attempted to amend their complaints via their opposition briefs by raising a new claim under the UCL's "unfair" prong. Dkt. 48 at 19. In its Order, the Court did not rule on whether such an amendment was proper, and instead sustained the claim while suggesting that it may be preempted by the Copyright Act. Order at 10 & n.6. Plaintiffs then finally amended their pleadings to add a claim for "unfair business practices" (words that do not appear in their original pleadings). Dkt. 120 ("Am. Compl.") ¶¶ 71–73. Now, Plaintiffs suggest that, under Rule 12(g), it is too late for OpenAI to raise the very preemption defense the Court raised in its Order. Dkt. 126 ("Opp.") at 3–5. That is absurd: Copyright Act preemption is a defense uniquely suited to Plaintiffs' newly alleged claim for "unfair business practices," and OpenAI would have had no reason to raise it in response to Plaintiffs' original pleadings, which included no such claim.

Plaintiffs' opposition also ignores the reasoning of the authorities it cites. Plaintiffs, for example, overlook language from their key case—*In re Apple iPhone Antitrust Litigation*—in which the Ninth Circuit endorsed a "very forgiving" approach to applying Rule 12(g), and encouraged district courts to consider arguments newly raised in subsequent Rule 12(b)(6) motions when doing so would "materially expedite[]" the resolution of a case. 846 F.3d 313, 318–20 (9th Cir. 2017) (upholding district court's consideration of argument first raised in 12(b)(6) motion filed in response to recent pleading amendment). Plaintiffs also suggest that OpenAI must re-raise the preemption issue in a "pleading under Rule 7" or "post-answer motion under Rule 12(c)," *see* Opp. at 3, but ignore the Ninth Circuit's instruction that forcing a defendant to do so in these circumstances would serve "no apparent purpose" and "substantially delay[]" the court's

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

consideration of the legal merits of a dispositive defense, *In re Apple*, 846 F.3d at 320. Put simply, Plaintiffs present no reason why this Court should withhold consideration of preemption here.

Nor do Plaintiffs adequately rebut this Court's observation that their "unfair" prong claim "may be preempted by the Copyright Act." Order at 10 n.6. They do not contest that their "unfair" claim is based on the same alleged conduct as their copyright claim, *i.e.*, the alleged use of their books to train ChatGPT. Instead, their argument appears to be that the UCL claim is different because it targets the *effects* of that conduct—for example, because ChatGPT allegedly "distorts the legal marketplace" for written works. Opp. at 7. But to overcome Copyright Act preemption, Plaintiffs must point to "other allegation[s] of wrongdoing" separate from the alleged copyright violation: allegations about consequences "flowing naturally from the copyright infringement itself" do not suffice. *Rutledge v. High Point Regional Health Sys.*, 558 F. Supp. 2d 611, 622, 624 (M.D.N.C. 2008) (dismissing state law claims with prejudice). Plaintiffs do not offer a single case that suggests otherwise. The Court should dismiss the UCL claim with prejudice.

## II. ARGUMENT

### A. OpenAI Had No Reason To Raise Preemption Earlier In The Case

Plaintiffs' lead argument in opposition to this Motion is that Rule 12(g) "prohibit[s]" the Court from considering the preemption issue because OpenAI "did not raise" it in its first motion to dismiss. Opp. at 1. But Plaintiffs ignore the fact that their original pleadings did not allege an "unfair" UCL claim, which is precisely why OpenAI's responsive motions did not present argument as to why such a claim would be preempted. Unlike Plaintiffs' *second* complaint, which repeats the phrase "unfair business practices" multiple times, *see* Am. Compl. ¶¶ 71–73, Plaintiffs' *first* complaints referred only to "unlawful business practices," *see* Dkt. 1 ¶¶ 69–72. Indeed, OpenAI explained this in its opening brief on this Motion. *See* Dkt. 122 ("Mot.") at 2 (arguing that the original UCL claim was "based entirely" on the UCL's "unlawful" prong). And, notably, Plaintiffs' recent Opposition does not dispute the issue or otherwise point to anything in their original complaints that could conceivably qualify as asserting a claim for "unfair business practices." *Cf.* Fed. R. Civ. P. 8(a)(2) (requiring "short and plain statement of the claim").

