UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re OpenAI ChatGPT Litigation* | Case No. 23-cv-03223-AMO <br><br> **ORDER DENYING MOTION TO APPOINT INTERIM LEAD COUNSEL** <br><br> Re: Dkt. No. 91 |

In this copyright action, Plaintiffs Paul Tremblay, Sarah Silverman, Christopher Golden, Richard Kadrey, Michael Chabon, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, Ayelet Waldman, and Jacqueline Woodson (collectively, "Plaintiffs") filed an unopposed motion to appoint Joseph Saveri Law Firm, LLP (JSLF) as interim lead counsel. ECF 91. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for May 2, 2024 is VACATED. *See* Civil L.R. 7-1(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** the motion without prejudice for the following reasons.

I.  **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 23(g)(3), a district court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Although Rule 23(g)(3) does not provide a standard for appointment of interim counsel, the court may consider the factors contained in Federal Rule of Civil Procedure 23(g)(1)." *Barrett v. Apple Inc.*, No. 20-CV-04812-EJD, 2023 WL 4335292, at *1 (N.D. Cal. Feb. 17, 2023). Under that section, the court considers: "(i) the work counsel has

1   done in identifying or investigating potential claims in the action; (ii) counsel's experience in

2   handling class actions, other complex litigation, and the types of claims asserted in the action; (iii)

3   counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to

4   representing the class." Fed. R. Civ. Proc. 23(g)(1)(A). The court may also "consider any other

5   matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."

6   Fed. R. Civ. Proc. 23(g)(1)(B). The "appointment of interim class counsel is discretionary,"

7   *Bielski v. Coinbase, Inc.*, No. C 21-07478 WHA, 2022 WL 17650535, at *2 (N.D. Cal. Dec. 13,

8   2022) (citation omitted), and "is typically considered once a class has been certified absent a

9   special justification." *In re Roundup Prod. Liab. Litig.*, No. 16-MD-02741-VC, 2020 WL

10  1983256, at *1 (N.D. Cal. Apr. 27, 2020). "According to the advisory committee notes that

11  accompanied the 2003 amendments to Rule 23, the benchmark is whether the designation of

12  interim counsel is 'necessary to protect the interests of the putative class.' " *Id.*

13  **II.     DISCUSSION**

14          Plaintiffs propose that the Court appoint JSLF as interim lead counsel. Plaintiffs address

15  the mandatory Rule 23(g)(1) factors. However, Plaintiffs do not explain why the Court should

16  depart from the norm and appoint class counsel prior to class certification. For example, Plaintiffs

17  "do not indicate that the[] appointment[] [is] required to resolve 'any rivalry between the

18  [involved] firms, nor any uncertainty as to their respective roles.' " *See Imran v. Vital Pharms.,*

19  *Inc.*, No. 18-CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (citation

20  omitted); *see also In re Seagate Tech. LLC Litig.*, No. 16-CV-00523-RMW, 2016 WL 3401989, at

21  *3 (N.D. Cal. June 21, 2016) ("Counsel here have never alleged that they considered competing

22  with one another, and it appears to the court that counsel intended to cooperate with one another

23  from the start of the case, rendering appointment of interim class counsel unnecessary."). Indeed,

24  JSLF explains that it has the support of other counsel, such as Matthew Butterick, Bryan Clobes of

25  Cafferty Clobes Meriwether & Sprengel LLP, and does not contend that appointment is necessary

26  at this juncture to ensure coordination or cooperation among various counsel. As JSLF has not

27  provided a compelling reason to appoint interim lead counsel, the Court concludes that approval of

28  JSLF's proposal is premature and denies the motion without prejudice. *See, e.g.*, *In re Roundup*

*Prod. Liab. Litig.*, 2020 WL 1983256, at *1 (denying motion to appoint class counsel where the motion did not "advance any other interest that justifies departure from the standard order of operations for class actions").

### III.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to appoint JSLF as interim lead counsel. Counsel may resubmit if there is a change of circumstance or other reason why there is an immediate need for JSLF or another firm to be designated as class counsel in advance of a fully briefed motion for class certification.

**IT IS SO ORDERED.**

Dated: April 26, 2024

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**