May 13, 2024

**Via ECF**

The Honorable Robert M. Illman
United States District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

Re:   *In re OpenAI ChatGPT Litigation*, Master File No. 23-cv-3223-AMO

Dear Judge Illman:

Pursuant to the Court's standing order, the Parties hereby submit this joint discovery letter brief concerning Plaintiffs' Request for Production No. 27 ("RFP No. 27").

**A. Plaintiffs' Statement**

RFP No. 27 requests that OpenAI produce "[a]ll Documents and Communications" concerning the substantially similar action entitled *Authors Guild et al v. OpenAI Inc. et al*, No. 1:23-cv-8292 (S.D.N.Y.) ("*Authors Guild Action*"), including "any Documents and Communications" produced to plaintiffs or third parties in that action. Lead counsel for the parties met and conferred regarding the issues discussed herein on May 6, 2024, and agree that the Parties are at an impasse.

There is virtually no serious dispute that the materials sought are directly relevant to the case, there is no burden in producing them and that the proportionality considerations set forth in Rule 26 support the discovery. There is also well-established caselaw supporting Plaintiffs' request. Given it is undisputed that the *Authors Guild* Action substantially overlaps with the instant action, and that Defendants have produced the materials already there—without objection—it is perplexing that they refuse to do so here.[1] Indeed, at the May 6 meet and confer, Defendants verbally indicated that they would agree to produce documents, with the sole exception for certain corporate formation documents and other documents.[2] When asked what additional documents would be withheld from the production,

---

[1] OpenAI has agreed multiple times that the cases are substantially similar. *See* Joint Case Mgt. Stmt., ECF No. 50 at 10:8-10 ("The [*Authors Guild* Action] appears to include duplicative causes of action."); *Authors Guild* Action, Rule 16(f) report, ECF No. 31 at ¶ 16 (describing the instant action as being "substantially similar"); *Authors Guild* Action, Transcript of Pre-Trial. Conf., ECF No. 44 (indicating OpenAI's intent to seek relief under first-to-file rule and noting inclusion of Microsoft does not change the calculus).

[2] Defendants' makeweight justification is that the *Authors Guild* Action names three OpenAI closely-held affiliates (OpenAI, LLC; OpenAI Global, LLC; and OpenAI Holdings, LLC) that have not been not named in the instant action and they have produced some limited corporate documents regarding them. This is the tail wagging the dog. First, Plaintiffs assert that these documents are within the scope of other requests propounded in this action, so the assertion is tenuous at best. *See*

Defendants refused to provide a concrete answer. Defendants' vague verbal assurance, while maintaining their written refusal and objections, allows Defendants too much latitude. Defendants' objections should be overruled.

This action challenges Defendants' impermissible use of plaintiffs' copyrighted material in connection with the training of OpenAI's large language models and commercialized generative AI products. The *Authors Guild* Action essentially copies the claims at issue here and the operative complaint alleges substantially similar facts. *See Authors Guild* Action, ECF No. 67. Based on those facts, like this case, The *Authors Guild* Action pleads substantially similar claims for direct copyright infringement, vicarious copyright infringement, and contributory copyright infringement. They do so on behalf of proposed classes or plaintiffs who are either identical to or are entirely subsumed by the proposed class defined in the instant action.

Defendants should produce all documents they produce in the *Authors Guild* Action. This is consistent with well-established authority. For example, in *Schneider v. Chipotle Mexican Grill, Inc.*, Case No. 16-cv-02200-HSG (KAW), 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017), Judge Westmore concluded plaintiffs were entitled to documents produced in another action ("*Reilly*"). In so ruling, the court reasoned "the instant lawsuit and *Reilly* have significant factual and legal overlap, with both suits asserting claims under the same Florida statute based on Defendant's non-GMO advertising, in some instances citing the same advertisements." *Id.* The *Schneider* court based its ruling on the factual and legal overlap between the two cases. *Id.* The court did not analyze whether the specific requests for production were the same.

