1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

8

9

10

11

12

13

PAUL TREMBLAY, et al.,

Plaintiffs,

v.

OPENAI, INC., et al.,

Defendants.

Case No.  23-cv-03223-AMO   (RMI)

**ORDER RE: SECOND DISCOVERY DISPUTE**

Re: Dkt. No. 139

14

15

16

17

18

19

20

        Now pending before the court is a jointly-filed letter brief setting forth a discovery dispute through which Plaintiffs move to compel Defendants in this action to produce all documents and communications that were produced by the defendants in *Authors Guild et al v. OpenAI Inc. et al*, No. 1:23-cv-8292 (S.D.N.Y.) ("*Authors Guild*") to all plaintiffs or third parties in that case. *See* dkt. 139 at 1 (Plaintiffs' request to compel materials pursuant to RFP No. 27). Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument.

21

22

23

24

25

26

27

28

        While Plaintiffs state that "[t]here is virtually no serious dispute that the materials sought are directly relevant to the case, there is no burden in producing them and that the proportionality considerations set forth in Rule 26 support the discovery," they have made no effort at detailing what documents or communications were produced in *Authors Guild* that have not been produced in this case, or why they would be relevant to the claims and defenses involved in *this* action, and proportional to the needs of *this* case. *See generally id*. at 1-4. Defendants, on the other hand, argue that Plaintiffs are improperly requesting "cloned discovery that would require OpenAI to produce irrelevant materials . . . [because, while] this case and *Authors Guild* share certain

United States District Court
Northern District of California

1    features, they raise different claims against different defendants." *Id*. at 4. Defendants add that

2    "[w]here the claims and theories overlap, OpenAI has already agreed to produce largely the same

3    set of documents in both cases in response to Plaintiffs' other RFPs . . . [but] OpenAI is not

4    obligated to produce every document produced in *Authors Guild* here because doing so would

5    result in the production of materials that are irrelevant to this case." *Id*. Noting that it is Plaintiffs'

6    burden to demonstrate that every document produced in *Authors Guild* is relevant and proportional

7    to the needs of this case, Defendants point out that Plaintiffs have failed to do so. *Id*. at 4-5.

8         The court agrees with Defendants that Plaintiffs have not identified or described what, if

9    any, documents are missing here, but that were produced in *Authors Guild*. This failure to identify

10   or describe the allegedly missing discovery that Plaintiffs wish to compel is demonstrative of the

11   fact that they have not met their burden of showing relevance and proportionality. *See Apple Inc.*

12   *v. Samsung Electronics Co. Ltd.*, Case No. 12-CV-0630-LHK (PSG), 2013 U.S. Dist. LEXIS

13   91450, 2013 WL 3246094, at *21 n.84 (N.D. Cal. 2013) ("In this district, the party moving to

14   compel has the burden of showing relevance."); *see also Soto v. City of Concord*, 162 F.R.D. 603,

15   610 (N.D. Cal. 1995) ("[I]n general the party seeking to compel discovery bears the burden of

16   showing that his request satisfies the relevance requirement of Rule 26.").

17        The court finds that Plaintiffs' generalized declarative statement to the effect that the

18   missing discovery is unquestionably relevant is insufficient for the purposes of *showing* relevance.

19   Furthermore, there is also the fact that Rule 37 requires that Plaintiffs identify specific discovery

20   requests at issue in their motion. *See e.g., Sakas v. Settle Down Enterprises. Inc.*, 90 F. Supp. 2d

21   1267, 1282-83 (N.D. Ga. 2000) (denying for lack of specificity a motion to compel discovery

22   which was phrased in general terms); *see also Arons v. Lalime*, 167 F.R.D. 364, 368 (W.D.N.Y.

23   1996) (reiterating that it had previously denied plaintiff's motion to compel discovery primarily

24   because it had failed to identify, with specificity, the discovery requests and responses at issue);

25   *James v. Lee*, 2021 U.S. Dist. LEXIS 103726, *12 (S.D. Cal., June 2, 2021) ("The Court cannot

26   compel Defendant to produce the discovery Plaintiff seeks, for Plaintiff has not identified with any

27   specificity what discovery he has requested Defendant to produce."); *see also Johnson v.*

28   *Northwest Airlines, Inc.*, 2009 U.S. Dist. LEXIS 30731, 2009 WL 839044, at *2 (N.D. Cal., Mar.

30, 2009) ("Although the burden on parties requesting discovery is low, they must meet a threshold of relevance that is beyond speculation; litigants seeking to compel discovery must describe with a reasonable degree of specificity the information they hope to obtain and its importance to their case.").

Accordingly, because Plaintiffs have not even identified or described any documents or communications (or even any categories of documents or communications) that have been produced in *Authors Guild* but not produced in this case – let alone established their relevance and proportionality to the claims and defenses involved in this case – Plaintiffs' request to compel material pursuant to RFP No. 27 is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 14, 2024

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California