

Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809

415 391 5400
keker.com

**R. James Slaughter**
(415) 773-6623
rslaughter@keker.com

May 23, 2024

**VIA ECF**

The Honorable Robert M. Illman
United States District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave. McKinleyville, CA 95519

Re:     A protective order regarding deposition coordination.

      Case No. 23-CV-3223

Dear Judge Illman,

      Pursuant to the Court's General Standing Order Rule 4(a) and Fed. R. Civ. Proc. Rule ("Rule") 26(b)(2)(C) & (c)(1)(B)–(C), Defendants OpenAI, Inc. and related entities (together, "OpenAI") respectfully request that the Court grant a protective order that (1) stays the taking of depositions in this case for thirty days while the parties here, and the parties in other copyright actions against OpenAI in the Southern District of New York, complete their meet and confer efforts with each other about discovery coordination and deposition procedures, and, if those meet and confer efforts are not successful, allow time for OpenAI to seek appropriate coordination from the district courts at issue, (2) requires plaintiffs to serve a single, exhaustive Rule 30(b)(6) deposition notice rather than allowing serial depositions of OpenAI, and (3) clarifies that individuals will be deposed only once in their individual and Rule 30(b)(6) capacities.

      The joint letter below summarizes the parties' final position on each issue.

May 23, 2024                                                                                                      Via ECF
Page 2

## I.      OpenAI's Position

Despite Plaintiffs' prior recognition that "efforts to coordinate discovery would be appropriate" in this case, Dkt. 116 at 7, Plaintiffs now insist on deposing a Rule 30(b)(6) witness that plaintiffs in similar New York litigation also wish to depose, while refusing to coordinate discovery with the New York plaintiffs or limit themselves to a single Rule 30(b)(6) deposition in this case. The Court should stay depositions for thirty days, which allows time for the California and New York parties meet and confer on coordination (and if the parties cannot agree, allows time for OpenAI to seek appropriate coordination from the district courts at issue), and clarify that plaintiffs are not entitled to serial Rule 30(b)(6) depositions or multiple depositions of the same witnesses in their individual and Rule 30(b)(6) capacities.

**Factual Background**:  OpenAI is defending copyright infringement allegations related to its ChatGPT product in the three consolidated actions here before this Court, and in four more actions currently pending before the Honorable Judge Stein in the Southern District of New York: *Authors Guild, et al., v. OpenAI, Inc., et al.*, No. 23-CV-8292 (S.D.N.Y.); *The New York Times Co. v. Microsoft Corp., et al.*, No. 23-CV-11195 (S.D.N.Y.); *Alter, et al., v. OpenAI, Inc., et al.*, No. 23-CV-10211 (S.D.N.Y.); and *Basbanes, et al., v. Microsoft Corp., et al.*, No. 24-CV-84  (S.D.N.Y.) (together with the consolidated cases here, the "OpenAI Cases").

The *In re OpenAI* plaintiffs served a Rule 30(b)(6) deposition notice for OpenAI that exclusively targets information concerning "datasets entitled 'Books1' and 'Books2'" and "Library Genesis," which will require the testimony of an OpenAI employee.  The *Authors Guild* plaintiffs have also requested to depose the same employee and inquired into the same topics. Other pending depositions will also likely require duplicative efforts.

On May 7 and May 15, OpenAI wrote to all parties in the OpenAI Cases ("Collective Parties") to call for coordinated depositions across cases.  On May 17, the *In re OpenAI* parties met and conferred about a stay of depositions, whether the *In re OpenAI* plaintiffs would meet and confer with the Collective Parties on discovery coordination, and avoiding serial depositions. Plaintiffs did not agree to postpone the deposition of the OpenAI employee (then noticed for May 21) until when the Collective Parties could attend, refused to meet and confer with the Collective Parties about discovery coordination, and expressed an intention to notice serial Rule 30(b)(6) depositions without serving a single, exhaustive list of topics.

**Argument**:  For "good cause," including to avoid undue burden, the Court has authority to issue a protective order "specifying terms, including time and place" for a deposition and "limit[ing] the frequency or extent of discovery" when "the discovery sought is unreasonably cumulative or duplicative[.]"  Rule 26(b)(1)(B) & (C).

