Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     (215) 864-2800
Email:         bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class (continued on signature page)*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **In re OpenAI ChatGPT Litigation** | Master File No. 23-cv-3223-AMO |
| This document relates to:<br>23-cv-03223-AMO<br>23-cv-03416-AMO<br>23-cv-04625-AMO | **Plaintiffs' Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge**<br><br>[Fed. R. Civ. P. 72(a); Civ. L.R. 72-2] |

# MOTION

Plaintiffs hereby move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and Local Rule 72-2 for relief from a nondispositive pretrial order of a Magistrate Judge. Plaintiffs object to the "Order Re: Fourth Discovery Dispute" (ECF 154) of June 24, 2024. Plaintiffs respectfully ask the Court to set aside this order or modify it as set forth in the accompanying Points and Authorities.

The Motion is based on this Motion, the accompanying Points and Authorities, the Declaration of Matthew Butterick, the [Proposed] Order, the letter brief and other materials submitted in connection with the motion, the records and docket in this matter and any oral argument the Court may take.

Dated: July 8, 2024                                        By: _/s/ Matthew Butterick_
                                                               Matthew Butterick

# POINTS AND AUTHORITIES

**Introduction.** Defendant OpenAI is a software company building AI systems intended to supersede human intelligence. Plaintiffs are copyright-owning authors who have alleged that OpenAI is a mass infringer of copyrighted works, including books written by Plaintiffs. On June 24, Magistrate Judge Illman ordered Plaintiffs to produce a sweeping amount of attorney work product arising from Plaintiffs' counsel's pre-litigation investigation of OpenAI's ChatGPT product. ECF 154 (the "Order"). Due to the vital importance of attorney work-product protection in the adversarial process, Plaintiffs hereby submit objections to the Order, which contains multiple legal conclusions that are contrary to law, and one factual finding that is clear error. Fed. R. Civ. P. 72(a).

**Background**. During their pre-litigation investigation of Plaintiffs' claims, Plaintiffs' counsel operated OpenAI's ChatGPT product, using it as OpenAI intended: by composing inputs (called *prompts*), entering them into ChatGPT, and receiving outputs. ECF 153 at 9, ¶ 2. To satisfy Rule 8, Plaintiffs included certain prompts and outputs from this investigation as an exhibit to their First Consolidated Amended Complaint. ECF 120 (complaint); ECF 120-2 (exhibit); ECF 153 at 9, ¶ 3. Plaintiffs relied on these outputs for the limited purpose of plausibly alleging that "the reason ChatGPT can accurately summarize a certain copyrighted book is because that book was copied by OpenAI and ingested" during the development and training of ChatGPT. ECF 120, ¶¶ 50–51.

Later, OpenAI served its Request for Production #9, seeking "All non-privileged Documents and Communications relating to Your investigation of the claims alleged in the Complaint." ECF 153 at 1. Plaintiffs declined to produce prompts and outputs generated by Plaintiffs' counsel because they were protected work product. *Id.* at 3. Plaintiffs made a compromise offer; OpenAI declined. *Id.* The parties filed a joint letter brief. ECF 153. The Magistrate Judge found in favor of OpenAI and ordered Plaintiffs to turn over "OpenAI account information for the individuals who used ChatGPT to investigate Plaintiffs' claims, and the prompts and outputs for Plaintiffs' testing of ChatGPT in connection with their pre-suit ChatGPT testing, including prompts and outputs that *did not* reproduce or summarize Plaintiffs' works or otherwise support Plaintiffs' claims, along with documentation of Plaintiffs' testing process." Order at 7 (italics in original). The Order commands Plaintiffs to produce a significant amount of work product. The Order is legally and factually erroneous.

**Standard of review**. On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010) (citing *United States v. McConney*, 728 F.2d 1195, 1200–1201 (9th Cir. 1984) (overruled on other grounds)). "The magistrate's legal conclusions," by contrast, "are reviewed *de novo* to determine whether they are contrary to law." *Id.* (citing *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014)).

1. **The ChatGPT prompts & outputs generated by Plaintiffs' counsel are opinion work product and hence "virtually undiscoverable," and the Order's finding that these materials are "more in the nature of fact work product" is contrary to law.**

A court "must protect against disclosure" of opinion work product, which comprises "mental impressions, conclusions, opinions, or legal theories of a party's attorney … concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B); Order at 4. Ordinarily, such materials are "virtually undiscoverable." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014); Order at 5.

