**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
  *andrew.gass@lw.com*
Joseph R. Wetzel (SBN 238008)
  *joseph.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (*pro hac vice*)
  *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
  *alli.stillman@lw.com*
1271 Avenue of the Americas
New York, New York 10020
Telephone:  212.906.1747

[CAPTION CONTINUED ON NEXT PAGE]

**MORRISON & FOERSTER LLP**
Joseph Charles Gratz (SBN 240676)
  *jgratz@mofo.com*
Tiffany Cheung (SBN 211497)
  *tcheung@mofo.com*
Joyce C. Li (SBN 323820)
  *joyceli@mofo.com*
Melody Ellen Wong (SBN 341494)
  *melodywong@mofo.com*
Vera Ranieri (SBN 271594)
  *vranieri@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
  *abennett@mofo.com*
Rose S. Lee (SBN 294658)
  *roselee@mofo.com*
Alexandra Marie Ward (SBN 318042)
  *alexandraward@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.545425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

*Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This Document Relates To:<br>23-cv-03223-AMO<br>23-cv-03416-AMO<br>23-cv-04625-AMO | MASTER CASE NO. 3:23-cv-03223-AMO<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |

Max I. Levy (SBN 346289)
 *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650.813.5600

Eric K. Nikolaides (*pro hac vice*)
 *enikolaides@mofo.com*
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (SBN 84065)
 *rvannest@keker.com*
R. James Slaughter (SBN 192813)
 *rslaughter@keker.com*
Paven Malhotra (SBN 258429)
 *pmalhotra@keker.com*
Michelle Ybarra (SBN 260697)
 *mybarra@keker.com*
Nicholas S. Goldberg (SBN 273614)
 *ngoldberg@keker.com*
Thomas E. Gorman (SBN 279409)
 *tgorman@keker.com*
Katie Lynn Joyce (SBN 308263)
 *kjoyce@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400
Facsimile: 415.397.7188

I.  INTRODUCTION

Plaintiffs claim that OpenAI should be held liable for copyright infringement because OpenAI allegedly used Plaintiffs' books to train the large language model ("LLM") that underlies OpenAI's ChatGPT service. Dkt. 120 ¶¶ 62–69. To state that claim, Plaintiffs included in their Complaint an entire section about Plaintiffs' "interrogat[ion]" of "the OpenAI language models using ChatGPT." *Id.* at 8 (capitalization normalized). Plaintiffs also attached to the Complaint an exhibit that contains the interrogation results that Plaintiffs view as favorable, but omits the interrogation results Plaintiffs view as unfavorable. *See* Dkt. 120-2 (Exhibit B). Given Plaintiffs' selective disclosure in the Complaint of only their preferred ChatGPT interrogation results, OpenAI sought discovery of the complete interrogation results, along with the information necessary to test those results. *See* Dkt. 153 at 1. Plaintiffs refused to provide such discovery, arguing that, despite their voluntary disclosure of cherry-picked interrogation results that Plaintiffs contend support their claims, Plaintiffs could shield from discovery as attorney work product the interrogation results that do not support their claims and other information necessary to test Plaintiffs' allegations. Because the law does not countenance the use of work-product protection as both a sword and a shield, *see Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003), Magistrate Judge Illman ordered Plaintiffs to produce the discovery OpenAI sought. *See* Dkt. 154 at 5–7. Plaintiffs now move to set aside that order. But Plaintiffs do not—because they cannot— show that the order is either clearly erroneous or contrary to law. The objection should therefore be overruled. *See, e.g.*, *Quest Software, Inc. v. DirecTV Ops., LLC*, No. 09-cv-1232, 2011 WL 13225042 (C.D. Cal. Oct. 24, 2011).

II.  ARGUMENT

Where, as here, a party objects to a magistrate judge's non-dispositive order, "a district judge . . . must defer to the order unless it is 'clearly erroneous or contrary to law.'" *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939, 2017 WL 6883929, at *1 (N.D. Cal. Oct. 19, 2017) (quoting *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991)); *see also* 28 U.S.C. § 636(b)(1)(a); Fed. R. Civ. P. 72(a). Under that standard, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court." *United Specialty Ins. Co. v. Superior Risk*

1    *Mgmt., Inc.*, No. 21-cv-05662, 2023 WL 3149255, at *1 (N.D. Cal. Mar. 13, 2023).  "Instead, the
2    magistrate judge's findings are 'entitled to great deference.'" *Id.* (quoting *United States v. Abonce-*
3    *Barrera*, 257 F.3d 959, 969 (9th Cir. 2001)).

