UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TREMBLAY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPENAI, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03223-AMO<br><br>**ORDER GRANTING MOTION TO DISMISS THE UCL CLAIM**<br><br>Re: Dkt. No. 122 |

Before this Court is OpenAI's motion to dismiss Count II of Plaintiffs' First Consolidated Amended Complaint ("FCAC"). The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for **August 1, 2024** is VACATED. *See* Civil L.R. 7-6. This Order assumes familiarity with the facts of the case, the parties' arguments, and the relevant law. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion for the following reasons.

**I.    BACKGROUND**

On February 12, 2024, the Court granted Defendants' motion to dismiss with leave to amend the claims for vicarious copyright infringement, violation of the Digital Millenium Copyright Act, negligence, and unjust enrichment. ECF 104. The Court denied the motion to dismiss the Unfair Competition Law (UCL) claim under the "unfair" theory. *Id.* Plaintiffs filed the FCAC, alleging only a direct copyright infringement claim and a UCL claim. ECF 120.[1] Defendants move to dismiss the UCL claim for failure to state a claim. ECF 122 ("Mot.").

---

[1] Defendants did not move to dismiss the claim for direct copyright infringement in their initial motion to dismiss, ECF 33, and do not move to dismiss that claim in the instant motion.

## II. DISCUSSION

OpenAI argues that Plaintiffs fail to state a UCL claim under either the unlawful or fraudulent prongs and that the unfair prong is preempted by the Copyright Act. Mot. at 10-13. Plaintiffs do not respond to Defendants' arguments about the "unlawful" or "fraudulent" prongs, thus conceding those theories. *See* ECF 126 ("Opp.") at 4-8; *Namisnak v. Uber Techs., Inc.*, 444 F. Supp. 3d 1136, 1146 (N.D. Cal. 2020) (citing *Ardente, Inc. v. Shanley*, No. C 07-4479 MHP, 2010 WL 546485, at *6 (N.D. Cal. Feb. 10, 2010) ("Plaintiff fails to respond to this argument and therefore concedes it through silence.")). They argue that OpenAI's motion is procedurally improper under Federal Rule of Civil Procedure 12(g) and that, even if it were not, the Copyright Act does not preempt their UCL claim. Opp. at 4-8. The Court addresses the procedural question before addressing preemption.

### A. Rule 12(g) Does Not Preclude Defendants' Motion

Federal Rule of Civil Procedure 12(g) prohibits a party from making another motion under Rule 12 that "rais[es] a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Plaintiffs argue that the Court should disallow Defendants' motion to dismiss their UCL claim on preemption grounds because Defendants could have raised that issue in their first motion to dismiss and failed to do so. Opp. at 4-6. The law is clear, however, that an "amended complaint supersedes the original, the latter being treated thereafter as nonexistent." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (citation omitted).

In ruling on OpenAI's motion to dismiss the first Complaint, the Court found that Plaintiffs sufficiently pleaded the UCL claim. ECF 104 at 9-10. Plaintiffs nonetheless amended the UCL claim.[2] *See* ECF 120-3 at 18-20. Accordingly, Defendants are permitted to move to dismiss it from the FCAC, and Rule 12(g) does not preclude the Court's consideration of the motion. *See, e.g.*, *Biddle v. Walt Disney Co.*, No. 22-CV-07317-EJD, 2024 WL 3171860, at *8 (N.D. Cal. June

---

[2] The Court notes that the pretrial order required filing a consolidated complaint after the Court's ruling on the motion to dismiss. ECF 74. However, Plaintiffs voluntarily elected to amend the UCL claim.

2

1  25, 2024) ("an amended complaint supersedes any prior complaint and is fairly subject to renewed

2  challenge on a motion to dismiss"); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 903 F.

3  Supp. 2d 880, 893-94 (C.D. Cal. 2012) ("Having chosen to amend their complaint in lieu of

4  proceeding with their remaining claims, the [amended complaint] supersedes the original and

5  Defendants are not held to the reconsideration standards") (citing cases).[3]  Therefore, the Court

6  concludes that Rule 12(g) does not bar consideration of OpenAI's preemption argument.[4]

   **B.     The Copyright Act Preempts Plaintiffs' UCL Claim**

The Copyright Act of 1976 expressly preempts state law claims where the plaintiff's work "come[s] within the subject matter of copyright" and the state law grants "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright[.]" 17 U.S.C. § 301(a). The rights protected under the Copyright Act include the rights of reproduction, preparation of derivative works, distribution, performance, and display. *Id.* § 106. The Ninth Circuit has established a two-part test to determine whether state law claims are preempted by the copyright law: First, the court decides "whether the 'subject matter' of the state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103." *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). If it does, the court must then "determine whether the rights asserted under state law are equivalent to the rights contained in 17 U.S.C. § 106[.]" *Id.* at 1137-38. On the other hand, "[i]f a state law claim includes an 'extra element' that makes the right asserted qualitatively different from those protected under the Copyright Act, the state law is not preempted by the Copyright Act." *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1089 (9th Cir. 2005) (quoting *Summit Mach. Tool Mfg. v. Victor CNC Sys.*, 7

---

[3] *See also Doe #35 v. Labrador*, 679 F. Supp. 3d 1019, 1038 (D. Idaho 2023) (citing cases allowing defendants to file a successive motion to dismiss an amended complaint).

