# Exhibit 1

## Newman, Zak

| | |
|---|---|
| **From:** | Newman, Zak |
| **Sent:** | Monday, July 29, 2024 7:35 PM |
| **To:** | Holden Benon; Aaron Cera; Bennett, Allyson R.; Joseph Saveri; Gratz, Joseph C.; Perito, Andrew L.; Ranieri, Vera; Nikolaides, Eric K.; Cadio Zirpoli; Christopher Young; Elissa A. Buchanan; Matthew Butterick; Ruby Ponce; Rya Fishman; Louis Kessler; Heaven Haile |
| **Cc:** | openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright; KVPOAI@keker.com |
| **Subject:** | RE: In Re OpenAI ChatGPT Litigation | ESI Protocol |

Holden,

Following up on the letter: we'll share our insert, final declaration, and exhibits by 6 PT.

Separately, concerning Plaintiffs' request for org charts: we understood these had already been produced. Apologies for that oversight. We'll produce those shortly.

Thanks,

Zak

**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

# MORRISON FOERSTER

---

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Monday, July 29, 2024 4:59 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@but553icklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Holden – Defendants will have further edits, which we'll insert into the draft you've shared. We'll get back to you this afternoon with our insert.

Thanks,

Zak

**Zak Newman** (he/him)
Associate

# MORRISON FOERSTER

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Friday, July 26, 2024 6:23 PM
**To:** Newman, Zak <ZNewman@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

<mark>External Email</mark>

---

Zak,

We don't have time to cover all your points in light of your proposed 4pm exchange. In any event, we read your email as a rejection of our proposal that the parties "agree to resolve the number of custodians issue through negotiations in the 18-25 range." This is a non-starter for us.

We look forward to receiving your update at 3:45pm.

Thanks,
Holden

---

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Friday, July 26, 2024 2:41 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Holden,

First, to clarify, the intent behind my earlier question was to confirm Plaintiffs' view as to which party would bear the burden to establish good cause or lack thereof if disagreements as to the addition of

further custodians were to go to the Court pursuant to Section 4 of the General Standing Order. Your email does not address that issue, which is central to OAI's decision-making as to whether further negotiation on the custodian count would be fruitful.  Do Plaintiffs have a view on this question now, or is that something that they envision discussing on the meet and confer?

Second, assuming the parties are aligned on the burden issue above, Defendants would intend to move forward with further negotiations on an initial number of 18-25 custodians.  But Plaintiffs' changing demands make it extremely difficult, if not impossible, to move forward on these issues.  For more than a month, the Parties have discussed the custodian count in reference to Plaintiffs' list of 43 custodians who "appear on relevant documents." Defendants have requested at multiple points that Plaintiffs revisit their list and identify priority custodians whose documents they view as necessary for their case and not duplicative of the large volume of documents already produced. We reiterated that request yesterday to aid the proposed further negotiations in the 18-25 range. Now, more than a week after Plaintiffs proposed the parties further negotiate on custodians, Plaintiffs condition those talks on Defendants' preparation of a totally new list of individuals.  But Plaintiffs already have Defendants' ROG responses and more than 34,000 produced documents, and have clearly done their own investigatory work on potential additional custodians. Given that, it is unclear what the utility of the demanded exercise would be other than to impose further burden on Defendants.

Looking ahead, Defendants remain amenable to further negotiations on the custodian count if Plaintiffs are willing to revisit their latest conditions for further talks.  As we have said repeatedly, we are prepared to conduct a mutual exchange of custodian information as soon as Plaintiffs are ready for that exchange. If Plaintiffs are prepared to do that on Monday, Defendants will be as well.

In light of the above, Defendants assume that the parties should move forward with briefing both the custodian count and the search term validation protocol. Please let us know if you disagree. Defendants will need additional time to revise our brief to account for the most recent correspondence between the parties and to confer with our client. If the parties do proceed with briefing, Defendants will tentatively plan for an exchange of drafts at 4 PM PT today.  Note, however, that 4 PM may not be possible today due to client unavailability.  We will let you know by no later than 3:45 PM if we cannot complete an exchange at 4 PM.  In the alternative, Defendants would agree to an exchange on Monday at 10 AM PT.  Defendants reserve their right to make further substantive edits to the brief following the next exchange, so we will likely be filing Monday (and not today) in any event.

Please let us know if a further meet and confer on custodians would be helpful, consistent with the above, or if Plaintiffs believe that the parties should move forward with briefing.

Thanks,

Zak

**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

**MORRISON FOERSTER**

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Friday, July 26, 2024 2:21 PM
**To:** Newman, Zak <ZNewman@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

<mark>**External Email**</mark>

---

Zak,

It's unproductive to use our compromise offer on a discrete issue as an opportunity to resist resolution on other disputes that have been at impasse for months. This is wasting time. If Plaintiffs are going to agree to delay briefing the custodians issue today, we need assurances.

<u>Number of Custodians</u>
Our compromise position on the number of custodians is as follows:

1. Defendants agree to resolve the number of custodians issue through negotiations in the 18-25 range.

2. Defendants agree to some version of the following language, which we've proposed in prior drafts:

   > If, after the Parties identify Document Custodians, a Requesting Party believes that additional Document Custodians should be added, then the Requesting Party shall provide the basis for the request of additional Document Custodians. If the Producing Party objects to the proposed additional Document Custodians, the Parties shall meet and confer in good faith to resolve the dispute.  If the Parties are unable to reach agreement within 21 days of the Requesting Party's request, then any remaining disagreement shall be addressed in accordance with Section 4 of the General Standing Order of Judge Robert M. Illman, or the then applicable orders of the Court. Nothing in this paragraph waives any objection by a Producing Party that further investigation, discovery or document production is needed before determining the necessity or lack thereof of additional custodians.

   Note: *We can agree to a 5-custodian cap if Defendants agree to resolve the number of custodians issue through negotiations in the 23-25 range and they agree on the procedure set forth in 4. below.*

3. Defendants will agree to meet and confer on this issue on Monday. Both parties agree to put forth a significant effort at resolving the dispute. ECF No. 144 at *3.

4. In advance of the meet and confer, Defendants will reveal the identities of the 12 custodians they selected. Defendants will prepare and share with Plaintiffs by the meet and confer session, a list of at least 25 *additional potential* custodians they have identified, based on their diligence (including employee and IT interviews, and other data identification efforts), that are likely to have the most important information on these topics:

- The sources of training data used to train the OpenAI Language Models
- The usage of training data sets that include books
- Regurgitation
- Licensing training data from third parties

For each of the identified potential custodians, Defendants will provide: name, title, a brief description of the nature of the employee's work that related to case issues, and specify the one or more of the the four above applicable issues that are expected to be covered by the employee's files.

The parties will discuss these additional potential custodians, reasons for their inclusion, and any burden, i.e., costs associated with including them.

<u>Validation</u>
We seriously question whether the parties can resolve the validation issue through negotiations, given there has been virtually no movement on those negotiations since May. If Defendants agree to point 1. above, then there would be no risk of having to raise the number of custodians issue to Judge Illman at a later time. If Defendants want to resolve the validation piece through negotiations, we'll need to see a proposal with material concession today. Given the timing, we'll accept your proposed terms in summary fashion.

