1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| 7  PAUL TREMBLAY, et al., | Case No. 23-cv-03223-AMO |
| 8          Plaintiffs, | |
| 9      v. | **ORDER GRANTING PLAINTIFFS' MOTION FOR RELIEF FROM DISCOVERY ORDER** |
| 10  OPENAI, INC., et al., | |
| 11          Defendants. | Re: Dkt. No. 157 |

12

13        Pursuant to Federal Rule of Civil Procedure 72(a) and Northern District of California Civil

14   Local Rule 72-2, Plaintiffs move for relief from Magistrate Judge Robert M. Illman's

15   Nondispositive Pretrial Order (ECF 154 "Order").  ECF 157 ("Mot").  The Order granted

16   Defendants' request to compel OpenAI account information, prompts, and outputs for Plaintiffs'

17   testing of ChatGPT in connection with their pre-suit investigation.  On July 15, 2024, this Court

18   gave Defendants an opportunity to respond to Plaintiffs' motion for relief.  *See* ECF 159.

19   Defendants filed a response on July 24, 2024.  ECF 161.  Having read the parties' papers and

20   carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS**

21   Plaintiffs' motion for the following reasons.

22   **I.      BACKGROUND**

23        Plaintiffs, on behalf of themselves and a putative class, assert a claim for direct copyright

24   infringement against OpenAI.  First Consolidated Amended Complaint ("FCAC") (ECF 120).

25   Plaintiffs allege that Defendants' ChatGPT is powered by software programs known as large

26   language models, which were trained through "copying massive amounts of text and extracting

27   expressive information from it."  FCAC ¶ 2.  They allege that their copyrighted books were used

28   to train ChatGPT and that when prompted, ChatGPT generates accurate summaries of their works.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   FCAC ¶¶ 4-5, 51.  Plaintiffs attached to their FCAC an exhibit – Exhibit B – that has prompts used

2   to ask ChatGPT to summarize in detail various parts of Plaintiffs' books, as well as the outputs

3   produced by ChatGPT.  FCAC ¶ 51; FAC Ex. B (ECF 12-2) at 2-40.

4          OpenAI served a document request on Plaintiffs ("RFP 9"), which Defendants

5   subsequently narrowed to seek: "(a) the OpenAI account information for individuals who used

6   ChatGPT to investigate Plaintiffs' claims; and (b) the prompts and outputs for Plaintiffs' testing of

7   ChatGPT in connection with their pre-suit ChatGPT testing, including prompts and outputs that

8   did not reproduce or summarize Plaintiffs' works or otherwise support Plaintiffs' claims, along

9   with documentation of Plaintiffs' testing process."  ECF 153 at 1.  Plaintiffs offered to produce

10  "full threads of the prompts and outputs" that led to the examples attached in Exhibit B to the

11  FCAC.  *Id.*  However, Plaintiffs refused to produce prompts and outputs that were not used in the

12  FCAC, and which did not reproduce or summarize Plaintiffs' works or support their claims.  *Id.* at

13  2-3.

14         Plaintiffs and Defendants filed a joint discovery statement as required by Magistrate Judge

15  Illman's standing order.  Judge Illman granted Defendants' request to compel (1) OpenAI account

16  information for individuals who used ChatGPT to investigate Plaintiffs' claims; (2) the prompts

17  and outputs for Plaintiffs' testing of ChatGPT in connection with their pre-suit testing, including

18  prompts and outputs that did not reproduce, summarize, or support Plaintiffs' claims; and

19  (3) documentation of Plaintiffs' testing process.  ECF 154 at 7.  The instant motion followed.

20  ## II.    LEGAL STANDARD

21         The standard for review of a magistrate judge's non-dispositive ruling under Federal Rule

22  of Civil Procedure 72(a) is highly deferential.  "The reviewing court may not simply substitute its

23  judgment for that of the deciding court."  *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th

24  Cir. 1991).  Instead, "[a] non-dispositive order entered by a magistrate must be deferred to unless

25  it is 'clearly erroneous or contrary to law.'"  *Id.* (quoting Fed. R. Civ. P. 72(a)).  "There is clear

26  error only when the court is 'left with the definite and firm conviction that a mistake has been

27  committed.'"  *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting

28  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)).  "A decision may be contrary to law if it fails to

apply or misapplies relevant statutes, case law, or rules of procedure." *Rojas v. Bosch Solar Energy Corp.*, No. 18-CV-05841-BLF, 2020 WL 6557547, at \*3 (N.D. Cal. July 20, 2020) (citation omitted).

## III.    DISCUSSION

The Order grants Defendants' request to compel, finding that the account settings and negative test results are fact work product, that Plaintiffs waived the ability to assert work product protection by placing a large subset of those facts in the FCAC and Exhibit B, and that an evaluation of the negative results and account settings is necessary to Defendants' ability to understand Plaintiffs' positive results.  ECF 154 at 5-6.  Plaintiffs challenge each of these findings as clear error or contrary to law.

