| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676) | ANDREW M. GASS (SBN 259694) |
| JGratz@mofo.com | Andrew.Gass@lw.com |
| TIFFANY CHEUNG (CA SBN 211497) | JOSEPH R. WETZEL (SBN 238008) |
| TCheung@mofo.com | Joe.Wetzel@lw.com |
| VERA RANIERI (CA SBN 271594) | LATHAM & WATKINS LLP |
| VRanieri@mofo.com | 505 Montgomery Street, Suite 2000 |
| JOYCE C. LI (CA SBN 323820) | San Francisco, California 94111 |
| JoyceLi@mofo.com | Telephone:     (415) 391-0600 |
| MELODY E. WONG (SBN 341494) | |
| MelodyWong@mofo.com | ROBERT A. VAN NEST (CA SBN 84065) |
| MORRISON & FOERSTER LLP | rvannest@keker.com |
| 425 Market Street, | R. JAMES SLAUGHTER (CA SBN 192813) |
| San Francisco, California 94105-2482 | rslaughter@keker.com |
| Telephone:     (415) 268-7000 | PAVEN MALHOTRA (CA SBN 258429) |
| Facsimile:     (415) 268-7522 | pmalhotra@keker.com |
| | MICHELLE S. YBARRA (CA SBN 260697) |
| ALLYSON R. BENNETT (CA SBN 302090) | mybarra@keker.com |
| ABennett@mofo.com | NICHOLAS S. GOLDBERG (CA SBN 273614) |
| ROSE S. LEE (CA SBN 294658) | ngoldberg@keker.com |
| RoseLee@mofo.com | THOMAS E. GORMAN (279409) |
| ALEXANDRA M. WARD (CA SBN 318042) | tgorman@keker.com |
| AlexandraWard@mofo.com | KATIE LYNN JOYCE (308263) |
| MORRISON & FOERSTER LLP | kjoyce@keker.com |
| 707 Wilshire Boulevard | KEKER, VAN NEST & PETERS LLP |
| Los Angeles, California 90017-3543 | 633 Battery Street |
| Telephone:     (213) 892-5200 | San Francisco, CA 94111-1809 |
| Facsimile:     (213) 892-5454 | Telephone:     (415) 391-5400 |
| [CAPTION CONTINUED ON NEXT PAGE] | Facsimile:     (415) 397-7188 |

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**DEFENDANTS' ANSWER TO FIRST CONSOLIDATED AMENDED COMPLAINT** |

| | |
|---|---|
| 1 | MAX I. LEVY (CA SBN 346289) |
| | MLevy@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
| | 755 Page Mill Road |
| 3 | Palo Alto, California 94304-1018 |
| | Telephone:   (650) 813-5600 |
| 4 | Facsimile:   (650) 494-0792 |
| 5 | ERIC K. NIKOLAIDES (*pro hac vice*) |
| | ENikolaides@mofo.com |
| 6 | MORRISON & FOERSTER LLP |
| | 250 West 55th Street |
| 7 | New York, NY 10019-9601 |
| | Telephone:   (212) 468-8000 |
| 8 | Facsimile:   (212) 468-7900 |
| 9 | |
| | SARANG VIJAY DAMLE (*pro hac vice*) |
| 10 | Sy.Damle@lw.com |
| | ELANA NIGHTINGALE DAWSON (*pro hac vice*) |
| 11 | Elana.Nightingaledawson@lw.com |
| | LATHAM & WATKINS LLP |
| 12 | 555 Eleventh Street, NW, Suite 1000 |
| | Washington, D.C. 20004 |
| 13 | Telephone:   (202) 637-2200 |
| 14 | |
| | ALLISON L. STILLMAN (*pro hac vice*) |
| 15 | Alli.Stillman@lw.com |
| | LATHAM & WATKINS LLP |
| 16 | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| 17 | Telephone:   (212) 751-4864 |

DEFENDANTS' ANSWER TO FIRST
CONSOLIDATED AMENDED COMPLAINT
MASTER FILE NO.3:23-CV-03223-AMO

Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, L.L.C. (collectively, "OpenAI"), by and through the undersigned counsel, submit the following answer to Plaintiffs' First Consolidated Amended Complaint.[1]

OpenAI states that the headings and sub-headings throughout the First Consolidated Amended Complaint do not constitute well-pleaded allegations of fact and, therefore, require no response. To the extent a response is deemed required, OpenAI denies the allegations contained in the First Consolidated Amended Complaint's headings and sub-headings.

