| | |
|---|---|
| JOSEPH SAVERI LAW FIRM, LLP<br>Joseph R. Saveri (State Bar No. 130064)<br>Cadio Zirpoli (State Bar No. 179108)<br>Christopher K.L. Young (State Bar No. 318371)<br>Holden Benon (State Bar No. 325847)<br>Aaron Cera (State Bar No. 351163)<br>William W. Castillo Guardado (State Bar No. 294159)<br>Margaux Poueymirou (State Bar No. 356000)<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1505<br>San Francisco, California 94108<br>Telephone:     (415) 500-6800<br>Facsimile:     (415) 395-9940<br>Email:  jsaveri@saverilawfirm.com<br>           czirpoli@saverilawfirm.com<br>           cyoung@saverilawfirm.com<br>           hbenon@saverilawfirm.com<br>           acera@saverilawfirm.com<br>           wcastillo@saverilawfirm.com<br>           mpoueymirou@saverilawfirm.com<br><br>Matthew Butterick (State Bar No. 250953)<br>1920 Hillhurst Avenue, #406<br>Los Angeles, CA 90027<br>Telephone:     (323) 968-2632<br>Facsimile:     (415) 395-9940<br>Email:            mb@butterickklaw.com<br><br>*Counsel for Plaintiffs and the Proposed Class*<br><br>[Additional counsel on signature page] | KEKER, VAN NEST & PETERS LLP<br>ROBERT A. VAN NEST - # 84065<br>rvannest@keker.com<br>R. JAMES SLAUGHTER - # 192813<br>rslaughter@keker.com<br>PAVEN MALHOTRA - # 258429<br>pmalhotra@keker.com<br>MICHELLE YBARRA - # 260697<br>mybarra@keker.com<br>NICHOLAS S. GOLDBERG - # 273614<br>ngoldberg@keker.com<br>THOMAS E. GORMAN - # 279409<br>tgorman@keker.com<br>KATIE LYNN JOYCE - # 308263<br>kjoyce@keker.com<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:     415 391 5400<br>Facsimile:     415 397 7188<br><br>Attorneys for Defendants OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., and OPENAI STARTUP FUND MANAGEMENT, L.L.C. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File Case No. 3:23-CV-03223-AMO<br><br>**[PROPOSED] TRAINING DATA INSPECTION PROTOCOL**<br><br>Judge:       Hon. Araceli Martínez-Olguín<br><br>Date Filed: June 28, 2023 |

Upon the stipulation of the parties, the following protocol will apply to the inspection, review, and/or disclosure of Training Data produced by Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC (collectively, "OpenAI"):[1]

1. For the purposes of this protocol, "Training Data" shall be defined as data used to train relevant OpenAI LLMs. OpenAI reserves the right to update the Training Data made available for inspection should it find additional responsive data.

2. The "Inspecting Party" shall be defined as all Plaintiffs collectively in the above captioned consolidated action, including their attorneys of record, agents, retained consultants, experts, and any other persons or organization over which they have direct control.

3. Training Data shall be made available for inspection in electronic format at OpenAI's offices in San Francisco CA, or at a secure location determined by OpenAI within 25 miles of San Francisco, CA; or at another mutually agreed location. Training Data will be made available for inspection between the hours of 8:30 a.m. and 5:00 p.m. on business days, although the parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

4. The Inspecting Party shall provide five days' notice prior to any inspection.

5. Training Data shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Stipulated Protective Order entered in this case on February 15, 2024, and the Inspecting Party may disclose Training Data only to those authorized to view "HIGHLY CONFIDENTIAL – ATTORNEYS" EYES ONLY" information under paragraph 7.3 of the Stipulated Protective Order, without prejudice to any party's right to challenge this confidentiality designation (or oppose a challenge to the confidentiality designation) at a later date. Any challenge to the confidentiality designation of the Training Data or portions thereof under this Training Data Inspection Protocol shall be written, shall be served on outside counsel for OpenAI, shall particularly identify the documents or information that the Inspecting Party

---

[1] By entering into this stipulation, Plaintiffs do not intend to waive any rights they may (or may not) have to seek discovery of Training Data by means other than by inspection.

contends should be differently designated, and shall state the grounds for the objection. The parties shall meet and confer in a good faith effort to resolve the dispute. Notwithstanding any challenge to a designation, the Training Data in question shall continue to be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until one of the following occurs: (1) OpenAI withdraws such designation in writing; or (2) the Court rules that the Training Data in question is not entitled to the designation.

6. Nothing in this Training Data Inspection Protocol shall alter or change in any way the requirements of the Stipulated Protective Order. In the event of any conflict, however, this Training Data Inspection Protocol shall control for any Training Data made available for inspection.

7. Training Data shall be made available for inspection and review subject to the following provisions:

    a. Training Data shall be made available by OpenAI in a secure room on a secured computer without Internet access or network access to other unauthorized computers or devices. The secured computer will contain a README file that will provide a directory of the Training Data and brief descriptions of layout, format, and searching.

    b. The secured computer will be equipped with tools that are sufficient for viewing and searching the Training Data made available for inspection. Any data made available for inspection will be in its native format as it is used during the normal course of business. Defendants will reasonably cooperate with Plaintiffs to address any technical concerns Plaintiffs may have regarding the hardware and software that is provided to conduct the Training Data review. Plaintiffs reserve all rights to seek any additional relief from the Court, including to enable a more efficient and/or effective review of the Training Data.

    c. The Producing Party shall provide the Inspecting Party with information explaining how to start, log on to, and operate the secured computer in order to access the Training Data on the secured computer. The Producing Party's outside counsel will be available electronically to make reasonable efforts to attempt to resolve issues that may arise during the course of inspection.

    d.  The Inspecting Party's counsel and/or experts may request that software tools and/or files be installed on the secured computer, provided, however, that (a) the Inspecting Party possesses an appropriate license to such software tools and/or files; (b) OpenAI approves such software tools and/or files, such approval not to be unreasonably withheld; and (c) such other software tools and/or files are reasonably necessary for the Inspecting Party to perform its review of the Training Data consistent with all of the protections herein.  The Inspecting Party must provide OpenAI with the licensed software tool(s) and/or files, at the Inspecting Party's expense, at least seven days in advance of the date upon which the Inspecting Party wishes to have the additional software tools and/or files available for use on the secured computer.  The Producing Party will install and confirm installation of said software on the secured computer prior to the inspection.

    e.  No recordable media or recordable devices, including without limitation computers, cellular telephones, cameras, other recording devices, or drives of any kind, shall be permitted into the secure inspection room, except the Producing Party may provide a limited-use note-taking computer at Inspecting Party's request, solely for note-taking purposes.  At the end of each day of inspection, the Inspecting Party shall be able to copy notes from the note-taking computer onto a recordable device, under the supervision of the Producing Party.  For the avoidance of doubt, medical devices (*e.g.*, heart monitors, insulin pumps), stopwatches, and timers are permitted so long as such devices are not capable of recording or copying data from the secured computer.

    f.  The Inspecting Party's counsel and/or experts may take handwritten notes or electronic notes on the provided note-taking computer in scratch files, but may not copy any Training Data itself into any notes.  For the avoidance of doubt, this provision shall not prevent the Inspecting Party's counsel and/or experts from recording in their notes particular items, files, or categories of items or files contained in the Training Data.  The Inspecting Party will not waive any applicable work-product protection over their electronic notes by saving them to the note-taking computer temporarily.  Such notes may not be in encoded or encrypted form.  Any notes related to the Training Data will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY."

      g.     The Producing Party may visually monitor the activities of the Inspecting Party's representatives during any inspection, but only to ensure that there is no unauthorized recording, copying, or transmission of the Training Data (and not to deliberately attempt to read notes or other written material created by the Inspecting Party). Any monitoring must be conducted from outside the room where the inspection is taking place. Observation must be through glass, such as a glass door, windows, or glass walls, allowing reviewers to converse without being audibly monitored.

      h.     No copies of all or any portion of the Training Data, or other written or electronic record of the Training Data, may leave the secured room in which the Training Data is inspected except as provided herein. The Inspecting Party may obtain print outs of limited portions of the Training Data or electronic notes taken on the note-taking computer to prepare court filings or pleadings or other papers (including a testifying expert's expert report) by following the procedures provided herein. For purposes of this protocol, references to "print," "printing," or "print outs" are understood to refer to a Bates-stamped electronic production (as described in this Paragraph). To make a request, the Inspecting Party shall create a directory entitled "Print Request" and save the desired limited portions of the Training Data or notes in that directory. The beginning of each portion of Training Data the Inspecting Party wishes to print must include the filename, file path, and line numbers where the material was found in the training data or other information that allows for specific identification of the material. The Inspecting Party shall alert OpenAI when it has saved the desired limited portions of the Training Data or notes in the "Print Request" directory that it requests to be printed. Upon receiving a request, OpenAI shall Bates number, and label 'HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" all requested pages. Within 7 business days from the date of request, OpenAI shall either (i) produce electronic versions to the Inspecting Party's counsel, or (ii) inform the Inspecting Party that OpenAI objects that the requested portions are excessive, not for a permitted purpose, and/or not justified (*see, e.g.* Fed. R. Civ. P. 26(b)). In the event that OpenAI objects, the parties shall meet and confer within five business days of OpenAI's notice of its objection. If,

after meeting and conferring, OpenAI and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Training Data should be produced.

        i.      All persons who will review OpenAI's Training Data on behalf of an Inspecting Party, including the Inspecting Party's counsel, must qualify under paragraph 7.3 of the Stipulated Protective Order as an individual to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, and must sign the Non-Disclosure Agreement attached as Exhibit A to the Stipulated Protective Order.  All persons who review OpenAI's Training Data in the secured inspection room or on the secured computer on behalf of an Inspecting Party shall also be identified in writing to OpenAI at least seven days in advance of the first time that such person reviews such Training Data.  All authorized persons viewing Training Data in the secured inspection room or on the secured computer shall, on each day they view Training Data, sign a log that will include the names of persons who enter the locked room to view the Training Data and when they enter and depart.  Proper identification of all authorized persons shall be provided prior to any access to the secure inspection room or the secured computer containing Training Data.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure inspection room or the secured computer may be denied, at the discretion of OpenAI, to any individual who fails to provide proper identification.

        j.      Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this protocol, the Inspecting Party's counsel and/or experts shall remove all notes, documents, and all other materials from the secure inspection room.  OpenAI shall not be responsible for any items left in the room following each inspection session, and the Inspecting Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

        k.      Other than as provided above, the Inspecting Party will not copy, remove, or otherwise transfer any Training Data from the secured computer including, without limitation,

copying, removing, or transferring the Training Data onto any recordable media or recordable device.  The Inspecting Party will not transmit any Training Data in any way from OpenAI's facilities.

          l.      Notwithstanding any provisions of this Training Data Protocol or the Protective Order entered on February 15, 2024, the Parties reserve the right to amend this protocol either by written agreement or Order of the Court upon showing of good cause.

**IT IS SO STIPULATED**, through Counsel of Record.

//

Dated: September 23, 2024

By:     */s/ Joseph R. Saveri*
      Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
William W. Castillo Guardado (State Bar No. 294159)
Margaux Poueymirou (State Bar No. 356000)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:   (415) 500-6800
Facsimile:   (415) 395-9940
Email:   jsaveri@saverilawfirm.com
   czirpoli@saverilawfirm.com
   cyoung@saverilawfirm.com
   hbenon@saverilawfirm.com
   acera@saverilawfirm.com
   wcastillo@saverilawfirm.com
   mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:   (415) 395-9940
Email:   mb@butterick law.com

*Counsel for Plaintiffs and the Proposed Class*

Dated: September 23, 2024  KEKER, VAN NEST & PETERS LLP

By: */s/ Thomas E. Gorman*
Thomas E. Gorman

KEKER, VAN NEST & PETERS LLP
ROBERT A. VAN NEST - # 84065
rvannest@keker.com
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
PAVEN MALHOTRA - # 258429
pmalhotra@keker.com
MICHELLE YBARRA - # 260697
mybarra@keker.com
NICHOLAS S. GOLDBERG - # 273614
ngoldberg@keker.com
THOMAS E. GORMAN - # 279409
tgorman@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com

633 Battery Street
San Francisco, CA 94111-1809
Telephone:   415 391 5400
Facsimile:    415 397 7188

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., and OPENAI STARTUP FUND MANAGEMENT, L.L.C.

| | |
|---|---|
| Dated: September 23, 2024 | MORRISON & FOERSTER LLP |
| | By:    */s/ Vera Ranieri*<br>         Vera Ranieri |

JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
VERA RANIERI (CA SBN 271594)
VRanieri@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:   (415) 268-7000
Facsimile:    (415) 268-7522

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:   (213) 892-5200
Facsimile:    (213) 892-5454

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

| | | |
|---|---|---|
| Dated: September 23, 2024 | | LATHAM & WATKINS LLP |
| | | By:  /s/ Elana Nightingale Dawson  |
| | |      Elana Nightingale Dawson |

ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG VIJAY DAMLE (pro hac vice)
Sy.Damle@lw.com
ELANA NIGHTINGALE DAWSON (pro hac vice)
elana.nightigaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (pro hac vice)
Alli.Stillman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 751-4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

**IT IS SO ORDERED.**

Dated: _____

Honorable Judge Robert M Illman
United States Magistrate Judge

**E-FILING ATTESTATION**

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from each of the other signatories.

Dated: September 24, 2024                          Respectfully Submitted,

                                                   By:   */s/ Joseph R. Saveri*
                                                            Joseph R. Saveri