| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676) | ANDREW M. GASS (SBN 259694) |
| JGratz@mofo.com | Andrew.Gass@lw.com |
| TIFFANY CHEUNG (CA SBN 211497) | JOSEPH R. WETZEL (SBN 238008) |
| TCheung@mofo.com | Joe.Wetzel@lw.com |
| VERA RANIERI (CA SBN 271594) | LATHAM & WATKINS LLP |
| VRanieri@mofo.com | 505 Montgomery Street, Suite 2000 |
| JOYCE C. LI (CA SBN 323820) | San Francisco, California 94111 |
| JoyceLi@mofo.com | Telephone: (415) 391-0600 |
| MELODY E. WONG (SBN 341494) | |
| MelodyWong@mofo.com | ROBERT A. VAN NEST (CA SBN 84065) |
| MORRISON & FOERSTER LLP | rvannest@keker.com |
| 425 Market Street, | R. JAMES SLAUGHTER (CA SBN 192813) |
| San Francisco, California 94105-2482 | rslaughter@keker.com |
| Telephone: (415) 268-7000 | PAVEN MALHOTRA (CA SBN 258429) |
| Facsimile: (415) 268-7522 | pmalhotra@keker.com |
| | MICHELLE S. YBARRA (CA SBN 260697) |
| ROSE S. LEE (CA SBN 294658) | mybarra@keker.com |
| RoseLee@mofo.com | NICHOLAS S. GOLDBERG (CA SBN 273614) |
| ALEXANDRA M. WARD (CA SBN 318042) | ngoldberg@keker.com |
| AlexandraWard@mofo.com | THOMAS E. GORMAN (279409) |
| MORRISON & FOERSTER LLP | tgorman@keker.com |
| 707 Wilshire Boulevard | KATIE LYNN JOYCE (308263) |
| Los Angeles, California 90017-3543 | kjoyce@keker.com |
| Telephone: (213) 892-5200 | KEKER, VAN NEST & PETERS LLP |
| Facsimile: (213) 892-5454 | 633 Battery Street |
| [CAPTION CONTINUED ON NEXT PAGE] | San Francisco, CA 94111-1809 |
| | Telephone: (415) 391-5400 |
| Attorneys for Defendants | Facsimile: (415) 397-7188 |
| OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to:<br><br>All Actions | **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES' JOINT LETTER BRIEF**<br><br>Judge: Hon. Robert M. Illman |

MAX I. LEVY (CA SBN 346289)
MLevy@mofo.com
MORRISON & FORESTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone:   (650) 813-5600
Facsimile:   (650) 494-0792

ERIC K. NIKOLAIDES (*pro hac vice*)
ENikolaides@mofo.com
MORRISON & FORESTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900

SARANG VIJAY DAMLE (*pro hac vice*)
Sy.Damle@lw.com
ELANA NIGHTINGALE DAWSON (*pro hac vice*)
Elana.Nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:   (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
Alli.Stillman@lw.com
RACHEL R. BLITZER
Rachel.blitzer@lw.com (*pro hac vice* pending)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 751-4864

Pursuant to Civil L.R. 7-11 and 79-5(f), OpenAI Defendants ("OpenAI") respectfully submit this Administrative Motion to File Under Seal Portions of the Parties' Joint Letter Brief. The redacted portions of the parties' joint letter brief regarding custodians directly reference a document produced by OpenAI during the course of discovery that is designated "CONFIDENTIAL" pursuant to the operative protective order in this case (ECF No. 106).  As explained below and based on the facts set forth in the concurrently filed Declaration of Michael Trinh (the "Trinh Decl."), the Court should maintain OpenAI's proposed redacted portions under seal because such portions contain OpenAI's confidential information that, if publicly disclosed, are likely to cause it competitive harm.  Moreover, OpenAI's proposed redactions are narrowly tailored to redact only the minimum amount necessary to protect its confidential information. Thus, good cause exists to maintain the redacted portions under seal.

## I. LEGAL STANDARD

In the Northern District of California, "a trial court has broad discretion to permit sealing of court documents for . . . commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper once the moving party: (i) complies with Civil Local Rule 79-5; and (ii) rebuts the applicable presumption in favor of access. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Local Rule 79-5(c)(1) requires that the movant provide a statement of the applicable legal standard and the "reasons for keeping a document under seal."  In particular, the movant must show: (i) "the legitimate private or public interests that warrant sealing"; (ii) "the injury that will result if sealing is denied"; and (iii) "why a less restrictive alternative to sealing is not sufficient." These requirements are satisfied where disclosure of information would cause a party competitive harm. *See, e.g., Pace Anti-Piracy, Inc. v. Inside Secure,* No. 17-cv-06744-BLF, 2018 WL 10517182, at *2 (N.D. Cal. Jan. 8, 2018) (holding commercially sensitive and confidential information would substantially harm competitiveness).

Moreover, the Ninth Circuit has held that an exemption to the presumption of access to

1  judicial records exists where the documents at issue are being filed in connection with a non-
2  dispositive motion.  *See In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d
3  1115, 1119 (9th Cir. 2012) (recognizing an exception to the presumption of access to judicial
4  records in the context of non-dispositive motions, and stating that, "[u]nder the exception, the
5  usual presumption of the public's right of access is rebutted" (citation and internal quotation
6  marks omitted)).  Under the exception, a particularized showing of "good cause" under Federal
7  Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents
8  attached to non-dispositive motions.  *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222
9  (Fed. Cir. 2013).  Commercially sensitive information satisfies the "good cause" standard.  *Glob.*
10 *Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC,* No. 21-CV-08924-HSG, 2023 WL 6165695, at *4
11 (N.D. Cal. Sept. 20, 2023) (showing of competitive harm provided good cause to seal
12 documents).

13 **II.   OPENAI'S REASON FOR SEALING**

14     **A.  OpenAI's Legitimate Private and Public Interests Warrant Sealing.**

15     OpenAI respectfully requests that the Court seal the narrowed highlighted portions of the
16 concurrently filed joint letter brief regarding custodians because those portions reference and
17 quote portions of a document containing confidential business information.  The cited language
18 relates to the internal testing and development of OpenAI's proprietary models and, as such,
19 reveals aspects of the function of OpenAI's technology and its business and product strategy.
20 Trinh Decl. ¶ 3.  Courts have found similar types of information sealable.  *See, e.g., Doe v. Meta*
21 *Platforms, Inc.,* No. 22-cv-03580-WHO, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022)
22 (finding information "sealable" under N.D. Cal. L.R. 79-5 due to competitive harm).
23     OpenAI requests the following documents be sealed:

| Document | Portion Sought to be Sealed | Designation | Designating Party |
|---|---|---|---|
| Concurrently filed joint letter brief regarding custodians | Yellow highlighted portions of letter | Confidential | Defendant OpenAI |

DEFENDANTS' MOTION TO FILE UNDER SEAL
MASTER FILE NO. 3:23-CV-03223-AMO                         2

**B. Injury to OpenAI Will Result if Sealing is Denied.**

OpenAI maintains its business and product strategy, including the testing and development of its proprietary models, as confidential. Trinh Decl. ¶ 3. Disclosure of this information would cause OpenAI substantial harm by providing third parties with insight into the function of OpenAI's technology. *Id.* This potential injury warrants sealing. *See Blockchain Innovation, LLC v. Franklin Res., Inc.*, et al., No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("[C]ourts regularly conclude that good cause supports sealing confidential technical information about a party's products and services[.]").

**C. No Less Restrictive Alternative to Sealing is Sufficient.**

OpenAI has limited its redactions to only small portions of the parties' joint letter brief regarding custodians and precisely identified the portions that contain OpenAI's confidential information. As such, no alternative to sealing is sufficient.

For the foregoing reasons, OpenAI respectfully moves this Court pursuant to Civil Local Rules 7-11 and 79-5 to keep the information and text excerpts identified above under seal. Pursuant to Civil Local Rule 79-5, this Motion is accompanied by the supporting Declaration of Michael Trinh, a proposed order, and a sealed version of the parties' joint letter brief regarding custodians with OpenAI's proposed redactions highlighted in yellow.

October 8, 2024                                    KEKER, VAN NEST & PETERS LLP

                                                   By:   */s/ Christopher S. Sun*

                                                   ROBERT A. VAN NEST
                                                   RVanNest@keker.com
                                                   R. JAMES SLAUGHTER
                                                   RSlaughter@keker.com
                                                   PAVEN MALHOTRA
                                                   PMalhotra@keker.com
                                                   MICHELLE S. YBARRA
                                                   MYbarra@keker.com
                                                   NICHOLAS S. GOLDBERG
                                                   NGoldberg@keker.com
                                                   THOMAS E. GORMAN
                                                   TGorman@keker.com
                                                   KATIE LYNN JOYCE
                                                   KJoyce@keker.com

CHRISTOPHER S. SUN
CSun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California  94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC