UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PAUL TREMBLAY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>OPENAI, INC., et al.,<br><br>Defendants. | Case No. 23-cv-03223-AMO (RMI)<br><br>**ORDER RE: SIXTH DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 184 |

Now pending before the court is a jointly-filed letter brief through which the Parties present a discovery dispute regarding appropriate document custodians. *See* Ltr. Br. (dkt. 184) at 2. Previously, the undersigned entered an order setting the initial number of custodians at 24 (*see* Order of July 31, 2024 (dkt. 166) at 2), and the Parties are in agreement as to 22 of the 24 persons that would be identified as document custodians. *See* Ltr. Br. (dkt. 184) at 2. The subject of their present disagreement concerns the identification of the two remaining document custodians; and, whereas OpenAI proposes Varun Sheddy and Lama Ahmad, Plaintiffs would prefer Brad Lightcap and Michael Lampe. *Id.*[1] For the reasons stated below, Plaintiffs' request is granted.

As stated, the court previously directed the Parties to work together in good faith to identify appropriate document custodians with non-duplicative documents or information. *See* Order (dkt. 166) at 2. Relying on *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 U.S. Dist. LEXIS 264066, *22-23 (N.D. Cal., Oct. 21, 2021) (finding that, as key decision-makers, Mark Zuckerberg and Cheryl Sandberg were likely to possess unique, relevant

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument.

1  information because they were the decision-makers related to issues at the heart of plaintiffs'
2  allegation; and thus, they may have communicated directly with one another, with board members,
3  or with third parties, regarding relevant subject matters, while not including other custodians on
4  those communications – all of which justified them being identified as custodians), Plaintiffs
5  submit that Mr. Lightcap and Mr. Lampe should be identified as custodians.

6        Mr. Lightcap is OpenAI's Chief Operating Officer, and Plaintiffs' review of the discovery
7  tendered thus far has led them to conclude that he is a key decision-maker regarding the matters at
8  the heart of their allegations and that he "regularly interfaces with third parties, including
9  prospective training data licensors," regarding these matters. Ltr. Br. (dkt. 184) at 2-3. In short,
10 Plaintiffs argue that because Mr. Lightcap likely communicates with non-custodian third parties
11 regarding data licensing, he is likely to possess, relevant, responsive, non-duplicative documents.
12 *Id*. at 3. Plaintiffs also wish to have Mr. Lampe – a member of OpenAI's technical staff since 2022
13 – identified as a custodian because he reportedly oversaw relevant projects related to testing the
14 language models' understanding of whether a work is copyright-protected or in the public domain;
15 and, that he appears to have developed the source code OpenAI has used to prevent the models
16 from regurgitating copyright-protected material. *Id*. at 3-4.

17       Defendants object and characterize the identification of Mr. Lightcap as "duplicative at
18 best," because they cast him as someone who merely negotiated data access agreements with third
19 parties. *Id*. at 5. Stating that those negotiations, themselves, are irrelevant to the claims and
20 defenses in this case, Defendants have offered "that, in response to an appropriately targeted
21 request, [they] would be willing to consider searching for relevant, non-privileged
22 communications between OpenAI and third parties about executed data access agreements
23 (subject to addressing third-party confidentiality concerns), even if those communications did not
24 involve any of the 24 designated custodians. In other words, OpenAI would consider producing a
25 broader set of relevant documents than what Plaintiffs could hope to collect from Mr. Lightcap
26 alone." *Id*. at 6. As to Mr. Lampe, Defendants submit that he too would only possess duplicative
27 information because Defendants have already identified at least three custodians who know about
28 OpenAI's efforts to prevent regurgitation and "[t]hey include Mr. Lampe's team leader and VP of

Safety Systems, Lilian Weng; Ms. Weng's direct report, Johannes Heidecke; and head of OpenAI's Privacy Engineering team (responsible for developing the relevant tools), Vinnie Monaco." *Id*. at 6. Lastly, Defendants submit that Ms. Ahmad would be "a more appropriate custodian than Mr. Lampe [because] [s]he has specific knowledge and responsibility related to 'red teaming,' the process by which OpenAI tests and assesses its products and models for harmful capabilities, including regurgitation." *Id*.

Having considered the Parties' arguments, the court is unpersuaded that the identification of Mr. Lightcap and Mr. Lampe would unduly burden Defendants or that it would cause a waste of time or resources because Plaintiffs would be unable to secure any non-duplicative and relevant information from these sources. Some of Defendants' arguments here sound more paternalistic as to Plaintiffs' objectives in this case, rather than utilitarian as to Defendants' own interests. That is – at least from Defendants' perspective – if Plaintiffs are being unwise as to their adamance that Mr. Lightcap and Mr. Lampe should be identified as the final two of the 24 custodians, rather than Mr. Sheddy and Ms. Ahmad – Defendants' concern as to the wisdom of Plaintiffs' choice, while laudable, is not necessarily determinative here. If Plaintiffs are choosing these custodians unwisely, they will have to bear the consequences of that decision. As to Defendants' arguments regarding the fact that Plaintiffs' choices are "duplicative at best," the court disagrees. Given that Plaintiffs initially sought the identification of at least 43 custodians, and given that the court restricted that to a much smaller number (*see* Order (dkt. 166) at 1), the court finds it appropriate at this juncture to allow Plaintiffs the latitude they seek in identifying the last two of the 24 custodians as Mr. Lightacp (a key decision-maker that about whom Plaintiffs have made a convincing argument as to the possibility that he may possess non-duplicative, relevant information) and Mr. Lampe (a key technical employee who may also possess non-duplicative, relevant information – notwithstanding the identification of other employees that Defendants submit may "also know" about matters of concern to Plaintiffs). According, Plaintiffs' request to identify Mr. Lightcap and Mr. Lampe as custodians is **GRANTED**.

//

//

**IT IS SO ORDERED.**

Dated: October 16, 2024

_____
ROBERT M. ILLMAN
United States Magistrate Judge