Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com
            czirpoli@saverilawfirm.com
            cyoung@saverilawfirm.com
            hbenon@saverilawfirm.com
            acera@saverilawfirm.com
            mpoueymirou@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:    (323)968-2632
Facsimile:    (415) 395-9940
Email:        mb@butaricklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to: | **DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF JOINT STIPULATION TO EXTEND CASE DEADLINES** |
| Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO<br>Case No. 4:23-cv-04625-AMO | Judge: Hon. Araceli Martínez-Olguín |
| | Date Filed: June 28, 2023 |

I, Joseph R. Saveri, declare as follows:

1. I am the Founder of the Joseph Saveri Law Firm, LLP ("JSLF") and am its Managing Partner. I am a counsel of record for Plaintiffs Paul Tremblay, Richard Kadrey, Sarah Silverman, and Christopher Golden.

2. I am admitted to practice before the United States Northern District of California.

3. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently thereto.

**The reasons for the requested enlargement of time:**

4. Under the current schedule, the close of fact discovery is set for January 27, 2025, and the other current case deadlines for expert discovery and for briefing on any motions for class certification and Daubert motions are set thereafter (ECF No. 173).

5. No trial date has been entered (*see* ECF No. 173).

6. Document discovery is ongoing and not complete. The parties are meeting and conferring on several document discovery-related items. Plaintiffs have reviewed the documents Defendant has produced to date. Plaintiffs have identified additional custodians and have begun the process of negotiating additional custodians and proposing search terms. The parties have not yet agreed upon a deposition protocol, which will need to reflect coordination with the S.D.N.Y. Actions, as described below. No party or third-party fact depositions have occurred, in part because the Court has ordered the parties to coordinate deposition discovery with the S.D.N.Y. Actions. Expert discovery, including review of source code and related information is underway. Pursuant to the applicable protective orders in this case, review of source code is laborious and time-consuming.

7. In an Order dated May 24, 2024, Magistrate Judge Illman instructed Plaintiffs to coordinate with the plaintiffs in the substantially similar claims proceeding concurrently in the United

States District Court for the Southern District of New York ("S.D.N.Y. Actions," as used herein).[1] ECF No. 144.

8. The parties agree and stipulate that there is good cause to extend the current case deadlines by approximately six months in order to complete and to cooperate on discovery with the S.D.N.Y. Actions. In order to minimize duplication and maximize judicial economy, Plaintiffs here have made multiple efforts to coordinate discovery with the parties to S.D.N.Y. Actions.

9. On October 30, 2024, Magistrate Judge Wang (the assigned magistrate judge for discovery, *inter* alia, in the S.D.N.Y. Actions) held an Omnibus In-Person Status Conference during which the court recognized the S.D.N.Y. Actions are still in their "early stages" (Tr., 6:23) and "in the midst of document production" (*id.* at 8:24-25). The court in the S.D.N.Y. Actions also stated that the "proposals and percolating disputes about limitations, depositions or coordinated deposition protocol, . . . are premature right now." *Id.* at 8:21-23.

10. Magistrate Judge Wang also recognized that the fact discovery deadline there (previously set for December 20, 2024) was intended as an "interim deadline" that "[w]e know we are going to push [] out." *Id.* at 4:18-20. Magistrate Judge Wang recognized that "depositions will likely extend beyond [the December 20, 2024 interim fact-discovery deadline] into 2025." *Id.* at 6:3-5.

11. Given the need to coordinate with the S.D.N.Y. Actions, the current schedule in this case should be modified to permit the parties to proceed efficiently and to take advantage of the benefits of discovery and other coordination between and among this case and the SDNY Actions.

**All previous time modifications in the case, whether by stipulation or Court order:**

12. On July 28, 2023, the Court granted the Parties' stipulation to extend (1) the deadline to conduct a Rule 26(f) conference to a mutually agreeable date and time no later than September 15, 2023; (2) the deadline for Defendants to respond to any operative complaint in the *Tremblay* and

---

[1] The class cases pending in the Southern District of New York include *Authors Guild, et al., v. OpenAI, Inc., et al.*, No. 23-CV-8292 (S.D.N.Y.); *Alter, et al., v. OpenAI, Inc., et al.*, No. 23-CV-10211 (S.D.N.Y.); *and Basbanes, et al., v. Microsoft Corp., et al.*, No. 24-CV-84 (S.D.N.Y.). In addition, individual newspaper plaintiffs have filed cases bringing similar claims in the Southern District of New York. *E.g., N.Y. Times Co. v. Microsoft Corp., et al.*, No. 23-CV-11195 (S.D.N.Y.); *Daily News, LP v. Microsoft Corp., et al.*, No. 24-cv-3285 (S.D.N.Y.); *The Center for Investigative Reporting v. OpenAI, Inc., et al.*, No. 24-cv-04872 (S.D.N.Y.).

*Silverman* actions to August 28, 2023; (3) the deadline for Plaintiffs to file an opposition to any such response to September 27, 2023; and (4) the deadline for OpenAI to file a reply in support of such a response to October 11, 2023. ECF No. 27 at 3–4.

13. On October 31, 2023, the Court granted the Parties' stipulation to reset a status conference previously set for October 31, 2023, to November 8, 2023. ECF No. 65 at 3.

14. On January 23, 2024, the Court granted the Parties' stipulation to extend OpenAI's deadline to respond to Plaintiffs' Motion for Appointment of Interim Lead Counsel to January 29, 2024. ECF No. 93 at 2.

15. On February 16, 2024, the Court granted the parties' Stipulation and Proposed Order Consolidating Cases, which, *inter alia*, stayed the *Chabon* Action pending consolidation, such that Defendants were not required to respond to the *Chabon* Complaint until Plaintiffs filed a consolidated complaint. ECF No. 107 at 4.

16. On March 14, 2024, the Court continued the hearing on Plaintiffs' Motion for Appointment of Interim Lead Class Counsel from April 4, 2024, to May 2, 2024. ECF No. 121.

17. On August 12, 2024, the parties filed a stipulation to extend Defendants' deadline to answer Plaintiffs' First Consolidated Amended Complaint from August 13, 2024, to August 27, 2024, pursuant to Local Civil Rule 6-1(a). ECF No. 168.

18. On August 16, 2024, the parties jointly submitted a stipulation seeking to extend the case deadlines by 90 days (ECF No. 172), which the Court granted on August 19, 2024 (ECF No. 173).

19. These modifications reflect the parties' efforts to advance this complex case expeditiously while undertaking efforts to coordinate with the SDNY Actions.

**The effect the requested time modification would have on the schedule for the case:**

20. The parties have stipulated to an extension of all currently scheduled pre-trial deadlines by approximately six months. Accordingly, granting the parties' extension would result in the following schedule:

| Case Event | Previous Deadline | New Deadline |
|---|---|---|
| *Fact Discovery* | | |
| Substantial completion of document productions | September 12, 2024 | January 27, 2025 |
| Close of fact discovery | January 27, 2025 | July 25, 2025 |
| *Expert Reports* | | |
| Expert reports on issues on which a party has the burden of proof | April 14, 2025 | October 14, 2025 |
| Opposing / rebuttal expert reports | May 12, 2025 | November 12, 2025 |
| Close of expert discovery | June 11, 2025 | December 18, 2025 |
| *Daubert Motions* | | |
| *Daubert* motions | July 9, 2025 | January 16, 2026 |
| Oppositions to *Daubert* motions | August 21, 2025 | February 27, 2026 |
| Replies in support of *Daubert* motions | September 22, 2025 | March 27, 2026 |
| *Class Certification Motions* | | |
| Motion for class certification | July 9, 2025 | January 16, 2026 |
| Opposition to class certification motion | August 21, 2025 | February 27, 2026 |
| Reply in support of class certification motion | September 22, 2025 | March 27, 2026 |

I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: November 8, 2024            */s/ Joseph R. Saveri*
                                              Joseph R. Saveri