Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Margaux Poueymirou (State Bar No. 356000)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@butericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 S. LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone:    (312) 782-4880
Facsimile:    (312) 782-4485
Email:        bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Counsel for Defendants listed on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File Case No. 3:23-CV-03223-AMO |
| This document relates to: | **JOINT UPDATED CASE MANAGEMENT STATEMENT** |
| Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Judge: Hon. Araceli Martínez-Olguín<br><br>Date Filed: June 28, 2023 |

Pursuant to the Court's Standing Order for Civil Cases, the Parties hereby submit this Joint Case Management Statement in advance of the Status Conference scheduled for November 26, 2024 at 9:30 a.m.

As this Court is aware, there are several parallel and overlapping actions pending in the Southern District of New York.[1] The Parties in this action and the parties to the S.D.N.Y. Actions have concurrently been negotiating search terms and custodians, negotiating and litigating discovery disputes, and negotiating a deposition protocol for conducting depositions such that witnesses need not be deposed multiple times across the various actions. Moreover, while document and written discovery is underway in this action, no depositions have yet occurred. Accordingly, the Parties respectfully request that the Court enter the Parties' Joint Stipulation and Proposed Order to Extend the Case Deadlines (ECF No. 198) to allow the Parties to complete and obtain necessary discovery and to coordinate depositions with the parties to the S.D.N.Y. Actions.

**A.    Jurisdiction & Service**

This Court has subject matter jurisdiction over all Plaintiffs' claims under 28 U.S.C. section 1331 and Defendants do not challenge personal jurisdiction. No parties remain to be served.

**B.    Procedural History**

On March 13, 2024, Plaintiffs[2] filed the operative First Amended Consolidated Complaint in this action, alleging that Defendants[3] have engaged in actions related to the creation, maintenance, and

---

[1] Three putative class actions asserting claims similar to those asserted in this action are pending in the Southern District of New York: *Authors Guild, et al., v. OpenAI, Inc., et al.*, No. 23-CV-8292 (S.D.N.Y.); *Alter, et al., v. OpenAI, Inc., et al.*, No. 23-CV-10211 (S.D.N.Y.); and *Basbanes, et al., v. Microsoft Corp., et al.*, No. 24-CV-84 (S.D.N.Y.). The *Basbanes* litigation has been stayed. In addition, ten individual newspaper and news-related plaintiffs have also filed cases bringing similar claims in the Southern District of New York. *See N.Y. Times Co. v. Microsoft Corp., et al.*, No. 23-CV-11195 (S.D.N.Y.); *Daily News, LP v. Microsoft Corp., et al.*, No. 24-cv-3285 (S.D.N.Y.); *The Center for Investigative Reporting v. OpenAI, Inc., et al.*, No. 24-cv-04872 (S.D.N.Y.). The Parties refer to these S.D.N.Y. cases, other than *Basbanes*, collectively as the "S.D.N.Y. Actions."

[2] Paul Tremblay, Sarah Silverman, Christopher Golden, Richard Kadrey, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, and Jacqueline Woodson (collectively "Plaintiffs").

[3] Defendants include OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund I, L.P., OpenAI Startup Fund GP I, L.L.C., and OpenAI Startup Fund Management, LLC (collectively, "OpenAI" or "Defendants").

operation of the OpenAI large language models that violate Plaintiffs' rights under the Copyright Act (17 U.S.C. § 501) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, et seq.) ("UCL"). ECF No. 120.

On July 30, 2024, the Court dismissed Plaintiffs' UCL claim as preempted by the Copyright Act. ECF No. 162.

Defendants answered the Amended Complaint on August 27, 2024. ECF No. 176.

### C.    Facts and Legal Issues

Plaintiffs are writers who allege they own registered copyrights in works used to train Defendants' language models (hereafter "Plaintiffs' Asserted Works"). Defendants develop Artificial Intelligence (AI)-based products, including large language models such as those underlying ChatGPT. Plaintiffs contend Defendants used Plaintiffs' Asserted Works to train their large language models. Plaintiffs allege that Defendants violated their rights when using Plaintiffs' Asserted Works to train OpenAI's large language models without permission. Plaintiffs further allege Defendants continue to violate Plaintiffs' rights through the distribution and operation of language models as well as further unauthorized training on Plaintiffs' Asserted Works, if such occurs. Defendants deny that they have violated any of Plaintiffs' rights.

<u>Plaintiffs' Statement</u>

The principal facts in dispute include: (a) the extent and identification of copyrighted works that Defendants copied without permission for the purposes of ascertaining the members of the class; (b) the monetary value of Plaintiffs' works as training data; (c) the extent to which Defendants' conduct was willful; (d) the extent of the commercial benefits Defendants derive through the use of copyrighted works of fiction similar to Plaintiffs' works; (e) the extent to which Defendants' language models could have been trained without the use of copyrighted works of fiction similar to Plaintiffs' works; (f) Defendants' internal rules or policies governing the use of pirated copyrighted works and whether Defendants complied with those rules or policies; (g) Defendants' understanding about whether the use of copyrighted material to train and develop its Language Models was "fair use"; (h) the extent to which copyrighted material that was used to train earlier modes was deleted or removed from those earlier models, and/or not used in later models; (i) how copyrighted material was processed, cleaned,

stored, and/or deleted; (j) how Defendants' internal policies surrounding the use of copyrighted material may have evolved or changed; (k) the extent to which Defendants believed that it would have been feasible to obtain a collective license to the data it ultimately copied from pirated shadow libraries; and (l) the existence, and extent, of the market for training data.

Defendants' Statement

The principal facts in dispute include: (a) whether each of the named Plaintiffs' Asserted Works were actually used to train the large language models underlying ChatGPT; (b) whether and to what extent the alleged use of each of Plaintiffs' Asserted Works served a new and different purpose from the original purpose of each of those works; (c) whether and to what extent there exists a licensing market to use Plaintiffs' Asserted Works in the manner alleged; (d) whether and to what extent any use of Plaintiffs' Asserted Works by Defendants affected any market for those works; (e) whether and to what extent Plaintiffs were harmed by the alleged use of Plaintiffs' Asserted Works; (f) whether and to what extent Defendants' products serve as a substitute for Plaintiffs' Asserted Works; and (g) whether and to what extent the alleged use of Plaintiffs' Asserted Works serves the public interest.

Defendants summarize the principal legal issues as follows: (a) whether Defendants' alleged use of Plaintiffs' Asserted Works to train a language model is a fair use under 17 U.S.C. § 107; and (b) whether Plaintiffs can meet their burden of establishing that any class can be certified.

**D.      Motions**

The Parties have filed, briefed, and received Orders from the Court on various discovery motions and two motions to dismiss. The Parties anticipate filing and briefing further discovery motions, *Daubert* motions, summary judgment motions, and a motion for class certification. Anticipated discovery motions are addressed in Section H.6 below.

**E.      Amendment to the Pleadings**

On March 13, 2024, Plaintiffs amended their complaint. Plaintiffs have not made any other amendments to the pleadings.

**F.      Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate

steps taken to preserve evidence relevant to the issues reasonably evident in the case. Defendants have alerted Plaintiffs to certain past and upcoming data deletion performed at the request of users with respect to user-related data and the Parties have met and conferred regarding this practice previously. The Parties have not identified any other past or planned deletion of non-duplicative information or documents relevant to this case.

### G.    Disclosures

The Parties have exchanged initial disclosures pursuant to Rule 26(a)(1)(A). The Parties will supplement these disclosures as required by Rule 26(e).

### H.    Discovery

#### 1.    Document Discovery

Document discovery is ongoing, and the Parties are meeting and conferring on several document discovery-related items, and they expect to continue to do so to narrow current disputes between them.

The Parties have been meeting and conferring on alleged deficiencies in their respective document productions to date. For example, after reviewing approximately 46,000 of the documents produced by Defendants thus far (approx.1.5 million pages), Plaintiffs identified and requested additional custodians from Defendants. The Parties have met and conferred regarding Plaintiffs' request, and they expect to brief the remaining issues for the Court imminently. Plaintiffs have also raised issues with Defendants' productions including the fact Defendants produced thousands of documents from some custodians, but very few documents from others despite their heavy involvement in the technologies central to this action.

The Parties have also been meeting and conferring about the insufficiency of Plaintiffs' productions. To date, the twelve named Plaintiffs have collectively produced 744 documents. Nine Plaintiffs have produced 60 or less documents to date, and the remaining three plaintiffs have produced just 93, 106, and 143 documents, respectively. Defendants have raised concerns regarding, among other things, Plaintiffs' document collection methods, citing, *inter alia*, both the number and quality of Plaintiffs' productions. By way of example, multiple Plaintiffs have not produced a single email to date.

Eight Plaintiffs have not provided Defendants with any search terms to date. Four Plaintiffs

provided Defendants with search terms for the first time on November 18, 2024. Defendants provided Plaintiffs with search terms in September 2024. As part of the Parties' ongoing meet and confer efforts, Plaintiffs plan to propose a set of additional search terms for Defendants to consider.

The Parties have engaged in discussions regarding the appropriateness of discovery from employees' personal cell phones, if any, used for business purposes and social media accounts, if any, used to conduct business. Additionally, the Court recently ruled on Plaintiffs' request for the inclusion of specific custodians, ECF No. 191, and Defendants recently produced documents from those custodial files. Defendants produced approximately 43,000 documents (approximately 1.46 million pages) in late September and have since produced another approximately 15,000 documents (approximately 57,000 pages), which Plaintiffs are reviewing and identifying potential issues therewith.

The Parties have represented that more productions are forthcoming. For example, Plaintiffs represent that they are in the process of collecting additional documents and will produce those on a rolling basis in short order.

On October 17, 2024, Defendants served Plaintiffs with 38 additional Requests for Production; approximately one week later, Plaintiffs served Defendants with 38 additional Requests for Production of their own.

## 2.      Deposition Coordination with the S.D.N.Y. Actions

Magistrate Judges in both this action and the S.D.N.Y. Actions have encouraged the parties to explore methods of increasing efficiency in discovery across the overlapping actions. Magistrate Judge Robert M. Illman directed the Parties in this action to "explore every avenue through which the discovery process (and depositions in particular) in these cases may be streamlined and made efficient." ECF No. 144 at 3. In the S.D.N.Y. Actions, Magistrate Judge Ona T. Wang indicated that she is "all in favor of cross production of documents, of sharing or cross production of testimony for efficiency purposes." *Authors Guild*, 23-CV-08292, ECF No. 250 at 7:14-16.

On May 3, 2024, Plaintiffs in this action served Defendants with a Rule 30(b)(6) deposition notice seeking testimony on, *inter alia*, the training data at issue in this case. On May 24, 2024, Judge Illman granted Defendants' request to stay depositions to allow the Parties to "meet and confer further such as to explore every avenue through which the discovery process (and depositions in particular) in

these cases may be streamlined and made efficient." ECF No. 144 at 3. The Parties here are following Judge Illman's Order—for the past several months, the Parties here and the parties to the S.D.N.Y. Actions have engaged in extensive meet-and-confer efforts to coordinate depositions. To date, the parties across these actions have been unable to reach agreement on a protocol.

On October 30, 2024, Magistrate Judge Wang held an Omnibus Status Conference during which that court recognized the S.D.N.Y. Actions are "still fairly early in the case," *Authors Guild*, 23-CV-08292, ECF No. 250 at 6:23, and "in the midst of document production," *id.* at 8:24-25. The court in the S.D.N.Y. Actions also stated that the "proposals and percolating disputes about limitations, depositions or coordinated deposition protocol . . . are premature right now." *Id.* at 8:21-23. Further, as stated at the Omnibus Status Conference, the parties to the S.D.N.Y. Actions do not expect depositions to take place until 2025 at the earliest. *Id.* at 5:22-6:5.

Given these facts, the present fact discovery cut-off date in this case of January 27, 2025 is incompatible with coordinating depositions across this case and the S.D.N.Y. Actions. To meet the current fact discovery deadline, depositions would need to begin immediately, and deponents would likely be deposed twice (once here and then again in the S.D.N.Y. Actions), which would contravene Judge Illman's order that the Parties explore every possible avenue to coordinate depositions. The Parties in this action have therefore filed a stipulated request for an extension of the case schedule, *see* ECF No. 198, in part to continue efforts to coordinate discovery with the S.D.N.Y. Actions in order minimize duplication and burdens, and maximize judicial efficiency.

### 3. Inspection of Training Data

On September 23, 2024, the Parties entered a stipulated order regarding the inspection of training data. ECF No. 182. Those negotiations occurred hand-in-hand with negotiations of a similar protocol in the S.D.N.Y. Actions. Pursuant to that Order, and the operative Protective Order, Defendants have made the training data used to train their language models available for in-person inspection at Defendants' outside counsel's offices. Since the entry of that Order, Plaintiffs and their experts have been conducting inspections. Plaintiffs' review of that training data is ongoing.

### 4. Production of Electronically Stored Information

On August 22, 2024, the Court entered the Parties' stipulated order re Discovery of

Electronically Stored Information. ECF No. 175.

### 5.    Protective Order

On February 15, 2024, the Court entered the Parties' stipulated Protective Order. ECF No. 106.

### 6.    Discovery Issues and Potential Disputes

Plaintiffs expect there likely will be a joint discovery brief filed next week with respect to Plaintiffs' request for additional custodians. Plaintiffs also expect there may be additional motion practice to the extent Defendants do not cure deficiencies in their document productions.

Defendants expect there will likely be a joint discovery brief filed shortly regarding Plaintiffs' failure to produce documents as agreed upon and to fulfill their Rule 26 obligations. Defendants also anticipate potential additional motion practice to the extent disputes remain regarding Plaintiffs' discovery responses and deficiencies remain in Plaintiffs' productions.

The Parties remain committed to meeting and conferring on any disputes before bringing them to the Court's attention.

### I.    Class Action

Plaintiffs purport to bring this class action on behalf of themselves, and all others similarly situated pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons or entities domiciled in the United States that own a United States copyright in any work that was used as training data for the OpenAI Language Models during the Class Period.

Plaintiffs continue to believe that the requirements for class certification are or will be met.

Defendants believe that class certification is not appropriate.

### J.    Related Cases

California Matters: This action now proceeds as a consolidated action, combining three actions that were originally filed as separate actions in this District (Case Nos. 23-cv-03223, 23-cv-03416, and 23-cv-04625), and which this Court found are all related. *See* ECF Nos. 26, 53, 120.

Defendants OpenAI, Inc. and OpenAI OpCo, L.L.C. have also been sued in a putative copyright class action now pending before Hon. Edward J. Davila concerning the alleged use of transcripts from

videos to train OpenAI language models. *See Millette v. OpenAI, Inc., et al.*, Case No. 5:24-cv-04710-EJD (N.D. Cal.).

New York Matters: The S.D.N.Y. Actions discussed above include causes of action that are duplicative of the causes of action in this action.

## K. Relief

Plaintiffs seek two forms of relief. The first is injunctive relief to preclude further harm to them through the operation of OpenAI language models. With respect to damages, Plaintiffs are pursuing actual damages, or in the alternative, statutory damages as permitted under the Copyright Act. 17 U.S.C § 504.

Defendants do not seek any relief other than costs, including attorneys' fees, if they prevail, as contemplated by 17 U.S.C. § 505.

## L. Consent to Magistrate Judge

The Parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ECF No. 4.

## M. Other References

The Court has referred discovery disputes in this action to Magistrate Judge Robert M. Illman. ECF No. 137.

## N. Alternative Dispute Resolution

The Parties have complied with ADR L-R 3.5. The Parties have engaged in alternative dispute resolution, including a Settlement Conference held before Magistrate Judge Sallie Kim on June 18, 2024. The Parties remain amenable to continuing to explore alternative dispute resolution.

## O. Narrowing of Issues

On February 12, 2024, the Court granted Defendants' motion to dismiss Plaintiffs' vicarious copyright infringement, Digital Millennium Copyright Act, negligence, unjust enrichment, and parts of Plaintiffs' UCL claims from Plaintiffs' original complaints. ECF No. 104. On July 30, 2024, the Court granted Defendants' motion to dismiss the remainder of Plaintiffs' UCL claim from the operative First Amended Consolidated Complaint as preempted by the Copyright Act. ECF No. 162. No other issues have yet been narrowed by agreement or by motion. The Parties will continue to meet and confer about

narrowing potential issues should the circumstances of the case change.

**P.    Expedited Trial Procedures**

The Parties agree that this case is inappropriate for the Expedited Trial Procedure of General Order 64.

**Q.    Scheduling**

The Parties have stipulated, and requested an Order from the Court, extending certain case deadlines. *See* ECF No. 198. As stated in the Parties' stipulated request, and discussed above in Section H, the basis for the requested extension is that document discovery is still in its early stages, and the Parties have not yet noticed any depositions due to ongoing efforts to coordinate depositions with the parties to the S.D.N.Y. Action. For ease of reference, the Parties are re-pasting their stipulated proposed case schedule below:

| Case Event | Previous Deadline | New Deadline |
|---|---|---|
| *Fact Discovery* | | |
| Substantial completion of document productions | September 12, 2024 | January 27, 2025 |
| Close of fact discovery | January 27, 2025 | July 25, 2025 |
| *Expert Reports* | | |
| Expert reports on issues on which a party has the burden of proof | April 14, 2025 | October 14, 2025 |
| Opposing / rebuttal expert reports | May 12, 2025 | November 12, 2025 |
| Close of expert discovery | June 11, 2025 | December 18, 2025 |
| *Daubert Motions* | | |
| *Daubert* motions | July 9, 2025 | January 16, 2026 |
| Oppositions to *Daubert* motions | August 21, 2025 | February 27, 2026 |
| Replies in support of *Daubert* motions | September 22, 2025 | March 27, 2026 |
| *Class Certification Motions* | | |
| Motion for class certification | July 9, 2025 | January 16, 2026 |
| Opposition to class certification motion | August 21, 2025 | February 27, 2026 |
| Reply in support of class certification motion | September 22, 2025 | March 27, 2026 |

**R.    Sequencing of Motions for Summary Judgment and for Class Certification**

*Plaintiffs' Statement*: The issue of sequencing motions for summary and for class certification was already litigated in this matter (*see* ECF Nos. 56, 57), yet Defendants want another bite of the apple. The current schedule is sensible for the reasons set forth in Plaintiffs briefing on that issue: namely, under the current schedule, there is ample time for the Court to rule on class certification before summary judgment, negating any one-way intervention concerns. "[C]ourts routinely hear class certification motions [before summary judgment motions]." *Woods v. Google LLC*, No. 11-CV-01263-EJD, 2018 WL 4030570, at *10 (N.D. Cal. Aug. 23, 2018) (citing *Wade v. Kirkland*, 118 F.3d 667, 670 (9th Cir. 1997); *Wright v. Schock*, 742 F.2d 541, 543–44 (9th Cir. 1984)). And courts in this District regularly set schedules that sequence class certification prior to summary judgment. *See, e.g.*, *In re Apple iPhone Antitrust Litig.*, No. 11-CV-6714-YGR, 2021 WL 5181862, at *2 (N.D. Cal. Nov. 8, 2021); *King v. Nat'l Gen. Ins. Co.*, No. 4:15-CV-00313-DMR, 2023 WL 2526644, at *2 (N.D. Cal. Mar. 14, 2023). As Defendants acknowledge, Courts in this district have issued similar scheduling orders in analogous litigations involving artificial intelligence technologies. *see Andersen et al v. Stability AI Ltd et al.*, No. 3:23-cv-00201-WHO (N.D. Cal. Oct. 29, 2024), ECF No. 240 (setting hearings on motions for summary judgment and class certification for the same date); *Bartz, et al. v. Anthropic PBC*, 3:24-cv-05417-WHA (N.D. Cal. Oct. 10, 2024), ECF No. 46 (class certification before summary judgment while leaving open the possibility of revisiting that sequencing).

With respect to *Authors Guild*, OpenAI obtained the schedule it sought in that action simply because it agreed to forego their first-to-file motion, a motion to transfer, or any challenges to the complaint in exchange for the Authors Guild Plaintiffs' agreement to the schedule rejected by this Court. The issue was never briefed before the *Authors Guild* court as it was here.

Accordingly, there is no reason to revisit the issue of sequencing of Motions for Summary Judgement and for Class Certification.

*Defendants' Statement*: In November 2023, the Court sequenced class certification briefing before summary judgment briefing. *See* ECF No. 77 at 12:15–13:9. Since then, at least the following other district courts have sequenced summary judgment briefing before class certification briefing. *Kadrey et al. v. Meta Platforms, Inc.*, No. 3:23-cv-03417-VC (N.D. Cal. Jan. 12, 2024), ECF No. 85

(Jan. 12, 2024 H'rg Tr.) at 3:20-6:24, 12:10-18 (summary judgment before class certification); *O'Nan v. Databricks, Inc.*, No. 3:24-cv-01451-CRB (N.D. Cal. July 14, 2024), ECF No. 53 (summary judgment before class certification); *Authors Guild v. OpenAI Inc.*, No. 23-cv-8292-SHS (S.D.N.Y. Jan. 31, 2024), ECF No. 65 (summary judgment before class certification upon parties' consent); *Dubus et al. v. NVIDIA Corp.*, No. 4:24-cv-02655-JST (N.D. Cal. Sept. 11, 2024), ECF No. 59 (summary judgment before class certification upon parties' consent).[4]

Given these developments, which occurred after this Court sequenced class certification before summary judgment in this action, Defendants' respectfully request that the Court revisit this scheduling issue. The fair use defense may moot class certification questions and streamline and/or dispose of this litigation. In light of these benefits, numerous courts, including in the cases cited above, have now sequenced summary judgment before class certification. Defendants welcome the opportunity to more fully brief the issue should the Court deem it helpful.

**S.     Trial**

Plaintiffs have requested a trial by jury on all claims allowed. Defendants believe that determination of a trial schedule is premature at this time.

**T.     Length of Trial**

Plaintiffs believe trial will last at least fifteen trial days. Plaintiffs propose that time be split evenly between Defendants and Plaintiffs. Defendants believe that determination of the length of trial is premature at this time.

**U.     Disclosure of Non-party Interested Entities or Persons**

The Parties have provided the relevant disclosures of non-party interested entities or persons and will continue to supplement as other non-party interested entities or persons become known.

**V.     Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct

---

[4] *But see Andersen et al v. Stability AI Ltd et al.*, No. 3:23-cv-00201-WHO (N.D. Cal. Oct. 29, 2024), ECF No. 240 (setting hearings on motions for summary judgment and class certification for the same date); *Bartz, et al. v. Anthropic PBC*, 3:24-cv-05417-WHA (N.D. Cal. Oct. 10, 2024), ECF No. 46 (class certification before summary judgment while leaving open the possibility of revisiting that sequencing).

1  for the Northern District of California.

Dated: November 19, 2024

Respectfully Submitted,

By:   /s/ Joseph R. Saveri
        Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Margaux Poueymirou (State Bar No. 356000)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed Rathur (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:    312-782-4880
Email:        bclobes@caffertyclobes.com
              aweatman@caffertyclobes.com
              mrathur@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone:      (408) 512-3022
Facsimile:       (408) 512-3023
Email:            dmuller@venturahersey.com

*Counsel for Individual and Representative*
*Plaintiffs and the Proposed Class*

Dated:  November 19, 2024                    KEKER, VAN NEST & PETERS LLP


                                        By:   /s/ Paven Malhotra
                                              ROBERT A. VAN NEST
                                              R. JAMES SLAUGHTER
                                              PAVEN MALHOTRA
                                              MICHELLE YBARRA
                                              NICHOLAS S. GOLDBERG
                                              THOMAS E. GORMAN
                                              KATIE LYNN JOYCE
                                              CHRISTOPHER SUN

                                              Attorneys for Defendants OPENAI, INC.,
                                              OPENAI, L.P., OPENAI OPCO, L.L.C.,
                                              OPENAI GP, L.L.C., OPENAI STARTUP
                                              FUND GP I, L.L.C., OPENAI STARTUP
                                              FUND I, L.P., and OPENAI STARTUP
                                              FUND MANAGEMENT, L.L.C.

Dated:  November 19, 2024                    LATHAM & WATKINS LLP


By:    /s/ Elana Nightingale Dawson
       ANDREW M. GASS
       Andrew.Gass@lw.com
       JOSEPH R. WETZEL
       Joe.Wetzel@lw.com
       LATHAM & WATKINS LLP
       505 Montgomery Street, Suite 2000
       San Francisco, California 94111
       Telephone: (415) 391-0600

       SARANG VIJAY DAMLE (pro hac vice)
       Sy.Damle@lw.com
       ELANA NIGHTINGALE DAWSON (pro
       hac vice)
       elana.nightigaledawson@lw.com
       LATHAM & WATKINS LLP
       555 Eleventh Street, NW, Suite 1000
       Washington, D.C. 20004
       Telephone: (202) 637-2200

       ALLISON L. STILLMAN (pro hac vice)
       Alli.Stillman@lw.com
       RACHEL R. BLITZER
       rachel.blitzer@lw.com
       LATHAM & WATKINS LLP
       1271 Avenue of the Americas
       New York, NY 10020
       Telephone: (212) 751-4864

       Attorneys for Defendants
       OPENAI, INC., OPENAI, L.P., OPENAI
       OPCO, L.L.C., OPENAI GP, L.L.C.,
       OPENAI STARTUP FUND GP I, L.L.C.,
       OPENAI STARTUP FUND I, L.P., AND
       OPENAI STARTUP FUND
       MANAGEMENT, LLC

1  Dated:  November 19, 2024                    MORRISON & FOERSTER LLP

2

3                                       By:   /s/ John R. Lanham
                                              JOSEPH C. GRATZ
4                                             JGratz@mofo.com
                                              TIFFANY CHEUNG
5                                             TCheung@mofo.com
                                              VERA RANIERI
6                                             VRanieri@mofo.com
                                              MORRISON & FOERSTER LLP
7                                             425 Market Street
                                              San Francisco, California 94105-2482
8                                             Telephone: (415) 268-7000
                                              Facsimile: (415) 268-7522
9
                                              ROSE S. LEE
10                                            RoseLee@mofo.com
                                              ALEXANDRA M. WARD
11                                            AlexandraWard@mofo.com
                                              MORRISON & FOERSTER LLP
12                                            707 Wilshire Boulevard
                                              Los Angeles, California 90017-3543
13                                            Telephone: (213) 892-5200
                                              Facsimile: (213) 892-5454
14
                                              CAROLYN M. HOMER
15                                            cmhomer@mofo.com
                                              MORRISON & FOERSTER LLP
16                                            2100 L Street, NW
                                              Suite 900
17                                            Washington, DC 2003
                                              Telephone:  202-650-4597
18
                                              JOHN R. LANHAM
19                                            jlanham@mofo.com
                                              MORRISON & FOERSTER LLP
20                                            12531 High Bluff Dr
                                              Suite 100
21                                            San Diego, CA 92130
                                              Telephone:  858-720-5100
22                                            Fax: 858-720-5125

23                                            Attorneys for Defendants
                                              OPENAI, INC., OPENAI, L.P., OPENAI
24                                            OPCO, L.L.C., OPENAI GP, L.L.C.,
                                              OPENAI STARTUP FUND GP I, L.L.C.,
25                                            OPENAI STARTUP FUND I, L.P., AND
                                              OPENAI STARTUP FUND
26                                            MANAGEMENT, LLC

27

28

1
<u>L.R. 5-1 SIGNATURE ATTESTATION</u>

2      As the ECF user whose user ID and password are utilized in the filing of this document, I attest

3  under penalty of perjury that concurrence in the filing of the document has been obtained from each of

4  the other signatories.

5

6  Dated: November 19, 2024                    By:   */s/ Joseph R. Saveri*

7                                                   Joseph R. Saveri

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28