| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676) | ANDREW M. GASS (SBN 259694) |
| JGratz@mofo.com | Andrew.Gass@lw.com |
| TIFFANY CHEUNG (CA SBN 211497) | JOSEPH R. WETZEL (SBN 238008) |
| TCheung@mofo.com | Joe.Wetzel@lw.com |
| VERA RANIERI (CA SBN 271594) | LATHAM & WATKINS LLP |
| VRanieri@mofo.com | 505 Montgomery Street, Suite 2000 |
| JOYCE C. LI (CA SBN 323820) | San Francisco, California 94111 |
| JoyceLi@mofo.com | Telephone:    (415) 391-0600 |
| MELODY E. WONG (SBN 341494) | |
| MelodyWong@mofo.com | ROBERT A. VAN NEST (CA SBN 84065) |
| MORRISON & FOERSTER LLP | rvannest@keker.com |
| 425 Market Street, | R. JAMES SLAUGHTER (CA SBN 192813) |
| San Francisco, California 94105-2482 | rslaughter@keker.com |
| Telephone:    (415) 268-7000 | PAVEN MALHOTRA (CA SBN 258429) |
| Facsimile:    (415) 268-7522 | pmalhotra@keker.com |
| | MICHELLE S. YBARRA (CA SBN 260697) |
| ROSE S. LEE (CA SBN 294658) | mybarra@keker.com |
| RoseLee@mofo.com | NICHOLAS S. GOLDBERG (CA SBN 273614) |
| ALEXANDRA M. WARD (CA SBN 318042) | ngoldberg@keker.com |
| AlexandraWard@mofo.com | THOMAS E. GORMAN (CA SBN 279409) |
| MORRISON & FOERSTER LLP | tgorman@keker.com |
| 707 Wilshire Boulevard | KATIE LYNN JOYCE (CA SBN 308263) |
| Los Angeles, California 90017-3543 | kjoyce@keker.com |
| Telephone:    (213) 892-5200 | CHRISTOPHER S. SUN (CA SBN 308945) |
| Facsimile:    (213) 892-5454 | CSun@keker.com |
| [CAPTION CONTINUED ON NEXT PAGE] | KEKER, VAN NEST & PETERS LLP |
| | 633 Battery Street |
| Attorneys for Defendants | San Francisco, CA 94111-1809 |
| OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC | Telephone:    (415) 391-5400 |
| | Facsimile:    (415) 397-7188 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to:<br><br>All Actions | **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THE PARTIES' JOINT LETTER BRIEF**<br><br>Judge:  Hon. Robert M. Illman |

| | |
|---|---|
| 1 | CAROLYN M. HOMER |
| | cmhomer@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
| | 2100 L Street, NW |
| 3 | Suite 900 |
| | Washington, DC 2003 |
| 4 | Telephone: 202-65004597 |
| 5 | JOHN R. LANHAM |
| | jlanham@mofo.com |
| 6 | MORRISON & FOERSTER LLP |
| | 12531 High Bluff Dr. |
| 7 | Suite 100 |
| | San Diego, CA 921320 |
| 8 | Telephone 858-720-5100 |
| 9 | MAX I. LEVY (CA SBN 346289) |
| | MLevy@mofo.com |
| 10 | MORRISON & FORESTER LLP |
| | 755 Page Mill Road |
| 11 | Palo Alto, California 94304-1018 |
| | Telephone:     (650) 813-5600 |
| 12 | Facsimile:     (650) 494-0792 |
| 13 | ERIC K. NIKOLAIDES (*pro hac vice*) |
| | ENikolaides@mofo.com |
| 14 | MORRISON & FORESTER LLP |
| | 250 West 55th Street |
| 15 | New York, NY 10019-9601 |
| | Telephone:     (212) 468-8000 |
| 16 | Facsimile:     (212) 468-7900 |
| 17 | SARANG VIJAY DAMLE (*pro hac vice*) |
| | Sy.Damle@lw.com |
| 18 | ELANA NIGHTINGALE DAWSON (*pro hac vice*) |
| | Elana.Nightingaledawson@lw.com |
| 19 | LATHAM & WATKINS LLP |
| | 555 Eleventh Street, NW, Suite 1000 |
| 20 | Washington, D.C. 20004 |
| | Telephone:     (202) 637-2200 |
| 21 | |
| 22 | ALLISON L. STILLMAN (*pro hac vice*) |
| | Alli.Stillman@lw.com |
| | RACHEL R. BLITZER |
| 23 | Rachel.blitzer@lw.com (*pro hac vice*) |
| | HERMAN H. YUE (*pro hac vice*) |
| 24 | Herman.yue@lw.com |
| | LATHAM & WATKINS LLP |
| 25 | 1271 Avenue of the Americas |
| | New York, NY 10020 |
| 26 | Telephone:     (212) 751-4864 |
| 27 | |
| 28 | |

Pursuant to Civil L.R. 7-11 and 79-5(f), OpenAI Defendants ("OpenAI") respectfully submit this Administrative Motion to File Under Seal Portions of the Parties' Joint Letter Brief. The redacted portions of the parties' joint letter brief regarding custodians directly reference documents produced by OpenAI during the course of discovery that are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – SOURCE CODE," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the operative protective order in this case (ECF No. 106). As explained below and based on the facts set forth in the concurrently filed Declaration of Michael Trinh (the "Trinh Decl."), the Court should maintain OpenAI's proposed redacted portions under seal because such portions contain OpenAI's confidential information that, if publicly disclosed, are likely to cause it competitive harm. OpenAI's proposed redactions are narrowly tailored to redact only the minimum amount necessary to protect its confidential information. Thus, good cause exists to maintain the redacted portions under seal.

I. **LEGAL STANDARD**

In the Northern District of California, "a trial court has broad discretion to permit sealing of court documents for . . . commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper once the moving party: (i) complies with Civil Local Rule 79-5 and (ii) rebuts the applicable presumption in favor of access. *See Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Local Rule 79-5(c)(1) requires that the movant provide a statement of the applicable legal standard and the "reasons for keeping a document under seal." In particular, the movant must show: (i) "the legitimate private or public interests that warrant sealing"; (ii) "the injury that will result if sealing is denied"; and (iii) "why a less restrictive alternative to sealing is not sufficient." These requirements are satisfied where disclosure of information would cause a party competitive harm. *See, e.g., Pace Anti-Piracy, Inc. v. Inside Secure,* No. 17-cv-06744-BLF, 2018 WL 10517182, at *2 (N.D. Cal. Jan. 8, 2018) (holding commercially sensitive and confidential

1  information would substantially harm competitiveness).

2  The Ninth Circuit has held that an exemption to the presumption of access to judicial
3  records exists where the documents at issue are being filed in connection with a non-dispositive
4  motion.  *See In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119
5  (9th Cir. 2012) (recognizing an exception to the presumption of access to judicial records in the
6  context of non-dispositive motions, and stating that, "[u]nder the exception, the usual
7  presumption of the public's right of access is rebutted") (citation and internal quotation marks
8  omitted).  Under the exception, a particularized showing of "good cause" under Federal Rule of
9  Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached
10 to or referenced in non-dispositive motions.  *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d
11 1214, 1222 (Fed. Cir. 2013).  Commercially sensitive information satisfies the "good cause"
12 standard.  *Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC,* No. 21-CV-08924-HSG, 2023 WL
13 6165695, at *4 (N.D. Cal. Sept. 20, 2023) (showing of competitive harm provided good cause to
14 seal documents).

15 **II.      OPENAI'S REASON FOR SEALING**

16      **A. OpenAI's Legitimate Private and Public Interests Warrant Sealing.**

17      OpenAI respectfully requests that the Court seal the narrowed highlighted portions of the
18 concurrently filed joint letter brief regarding custodians because they reference (i) conversations
19 and processes related to OpenAI's internal safety and mitigation measures; (ii) discussions
20 between OpenAI employees and summaries of confidential or highly confidential documents
21 describing detailed processes and sources for training, testing, and improving ChatGPT models;
22 and (iii) summaries of confidential or highly confidential documents referencing details of
23 OpenAI's partnership with Microsoft.  OpenAI treats each category of information as confidential
24 or highly confidential—it does not generally disclose similar documents to the public.  Trinh
25 Decl. ¶¶ 4-6.  The cited reveals aspects of the function of OpenAI's technology and its business
26 and product strategy and would cause OpenAI competitive harm if disclosed.  *Id.*  Courts have
27 found similar types of information sealable.  *See, e.g., Doe v. Meta Platforms, Inc.,* No. 22-cv-
28 03580-WHO, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) (finding information

"sealable" under N.D. Cal. L.R. 79-5 due to competitive harm).

OpenAI requests the following documents be sealed:

| Document | Portion Sought to be Sealed | Designation | Designating Party |
|---|---|---|---|
| Concurrently filed joint letter brief regarding custodians | Highlighted portions of letter | Confidential, Highly Confidential – Source Code, or Highly Confidential – Attorneys' Eyes Only | Defendant OpenAI |

**B.  Injury to OpenAI Will Result if Sealing is Denied.**

OpenAI maintains its business and product strategy, including its approach to safety and mitigation measures, the testing and development of its proprietary models, and partnerships with other entities as confidential.  Trinh Decl. ¶¶ 4-6.  Disclosure of this information would cause OpenAI substantial harm by providing third parties with insight into the function of OpenAI's technology.  *Id.*  This potential injury warrants sealing.  *See Blockchain Innovation, LLC v. Franklin Res., Inc.*, et al., No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("[C]ourts regularly conclude that good cause supports sealing confidential technical information about a party's products and services[.]").

**C.  No Less Restrictive Alternative to Sealing is Sufficient.**

OpenAI has limited its redactions to only small portions of the parties' joint letter brief regarding custodians and precisely identified the portions that contain OpenAI's confidential information.  As such, no alternative to sealing is sufficient.

For the foregoing reasons, OpenAI respectfully moves this Court pursuant to Civil Local Rules 7-11 and 79-5 to keep the information and text excerpts identified above under seal.  Pursuant to Civil Local Rule 79-5, this Motion is accompanied by the supporting Declaration of Michael Trinh, a proposed order, and a sealed version of the parties' joint letter brief regarding custodians with OpenAI's proposed redactions highlighted in yellow.

| | | |
|---|---|---|
| 1 | Dated: November 25, 2024 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ John R. Lanham* |
| 4 | | JOSEPH C. GRATZ |
|   | | JGratz@mofo.com |
| 5 | | TIFFANY CHEUNG |
|   | | TCheung@mofo.com |
| 6 | | VERA RANIERI |
|   | | VRanieri@mofo.com |
| 7 | | JOYCE C. LI |
|   | | JoyceLi@mofo.com |
| 8 | | MELODY E. WONG |
|   | | MelodyWong@mofo.com |
| 9 | | MORRISON & FOERSTER LLP |
|   | | 425 Market Street |
| 10 | | San Francisco, California 94105-2482 |
|   | | Telephone:    (415) 268-7000 |
| 11 | | Facsimile:    (415) 268-7522 |
| 12 | | ROSE S. LEE |
|   | | RoseLee@mofo.com |
| 13 | | ALEXANDRA M. WARD |
|   | | AlexandraWard@mofo.com |
| 14 | | MORRISON & FOERSTER LLP |
|   | | 707 Wilshire Boulevard |
| 15 | | Los Angeles, California 90017-3543 |
|   | | Telephone:    (213) 892-5200 |
| 16 | | Facsimile:    (213) 892-5454 |
| 17 | | CAROLYN M. HOMER |
|   | | cmhomer@mofo.com |
| 18 | | MORRISON & FOERSTER LLP |
|   | | 2100 L Street, NW |
| 19 | | Suite 900 |
|   | | Washington, DC 2003 |
| 20 | | Telephone: 202-65004597 |
| 21 | | JOHN R. LANHAM |
|   | | jlanham@mofo.com |
| 22 | | MORRISON & FOERSTER LLP |
|   | | 12531 High Bluff Dr. |
| 23 | | Suite 100 |
|   | | San Diego, CA 921320 |
| 24 | | Telephone 858-720-5100 |
| 25 | | MAX I. LEVY |
|   | | MLevy@mofo.com |
| 26 | | MORRISON & FOERSTER LLP |
|   | | 755 Page Mill Road |
| 27 | | Palo Alto, California 94304-1018 |
|   | | Telephone:    (650) 813-5600 |
| 28 | | |

DEFENDANTS' MOTION TO FILE UNDER SEAL
MASTER FILE NO. 3:23-CV-03223-AMO

4

|   |   |
|---|---|
| 1 | ERIC K. NIKOLAIDES (*pro hac vice*) |
|   | ENikolaides@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
|   | 250 West 55th Street |
| 3 | New York, NY 10019-9601 |
|   | Telephone:    (212) 468-8000 |

LATHAM & WATKINS LLP

By: */s/ Herman H. Yue*

ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:    (415) 391-0600

SARANG VIJAY DAMLE (*pro hac vice*)
Sy.Damle@lw.com
ELANA NIGHTINGALE DAWSON (*pro hac vice*)
Elana.nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:    (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
Alli.Stillman@lw.com
RACHEL R. BLITZER (*pro hac vice*)
Rachel.blitzer@lw.com
HERMAN H. YUE (*pro hac vice*)
Herman.yue@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:    (212) 751-4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

|   |   |
|---|---|
|   | KEKER, VAN NEST & PETERS LLP |
|   | By: */s/ Christopher Sun* |
|   | ROBERT A. VAN NEST<br>RVanNest@keker.com<br>R. JAMES SLAUGHTER<br>RSlaughter@keker.com<br>PAVEN MALHOTRA<br>PMalhotra@keker.com<br>MICHELLE S. YBARRA<br>MYbarra@keker.com<br>NICHOLAS S. GOLDBERG<br>NGoldberg@keker.com<br>THOMAS E. GORMAN<br>TGorman@keker.com<br>KATIE LYNN JOYCE<br>KJoyce@keker.com<br>CHRISTOPHER S. SUN<br>CSun@keker.com<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, California 94111-1809<br>Telephone:   (415) 391-5400<br>Facsimile:   (415) 397-7188 |
|   | *Attorneys for Defendants*<br>OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC |