# EXHIBIT A

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butericklaw.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Case No. 3:23-cv-03223-AMO |
| This document relates to: | **PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| Case No. 3:23-cv-03223-AMO
Case No. 3:23-cv-03416-AMO | |

| | |
|---|---|
| **PROPOUNDING PARTIES:** | **Defendant OpenAI OpCo, L.L.C.** |
| **RESPONDING PARTIES:** | **Plaintiff Paul Tremblay's** |
| **SET NUMBER:** | **One** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Paul Tremblay's ("Plaintiff") in the above-titled action hereby responds to Defendant OpenAI OpCo, L.L.C.'s ("Defendant" or "OpenAI") First Set of Requests for Production of Documents (the "Requests"). Notably, an agreement by Plaintiff to search for documents does not mean that he has documents in his possession, custody, or control.

### INTRODUCTORY RESPONSE

Plaintiff responds to the Requests on the basis of the best information available to him at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiff responds to the Requests as he interprets and understands each Request set forth herein. If OpenAI subsequently asserts an interpretation of any of the Requests that differs from Plaintiff's understanding, Plaintiff reserves the right to supplement his objections and/or responses.

Plaintiff's willingness to respond to any particular Request does not constitute an admission that Plaintiff agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgment by Plaintiff that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiff knows any such document exists or is in his possession, custody, or control.

### GENERAL OBJECTIONS

1.      These responses are made solely for purposes of discovery in this action, and any response, objection, or materials produced in response to the Requests are subject to all appropriate later-asserted objections to their admissibility in evidence before, during, or after trial, and Plaintiff expressly reserves the right to make such future objections.

2.      Plaintiff has not completed his discovery and investigation of the facts pertaining to this Action, and Plaintiff reserves the right to amend, modify, or supplement these Requests with

subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

3.      Plaintiff's investigation is ongoing and therefore, Plaintiff reserves his right to supplement these Requests as necessary and as required under the Federal Rules of Civil Procedure.

4.      Defendant's definitions and instructions will not be followed to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure, Civil Local Rules, or any of the Court's Orders and will be construed to impose only the burdens and obligations required by those Rules and Orders.

5.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert-disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action, including without limitation other documents relating to an attorney's mental impressions, conclusions, opinions, strategies, or legal theories concerning the Action. Any inadvertent production of privileged or protected materials or information is unintentional and shall not be deemed to be a waiver of Plaintiff's privileges, protections, or right to assert them.

6.      Plaintiff objects to the Requests as oppressive, unduly burdensome, harassing, disproportionate to the needs of the case, and to the extent they call for information that Plaintiff has already provided to Defendant or is easily accessible for the Defendant to obtain.

7.      Plaintiff objects to each Request to the extent it seeks information not maintained in the ordinary course of business.

8.      Plaintiff objects to each Request as unduly burdensome to the extent it seeks information that (a) is not in Plaintiff's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 33, or (b) is as easily available to Defendant.

9.      Plaintiff objects to the term "Copyrighted Works" as overbroad, vague, and ambiguous. Accordingly, Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint (Case No. 3:23-cv-03223-AMO, ECF No. 1, "Complaint"), namely *The Cabin at the End of the World*.

10.     Plaintiff objects to the term "All" as vague and ambiguous.

1              **OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS**

2   **REQUEST FOR PRODUCTION 1:**

3       All U.S. copyright registrations for Your Copyrighted Works.

4   **RESPONSE TO REQUEST NO. 1:**

5       In addition to the General Objections set forth above and without waiving them, Plaintiff objects

6 to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

7 reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it

8 seeks "All U.S. copyright registrations." Plaintiff objects to the term "Copyrighted Works" as

9 overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically

10 referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the

11 needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely

12 benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly

13 accessible, are equally available to Defendant, or are already in its possession, custody, or control.

14       Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for

15 and produce relevant and responsive non-privileged documents that are in his possession, custody, or

16 control relating to his Copyrighted Works referred to in the complaint.

17   **REQUEST FOR PRODUCTION 2:**

18       All Documents and Communications relating to your ownership of Your Copyrighted Works.

19   **RESPONSE TO REQUEST NO. 2:**

20       In addition to the General Objections set forth above and without waiving them, Plaintiff objects

21 to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

22 reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it

23 seeks "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as

24 overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically

25 referred to in the Complaint. Plaintiff objects to "ownership" as vague and ambiguous. Plaintiff objects

26 to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this

27 Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request

28 to the extent that it calls for Documents and Communications subject to the attorney-client privilege,

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Number 3 and 4.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Work referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to OpenAI's alleged use of Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 3:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as overbroad and takes the phrase "Open AI's alleged use of Your Copyrighted Works" to mean copyright infringement in the specific sense of 17 U.S.C. § 501. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2 and 4.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 4:**

For each Copyrighted Work identified in Interrogatory No. 1, Documents sufficient to show Your understanding of any license applicable to that Copyrighted Work.

**RESPONSE TO REQUEST NO. 4:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to the term "any license applicable" as vague, ambiguous, and overbroad. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2 and 3.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control and that are sufficient to show Plaintiff's understanding of licenses relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your decision to enter into any of the licenses You allege apply to Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 5:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All Documents and Communications," and that "decision to enter into" is vague and ambiguous. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret

"Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to "ownership" as vague and ambiguous. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control and that are sufficient to show Plaintiff's decision to enter into the licenses responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant, including but not limited to reproduction, public display, or distribution by ChatGPT.

**RESPONSE TO REQUEST NO. 6:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents and Communications," and "the alleged reproduction, public display, or distribution of Your Copyrighted Works" is vague and ambiguous. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to "reproduction" as vague and ambiguous. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendants, or are already in its possession, custody, or control. Defendant has custody and knowledge of the output of its own generative AI product. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-

product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects

to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2, 3, 4.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff

responds that such documents are publicly accessible, equally available to Defendant, and/or already in

its possession, custody, or control. Accordingly, Plaintiff will not produce documents responsive to this

Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show all "copyright management information" associated with Your

Copyrighted Works.

**RESPONSE TO REQUEST NO. 7:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects

to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it

seeks all "copyright management information". Plaintiff objects to the term "Copyrighted Works" as

overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically

referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the

needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely

benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly

accessible, are equally available to Defendants, or are already in its possession, custody, or control.

Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-

client privilege, work-product doctrine, and/or any other applicable privilege or protection from

disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of

OpenAI's Interrogatory No. 3.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for

and produce relevant and responsive non-privileged documents that are in his possession, custody, or

control relating to the "copyright management information" that pertains to Plaintiff's Copyrighted

Works referred to in the Complaint.

1  **REQUEST FOR PRODUCTION NO. 8:**

2      All Documents and Communications relating to any efforts undertaken by You to enforce Your

3  copyrights for any of Your Copyrighted Works against anyone, or to monitor for or investigate

4  infringement of Your Copyrighted Works.

5  **RESPONSE TO REQUEST NO. 8:**

6      In addition to the General Objections set forth above and without waiving them, Plaintiff objects

7  to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

8  reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it

9  seeks all "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as

10 overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically

11 referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the

12 needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely

13 benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and

14 Communications subject to the attorney-client privilege, work-product doctrine, and/or any other

15 applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is

16 duplicative, in whole or in part, of OpenAI's Interrogatory No. 5.

17     Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for

18 and produce relevant and responsive non-privileged documents that are in his possession, custody, or

19 control relating to Plaintiff's Copyrighted Works referred to in the Complaint.

20 **REQUEST FOR PRODUCTION NO. 9:**

21     All non-privileged Documents and Communications relating to Your investigation of the claims

22 alleged in the Complaint.

23 **RESPONSE TO REQUEST NO. 9:**

24     In addition to the General Objections set forth above and without waiving them, Plaintiff objects

25 to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

26 reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it

27 seeks all "All non-privileged Documents and Communications." Plaintiff objects to this Request as

28 irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden

1  and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it

2  calls for Documents and Communications subject to the attorney-client privilege, work-product

3  doctrine, and/or any other applicable privilege or protection from disclosure.

4        Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce

5  documents responsive to this request as presently drafted. Plaintiff is amenable to meet and confer

6  regarding this request, to better understand what OpenAI seeks from this request.

7  **REQUEST FOR PRODUCTION NO. 10:**

8        All Documents and Communications relating to any "benefits of [Your] work" that You were

9  deprived of as a result of OpenAI's conduct, as alleged in Paragraph 83 of the Complaint.

10  **RESPONSE TO REQUEST NO. 10:**

11        In addition to the General Objections set forth above and without waiving them, Plaintiff objects

12  to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

13  reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it

14  seeks all "All Documents and Communications" and "benefits of [Your] work." Plaintiff objects to

15  this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request

16  as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the

17  extent that it calls for Documents and Communications subject to the attorney-client privilege, work-

18  product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects

19  to the extent this Request seeks documents related to expert witness work-product. Plaintiff also objects

20  to the Request because it prematurely seeks information, which is the subject of expert testimony.

21  Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request

22  Numbers 13 and 15.

23        Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce

24  documents responsive to this request as presently drafted. Plaintiff is amenable to meet and confer

25  regarding this request, to better understand what OpenAI seeks from this request.

26  **REQUEST FOR PRODUCTION NO. 11:**

27        All Documents and Communications relating to OpenAI, including any relationship You have

28  had with any OpenAI entity, communications with OpenAI, and accounts with OpenAI.

**RESPONSE TO REQUEST NO. 11:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks all "All Documents and Communications." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI or are already in its possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2, 3, 4, 6 and OpenAI's Interrogatory No. 4.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control, regarding accounts relating to OpenAI that are relevant to this litigation.

**REQUEST FOR PRODUCTION NO. 12:**

Your agreements, including but not limited to licenses and work-for-hire agreements, related to Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 12:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, and/or unduly burdensome, including to the extent it seeks "agreements" and "not limited to licenses and work-for-hire agreements." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and/or Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 4 and 5.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control sufficient to show work-for-hire agreements pertaining to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents or Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

**RESPONSE TO REQUEST NO. 13:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent that it seeks "any injury or harm." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff also objects to the Request because it prematurely seeks information, which is the subject of expert testimony and to the extent this Request seeks documents related to expert witness work-product. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI or are already in its possession, custody, or control. Defendant has custody and knowledge of the output of its own generative AI product. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 10 and 15.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce documents related to this request, as it is premature in nature and potentially requires expert testimony.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents identified in Your initial disclosures.

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 14:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents identified in Your initial disclosures." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI, or are already in its possession, custody, or control. Defendant has custody and knowledge of the output of its own generative AI product.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents upon which You intend to rely on for summary judgment or at trial.

**RESPONSE TO REQUEST NO. 15:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents upon which You intend to rely on for summary judgment or at trial." Documents that Plaintiff "intend to rely on" are an undefined and unknowable universe of materials at this time. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects that Documents relating to summary judgment and trial will be the

subject of expert discovery, and objects to the extent this Request seeks documents related to expert witness work-product. Plaintiff also objects to the Request because it prematurely seeks information, which is the subject of expert testimony, fact discovery is not complete, and OpenAI has not completed its production of documents and information necessary to evaluate documents needed for summary judgment and trial in this action. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 1 through 19.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce documents related to this request at this time, as it is premature in nature.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents and Communications produced or provided to You by third parties in this action.

**RESPONSE TO REQUEST NO. 16:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents," and "third parties" is undefined. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control, that have been subpoenaed and received from a third party.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents and Communications You have had with any person other than Your attorneys concerning this litigation, including Your decision to become a plaintiff in this litigation.

**RESPONSE TO REQUEST NO. 17:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control regarding his decision to become a named class representative in this litigation.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents constituting the pleadings in any action in which You are or were a named party or identified as a proposed class representative, as well as any transcripts of any depositions or other testimony provided in such actions. This Request specifically includes all civil and criminal actions as well as actions before quasi-judicial forums such as arbitrations, and regulatory/disciplinary and administrative law tribunals.

**RESPONSE TO REQUEST NO. 18:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents," and "other testimony" is undefined. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI, or are already in its possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls

for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control relating to the subject matter of this litigation or a representative action.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show all final judgments or settlements in any matter in which You were a named party or identified as a proposed class representative.

**RESPONSE TO REQUEST NO. 19:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent that "all" is undefined. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control relating to the subject matter of this litigation or a representative action where he was a named party or identified as proposed class representative.

1  Dated:  January 26, 2024                By:  _/s/ Joseph R. Saveri_
                                                 Joseph R. Saveri
2

3                                          Joseph R. Saveri (State Bar No. 130064)
                                           Cadio Zirpoli (State Bar No. 179108)
4                                          Christopher K. L. Young (State Bar No. 318371)
                                           Holden Benon (State Bar No. 325847)
5                                          Kathleen J. McMahon (State Bar No. 340007)
                                           **JOSEPH SAVERI LAW FIRM, LLP**
6                                          601 California Street, Suite 1000
                                           San Francisco, California 94108
7                                          Telephone:  (415) 500-6800
                                           Facsimile:  (415) 395-9940
8                                          Email:      jsaveri@saverilawfirm.com
                                                       czirpoli@saverilawfirm.com
9                                                      cyoung@saverilawfirm.com
                                                       hbenon@saverilawfirm.com
10                                                     kmcmahon@saverilawfirm.com

11                                         Matthew Butterick (State Bar No. 250953)
                                           1920 Hillhurst Avenue, 406
12                                         Los Angeles, CA 90027
                                           Telephone:  (323)968-2632
13                                         Facsimile:  (415) 395-9940
                                           Email:      mb@buttericklaw.com
14
                                           *Counsel for Individual and Representative Plaintiffs*
15                                         *and the Proposed Class*

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1000, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On January 26, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

I declare under penalty of perjury that the foregoing is true and correct. Executed January 26, 2024, at San Francisco, California.

By: _____
        Ruby Ponce

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## SERVICE LIST

Joseph Charles Gratz
Joyce C. Li
Melody Ellen Wong
Michael A. Jacobs
Tiffany Cheung
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Email: jgratz@mofo.com
       joyceli@mofo.com
       melodywong@mofo.com
       mjacobs@mofo.com
       tcheung@mofo.com

Alexandra Marie Ward
Allyson Roz Bennett
Rose S. Lee
**MORRISON & FOERSTER LLP**
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
Email: alexandraward@mofo.com
       abennett@mofo.com
       roselee@mofo.com

*Counsel for Defendant OpenAI, Inc., a Delaware nonprofit corporation, OpenAI, L.P., a Delaware limited partnership, OpenAI OpCo, L.L.C., a Delaware limited liability corporation, OpenAI GP, L.L.C. a Delaware limited liability company, OpenAI Startup Fund GP I, L.L.C., a Delaware limited liability company, OpenAI Startup Fund I, L.P., a Delaware limited partnership, OpenAI Startup Fund Management, LLC, a Delaware limited liability company*

Andrew Michael Gass
Joseph Richard Wetzel
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Email: andrew.gass@lw.com
       joseph.wetzel@lw.com

Allison L Stillman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Email: alli.stillman@lw.com

Sarang Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Email: sy.damle@lw.com

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS