# EXHIBIT B

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:       jsaveri@saverilawfirm.com
             czirpoli@saverilawfirm.com
             cyoung@saverilawfirm.com
             wcastillo@saverilawfirm.com
             hbenon@saverilawfirm.com
             acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:       mb@butterticklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:       bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Master File No. 3:23-cv-03223-AMO

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

**PROPOUNDING PARTIES:**                    **Defendant OpenAI OpCo, L.L.C.**

**RESPONDING PARTIES:**                     **Plaintiff Paul Tremblay**

**SET NUMBER:**                             **Two**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Paul Tremblay ("Plaintiff") in the above-titled action hereby responds to Defendant OpenAI OpCo, L.L.C.'s ("Defendant" or "OpenAI") Second Set of Requests for Production of Documents (the "Requests"). Notably, an agreement by Plaintiff to search for documents does not mean that he has documents in his possession, custody, or control.

## INTRODUCTORY RESPONSE

Plaintiff responds to the Requests based on the best information available to him at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiff responds to the Requests as he interprets and understands each Request set forth herein. If OpenAI subsequently asserts an interpretation of any of the Requests that differs from Plaintiff's understanding, Plaintiff reserves the right to supplement his objections and/or responses.

Plaintiff's willingness to respond to any particular Request does not constitute an admission that Plaintiff agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgment by Plaintiff that the Request is proper, that the information sought is within the proper bounds of discovery or that demands similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiff knows any such document exists or is in his possession, custody, or control.

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

## GENERAL OBJECTIONS

1.      These responses are made solely for purposes of discovery in this Action, and any response, objection, or materials produced in response to the Requests are subject to all appropriate later-asserted objections to their admissibility in evidence before, during, or after trial, and Plaintiff expressly reserves the right to make such future objections.

2.      Plaintiff has not completed his discovery and investigation of the facts pertaining to this Action, and Plaintiff reserves the right to amend, modify, or supplement these Requests with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

3.      Plaintiff's investigation is ongoing and therefore, Plaintiff reserves his right to supplement these Requests as necessary and as required under the Federal Rules of Civil Procedure.

4.      Defendant's definitions and instructions will not be followed to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure, Civil Local Rules, or any of the Court's Orders and will be construed to impose only the burdens and obligations required by those Rules and Orders.

5.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert-disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action, including, without limitation, other documents relating to an attorney's mental impressions, conclusions, opinions, strategies, or legal theories concerning the Action. Any inadvertent production of privileged or protected materials or information is unintentional and shall not be deemed to be a waiver of Plaintiff's privileges, protections, or the right to assert them.

6.      Plaintiff objects to the Requests as oppressive, unduly burdensome, harassing, disproportionate to the needs of the case, and to the extent they call for information that Plaintiff has already provided to Defendant or is easily accessible for the Defendant to obtain.

7.      Plaintiff objects to each Request to the extent it seeks information not maintained in the ordinary course of business.

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

8.    Plaintiff objects to each Request as unduly burdensome to the extent it seeks information that (a) is not in Plaintiff's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 33, or (b) is as easily available to Defendant.

9.    Plaintiff objects to the term "Copyrighted Works" as overbroad, vague, and ambiguous. Accordingly, Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Operative Complaint (Master File No. 3:23-cv-03416-AMO, ECF No. 120, "Complaint"), namely *THE CABIN AT THE END OF THE WORLD*.

10.    Plaintiff objects to the term "All" as vague and ambiguous.

11.    The Requests do not specify the date range for the requested production. Unless otherwise stated in the responses below, Plaintiff will search for responsive documents from the date of copyright registration of Plaintiff's Asserted Works.

12.    Plaintiff objects to all individual requests herein, as they do not comply with the "reasonable particularity" requirement of Rule 34(b)(1).

## OBJECTIONS AND RESPONSES TO INDIVIDUAL REQUESTS

**REQUEST FOR PRODUCTION 20:**

All Documents and Communications relating to reviews of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION 20:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications relating to reviews" on the grounds that the term "reviews" is undefined, vague and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and

communications about reviews. Searching for emails relating to any and all reviews would require an extensive search and would not likely generate information relevant to the claims or defenses in this matter. Plaintiff further objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, relevant and responsive non-privileged, nonpublic documents within his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION 21:**

All Documents and Communications regarding any requests by You to any third party requesting permission to quote, reference, or otherwise use written works not owned by You in Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and all Documents and Communications

"regarding any requests" on the grounds that the term "any requests" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff objects to producing any and all Documents and Communications in response to this Request on the ground that "otherwise use" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as not proportional to the needs of the case to the extent it seeks Documents and Communications in the possession, custody, or control of, and/or concerns a third-party. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent that it is duplicative, in whole or in part, of Request Number 22. To the extent OpenAI seeks further material or searches than what will be produced in response to Request Number 22, Plaintiff objects to this request as disproportionate. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to Plaintiff's response to Request for Production number 22. Plaintiff's obligation in responding to this Request for Production is complete.

## REQUEST FOR PRODUCTION NO. 22:

All Documents and Communications regarding licenses You have acquired in which You have obtained permission to quote, reference, or otherwise use written works not owned by You in Your Copyrighted Works.

## RESPONSE TO REQUEST NO. 22:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person

asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications regarding licenses" on the grounds that the term "regarding licenses" is vague, overbroad, and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and communications about licenses. Plaintiff objects to producing any and all Documents and Communications in response to this Request on the ground that "otherwise use" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent that it is duplicative, in whole or in part, of Request Number 21.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to any claim or allegation that any of Your Copyrighted Works infringes any third-party rights.

**RESPONSE TO REQUEST NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff

further objects to this Request as irrelevant and not proportional to the needs of the case to the extent it

seeks Documents and Communications in the possession, custody, or control of, and/or concerns a

third-party. Plaintiff objects to producing any and "All Documents and Communications relating to any

claim or allegation" on the grounds that the term "relating to any claim or allegation" is vague,

overbroad, and not limited to the specific claims and defenses raised in this dispute. Moreover, as

written, the Request could be read to seek all drafts and communications about "any claim or

allegation." Plaintiff objects to this Request as overbroad because it purports to seek information

outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from

the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production

of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects

to this Request to the extent it seeks Documents and Communications subject to the attorney-client

privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will

search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in

his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications relating to Your procedures and efforts to detect or

prevent plagiarism in Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this

Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to

the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff

objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant

and/or disproportional to the needs of the case because as defined it includes any person asked, hired,

retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff

Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret

"Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff

further objects to this Request as unintelligible as to "procedures and efforts." Plaintiff objects to

producing any and "All Documents and Communications relating to Your procedures and efforts" on

the grounds that it is overbroad and unduly burdensome. Moreover, as written, the Request could be

read to seek all drafts and communications about "procedures and efforts." Plaintiff objects to this

Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff

will interpret the lookback period for the Request to be from the date of copyright registration of

Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information

before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent

it seeks Documents and Communications subject to the attorney-client privilege, work-product

doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will

search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in

his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications relating to any complaints regarding alleged plagiarism in

Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this

Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to

the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff

objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant

and/or disproportional to the needs of the case because as defined it includes any person asked, hired,

retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff

Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret

"Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff

objects to producing any and all Documents and Communications "relating to any complaints" on the

grounds that the term "any complaints" is vague and not limited to the specific claims and defenses

raised in this dispute. Plaintiff objects to producing any and all Documents and Communications in

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

response to this Request on the ground "regarding alleged plagiarism" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as irrelevant and not proportional to the needs of the case to the extent it seeks Documents and Communications in the possession, custody, or control of, and/or concerns a third-party. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce, on a rolling basis, relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show each and every written work that informed the preparation of each of Your Copyrighted Works, regardless of its length, format, or medium.

**RESPONSE TO REQUEST NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request because it is overbroad and unintelligible, particularly to the extent it seeks "every written work that informed the preparation of each of Your Copyrighted Works." Plaintiff does not understand what "informed the preparation" means in this

context. Plaintiff further objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents responsive to this Request as drafted. As written, this Request could be interpreted to mean any and all material that one has ever reviewed in their life.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications regarding the primary and secondary sources used in preparation of Your Copyrighted Works, including without limitation notes, outlines, and reference lists.

**RESPONSE TO REQUEST NO. 27:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications regarding the primary and secondary sources" on the grounds that the phrase "regarding the primary and secondary sources used" is vague, overbroad, and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and communications about primary and secondary sources used. Plaintiff objects to

producing any and all Documents and Communications in response to this Request on the ground that

"used in preparation of" is vague and not limited to the specific claims and defenses raised in this

dispute. Plaintiff will interpret "notes, outlines, and reference lists" to be about primary and secondary

sources for Copyrighted Works. Plaintiff further objects to this Request as overbroad because it

purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback

period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works.

Plaintiff also objects to the production of electronically stored information before an applicable ESI

protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and

Communications subject to the attorney-client privilege, work-product doctrine, and/or any other

applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not

produce documents responsive to this Request as drafted.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications relating to any disputes as to the ownership of Your

Copyrighted Works, including but not limited to DMCA Takedown Notices or other copyright

infringement removal requests received by You.

**RESPONSE TO REQUEST NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this

Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not

proportional to the needs of the case including to the extent it seeks "All Documents and

Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and

calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined

it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the

terms "You" and "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term

"Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the

copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All

Documents and Communications relating to any disputes" on the grounds that the phrase "relating to

any disputes" is vague, overbroad, and not limited to the specific claims and defenses raised in this

dispute. Moreover, as written, the Request could be read to seek all drafts and communications about primary and secondary sources used. Plaintiff further objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above. Plaintiff will conduct a reasonable search for and produce on a rolling basis, non-public responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to Your correspondence with the United States Copyright Office regarding Your Copyrighted Works, including deposit copies.

**RESPONSE TO REQUEST NO. 29:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications relating to Your correspondence" on the grounds that the term "Your" is overbroad, irrelevant, and not proportional to the needs of the case any claims or defenses because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff also objects to the production of electronically stored information

before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, non-public responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

## REQUEST FOR PRODUCTION NO. 30:

Documents sufficient to show each of the OpenAI accounts You have created or used, including without limitation Documents's sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

## RESPONSE TO REQUEST NO. 30:

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to the defined term "You" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "You" as referring to Plaintiff Paul Tremblay. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to response to Interrogatory number 4.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications relating to any methods You have used for producing outputs from GPT Services to support Your claims in this Action.

**RESPONSE TO REQUEST NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Paul Tremblay. Plaintiff further objects to this Request as irrelevant and not proportional to the needs of the case because how individual Plaintiffs interact with GPT services is irrelevant to any claims or defenses. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. Plaintiff directs OpenAI to Plaintiff's response to Request for Production number 9. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show each of the OpenAI accounts created or used by any Person who participated in or was aware of Your use of GPT services to generate any of the outputs cited in or referred to in the Complaint.

**RESPONSE TO REQUEST NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. See response to Request for Production number 9. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to show each of the prompts You have entered into GPT Services, including without limitation Documents sufficient to show any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was entered, the user account used, and each resulting output.

**RESPONSE TO REQUEST NO. 33:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. Plaintiff directs OpenAI to Plaintiff's response to Request for Production number 9. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE TO REQUEST NO. 34:**

In addition to, and without waiving, the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and not

proportional to the needs of the case, including to the extent that it seeks "All Documents and Communications." Plaintiff further objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent that it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request because such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. Plaintiff directs OpenAI to Plaintiff's responses to Request for Production number 9. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show the total revenue You receive in connection with Your Copyrighted Works broken down by source, including without limitation revenue from sales of physical books, audiobooks, and ebooks, and revenues from licensing arrangements, for each month since the work's publication (or the commencement of a licensing agreement) to the present.

**RESPONSE TO REQUEST NO. 35:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Paul Tremblay. Plaintiff further objects to this Request as irrelevant to the claims and defenses at issue in this case. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request as overbroad

because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff is unable to answer this Request as presently drafted. Plaintiff will meet and confer regarding this Request, to narrow the scope.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to attempts to license Your Copyrighted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, generative AI licenses, and licenses for text and data mining.

**RESPONSE TO REQUEST NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff further objects to this Request as unintelligible as to "relating to attempts." Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff

will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. Plaintiff directs OpenAI to Plaintiff's responses to Request for Production numbers 4, 5 and 12. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 37:**

All Documents and Communications relating to Your efforts to make any of Your Copyrighted Works publicly available either in print or on the internet.

**RESPONSE TO REQUEST NO. 37:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications relating to Your efforts" on the grounds that the term "efforts" is vague and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and communications about efforts. Searching for emails relating to any and all efforts would require an extensive search and would not likely generate information relevant to the claims or defenses in this matter. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration

of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. Plaintiff directs OpenAI to Plaintiff's responses to Request for Production numbers 4, 5, and 12. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show any agreements You have with any publishers relating to actual or beneficial ownership of any rights in Your Copyrighted Works.

**RESPONSE TO REQUEST NO. 38:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing "any agreements" on the grounds that the term "agreements" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff further objects to this Request on the grounds that such documents have already been produced to OpenAI and thus are already in its possession, custody, or control. To the extent OpenAI seeks further material or searches than what has already been produced, Plaintiff objects to this request as disproportionate to the current needs of the case.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. Plaintiff directs OpenAI to Plaintiff's responses to Request for Production numbers 4, 5, and 12. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 39:**

All Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.

**RESPONSE TO REQUEST NO. 39:**

Subject to and without waiving the general and specific objections stated above, Plaintiff will comply with the federal rules in responding to this Request. Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Paul Tremblay. Plaintiff objects to this Request, as it does not comply with the "reasonable particularity" requirement of Rule 34(b)(1).

Dated: June 18, 2024

By:    /s/ Joseph R. Saveri
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
William W. Castillo Guardado (State Bar No. 294159)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:    jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
wcastillo@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email:    bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email:    asweatman@caffertyclobes.com

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

## CERTIFICATE OF SERVICE

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1505, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On June 13, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

I declare under penalty of perjury that the foregoing is true and correct. Executed June 18, 2024, at San Francisco, California.

By: _____

         Ruby Ponce

PLAINTIFF PAUL TREMBLAY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S
SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

1

## SERVICE LIST

Joseph Charles Gratz
Joyce C. Li
Melody Ellen Wong
Michael A. Jacobs
Tiffany Cheung
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, CA 94105
Email: jgratz@mofo.com
      joyceli@mofo.com
      melodywong@mofo.com
      mjacobs@mofo.com
      tcheung@mofo.com

Alexandra Marie Ward
Allyson Roz Bennett
Rose S. Lee
**MORRISON & FOERSTER LLP**
707 Wilshire Blvd., Suite 6000
Los Angeles, CA 90017
Email: alexandraward@mofo.com
      abennett@mofo.com
      roselee@mofo.com

OpenAICopyright@mofo.com

Andrew Michael Gass
Joseph Richard Wetzel
**LATHAM & WATKINS LLP**
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Email: andrew.gass@lw.com
      joseph.wetzel@lw.com

Allison L. Stillman
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Email: alli.stillman@lw.com

Sarang Damle
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1505
Washington, DC 20004
Email: sy.damle@lw.com

openaicopyrightlitigation.lwteam@lw.com

Robert A. Van Nest
Nicholas Goldberg
Paven Malhotra
**KEKER VAN NEST & PETERS**
633 Battery Street
San Francisco, CA 94111

Email: KVP-OAI@keker.com

*Counsel for Defendants OpenAI, Inc., a Delaware nonprofit corporation; OpenAI, L.P., a Delaware limited partnership; OpenAI OpCo, L.L.C., a Delaware limited liability corporation; OpenAI GP, L.L.C., a Delaware limited liability company; OpenAI Startup Fund GP I, L.L.C., a Delaware limited liability company; OpenAI Startup Fund I, L.P., a Delaware limited partnership; OpenAI Startup Fund Management, LLC, a Delaware limited liability company*