# EXHIBIT C

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         hbenon@saverilawfirm.com
         kmcmahon@saverilawfirm.com
Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butericklaw.com

Bryan L. Clobes (pro hac vice)
Alexander J. Sweatman (pro hac vice
anticipated)
Mohammed Rathur (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street
Suite 3210
Chicago, IL 60603
Telephone: (312)782-4880
Facsimile: (312)782-4485
Email:     bclobes@caffertyclobes.com
           asweatman@caffertyclobes.com
           mrathur@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This Document Relates To:<br><br>Case No. 3:23-CV-04625-AMO | Case No. 3:23-CV-03223-AMO<br><br>**PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

**PROPOUNDING PARTIES:**     **Defendant OpenAI OpCo, L.L.C.**

**RESPONDING PARTIES:**      **Plaintiff Junot Díaz**

**SET NUMBER:**              **One**


Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Junot Díaz ("Plaintiff") in the above-titled action hereby responds to Defendant OpenAI OpCo, L.L.C.'s ("Defendant" or "OpenAI") First Set of Requests for Production of Documents and Things ("Requests") and produce for inspection and copying.

## INTRODUCTORY RESPONSE

Plaintiff responds to the Requests on the basis of the best information available to him at the time the responsive information was gathered, within the limits of time, and subject to the objections described below. Plaintiff responds to the requests as he interprets and understands each Request set forth herein. If OpenAI subsequently asserts an interpretation of any of the Requests that differs from Plaintiff's understanding, Plaintiff reserves the right to supplement his objections and/or responses.

Plaintiff's willingness to respond to any particular Request does not constitute an admission that Plaintiff agrees with any characterization, definition, or assumption contained in the Request or an assumption or an acknowledgment by Plaintiff that the Request is proper, that the information sought is within the proper bounds of discovery or that demands for similar information will be treated in similar fashion. Furthermore, a statement that responsive documents will be produced in response to a particular Request does not mean that Plaintiff knows such document exists or is in his possession, custody, or control.

## GENERAL OBJECTIONS

1.     These responses are made solely for purposes of discovery in this action, and any response, objection, or materials produced in response to the Requests are subject to all appropriate later-asserted

objections to their admissibility in evidence before, during, or after trial, and Plaintiff expressly reserves the right to make such future objections.

2.      Plaintiff has not completed his discovery and investigation of the facts pertaining to this Action, and Plaintiff reserves the right to amend, modify, or supplement these Requests with subsequently discovered responsive information and to introduce and rely upon such subsequently discovered information in this litigation.

3.      Plaintiff's investigation is ongoing and therefore, Plaintiff reserves his right to supplement these Requests as necessary and as required under the Federal Rules of Civil Procedure.

4.      Defendant's definitions and instructions will not be followed to the extent that they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure, Civil Local Rules, or any of the Court's Orders and will be construed to impose only the burdens and obligations required by those Rules and Orders.

5.      Plaintiff objects to the Requests to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert-disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action, including without limitation other documents relating to an attorney's mental impressions, conclusions, opinions, strategies, or legal theories concerning the Action. Any inadvertent production of privileged or protected materials or information is unintentional and shall not be deemed to be a waiver of Plaintiff's privileges, protections, or right to assert them.

6.      Plaintiff objects to the Requests as oppressive, unduly burdensome, harassing, disproportionate to the needs of the case, and to the extent they call for information that Plaintiff has already provided to Defendant or is easily accessible for the Defendant to obtain.

7.      Plaintiff objects to each Request to the extent it seeks information not maintained in the ordinary course of business.

8.      Plaintiff objects to each Request as unduly burdensome to the extent it seeks information that (a) is not in Plaintiff's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 33, or (b) is as easily available to Defendant.

9.      Plaintiff objects to the term "Copyrighted Works" as overbroad, vague, and ambiguous. Accordingly, Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint (Case No. 3:23-cv-03223-AMO, ECF No. 120-1), namely *The Brief Wondrous Life of Oscar Wao*.

10.     Plaintiff objects to the term "All" as vague and ambiguous.

11.     The Requests do not specify the date range for the requested production. Unless otherwise stated in the responses below, Plaintiff will search for responsive documents from the date of copyright registration of Plaintiff's Asserted Works.

12.     Plaintiff objects to all individual requests herein, as they do not comply with the "reasonable particularity" requirement of Rule 34(b)(1).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All U.S. copyright registrations for Your Copyrighted Works.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All U.S. copyright registrations." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the needs of this case. Plaintiff objects to this Request as the burden and expense outweigh any likely

benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications relating to Your ownership of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to "ownership" as vague and ambiguous. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Number 3 and 4.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Work referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications relating to OpenAI's alleged use of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as overbroad and takes the phrase "Open AI's alleged use of Your Copyrighted Works" to mean copyright infringement in the specific sense of 17 U.S.C. § 501. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2 and 4.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 4:**

All licenses that apply to each Copyrighted Work identified in Interrogatory No. 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence. Plaintiff objects to the

term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to the term "any license applicable" as vague, ambiguous, and overbroad. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2 and 3.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control and that are sufficient to show Plaintiff's understanding of licenses relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications relating to Your decision to enter into any licenses that apply to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks "All Documents and Communications," and that "decision to enter into" is vague and ambiguous. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to "ownership" as vague and ambiguous. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense

outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control and that are sufficient to show Plaintiff's decision to enter into the licenses responsive to Request No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Communications relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant, including but not limited to reproduction, public display, or distribution by GPT Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents and Communications," and "the alleged reproduction, public display, or distribution of Your Copyrighted Works" is vague and ambiguous. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to "reproduction" as vague and ambiguous. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendants, or are already in its possession, custody, or control. Defendant has custody and knowledge of the output of its own generative AI product. Plaintiff further objects to this Request

to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2, 3, 4.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff responds that such documents are publicly accessible, equally available to Defendant, and/or already in its possession, custody, or control. Accordingly, Plaintiff will not produce documents responsive to this Request as currently drafted.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents referenced or cited in preparing Your responses to any of OpenAI's Interrogatories and Requests for Admissions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the general and specific objections stated above, Plaintiff will comply with the federal rules in responding to this Request. Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to this Request, as it does not comply with the "reasonable particularity" requirement of Rule 34(b)(1).

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications relating to any efforts undertaken by You to enforce Your copyrights for any of Your Copyrighted Works against anyone, or to monitor for or investigate infringement of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks all "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of OpenAI's Interrogatory No. 4.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control relating to Plaintiff's Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 9:**

All non-privileged Documents and Communications relating to Your investigation of the claims alleged in the Complaint..

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks all "All non-privileged Documents and Communications." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it

calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce documents responsive to this request as presently drafted. Plaintiff is amenable to meet and confer regarding this request, to better understand what OpenAI seeks from this request.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents and Communications relating to any benefits of Your work that You were deprived of as a result of OpenAI's conduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks all "All Documents and Communications" and "benefits of [Your] work." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to the extent this Request seeks documents related to expert witness work-product. Plaintiff also objects to the Request because it prematurely seeks information, which is the subject of expert testimony. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 13, 15.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce documents responsive to this request as presently drafted. Plaintiff is amenable to meet and confer regarding this request, to better understand what OpenAI seeks from this request

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications relating to OpenAI, including any relationship you have had with any OpenAI entity, Communications with OpenAI, and accounts with OpenAI.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant, admissible evidence including to the extent it seeks all "All Documents and Communications." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense outweigh any likely benefit. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI or are already in its possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 2, 3, 4, 6 and OpenAI's Interrogatory No. 3.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control, regarding accounts relating to OpenAI that are relevant to this litigation.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents relating to Your agreements, including but not limited to licenses and work-for-hire agreements, related to Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, and/or unduly burdensome,

including to the extent it seeks "agreements" and "not limited to licenses and work-for-hire x agreements." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 4 and 5.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control sufficient to show work-for-hire agreements pertaining to his Copyrighted Works referred to in the Complaint.

## REQUEST FOR PRODUCTION NO. 13:

All Documents or Communications relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent that it seeks "any injury or harm." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff also objects to the Request because it prematurely seeks information, which is the subject of expert testimony and to the extent this Request seeks documents

related to expert witness work-product. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI or are already in its possession, custody, or control. Defendant has custody and knowledge of the output of its own generative AI product. Plaintiff further objects to this Request to the extent that it calls for Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 10 and 15.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce documents related to this request, as it is premature in nature and potentially requires expert testimony.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents identified in Your initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents identified in Your initial disclosures." Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI, or are already in its possession, custody, or control. Defendant has custody and knowledge of the output of its own generative AI product.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents that are in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents upon which You intend to rely on for summary judgment or at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents upon which You intend to rely on for summary judgment or at trial." Documents that Plaintiff "intend to rely on" are an undefined and unknowable universe of materials at this time. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects that Documents relating to summary judgment and trial will be the subject of expert discovery, and objects to the extent this Request seeks documents related to expert witness work-product. Plaintiff also objects to the Request because it prematurely seeks information, which is the subject of expert testimony, fact discovery is not complete, and OpenAI has not completed its production of documents and information necessary to evaluate documents needed for summary judgment and trial in this action. Plaintiff objects to this Request to the extent that it is duplicative, in whole or in part, of Request Numbers 1 through 19.

Subject to the foregoing General and Specific Objections stated above, Plaintiff will not produce documents related to this request at this time, as it is premature in nature.

1

**REQUEST FOR PRODUCTION NO. 16:**

2

All Documents and Communications produced or provided to You by any Third Party in this Action.

3

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

4

       In addition to the General Objections set forth above and without waiving them, Plaintiff objects

5

to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

6

7

reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent

8

it seeks "All Documents," and "Third Party" is undefined. Plaintiff objects to this Request as irrelevant

9

and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense

10

of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the

11

extent that it calls for Documents and Communications subject to the attorney-client privilege, work

12

product doctrine, and/or any other applicable privilege or protection from disclosure.

13

       Subject to and without waiving the General and Specific Objections stated above, Plaintiff will

14

15

search for and produce relevant and responsive non-privileged documents or communications within

16

his possession, custody, or control, that have been subpoenaed and received from a third party.

17

**REQUEST FOR PRODUCTION NO. 17:**

18

All Documents and Communications You have had with any Person other than Your attorneys

19

concerning this Litigation, including Your decision to become a plaintiff in this Litigation.

20

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

21

       In addition to the General Objections set forth above and without waiving them, Plaintiff objects

22

23

to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not

24

reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent

25

it seeks "All Documents." Plaintiff objects to this Request as irrelevant and not proportional to the

26

needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery

27

outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for

28

Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control regarding his decision to become a named class representative in this litigation.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents constituting the pleadings in any action in which You are or were a named party or identified as a proposed class representative, as well as any transcripts of any depositions or other testimony provided in such actions. This Request specifically includes all civil and criminal actions as well as actions before quasi-judicial forums such as arbitrations, and regulatory/disciplinary and administrative law tribunals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent it seeks "All Documents," and "other testimony" is undefined. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff objects to this Request on the grounds that such documents are publicly accessible, are equally available to OpenAI, or are already in its possession, custody, or control. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control relating to the subject matter of this litigation or a representative action.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show all final judgments or settlements in any matter in which You were a named party or identified as a proposed class representative.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the General Objections set forth above and without waiving them, Plaintiff objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant admissible evidence including to the extent that "all" is undefined. Plaintiff objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as the burden and expense of the requested discovery outweigh any likely benefit. Plaintiff further objects to this Request to the extent that it calls for Documents subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the General and Specific Objections stated above, Plaintiff will search for and produce relevant and responsive non-privileged documents or communications within his possession, custody, or control relating to the subject matter of this litigation or a representative action where he was a named party or identified as proposed class representative.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents and Communications relating to reviews of Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications relating to reviews" on the grounds that the term "reviews" is undefined, vague and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and communications about reviews. Searching for emails relating to any and all reviews would require an extensive search and would not likely generate information relevant to the claims or defenses in this matter. Plaintiff further objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, relevant and responsive, non-privileged, nonpublic

documents within his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents and Communications regarding any requests by You to any third party requesting permission to quote, reference, or otherwise use written works not owned by You in Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and all Documents and Communications "regarding any requests" on the grounds that the term "any requests" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff objects to producing any and all Documents and Communications in response to this Request on the ground that "otherwise use" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff further objects to this Request as not proportional to the needs of the case to the extent it seeks Documents and Communications in the possession, custody, or control of, and/or concerns a third-party. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's

Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent that it is duplicative, in whole or in part, of Request Number 22. To the extent OpenAI seeks further material or searches than what will be produced in response to Request Number 22, Plaintiff objects to this request as disproportionate. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to Plaintiff's response to Request for Production number 22. Plaintiff's obligation in responding to this Request for Production is complete

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications regarding licenses You have acquired in which You have obtained permission to quote, reference, or otherwise use written works not owned by You in Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and

Communications regarding licenses" on the grounds that the term "regarding licenses" is vague, overbroad, and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and communications about licenses. Plaintiff objects to producing any and all Documents and Communications in response to this Request on the ground that "otherwise use" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent that it is duplicative, in whole or in part, of Request Number 21.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications relating to any claim or allegation that any of Your Copyrighted Works infringes any third-party rights.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to

assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff

further objects to this Request as irrelevant and not proportional to the needs of the case to the extent

it seeks Documents and Communications in the possession, custody, or control of, and/or concerns a

third-party. Plaintiff objects to producing any and "All Documents and Communications relating to

any claim or allegation" on the grounds that the term "relating to any claim or allegation" is vague,

overbroad, and not limited to the specific claims and defenses raised in this dispute. Moreover, as

written, the Request could be read to seek all drafts and communications about "any claim or

allegation." Plaintiff objects to this Request as overbroad because it purports to seek information

outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from

the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production

of electronically stored information before an applicable ESI protocol has been entered. Plaintiff

objects to this Request to the extent it seeks Documents and Communications subject to the attorney-

client privilege, work-product doctrine, and/or any other applicable privilege or protection from

disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will

search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in

his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications relating to Your procedures and efforts to detect or prevent

plagiarism in Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to

this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional

to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff

objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff further objects to this Request as unintelligible as to "procedures and efforts." Plaintiff objects to producing any and "All Documents and Communications relating to Your procedures and efforts" on the grounds that it is overbroad and unduly burdensome. Moreover, as written, the Request could be read to seek all drafts and communications about "procedures and efforts." Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications relating to any complaints regarding alleged plagiarism in Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional

to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff further objects to this Request as unintelligible as to "procedures and efforts." Plaintiff objects to producing any and "All Documents and Communications relating to Your procedures and efforts" on the grounds that it is overbroad and unduly burdensome. Moreover, as written, the Request could be read to seek all drafts and communications about "procedures and efforts." Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, relevant and responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show each and every written work that informed the preparation of each of Your Copyrighted Works, regardless of its length, format, or medium.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request because it is overbroad and unintelligible, particularly to the extent it seeks "every written work that informed the preparation of each of Your Copyrighted Works." Plaintiff does not understand what "informed the preparation" means in this context. Plaintiff further objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents responsive to this Request as drafted. As written, this Request could be interpreted to mean any and all material that one has ever reviewed in their life.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents and Communications regarding the primary and secondary sources used in preparation of Your Copyrighted Works, including without limitation notes, outlines, and reference lists.

1

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

2

        In addition to and without waiving the general objections set forth above, Plaintiff objects to

3

this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not

4

proportional to the needs of the case including to the extent it seeks "All Documents and

5

Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for

6

discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes

7

any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term

8

"Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as

9

overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically

10

referred to in the Complaint. Plaintiff objects to producing any and "All Documents and

11

Communications regarding the primary and secondary sources" on the grounds that the phrase

12

"regarding the primary and secondary sources" is vague, overbroad, and not limited to the specific

13

claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all

14

drafts and communications about primary and secondary sources used. Plaintiff objects to producing

15

any and all Documents and Communications in response to this Request on the ground that "used in

16

preparation of" is vague and not limited to the specific claims and defenses raised in this dispute.

17

Further, Plaintiff will interpret "notes, outlines, and reference lists" to be about primary and secondary

18

sources for Copyrighted Works. Plaintiff further objects to this Request as overbroad because it

19

purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback

20

period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works.

21

Plaintiff also objects to the production of electronically stored information before an applicable ESI

22

protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and

23

Communications subject to the attorney-client privilege, work-product doctrine, and/or any other

24

applicable privilege or protection from disclosure.

25

26

27

28

Subject to and without waiving the general and specific objections stated above, Plaintiff will not produce documents responsive to this Request as drafted.

**REQUEST FOR PRODUCTION NO. 28:**

All Documents and Communications relating to any disputes as to the ownership of Your Copyrighted Works, including but not limited to DMCA Takedown Notices or other copyright infringement removal requests received by You.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, irrelevant and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications relating to any disputes" on the grounds that the phrase "relating to any disputes" is vague, overbroad, and not limited to the specific claims and defenses raised in this dispute. Moreover, as written, the Request could be read to seek all drafts and communications about primary and secondary sources used. Plaintiff further objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent it seeks Documents and Communications

subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure.

Subject to and without waiving the general and specific objections stated above. Plaintiff will conduct a reasonable search for and produce on a rolling basis, non-public responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents and Communications relating to Your correspondence with the United States Copyright Office regarding Your Copyrighted Works, including deposit copies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing any and "All Documents and Communications relating to Your correspondence" on the grounds that the term "Your" is overbroad, irrelevant, and not proportional to the needs of the case any claims or defenses because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine,

and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff will search for and produce on a rolling basis, non-public responsive non-privileged documents that are in his possession, custody, or control relating to his Copyrighted Works referred to in the Complaint.

**REQUEST FOR PRODUCTION NO. 30:**

Documents sufficient to show each of the OpenAI accounts You have created or used, including without limitation Documents sufficient to show the full name associated with the account(s), the username(s) for the account(s), email address(es) associated with the account(s), the organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to the defined term "You" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "You" as referring to Plaintiff Junot Díaz. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the

grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI's attention to response to Interrogatory number 4.

**REQUEST FOR PRODUCTION NO. 31:**

All Documents and Communications relating to any methods You have used for producing outputs from GPT Services to support Your claims in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Díaz. Plaintiff further objects to this Request as irrelevant and not proportional to the needs of the case because how individual Plaintiffs interact with GPT services is irrelevant to any claims or defenses. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents

are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff has previously responded to this Request. See response to Request for Production number 9.

**REQUEST FOR PRODUCTION NO. 32:**

Documents sufficient to show each of the OpenAI accounts created or used by any Person who participated in or was aware of Your use of GPT services to generate any of the outputs cited in or referred to in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

1    Subject to and without waiving the general and specific objections stated above, Plaintiff directs

2  OpenAI to Plaintiff's response to Request for Production Number 9. Plaintiff's obligation in responding

3  to this Request for Production is complete.

4  **REQUEST FOR PRODUCTION NO. 33:**

5
6  Documents sufficient to show each of the prompts You have entered into GPT Services, including

7  without limitation Documents sufficient to show any system prompts used, the parameters used in

8  connection with each prompt (including, but not limited to, temperature, model, maximum length, stop

9  sequences, top p, frequency penalty, presence penalty), the date and time on which that prompt was

10  entered, the user account used, and each resulting output.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

12    In addition to and without waiving the general objections set forth above, Plaintiff objects to

13  this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional

14  to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff

15  objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant

16  and/or disproportional to the needs of the case because as defined it includes any person asked, hired,

17  retained, or contracted to assist Plaintiff. Plaintiff objects to this Request as overbroad because it

18  purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback

19  period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works.

20  Plaintiff also objects to the production of electronically stored information before an applicable ESI

21  protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and

22  Communications subject to the attorney-client privilege, work-product doctrine, and/or any other

23  applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the

24  grounds that such documents are publicly accessible, are equally available to Defendant, or are already

25  in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to Plaintiff's response to Request for Production Number 9. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to show the process for obtaining each GPT Services output cited or referred to in the Complaint, including without limitation the full chat log, the prompts used, any system prompts used, the parameters used in connection with each prompt (including, but not limited to, temperature, model, maximum length, stop sequences, top p, frequency penalty, and presence penalty), each and every output generated by GPT Services as a result of each prompt and parameter combination, the time and date of those queries, and the user account.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to, and without waiving, the general objections set forth above, Plaintiff objects to this Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including to the extent that it seeks "All Documents and Communications." Plaintiff further objects to this Request as irrelevant and not proportional to the needs of the case. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent that it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request because such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to Plaintiff's response to Request for Production Number 9. Plaintiff's obligation in responding to this Request for Production is complete

**REQUEST FOR PRODUCTION NO. 35:**

Documents sufficient to show the total revenue You receive in connection with Your Copyrighted Works broken down by source, including without limitation revenue from sales of physical books, audiobooks, and ebooks, and revenues from licensing arrangements, for each month since the work's publication (or the commencement of a licensing agreement) to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Díaz. Plaintiff further objects to this Request as irrelevant to the claims and defenses at issue in this case. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on

the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff is unable to answer this Request as presently drafted. Plaintiff will meet and confer regarding this Request, to narrow the scope.

**REQUEST FOR PRODUCTION NO. 36:**

All Documents and Communications relating to attempts to license Your Copyrighted Works for reproduction, preparation of derivative works, distribution, display, or performance by businesses (including, but not limited to, artificial intelligence companies, academic institutions, non-profit organizations, or other legal entities), including without limitation enterprise licenses, archive licenses, generative AI licenses, and licenses for text and data mining.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff further objects to this Request as unintelligible as to "relating to attempts." Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information

1    before an applicable ESI protocol has been entered. Plaintiff further objects to this Request to the extent

2    it seeks Documents and Communications subject to the attorney-client privilege, work-product

3    doctrine, and/or any other applicable privilege or protection from disclosure.

4         Subject to and without waiving the general and specific objections stated above, Plaintiff directs

5    OpenAI to Plaintiff's responses to Request for Production Nos. 4, 5, and 12. Plaintiff's obligation in

6    responding to this Request for Production is complete.

7

8    **REQUEST FOR PRODUCTION NO. 37:**

9    All Documents and Communications relating to Your efforts to make any of Your Copyrighted Works

10   publicly available either in print or on the internet.

11   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

12        In addition to and without waiving the general objections set forth above, Plaintiff objects to

13   this Request to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not proportional

14   to the needs of the case including to the extent it seeks "All Documents and Communications." Plaintiff

15   objects to the defined term "Your" as vague, overbroad, and calling for discovery that is irrelevant

16   and/or disproportional to the needs of the case because as defined it includes any person asked, hired,

17   retained, or contracted to assist Plaintiff. Plaintiff will construe the term "Your" as referring to Plaintiff

18   Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret

19   "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff

20   objects to producing any and "All Documents and Communications relating to Your efforts" on the

21   grounds that the term "efforts" is vague and not limited to the specific claims and defenses raised in

22   this dispute. Moreover, as written, the Request could be read to seek all drafts and communications

23   about efforts. Searching for emails relating to any and all efforts would require an extensive search and

24   would not likely generate information relevant to the claims or defenses in this matter. Plaintiff objects

25   to this Request as overbroad because it purports to seek information outside a reasonable time period.

26

27

28

Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents are publicly accessible, are equally available to Defendant, or are already in its possession, custody, or control.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to Plaintiff's responses to Request for Production Nos. 4, 5, and 12. Plaintiff's obligation in responding to this Request for Production is complete.

**REQUEST FOR PRODUCTION NO. 38:**

Documents sufficient to show any agreements You have with any publishers relating to actual or beneficial ownership of any rights in Your Copyrighted Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to and without waiving the general objections set forth above, Plaintiff objects to the defined terms "You" and "Your" as vague, overbroad, and calling for discovery that is irrelevant and/or disproportional to the needs of the case because as defined it includes any person asked, hired, retained, or contracted to assist Plaintiff. Plaintiff will construe the terms "You" and "Your" as referring to Plaintiff Junot Díaz. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to producing "any agreements" on the grounds that the term "agreements" is vague and not limited to the specific claims and defenses raised in this dispute. Plaintiff objects to this Request as overbroad because it purports to seek information outside a reasonable time period. Plaintiff will interpret the lookback period for the Request to be from the date of copyright registration of Plaintiff's

Asserted Works. Plaintiff also objects to the production of electronically stored information before an applicable ESI protocol has been entered. Plaintiff objects to this Request to the extent it seeks Documents and Communications subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff further objects to this Request on the grounds that such documents have already been produced to OpenAI and thus are already in its possession, custody, or control. To the extent OpenAI seeks further material or searches than what has already been produced, Plaintiff objects to this request as disproportionate to the current needs of the case.

Subject to and without waiving the general and specific objections stated above, Plaintiff directs OpenAI to Plaintiff's responses to Request for Production Nos. 4, 5, and 12. Plaintiff's obligation in responding to this Request for Production is complete.


DATED: June 19, 2024            By: */s/ Bryan L. Clobes*
                                    Bryan L. Clobes

                                Bryan L. Clobes (pro hac vice)
                                Alexander J. Sweatman (pro hac vice anticipated)
                                Mohammed Rathur (pro hac vice anticipated)
                                **CAFFERTY CLOBES MERIWETHER**
                                **& SPRENGEL LLP**
                                135 South LaSalle Street, Suite 3210
                                Chicago, IL 60603
                                Telephone: (312)782-4880
                                Facsimile: (312)782-4885
                                Email: blcobes@caffertyclobes.com
                                      asweatman@caffertyclobes.com
                                      mrathur@caffertyclobes.com

                                Joseph R. Saveri (State Bar No. 130064)
                                Cadio Zirpoli (State Bar No. 179108)
                                Christopher K. L. Young (State Bar No. 318371)
                                Holden Benon (State Bar No. 325847)
                                Kathleen J. McMahon (State Bar No. 340007)
                                **JOSEPH SAVERI LAW FIRM, LLP**
                                601 California Street, Suite 1000
                                San Francisco, California 94108
                                Telephone: (415) 500-6800

1

Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
        kmcmahon@saverilawfirm.com

2

3

4

5

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email: mb@butticklaw.com

6

7

8

9

10

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on June 19, 2024, I caused the following documents to be

served by email upon the parties listed on the attached Service List:

**PLAINTIFF JUNOT DÍAZ'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

By: <u>/s/ Alex Sweatman</u>
       Alexander J. Sweatman

## SERVICE LIST

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (SBN 240676)
    jgratz@mofo.com
Tiffany Cheung (SBN 211497)
    tcheung@mofo.com
Joyce C. Li (SBN 323820)
    joyceli@mofo.com
Melody Ellen Wong (SBN 341494)
    melodywong@mofo.com
Vera Ranieri (SBN 271594)
    vranieri@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.258.7522

Allyson R. Bennett (SBN 302090)
    abennett@mofo.com
Rose S. Lee (SBN 294658)
    roselee@mofo.com
Alexandra Marie Ward (SBN 318042)
    alexandraward@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213.892.5454

Max I. Levy (SBN 346289)
    mlevy@mofo.com
755 Page Mill Road
Palo Alto, CA 94304-1018
Telephone: 650.813.5600

Eric K. Nikolaides (pro hac vice)
    enikolaides@mofo.com
250 West 55th Street
New York, NY 10019-9601
Telephone: 212.468.8000

**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)

*Counsel for Defendants OpenAI, Inc., a Delaware nonprofit corporation; OpenAI, L.P., a Delaware limited partnership; OpenAI OpCo, L.L.C., a Delaware limited liability corporation; OpenAI GP, L.L.C., a Delaware limited liability company; OpenAI Startup Fund GP I, L.L.C., a Delaware limited liability company; OpenAI Startup Fund I, L.P., a Delaware limited partnership; OpenAI Startup Fund Management, LLC, a Delaware limited liability company*

    andrew.gass@lw.com
Joseph R. Wetzel (SBN 238008)
    joseph.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle (pro hac vice)
    sy.damle@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (pro hac vice)
    alli.stillman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.751.4864

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (SBN 84065)
    rvannest@keker.com
R. James Slaughter (SBN 192813)
    rslaughter@keker.com
Paven Malhotra (SBN 258429)
    pmalhotra@keker.com
Michelle Ybarra (SBN 260697)
    mybarra@keker.com
Nicholas S. Goldberg (SBN 273614)
    ngoldberg@keker.com
Thomas E. Gorman (SBN 279409)
    tgorman@keker.com
Katie Lynn Joyce (SBN 308263)
    kjoyce@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415.391.5400
Facsimile: 415.397.7188

Case No.  3:23-CV-03223-AMO
ANSWERS TO FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF DÍAZ