# EXHIBIT B

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Margaux Poueymirou (State Bar No. 356000)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:  jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        mpoueymirou@saverilawfirm.com
        hbenon@saverilawfirm.com
        acera@saverilawfirm.com
        mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  (215) 864-2800
Email:      bclobes@caffertyclobes.com
            asweatman@caffertyclobes.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-CV-03223-AMO<br><br>**STIPULATION REGARDING THE CONDUCT OF DEPOSITIONS**<br><br>Judge: Hon. Araceli Martínez-Olguín |

Plaintiffs Paul Tremblay, Richard Kadrey, Sarah Silverman, Christopher Golden, Ta-Nehisi Coates, Junot Díaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, and Jacqueline Woodson (collectively, "Plaintiffs") and Defendants OpenAI, Inc.; OpenAI, L.P.; OpenAI OpCo, L.L.C.; OpenAI GP, L.L.C.; OpenAI Startup Fund I, L.P.; OpenAI Startup Fund GP I, L.L.C.; and OpenAI Startup Fund Management, LLC (collectively, "OpenAI") (together with Plaintiffs, the "Parties"), by and through their respective counsel of record, hereby stipulate as follows:

1. This stipulation and order shall apply to the conduct of depositions in *In re OpenAI ChatGPT Litig.*, Master File No. 3:23-cv-03223-AMO (N.D. Cal.) and any future related actions (the "Actions").

2. A party seeking to issue a deposition notice may issue such notice pursuant to Rule 30(b)(1) or 30(b)(6).

3. The Parties are entitled to 35 depositions per side for 30(b)(1) witnesses. The cap does not include 30(b)(6) depositions, expert depositions or depositions of third parties pursuant to Rule 45 or in the event of foreign depositions, depositions taken pursuant to the Hague Convention, or other treaties, conventions, or agreements which permit the taking of sworn testimony abroad. This cap may be increased by agreement of the Parties or a court order.

4. With respect to 30(b)(6) testimony, Plaintiffs are entitled to 36 hours of 30(b)(6) testimony. This cap may be increased by agreement of the Parties or a court order. In the event an individual is noticed for a 30(b)(1) deposition and designated as a 30(b)(6) corporate representative, 30(b)(6) time will not count against 30(b)(1) time.

5. To the extent reasonable, all parties will use best efforts coordinate the date and location of depositions so that depositions occurring in a single location or geographic region are taken on consecutive days.

6. A party seeking to depose a party witness will communicate by email a date, time and location for the deposition. Within 3 business days of such communication, the party may agree to the proposed date, location and time as appears in the draft notice or propose two alternative dates, both within 14 days of the original, proposed deposition date.

7. The party noticing the deposition may choose one of two alternative dates provided by the receiving party. Once set, the deposition may not be moved absent agreement of the Parties to this Stipulation or a court order.

8. A party noticing a 30(b)(1) deposition shall be entitled to 7 hours of deposition time, excluding breaks. A party may request additional deposition time beyond 7 hours, and if the Parties do not reach agreement, the matter may be brought to the Court in accordance with the procedures required by Magistrate Judge Robert M. Illman. In no event, will total deposition time for any single 30(b)(1) deposition exceed 14 hours of on the record deposition time, absent leave of Court. In the event the witness requires a translator, the deposition time will be doubled. Any additional time required for translation into English will not count against the total cap set forth above.

9. OpenAI must designate one or more 30(b)(6) representative(s) within 7 days of receipt of a 30(b)(6) notice. Designation must include name, job title(s) and responsibilities. In the case of multiple designees, OpenAI will designate the topics with respect to which the witness will offer testimony. Plaintiffs are entitled up to 36 hours for 30(b)(6) depositions. The scheduling provisions will be the same as scheduling provisions listed above for 30(b)(1) depositions.

10. A party may designate the same individual as a 30(b)(1) and a 30(b)(6) witness. The depositions of an individual who is noticed as an individual witness pursuant to Rule 30(b)(1) and who is also produced as a corporate representative pursuant to Rule 30(b)(6) are subject to independent time limits. Rule 30(b)(6) depositions will occur separately from Rule 30(b)(1) depositions.

11. The Parties will produce copies of all documents reviewed by a witness in preparation for a deposition no later than three (3) business days before the deposition or, if the document has been produced in discovery, identify the Bates range(s).

12. Once a deposition begins, counsel is not permitted to confer with the witness about their testimony, whether substantive or stylistic, except to discuss whether material or communications are subject to a claim of privilege. Objections to deposition questions are limited to privilege or form only. No speaking objections are permitted. When privilege is claimed, the witness is required to answer questions regarding the subject matter, existence, and extent of the privileged

communication, or waiver of the privilege. Breaks shall not be taken while a question is pending unless required to determine whether a privilege should be asserted.

13. Depositions will take place in-person unless the Parties agree to take them remotely. The Parties may observe depositions remotely but may not examine the witness by remote means absent agreement.

14. Unless otherwise agreed to by the Parties, depositions may be attended, in-person or remotely, only by the Parties, the Parties' counsel, the deponent, the deponent's attorney, in-house counsel for the Parties, court reporters, videographers, and members and/or employees from the law firms of counsel of record. Upon agreement of the Parties, or application and good cause shown, the Court may permit attendance by others who do not fall within any of the categories set forth in the previous sentence.

15. Individuals shall only be deposed once, unless OpenAI elects to designate a prior deponent as a corporate representative or if prior deponent submits a declaration containing new facts (or contradicts prior testimony).

16. Within 2 business days of receiving a Rule 45 notice of intent to subpoena a former employee, counsel for OpenAI will inform Plaintiffs in writing whether its outside counsel represents the former employee. If so, counsel shall accept service on the former employee's behalf. The party issuing the subpoena will be entitled to five hours of examination, reserving two hours for other parties. In the event the other parties do not use their allotted time, the party issuing the subpoena will be entitled to continue his, her or its examination, but in any event the witness will not be deposed for more than seven hours of record time.

17. Unless otherwise stipulated to, expert depositions are presumptively limited to 7 hours of record time unless otherwise stipulated by the Parties or additional time is allowed by the Court.

18. Any deposition of Sam Altman will be limited to 6 hours.

19. Unless otherwise stipulated, the Federal Rules of Civil Procedure will govern.

20. The Parties agree to accept service of a deposition notice for all current employees and on behalf of named entities.

21. In the event of a deposition outside the United States, the Parties agree to waive the requirements of the laws, rules, or procedures regarding depositions and discovery which may apply in the location where the deposition is to occur. In the event of a deposition outside the United States, the Parties agree and consent to the applicability of the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

22. The Parties will provide notification of a departing employee who is a document custodian 21 days prior to departure if known, or as soon as practicable prior to departure.

Dated: December ___, 2024                    Respectfully Submitted,

/s/ DRAFT

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Margaux Poueymirou (State Bar No. 35600)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
         czirpoli@saverilawfirm.com
         cyoung@saverilawfirm.com
         mpoueymirou@saverilawfirm.com
         hbenon@saverilawfirm.com
         acera@saverilawfirm.com
         mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**

205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

Alexander J. Sweatman (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: (312) 782-4880
Email: asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*