**E-FILED**

United States District Court
Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Avenue
McKinleyville, CA, 95519

Re:   *In re OpenAI ChatGPT Litigation*; Master File No. 3:23-cv-3223-AMO

Dear Judge Illman:

Pursuant to this Court's standing order, the parties hereby submit this joint discovery letter brief concerning the Plaintiffs' motion to compel the depositions of three OpenAI witnesses and for an order regarding the timing of responding to deposition notices.

**Plaintiffs' Statement**

Plaintiffs have spent months attempting to coordinate this case with the parallel class case in Southern District of New York, but as the District Court made clear—"at some point, it's your time." Nov. 26, 2024 Tr. at 19:20: Heeding the Court's directive, Plaintiffs are proceeding with discovery apace. Plaintiffs have duly noticed the first depositions in this case, but weeks later, and after Plaintiffs attempts to negotiate dates, OpenAI has provided only dates for late January 2025. That is too late. Plaintiffs respectfully request an order (1) compelling attendance at the deposition of three witnesses previously designated by Defendants as persons with discoverable information; and (2) compelling Defendants to produce these witnesses on the dates provided in their deposition notices, or in the alternative, on or before January 17, 2025. With respect to Defendants' arguments regarding deposition protocol, which they inserted in their response at the eleventh hour, if impasse is actually reached on the deposition protocol, Plaintiffs will submit a letter brief in accordance with Judge Illman's standing orders at the appropriate time.

OpenAI continues to delay progress on discovery in this case. At the November 26, 2024 case management conference, though the Court granted an extension of the case schedule, its message was quite clear: this case is to proceed with expediency. While OpenAI has professed at the CMC that it would proceed with discovery here, and reaffirmed that commitment (*see* ECF No. 216 ("OpenAI will continue to participate in discovery consistent with the schedule entered by [the Court]"), its conduct is incongruent.[1] It has been three weeks since Plaintiffs have issued their notices (and even longer for Plaintiffs' original 30(b)(6) notice). Yet OpenAI has provided dates two months after the depositions were noticed, and three months before the close of fact discovery. This is incompatible with the schedule.

Worse still, OpenAI has now resorted to litigation by ambush and disregard for the standing orders of this Court. OpenAI has asked for the Court to enter its deposition protocol, but that issue is not ripe. The record is clear: *the Parties have continued to negotiate the parameters of a protocol governing deposition limits and conduct separate from the first wave of depositions*. See **Prop. Ex. A**. Rather than provide a counterproposal as Plaintiffs requested, OpenAI seeks to circumvent the negotiation process by asking the Court to adopt their protocol now. *See id.*

If the Court is to enter a deposition protocol, it should be Plaintiffs', which Plaintiffs seek leave to submit to the Court as **Proposed Exhibit B**. Plaintiffs' protocol is based on and tracks the proposal that Plaintiffs proposed jointly with the Class Plaintiffs' in SDNY, which was a proposal that was tempered by compromise with OpenAI at the table.[2] Plaintiffs' proposal hews more closely to Rule 26 and the needs of the case. To date, only one class Generative AI case has progressed through depositions. There, Magistrate Judge Hixson granted Plaintiffs 25 fact depositions, and likely would have given more had there been more time left in discovery. *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC (TSH), 2024 WL 4502099, at *2-3 (N.D. Cal. Oct. 15, 2024).

**Background:** On November 4, 2024, Plaintiffs asked OpenAI's counsel for potential deposition dates for the individuals OpenAI has designated as custodians. OpenAI's counsel did not respond. On November 13, Plaintiffs requested dates when OpenAI employees Alex Paino and Henrique Ponde de Oliveira Pinto would be available for deposition. OpenAI's counsel responded by stating Plaintiffs' request was "premature and unreasonable." On November 29, Plaintiffs duly served OpenAI with

---

[1] OpenAI's preferred forum in the JPML is the Northern District of California. *In re OpenAI, Inc. Copyright Litig.*, MDL No. 3143 (J.P.M.L. Dec. 6, 2024), ECF No. 1-1 at 19-20.

[2] Plaintiffs will, of course, coordinate with SDNY to the extent feasible and practicable.

1

deposition notices for Messrs. Paino and Pinto, as well as Messrs. Peter Welinder and Mr. Barret Zoph.[3] Defendants have not objected to the notices or moved to quash.

On December 9, OpenAI indicated that it would "follow up with proposed dates soon." OpenAI then agreed to meet and confer on December 16, but refused to provide any dates before the call. On the December 16, OpenAI represented that Mr. Welinder would be available on January 28. After poking and prodding, OpenAI finally provided dates for all three witnesses, but all such dates are in late January.

In parallel, the Parties are negotiating a deposition protocol. Plaintiffs sent OpenAI a draft deposition protocol on December 10, 2024. Rather than meaningfully engage with Plaintiffs' protocol, OpenAI sent a term sheet with five points (identical to the points it seeks the Court to adopt here) on December 18, 2024. The same day, Plaintiffs sent a redline proposal and sought OpenAI's response by 5:00 pm on December 19, 2024, as well as proposing a separate briefing schedule. **Prop. Ex. A.** Rather than engage meaningfully in negotiations, OpenAI responded by injecting the protocol into this letter brief regarding the separate issue of deposition dates.

***The Court Should Compel OpenAI Produce the Noticed Deponents on the Dates Noticed.*** "[T]rial courts … routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005). OpenAI's statements are inconsistent with its representations that it will participate in discovery in a timely manner. As described above, Plaintiffs must advance the case in a way that complies with the Court's schedule and admonition to proceed with expediency. The Court should compel OpenAI to produce the witnesses pursuant to the deposition notices, or, alternatively, by January 17.

The deposition notices were timely and provided more than adequate notice as provided by Rule 30. Under that Rule, the party noticing the deposition must give "reasonable written notice to every other party" in the case. Fed. R. Civ. P. 30(b). The reasonableness of written notice for a party's deposition is not determined by a fixed number of days but rather by the specific circumstances of each case. *Gamboa v. King Cnty.*, No. C06-1034RSM, 2008 WL 509324, at *1 (W.D. Wash. Feb. 22, 2008). Some courts have found five days' notice to be sufficient. *See e.g.*, *Guzman v. Bridgepoint Educ., Inc.*, No. 11-0069-WQH WVG, 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014).; *see also, e.g.*, *Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (eight days). Even shorter notice can be acceptable. *Nat. Organics v. Proteins Plus, Inc.*, 724 F. Supp. 50, 52, n.3 (E.D.N.Y. 1989) (one day notice reasonable). Plaintiffs' notice is sufficient.

OpenAI has known since November 14 of Plaintiffs' intent to take the depositions of Messrs. Pinto and Paino. And Plaintiffs provided deposition notices to OpenAI on November 29, well over one month in advance of the scheduled depositions. Although Plaintiffs remain flexible regarding scheduling around the holidays, it would be inappropriate to delay deposition discovery by three to four weeks as OpenAI seeks to do, especially where the Court suggested that deposition discovery should commence before the New Year. *See* Nov. 26, 2024 Tr. at 17:8-16. The Court should order OpenAI to produce its witnesses on the dates duly noticed, or in the alternative, no later than January 17, 2025.

---

[3] Plaintiffs noticed the depositions on the following dates: Mr. Pinto on December 30, 2024; Peter Welinder on January 3, 2024; Barret Zoph on January 7, 2024; Alex Paino on January 10, 2024. Plaintiffs also served a Second Amended Notice of Deposition under Rule 30(b)(6), but OpenAI has not yet provided its responses to that notice despite numerous requests.

***The Court Should Adopt Plaintiffs' Deposition Protocol.*** Rather than meaningfully engage in the meet-and-confer process as required by this Court, OpenAI seeks to circumvent the Court's standing orders to get the deposition protocol it wants. This is not how litigation is supposed to function. *Nev. Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993) (explaining that parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes."). OpenAI knows the dispute about the protocol is not ripe—after all, Plaintiffs requested a counterproposal by 5:00 pm today. Indeed, OpenAI admits that it intentionally raised the dispute regarding deposition protocol prematurely, in contravention of the 5-business-day rule under the Court's standing orders. Plaintiffs note that courts have taken parties to task for less. *See, e.g.*, *Puckett v. Cnty. of Sacramento*, No. 2:22-CV-00350-KJM-DB, 2024 WL 3831837, at *1-2 (E.D. Cal. Aug. 15, 2024).

Setting aside OpenAI's tactics, its deposition protocol is not suited to the task and is inconsistent with Rule 26. Plaintiffs' protocol is based on the proposal they proposed jointly with the Class Plaintiffs in SDNY, which was tempered by compromise with OpenAI at the table. OpenAI's position has not materially changed from its original proposal it raised months ago—a nonstarter. For example, there the Class Proposal asked for 250 hours of fact deposition time exclusive of 30(b)(6) time (or approximately 35.7 seven-hour depositions) which tracks Plaintiffs' request for 35 fact deponents. *Authors Guild* Action, ECF No. 216 at 4. Plaintiffs' proposal hews more closely to Rule 26 and the needs of the case. To date, only one class Generative AI case has progressed through depositions. In that case, Magistrate Judge Hixson granted Plaintiffs 25 fact depositions, and likely would have given more had there been more time left in discovery. *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417-VC (TSH), 2024 WL 4502099, at *2-3 (N.D. Cal. Oct. 15, 2024).

Additionally, Plaintiffs' proposal contains commonsense provisions for scheduling:
(1) A party intending to depose a witness shall notify the other party of their intent to do so in writing. The party shall propose a deposition date, time, and location.
(2) Within 3 business days, the party in receipt of such a request shall either (i) confirm its agreement to the proposed date, location and time as it appears in the request, or (ii) propose two alternative dates within 14 days of the original, proposed deposition date.

**OpenAI's Statement**. Plaintiffs are trying to manufacture a dispute about deposition dates where none exists. Plaintiffs requested deposition dates for three OpenAI witnesses: Peter Welinder, Alex Paino and Henrique Ponde de Oliveira Pinto. OpenAI offered dates in January for each: Mr. Welinder (January 27, 28 or 29), Mr. Paino (January 27 or 28); and while Mr. Pinto will be on parental leave in January and February, OpenAI has tentatively offered January 24 for his deposition. That should resolve the issues regarding the depositions Plaintiffs are currently seeking. But to ensure the efficient progress of depositions going forward, OpenAI requests that the Court enter OpenAI's proposed deposition protocol, described below, setting reasonable limits on depositions for both sides. Contrary to Plaintiffs' Statement (and overheated rhetoric), this is not a new issue or unripe. The parties have been conferring about it for months, and Plaintiffs affirmatively raised the same issue in the first draft of this letter brief they provided to OpenAI. Accordingly, OpenAI respectfully requests that the Court deny Plaintiffs' motion in its entirety and enter OpenAI's proposed deposition protocol.

**OpenAI has offered January dates for all three witnesses at issue.** The first half of this motion boils down to Plaintiffs' request that depositions of three OpenAI witnesses occur by January 17—four business days before the earliest date offered by OpenAI and more than three months before the fact discovery cutoff. Plaintiffs' January 17 demand is arbitrary and unnecessary. Plaintiffs have not explained why the depositions *must* occur prior to January 17 (or why they cannot occur on the dates

3

offered). Indeed, there is no reason; no other depositions or hearings are currently scheduled in January or February that would preclude the deposition dates offered by OpenAI. Nor would a four-business day difference prevent the parties from completing fact discovery by the April 28, 2025 fact discovery cutoff. There is certainly no rule that would require Messrs. Wilander, Paino, and Pinto to be deposed before January 17, and Plaintiffs' cases are inapposite. Those cases either deny motions to compel depositions with short notice periods because of witness availability or the need to prepare witnesses,[4] or are factually distinct. OpenAI offered the earliest dates it could given the upcoming holidays and the witnesses' and counsels' availability.

**The Court should order OpenAI's proposed deposition protocol.** Plaintiffs' assertion that OpenAI is not "proceed[ing] with discovery" is demonstrably false. OpenAI has offered multiple January dates for the three witnesses at issue here, notwithstanding Plaintiffs' refusal to coordinate depositions with the SDNY cases, which have similar fact discovery cut-offs (April 28, 2025 in N.D. Cal. and April 30, 2025 in S.D.N.Y.). Because it is exceedingly likely that the same witnesses will be deposed on the same issues in both sets of cases, OpenAI made yet another proposal to plaintiffs in all California and New York class and newspaper cases that suggested simple principles: (1) witnesses should only be deposed once, absent good cause, (2) the parties should agree upon reasonable time limits for depositions, and (3) apex depositions should be limited to seven hours across cases.

Despite agreeing just last month "to continue efforts to coordinate discovery with the S.D.N.Y. Actions in order to minimize duplication and burdens, and maximize judicial efficiency," Dkt. 198 at 2, Plaintiffs now appear to be refusing to make any effort to coordinate depositions at all. Instead, Plaintiffs propose a deposition protocol *for this case only* that is not remotely reasonable, necessary nor feasible.[5] Plaintiffs propose that they be permitted to take (1) *35* depositions of OpenAI witnesses (not including Rule 30(b)(6) deponents); (2) 36 hours of Rule 30(b)(6) testimony; and (3) unlimited third-party depositions. That is *281 hours* of depositions in the next four months, not counting third parties.

There is no basis to adopt Plaintiffs' protocol. Plaintiffs note that their protocol is "based on the proposal they proposed *jointly with the Class Plaintiffs in SDNY*," but that just underscores the unreasonableness of their current position. Plaintiffs' prior proposal would have coordinated depositions with the S.D.N.Y. Class Action, and the *proposed hours cap included both sets of actions*. *See* Dkt. 197-1 & 197-2. Now, Plaintiffs want the same number of hours but without having to include or coordinate with the S.D.N.Y. Actions. That makes no sense and would essentially double the number of deposition hours beyond what Plaintiffs previously proposed.

Plaintiffs have yet to take a single deposition, which also weighs against ordering additional depositions. *See Martensen v. Koch*, 2013 WL 11316743, at *1 (N.D. Cal. Jun. 19, 2013) ("[h]aving taken not a single deposition to date, [Plaintiff] cannot possibly know what information [he] needs but cannot obtain from [his] 10 permitted depositions"). Plaintiffs cite *Kadrey v. Meta Platforms*, but that case, too, supports OpenAI's position. There, unlike here, the plaintiffs had already taken multiple depositions before seeking leave to take additional ones. *See Kadrey*, 2024 WL 4502099, at *1.
OpenAI appreciates that this case might require relief from the default rules. OpenAI therefore proposed to Plaintiffs, and requests that the Court enter, a deposition protocol order with the following reasonable

---

[4] *See e.g. Guzman v. Bridgepoint Educ., Inc.,* 2014 WL 1670094, at *2 (S.D. Cal. Apr. 28, 2014) (*denying* motion to compel deposition that provided five days' notice because, among other reasons, "time and effort [was] necessary [to] prepar[e] their witness for this deposition").
[5] Plaintiffs bear the burden of establishing a "particularized . . . need" for additional depositions. *Authentec, Inc. v. Atrua Techs., Inc.*, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008).

elements: (1) that the parties be directed to informally coordinate with the SDNY plaintiffs on scheduling depositions of OpenAI witnesses so that SDNY plaintiffs may attend the depositions and ask questions, while reducing the burden on OpenAI witnesses to sit for multiple depositions covering the same or overlapping subjects; (2) each side be permitted up to 105 hours of fact depositions (the equivalent of 15 depositions) including party and non-party witnesses[6], but excluding 30(b)(6) testimony; (3) depositions be limited to 7 hours on the record, unless a witness is testifying as both a Rule 30(b)(6) witness and in his individual capacity, in which case the deposition may be 9 hours; (4) the parties may take up to 12 hours of Rule 30(b)(6) testimony; and (5) "apex" depositions be limited to 3.5 hours.[7]

Under OpenAI's proposal, the parties have at least 30 depositions between them to schedule, prepare for, and take before the fact discovery cutoff of April 28, 2025. That is an aggressive but feasible number of depositions to take in the allotted time. Plaintiffs have not explained why they need more than 15 depositions, much less explained why any depositions in excess of 15 would be nonduplicative. *See Century Aluminum Co. v. AGCS Marine Ins*. Co., 2012 WL 2357446, at *3 (N.D. Cal. June 14, 2012) (denying request to depose individuals in excess of the 10 allowed under the FRCP where the individuals' testimony "will likely be duplicative").

Nor is there any reason for the Court to impose the litany of artificial procedures and rules in Plaintiffs' proposed protocol. The procedures Plaintiffs ask this Court to impose would only lead to future disputes and unnecessary motion practice. For instance, under Plaintiffs' proposal, Plaintiffs could serve OpenAI with dozens of notices seeking depositions in the next 30 days, and if OpenAI did not respond within 3 days with 2 alternative dates that are within 14 days of the noticed dates, then OpenAI would be in violation of a Court order. That is not reasonable, feasible, nor productive.

Indeed, this Court already has Local Rules governing deposition scheduling, which, to date, Plaintiffs have flouted. Plaintiffs served the deposition notices at issue here on November 29 (the day after Thanksgiving), without first conferring about scheduling, as required by Local Rule 30-1.[8] After OpenAI asked to meet and confer on dates, the parties spoke on Monday, December 16, and OpenAI promised to follow up with additional dates for the witnesses. That same day, before OpenAI could follow up with additional dates, Plaintiffs unilaterally declared an impasse and sent OpenAI their portion of this brief. Rather than impose new arbitrary scheduling procedures, the Court should order Plaintiffs to comply with the Local Rules.

OpenAI requests that the Court enter the proposed deposition protocol described above, and deny Plaintiffs' requests for relief in their entirety.

---

[6] *See Krueger v. Wyeth, Inc.*, 2019 WL 4785862, at *2 (S.D. Cal. Oct. 1, 2019) (a stipulation to offer 5 additional depositions, totaling 15, is reasonable).

[7] *See Apple Inc. v. Samsung Elecs. Co*., Ltd, 282 F.R.D. 259, 264 (N.D. Cal. 2012) (limiting apex depositions to three hours)

[8] Plaintiffs misrepresent the record. OpenAI responded to Plaintiffs' November 4 request for potential deposition dates ***that same day***, and the parties continued discussing Plaintiffs' request through November 15. OpenAI repeatedly explained that the scheduling of depositions ***at that time*** was premature given that the parties were negotiating a schedule extension. *See* ECF No. 198. On November 26, the Court extended the schedule, and three days later Plaintiffs improperly served the deposition notices that are the subject of this motion.

Dated: December 19, 2024                             JOSEPH SAVERI LAW FIRM, LLP

                                                     By:  /s/ *Christopher K.L. Young*

                                                          Joseph R. Saveri (State Bar No. 130064)
                                                          Christopher K.L. Young (State Bar No. 318371)
                                                          JOSEPH SAVERI LAW FIRM, LLP
                                                          601 California Street, Suite 1505
                                                          San Francisco, CA 94108
                                                          Telephone: (415) 500-6800
                                                          Facsimile:  (415) 395-9940
                                                          Email:     jsaveri@saverilawfirm.com
                                                                     cyoung@saverilawfirm.com


                                                          *Counsel for Individual and Representative*
                                                          *Plaintiffs and the Proposed Class*

Dated:  December 19, 2024                            KEKER, VAN NEST & PETERS LLP


                                                     By:  /s/ *R. James Slaughter*
                                                          KEKER, VAN NEST & PETERS LLP
                                                          R. JAMES SLAUGHTER (SBN 192813)
                                                          rslaughter@keker.com
                                                          633 Battery Street
                                                          San Francisco, CA 94111-1809
                                                          Telephone:    415 391 5400
                                                          Facsimile:    415 397 7188

                                                          *Attorneys for OpenAI Defendants*

## **E-FILING ATTESTATION**

I, Christopher K.L. Young, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

By:  /s/ *Christopher K.L. Young*
     Christopher K.L. Young