**_E-FILED_**

United States District Court
Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Avenue
McKinleyville, CA, 95519

Re:   *In re OpenAI ChatGPT Litigation*; Master File No. 3:23-cv-3223-AMO

Dear Judge Illman:

Pursuant to this Court's standing order, Plaintiffs hereby submit this joint discovery letter brief concerning the parties' proposed deposition protocols.

**Plaintiffs' Statement**

Despite months of best efforts to coordinate depositions across the SDNY and ND Cal cases, those efforts have not borne fruit. In efforts to present this Court with a deposition protocol in advance of depositions and consistent with this Court's standing order, Plaintiffs submitted a proposed deposition protocol to OpenAI on December 10, 2024.[1] Plaintiffs' proposal is well-thought-out and comprehensive, proportional to the needs of this case, builds upon similar protocols in like class cases, sets forth commonsense ground rules for the conduct of depositions, and was based on the unified SDNY and ND Cal class submissions to facilitate coordination between the two jurisdictions where feasible. But OpenAI has refused to engage with that protocol meaningfully. Instead, OpenAI attempts to obstruct Plaintiffs by persistently citing a lack of coordination between the SDNY and ND Cal actions while making no effort itself to coordinate with the SDNY Plaintiffs.[2] OpenAI has countered with an unworkable list of five bullet points that have departed only slightly from the proposal it sent to Plaintiffs months ago. Rather than negotiate, OpenAI has attempted to circumvent this Court's Standing Order to get its desired protocol in place by presenting this issue before this Court in separate briefing at the eleventh-hour and in abbreviated form while negotiations were still pending. Plaintiffs' request that the Court enter Plaintiffs' proposed deposition protocol (submitted before as ECF 236-2).

**Factual Background.** On December 10, 2024, Plaintiffs submitted a comprehensive proposed deposition protocol to OpenAI and requested proposed revisions by Friday, December 13, 2024. OpenAI instead, sat on its hands. On December 18, 2024, OpenAI, demanding coordination, rejected Plaintiffs' proposal *in toto* and countered with five bullet-point provisions which mirrored OpenAI's original protocol it proposed months ago when coordination efforts began. Plaintiffs reviewed OpenAI's counterproposal and redlined their December 10, 2024 proposal in an effort to find common ground. Plaintiffs requested OpenAI's counterproposal by the end of the business day on December 19 and sent a proposed briefing schedule for addressing the deposition protocol if the parties could not reach an agreement. Having not once attempted to meet and confer meaningfully, on December 19, OpenAI attempted to smuggle its position on the deposition protocol at the eleventh-hour within a brief on an entirely separate issue that was due that day in contravention of the Court's Standing Order.[3]

---

[1] The first deposition in this case is duly noticed for December 27, 2024. The earliest date OpenAI has thus far provided is January 24, three months before the fact discovery deadline.

[2] ND Cal Plaintiffs have asked the SDNY Plaintiffs what gestures, if any, OpenAI has made towards crafting a coordinated deposition protocol. They responded there had been no efforts to formally coordinate concurrent with Plaintiffs' proposal.

[3] On December 20, OpenAI informed Plaintiffs that it unilaterally chose to include the deposition protocol brief in a joint brief on an entirely separate issue so as to avoid briefing the issue on Christmas Eve. But this does not reflect the District Court's expectations for this case. Nov. 26, 2024 Tr. at 17:8-19. In any event, OpenAI has long been on notice of the briefing schedule. Plaintiffs have also, at multiple times, suggested an earlier filing time to minimize work over the holidays, whereas OpenAI's proposal would have required work *during* the holidays.

**Plaintiffs request the Court allow thirty-five 30(b)(1) depositions or, alternatively, to depose fact witnesses for a total of 250 hours of 30(b)(1) deposition time (ECF 236-2 at 3[4]).** To exceed Rule 30(a)(2)'s presumptive limit of ten depositions, a party must obtain leave from the court. *Vietnam Veterans of Am. v. C.I.A.*, 2011 WL 5600515, at *1 (N.D. Cal. Nov. 17, 2011). Although courts generally require parties to exhaust the ten-deposition limit before granting leave, this requirement may be excused in cases with numerous parties or significant complexity based on particularized need. *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446, at *2 (N.D. Cal. June 14, 2012); *X One, Inc. v. Uber Techs., Inc.*, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019).

This is a groundbreaking class action lawsuit involving sophisticated artificial intelligence technology and complex issues in copyright law and fair use. It centers on the alleged infringement of hundreds of thousands of copyrights, potentially resulting in damages exceeding billions of dollars, and will have. an impact on intellectual property rights for generations. In light of the unique circumstances Plaintiffs request of thirty-five 30(b)(1) depositions, is proportional and reasonable. *See, e.g.*, *Perez v. Indian Harbor Ins. Co.*, ECF 61, at 1 (N.D. Cal., Jul 27, 2020) ("Plaintiff is suing for $267 million, so lifting the cap of 10 depositions is proportional to the needs of the case"). Deposition topics will cover topics that touch upon both liability and fair use, including the training datasets used, the degree of OpenAI's knowing use (and disregard of) of copyrighted materials as training data, the functioning of the models and the extent copyrighted materials were used in the development and testing of the models, efforts to purchase, license or otherwise legally secure the use of copyrighted materials for training, and OpenAI's intent and efforts to monetize and commercialize the AI models it developed on the backs of copyrighted materials. Plaintiffs' proposal is proportional to the needs of the case.

Plaintiffs' proposal is aligned with the Class Proposal submitted to M.J. Wang in SDNY which was to coordinate deposition limits across both cases. The Class Proposal in the SDNY action sought 250 hours of 30(b)(1) time (excluding 30(b)(6) depositions), equivalent to approximately thirty-five seven-hour depositions, in line with Plaintiffs' proposal here. *Authors Guild et al. v. OpenAI Inc. et al.*, No. 1:23-cv-8292 (S.D.N.Y. Oct. 15, 2024), ECF No. 216 at 4. Additionally, to date, only one class action involving analogous issues has progressed through the deposition phase. In *Kadrey v. Meta Platforms, Inc.*, 2024 WL 4502099, at *2-3 (N.D. Cal. Oct. 15, 2024), M.J. Hixson granted Plaintiffs twenty-five 30(b)(1) depositions and indicated a willingness to authorize more had the discovery period been longer.

**Plaintiffs should be entitled to 30 hours of 30(b)(6) deposition time.** OpenAI seeks to limit Plaintiffs 30(b)(6) deposition time to 12 hours. This is not workable. In *Kadrey v. Meta Platforms, Inc.*, 2024 WL 4362744, at *2, M.J. Hixson granted Plaintiffs 16 hours of deposition testimony specifically for their Rule 30(b)(6) depositions, independent of their Rule 30(b)(1) depositions. Given the exceptionally expedited nature of that case, the court would likely have granted additional 30(b)(6) deposition time had the timeline not been so impacted. Indeed, anticipated topics of 30(b)(6) testimony include at a minimum the acquisition of training data, the contents of said data, how OpenAI's models function and use the training data, how OpenAI has processed training data in order to experiment on or develop their models, efforts to license

---

[4] Point pages are in reference to the blue ECF page number.

or purchase training data, OpenAI's knowledge of whether the training data contained copyrighted works, and whether OpenAI knew the data sets were compiled or assembled through illicit means. Because this is a highly technical case, 30 hours of 30(b)(6) is appropriate here.

**30(b)(1) and 30(b)(6) depositions should be tallied separately (ECF 236-2 at 3).** It is black letter law that 30(b)(1) depositions and 30(b)(6) depositions, even of the same witnesses, are separate depositions subject to independent time constraints. Fed. R. Civ. P. 30(b)(1); Fed. R. Civ. P. 30(b)(6); *see also Kadrey*, 2024 WL 4362744, at *2. Plaintiffs' proposal is consistent with settled law.

**Plaintiffs' proposed protocol contains practical and common-sense logistical provisions governing deposition conduct (ECF 236-2 at 3-6).** Plaintiffs propose practical, common-sense provisions in their protocol regarding objections, foreign depositions, and a framework for scheduling depositions. For example, objections being limited to form aligns with Ninth Circuit precedent and would prevent unnecessary delays and encourage a more candid and orderly testimony. *In re Stratosphere Corp. Sec. Litig.,* 182 F.R.D. 614, 617 (D. Nev. 1998). These issues should be addressed now to minimize disputes and judicial intervention.

**ND Cal Plaintiffs do not object to the participation of the SDNY Class Plaintiffs in depositions scheduled for this case.** Should the SDNY Class Plaintiffs wish to participate, Plaintiffs here have no objection to the sharing of deposition transcripts, and questioning witnesses following the questioning conducted by the Plaintiffs in this matter. The SDNY Plaintiffs, for their part, have communicated that while they do not consent to being bound, do not object to Plaintiffs' protocol. Other issues, however, prevent formal coordination, such as OpenAI's puzzling refusal to cross-produce documents, which would be necessary given the respective protective orders in each case.

## OpenAI's Statement

Plaintiffs' letter brief is an improper second bite at the apple. On December 19 at 10:24 pm, Plaintiffs filed a letter brief addressing the parties' disputes regarding their competing deposition protocols. *See* ECF No. 237. Just ten hours later, at 8:28 am on December 20, Plaintiffs unilaterally insisted on briefing the exact same issue again, this time on Christmas Eve. Unlike Plaintiffs, OpenAI does not wish to burden the Court with duplicative motion practice on an issue that is already fully briefed—and certainly not over the holidays. Accordingly, OpenAI respectfully directs the Court to its prior briefing at ECF No. 237, which demonstrates why the Court should enter OpenAI's deposition protocol and why Plaintiffs' proposed protocol is unworkable, unnecessary, and inconsistent with the Federal Rules of Civil Procedure and Local Rules.

However, to the extent the Court considers Plaintiffs' improper second brief on this issue, OpenAI responds to three issues in Plaintiffs' statement.

*First*, Plaintiffs misrepresent the record regarding the parties' efforts to coordinate deposition scheduling. OpenAI has diligently pursued deposition coordination, even while Plaintiffs have refused to meaningfully engage. OpenAI has submitted detailed protocols to this Court and in the

Southern District of New York that would accomplish deposition coordination across the cases. *See* ECF Nos. 197-2, 237. OpenAI has continued to seek coordination—both in the SDNY cases and this case—making numerous proposals in December to coordinate depositions. Even now, OpenAI has offered dates for the depositions Plaintiffs seek in January, even though Plaintiffs refused to answer OpenAI's repeated questions about whether they had made any effort to coordinate those dates with the SDNY plaintiffs.

As this Court previously observed, "Plaintiffs would be well advised to cooperate with Defendants in the process of streamlining discovery coordination and deposition procedures across the OpenAI cases given that the court is sympathetic to Defendants' concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources." ECF 144 at 3-4. Rather than addressing OpenAI's "concerns about duplicative depositions," Plaintiffs' proposed protocol would exacerbate them. Plaintiffs now insist on essentially doubling the number of OpenAI deposition hours beyond what they previously proposed when they agreed to share time with the SDNY class plaintiffs. *See* ECF No. 237 at 4. And their suggestion that the SDNY plaintiffs be allowed to question OpenAI witnesses "following the questioning conducted by the Plaintiffs in this matter," would ensure duplicative depositions of OpenAI witnesses on the same issues, while affording the SDNY plaintiffs the unfair advantage of utilizing deposition transcripts from a witness's prior deposition.

Accordingly, any deposition protocol in this action should require the parties to informally coordinate with the SDNY plaintiffs on scheduling depositions of OpenAI witnesses so that SDNY plaintiffs may attend the depositions and ask questions, while reducing the burden on OpenAI witnesses to sit for multiple depositions covering the same or overlapping subjects.

***Second***, Plaintiffs' emphasis on the "groundbreaking" nature of this litigation and their inflated damages claim does not justify their extreme request for 250 hours of fact witness time and another 30 hours of Rule 30(b)(6) witness time—a total of **40** depositions. As this Court recently explained, Plaintiffs' repeated invocation of the importance of this case "conflat[es]" the standards under the Federal Rules. Dec. 17, 2024 Hr'g Tr. (ECF No. 239) at 47:13–48:10. The question is whether Plaintiffs have made a "particularized showing of the need for the additional depositions," *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 2012 WL 2357446, at *2 (N.D. Cal. June 14, 2012) (cleaned up), not "how important is the case to society." ECF No. 239 at 47:13–48:10. That is why Plaintiffs' "tenuous," *id.*, argument finds no support in the case law. Plaintiffs do not cite a single case that supports their drastic expansion of depositions, and their cited authority actually counsels against their proposed protocol. In *Perez*, the court refused to "expand the total number of deposition time in the case" and instead included "an hours-based **limit of 70 hours**." *Perez v. Indian Harbor Ins. Co.*, 19-cv-07288-YGR (N.D. Cal.), ECF No. 61. In *X One*, the court **denied** X One's "request for permission to exceed Rule 30(a)(2)'s ten-deposition limit." *X One, Inc. v. Uber Techs., Inc.*, 2019 WL 2207645, at *2 (N.D. Cal. May 22, 2019). In *Century Aluminum*, the court **denied** a request to increase the number of depositions where the individuals' testimony "will likely be duplicative." 2012 WL 2357446, at *3. And in *Kadrey*, unlike here, the plaintiffs had already taken multiple depositions before seeking leave to take additional ones. *See Kadrey v. Meta Platforms, Inc.*, 2024 WL 4502099, at *1 (N.D. Cal. Oct. 15, 2024).

5

Thus, the Court should enter OpenAI's proposed protocol which provides each side with up to 105 hours for fact depositions and 12 hours for Rule 30(b)(6) depositions. ECF No. 237 at 4–5.

***Third***, as OpenAI previously explained, the Court should reject the litany of artificial procedures and rules set forth in Plaintiffs' proposed protocol. *See id.* at 5. Plaintiffs' proposed protocol is littered with one-sided terms regarding the scheduling of depositions,[5] the timing of designation of witnesses,[6] the conduct of depositions,[7] and even forced waivers of rights that OpenAI has never agreed to waive.[8] Plaintiffs' proposed procedures conflict with the Federal Rules and the Local Rules, infringe on OpenAI's privilege and work product protections, violate Due Process, and are unnecessary. They should be rejected.

Accordingly, the Court should reject Plaintiffs' proposed protocol and enter OpenAI's deposition protocol, as requested in the parties' prior briefing. *See id.* at 4–5.

---

[5] *See* ECF 236-2 ¶¶ 6–7, 16.
[6] *Id.* ¶¶ 9–10.
[7] *Id.* ¶¶ 8, 11–15, 17 18.
[8] *Id.* ¶ 21 ("In the event of a deposition outside the United States, the Parties agree to waive the requirements of the laws, rules, or procedures regarding depositions and discovery which may apply in the location where the deposition is to occur."); *Id.* ¶ 22 (requiring OpenAI to "provide notification of a departing employee who is a document custodian 21 days prior to departure if known").

Dated: December 24, 2024                    JOSEPH SAVERI LAW FIRM, LLP

                                            By:   /s/ *Joseph R. Saveri*

                                                  Joseph R. Saveri (State Bar No. 130064)
                                                  JOSEPH SAVERI LAW FIRM, LLP
                                                  601 California Street, Suite 1505
                                                  San Francisco, CA 94108
                                                  Telephone: (415) 500-6800
                                                  Facsimile:  (415) 395-9940
                                                  Email:      jsaveri@saverilawfirm.com

                                                  *Counsel for Individual and Representative*
                                                  *Plaintiffs and the Proposed Class*

Dated: December 24, 2024                    KEKER, VAN NEST & PETERS LLP

                                            By:   /s/ *Nicholas S. Goldberg*
                                                  KEKER, VAN NEST & PETERS LLP
                                                  NICHOLAS S. GOLDBERG (273614)
                                                  ngoldberg@keker.com
                                                  633 Battery Street
                                                  San Francisco, CA 94111-1809
                                                  Telephone:   415 391 5400
                                                  Facsimile:   415 397 7188

                                                  *Attorneys for OpenAI Defendants*

## E-FILING ATTESTATION

I, Joseph R. Saveri, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

By:                                                       */s/ Joseph R. Saveri*
                                                           Joseph R. Saveri