JAMES N. KRAMER (SBN 154709)
jkramer@orrick.com
M. TODD SCOTT (SBN 226885)
tscott@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone:    +1 415 773 5700
Facsimile:    +1 415 773 5759

CATHERINE MALONE (SBN 325283)
cmalone@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
2050 Main Street, Suite 1100
Irvine, CA 92614-8255
Telephone:    +1 949 567 6700
Facsimile:    +1 949 567 6710

Attorneys for Non-Party
Benjamin J. Mann

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Case No. 3:23-cv-03223-AMO<br><br>**NON-PARTY BENJAMIN J. MANN'S NOTICE OF MOTION AND MOTION TO QUASH PLAINTIFFS' THIRD-PARTY DEPOSITION SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br><u>Hearing</u><br>Date:   February 27, 2025<br>Time:  2:00 p.m.<br>Ctrm:  10, 19th Floor<br>Judge: Hon. Araceli Martinez-Olguin |

# **TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT ........................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.  INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND .............................................................................................. 2

    A.  Mr. Mann Is Not A Party to this Lawsuit and Does Not Possess Any Unique Knowledge about OpenAI's Actions ....................................................................... 2

    B.  Plaintiffs Insist on Deposing Mr. Mann Before They Depose Defendants ............. 3

III. LEGAL STANDARD .......................................................................................................... 4

IV. ARGUMENT ....................................................................................................................... 5

    A.  The Subpoena Must be Quashed Because Mr. Mann Is Not a Party to the Action and Possesses No Unique Information about OpenAI ................................. 5

    B.  The Subpoena Must be Quashed Because Plaintiffs Have Not Even Attempted to Acquire the Same Information from OpenAI .......................................................... 7

    C.  The Subpoena Must Be Quashed Because it Would Impose an Undue Burden on Mr. Mann Given His Significant Personal Responsibilities .................................... 7

    D.  In the Alternative, the Court Should Enter a Protective Order Requiring Plaintiffs to Exhaust Discovery of OpenAI Before Deposing Mr. Mann, Limit the Time and Scope of the Deposition and Order the Plaintiffs to Coordinate Deposition Scheduling With Plaintiffs in the Other Case .......................................................... 8

V.  CONCLUSION .................................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                   **Page(s)**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
    300 F.R.D. 406 (C.D. Cal. 2014) ................................................................................. 5, 6

*Apple Inc. v. Samsung Elecs. Co., Ltd*,
    282 F.R.D. 259 (N.D. Cal. 2012) ...................................................................................... 9

*Athalonz, LLC v. Under Armour, Inc.*,
    No. 23-mc-80324-LJC, 2024 WL 628846 (N.D. Cal. Feb. 14, 2024) ...................................... 8

*ATS Prods., Inc v. Champion Fiberglass, Inc.*,
    309 F.R.D. 527 (N.D. Cal. 2015) ................................................................................. 4, 7

*Audio MPEG, Inc. v. HP Inc.*,
    No. 16-mc-80271-HRL, 2017 WL 950847 (N.D. Cal. Mar. 10, 2017) ................................... 6

*Coppel v. Sea World Parks & Enter., Inc.*,
    No. 21-cv-1430-RSH-DDL, 2024 WL 4472352 (S.D. Cal. Aug. 19, 2024) ........................... 7

*Dart Indus. Co., Inc. v. Westwood Chem. Co.*,
    649 F.2d 646 (9th Cir. 1980) ............................................................................................ 5

*Davis v. Pinterest, Inc.*,
    No. 19-cv-07650-HSG, 2021 WL 3044958 ..................................................................... 7

*Free Stream Media Corp. v. Alphonso Inc.*,
    No. 17-cv-02107-RS (KAW), 2017 WL 6209309 (N.D. Cal. Dec. 8, 2017) ........................ 8

*Genus Lifesciences Inc. v. Lannett Co., Inc.*,
    No. 18-cv-07603-WHO, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) ..................... 1, 5, 7

*In re Google Litig.*,
    No. C-08-03172-RMW (PSG), 2011 WL 4985279 (N.D. Cal. Oct. 19, 2011) ................... 9

*Maplebear Inc. v. Uber Techs., Inc.*,
    No. 21-mc-80007-SK, 2021 WL 1845535 (N.D. Cal. Mar. 23, 2021) ................................ 4

*Nidec Corp. v. Victor Co. of Japan*,
    249 F.R.D. 575 (N.D. Cal. 2007) ...................................................................................... 5

*Ow v. United States*,
    No. 17-cv-00733-SK, 2018 WL 6267839 (N.D. Cal. June 12, 2018) ..................................... 6

*Stemmelin v. Matterport, Inc.*,
    No. C-20-04168 WHA, 2023 WL 411354 (N.D. Cal. Jan. 25, 2023) ................................. 4

# **TABLE OF AUTHORITIES (CONTINUED)**

**Cases**                                                                                                          **Page(s)**

*Under Armour, Inc v. Battle Fashions, Inc.*,
   No. 18-MC-80117-LB, 2018 WL 3689664 (N.D. Cal. Aug. 3, 2018) ...................................... 6

**Statutes and Rules**

28 U.S.C.
   § 1407................................................................................................................................... 3

Fed. R. Civ. P.
   Rule 26 ............................................................................................................................ 1, 2, 5
   Rule 26(b) ............................................................................................................................. 5
   Rule 26(c) ............................................................................................................................. 5
   Rule 45 ....................................................................................................................... 1, 4, 5, 7
   Rule 45(c) ............................................................................................................................. 3
   Rule 45(d)(3)(A) .................................................................................................................. 4

**NOTICE OF MOTION AND STATEMENT OF RELIEF SOUGHT**

PLEASE TAKE NOTICE that nonparty Benjamin J. Mann hereby seeks to quash the attached deposition subpoena (the "Subpoena," attached as Exhibit A) served by Plaintiffs in *In re OpenAI ChatGPT Litigation*, 3:23-cv-03223-AMO, or, in the alternative, a protective order limiting the Subpoena under Federal Rules of Civil Procedure 45 and 26 as described below. This Motion is based on the following points and authorities, the Declaration of Benjamin J. Mann ("Mann Decl."), the Declaration of Catherine Malone ("Malone Decl."), the entire record in this matter, and on such evidence and argument as may be presented at any hearing of this Motion, on a date and time to be determined by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In mid-December 2024, Plaintiffs issued the Subpoena to third party Benjamin J. Mann ("Mr. Mann"), requiring that he sit for a full day of deposition about the actions of his former employer, Defendant OpenAI. As detailed below, the Subpoena places an undue burden on Mr. Mann as a third party and should be quashed under Federal Rule of Civil Procedure 45 ("Rule 45") for three independent reasons.

***First***, Mr. Mann has not worked at OpenAI in more than four years, and he does not possess any unique knowledge about OpenAI's actions that Plaintiffs cannot learn from deposing OpenAI's employees. In these circumstances, the burden on Mr. Mann of sitting for a third-party deposition greatly outweighs any benefits Plaintiffs could obtain from his cumulative testimony. Indeed, Ninth Circuit courts routinely quash third-party subpoenas where the same information can be obtained from a party source.

***Second***, Plaintiffs have not deposed a single OpenAI employee. As a third party, Mr. Mann's time should not be wasted testifying about information Plaintiffs could easily learn from Defendants, particularly when Plaintiffs have yet to even ask Defendants. As judges in this district have repeatedly recognized, "[w]hen the requesting party has 'not shown that it attempted to obtain [discovery] from the opposing party in an action prior to seeking [discovery] from a non-party," a subpoena "places an undue burden on a non-party" and must be quashed on that basis. *Genus*

*Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-cv-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019) (citation omitted).

***Third***, requiring Mr. Mann to sit for a deposition in this action would seriously burden him personally. He works full time, has an infant and toddler at home, and is facing a family member's recent and serious medical diagnosis. The burden on him of taking time away from his work and family to testify in this matter greatly outweighs Plaintiffs' need to collect whatever cumulative information he could provide.

If the Court will not quash the Subpoena outright, it should enter a protective order pursuant to Federal Rule of Civil Procedure 26 ("Rule 26") that requires Plaintiffs to depose OpenAI's employees before deposing Mr. Mann, and that strictly limits the deposition in time and scope to whatever factual issues remain after the depositions of OpenAI's employees. Given that Mr. Mann has been subpoenaed to testify in another nearly identical copyright lawsuit against OpenAI, the protective order should require Plaintiffs to coordinate Mr. Mann's deposition with the plaintiffs in that other case, requiring Mr. Mann to only sit ***once*** across both actions and for no more than a half day's time.

## II.  FACTUAL BACKGROUND

### A.  Mr. Mann Is Not A Party to this Lawsuit and Does Not Possess Any Unique Knowledge about OpenAI's Actions

Mr. Mann is not a party to this lawsuit. He worked at OpenAI in the past, briefly in 2017, and then again for about 18 months, ending in December of 2020. Mann Decl. ¶ 3. At the time Mr. Mann left OpenAI, he drafted and shared a transition memo and had multiple meetings during which he transitioned his work and factual knowledge to members of his former team. Many of his former OpenAI colleagues, including Nick Ryder, Greg Brockman, Shantanu Jain, Alex Paino, Chris Hallacy, and Nik Tezak, among others, still work there and share the same knowledge of OpenAI's activities during that period. *Id.* ¶ 4. Mr. Mann did not take any OpenAI documents, files, or code when he left the company, and indeed, as explained below, he possessed only a single document that was responsive to Plaintiffs' document requests—a photo of a whiteboard with notes he took while employed at OpenAI. *Id.* ¶ 11.

When Mr. Mann left OpenAI, he co-founded Anthropic PBC ("Anthropic"), an artificial intelligence safety and research company that is now a competitor of OpenAI. *Id.* ¶ 6. Mr. Mann is a full-time employee of Anthropic and manages a rapidly growing team. *Id.* ¶ 7. Additionally, Mr. Mann has a 7-month-old infant and a 2-year-old toddler at home, and recently a close family member of Mr. Mann's received a medical diagnosis with a prognosis of months, not years. *Id.* ¶¶ 8-9. To put it lightly, he would be greatly burdened by having to take time off to testify in this lawsuit involving his former employer. *Id.* ¶ 10.

As the Court will recall, this action is mirrored by several other similar copyright actions against OpenAI in California and New York courts (the "Other Copyright Actions"), which OpenAI has recently sought to coordinate and consolidate under 28 U.S.C. § 1407. *See* ECF No. 216. On May 7, 2024, Mr. Mann was subpoenaed to testify in *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292-SHS (S.D.N.Y) ("*Authors Guild*"), one of the Other Copyright Actions, but he has yet to be deposed in that matter.

### B.   Plaintiffs Insist on Deposing Mr. Mann Before They Depose Defendants

Plaintiffs in this case initially subpoenaed Mr. Mann on May 9, 2024, seeking both his documents and his deposition. Counsel for Plaintiffs and Mr. Mann conferred about the scope of Plaintiffs' document requests, and Mr. Mann has since completed his document production, producing the single responsive document in his possession. *See* Malone Decl. ¶ 8.

Plaintiffs contacted Mr. Mann's counsel again December 12, 2024, when they served the Subpoena, unilaterally noticing Mr. Mann's deposition for January 7, 2025. *See* Malone Decl. Ex. A. Mr. Mann objected to the Subpoena as unduly burdensome under Rule 45(c) because he is not a party to this case, the information Plaintiffs seek can be acquired from OpenAI employees, and the deposition would be extremely burdensome for him. *Id.* ¶ 7. Mr. Mann further objected to the Subpoena because Plaintiffs failed to coordinate with plaintiffs in the *Authors Guild* action, potentially forcing Mr. Mann to sit for two separate, highly burdensome depositions on the same facts and circumstances. *Id.*

On January 6, 2025, counsel met and conferred about Mr. Mann's objections to the Subpoena and this motion to quash, and Plaintiffs' counsel conceded that after months of open

discovery in this case, they **still have not taken any depositions of OpenAI employees**. Malone Decl. ¶ 9. Plaintiffs argued they need to take Mr. Mann's deposition because he was identified by OpenAI's discovery responses as being a person with relevant information, but Plaintiffs claim they cannot share those discovery responses with Mr. Mann's counsel. *Id.*

In an effort to avoid this motion practice, undersigned counsel offered to have Mr. Mann sit for deposition if Plaintiffs would agree to depose substantially all of OpenAI's employees first, coordinate the deposition with plaintiffs in the *Authors Guild* action, limit the deposition to four hours, and agree not to seek the deposition of another Anthropic employee. *Id.* ¶ 11. Plaintiffs refused that offer, necessitating this motion.

On January 13, 2025, Plaintiffs extended their overreach in this matter by subpoenaing Dario Amodei, the Chief Executive Officer of Anthropic, seeking to take his deposition on an expedited basis before they have deposed any OpenAI employees. *Id.* ¶ 12. As with Mr. Mann, Plaintiffs assert they need to depose Mr. Amodei because OpenAI's discovery responses name him as having relevant information. *Id.*

### III.  LEGAL STANDARD

Under Rule 45, "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). *See also Stemmelin v. Matterport, Inc.*, No. C-20-04168 WHA, 2023 WL 411354, at *2 (N.D. Cal. Jan. 25, 2023) ("Rule 45 **requires** a court to quash a subpoena that . . . 'subjects a person to undue burden.'") (citing Rule 45). "[A] court determining the propriety of a subpoena balances the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *ATS Prods., Inc v. Champion Fiberglass, Inc.*, 309 F.R.D. 527, 531 (N.D. Cal. 2015) (quoting *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)).

Concerns of undue burden are heightened where, like here, the subpoena is aimed at a third party. The "Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts," *Maplebear Inc. v. Uber Techs., Inc.*, No. 21-mc-80007-SK, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021) (citation omitted), and therefore "concern for the

unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in a Rule 45 inquiry, *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D. Cal. 2014). *See also Dart Indus. Co., Inc. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted, . . . the 'necessary' restriction may be broader when a nonparty is the target of discovery.").

Under Rule 26, "the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Rule 26 also requires the court to limit the extent of discovery otherwise allowed by the rules if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b).

## IV.  ARGUMENT

### A.  The Subpoena Must be Quashed Because Mr. Mann Is Not a Party to the Action and Possesses No Unique Information about OpenAI

The Court must quash the Subpoena against Mr. Mann because it subjects him to an undue burden as a third-party to this lawsuit when he does not possess any unique information about OpenAI that cannot be obtained from OpenAI and its employees directly. As Ninth Circuit courts have long recognized, "when an opposing party and a non-party both possess [the same information], the [information] should be sought from the party to the case." *Genus Lifesciences*, 2019 WL 7313047, at *4. A third party deposition is particularly inappropriate where, as here, the requesting party has not even attempted to obtain the same testimony from the other party by deposing party witnesses. *Id. See also Amini Innovation,* 300 F.R.D. at 410 ("[a] court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in possession of the party defendant.").

1      As noted above, Mr. Mann has not worked at Open AI for four years, and he was but one
2  member of a ***team*** of OpenAI employees who share his same knowledge about the company's
3  actions, some of whom are still employed at OpenAI. Mann Decl. ¶¶ 4-5. Mr. Mann transitioned
4  his work to members of that team when he left OpenAI, offloading everything he knew to them,
5  and he did not retain any OpenAI documents, files, or code. *Id.* ¶¶ 5, 11. By sharp contrast, OpenAI
6  possesses all of the documents and files concerning its actions relevant to this case, and Plaintiffs
7  do not—and as discussed below, ***cannot***—begin to meet their burden to show that Mr. Mann has
8  unique knowledge not available from OpenAI. *See, e.g.*, *Ow v. United States*, No. 17-cv-00733-
9  SK, 2018 WL 6267839, at *1 (N.D. Cal. June 12, 2018) (granting motion to quash where "Plaintiffs
10 fail to demonstrate that they could not have obtained the . . . [information] directly from
11 Defendant.").

12     Plaintiffs will argue that Mr. Mann's deposition is warranted because OpenAI named him
13 in its discovery responses as having relevant knowledge. *See* Malone Decl. ¶ 9. As noted, Mr. Mann
14 and his counsel have not been allowed to see OpenAI's discovery responses. But Plaintiffs do not
15 argue that those discovery responses identify Mr. Mann as having exclusive or unique knowledge
16 not known to other OpenAI employees, and therefore, they cannot justify the burden of imposing
17 a deposition on him as a third-party. *See Amini Innovation*, 300 F.R.D. at 413 (quashing third party
18 deposition subpoena where "McFerran has not shown that [third party]'s testimony is essential, and
19 the burden on [third party] in complying with the subpoena would be great"); *Under Armour, Inc*
20 *v. Battle Fashions, Inc.*, No. 18-MC-80117-LB, 2018 WL 3689664, at *5 (N.D. Cal. Aug. 3, 2018)
21 (quashing third-party deposition subpoena where "Under Armour is the one that is selling whatever
22 products that [the third-party] may or may not have designed, and it is Under Armour against whom
23 [plaintiff] is litigating his trademark dispute."); *Audio MPEG, Inc. v. HP Inc.*, No. 16-mc-80271-
24 HRL, 2017 WL 950847, at *4 (N.D. Cal. Mar. 10, 2017) ("[B]ecause what relevant material there
25 is could be more easily obtained from other sources without causing a burden to non-party Apple,
26 the court grants the motion to quash the subpoena.").

### B. The Subpoena Must be Quashed Because Plaintiffs Have Not Even Attempted to Acquire the Same Information from OpenAI

The Subpoena must also be quashed because, in the Ninth Circuit, "there is a preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Genus Lifesciences*, 2019 WL 7313047, at *4 (citation omitted). As noted above, "[w]hen the requesting party has not shown that it attempted to obtain [discovery] from the opposing party in an action prior to seeking [discovery] from a non-party," a subpoena "places an undue burden on a non-party" and must quashed on that basis. *Id.* (internal quotation marks and citation omitted).

Here, Plaintiffs admittedly have **not deposed a single OpenAI employee**, let alone exhausted their depositions of OpenAI employees. As a matter of law, Plaintiffs' failure to seek the requested information from OpenAI employees before serving the Subpoena on Mr. Mann places an undue burden on Mr. Mann, and the Subpoena should be quashed for that additional reason. *See, e.g., Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2021 WL 3044958, *4 (N.D. Cal. July 20, 2021 (denying motion to compel under Rule 45 where "the Court does not believe that [Plaintiff] ever asked [Defendant] for" the information being subpoenaing third party); *Coppel v. Sea World Parks & Enter., Inc.*, No. 21-cv-1430-RSH-DDL, 2024 WL 4472352, *5 (S.D. Cal. Aug. 19, 2024) ("Having elected not to pursue these documents from Defendants, Plaintiffs may not now seek the same documents from [a third party].").

### C. The Subpoena Must Be Quashed Because it Would Impose an Undue Burden on Mr. Mann Given His Significant Personal Responsibilities

Though the Subpoena must be quashed for the reasons discussed above, it should also be quashed because it would impose an undue personal burden on Mr. Mann. As noted above, when the Court determines the propriety of a subpoena under Rule 45, it must "balance[] the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *ATS Prods.*, 309 F.R.D. at 531.

Here, Plaintiffs can readily acquire the information they seek from OpenAI, yet they have not even attempted to pursue a single deposition from an OpenAI employee of the company itself. On the other hand, Mr. Mann is a full-time employee managing a rapidly growing team. Mr. Mann

1  also has two small children at home and is prioritizing time with a close family member with a
2  concerning medical diagnosis and a prognosis on the order of months, not years. Mann Decl. ¶¶ 7-
3  9. His time is at its most precious, and he would suffer great personal hardship if he were forced to
4  spend a day sitting for a third-party deposition about a job he held comparatively briefly, many
5  years ago. On balance, the Subpoena must be quashed to protect him from that undue burden.

**D.  In the Alternative, the Court Should Enter a Protective Order Requiring Plaintiffs to Exhaust Discovery of OpenAI Before Deposing Mr. Mann, Limit the Time and Scope of the Deposition and Order the Plaintiffs to Coordinate Deposition Scheduling With Plaintiffs in the Other Case**

If the Court declines to quash the Subpoena, Mr. Mann asks that the Court enter a protective order modifying the Subpoena to minimize the burden on him by: (i) deferring the deposition until after all OpenAI employees have been deposed, (ii) strictly limiting the deposition's time and scope, and (iii) requiring Plaintiffs to coordinate with the plaintiffs in *Authors Guild* so that Mr. Mann is not required to sit more than once for deposition about whether OpenAI violated copyright law. As a nonparty, Mr. Mann is "powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which [he is] not a party." *Free Stream Media Corp. v. Alphonso Inc.*, No. 17-cv-02107-RS (KAW), 2017 WL 6209309, *3 (N.D. Cal. Dec. 8, 2017).

On the first point, Mr. Mann asks that his deposition be postponed until after Plaintiffs have deposed OpenAI witnesses with knowledge of the relevant facts. As explained above and in Mr. Mann's Declaration, other individuals at OpenAI can provide the same testimony that Plaintiffs are seeking from him, Mann Decl. ¶¶ 4-5, and Plaintiffs should be required to depose them first. *See, e.g.*, *Athalonz, LLC v. Under Armour, Inc.*, No. 23-mc-80324-LJC, 2024 WL 628846, at *8 (N.D. Cal. Feb. 14, 2024) (quashing deposition subpoena "without prejudice to Athalonz serving a new subpoena if it still believes Curry's testimony is relevant after completing relevant discovery from Under Armour . . . including depositions of Under Armour employees responsible for the design, development, and marketing of the Curry-brand shoes at issue").

Second, Mr. Mann requests that the scope of the deposition be strictly limited to whatever non-cumulative factual issues remain and that directly pertain to this action after the depositions of

OpenAI's employees. Courts routinely limit the subject matter of third-party depositions in order to minimize the burden on third parties—particularly where, as here, the deponent works for a party's competitor. *See Apple Inc. v. Samsung Elecs. Co., Ltd*, 282 F.R.D. 259, 265 (N.D. Cal. 2012) (holding that even "unique knowledge [was] insufficient to warrant unrestricted deposition time and subject matter" for deposition of competitor's employee). If Mr. Mann must sit for a deposition—despite the availability of the same information from OpenAI employees—Plaintiffs should be required to conduct the deposition in a manner that minimizes the burden on him. Moreover, as OpenAI is a key competitor to Mr. Mann's current employer, and Plaintiffs' only stated justification for deposing him is that OpenAI named him in discovery responses, the Court should narrowly limit the subject matter of any deposition to any facts that directly pertain to Plaintiffs' case against OpenAI, are in Mr. Mann's unique possession, and exclude Anthropic. These limitations are necessary to protect Mr. Mann from undue burden and to avoid a fishing expedition about Mr. Mann's current employer.

By the same token, Mr. Mann requests that any deposition be limited to four hours on the record to reduce the burden on him. As noted, Mr. Mann is a full-time employee, has two young children, and is dealing with the very serious illness of a close relative. Mann Decl. ¶¶ 7-9. Limiting the time on the record will ensure that Plaintiffs only question Mr. Mann about information they believe is uniquely within his knowledge and will better protect Mr. Mann from the burden of a non-party deposition. *See In re Google Litig.*, No. C-08-03172-RMW (PSG), 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011) (limiting busy executive deposition to three hours).

Finally, Mr. Mann requests an order requiring Plaintiffs to coordinate his deposition with Plaintiffs in the *Authors Guild* action so that Mr. Mann is only required to sit for deposition ***once*** across both lawsuits. Given the significant burden on Mr. Mann of having to sit for a third-party deposition, he should not be required to suffer that burden multiple times, being forced to testify on the same facts and circumstances in two similar lawsuits.

The Court has already recognized the need for coordinating depositions among the Other Copyright Actions against OpenAI, writing that:

> Plaintiffs would be well advised to cooperate with Defendants in the process of streamlining discovery coordination and deposition procedures across the OpenAI cases given ***that the court is sympathetic to Defendants' concerns about duplicative depositions on the same topics constituting an avoidable burden and a waste of resources.***

*See* ECF No. 144 (emphasis added). The Court's concerns about party discovery are exacerbated here, where a non-party has been subpoenaed for two separate depositions on the same facts and circumstances, simply because Plaintiffs in this action and in the *Authors Guild* case have not coordinated their discovery activity.

That the Other Copyright Actions have not been consolidated with this one has no bearing on whether Plaintiffs ought to coordinate with each other as they pursue third party discovery. At the January 6, 2025, meet and confer, Plaintiffs' counsel argued that the Court was unsympathetic to OpenAI's request to coordinate depositions among the Other Copyright Actions because OpenAI had failed to seek consolidation of those Actions earlier in the proceedings. Malone Decl. ¶ 10. As a third party, however, Mr. Mann is in a materially different position than OpenAI—he has no control over the scope of the Other Copyright Actions and should not bear the burden of being forced to sit for multiple depositions simply because his former employer made a strategic litigation decision not to consolidate nearly identical lawsuits.

V. **CONCLUSION**

For the foregoing reasons, Mr. Mann respectfully requests that the Court grant his motion to quash the Subpoena, or, in the alternative, to issue a protective order to reduce the extreme burden on him.

Dated: January 14, 2025

JAMES N. KRAMER
M. TODD SCOTT
CATHERINE L. MALONE
Orrick, Herrington & Sutcliffe LLP

By: _____/s/ James N. Kramer_____
JAMES N. KRAMER
Attorneys for Non-Party Benjamin J. Mann