1    JAMES N. KRAMER (SBN 154709)
     jkramer@orrick.com
2    M. TODD SCOTT (SBN 226885)
     tscott@orrick.com
3    ORRICK, HERRINGTON & SUTCLIFFE LLP
     The Orrick Building
4    405 Howard Street
     San Francisco, CA  94105-2669
5    Telephone:     +1 415 773 5700
     Facsimile:     +1 415 773 5759
6
     CATHERINE L. MALONE (SBN 325283)
7    cmalone@orrick.com
     ORRICK, HERRINGTON & SUTCLIFFE LLP
8    2050 Main Street, Suite 1100
     Irvine, CA 92614-8255
9    Telephone:     +1 949 567 6700
     Facsimile:     +1 949 567 6710
10
     Attorneys for Non-Party
11   Benjamin J. Mann

12                       UNITED STATES DISTRICT COURT

13                     NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO DIVISION

15

16
     IN RE OPENAI CHATGPT LITIGATION          Case No. 3:23-cv-03223-AMO
17
                                              **DECLARATION OF CATHERINE L.**
18                                            **MALONE IN SUPPORT OF MOTION**
                                              **TO QUASH PLAINTIFFS' THIRD-**
19                                            **PARTY DEPOSITION SUBPOENA OR,**
                                              **IN THE ALTERNATIVE, FOR A**
20                                            **PROTECIVE ORDER**

21                                            Hearing
                                              Date:  February 27, 2025
22                                            Time:  2:00 p.m.
                                              Ctrm:  10, 19th Floor
23                                            Judge:  Hon. Araceli Martinez-Olguin

24

25

26

27

28

I, Catherine L. Malone, declare as follows:

1.      I am an attorney with the law firm of Orrick, Herrington & Sutcliffe LLP, counsel for nonparty Benjamin J. Mann.  I submit this declaration based on personal knowledge, unless otherwise noted.  If called, I can and will testify competently to the matters set forth herein.

2.      I make this declaration in support of Non-Party Benjamin J. Mann's Motion to Quash Plaintiffs' Third-Party Deposition Subpoena.

3.      On May 9, 2024, Plaintiffs served a document and deposition subpoena for Mr. Mann.

4.      Between May 9 and August 12, 2024, my firm met and conferred with Counsel for Plaintiffs through video calls, letters, and over email, focusing on Plaintiffs' document requests.

5.      On December 12, 2024, Counsel for Plaintiffs asked whether we would accept service of another deposition subpoena ("Subpoena") for Mr. Mann, which we did on December 16, 2024.

6.      Attached hereto as Exhibit A is a true and correct copy of the Subpoena.

7.      On December 23, 2024, Mr. Mann served formal objections to the Subpoena.  Mr. Mann objected to the Subpoena on the grounds that Plaintiffs did not take reasonable steps to avoid imposing undue burden or expense on Mr. Mann, as required by Fed. R. Civ. P. 45(c); Plaintiffs have not exhausted depositions of party witnesses before burdening a nonparty with the time and expense of a deposition; and Plaintiffs have failed to coordinate any deposition with parties in other copyright actions proceeding against OpenAI to minimize the burden on Mr. Mann, among other objections.

8.      On December 23, 2024, Mr. Mann also produced the single document in his possession that was responsive to Plaintiffs document subpoena.

9.      My colleague Todd Scott and I conferred with Counsel for Plaintiffs on January 6, 2025.  During that conference, Counsel for Plaintiffs represented that OpenAI had identified Mr. Mann as a person with relevant information in its interrogatory responses.  Counsel for Plaintiffs also confirmed that they had not taken any depositions in this action as of January 6, 2025.  I explained to Counsel for Plaintiffs that any deposition in this action would be unduly burdensome

on Mr. Mann as a nonparty, Mr. Mann does not have any unique, non-cumulative knowledge, Plaintiffs should exhaust depositions of OpenAI witnesses who could testify to the same topics as Mr. Mann before burdening a nonparty with a deposition, and we would file a motion to quash if necessary.  We then conferred on the grounds for Mr. Mann's motion.

10.    Plaintiffs' counsel argued that the Court was "not sympathetic" to OpenAI's request that depositions be coordinated across other copyright actions brought against OpenAI.  Even so, Counsel for Plaintiffs asked whether we would consider coordinating Mr. Mann's deposition with plaintiffs in *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292-SHS (S.D.N.Y), and if so, whether we would agree to eleven hours on the record.

11.    We conferred with Counsel for Plaintiffs again on January 13, 2025.  In an effort to avoid motion practice, we offered to have Mr. Mann sit for deposition if Plaintiffs would agree to depose substantially all of OpenAI's representatives first, coordinate Mr. Mann's deposition with plaintiffs in the *Authors Guild* action, limit the deposition to four hours, and agree not to seek the deposition of another employee of Anthropic PBC ("Anthropic").

12.    On January 13, 2025, Plaintiffs subpoenaed Dario Amodei, the Chief Executive Officer of Anthropic, for deposition. As with Mr. Mann, Plaintiffs assert they need to depose Mr. Amodei because OpenAI's discovery responses name him as having relevant information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct to the best of my knowledge and belief.

Executed in Chino Hills, California on January14, 2025.


_____
*/s/ Catherine L. Malone*
CATHERINE L. MALONE