Because Plaintiffs' original complaints did not assert a claim under the UCL's "unfair"

prong, OpenAI had no reason to believe that Plaintiffs intended to assert such a claim in those pleadings, and therefore did not address that prong in its motions seeking its dismissal. *See* Dkt. 33. Instead, OpenAI limited its arguments to the claim that Plaintiffs' *did* plead, *i.e.*, that OpenAI engaged in "unlawful businesses practices . . . by violating the DMCA." Dkt. 1 ¶¶ 70. While that claim suffered from a number of flaws, *see* Order at 8–9, it was less susceptible to Copyright Act preemption. For that reason, while OpenAI took care to note that a UCL claim would be preempted by the Copyright Act if predicated on a copyright violation, *see* Dkt. 33 at 19 n.11, OpenAI did not assert preemption as to the DMCA-based "unlawful" claim alleged in the original complaints.

In fact, the first time Plaintiffs even *mentioned* the UCL's "unfair" prong in this case was in their opposition to OpenAI's first motion to dismiss. Dkt. 48 at 19 (claiming that "OpenAI's conduct violated the 'unfair' prong" of the UCL, but citing allegations about "unlawful business practices"). That was improper: it is "axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Barbera v. WMC Mortgage Corp.*, No. 04-cv-03738, 2006 WL 167632, at *2 n.4 (N.D. Cal. Jan. 19, 2006). OpenAI said as much in its reply brief. Dkt. 54 at 11. The Court did not rule on that issue, and instead sustained the claim—while "not[ing] the possibility" that such an "unfair" prong claim "may be preempted by the Copyright Act." Order at 10 & n.6.

This issue, in other words, is entirely of Plaintiffs' own making. If it was Plaintiffs' intention to assert a claim under the UCL's "unfair" prong in their original complaints, they were more than capable of doing so. Instead, the Amended Complaint is the first pleading which included a "short and plain statement" as to a claim under the UCL's "unfair" prong. *Compare* Dkt. 1 ¶¶ 70–72, *with* Am. Compl. ¶¶ 71–73. That is why OpenAI has now (and only now) addressed the preemption issue as it relates to that specific claim. *See Rumble, Inc. v. Google LLC*, No. 21-cv-00229, 2022 WL 3018062, at *3 n.3 (N.D. Cal. July 29, 2022) (rejecting plaintiff's contention that defendant's motion to dismiss is procedurally improper under Rule 12(g)(2) because "the allegations in the original complaint were insufficient to place Defendant on notice of the additional theories described in the new allegations it seeks to dismiss"). The defense raised in OpenAI's pending Motion—that the Copyright Act preempts Plaintiffs' newly alleged UCL

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

"unfair" prong claim—was thus not "available to [OpenAI] but omitted from its earlier motion[s]," *see* Fed. R. Civ. P. 12(g)(2), because that claim was not actually alleged in the pleadings to which those motions responded. Rule 12(g), therefore, does not apply at all.

### B. Rule 12(g) Does Not Preclude Considering OpenAI's Preemption Defense

Separately, Rule 12(g), even if applicable, would not be a sufficient basis for denying OpenAI's motion. While Rule 12(g) states that a party "must not make another motion raising a defense or objection that was available to the party but omitted from its earlier motion," *see* Fed. R. Civ. P. 12(g)(2), Plaintiffs' own authorities state that Rule 12(g) does not bar consideration of a motion if such consideration "does not prejudice the plaintiff" and "expedites resolution of the case." *Harrell v. City of Gilroy*, No. 17-cv-05204, 2019 WL 452039, at *8 (N.D. Cal. Feb. 5, 2019) (citing *In re Apple*, 846 F.3d at 320). It is not, in other words, an outright "prohibit[ion]" on raising new arguments in a successive motion to dismiss. *Contra* Opp. at 1. Instead, as the Ninth Circuit explained in *In re Apple*, it is a pragmatic rule that encourages defendants to raise defenses as soon as they are available—but should not be strictly applied where doing so would cause "unnecessary and costly delays." 846 F.3d at 318–19.

Plaintiffs' invocation of the rule ignores these authorities. According to Plaintiffs, Rule 12(g) requires this Court to deny OpenAI's instant motion and force OpenAI to raise the same exact preemption argument through a different procedural vehicle: *i.e.*, a pleading under Rule 7 (*i.e.*, an answer), a post-answer motion for judgement on the pleadings under Rule 12(c), or both. *See* Opp. at 3–5. Plaintiffs, however, make no attempt to explain how such a convoluted procedure would promote judicial economy—nor do they explain why they would suffer any prejudice if the court were to consider the issue now. While Plaintiffs cite *In re Apple* repeatedly, *see, e.g.*, Opp. at 3, they conveniently ignore that the Ninth Circuit in that case *upheld* a district court's consideration of a successive motion to dismiss against a Rule 12(g) challenge, after finding **(1)** that the motion "may not have been late-filed within the meaning of Rule 12(g)(2)" because it was raised in response to subsequent developments; **(2)** that there was "no harm to Plaintiffs" in considering the motion; and **(3)** that forcing the defendants to re-raise the same arguments through another procedural vehicle would have "substantially delayed resolution" of the issue "for no

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

apparent purpose." 846 F.3d at 319–20. So too here: **(1)** OpenAI's Motion was a response to subsequent developments, *i.e.*, Plaintiffs' decision to amend their pleadings to add an "unfair" UCL claim; **(2)** Plaintiffs have made no attempt to explain how they would be harmed or prejudiced by the Court's consideration of the preemption issue at this stage; and **(3)** forcing OpenAI to re-raise the same argument in an answer or a motion under Rule 12(c) would serve "no apparent purpose" other than needless delay. *See id*. Courts in this district routinely decline to apply Rule 12(g) in similar circumstances.[1]

Plaintiffs' other authorities do not suggest otherwise. Each involved defendants who, unlike OpenAI, had every reason to raise an argument earlier in response to a ripe claim—but chose not to, either for strategically abusive reasons or for no reason at all. In *Harrell*, the defendants inexplicably failed to raise arguments on two separate occasions, despite the fact that a separate set of defendants (represented by the same counsel) had filed earlier motions to dismiss the same claims. 2019 WL 452039, at *8–9. The defendant in *Mario V. v. Henry Armenta* similarly failed to "offer[] any explanation as to why they failed to raise their [] failure-to-state-a-claim defenses in their first motions to dismiss," which was dispositive in light of the court's finding that those arguments "could have . . . been litigated then." No. 18-cv-00041, 2019 WL 8137140, at *2 (N.D. Cal. Apr. 17, 2019). And the defendant in *Bush v. Liberty Life Assurance Co. of Boston* was barred from raising a defense after it had "strategically chose[n] to first await the result of [its co-defendant's] efforts," which "needlessly complicated the pleading stage of th[e] case." 130 F. Supp. 3d 1320, 1326 (N.D. Cal. 2015). None of those cases is apposite here, where OpenAI had no reason to raise the preemption issue until Plaintiffs filed the amended

---

[1] *See Symantec Corp. v. Zscaler, Inc.*, No. 17-cv-04426, 2018 WL 1456678, at *2 (N.D. Cal. Mar. 23, 2018) (Tigar, J.) (adopting Ninth Circuit's "flexible and efficiency-oriented view of a district court's ability to review arguments offered for the first time in a second motion to dismiss"); *Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. 10-cv-05696, 2011 WL 2690437, at *2 n.1 (N.D. Cal. July 8, 2011) (Breyer, J.) (noting that Defendants "are entitled to raise [new] defenses even if they already filed a motion to dismiss"); *Columbia Export Terminal, LLC v. ILWU-PMA Pension Fund*, No. 20-cv-08202, 2023 WL 3510377, at *3 (N.D. Cal. May 16, 2023) (White, J.) (concluding that "resolving the motion would facilitate judicial economy and efficiency"); *Rumble, Inc*, 2022 WL 3018062, at *3 n.3 (Gilliam, J.) (exercising discretion to consider motion in the "interest of judicial economy"); *Evans v. Arizona Cardinals Football Club, LLC*, 231 F. Supp. 3d 342, 351 (N.D. Cal. 2017) (Alsup, J.) (same); *Banko v. Apple, Inc.*, No. 13-cv-02977, 2013 WL 6623913, at *2 (N.D. Cal. Dec. 16, 2013) (Seeborg, J.) (same); *U.S. v. Sutter Health*, No. 14-cv-04100, 2021 WL 9182525, at *3 (N.D. Cal. Nov. 2, 2021) (Westmore, M.J.) (same).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

pleadings to which this Motion responds.

### C. Plaintiffs' UCL Claim Is Preempted

Plaintiffs' Opposition also fails to rebut this Court's observation that an "unfair" UCL claim "may be preempted by the Copyright Act." Order at 10 n.6. Plaintiffs do not meaningfully dispute that their claim is based on the same allegations that underlie their copyright infringement claim, *i.e.*, their allegation that OpenAI "copied infringing copyrighted works without consent" in order to train its AI models. Opp. at 5; *see also id.* at 7 (admitting that the UCL claim is "based on the use of Plaintiffs' works to train and create ChatGPT and the GPT models that underlie it").

Instead, Plaintiffs attempt to resist preemption by raising two inapposite arguments. First, they repeatedly note that California's UCL is a "broad" law. Opp. at 5–6 (citing California courts' general descriptions of the "sweeping" coverage of the UCL). But Plaintiffs make no attempt to explain how the breadth of a state statute has any relevance to whether their claim asserts rights "equivalent to" the rights "within the general scope of copyright as specified by section 106" of the Copyright Act, or whether it seeks rights in a work "within the subject matter of copyright as specified by sections 102 and 103" of the Act. 17 U.S.C. § 301(a) (defining the contours of preemption).[2] Indeed, numerous courts—including the Ninth Circuit—have found similar UCL claims preempted without any discussion of the UCL's supposed breadth. *See Maloney*, 853 F.3d 1004, 1020 (UCL claim preempted); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212–13 (9th Cir. 1998) (same); *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1074–75 (N.D. Cal. 2016) (same). OpenAI cited some of these authorities in its Motion, *see* Mot. at 6 (citing *Kodadek*), and Plaintiffs simply ignored them.

Second, Plaintiffs point to alleged downstream harms they claim to suffer as a result of the

---

[2] In passing, Plaintiffs suggest for the first time that the UCL claim falls outside the "subject matter of copyright," *see* 17 U.S.C. § 301(a), because it is "based on theories of unfair competition," *see* Opp. at 1. This misunderstands the nature of the "subject matter" inquiry, which depends entirely on whether the subject matter the claim seeks to protect—here, books—falls within the categories of works "specified by sections 102 and 103" of the Act. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017); 17 U.S.C. § 301(a). Plaintiffs do not and cannot dispute that books are "literary works" that clearly fall within copyright's subject matter. *See* 17 U.S.C. § 102; *see also Doody v. Penguin Group (USA) Inc.*, 673 F. Supp. 2d 1144, 1164 (D. Haw. 2009) (holding that "there is no question that Plaintiff's [book] falls within the subject matter of copyright" under the first prong of the preemption test).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

alleged copyright violation. Plaintiffs, for example, allege that OpenAI has "unfairly created a commercial product" that "distorts the legal marketplace in which Plaintiffs and Class members compete," including by depriving Plaintiffs of "licensing fees." Opp. at 5, 7. *But see Rutledge*, 558 F. Supp. 2d at 622 (references to harms "flowing naturally from the copyright infringement itself" "do[] not save [state laws] from the Copyright Act's preemptive effect").

As a preliminary matter, none of these alleged harms appear anywhere in Plaintiffs' Amended Complaint. *See Doe 1 v. GitHub, Inc.*, 672 F. Supp. 3d 837, 861 (N.D. Cal. 2023) (declining to consider injuries not "alleged in the complaint"). Even if they did, none of them is sufficient to survive preemption. The fact that OpenAI provides a "commercial" product is irrelevant, *contra* Opp. at 7, as the Ninth Circuit held in *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1144 (9th Cir. 2006) (claim preempted notwithstanding allegations of "commercial exploitation" for a "commercial purpose"). That Plaintiffs believe that ChatGPT unfairly "compete[s]" with their books, *see* Opp. at 7, is similarly beside the point. *NetSeer*, 156 F. Supp. 3d at 1074–75 (claim preempted notwithstanding allegation that defendant copied work "for the purpose of competing with [plaintiff]" and "harmed [plaintiff]'s business, reputation, and competitive standing," because "the improper business act complained of is based on copyright infringement" (cleaned up)). And the Plaintiffs' complaint about alleged lost "licensing fees," *see* Opp. at 5, is identical to the harm they allege in support of their copyright infringement claim. Am. Compl. ¶ 67 (arguing, in support of claim for "Direct Copyright Infringement," that OpenAI should "[l]icens[e] [Plaintiffs'] copyrighted material").[3]

None of Plaintiffs' rhetoric, in other words, changes the "underlying nature" of Plaintiffs' claim. *Laws*, 448 F.3d at 1144. Because that claim is expressly based on the exact same allegations as Plaintiffs' copyright claim, it is "part and parcel of a copyright claim" and is thus preempted. *Id.*; Order at 10 n.6; *see also Rutledge*, 558 F. Supp. 2d at 622 (claim preempted because plaintiffs failed to present "other allegation[s] of wrongdoing" distinct from the allegations supporting the

---

[3] None of Plaintiffs' authorities suggest otherwise. In fact, the only case Plaintiffs cite in support of these arguments is a case that has nothing to do with copyright preemption at all, and instead discusses the intersection of California's UCL and the federal International Emergency Economic Powers Act and Bank Secrecy Act. *See Nia v. Bank of Am., N.A.*, No. 21-cv-01799, 2024 WL 1298004, at *2 (S.D. Cal. Mar. 26, 2024).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

copyright claim).

### D. The Dismissal Should Be With Prejudice

As OpenAI explained in its Motion, the Court should dismiss Plaintiffs' "unfair" UCL claim with prejudice because the claim's defect "lies in the legal theory, not the factual allegations." *See* Mot. at 7 (citing *Brown v. Van's Int'l Foods, Inc.*, No. 22-cv-00001, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022)). Plaintiffs' only response is to argue that they might "cure[]" the preemption issue with "additional factual allegations." Opp. at 7. But that entirely misses the point: as numerous courts have held, because Copyright Act preemption depends on the "essence of [the] claim," *see Laws*, 448 F.3d at 1144, a plaintiff cannot plead around a preemption issue by stating additional facts in support of the claim. *See Young Money Entertainment, LLC v. Digerati Holdings, LLC*, No. 12-cv-07663, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012) (dismissing UCL claim with prejudice because "any attempt to amend the UCL claim to avoid preemption would be futile"); *Comparison Med. Analytics, Inc. v. Prime Healthcare Servs., Inc.*, No. 14-cv-03448, 2015 WL 12746228, at *7 (C.D. Cal. Apr. 14, 2015) (same). Plaintiffs' only cited authority—*Doe v. U.S.*, a Federal Tort Claims Act case—is entirely inapposite, including because the flaws in the claims at issue in *Doe* were not legal in nature, but instead related to the insufficiency of the complaint's factual allegations. 58 F.3d 494, 497 (9th Cir. 1995) (reversing prejudicial dismissal because district court "provided no justification for its dismissal . . . at all").

### III. CONCLUSION

For the foregoing reasons, OpenAI requests dismissal of Count II of the First Consolidated Amended Complaint with prejudice.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

| | | |
|---|---|---|
| 1 | Dated: April 17, 2024 | Respectfully submitted, |
| 2 | | |
| 3 | | By:  /s/ Allyson R. Bennett |
| 4 | | MORRISON & FOERSTER LLP<br>Joseph C. Gratz (SBN 240676) |
| 5 | | *jgratz@mofo.com*<br>Tiffany Cheung (SBN 211497) |
| 6 | | *tcheung@mofo.com*<br>Joyce C. Li (SBN 323820) |
| 7 | | *joyceli@mofo.com*<br>Melody Ellen Wong (SBN 341494) |
| 8 | | *melodywong@mofo.com*<br>Vera Ranieri (SBN 271594) |
| 9 | | *vranieri@mofo.com*<br>425 Market Street |
| 10 | | San Francisco, CA 94105<br>Telephone: 415.258.7522 |
| 11 | | Allyson R. Bennett (SBN 302090) |
| 12 | | *abennett@mofo.com*<br>Rose S. Lee (SBN 294658) |
| 13 | | *roselee@mofo.com*<br>Alexandra Marie Ward (SBN 318042) |
| 14 | | *alexandraward@mofo.com*<br>707 Wilshire Boulevard, Suite 6000 |
| 15 | | Los Angeles, CA 90017-3543<br>Telephone: 213.892.5454 |
| 16 | | Max I. Levy (SBN 346289) |
| 17 | | *mlevy@mofo.com*<br>755 Page Mill Road |
| 18 | | Palo Alto, CA 94304-1018<br>Telephone: 650.813.5600 |
| 19 | | Eric K. Nikolaides (*pro hac vice*) |
| 20 | | *enikolaides@mofo.com*<br>250 West 55th Street |
| 21 | | New York, NY 10019-9601<br>Telephone: 212.468.8000 |
| 22 | | By:  /s/ Andrew M. Gass |
| 23 | | LATHAM & WATKINS LLP |
| 24 | | Andrew M. Gass (SBN 259694)<br>*andrew.gass@lw.com* |
| 25 | | Joseph R. Wetzel (SBN 238008)<br>*joseph.wetzel@lw.com* |
| 26 | | 505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111 |
| 27 | | Telephone: 415.391.0600 |
| 28 | | Sarang V. Damle (*pro hac vice*)<br>*sy.damle@lw.com* |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO

1  555 Eleventh Street, NW, Suite 1000
2  Washington, D.C. 20004
   Telephone: 202.637.2200

3  Allison L. Stillman (*pro hac vice*)
    alli.stillman@lw.com
4  1271 Avenue of the Americas
   New York, NY 10020
5  Telephone: 212.751.4864

6  *Attorneys for Defendants OpenAI, Inc., OpenAI,*
   *L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C.,*
7  *OpenAI Startup Fund GP I, L.L.C., OpenAI Startup*
   *Fund I, L.P., and OpenAI Startup Fund*
8  *Management, LLC*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10   DEFENDANTS' REPLY MEMORANDUM ISO MOTION
     TO DISMISS AMENDED COMPLAINT
     CASE NO. 3:23-cv-03223-AMO

## **ATTESTATION**

I, Andrew M. Gass, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in its filing.

Dated: April 17, 2024           */s/ Andrew M. Gass*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANTS' REPLY MEMORANDUM ISO MOTION
TO DISMISS AMENDED COMPLAINT
CASE NO. 3:23-cv-03223-AMO