Federal courts have consistently relied on *Schneider* in granting motions to compel documents produced in other litigations with sufficient factual and legal overlap. *See Rumble, Inc. v. Google LLC*, No. 21CV00229HSGLJC, 2023 WL 3751797, at *7 (N.D. Cal. May 31, 2023) quoting *Schneider*, *supra*, (ordering production of documents produced in response to a congressional investigation, investigations leading up to several lawsuits and in ongoing litigation with "sufficient 'similarities'"); *Hall v. Marriott Int'l, Inc.*, No. 319CV01715JLSAHG, 2021 WL 1906464, at *8 (S.D. Cal. May 12, 2021) ("Given the substantial overlap in the factual allegations in the D.C. action and the instant case, the Court concludes that Plaintiff is entitled to the information they seek regarding the D.C. action and overrules Defendant's objection. . . . **The Court also notes that having the discovery from the D.C. action could streamline discovery in this action**.") (emphasis added).

OpenAI cites authority for the proposition that "[s]weeping requests for 'all documents'" do not satisfy Rule 34's reasonable particularity standard. *See e.g., Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2023 WL 6038011, at *2 (W.D. Wash. Sept. 15, 2023). OpenAI pejoratively characterizes the discovery at issue as "cloned" without ever explaining what that means and why it matters.

---

Pltfs.' RFPs (defining "You" to include "Defendants set forth in the Complaint Including… any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control."). OpenAI cannot dispute that the three non-overlapping affiliates are corporations or partnerships acting under the direction of OpenAI, Inc., or entities acting under the control of OpenAI, Inc., a named defendant in this action. *See* OpenAI, Our Structure https://openai.com/our-structure/ (last visited May 9, 2024). Second, even assuming arguendo, they were beyond the scope of production, these limited documents could be easily excluded from production.

Significantly, even in those cases, discovery "may be compelled" where it "involves the same defendant and the same allegedly wrongful conduct[.]" *Id.* This best accomplishes the purposes of the discovery rules.

OpenAI also argues that the *Schneider* court carved out from its order documents produced in *Reilly* that pre-date the advertising campaign at issue in *Schneider*. This type of limitation is not appropriate here because unlike the differing class periods in *Schneider* and *Reilly*, there is no clearly identifiable difference between the claims set forth in the two actions.

The mere fact of non-overlapping OpenAI affiliates and Microsoft does not justify Defendants' request to carve out documents produced in *Authors Guild* that, on their face, apply only to those affiliates. Any documents that are relevant to those affiliates are likewise relevant to the claims and allegations at issue here. Fed. R. Civ. P. 26(b)(1). By way of example, Plaintiffs' First Consolidated Amended Complaint contains a section entitled "Agents and Co-Conspirators," under which Plaintiffs allege that "[e]ach defendants, its subsidiaries, affiliates, and agents operated as a single unified entity." ECF No. 120, ¶ 30. Plaintiffs should be able to review documents relating to OpenAI's affiliates to support its allegation that OpenAI's affiliates operate as a single unified entity. Microsoft's addition is immaterial, as OpenAI has admitted in a similar context.[3] Presumably, Microsoft will produce documents relevant to the claims against it. RFP No. 27 only seeks the documents produced by OpenAI, not Microsoft.

Nor does the fact that the *Authors Guild* Action asserts secondary liability claims against OpenAI justify the creation of a carveout. The secondary liability claims asserted in *Authors Guild* are ancillary to the direct infringement claim, which is the mirror image of the direct infringement claim here. Indeed, the *Authors Guild* Plaintiffs' claim for vicarious liability against OpenAI is based solely on the allegation that "OpenAI Inc. and OpenAI GP LLC have a direct financial interest in the direct infringement alleged in Count I because they benefit from the profits and investments generated by Defendant OpenAI OpCo LLC's infringing activities." *Authors Guild* Action, ECF No. 67, ¶ 421. Meanwhile, the *Authors Guild* Plaintiffs' claim for Contributory Infringement against OpenAI is based on OpenAI's awareness of and direct profit of, the direct infringement. ECF No. 67, ¶ 428. Documents relevant to these secondary liability claims are also relevant to Plaintiffs' direct infringement claims, and their allegation regarding agency and co-conspirator liability.

Any burden associated with culling the requested documents is minimal and proportionate to the needs of the case. Presumably, if they were produced in the *Authors Guild* Action, they can be produced in the instant action with relative ease. Indeed, any burden that might exist is exacerbated by Defendants' insistence on culling out documents that pertain to the affiliate entities not named here or the secondary liability claims asserted in *Authors Guild*. Unlike in *Schneider* where there was a clear distinction between the two claims (different class periods) the non-material differences here don't lend themselves to a clean separation that would allow OpenAI to easily determine which documents are not responsive. OpenAI should therefore be ordered to produce all of the documents it has produced in the *Authors Guild* Action, which it admits is substantially similar.

---

[3] *Authors Guild* Action, Transcript of Pre-Trial. Conf., ECF No. 44 (indicating OpenAI's intent to seek relief under first-to-file rule and noting inclusion of Microsoft does not change the calculus).

Accordingly, the Court should overrule Defendants' objections to RFP No. 27 and order Defendants to produce all documents it produces in the *Authors Guild* Action.

**B. OpenAI's Statement**

RFP No. 27 is an improper request for cloned discovery that would require OpenAI to produce irrelevant materials. Although this case and *Authors Guild* share certain features, they raise different claims against different defendants. Where the claims and theories overlap, OpenAI has already agreed to produce largely the same set of documents in both cases in response to Plaintiffs' other RFPs. OpenAI is not obligated to produce *every* document produced in *Authors Guild* here because doing so would result in the production of materials that are irrelevant to *this* case. *See Life Alert Emergency Response, Inc. v. Connect America.com LLC*, No. CV 13-3455 JAK (SS), 2015 WL 12765465, at *7 (C.D. Cal. Jan. 23, 2015) ("Sweeping requests for 'all documents' that may encompass swaths of both relevant and irrelevant documents do not satisfy Rule 34's 'reasonable particularity' standard.").

It is Plaintiffs' burden to demonstrate that *every* document produced in *Authors Guild* is relevant here, and they have failed to do so. "Courts have declined to compel the wholesale re-production of documents produced in another litigation or investigation (*i.e.*, 'cloned discovery'), where the moving party has failed to show that the requested universe of documents is relevant." *Garner v. Amazon.com, Inc.*, No. C21-0750RSL, 2023 WL 6038011, at *2 (W.D. Wash. Sept. 15, 2023). Indeed, the weight of authority in the Ninth Circuit holds that requests for cloned discovery without showing their relevance are generally inappropriate. *See, e.g.*, *King Cnty. v. Merrill Lynch & Co.*, No. C10-1156-RSM, 2011 WL 3438491, at *3 (W.D. Wash. Aug. 5, 2011) (cloned discovery "is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case" (cleaned up)); *Racing Optics v. Aevoe Corp*, No. 2:15-CV-1774-RCJ-VCF, 2016 WL 4059358, at *1 (D. Nev. July 28, 2016) ("Piggyback discovery requests are prohibited." (cleaned up)); *Goro v. Flowers Foods, Inc.*, No. 17-CV-02580-JLS-JLB, 2019 WL 6252499, at *18 (S.D. Cal. Nov. 22, 2019) ("Asking for all documents produced in another matter is not generally proper."). Further, "similarities or overlap alone are insufficient to justify 'a carte blanche production of all documents from [other] cases.'" *Multiple Energy Techs., LLC v. Under Armour, Inc.*, No. 20-664, 2023 WL 2529187, at *7 (W.D. Pa. Feb. 21, 2023) (quoting *Chen v. Ampco Sys. Parking*, No. 08-CV-0422-BEN (JMA), 2009 WL 2496729, at *2 (S.D. Cal. Aug. 14, 2009)); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. MDL 2672 CRB (JSC), 2017 WL 4680242, at *2 (N.D. Cal. Oct. 18, 2017) (plaintiffs "are not entitled to complete access to [another] [p]roduction simply because there may be overlap between their claims and those in the consolidated consumer action"). Rather, Plaintiffs must show that all such documents are relevant to their claims. *See Chen*, 2009 WL 2496729, at *2-3 (denying plaintiffs' request for documents produced in other cases because "attempt[s] to piggyback on the discovery conducted in [other] cases without a sufficient showing of relevance" would be "unduly burdensome").

Under this well-established case law, Plaintiffs are not entitled to every document produced in *Authors Guild* merely because the cases are similar in some respects. To be clear, OpenAI does not object to producing documents produced in *Authors Guild* regarding overlapping claims, document requests, and defendants. However, as Plaintiffs are aware, *Authors Guild* is different and broader in scope than this case. First, the parties are different—including both the named plaintiffs and the defendants. The *Authors Guild* case, for example, includes Microsoft as a defendant, which this case does not. Second,

the claims are different. This case is about direct copyright infringement (and, if the Court denies OpenAI's motion to dismiss, a UCL claim). *Authors Guild* includes not only direct infringement claims, but also secondary infringement claims against both OpenAI and Microsoft. *Compare* ECF No. 120 *with* Am. Compl., *Authors Guild et al v. OpenAI Inc. et al*, No. 1:23-cv-8292, ECF No. 40 (S.D.N.Y. Dec. 5, 2023). Indeed, in denying Plaintiffs' motion to intervene in the *Authors Guild* action, Judge Stein recognized that the non-overlapping claims and different defendants constituted "substantial differences between the actions." *Authors Guild v. Open AI, Inc.*, No. 23-CV-10211 (SHS), 2024 WL 1376055, at *2 (S.D.N.Y. Apr. 1, 2024). Simply put, the cases here are not coextensive, and accordingly, not all of the materials produced in *Authors Guild* are relevant to this action.

Nonetheless, OpenAI has informed Plaintiffs that it expects the productions in both cases to be the same where documents are relevant to overlapping issues, confirmed that discovery in both cases has been proceeding on the same track in both cases, and expressed that it intends to continue producing documents at a similar cadence in both cases. OpenAI has not withheld, nor does it intend to withhold, responsive documents solely because they were produced in *Authors Guild*. OpenAI also expects that depositions of OpenAI witnesses will be coordinated across the actions. But given the additional claims and defendants in *Authors Guild*, OpenAI's document productions in that case have included (and will continue to include in the future) documents that are irrelevant to Plaintiffs' allegations here. For example, where a document is produced in *Authors Guild* only because it is relevant to the *Authors Guild* plaintiffs' claims against *Microsoft*—who is a defendant in that case, but not this one—Defendants should not have to produce that same document here.

In arguing otherwise, Plaintiffs cite *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-cv-2200-HSG (KAW), 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017) and *Rumble, Inc. v. Google LLC,* No. 21-cv-00229-HSG (LJC), 2023 WL 3751797, at *7 (N.D. Cal. May 31, 2023). But those cases support OpenAI's position. The court in *Schneider* allowed the plaintiffs to request documents produced in another action because the two suits at issue "involve[d] the *same* legal claims based on the *same* facts" and were brought against the *same* sole defendant. *Schneider*, 2017 WL 1101799, at *4 (emphasis added). Moreover, *Schneider* ordered production only to the extent of the overlap between the cases. Because the cases had different class periods, the court limited the mandated production to materials from the time period relevant to both cases. *Id.* Likewise, the court in *Rumble* granted in part plaintiff's request for documents produced in prior government investigations regarding *specific topics* related to plaintiff's claim. *Rumble*, 2023 WL 3751797, at *7-8. In contrast, Plaintiffs' RFP No. 27 is not so limited.[4]

The Court should therefore reject Plaintiffs' far-reaching request as improper. *See Forth v. Walgreen Co.*, No. 17 C 2246, 2019 WL 10255628, at *6 (N.D. Ill. July 10, 2019) ("Plaintiffs' reliance on [*Schneider*] fails . . . since it too acknowledges that cloned discovery is improper 'where there is [sic] no showing that the documents were relevant or related to the pending case.'" (quoting *Schneider,* 2017 WL 1101799, at *3)). To the extent Plaintiffs are entitled to discovery of the same documents produced in *Authors Guild*, OpenAI has already agreed to produce them.

---

[4] Plaintiff also cites *Hall v. Marriott International, Inc.*, No. 3:19-cv-01715-JLS-AHG, 2021 WL 1906464 (S.D. Cal. May 12, 2021), but in that case, the Court noted that the other action was "identical" or "almost identical" and involved the same sole defendant. *Id*. at *7-8 & n.5.

*/s/ Joseph R. Saveri*
Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

*/s/ Allyson R. Bennett*
Allyson R. Bennett (State Bar No. 302090)
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone: (213) 892 -5200
Facsimile: (213) 892-5454
Email: ABennett@mofo.com

*Counsel for Defendants*

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I attest under penalty of perjury that concurrence in the filing of the foregoing document has been obtained from all other signatories to this document.

Dated: May 13, 2024                 */s/ Joseph R. Saveri*
                                    Joseph R. Saveri (State Bar No. 130064)
                                    **JOSEPH SAVERI LAW FIRM, LLP**
                                    601 California Street, Suite 1505
                                    San Francisco, CA 94108
                                    Telephone: (415) 500-6800
                                    Facsimile: (415) 395-9940
                                    Email: jsaveri@saverilawfirm.com

                                    *Counsel for Individual and Representative*
                                    *Plaintiffs and the Proposed Class*