*First*, depositions should be stayed while the Collective Parties meet and confer on coordinating discovery to avoid unduly burdensome, duplicative depositions of the same witnesses on the same topics.  "Depositions … tend to be the most costly and time-consuming activity in complex litigation."  ANN. MANUAL COMPLEX LIT. § 11.45 (4th ed.).  Thus, in related cases "pending before different judges, the judges should attempt to coordinate the depositions of common witnesses[.]" *Id.* at § 11.455.  And courts routinely prevent multiple depositions of the same witness on the same topics under Rule 26(c)(1), including where the successive depositions are sought by different plaintiffs.  *E.g.*, *In re Lincoln Nat'l COI Litig.*, 2019 WL 7582770, at *3 (E.D. Pa. July 15, 2019) (consolidated cases); *Salt Lake City Corp. v. ERM-W., Inc.*, 2014 WL 6386802, at *4–6 (D. Utah Nov. 14, 2014) (multiparty case); *Hunter's Ridge Golf Co., Inc. v. Georgia-Pac. Corp.*, 2006 WL 8439142, at *1 (M.D. Fla. Feb. 15, 2006) (different cases).

May 23, 2024                                                                    Via ECF
Page 3

Here, the California and New York plaintiffs are already seeking separate depositions of the same OpenAI employee and inquiring into the same topics. And there is good reason to expect that the various plaintiffs will continue to seek duplicative depositions. As the California plaintiffs have explained, "[t]here is no dispute that [the New York and California actions] assert the same core theory of liability: that OpenAI, Inc … committed copyright infringement when they [allegedly] made and used copies of the plaintiffs' … written works" to train AI products. *Authors Guild*, Dkt. No. 89 at 16; *Authors' Guild*, Dtk. 81 at 27 (The *Authors Guild* plaintiffs also acknowledge "overlap in the causes of action asserted."); *In re OpenAI*, Dkt. 118 at 1 (CA and NY cases "rais[e] similar allegations and claims[.]"). Asking each of these witnesses to sit for multiple, duplicative depositions is unduly burdensome and oppressive.

**Second**, coordinating depositions across the OpenAI Cases and prohibiting serial depositions of the same witness will preserve Court and party resources without prejudice to Plaintiffs. Limits on discovery "grow more formidable as the showing of need decreases … even very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it." *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012).

The New York plaintiffs acknowledge that here "the proper and efficient procedure is informal coordination." *Authors Guild*, Dkt. 81 at 30. Plaintiffs here also concede that "efforts to coordinate discovery would be appropriate[.]" *See In re OpenAI*, Dkt. 116 at 7.[1] Further, coordinating discovery will lessen the burden on Courts by aggregating disputes that arise in the various cases for efficient resolution in a single conference. *Cf.* ANN. MANUAL COMPLEX LIT. § 20.14 (4th ed.) (multiple judges may attend joint conferences telephonically to minimize duplication and conflicts). And the burden that duplicative depositions will place on OpenAI's witnesses significantly outweighs any supposed harm to the plaintiffs from coordinating depositions. With coordination, each set of plaintiffs will obtain the necessary deposition testimony from each witness, while avoiding numerous duplicative and costly depositions. If the parties are not able to agree amongst themselves on coordination, OpenAI will promptly file requests before both the N.D. Cal and S.D.N.Y. courts asking "to coordinate the depositions of common witnesses and other common discovery." *Id.* at § 11.455.

Plaintiffs demand for a deposition by June 4 is inappropriate and unrealistic. A brief stay will have no impact on the case schedule. Close of fact discovery is not until October 29. The parties are in the nascent stages of meeting and conferring on the scope of Plaintiffs' 30(b)(6) deposition, meaning OpenAI does not have certainty over the deposition's scope. Even once these negotiations are resolved (with Court intervention if necessary), preparing a witness will take time. OpenAI will prepare and present one or more witness on these topics, but needs sufficient time to do so. June 4 is an artificial and unreasonable deadline. *Cf.* L.R. 30-1 ("[B]efore noticing a deposition . . . the noticing party must confer about the scheduling of the deposition with opposing counsel[.]").

**Finally**, plaintiffs contend they are entitled to serial Rule 30(b)(6) depositions. But a "second [Rule 30(b)(6)] deposition . . . is subject to the one-deposition limitation and requires

---

[1] Plaintiffs' argument that witnesses should endure duplicative depositions because OpenAI did not move to stay or transfer the Authors Guild case is misguided. Judge Stein denied this relief to the *In re OpenAI* plaintiffs. *Authors Guild*, Dkt. 100. And OpenAI has consistently maintained that discovery should be coordinated where the cases "overlap[]," *e.g. In re OpenAI*, Dkt. 139 at 4–5, while plaintiffs here favor coordination only when it benefits them, *id.* at 3–4.

May 23, 2024                                                                    Via ECF
Page 4

leave of court before it may go forward." *E.g.*, *Vasquez v. Leprino Foods Co.*, 2021 WL 2661451, at *14 (E.D. Cal. June 29, 2021). Courts deny leave for a second Rule 30(b)(6) deposition when plaintiffs seek information they could have obtained from the first deposition. *E.g.*, *id.* at *15; *Burdick v. Union Sec. Ins. Co.*, 2008 WL 5102851, at *3 (C.D. Cal. Dec. 3, 2008). Here, where Plaintiffs refuse to serve a single, comprehensive, 30(b)(6) notice, there is a significant risk that a subsequent notice on new topics will require OpenAI to put up the same witness for a second time.[2]

## II.    Plaintiffs' Position

OpenAI's delay campaign continues. Its latest maneuver — attempting to stay Plaintiffs' critical duly noticed Rule 30(b)(6) deposition. OpenAI fails to set forth how the standard for issuing protective orders applies here and offers no authority for issuing one here. Tellingly, OpenAI raises no procedural or substantive infirmities with Plaintiffs' Rule 30(b)(6) deposition notice. On its face, the notice complies with Rule 30(b)(6). The notice generally focuses on facts regarding the training data used to create the generative AI models at issue in the case. As required, it sets forth with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). It also includes OpenAI's creation and use of certain datasets used to train the models at issue in this case. ECF No. 120 ¶¶, 40-44 (Am. Compl.). It also includes the reproduction and storage of the datasets OpenAI trains its LLMs on. These include the datasets entitled "Books1" and "Books2," which OpenAI now admits were deleted and witnesses knowledgeable about the creation of these datasets have apparently left the company. *Authors Guild* Action, ECF No. 143 at 3 ("OpenAI revealed that it had destroyed all of its copies of books1 and books2, and that the two OpenAI researchers responsible for creating these data sets are no longer employed by OpenAI."). Evidence of what was contained in these datasets, how they were used, the circumstances of their deletion and the reasons for are all highly relevant. As discussed further below, Plaintiffs met and conferred with Defendant on May 19, 2024, about the matters for examination in compliance with the Rules. *See* Fed. R. Civ. P. 30(b)(6). Plaintiffs therefore believe they have complied with all requirements of Rule 30(b)(6), and Defendants do not contest it. Under the Rule, OpenAI should confirm the identity of its corporate designee and confirm the date for deposition. In the alternative, Plaintiffs request the Court set the date.

Seeking to avoid its discovery obligations, to prevent Plaintiffs from meeting the schedule set by Judge Martínez-Olguín, OpenAI seeks to impose a procedural roadblock. OpenAI says that Plaintiffs cannot proceed with duly noticed deposition discovery because of related proceedings pending in the Southern District of New York. There are many problems with this position. First, the deposition Plaintiffs seek is fully compliant with Rule 30(b)(6) as well as the scope of discoverability as set forth by Rule 26. Second, concerns of duplication are wholly speculative, hypothetical, and misplaced because there is no duplicative discovery issued

---

[2] And while it is true that witnesses often testify in both their individual and (30)(b)(6) capacities, *see Doe v. Trump* and *Kelly v. Provident* (cited by Plaintiffs below), Plaintiffs' argument misses the point. What OpenAI seeks to avoid is multiple 30(b)(6) depositions on the same topics; and OpenAI requests that any witness giving testimony in both capacities do so in a single, coordinated deposition. *HVAC Tech.* (cited below) did not address whether Rule 30(a)(2)(A)(ii) requires leave of court for a second 30(b)(6) deposition and held that if a subsequent 30(b)(6) deposition is warranted, it "must cover separate topics." at *1.

or at issue. The only deposition noticed is the Rule 30(b)(6) at issue here. In the event, duplicative discovery were issued in *Authors Guild*—and no such discovery exists—the place to bring the motion for a protective order would be there, not here, where proper discovery is initiated. Third, the hypothetical havoc OpenAI describes is in fact wholly its own doing. OpenAI could have moved the Southern District of New York to stay the *Authors Guild* Action or transfer it to the Northern District of California under the first-to-file rule or *forum non conveniens*. In fact, it originally represented it would do so. *Authors Guild* Action, ECF No. 31, ¶ 16. As it turns out, it decided not to, having litigated and lost its efforts to delay the *Tremblay* case and obtain the schedule it wanted from Judge Martínez-Olguín. As the *Tremblay* Plaintiffs pointed out at the time, doing so ran the risk of inconsistent rulings and duplicative discovery. ECF No. 98 at 11. OpenAI made a conscious choice. Now, it reaps what it sowed. Fourth, OpenAI has also somewhat inconsistently already represented to the Court that it does not believe the *Authors Guild* case is duplicative. It told this Court that "[s]imply put, [] [*Tremblay* and *Authors Guild*] are not coextensive…" ECF No. 139 at 5. Finally, Plaintiffs in *Authors Guild* have no objection to the Rule 30(b)(6) deposition proceeding as noticed because no formal coordination between the actions is necessary. OpenAI seeks to have its cake and eat it too. Indeed, Plaintiffs have diligently sought this evidence through other discovery tools, but OpenAI has largely rebuffed those efforts.

**OpenAI has Failed to Prove "Annoyance, Embarrassment, Oppression, Burden or Expense" Justifying a Protective Order**

The party seeking a protective order must demonstrate that it would "suffer prejudice or harm if a stay is not granted." *Woodway USA, Inc. v. LifeCORE Fitness, Inc.*, 2023 WL 8264464, at *2 (S.D. Cal. Nov. 29, 2023). OpenAI's only stated prejudice is that "[a]sking…witnesses to sit for multiple, duplicative depositions is unduly burdensome and oppressive." This threadbare conclusory assertion of prejudice does nothing to help OpenAI's argument. *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F. 2d 470, 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). In any event, it is routine for the same witness to sit for deposition both in their individual capacity, and as a 30(b)(6) designee if so designated by the corporation. *See Doe v. Trump*, 329 F.R.D. 262, 273-74 (W.D. Wash. 2018). Indeed, OpenAI fails to carry its burden to show why a protective order is necessary to prevent a properly noticed Rule 30(b)(6) deposition from proceeding. Fed. R. Civ. P. 26(c)(1); *U.S.E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev 2006) ("A mere showing that the discovery may involve some inconvenience or expense does not suffice to establish good cause under Rule 26(c)."). To this end, conspicuously absent from OpenAI's argument is that at the May 17, 2024 meet and confer, Plaintiffs engaged in good faith negotiation on the topics of the Rule 30(b)(6) deposition precisely to ameliorate any unnecessary burden on OpenAI. Indeed, Plaintiffs withdrew a topic from their notice and clarified four others in a good faith effort to work with OpenAI. There remains no dispute that the notice identifies matters subject to discovery regarding the merits in addition to the matters to be addressed at the June 18, 2024, settlement conference.

The *Tremblay* Plaintiffs have the right to conduct their Rule 30(b)(6) deposition in order to prosecute their case. The SDNY Plaintiffs are likewise free to take discovery in order to advance their case. *Tremblay* Plaintiffs are, of course, willing to discuss scheduling and other matters in order to minimize the inconvenience to potential witnesses, but OpenAI's proposal for

May 23, 2024                                                                        Via ECF
Page 6

coordination is inefficient and onerous under the circumstances. Indeed, it appears to be more an attempt to hamstring Plaintiffs as opposed to advancing judicial efficiency. Under OpenAI's proposal for a 30-day stay on all depositions, the first deposition would not take place until July at the earliest, leaving scant time for the Parties to complete discovery under the present schedule, and limiting Plaintiffs' ability to prepare for the June 18 settlement conference.

The cases OpenAI cites to support its position are inapposite. *In re Lincoln Nat'l COI Litig.*, 2019 WL 7582770, at *3 (E.D. Pa. July 15, 2019) involved a scenario where two notices of depositions were pending on topics that were "subsumed" within the other topics. This is not the situation here. There is only one deposition that has been noticed. *Salt Lake City Corp. v. ERM-W., Inc.*, 2014 WL 6386802, at *4–6 (D. Utah Nov. 14, 2014) does not fare much better. In *Salt Lake City Corp.*, three defendant corporations served Rule 30(b)(6) deposition notices that contained "substantively similar or identical form…" *Id.* at * 4. *Hunter's Ridge Golf Co., Inc. v. Ga-Pac. Corp.*, 2006 WL 8439142, at *1 (M.D. Fla. Feb. 15, 2006) is likewise inapt because there, plaintiffs moved for a motion to compel depositions but refused to identify the topics to be covered during the deposition, in violation of Rule 30(b)(6). As a result, the court was not able to determine whether plaintiffs complied with the court's order to avoid asking the same questions of witnesses common across the cases. *Id.* Here, there are no such defects with Plaintiffs' Rule 30(b)(6) deposition notice.

OpenAI's concerns about "serial" Rule 30(b)(6) depositions appear to be made of whole cloth as courts in this district have recognized that "a party may notice multiple Rule 30(b)(6) depositions, but each notice must cover separate topics and the deposing party gets only one, seven-hour day of deposition per notice." *HVAC Tech. LLC v. Southland Indus.*, 2016 WL 11753779, at *1 (N.D. Cal. Apr. 8, 2016). Plaintiffs' notice fully complies with the Rule. Similarly off base is the assertion that OpenAI will be "unduly burdened by multiple depositions on the same topics." There is no evidence in the record of that either. Indeed, there are key differences between Rule 30(b)(1) and Rule 30(b)(6). They are not mutually exclusive and serve different purposes. *See* Notes of Advisory Committee, 1970 Amendments (Rule 30(b)(6) "should be viewed as an added facility for discovery. . . .  [For example, it] will curb the "bandying" by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it.")  The Court should ignore OpenAI's speculation and conclude Plaintiffs are entitled to take depositions under either Rule 30(b)(1) or 30(b)(6) or both. *Kelly v. Provident Life & Acc. Ins. Co.*, 2011 WL 2448276, at *4 (S.D. Cal. June 20, 2011) ("Plaintiff is entitled to the knowledge of the corporation and the corporation's positions on matters clearly relevant and discoverable in this phase of the case. Therefore, any testimony provided by employees as individuals does not satisfy the need for Plaintiff to obtain binding testimony from the corporate entity."). The fact that the SDNY Plaintiffs may seek a deposition under 30(b)(1) of a witness in that case of an individual OpenAI designates as a 30(b)(6) deposition in this case is of no moment. Even if that were to be true, that would be OpenAI's choice. It is not a basis for forbidding duly noticed proper discovery here.

The Court should deny OpenAI's motion for a protective order and compel OpenAI to provide dates when its 30(b)(6) witness is available prior to Plaintiffs' June 4, 2024, deadline to lodge a settlement conference statement.

May 23, 2024                                                                                                     Via ECF
Page 7


Dated:  May 23, 2024                                          KEKER, VAN NEST & PETERS LLP


                                                  By:  /s/ *R. James Slaughter*
                                                       KEKER, VAN NEST & PETERS LLP
                                                       R. JAMES SLAUGHTER (SBN 192813)
                                                       rslaughter@keker.com
                                                       633 Battery Street
                                                       San Francisco, CA 94111-1809
                                                       Telephone:    415 391 5400
                                                       Facsimile:    415 397 7188

                                                       *Attorneys for OpenAI Defendants*


Dated: May 23, 2024                                          JOSEPH SAVERI LAW FIRM, LLP


                                                  By:  /s/ *Joseph R. Saveri*
                                                       Joseph R. Saveri (State Bar No. 130064)
                                                       JOSEPH SAVERI LAW FIRM, LLP
                                                       601 California Street, Suite 1505
                                                       San Francisco, CA 94108
                                                       Telephone: (415) 500-6800
                                                       Facsimile: (415) 395-9940
                                                       Email: jsaveri@saverilawfirm.com

                                                       *Counsel for Individual and Representative*
                                                       *Plaintiffs and the Proposed Class*

2697436

May 23, 2024                                                                                                      Via ECF
Page 8

## FILER'S ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I attest under penalty of perjury that concurrence in the filing of the foregoing document has been obtained from all other signatories to this document.

Dated:  May 23, 2024                                         KEKER, VAN NEST & PETERS LLP


                                                    By:   /s/ *R. James Slaughter*
                                                          KEKER, VAN NEST & PETERS LLP
                                                          R. JAMES SLAUGHTER (SBN 192813)
                                                          rslaughter@keker.com
                                                          633 Battery Street
                                                          San Francisco, CA 94111-1809
                                                          Telephone:    415 391 5400
                                                          Facsimile:    415 397 7188

                                                          *Attorneys for OpenAI Defendants*