Here, the prompts and outputs in Plaintiffs' complaint were generated by Plaintiffs' counsel. ECF 153 at 3–4; 9, ¶ 2. The prompts were written by Plaintiffs' counsel and thus necessarily embody counsel's "mental impressions" and "opinions" about how best to investigate ChatGPT and support Plaintiffs' allegations. Therefore, the prompts are opinion work product. As for the outputs—though they were emitted by ChatGPT, they were computed in response to prompts written by Plaintiffs' counsel. Thus, because the outputs are derived from prompts (that are themselves opinion work product), the outputs are also opinion work product. The Order, by contrast, finds that Plaintiffs' counsel's ChatGPT sessions are "more in the nature of bare facts" and thus do not qualify as opinion work product. Order at 5–6. But the prompts and outputs cannot be "bare facts" because they would not exist but for the work of Plaintiffs' counsel. Therefore, this conclusion is contrary to law.

2. **Even if the prompts & outputs qualify only as fact work product, the Order never found "substantial need" and "undue hardship" justifying production thereof.**

Fact work product is discoverable upon a showing of "substantial need" and "undue hardship." Fed. R. Civ. P. 26(b)(3)(A)(ii); Order at 4. Assuming *arguendo* that the prompts and outputs generated by Plaintiffs' counsel qualify only as fact work product, OpenAI has not shown either the substantial

need or the undue hardship justifying disclosure. OpenAI rests its argument entirely on two theories of work-product waiver (discussed below) and does not argue it is entitled to circumvent work-product protection. ECF 153 at 1–3. At best, OpenAI says it "might need" these materials (ECF 153 at 3)—far short of the "substantial need" that is required. (Indeed, as the creator and owner of ChatGPT, it seems likely that OpenAI already has or could easily generate equivalent materials.) Furthermore, OpenAI does not claim—and the Order does not find—that it suffers from "undue hardship."

> 3. **To the extent Plaintiffs waived work-product protection, that waiver must be narrowly construed, and the Order's much broader finding of waiver is contrary to law.**

Plaintiffs do not dispute that work-product protection can be waived "to the extent that the litigant reveals, or places the work product at issue" in litigation. Order at 5 (citing *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020)). Specifically, work-product protection can be waived through "voluntary disclosure" to "an adversary in litigation" (i.e., express waiver) or handled in a way that "substantially increase[s] the opportunities for potential adversaries to obtain the information." (i.e., implied waiver) *Id.* at 1120–1121. Even so, the court must still take a "narrow view of the scope of the work product waiver" that is "limited to the subject matter of the disclosure." *Lexington Luminance LLC v. Feit Elec. Co., Inc.*, 2020 WL 10052401, at *11 (C.D. Cal. June 12, 2020). When construing the scope of work-product waiver specifically in relation to pleadings, "[t]he waiver is limited in scope only to those results specifically mentioned" and "**Plaintiffs have no obligation to disclose other testing or communications … beyond that specifically referenced**." *Zeiger v. WellPet LLC*, 2018 WL 10151156, at *3 (N.D. Cal. Apr. 10, 2018) (emphasis added).

OpenAI offers both theories of waiver. OpenAI's theory of implied waiver is that Plaintiffs' counsel waived work-product protection merely by using ChatGPT because it is owned by OpenAI and therefore, any use of it by Plaintiffs' counsel necessarily qualifies as a "voluntary disclosure." ECF 153 at 2–3. Plaintiffs argue that they were required both to investigate Plaintiffs' claims and make plausible allegations, which taken together compelled them to use ChatGPT, so any disclosure is not "voluntary." ECF 153 at 5. The Order did not address this issue. (Plaintiffs also object to OpenAI's stunning assertion that it may unilaterally invade the OpenAI accounts of Plaintiffs' counsel, which contain not just work product but also material protected by attorney–client privilege. ECF 153 at 3.)

OpenAI's theory of express waiver is that when Plaintiffs included certain prompts and outputs in their complaint exhibit, Plaintiffs expressly waived work-product protection for their *entire* pre-litigation investigation. ECF 153 at 1–2. Plaintiffs argued that there was never any waiver—because the disclosure was necessary to "satisfy[] pleading requirements" and the disclosed material is not evidence for a jury—but at most, any work-product waiver was limited to the specific prompts and outputs shown in the exhibit to the complaint. ECF 120-2 (exhibit); ECF 153 at 4. Plaintiffs already offered OpenAI this material as a compromise to resolve this dispute—to no avail. ECF 153 at 3.

The Order seems to adopt OpenAI's theory of express waiver wholesale, finding that because "Plaintiffs have placed a subset of their test results at issue," OpenAI is "entitled to examine the entirety of Plaintiffs' test results (including the negative results), as well as the account settings used in interrogating ChatGPT." Order at 6. But by declining to take a "narrow view" of the scope of the work-product waiver, the Order reaches a legal conclusion that is contrary to law. *Lexington Luminance* at *11.

The Order bases its findings on the scope of work-product waiver in part on *U.S. v. Nobles*, 422 U.S. 225 (1975). Order at 5. In *Nobles*, the trial court found waiver of certain work product by a defense investigator when a criminal defendant called that investigator as a witness at trial. *Nobles*, 422 U.S. at 237–238; Order at 5. Here, by contrast, the work product has not been offered as evidence for a factfinder to rely on at a criminal trial—it has appeared merely as an allegation in a civil complaint. *Id*. Furthermore, in *Nobles*, the Supreme Court used a "reasonably related" analogy to affirm the scope of the waiver. *Nobles*, 422 U.S. at 240. But the Order interprets this phrase too expansively. Order at 6 ("Plaintiffs' negative results and the account settings in question are 'reasonably related' to the positive results that Plaintiffs have placed at issue"). In *Nobles*, the actual waiver at issue was not expansive, but rather "quite limited in scope, opening to prosecution scrutiny **only the portion of the report that related to the testimony the investigator would offer**[.]" *Nobles*, 422 U.S. at 240 (emphasis added).

OpenAI's theory of express waiver relies on *Lexington*, but it misapplies that case to the facts here. ECF 153 at 2. In *Lexington,* plaintiff filed a complaint alleging patent infringement of 44 physical products but only provided forensic materials for 16. *Lexington* at *11. Defendant sought production of corresponding forensic materials for the remaining 28. *Id.* By contrast, Plaintiffs here have already provided substantiation for every work allegedly infringed, not just some. ECF 120-2. Furthermore, in

*Lexington*, the forensic materials sought contained "actual factual information" about the physical attributes of the products. *Id.* at *6. That stands in stark contrast to this case, where the material sought by OpenAI is not documentation of "actual factual information" about ChatGPT, but rather opinion work product of Plaintiffs' counsel (discussed above at issue #1).

Moreover, even the *Lexington* court excluded from the scope of the work-product waiver "any other communications, analyses, methodology, or documents … including the identity" of those who ran the tests. *Id.* at *11. Likewise, in *Zeiger*, Judge Orrick determined that the work-product "**waiver is limited in scope only to those results specifically mentioned in the FAC**." *Zeiger*, 2018 WL 10151156, at *3 (emphasis added). Judge Orrick continued that there was "no obligation" for Plaintiffs to disclose "other testing … beyond that specifically referenced in the FAC." *Id.* Here, by contrast, the Order directs Plaintiffs to turn over a much broader set of work-product materials, including "documentation of Plaintiffs' testing process." Order at 7. This legal conclusion is contrary to law.

**4. The Order asserts that OpenAI will be able to "replicate the same results" given sufficient information about Plaintiffs' prompts and settings, but since there is no evidence in the record supporting this factual finding, it is clear error.**

The Order's finding of broad work-product waiver is predicated in part on the factual inference that "[w]ithout knowing the account settings used by Plaintiffs … and without knowing the exact formulation of [their] prompts … Defendants would be unable to replicate the same results." Order at 6. But neither OpenAI nor Plaintiffs have submitted evidence to support the Order's conclusion that ChatGPT can ordinarily be operated in such a way that "the same results" can be "replicated" by reusing "the exact formulation" of a prompt. *Id.* Indeed, in general it cannot—the attached Exhibit A demonstrates how even a simple prompt, fed multiple times into ChatGPT, is likely to produce different responses. Therefore, the Order's apparent factual inference that ChatGPT will produce the same output in response to a certain prompt is clear error.

**Conclusion.** Plaintiffs respectfully ask the Court to set aside or modify the earlier Order and hold that a) Plaintiffs' pre-litigation investigation of ChatGPT is protected work product; b) there was no work-product waiver; and c) to the extent there was waiver, that it be "limited in scope only to those results specifically mentioned" in the complaint exhibit. *Zeiger* at *3; ECF 120-2.

| | |
|---|---|
| Dated: July 8, 2024 | By: */s/ Matthew Butterick* |
| | Matthew Butterick |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:     jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:     mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs Tremblay, Silverman, Golden, Kadrey, and the Proposed Class*

Bryan L. Clobes *(pro hac vice)*
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:     (215) 864-2800
Email:     bclobes@caffertyclobes.com

Alexander J. Sweatman *(pro hac vice* forthcoming)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:     (312) 782-4880
Email:     asweatman@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs Coates, Díaz, Greer, Hwang, Klam, Lippman, Snyder, Woodson, and the Proposed Class*