4    Magistrate Judge Illman ordered Plaintiffs to produce the discovery at issue—complete
5    results of their "interrogat[ion]" of ChatGPT as well as account and setting information related to
6    that interrogation—for the following reasons: "(1) because Plaintiffs revealed or placed their work
7    product at issue during the course of the litigation by including allegations regarding how ChatGPT
8    responded to Plaintiffs' prompts made from those accounts in the FAC and in Exhibit-B thereto;
9    (2) because Plaintiffs voluntarily disclosed the information in question to their adversary in
10   litigation; and[] (3) because the account information and the totality of the prompt-and-response
11   data that Plaintiffs used to interrogate ChatGPT should, in fairness, be considered together with
12   Plaintiffs' testing results (set forth in Exhibit-B) and that the totality of that data would be needed
13   for Defendants to subject Plaintiffs' claims to meaningful adversarial testing."  Dkt. 154 at 3; *see*
14   *id.* at 7 (order based on "the reasons stated herein, as well as those argued by Defendants").  Those
15   conclusions are neither contrary to law nor clearly erroneous and must therefore be upheld.

16   **A.    Magistrate Judge Illman's Order Is Not Contrary To Law.**

17   Plaintiffs waived any arguable work-product protection over the account and prompt-and-
18   output information because they "reveal[ed] or plac[ed] the work product at issue during the course
19   of [this] litigation" by including in the Amended Complaint allegations regarding how ChatGPT
20   responded to Plaintiffs' prompts made from those accounts.  *United States v. Sanmina Corp*., 968
21   F.3d 1107, 1119 (9th Cir. 2020) (citation omitted).[1]  Plaintiffs contend that Magistrate Judge
22   Illman erred "by declining to take a 'narrow view' of the scope of the work-product waiver[.]"
23   Dkt. 157 at 3–5.  But Magistrate Judge Illman did exactly that—and that is exactly what was done
24   (albeit in a different context) in the principal case on which Plaintiffs rely: *Zeiger v. WellPet LLC*,

---

[1] *See also Lexington Luminance LLC v. Feit Elec. Co., Inc.*, No. 18-cv-10513, 2020 WL 10052401 (C.D. Cal. June 12, 2020), where the plaintiff sued for patent infringement based on the testing of 44 products, but included in the Complaint testing results for "only one of the forty-four Accused Products."  *Id.* at *4.  The court concluded that, by disclosing results for one product, the plaintiff put the results "squarely 'at issue' in a judicial arena," and thus, waived work-product protection as to the results for all 44 products.  *Id.* at *10.

No.17-cv-04056, 2018 WL 10151156 (N.D. Cal. Apr. 10, 2018). Where, as here, work-product waiver occurs, "the scope of the work product waiver" is "limited to the subject matter of the disclosure." Dkt. 157 at 3 (quoting *Lexington*, 2020 WL 10052401, at *11). Here, the subject matter of the disclosure was Plaintiffs' "interrogat[ion]" of ChatGPT. *See* Dkt. 120 ¶¶ 46–51. OpenAI thus sought discovery directly related to that subject matter—the interrogation results, both positive and negative, and the information used to undertake that interrogation. *See* Dkt. 153 at 1; *cf. Theranos, Inc. v. Fuisz Techs., Ltd.*, No. 11-cv-5236, 2013 WL 2153276, at *4 (N.D. Cal. May 16, 2013) (waiver extended to "other documents on the same subject matter [necessary] to ascertain the context of the disclosed communications"). Magistrate Judge Illman, in turn, found that "Plaintiffs' negative results and the account settings in question are 'reasonably related' to the positive results that Plaintiffs have placed at issue and included in the FAC and in Exhibit-B." Dkt. 154 at 6. Because Plaintiffs chose to "place[] a subset of their test results at issue in this case," Magistrate Judge Illman explained, "Defendants should be entitled to examine the entirety of Plaintiffs' test results (including the negative results), as well as the account settings used in interrogating ChatGPT." *Id.* In other words, Magistrate Judge Illman found that work-product waiver applied to "the subject matter of the disclosure"—Plaintiffs' interrogation of ChatGPT.

That conclusion is entirely consistent with *Zeiger*. There, the plaintiffs alleged in their complaint that testing of certain pet food indicated contamination. 2018 WL 10151156, at *1. The court found that, by "injecting the lab results into the litigation," the plaintiffs waived any privilege as to information related to those results. *Id.* at 3. It thus ordered the plaintiffs to produce "information about the lab and the lab testing results" on which plaintiffs relied. *Id*. That is exactly what Magistrate Judge Illman did here; he ordered Plaintiffs to produce the settings and "testing results" that generated the selective allegations Plaintiffs included in the Complaint.

Plaintiffs attempt to avoid this by creating a strawman, claiming that OpenAI contends, and Magistrate Judge Illman found, that "Plaintiffs expressly waived work-product protection for their *entire* pre-litigation investigation." Dkt. 157 at 4 (emphasis in original). Not so. The discovery OpenAI seeks is specifically and narrowly focused on a subject matter Plaintiffs put directly at issue in the Complaint—Plaintiffs' interrogation of ChatGPT. Magistrate Judge Illman,

accordingly, ordered discovery limited to that subject matter. *See* Dkt. 154 at 7 (ordering disclosure of "the prompts and outputs for Plaintiffs' testing of ChatGPT in connection with their pre-suit ChatGPT testing").

Plaintiffs also argue that Magistrate Judge Illman's determination that the ChatGPT prompts, outputs, and related account information is "more in the nature of fact work product than opinion work product," Dkt. 154 at 5, is contrary to law. *See* Dkt. 157 at 2. Plaintiffs are wrong. The prompts entered into ChatGPT and the resulting ChatGPT outputs are facts related to what ChatGPT allegedly does, not "opinions [or] legal theories." *United States v. Adlman*, 134 F.3d 1194, 1199 (2d Cir. 1998). But even if that were not the case, the result would be the same because Magistrate Judge Illman determined that waiver occurred "even assuming *arguendo*" that "reveal[ing]" the "bare facts [sought] would provide a revelatory glimpse into Plaintiffs' counsels' thought process[.]" Dkt. 157 at 6. In other words, Magistrate Judge Illman concluded that the materials at issue, even if cast as opinion work product, must be produced due to Plaintiffs' waiver. *See id.*; *see, e.g.*, *Munguia-Brown v. Equity Residential*, 337 F.R.D. 509, 517 (N.D. Cal. 2021) (defendants' "selective disclosures" required "extend[ing] the waiver" to opinion work product to "rectify any unfair advantage").

In any event, Plaintiffs have repeatedly taken the opposite position, contending that prompts submitted to ChatGPT and outputs from ChatGPT are "factual matter." Dkt. 153 at 3; *id.* at 4 ("interrogation of ChatGPT result[s]" constituted "facts" that "were integral to Plaintiffs satisfying their pleading requirements").[2] That is presumably why Plaintiffs were willing to file an attorney declaration with their objection that details certain prompts the attorney entered into ChatGPT and the outputs from ChatGPT that allegedly resulted. *See* Dkt. 157-1. Were prompts created by counsel, and the results therefrom, opinion work product, then Plaintiffs' voluntary disclosure of their attorney's declaration would itself be a work-product waiver.

### B. Magistrate Judge Illman's Order Is Not Clearly Erroneous.

Plaintiffs also argue that Magistrate Judge Illman's order is clearly erroneous because it is

---

[2] It would make little sense for those (favorable) prompts and outputs to be "factual," but for undisclosed (and potentially unfavorable) prompts and outputs to be "opinion." Dkt. 153 at 3.

based on an "apparent factual inference that ChatGPT will produce the same output in response to a certain prompt," which Plaintiffs claim is incorrect. Dkt. 157 at 5 (quoting Dkt. 154 at 6).[3] To prevail, Plaintiffs must make a showing that leaves this Court with a "'definite and firm conviction that a mistake has been committed." *United Specialty*, 2023 WL 3149255, at *1. Plaintiffs have not made such a showing, which would require replicating the actual prompts and outputs, with the same settings, that they used during their pre-suit interrogation of ChatGPT.

Plaintiffs misconstrue the Order. The Order is not "predicate[d]" on the "factual inference" that OpenAI will be able to "replicate" the testing results. Rather, the Order is predicated on OpenAI's need for the discovery to "understand[] or scrutiniz[e] Plaintiffs' test results." Dkt. 154 at 7. For example, as OpenAI explained, users can add certain parameters for "ChatGPT to consider when generating its responses." Dkt. 153 at 3. Plaintiffs' use of such parameters is directly relevant to Plaintiffs' claims regarding what ChatGPT allegedly does in certain circumstances. Dkt. 153 at 2–3.

**C. The "Substantial Need" Test Is Irrelevant Because of Plaintiffs' Waiver.**

Plaintiffs complain that Magistrate Judge Illman did not find that OpenAI had a "substantial need" for discovery that it could not obtain without "undue hardship." Dkt. 157 at 2–3. Plaintiffs confuse the standard: the question of "substantial need" only arises *if* discovery is otherwise subject to work-product protection. *See* Fed. R. Civ. P. 26(b)(3)(A). Where, as here, a party waives such protection, "the substantial need analysis has nothing to do with whether such waiver occurred." *Moeller v. Taco Bell Corp.*, No. 02-cv-5849, 2009 WL 10710495, at *5 (N.D. Cal. Oct. 6, 2009).[4]

**III. CONCLUSION**

Defendants respectfully request that the Court overrule Plaintiffs' objection.

---

[3] Here, too, Plaintiffs' argument is directly at odds with the positions they have taken before this Court. *See, e.g.*, Dkt. 157 at 3 ("OpenAI already has or could easily generate equivalent materials" to the materials sought); Dkt. 153 at 5 ("OpenAI can obtain the material itself—it can interrogate ChatGPT for itself.").

[4] Plaintiffs largely ignore the other bases on which the Order rests—Plaintiffs' voluntary disclosure of the information at issue to an adversary (OpenAI), Dkt. 153 at 2–3 (citing *Sanmina*, 968 F.3d at 1121), and the need for complete interrogation results and corresponding settings to be considered "in fairness" with the cherry-picked results Plaintiffs chose to disclose, *see id.* at 3 (citing Fed. R. Evid. 502(a); *Moeller*, 2009 WL 10710495, at *4).

Dated: July 24, 2024                                Respectfully Submitted,

                                       By:   */s/ Elana Nightingale Dawson*

**LATHAM & WATKINS LLP**
  Andrew M. Gass (SBN 259694)
   *andrew.gass@lw.com*
  Joseph R. Wetzel (SBN 238008)
   *joseph.wetzel@lw.com*
  505 Montgomery Street, Suite 2000
  San Francisco, CA 94111
  Telephone: 415.391.0600

  Sarang V. Damle (*pro hac vice*)
   *sy.damle@lw.com*
  Elana Nightingale Dawson (*pro hac vice*)
   *elana.nightingaledawson@lw.com*
  555 Eleventh Street, NW, Suite 1000
  Washington, D.C. 20004
  Telephone: 202.637.2200

  Allison L. Stillman (*pro hac vice*)
   *alli.stillman@lw.com*
  1271 Avenue of the Americas
  New York, NY 10020
  Telephone: 212.751.4864

By:   */s/ Allyson R. Bennett*

**MORRISON & FOERSTER LLP**
  Joseph C. Gratz (SBN 240676)
   *jgratz@mofo.com*
  Tiffany Cheung (SBN 211497)
   *tcheung@mofo.com*
  Melody E. Wong
   *melodywong@mofo.com*
  Vera Ranieri
   *vranieri@mofo.com*
  425 Market Street
  San Francisco, CA 94105
  Telephone: 415.258.7522

  Allyson R. Bennett (SBN 302090)
   *abennett@mofo.com*
  Alexandra M. Ward
   *alexandraward@mofo.com*
  Joyce C. Li
   *joyceli@mofo.com*
  Rose S. Lee
   *roselee@mofo.com*
  707 Wilshire Boulevard, Suite 6000
  Los Angeles, CA 90017-3543
  Telephone: 213.892.5454

|   |   |
|---|---|
| 1 | Eric Nikolaides (*pro hac vice*) |
|   |   *enikolaides@mofo.com* |
| 2 | 250 W. 55th St |
|   | New York, NY 10019 |
| 3 | Telephone: 212-336-4061 |
| 4 | Max I. Levy |
|   |   *mlevy@mofo.com* |
| 5 | 755 Page Mill Road |
|   | Palo Alto, CA 94304 |
| 6 | Telephone: 650.813.5600 |

By:   */s/ R. James Slaughter*

**KEKER, VAN NEST & PETERS LLP**
  Robert Addy Van Nest
    *rvannest@keker.com*
  Katie L. Joyce
    *kjoyce@keker.com*
  Michelle S. Ybarra
    *mybarra@keker.com*
  Nicholas S. Goldberg
    *ngoldberg@keker.com*
  Paven Malhotra
    *pmalhotra@keker.com*
  R. James Slaughter
    *rslaughter@keker.com*
  Thomas E. Gorman
    *tgorman@keker.com*
  633 Battery Street
  San Francisco, CA 94111-1809
  Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*.

**ATTESTATION CLAUSE**

I, Elana Nightingale Dawson, am the ECF user whose user ID and password authorized the filing of this document. Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in this filing.

Dated: July 24, 2024                                                           */s/ Elana Nightingale Dawson*