[4] Even if OpenAI should or could have raised preemption in its first motion to dismiss, Ninth Circuit precedent permits the Court to consider a successive motion to dismiss in its discretion. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 317-18 (9th Cir. 2017), *aff'd sub nom. Apple Inc. v. Pepper*, 587 U.S. 273 (2019) (the Ninth Circuit is "forgiving" when a district court rules "on the merits of a late-filed Rule 12(b)(6) motion" because strict adherence to Rule 12(g)(2) "can produce unnecessary and costly delays"); *see also Columbia Exp. Terminal, LLC v. ILWU-PMA Pension Fund*, No. 20-CV-08202-JSW, 2023 WL 3510377, at *3 (N.D. Cal. May 16, 2023) (concluding that "resolving the [late-filed Rule 12(b)(6)] motion would facilitate judicial economy and efficiency").

3

F.3d 1434, 1439-40 (9th Cir. 1993)).

Here, the subject matter of the UCL claim falls within the subject matter of copyright. Plaintiffs allege that Defendants' unfair business practice was "using Plaintiffs' Infringed Works to train ChatGPT without permission . . . ." FCAC ¶ 71. The "Infringed Works" are copyrighted books and a play. FCAC ¶¶ 10-22, 66, Ex. A (ECF 120-1) at 1-13. Books and "works, other than audiovisual works, expressed in words, regardless of the nature of the material objects" are considered "literary works," 17 U.S.C. § 101, which fall within the subject matter of copyright, *id.* § 102 (literary works, musical works, and dramatic works are the subject matter of copyright). Thus, the UCL claim based on the copying of Plaintiffs' Infringed Works falls squarely within the ambit of the Copyright Act. *See* 17 U.S.C. § 301(a). In Opposition, Plaintiffs argue that the UCL claim is "also based on the claim that Defendants have unfairly created a commercial product, making available a source of content generation that distorts the legal marketplace in which Plaintiffs and Class members compete." ECF 126 at 8. Plaintiffs do not allege these harms in the FCAC, so they are not part of the UCL claim. Nevertheless, even if Plaintiffs had pleaded these allegations, they only describe the harms that resulted from Plaintiff's unauthorized use and copyright of Plaintiffs' copyrighted books. FCAC ¶¶ 34, 71, 73-74; *see Laws*, 448 F.3d at 1141 (concluding that misappropriation claim related to unauthorized duplication of a copyrighted song fell within the subject matter of the Copyright Act). Because the subject matter of the UCL claim involves OpenAI's unauthorized use and copying of Plaintiffs' copyrighted books, the claim falls within the "subject matter" of the Copyright Act. *See Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017).

The UCL claim is also qualitatively the same as the direct copyright infringement claim. The basis of both claims is the unauthorized copying and use of the Infringed Works to train ChatGPT. FCAC ¶¶ 65-66, 73-74. Even though the elements of the UCL claim are not identical to the copyright claim, "the underlying nature" of Plaintiffs' UCL claim is "part and parcel of [the] copyright claim." *See Laws*, 448 F.3d at 1144; *see also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (finding that dismissal of UCL claim as preempted by the Copyright Act was proper where the "improper business act complained of is based on copyright

4

infringement"). Accordingly, the Court finds that the UCL claim is preempted by the Copyright Act.

The final consideration is whether Plaintiffs should be granted leave to amend. Plaintiffs invoke Ninth Circuit caselaw that leave to amend should be freely granted. Opp. at 8 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). However, the UCL claim does not lack factual allegations; it lacks a tenable legal theory. *See Brown v. Van's Int'l Foods, Inc.*, No. 22-CV-00001-WHO, 2022 WL 1471454, at *6 (N.D. Cal. May 10, 2022) ("As the defect lies in the legal theory, not the factual allegations, the dismissal is without leave to amend."). The Court dismisses the UCL claim without leave to amend as amendment would be futile. *See, e.g.*, *Young Money Ent., LLC v. Digerati Holdings, LLC*, No. 2:12-CV-07663-ODW, 2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012) (dismissing UCL claim without leave to amend where the claim was not qualitatively different from the copyright claim and "any attempt to amend the claim to avoid preemption would be futile").

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the UCL claim without leave to amend.

**IT IS SO ORDERED.**

Dated: July 30, 2024

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge

5