The parties agreed to submit something by today. **We request a response to our requests by 2pm so Plaintiffs may have sufficient time to prepare a statement to the Court seeking relief under 4.(b). of Judge Illman's standing order**—if Defendants parties cannot agree on our proposed procedures for resolving these disputes, a telephonic conference with the Court would be helpful.

Holden

---

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Friday, July 26, 2024 9:33 AM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Holden,

First, your threats to unilaterally seek the court's intervention on these issues if Defendants do not substantively respond to Plaintiffs' latest positions within an hour following the start of business are unproductive.

Second, on the custodian count, we understand Plaintiffs' position to be: (1) Defendants must agree to add 18-25 custodians now; (2) Plaintiffs must have the right to request unlimited additional custodians; and (3) Plaintiffs have no obligation to show that those additional custodians are necessary and nonduplicative.  Please confirm we have that correct so that we may discuss with our client.

We will follow up on a further meet and confer, or a reasonable time for an exchange today once we better understand your position and have conferred with our client.

Thanks,

Zak

**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

**MORRISON FOERSTER**

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Friday, July 26, 2024 1:42 AM
**To:** Newman, Zak <ZNewman@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

**External Email**

---

Zak,

The parties have already had six videoconferences to discuss the validation piece. This is finally teed up for resolution after months of impasse. If we're going to consider delaying the validation piece until next week, we'll need OpenAI's response to Plaintiffs' statement and proposed concessions tomorrow at 10am. If Defendants do not provide this and they resist a joint filing tomorrow, Plaintiffs will seek relief under Judge Illman's standing order.

To be clear, Plaintiffs will refrain from filing their statement on custodians if Defendants agree to negotiate in the 18-25 range, *meaning Defendants commit to designating additional custodians so the*

*total count is in that range*. Defendants would also have to agree there is no cap on Plaintiffs' ability to request additional custodians (the parties would reinstate the original language that called for a meet and confer process followed by a joint letter brief under Judge Illman's standing orders if no agreement is reached on additional custodians). **Please confirm this by 10am tomorrow**.

We would be available to meet and confer Monday from 12pm onward. We disagree that Plaintiffs are required to identify custodians that are "necessary and non-duplicative" (we'd refer you to the cases cited in our statement for this point), but we look forward to having a productive discussion. To that end, Defendants should identify the 12 custodians that Defendants already selected by tomorrow at 10am. If we do not receive your response by then, Plaintiffs will insist on seeking the Court's guidance on the custodians issue.

We look forward to hearing from you by 10am.

Thank you,
Holden

---

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Thursday, July 25, 2024 6:31 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@but_ericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Holden,

We've conferred with our client and are amendable to furthering our meet and confer efforts on custodians within the range you proposed.  Please provide times tomorrow afternoon or Monday that work for you.  As suggested in our discovery letter draft, in order to move the discussion forward, we'd ask that Plaintiffs identify which custodians are necessary to their case and whose documents are non-duplicative of those custodians whose documents have already been produced.

We don't agree to seek the court's intervention on the search term validation protocol prior to a further meet and confer. First, though we hope to reach a compromise resolution on the custodian count, we don't see the utility of filing a discovery letter with the Court on Friday if we may need to file a further letter early next week. Second, we disagree that, if the custodian count issue is resolved, we would not be allowed to take the full 2.5 pages to which we are entitled in a discovery brief on the validation issue (and we suspect that Plaintiffs might also want to expand their section on validation).  Finally, as I noted during our call, Plaintiffs' draft papers indicate they misunderstand Defendants' search term protocol proposal. We'd like to discuss the issue further before moving ahead with briefing. Defendants will agree to share information on issues we noted in advance of the call if Plaintiffs will agree to revisit their custodian list and, prior to the call, identify priority custodians whose documents they believe are necessary and non-duplicative.

Thanks,

Zak

**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

# MORRISON FOERSTER

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Date:** Thursday, Jul 25, 2024 at 7:04 PM
**To:** Newman, Zak <ZNewman@mofo.com>, Aaron Cera <aCera@saverilawfirm.com>, Bennett, Allyson R. <ABennett@mofo.com>, Joseph Saveri <jsaveri@saverilawfirm.com>, Gratz, Joseph C. <JGratz@mofo.com>, Perito, Andrew L. <APerito@mofo.com>, Ranieri, Vera <VRanieri@mofo.com>, Nikolaides, Eric K. <ENikolaides@mofo.com>, Cadio Zirpoli <czirpoli@saverilawfirm.com>, Christopher Young <cyoung@saverilawfirm.com>, Elissa A. Buchanan <EABuchanan@saverilawfirm.com>, Matthew Butterick <mb@buttericklaw.com>, Ruby Ponce <rponce@saverilawfirm.com>, Rya Fishman <rfishman@saverilawfirm.com>, Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>, OpenAICopyright <OpenAICopyright@mofo.com>, KVPOAI@keker.com <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

==External Email==

---

Zak,

It was good talking to you just now.

We'll agree to reschedule the second exchange to tomorrow at 10am pacific. If your clients are amenable to negotiating custodians in the 18-25 range, you said you'll let us know at that time.

You mentioned that Defendants may be interested in negotiating the validation piece. The parties have been at impasse on that issue for quite some time. We look forward to receiving at 10am Defendants' revised briefing on validation and any proposed concessions you'd like Plaintiffs to consider in that regard. We'd ask that Defendants refrain from significantly expanding their draft statement on validation to account for extra pagination they might gain by excising their statement on the number of custodians, should Defendants agree to Plaintiffs' proposal of negotiating in the 18-25 range.

Thank you,
Holden

---

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Thursday, July 25, 2024 1:42 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito,

Andrew L. <[APerito@mofo.com](mailto:APerito@mofo.com)>; Ranieri, Vera <[VRanieri@mofo.com](mailto:VRanieri@mofo.com)>; Nikolaides, Eric K. <[ENikolaides@mofo.com](mailto:ENikolaides@mofo.com)>; Cadio Zirpoli <[czirpoli@saverilawfirm.com](mailto:czirpoli@saverilawfirm.com)>; Christopher Young <[cyoung@saverilawfirm.com](mailto:cyoung@saverilawfirm.com)>; Elissa A. Buchanan <[EABuchanan@saverilawfirm.com](mailto:EABuchanan@saverilawfirm.com)>; Matthew Butterick <[mb@buttericklaw.com](mailto:mb@buttericklaw.com)>; Ruby Ponce <[rponce@saverilawfirm.com](mailto:rponce@saverilawfirm.com)>; Rya Fishman <[rfishman@saverilawfirm.com](mailto:rfishman@saverilawfirm.com)>; Louis Kessler <[Lkessler@saverilawfirm.com](mailto:Lkessler@saverilawfirm.com)>
**Cc:** [openaicopyrightlitigation.lwteam@lw.com](mailto:openaicopyrightlitigation.lwteam@lw.com); OpenAICopyright <[OpenAICopyright@mofo.com](mailto:OpenAICopyright@mofo.com)>; [KVPOAI@keker.com](mailto:KVPOAI@keker.com)
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


Holden – thanks for reaching out. We will need a bit more time to discuss your proposal with our client. Will Plaintiffs agree to reschedule the second discovery letter exchange to tomorrow at 10 AM PT to give us time to get back to you?

Thanks,

Zak

**Zak Newman** (he/him)
Associate
[znewman@mofo.com](mailto:znewman@mofo.com)
T +1 (212) 336-4070

# ꟽORRISON FOERSTER

---

**From:** Holden Benon <[hbenon@saverilawfirm.com](mailto:hbenon@saverilawfirm.com)>
**Sent:** Thursday, July 25, 2024 2:36 PM
**To:** Newman, Zak <[ZNewman@mofo.com](mailto:ZNewman@mofo.com)>; Aaron Cera <[aCera@saverilawfirm.com](mailto:aCera@saverilawfirm.com)>; Bennett, Allyson R. <[ABennett@mofo.com](mailto:ABennett@mofo.com)>; Joseph Saveri <[jsaveri@saverilawfirm.com](mailto:jsaveri@saverilawfirm.com)>; Gratz, Joseph C. <[JGratz@mofo.com](mailto:JGratz@mofo.com)>; Perito, Andrew L. <[APerito@mofo.com](mailto:APerito@mofo.com)>; Ranieri, Vera <[VRanieri@mofo.com](mailto:VRanieri@mofo.com)>; Nikolaides, Eric K. <[ENikolaides@mofo.com](mailto:ENikolaides@mofo.com)>; Cadio Zirpoli <[czirpoli@saverilawfirm.com](mailto:czirpoli@saverilawfirm.com)>; Christopher Young <[cyoung@saverilawfirm.com](mailto:cyoung@saverilawfirm.com)>; Elissa A. Buchanan <[EABuchanan@saverilawfirm.com](mailto:EABuchanan@saverilawfirm.com)>; Matthew Butterick <[mb@buttericklaw.com](mailto:mb@buttericklaw.com)>; Ruby Ponce <[rponce@saverilawfirm.com](mailto:rponce@saverilawfirm.com)>; Rya Fishman <[rfishman@saverilawfirm.com](mailto:rfishman@saverilawfirm.com)>; Louis Kessler <[Lkessler@saverilawfirm.com](mailto:Lkessler@saverilawfirm.com)>
**Cc:** [openaicopyrightlitigation.lwteam@lw.com](mailto:openaicopyrightlitigation.lwteam@lw.com); OpenAICopyright <[OpenAICopyright@mofo.com](mailto:OpenAICopyright@mofo.com)>; [KVPOAI@keker.com](mailto:KVPOAI@keker.com)
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


**External Email**

---

Zak,

Plaintiffs are confident they will prevail on the number of custodians issue, but to remove this from the Court's plate, we are still interested in negotiating in the 18-25 range.

Let us know if Defendants are interested.

Thanks,
Holden

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Wednesday, July 24, 2024 12:02 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butticklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


Holden,

Please find Defendants' portion of the ESI protocol discovery letter attached along with a supporting declaration. As discussed, we'll share any revisions tomorrow at 4 PT.

Thanks,

Zak

**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

# MORRISON FOERSTER

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Tuesday, July 23, 2024 10:10 AM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butticklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Holden,

Defendants agree to a first exchange on Wednesday at 12 PM PT and a second exchange on Thursday at 4 PM PT. I'll reiterate that Defendants reserve their right to make substantive edits following the first exchange to address any new arguments raised by Plaintiffs.

Also, given the late time for the second exchange on Thursday, we expect we may not be in a position to provide our consent to file until Friday.

(In addition to the support we provided you in our email below, Plaintiffs remind OpenAI that their position is more than reasonable considering the NY Plaintiffs take the view that there should be *no* presumptive cap on the number of custodians. *See Authors Guild* Action, ECF No. 138.)

<u>Validation Protocol</u>
You asked that we send you court orders that address search term validation protocols and contain specific terms that were entered by a court. We've already sent you materials from *Cook v. Meta* containing Magistrate Judge Hixson's view on search term validation. We explained to you that the *Kadrey v.* Meta ESI Protocol is modeled after that approach.

In addition, we attach a recent opinion by Magistrate Judge Cisneros in *In re Uber Technologies, Inc.* *Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB (N.D. Cal. Mar. 15, 2024). We point you to pages 9-15 of Judge Cisneros' order, where the court largely adopted Plaintiffs' proposed wording on the validation protocol. *See* Slip Op. at *11 ("The review process that Plaintiffs propose establishes quality-control and quality-assurance procedures to validate Uber's production and ensure a reasonable production consistent with the requirements of Federal Rule of Civil Procedure 26(g).") (citing *In re: 3M Combat Arms Earplug Prods. Liability Litig.* TAR Protocol).

If the parties cannot reach agreement by next week, Plaintiffs will ask Judge Illman to simply follow Judge Cisneros's reasoning and adopt the language that the court approved in *In re Uber*. Judge Hixson's stated approach in *Cook v. Meta* is largely consistent with Judge Cisneros's reasoning.

We look forward to reviewing your counter proposal.

<u>Preservation</u>
We reiterated our basis for striking several terms from the preservation section and we do so again here—those provisions would provide OpenAI with exceptions to their general duty to preserve data; in essence, a "free pass" to delete broad categories of data. The Court would agree that such provisions are not appropriate here where OpenAI has deleted key datasets that go to Plaintiffs' core theories of the case, and OpenAI is actively looking for ways to piece together that data.

So that we can assess whether to reinstate those provisions, we asked OpenAI to provide us with an update on their investigation into the reconstruction of Books1 and Books2 (which we have been requesting for months). From our review of the documents OpenAI has produced thus far, we believe that scraping scripts and web crawler logs might be useful in piecing together that data. OpenAI should provide us a with a substantive written update on its investigation efforts thus far, and what it plans to search.

Please provide us with that update by Monday, July 8.

<u>Discovery Liaisons</u>
You identified Allyson Bennett as one discovery liaison and you said there would be others. Please identify the other individuals by Monday, July 8.

We are available for a meet and confer on Monday, July 8 from 10:30am onward. Please let us know when you are available.

Thank you,

Holden

---

**From:** Holden Benon
**Sent:** Thursday, June 27, 2024 2:30 PM
**To:** 'Newman, Zak' <ZNewman@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; 'Bennett, Allyson R.' <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; 'Gratz, Joseph C.' <JGratz@mofo.com>; 'Perito, Andrew L.' <APerito@mofo.com>; 'Ranieri, Vera' <VRanieri@mofo.com>; 'Nikolaides, Eric K.' <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; openaicopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Zak,

We write to respond to your requests for information in advance of today's call.

Custodian Count

Below is a list of 43 individuals we have identified as proposed custodians based on our review of OpenAI's voluminous *initial* production thus far. Please note our review is ongoing, and Plaintiffs reserve their right to amend or add to this list. The list is non-exhaustive. The bases we provide for each proposed custodian are also non-exhaustive; Plaintiffs continue to learn additional information about these individuals as their review continues.

For the purposes of today's discussion, and due to time constraints, we provide you with 43 names, though we believe an appropriate custodian count is likely to be closer to 50 or more, based information presently available to us. Again, to avoid having to dispute this issue, **Plaintiffs will agree to 35 custodians.** If the issue needs to be briefed, Plaintiffs may submit a longer list with additional bases for each proposed custodian.

We also note from the metadata accompanying OpenAI's recent production of communications to the S.D.N.Y. Plaintiffs that OpenAI has produced documents from files belonging to 22 individual custodians (in addition to custodial files for "OpenAI" and "OpenAI Op CO"). Meanwhile, your last proposal offered to increase the number of custodians to the paltry sum of 12. Please be prepared to explain how you identified the 22 custodians in the S.D.N.Y. Action, and why you did so despite the absence of an entered ESI protocol in that case.

| # | Name | Bases for Inclusion (non-exhaustive) |
|---|------|--------------------------------------|
| 1 | Altman, Sam | Custodian in S.D.N.Y. action; appears on relevant documents concerning regurgitation of training data; other higher relevant documents (*see, e.g.*, OPCO_NDCAL_063847). |
| 2 | Amodei, Dario | Custodian in S.D.N.Y. action; former member of OpenAI OpCo LLC technical staff who had responsibility over the relevant technical |

|   |   |   |
|---|---|---|
|   |   | aspects of GPT-3.5. OpenAI Supp Rog Resp, Rog 15 (4/15/2024); appears on scores of relevant documents concerning shadow libraries; appears on other relevant documents (see, e.g., OPCO_NDCAL_0068557). |
| 3 | Brockman, Greg | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries; appears on other highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 4 | Brown, Tom | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries; appears on relevant documents concerning regurgitation of training data. |
| 5 | Chess, Ben | appears on relevant documents (see, e.g., OPCO_NDCAL_0045342-3); |
| 6 | Clark, Chris | appears on relevant documents concerning regurgitation of training data. |
| 7 | Hallacy, Chris | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries. |
| 8 | Henighan, Tom | appears on scores of relevant documents concerning shadow libraries. |
| 9 | Heidecke, Johannes | Appears on highly relevant documents (see, e.g., OPCO_NDCAL_0003037). |
| 10 | Hoeschele, Peter | Custodian in S.D.N.Y. action; appears on highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 11 | Jin, Denny | Appears on highly relevant documents concerning using books as training data. |
| 12 | Kaplan, Jared | Appears on scores of relevant documents concerning shadow libraries. |
| 13 | Kass, Zach | Custodian in S.D.N.Y. action. |
| 14 | Katz, Mor | Appears on scores of relevant documents concerning shadow libraries. |
| 15 | Knight, Matt | Custodian in S.D.N.Y. action. |
| 16 | Koch, Chris | Custodian in S.D.N.Y. action. |
| 17 | Lampe, Michael | Created a script used for copyright regurgitation |
| 18 | Leike, Jan | Appears on relevant documents (see, e.g., OPCO_NDCAL_0045954). |
| 19 | Lightcap, Brad | Custodian in S.D.N.Y. action; appears on highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 20 | Lowe, Ryan | Appears on relevant hot documents (see, e.g., OPCO_NDCAL_0045954). |
| 21 | Mann, Ben | Custodian in S.D.N.Y. action; former member of OpenAI OpCo LLC technical staff who had responsibility over the relevant technical aspects of GPT-3.5. OpenAI Supp Rog Resp, Rog 15 (4/15/2024); appears on scores of relevant documents concerning shadow libraries. |
| 22 | McGrew, Bob | Custodian in S.D.N.Y. action. |
| 23 | Monaco, Vinnie | Member of OpenAI's technical staff who has responsibility over the technical aspects of ChatGPT, GPT 3.5, and GPT-4. OpenAI Supp Rog Resp re Rog 10 (4/15/2024). |
| 24 | Murati, Mira | Custodian in S.D.N.Y. action; CTO. |

| 25 | Pachoski, Jacob | appears on dozens of relevant documents concerning shadow libraries; appears on other relevant documents (see, e.g., OPCO_NDCAL_0640285-93). |
| 26 | Paino, Alex | Custodian in S.D.N.Y. action;  Member of OpenAI technical staff who "ha[s] responsibility over the relevant technical aspects of ChatGPT, ChatGPT 3.5, and GPT-4." OpenAI Rog Response, Rog 15 (1/26/2024); appears on scores of documents concerning shadow libraries. |
| 27 | Pavlov, Mikhail | Appears on scores of documents concerning shadow libraries. |
| 28 | Pranav, Shyam | Appears on scores of relevant documents concerning shadow libraries. |
| 29 | Radford, Alec | Custodian in S.D.N.Y. action; appears on relevant documents (see, e.g., OPCO_NDCAL_0045341, OPCO_NDCAL_0065403). |
| 30 | Ryder, Nick | Custodian in S.D.N.Y. action;  Member of OpenAI technical staff who "have responsibility over the relevant technical aspects of ChapGPT, ChatGPT 3.5, and GPT-4." OpenAI Rog Reponse, Rog 15 (1/26/2024); appears on scores of relevant documents concerning shadow libraries; appears on other highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 31 | Schulman, John | Custodian in S.D.N.Y. action; appears on highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 32 | Scott, Kevin | Appears on relevant documents concerning regurgitation of training data. |
| 33 | Shantanu, Jain | Appears on scores of relevant documents concerning shadow libraries; appears on highly relevant documents (see, e.g., OPCO_NDCAL_0045341). |
| 34 | Shavit, Yonodav | Appears on relevant documents concerning regurgitation of training data and developing scripts / filters to mitigate copyright regurgitation. |
| 35 | Sohl, Ian | Custodian in S.D.N.Y. action. |
| 36 | Turley, Nicholas | Likely to have relevant information re ChatGPT, GPT 3.5, GPT4. OpenAI Supp Rog Resp, Rog 15 (5/3/2024). |
| 37 | Sutskever, Ilya | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries. |
| 38 | Welinder, Peter | Custodian in S.D.N.Y. action; Likely to have knowledge re OpenAI's marketing materials and intentions for ChatGPT. Rule 26 ID (9/28/2023). |
| 39 | Weng, Lilian | Member of Safety Systems Team who has responsibility for overall safety issues, including related to the training of models used for ChatGPT. OpenAI Supp Rog Resp, Rog 16 (5/3/2024). |
| 40 | Winter, Clemens | Appears on dozens of relevant documents concerning shadow libraries. |
| 41 | Wu, Jeff | Appears on scores of relevant documents concerning shadow libraries; appears on other relevant documents. (see, e.g., OPCO_NDCAL_0045954, OPCO_NDCAL_0065403). |

| 42 | Zaremba, Wojciech | Appears on scores of relevant documents concerning shadow libraries; appears on other documents (see, e.g., OPCO_NDCAL_0640138). |
| 43 | Zoph, Barret | Custodian in S.D.N.Y. action;  appears on highly relevant documents (see, e.g., OPCO_NDCAL_0003037). |

The Court would agree that 35-50 custodians is reasonable in light of the circumstances. See, e.g., *United States v. Allergan, Inc.*, No. 818CV00203JVSKESX, 2021 WL 969215, at *2 (C.D. Cal. Mar. 1, 2021) (increasing total number of custodians to 52); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 WL 2179180, at *6 (E.D. Ark. May 27, 2010) (granting in part Plaintiffs' motion to compel search of five additional custodians increasing total number of custodians to thirty-eight).

If OpenAI believes 35 custodians is inappropriate, OpenAI has the burden to explain why individuals should be removed from the list. *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005) ( "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Plaintiffs would request a copy of an organizational chart to assist the parties in assessing this issue.

Search Term Validation

As for Plaintiffs suggesting tweaks to the validation proposal, it's a combination of responding to OpenAI's changes, and further edits to bring this in line with Judge Hixson's reasoning as set forth in the *Cook v. Meta* transcript we have shared with you.

In OpenAI's last proposal, you struck any reference to further rounds of validation protocol despite judicial support of that practice (*see Cook*); OpenAI insists on doing one round of validation. If Plaintiffs agree to that, Plaintiffs will need additional safeguards to ensure we get it right the first time.

As for authority, we refer you to Judge Hixson's reasoning from *Cook v. Meta*, including the following: "[O]nce the searching has been done *and responsive documents have been produced*, and then the other side can do one or more rounds *after the fact* of looking at the null set . . . you already have a lot of information. You know what the other side ran, you know how good it was, what it found, and you have a sense of what was missed." (Emphasis added.)  Our last round of edits brings us closer to conforming with Judge Hixson's stated approach.

Plaintiffs look forward to discussing this issue in more detail with the parties' respective ESI experts.

Preservation

As we've mentioned, our rationale for striking these terms is based on OpenAI having deleted Books1 and Books2, and its currently ongoing efforts to reconstruct those datasets. From what we understand from the information made available to us thus far, Slack messages also appear to have been deleted.

We'll see you on the call at 3:30pm.


Holden

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Monday, June 24, 2024 9:06 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R. <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito, Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butticklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


Holden,

Thanks for the draft. We are reviewing the rest of Plaintiffs' edits but would propose to meet and confer on the below three items. We have a couple of information requests below and would hope to consider your response ahead of the meet and confer. If that's possible ahead of a call tomorrow, we're available 3:30-5 PT. If you need more time, our next availability is Thursday 2:30-5 PT.

- **Custodian Count.** Plaintiffs' request for a minimum of 35 custodians is extraordinary. Please identify the 35 proposed custodians and the basis for your apparent position that each of them is likely to have relevant, non-duplicative discoverable information. Please provide that to us before the meet and confer.
- **Search Term Validation.** This latest proposed search term testing protocol is a fundamental departure from Plaintiffs' last proposal and is the *fourth* distinct methodology Plaintiffs have proposed. Plaintiffs' changing position on this issue is delaying entry of an ESI protocol and slowing discovery in this case more broadly. We have also never heard of negotiating search terms *after* conducting the document review, as Plaintiffs seem to propose. Setting aside the burden considerations (which are significant), we don't see how Plaintiffs' proposed review-test-review sequence allows for production of documents by any given substantial completion deadline. We would like to meet and confer to better understand your position that this protocol is appropriate. Please send any supporting authority in advance of the meet and confer.
- **Preservation.** We'd like to better understand the rationale behind your edits in hopes of reaching a compromise position here.

Thanks,

Zak

**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

**ΙΙΙORRISON**
**FOERSTER**

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Monday, June 24, 2024 9:21 AM

(In addition to the support we provided you in our email below, Plaintiffs remind OpenAI that their position is more than reasonable considering the NY Plaintiffs take the view that there should be *no* presumptive cap on the number of custodians. *See Authors Guild* Action, ECF No. 138.)

Validation Protocol

You asked that we send you court orders that address search term validation protocols and contain specific terms that were entered by a court. We've already sent you materials from *Cook v. Meta* containing Magistrate Judge Hixson's view on search term validation. We explained to you that the *Kadrey v. Meta* ESI Protocol is modeled after that approach.

In addition, we attach a recent opinion by Magistrate Judge Cisneros in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB (N.D. Cal. Mar. 15, 2024). We point you to pages 9-15 of Judge Cisneros' order, where the court largely adopted Plaintiffs' proposed wording on the validation protocol. *See* Slip Op. at *11 ("The review process that Plaintiffs propose establishes quality-control and quality-assurance procedures to validate Uber's production and ensure a reasonable production consistent with the requirements of Federal Rule of Civil Procedure 26(g).") (citing *In re: 3M Combat Arms Earplug Prods. Liability Litig.* TAR Protocol).

If the parties cannot reach agreement by next week, Plaintiffs will ask Judge Illman to simply follow Judge Cisneros's reasoning and adopt the language that the court approved in *In re Uber*. Judge Hixson's stated approach in *Cook v. Meta* is largely consistent with Judge Cisneros's reasoning.

We look forward to reviewing your counter proposal.

Preservation

We reiterated our basis for striking several terms from the preservation section and we do so again here—those provisions would provide OpenAI with exceptions to their general duty to preserve data; in essence, a "free pass" to delete broad categories of data. The Court would agree that such provisions are not appropriate here where OpenAI has deleted key datasets that go to Plaintiffs' core theories of the case, and OpenAI is actively looking for ways to piece together that data.

So that we can assess whether to reinstate those provisions, we asked OpenAI to provide us with an update on their investigation into the reconstruction of Books1 and Books2 (which we have been requesting for months). From our review of the documents OpenAI has produced thus far, we believe that scraping scripts and web crawler logs might be useful in piecing together that data. OpenAI should provide us a with a substantive written update on its investigation efforts thus far, and what it plans to search.

Please provide us with that update by Monday, July 8.

Discovery Liaisons

You identified Allyson Bennett as one discovery liaison and you said there would be others. Please identify the other individuals by Monday, July 8.

We are available for a meet and confer on Monday, July 8 from 10:30am onward. Please let us know when you are available.

Thank you,

Holden

---

**From:** Holden Benon
**Sent:** Thursday, June 27, 2024 2:30 PM
**To:** 'Newman, Zak' <ZNewman@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; 'Bennett, Allyson R.' <ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; 'Gratz, Joseph C.' <JGratz@mofo.com>; 'Perito, Andrew L.' <APerito@mofo.com>; 'Ranieri, Vera' <VRanieri@mofo.com>; 'Nikolaides, Eric K.' <ENikolaides@mofo.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** openaicopyrightlitigation.lwteam@lw.com; openaicopyright@mofo.com; KVPOAI@keker.com
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Zak,

We write to respond to your requests for information in advance of today's call.

<u>Custodian Count</u>

Below is a list of 43 individuals we have identified as proposed custodians based on our review of OpenAI's voluminous *initial* production thus far. Please note our review is ongoing, and Plaintiffs reserve their right to amend or add to this list. The list is non-exhaustive. The bases we provide for each proposed custodian are also non-exhaustive; Plaintiffs continue to learn additional information about these individuals as their review continues.

For the purposes of today's discussion, and due to time constraints, we provide you with 43 names, though we believe an appropriate custodian count is likely to be closer to 50 or more, based information presently available to us. Again, to avoid having to dispute this issue, **Plaintiffs will agree to 35 custodians.** If the issue needs to be briefed, Plaintiffs may submit a longer list with additional bases for each proposed custodian.

We also note from the metadata accompanying OpenAI's recent production of communications to the S.D.N.Y. Plaintiffs that OpenAI has produced documents from files belonging to 22 individual custodians (in addition to custodial files for "OpenAI" and "OpenAI Op CO"). Meanwhile, your last proposal offered to increase the number of custodians to the paltry sum of 12. Please be prepared to explain how you identified the 22 custodians in the S.D.N.Y. Action, and why you did so despite the absence of an entered ESI protocol in that case.

| # | Name | Bases for Inclusion (non-exhaustive) |
|---|------|--------------------------------------|
| 1 | Altman, Sam | Custodian in S.D.N.Y. action; appears on relevant documents concerning regurgitation of training data; other higher relevant documents (*see, e.g.*, OPCO_NDCAL_063847). |
| 2 | Amodei, Dario | Custodian in S.D.N.Y. action; former member of OpenAI OpCo LLC technical staff who had responsibility over the relevant technical |

| | | aspects of GPT-3.5. OpenAI Supp Rog Resp, Rog 15 (4/15/2024); appears on scores of relevant documents concerning shadow libraries; appears on other relevant documents (see, e.g., OPCO_NDCAL_0068557). |
|---|---|---|
| 3 | Brockman, Greg | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries; appears on other highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 4 | Brown, Tom | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries; appears on relevant documents concerning regurgitation of training data. |
| 5 | Chess, Ben | appears on relevant documents (see, e.g., OPCO_NDCAL_0045342-3); |
| 6 | Clark, Chris | appears on relevant documents concerning regurgitation of training data. |
| 7 | Hallacy, Chris | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries. |
| 8 | Henighan, Tom | appears on scores of relevant documents concerning shadow libraries. |
| 9 | Heidecke, Johannes | Appears on highly relevant documents (see, e.g., OPCO_NDCAL_0003037). |
| 10 | Hoeschele, Peter | Custodian in S.D.N.Y. action; appears on highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 11 | Jin, Denny | Appears on highly relevant documents concerning using books as training data. |
| 12 | Kaplan, Jared | Appears on scores of relevant documents concerning shadow libraries. |
| 13 | Kass, Zach | Custodian in S.D.N.Y. action. |
| 14 | Katz, Mor | Appears on scores of relevant documents concerning shadow libraries. |
| 15 | Knight, Matt | Custodian in S.D.N.Y. action. |
| 16 | Koch, Chris | Custodian in S.D.N.Y. action. |
| 17 | Lampe, Michael | Created a script used for copyright regurgitation |
| 18 | Leike, Jan | Appears on relevant documents (see, e.g., OPCO_NDCAL_0045954). |
| 19 | Lightcap, Brad | Custodian in S.D.N.Y. action; appears on highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 20 | Lowe, Ryan | Appears on relevant hot documents (see, e.g., OPCO_NDCAL_0045954). |
| 21 | Mann, Ben | Custodian in S.D.N.Y. action; former member of OpenAI OpCo LLC technical staff who had responsibility over the relevant technical aspects of GPT-3.5. OpenAI Supp Rog Resp, Rog 15 (4/15/2024); appears on scores of relevant documents concerning shadow libraries. |
| 22 | McGrew, Bob | Custodian in S.D.N.Y. action. |
| 23 | Monaco, Vinnie | Member of OpenAI's technical staff who has responsibility over the technical aspects of ChatGPT, GPT 3.5, and GPT-4. OpenAI Supp Rog Resp re Rog 10 (4/15/2024). |
| 24 | Murati, Mira | Custodian in S.D.N.Y. action; CTO. |

| 25 | Pachoski, Jacob | appears on dozens of relevant documents concerning shadow libraries; appears on other relevant documents (see, e.g., OPCO_NDCAL_0640285-93). |
|----|-----------------|------------------------------------------------------------------------------------------------------------------------------------------|
| 26 | Paino, Alex | Custodian in S.D.N.Y. action;  Member of OpenAI technical staff who "ha[s] responsibility over the relevant technical aspects of ChatGPT, ChatGPT 3.5, and GPT-4." OpenAI Rog Response, Rog 15 (1/26/2024); appears on scores of documents concerning shadow libraries. |
| 27 | Pavlov, Mikhail | Appears on scores of documents concerning shadow libraries. |
| 28 | Pranav, Shyam | Appears on scores of relevant documents concerning shadow libraries. |
| 29 | Radford, Alec | Custodian in S.D.N.Y. action; appears on relevant documents (see, e.g., OPCO_NDCAL_0045341, OPCO_NDCAL_0065403). |
| 30 | Ryder, Nick | Custodian in S.D.N.Y. action;  Member of OpenAI technical staff who "have responsibility over the relevant technical aspects of ChapGPT, ChatGPT 3.5, and GPT-4." OpenAI Rog Reponse, Rog 15 (1/26/2024); appears on scores of relevant documents concerning shadow libraries; appears on other highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 31 | Schulman, John | Custodian in S.D.N.Y. action; appears on highly relevant documents (see, e.g., OPCO_NDCAL_063847). |
| 32 | Scott, Kevin | Appears on relevant documents concerning regurgitation of training data. |
| 33 | Shantanu, Jain | Appears on scores of relevant documents concerning shadow libraries; appears on highly relevant documents (see, e.g., OPCO_NDCAL_0045341). |
| 34 | Shavit, Yonodav | Appears on relevant documents concerning regurgitation of training data and developing scripts / filters to mitigate copyright regurgitation. |
| 35 | Sohl, Ian | Custodian in S.D.N.Y. action. |
| 36 | Turley, Nicholas | Likely to have relevant information re ChatGPT, GPT 3.5, GPT4. OpenAI Supp Rog Resp, Rog 15 (5/3/2024). |
| 37 | Sutskever, Ilya | Custodian in S.D.N.Y. action; appears on scores of relevant documents concerning shadow libraries. |
| 38 | Welinder, Peter | Custodian in S.D.N.Y. action; Likely to have knowledge re OpenAI's marketing materials and intentions for ChatGPT. Rule 26 ID (9/28/2023). |
| 39 | Weng, Lilian | Member of Safety Systems Team who has responsibility for overall safety issues, including related to the training of models used for ChatGPT. OpenAI Supp Rog Resp, Rog 16 (5/3/2024). |
| 40 | Winter, Clemens | Appears on dozens of relevant documents concerning shadow libraries. |
| 41 | Wu, Jeff | Appears on scores of relevant documents concerning shadow libraries; appears on other relevant documents. (see, e.g., OPCO_NDCAL_0045954, OPCO_NDCAL_0065403). |

| 42 | Zaremba, Wojciech | Appears on scores of relevant documents concerning shadow libraries; appears on other documents (see, e.g., OPCO_NDCAL_0640138). |
| 43 | Zoph, Barret | Custodian in S.D.N.Y. action;  appears on highly relevant documents (see, e.g., OPCO_NDCAL_0003037). |

The Court would agree that 35-50 custodians is reasonable in light of the circumstances. See, e.g., *United States v. Allergan, Inc.*, No. 818CV00203JVSKESX, 2021 WL 969215, at *2 (C.D. Cal. Mar. 1, 2021) (increasing total number of custodians to 52); *Helmert v. Butterball, LLC*, No. 4:08CV00342 JLH, 2010 WL 2179180, at *6 (E.D. Ark. May 27, 2010) (granting in part Plaintiffs' motion to compel search of five additional custodians increasing total number of custodians to thirty-eight).

If OpenAI believes 35 custodians is inappropriate, OpenAI has the burden to explain why individuals should be removed from the list. *Sullivan v. Prudential Ins. Co. of Am.*, 233 F.R.D. 573, 575 (C.D. Cal. 2005) ( "The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). Plaintiffs would request a copy of an organizational chart to assist the parties in assessing this issue.

Search Term Validation

As for Plaintiffs suggesting tweaks to the validation proposal, it's a combination of responding to OpenAI's changes, and further edits to bring this in line with Judge Hixson's reasoning as set forth in the *Cook v. Meta* transcript we have shared with you.

In OpenAI's last proposal, you struck any reference to further rounds of validation protocol despite judicial support of that practice (*see Cook*); OpenAI insists on doing one round of validation. If Plaintiffs agree to that, Plaintiffs will need additional safeguards to ensure we get it right the first time.

As for authority, we refer you to Judge Hixson's reasoning from *Cook v. Meta*, including the following: "[O]nce the searching has been done *and responsive documents have been produced*, and then the other side can do one or more rounds *after the fact* of looking at the null set . . . you already have a lot of information. You know what the other side ran, you know how good it was, what it found, and you have a sense of what was missed." (Emphasis added.)  Our last round of edits brings us closer to conforming with Judge Hixson's stated approach.

Plaintiffs look forward to discussing this issue in more detail with the parties' respective ESI experts.

Preservation

As we've mentioned, our rationale for striking these terms is based on OpenAI having deleted Books1 and Books2, and its currently ongoing efforts to reconstruct those datasets. From what we understand from the information made available to us thus far, Slack messages also appear to have been deleted.

We'll see you on the call at 3:30pm.


Holden

**From:** Newman, Zak <ZNewman@mofo.com>
**Sent:** Monday, June 24, 2024 9:06 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Aaron Cera <aCera@saverilawfirm.com>; Bennett, Allyson R.
<ABennett@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Gratz, Joseph C. <JGratz@mofo.com>; Perito,
Andrew L. <APerito@mofo.com>; Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>;
Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan
<EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butterlcklaw.com>; Ruby Ponce
<rponce@saverilawfirm.com>; Rya Fishman <rfishman@saverilawfirm.com>; Louis Kessler
<Lkessler@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; Latham OpenAI Copyright Team
<openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


Holden,

Thanks for the draft. We are reviewing the rest of Plaintiffs' edits but would propose to meet and confer on the below three items. We have a couple of information requests below and would hope to consider your response ahead of the meet and confer. If that's possible ahead of a call tomorrow, we're available 3:30-5 PT. If you need more time, our next availability is Thursday 2:30-5 PT.

- **Custodian Count.** Plaintiffs' request for a minimum of 35 custodians is extraordinary. Please identify the 35 proposed custodians and the basis for your apparent position that each of them is likely to have relevant, non-duplicative discoverable information. Please provide that to us before the meet and confer.
- **Search Term Validation.**  This latest proposed search term testing protocol is a fundamental departure from Plaintiffs' last proposal and is the *fourth* distinct methodology Plaintiffs have proposed. Plaintiffs' changing position on this issue is delaying entry of an ESI protocol and slowing discovery in this case more broadly. We have also never heard of negotiating search terms *after* conducting the document review, as Plaintiffs seem to propose. Setting aside the burden considerations (which are significant), we don't see how Plaintiffs' proposed review-test-review sequence allows for production of documents by any given substantial completion deadline. We would like to meet and confer to better understand your position that this protocol is appropriate.  Please send any supporting authority in advance of the meet and confer.
- **Preservation.** We'd like to better understand the rationale behind your edits in hopes of reaching a compromise position here.

Thanks,

Zak


**Zak Newman** (he/him)
Associate
znewman@mofo.com
T +1 (212) 336-4070

**ꟿ ORRISON**
**FOERSTER**

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Monday, June 24, 2024 9:21 AM

Plaintiffs disagree with OpenAI's characterization of our last proposal. The parties are negotiating, and Plaintiffs are free to propose alternatives as part of those compromise discussions.

Setting that aside, we've explained to you why we believe the model patent order that was entered in *GitHub* is inappropriate. OpenAI's renewed proposal of the model patent order is a reversal of course and brings the Parties further from agreement. As such, Plaintiffs believe the Parties are at an impasse, and the Parties' competing ESI Protocols should be brought before the Court.

In addition to moving papers consistent with J. Illman's standing order, Plaintiffs intend to present exhibits in support of their ESI Protocol. Tomorrow, Plaintiffs plan to file a letter to the Court seeking leave to include exhibits to the joint letter brief on the ESI protocol issue. Specifically, Plaintiffs will seek leave to include the following exhibits:

1. Plaintiffs' Proposed ESI Protocol

2. Declaration from Former Chief Judge Randall Rader, who was intimately involved in drafting the model patent order, and will offer testimony regarding the purpose of the model patent order.

3. Declaration from Tara Shaun Emory, Senior Vice President of Legal AI Strategy & General Counsel of Redgrave Strategic Data Solutions, LLC, an ESI specialist who will offer testimony regarding the language proposed in Plaintiffs' Proposed ESI protocol.

Defendants are, of course, free to offer their own exhibits. Should Defendants intend to do so, the Court may appreciate a joint filing.

Please let us know by tomorrow at 2pm so that we can be prepared to file by the close of business tomorrow.

Thank you,

Holden

---

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Monday, May 20, 2024 11:02 AM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@but!ericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>

**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Holden,

We proposed an ESI order based on the Doe order on February 16.  You waited until April 10 to get back to us, with a completely different proposed order.  We have been negotiating that order in good faith, and now on May 16 you have sent us a draft order with yet a third approach.  This is not an efficient use of the parties' resources, and is holding up the litigation.

Please confirm whether you agree to the compromise order we proposed on May 13.  Otherwise, we will plan to submit to the Court the order that we sent you on February 16 (although we intend to propose 10 custodians, as we informed you on April 18), which is based on the Northern California model patent order and the order that Judge Tigar entered in the Doe case.  As we have previously told you, we believe that is the appropriate starting point.  While we were willing to consider the order that you sent us on April 10 to try to avoid an unnecessary dispute, if we have to brief the issue, we will be proposing the order that we believe is most appropriate.

Thanks,

Vera

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Thursday, May 16, 2024 9:43 PM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butticklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

**External Email**

---

Vera,

Attached is our proposal as a clean copy and separate redlined copy showing our changes to Defendants' last proposal.

Regarding the validation protocol, we've proposed a different structure in this iteration; however, Plaintiffs would be fine with using the validation structure endorsed by Judge Hixson as an alternative. In the event the parties move forward with the Judge Hixson validation framework, Plaintiffs would propose a 98/2 confidence level/margin of error sample set (as opposed to 95/5 which is specified in Judge Hixson's order). In exchange, Plaintiffs would agree to Defendants' proposed edits to paragraph 9.D.

We've moved Exhibit A to a separate document (attached), where we've accepted some of Defendants' redlines, rejected others, and proposed some new language. You will also see we propose adding a new column to the table. For your reference, we are also attaching a redline entitled "Exhibit A Compare Doc" showing all changes made to Exhibit A, including formatting changes. The formatting redlines are unwieldy, so we refer you to the "OpenAI ESI Protocol Exhibit A + JSLF" document which is a simplified redline.

Please provide a counterproposal by end of day Wednesday (5/22). While Plaintiffs remain open to negotiation, we are nearing the end of our rope both in terms of timing and our ability to move from the terms we've proposed here. Unless the parties are nearing agreement on this by next week, Plaintiffs will be looking to seek relief from the Court with respect to any items that remain in dispute.

Plaintiffs continue to reserve all rights.

Thank you,

Holden

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Thursday, May 16, 2024 10:17 AM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>
**Subject:** Re: In Re OpenAI ChatGPT Litigation | ESI Protocol

Hi Vera,

We'll be circulating our proposal later today.

Thanks,

Holden

---

**From:** Ranieri, Vera <VRanieri@mofo.com>
**Sent:** Thursday, May 16, 2024 8:07 AM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com <openaicopyrightlitigation.lwteam@lw.com>; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


Holden,


You mentioned on our meet and confer that you would be sending proposed revisions to the ESI order yesterday.  I don't believe I saw them.  Apologies if I missed it.


Thanks,


Vera

---

**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Tuesday, May 14, 2024 2:36 PM
**To:** Ranieri, Vera <VRanieri@mofo.com>; Nikolaides, Eric K. <ENikolaides@mofo.com>; Aaron Cera <aCera@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttericklaw.com>; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>; Louis Kessler <Lkessler@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com; KVP-OAI <KVPOAI@keker.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol


<mark>External Email</mark>

---

Thanks, Vera.

**From:** Nikolaides, Eric K. <ENikolaides@mofo.com>
**Sent:** Thursday, April 18, 2024 10:34 AM
**To:** Holden Benon <hbenon@saverilawfirm.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butterucklaw.com>; Aaron Cera <aCera@saverilawfirm.com>; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>
**Cc:** OpenAICopyright <OpenAICopyright@mofo.com>; openaicopyrightlitigation.lwteam@lw.com
**Subject:** RE: In Re OpenOpenAICopyright <OpenAICopyright@mofo.com>AI ChatGPT Litigation | ESI Protocol

Holden,

OpenAI does not agree to use a version of the *Kadrey v. Meta* ESI order, which departs significantly from the Northern District model order. In the spirit of compromise, we are willing to increase the number of custodians from 5 to 10. But we otherwise see no reason to depart from the ESI order entered in the Copilot case. Please see an updated proposal attached.

Best,

Eric

**Eric K. Nikolaides**
**Associate**
ENikolaides@mofo.com
T +1 (212) 336-4061



**From:** Holden Benon <hbenon@saverilawfirm.com>
**Sent:** Wednesday, April 17, 2024 5:02 PM
**To:** Lee, Rose S. <RoseLee@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Wong, Melody Ellen <MelodyWong@mofo.com>; Gratz, Joseph C. <JGratz@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butterucklaw.com>; Aaron Cera <aCera@saverilawfirm.com>; openaicopyrightlitigation.lwteam@lw.com; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

<mark>External Email</mark>

Counsel,

Following up on this once again. If you need more time to discuss with your client, let us know when we can expect to hear from you. If you want to discuss with us, let us know when you are available this week. But if Defendants continue to remain silent then we're going to bring this to the court's attention as this is slowing down the discovery process.

Thank you,

Holden

---

**From:** Holden Benon
**Sent:** Tuesday, April 16, 2024 12:30 PM
**To:** Lee, Rose S. <RoseLee@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Wong, Melody Ellen <MelodyWong@mofo.com>; Gratz, Joseph C. <JGratz@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>; Aaron Cera <aCera@saverilawfirm.com>; openaicopyrightlitigation.lwteam@lw.com; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Hi Rose,

Following up on this. Please let us know if you want to discuss anything.

Thanks,

Holden

---

**From:** Holden Benon
**Sent:** Wednesday, April 10, 2024 4:57 PM
**To:** Lee, Rose S. <RoseLee@mofo.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Wong, Melody Ellen <MelodyWong@mofo.com>; Gratz, Joseph C. <JGratz@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@butericklaw.com>; Aaron Cera <aCera@saverilawfirm.com>; openaicopyrightlitigation.lwteam@lw.com; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Rose,

Thanks for your patience.

We propose a version of the ESI Order that was entered by the Court today in *Kadrey v. Meta*. (Attached for your quick reference.) This stipulated order was the result of weeks of negotiation. The terms reflected in this ESI protocol are well-suited for this matter given overlap with *Kadrey v. Meta*. By the same token, we do not believe the Copilot version you proposed is appropriate here.

Our proposed version for this matter is attached.

Please let us know if you would like to discuss.

Thank you,

Holden

---

**From:** Lee, Rose S. <RoseLee@mofo.com>
**Sent:** Friday, February 16, 2024 3:10 PM
**To:** Holden Benon <hbenon@saverilawfirm.com>; OpenAICopyright <OpenAICopyright@mofo.com>; Wong, Melody Ellen <MelodyWong@mofo.com>; Gratz, Joseph C. <JGratz@mofo.com>; Joseph Saveri <jsaveri@saverilawfirm.com>; Cadio Zirpoli <czirpoli@saverilawfirm.com>; Christopher Young <cyoung@saverilawfirm.com>; Travis Manfredi <tmanfredi@saverilawfirm.com>; Elissa A. Buchanan <EABuchanan@saverilawfirm.com>; Matthew Butterick <mb@buttoricklaw.com>; Aaron Cera <aCera@saverilawfirm.com>; openaicopyrightlitigation.lwteam@lw.com; Ruby Ponce <rponce@saverilawfirm.com>; Heaven Haile <hhaile@saverilawfirm.com>
**Subject:** RE: In Re OpenAI ChatGPT Litigation | ESI Protocol

Counsel,

Please see attached OpenAI's proposed ESI Order.  As we mentioned in December and during the parties' meet and confers, we do not see a basis to depart from the entered Copilot version.

Best regards,
Rose

**Rose S. Lee**
roselee@mofo.com
T +1 (213) 892-5355
M +1 (213) 327-5074