Federal Rule of Civil Procedure 26 protects disclosure of documents and tangible things "prepared in anticipation of litigation or for trial."  Fed. R. Civ. P. 26(b)(3)(A); *see In re Grand Jury Subpoena (Mark Torf/Torf Env't Mgmt.)*, 357 F.3d 900, 906 (9th Cir. 2004).  Unlike fact work product, "opinion work product" includes "an attorney's mental impressions, conclusions, opinions, or legal theories developed in anticipation of litigation." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 869 n.3 (9th Cir. 2014); *see* Fed. R. Civ. P. 26(b)(3)(B).  It "is virtually undiscoverable." *Mackay*, 742 F.3d at 869 n.3 (citations omitted).

The Order found that the ChatGPT account settings and negative test results are "more in the nature of fact work product than opinion work product" because they are "more in the nature of bare facts."  ECF 154 at 5-6.  This is a misapplication of law as the ChatGPT prompts were queries crafted by counsel and contain counsel's mental impressions and opinions about how to interrogate ChatGPT, in an effort to vindicate Plaintiffs' copyrights against the alleged infringements.  *See Mackay*, 742 F.3d at 869 n.3.

Plaintiffs also take issue with the Order's broad finding of waiver as contrary to law. While the central purpose of the work-product doctrine is to "prevent exploitation of a party's efforts in preparing for litigation," it is a "qualified" privilege that can be waived by a litigant by "reveal[ing] or plac[ing] the work product at issue during the course of litigation." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (citations omitted).  "[C]ourts differentiate

United States District Court
Northern District of California

1   between a waiver of factual work product and a waiver of opinion work product." *Munguia-*

2   *Brown v. Equity Residential*, 337 F.R.D. 509, 516 (N.D. Cal. 2021). Waiver of fact work product

3   extends to the subject matter of the disclosed work product. *See Hernandez v. Tanninen*, 604 F.3d

4   1095, 1100 (9th Cir. 2010) (concluding that disclosure of attorney notes constituted a waiver over

5   the subject matter of the disclosed notes). The scope of any waiver "must be closely tailored . . .

6   to the needs of the opposing party" and courts must "be careful to impose a waiver no broader than

7   needed to ensure the fairness of the proceedings before it." *Sanmina*, 968 F.3d at 1122, 1124.

8   However, opinion work product is discoverable by waiver only where "mental impressions are at

9   issue in a case and the need for the material is compelling." *Id.* at 1124-25 (quoting *Holmgren v.*

10   *State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992)); *see In re Cathode Ray Tube*

11   *Antitrust Litig.*, No. 07-CV-05944-JST, 2023 WL 5667880, at *5 (N.D. Cal. July 6, 2023).

12      Because the Order determined that the prompts and outputs were fact work product, the

13   Order concluded that broad subject matter waiver applied, and that Plaintiffs had waived the

14   privilege as to all account settings, prompts, and outputs for Plaintiffs' testing of ChatGPT. ECF

15   154 at 6.[1] While a narrow subject matter waiver would apply to fact work product revealed by

16   counsel, applying subject matter waiver here is inapposite to Ninth Circuit law related to waiver of

17   opinion work product.

18      The Order did not conclude – nor did Defendants show – that counsel's mental

19   impressions are at issue here or that Defendants have a compelling need for the material. *See*

20   *Sanmina*, 968 F.3d at 1125; *see also Upjohn Co. v. United States*, 449 U.S. 383, 401 (1981)

21   ("[S]uch work product cannot be disclosed simply on a showing of substantial need and inability

22   to obtain the equivalent without undue hardship."). Indeed, without further support, Defendants

23   state that the information is necessary to test Plaintiffs' allegations, ECF 153 at 3, and the Order

24   finds that the negative test results and account settings "appear[] likely to aid in Defendants'

25   understanding of Plaintiff's positive results . . . ." ECF 154 at 6. Thus, it was improper to extend

26

27   _____

28   [1] The Order also stated that subject matter waiver would apply even if the work product at issue here were opinion work product, ECF 154 at 6, however that misstates the law. *See Sanmina*, 968 F.3d at 1125.

the scope of the waiver to opinion work product not disclosed in the operative complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion for relief.  The Court **DENIES** Defendants' request to compel production of all negative testing results and the documentation of the testing process.  To the extent they have not already, Plaintiffs shall disclose the prompts, outputs, and account settings used for the inputs for the positive testing results referred to and disclosed in the FCAC.


**IT IS SO ORDERED.**

Dated: August 8, 2024


_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

United States District Court
Northern District of California