OpenAI denies all allegations in the First Consolidated Amended Complaint that are not explicitly admitted and otherwise answers as follows:

**PRELIMINARY STATEMENT**

OpenAI is an artificial intelligence ("AI") research and deployment company, with a mission to ensure that artificial general intelligence benefits all of humanity. OpenAI researches, develops, and releases cutting edge AI technology, including ChatGPT and its underlying large language models, as well as tools and best practices for the safety, alignment, and governance of AI.

Developing a large language model like the one underlying ChatGPT requires teaching it intelligence and language, such as the ability to predict, reason and solve problems, as well as aligning it to human values and preferences. Teaching a model to understand language and the facts that constitute humans' collective knowledge, for instance, involves showing the model a wide diversity of text, and having it try to predict the word that comes next in each of a huge range of sequences. This requires an enormous amount of computation, as models review, analyze, and learn from trillions of words. Through this extensive process, the model not only learns how words fit together grammatically, but also how words work together to form higher-

---

[1] It is assumed that allegations not directed to a specific OpenAI entity are directed to OpenAI OpCo, L.L.C. Accordingly, except where otherwise noted, each response herein is provided on behalf of OpenAI OpCo, L.L.C. No response by the other OpenAI entities is necessary as to allegations directed to OpenAI OpCo, L.L.C. To the extent a response is deemed necessary, those allegations are denied.

level ideas, and ultimately how sequences of words form structured thoughts or pose coherent problems. In gaining fluency with predicting the next word, the model thereby learns concepts and the building blocks of intelligence.

Eventually, given a request like, "Describe the interior of 450 Golden Gate Avenue by analogy to a legal principle," OpenAI's GPT-4o model is able to formulate the following response:

> The interior of 450 Golden Gate Avenue, which houses the Phillip Burton Federal Building and U.S. Courthouse in San Francisco, can be likened to the legal principle of *stare decisis*. Just as *stare decisis* provides a stable framework where past decisions guide future rulings, the building's design reflects a sense of order, consistency, and structure. The grand, formal spaces, with their clean lines and orderly layout, create a sense of continuity and respect for tradition, much like how the adherence to precedent maintains legal stability over time. The balance between the open, airy public areas and the more private, compartmentalized offices mirrors the balance between public accessibility to the law and the structured, meticulous work that happens behind the scenes.

This response is not reproduced from any preexisting source; instead, it is the model's unique synthesis of the language and facts that it has learned.

Plaintiffs allege that their books were among the human knowledge shown to OpenAI's models to teach them intelligence and language. If so, that would be paradigmatic transformative fair use. Processing copyrighted works to extract information about the work—such as word frequencies, syntactic patterns, and thematic markers—does not infringe because it does not replicate protected expression. The process of training an AI model does not involve any communication of protected expression to a human audience. Nor is any such communication involved in the ordinary operation of the models at issue here. The purpose of those models is not to output material that already exists; there are much less computationally intensive ways to do that. Instead, their purpose is to create new material that never existed before, based on an understanding of language, reasoning, and the world. The models learn, as we all do, from what has come before. The fair use defense exists for precisely that reason: to "encourage[] and

allow[] the development of new ideas that build on earlier ones," thereby "fulfill[ing] copyright's very purpose." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1163 (9th Cir. 2007) (citation and internal quotation omitted).

## OVERVIEW

1. OpenAI admits that ChatGPT is an artificial intelligence-based service that can be accessed via the internet. OpenAI denies any remaining allegations of this paragraph.

2. OpenAI admits that training large language models similar to those that have powered ChatGPT involves teaching language to a model by breaking down a wide range of text into roughly word-length "tokens," which are then converted into numbers used as training inputs, and, utilizing sophisticated statistical and computational analysis, having the model try to predict the word that comes next in each of a huge range of sentences. OpenAI admits that the wide range of text used for training a model is sometimes called a "training dataset." OpenAI denies any remaining allegations of this paragraph.

3. Denied.

4. To the extent the allegations in this paragraph refer to Plaintiffs or Class members, OpenAI lacks knowledge or information sufficient to admit or deny, and on that basis denies them. OpenAI denies any remaining allegations of this paragraph.

5. Denied.

6. Denied.

## JURISDICTION AND VENUE

7. Admitted.

8. OpenAI does not dispute that jurisdiction and venue is proper in this district. OpenAI also does not dispute that OpenAI, Inc. is headquartered in this district. OpenAI denies any remaining allegations of this paragraph.

9. OpenAI does not dispute that venue is proper in this district. OpenAI denies any remaining allegations of this paragraph.

**PLAINTIFFS**

10. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

11. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

12. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

13. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

14. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

15. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

16. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

17. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

18. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

19. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

20. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

21. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

22. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

**DEFENDANTS**

23. OpenAI admits that OpenAI, Inc. is a Delaware nonprofit corporation with a principal place of business in San Francisco, CA. OpenAI denies any remaining allegations of this paragraph.

24. OpenAI admits that OpenAI, L.P. was a Delaware limited partnership with a principal place of business in San Francisco, CA, and is now known as OpenAI OpCo, L.L.C. OpenAI denies any remaining allegations of this paragraph.

25. OpenAI admits that OpenAI OpCo, L.L.C. is a Delaware limited liability company with a principal place of business in San Francisco, CA, and is a subsidiary of OpenAI, Inc. OpenAI denies any remaining allegations of this paragraph.

26. OpenAI admits that OpenAI GP, L.L.C. is a Delaware limited liability company with a principal place of business in San Francisco, CA, and is a subsidiary of OpenAI, Inc. OpenAI denies any remaining allegations of this paragraph.

27. OpenAI admits that OpenAI Startup Fund I, L.P. is a Delaware limited partnership with a principal place of business in San Francisco, CA. OpenAI denies any remaining allegations of this paragraph.

28. OpenAI admits that OpenAI Startup Fund GP I, L.L.C. is a Delaware limited liability company with a principal place of business in San Francisco, CA. OpenAI admits that OpenAI Startup Fund GP I, L.L.C. is the general partner of OpenAI Startup Fund I, L.P. OpenAI denies any remaining allegations of this paragraph.

29. OpenAI admits that OpenAI Startup Fund Management, LLC is a Delaware limited liability company with a principal place of business in San Francisco, CA. OpenAI denies any remaining allegations of this paragraph.

**AGENTS AND CO-CONSPIRATORS**

30. Denied.

31. Denied.

**FACTUAL ALLEGATIONS**

32. OpenAI admits that it is an artificial intelligence research and deployment company with a mission to ensure that artificial general intelligence benefits all of humanity, and that as part of its mission, OpenAI develops leading foundation models and makes their capabilities available in safe and beneficial ways to people around the world. OpenAI admits that the term artificial intelligence may be abbreviated as "AI." OpenAI denies any remaining allegations of this paragraph.

33. OpenAI admits that, as part of its mission, OpenAI develops leading foundation models, including advanced language models. OpenAI admits that developing an advanced language model requires teaching it intelligence, such as the ability to predict, reason, and solve problems. OpenAI admits that this is done in a process called "pre-training." OpenAI admits that pre-training teaches language to a model by showing a model a wide range of text, and having it try to predict the word that comes next in each of a huge range of sequences. OpenAI admits that, during pre-training, a model reviews, analyzes, and learns from trillions of words. OpenAI admits that a model thereby learns how words fit together grammatically, how words work together to form higher-level ideas, and how sequences of words form structured thoughts or pose coherent problems. OpenAI admits that an advanced language model is made up of large strings of numbers, called "weights" or "parameters," and code that interprets and executes these numbers. OpenAI admits that, as a model learns from the wide range of text that it is shown, some of the numbers that make up the model change slightly to reflect what it has learned, but the model does not store or copy the sentences that it read during the pre-training process. OpenAI admits that the wide variety of text used to pre-train a model may be called a "training dataset." OpenAI denies any remaining allegations of this paragraph.

34. Denied.

35. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

36.     OpenAI admits that GPT-1 was announced around June 2018, GPT-2 was announced around February 2019, GPT-3 was announced around May 2020, GPT-3.5 was announced around March 2022, and GPT-4 was announced around March 2023, and that these models can be referred to as large language models. OpenAI admits that "GPT" is an abbreviation of "generative pre-trained transformer." OpenAI admits that additional models are available. To the extent the allegations in this paragraph purport to refer to portions of a publicly available interview, the full text of that interview speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, OpenAI denies those allegations. OpenAI denies any remaining allegations of this paragraph.

37.     OpenAI admits that large language models may be developed using (1) information that is publicly available on the internet, (2) information obtained from third parties via access agreements, and (3) information that users or human trainers provide. OpenAI denies any remaining allegations of the paragraph.

38.     To the extent the allegations in this paragraph purport to quote from portions of a publicly available research paper, the full text of that paper speaks for itself. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, OpenAI denies those allegations. To the extent the allegations in this paragraph are directed at Google, Amazon, or "others," OpenAI lacks knowledge or information sufficient to admit or deny those allegations and on that basis denies them. OpenAI denies any remaining allegations of this paragraph.

39.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

40.     To the extent the allegations in this paragraph purport to quote from portions of a publicly available research paper, the full text of that paper speaks for itself. To the extent the allegations in this paragraph purport to summarize or are inconsistent with it, OpenAI denies those allegations. OpenAI denies any remaining allegations of this paragraph.

DEFENDANTS' ANSWER TO FIRST
CONSOLIDATED AMENDED COMPLAINT                    7
MASTER FILE NO. 3:23-CV-03223-AMO

1     41.     To the extent the allegations in this paragraph purport to quote from portions of a publicly available research paper, the full text of that paper speaks for itself.  To the extent the allegations in this paragraph purport to summarize or are inconsistent with it, OpenAI denies those allegations.  OpenAI denies any remaining allegations of this paragraph.

42.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

43.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

44.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

45.     To the extent the allegations in this paragraph purport to quote from a publicly available research paper, the full text of that paper speaks for itself.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with it, OpenAI denies those allegations.  OpenAI denies any remaining allegations of this paragraph.

**INTERROGATING THE OPENAI LANGUAGE MODELS USING CHATGPT**

46.     OpenAI admits that ChatGPT is an artificial intelligence service that can be accessed through the internet.  OpenAI admits that ChatGPT has been developed in a way that allows it to understand and respond to user questions and instructions.  OpenAI admits that a subscription plan for ChatGPT called "ChatGPT Plus" is available for $20 per month.  OpenAI denies any remaining allegations of this paragraph.

47.     OpenAI admits that the OpenAI API allows developers to integrate ChatGPT into their own applications, products, or services.  OpenAI denies any remaining allegations of this paragraph.

48.     OpenAI admits that ChatGPT has been developed in a way that allows it to understand and respond to user questions and instructions provided in the form of text prompts.  OpenAI denies any remaining allegations of this paragraph.

49.     OpenAI admits that the pre-training process teaches language to a model by showing a model a wide range of text, and having it try to predict the word that comes next in each of a huge range of sequences.  OpenAI admits that, during pre-training, a model reviews, analyzes, and learns from trillions of words.  OpenAI admits that a model thereby learns how words fit together grammatically, how words work together to form higher-level ideas, and how sequences of words form structured thoughts or pose coherent problems.  OpenAI admits that an advanced language model is made up of large strings of numbers, called "weights" or "parameters," and code that interprets and executes these numbers.  OpenAI admits that, as a model learns from the wide range of text that it is shown, some of the numbers that make up the model change slightly to reflect what it has learned, but the model does not store or copy the sentences that it read during the pre-training process.  OpenAI denies any remaining allegations of this paragraph.

50.     Denied.

51.     To the extent the allegations in this paragraph are directed to Plaintiffs or Class members, OpenAI lacks knowledge or information sufficient to admit or deny those allegations, and on that basis denies them.  OpenAI denies any remaining allegations of this paragraph.

## CLASS ALLEGATIONS

52.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about Plaintiffs, and on that basis denies them.  This paragraph contains legal conclusions for which no response is required.  To the extent a response is deemed required, OpenAI denies the allegations.  OpenAI denies any remaining allegations of this paragraph.

53.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about Plaintiffs or Class members, and on that basis denies them.  OpenAI denies any remaining allegations of this paragraph.

54.     OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about Plaintiffs or Class members, and on that basis denies them.

55. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about Plaintiffs or Class members, and on that basis denies them. OpenAI denies any remaining allegations of this paragraph.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

# COUNT 1

### DIRECT COPYRIGHT INFRINGEMENT

### 17 U.S.C. § 501

62. This paragraph incorporates by reference the preceding factual allegations, and thus no response is required. To the extent this paragraph calls for a response, OpenAI incorporates by reference its responses to paragraphs 1-61.

63. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph, and on that basis denies them.

64. OpenAI lacks knowledge or information sufficient to admit or deny the allegations of this paragraph about Plaintiffs, and on that basis, denies them.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

# COUNT 2

## UCL — UNFAIR COMPETITION

## Cal. Bus. & Prof. Code §§ 17200 et seq.

70. This paragraph relates to a claim that has been dismissed, and incorporates by reference the preceding factual allegations, and thus no response is required. To the extent this paragraph calls for a response, OpenAI incorporates by reference its responses to paragraphs 1-69.

71. This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required: denied.

72. This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required: denied.

73. This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required: denied.

74. This paragraph relates to a claim that has been dismissed, and thus no response is required. To the extent a response is required: denied.

## DEMAND FOR JUDGMENT

In response to the Demand for Judgment, OpenAI denies that Plaintiffs are entitled to the requested relief, or to any relief whatsoever.

## JURY TRIAL DEMANDED

With respect to the jury demand contained in Plaintiffs' First Consolidated Amended Complaint, OpenAI states that no response is required. To the extent a response is deemed required, OpenAI denies that Plaintiffs' claim is properly triable to a jury.

## AFFIRMATIVE DEFENSES

In further answer to the allegations made by Plaintiffs in the First Consolidated Amended Complaint, OpenAI asserts the following affirmative defenses. OpenAI does not concede that it has the burden of proof on the defenses listed below:

**FIRST AFFIRMATIVE DEFENSE**

To the extent there is copying of copyrightable expression, that copying constitutes fair use.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, because the complained-of use was validly licensed by express or implied license.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, abandonment, and/or forfeiture.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims fail, in whole or in part, because OpenAI's conduct was innocent, not willful.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' remedies are barred at least in part by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery of damages because of and to the extent of their failure to mitigate their alleged damages (to which, in any event, they are not entitled).

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of the material in which Plaintiffs claim copyright is in the public domain.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited by the doctrine of merger.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited by the idea/expression dichotomy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims of copyright infringement are barred or limited because the material in which Plaintiffs claim copyright constitutes "scenes a faire."

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent there is copying of copyrightable expression, that copying is de minimis.

| | | |
|---|---|---|
| 1 | Dated: August 27, 2024 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | |
| 4 | | By:    /s/ Joseph C. Gratz |
| 5 | | |
| 6 | | JOSEPH C. GRATZ |
| | | JGratz@mofo.com |
| 7 | | TIFFANY CHEUNG |
| | | TCheung@mofo.com |
| 8 | | VERA RANIERI |
| | | VRanieri@mofo.com |
| 9 | | JOYCE C. LI |
| | | JoyceLi@mofo.com |
| 10 | | MELODY E. WONG |
| | | MelodyWong@mofo.com |
| 11 | | MORRISON & FOERSTER LLP |
| | | 425 Market Street |
| 12 | | San Francisco, California 94105-2482 |
| | | Telephone:    (415) 268-7000 |
| 13 | | Facsimile:    (415) 268-7522 |
| 14 | | |
| | | ALLYSON R. BENNETT |
| 15 | | ABennett@mofo.com |
| | | ROSE S. LEE |
| 16 | | RoseLee@mofo.com |
| | | ALEXANDRA M. WARD |
| 17 | | AlexandraWard@mofo.com |
| 18 | | MORRISON & FOERSTER LLP |
| | | 707 Wilshire Boulevard |
| 19 | | Los Angeles, California 90017-3543 |
| | | Telephone:    (213) 892-5200 |
| 20 | | Facsimile:    (213) 892-5454 |
| 21 | | |
| | | MAX I. LEVY |
| 22 | | MLevy@mofo.com |
| | | MORRISON & FOERSTER LLP |
| 23 | | 755 Page Mill Road |
| | | Palo Alto, California 94304-1018 |
| 24 | | Telephone:    (650) 813-5600 |
| 25 | | ERIC K. NIKOLAIDES (*pro hac vice*) |
| | | ENikolaides@mofo.com |
| 26 | | MORRISON & FOERSTER LLP |
| | | 250 West 55th Street |
| 27 | | New York, NY 10019-9601 |
| | | Telephone:    (212) 468-8000 |
| 28 | | |

DEFENDANTS' ANSWER TO FIRST
CONSOLIDATED AMENDED COMPLAINT      14
MASTER FILE NO. 3:23-CV-03223-AMO

|   |   |
|---|---|
| 1 | |
| 2 | LATHAM & WATKINS LLP |
| 3 | By: /s/ Joseph R. Wetzel |

ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG VIJAY DAMLE (*pro hac vice*)
Sy.Damle@lw.com
ELANA NIGHTINGALE DAWSON (*pro hac vice*)
Elana.Nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
Alli.Stillman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 751-4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

|   |   |
|---|---|
| 1 | KEKER, VAN NEST & PETERS LLP |
| 2 |   |
| 3 | By:   /s/ Paven Malhotra |

ROBERT A. VAN NEST
RVanNest@keker.com
R. JAMES SLAUGHTER
RSlaughter@keker.com
PAVEN MALHOTRA
PMalhotra@keker.com
MICHELLE S. YBARRA
MYbarra@keker.com
NICHOLAS S. GOLDBERG
NGoldberg@keker.com
THOMAS E. GORMAN
TGorman@keker.com
KATIE LYNN JOYCE
KJoyce@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California  94111-1809
Telephone:    (415) 391-5400
Facsimile:    (415) 397-7188

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC