Elana Nightingale Dawson
555 Eleventh Street, N.W., Suite 1000
Washington, D.C.  20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
elana.nightingaledawson@lw.com

**LATHAM & WATKINS** LLP

January 14, 2025

**VIA ECF**

The Honorable Robert M. Illman
U.S. District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

Re: *In re OpenAI ChatGPT Litigation, Master File No. 23-cv-3223-AMO*

Dear Magistrate Judge Illman:

Pursuant to paragraph 4 of Judge Illman's General Standing Order and the Court's order at ECF No. 240, the parties submit this joint discovery letter brief concerning Defendant OpenAI OpCo, LLC's request for an order requiring Plaintiffs to complete their document productions pursuant to the parties' mutually agreed upon search terms by January 31, 2025.  Since the Court entered the order at ECF No. 240, the parties conferred regarding the matters addressed herein via video conference on January 3, 2025, and January 10, 2025, and have conferred via email both before and after those dates.

***OpenAI's Statement.*** The parties previously submitted a joint discovery brief addressing serious long-standing deficiencies in Plaintiffs' document productions and their repeated failures to address these issues despite assurances to do so. *See* ECF No. 212. Your Honor then issued an Order, ECF No. 240, requiring Plaintiffs to take certain steps designed to ensure such deficiencies would be promptly addressed. Unfortunately, the problems that prompted OpenAI's motion persist. Plaintiffs' productions remain deficient, they have yet to remedy many ongoing discovery issues raised in ECF No. 212, and they did not take the steps necessary in advance of their court-ordered January 7, 2025 deadline to comply with that deadline. Plaintiffs have now offered to begin "rolling productions" on January 31, 2025 and to substantially complete their productions "as soon as possible thereafter." Given Plaintiffs' repeated failure to follow through on commitments in the past, a Court order is necessary to ensure OpenAI can timely schedule Plaintiffs' depositions. OpenAI thus respectfully requests that, similar to the requirement in paragraph 4 of the Court's ECF No. 240 Order, the Court order Plaintiffs to, by January 31, 2025 or as soon thereafter as the Court deems reasonable, substantially complete the production of documents that Plaintiffs (a) located using the search terms to which the parties have mutually agreed, and (b) agreed to produce in response to OpenAI's outstanding Requests for Production. To be clear, the request for a substantial-completion deadline relates to the search terms Plaintiffs have *already* agreed to run and that are thus not subject to dispute or further conferral—all that remains is for Plaintiffs to apply those search terms and produce responsive documents.

On December 20, 2024, the Court entered an order requiring (a) all Plaintiffs to provide OpenAI with their proposed search terms and Plaintiffs Coates, Díaz, Lippman, Snyder, Greer, Klam, Woodson, and Hwang to produce documents; (b) OpenAI to propose to Plaintiffs "additional search terms that OpenAI contends are necessary to identify documents responsive to OpenAI's Requests for Production" by Friday, December 27, 2024, and (c) "all Plaintiffs" to "run all mutually agreeable search terms proposed by OpenAI across all documents collected from the data sources identified by Plaintiffs on November 26, 2024 pursuant to Paragraph 6 of the ESI Order; and . . . provide the resulting hit counts for those terms to OpenAI" **by January 7, 2025**. Indeed, Plaintiffs proposed the order the Court adopted. *Compare* ECF No. 234, *with* ECF No. 240.[1] Although the parties have been conferring in good faith about search terms, Plaintiffs appear not to have taken the steps necessary prior to the January 7 deadline to comply with that deadline. This failure is illustrative of the pattern of repeated discovery failures that have been ongoing for months–failures that, without the Court's continued intervention, will undoubtedly continue.

To move discovery forward expeditiously, OpenAI agreed to provide proposed search terms during the holidays—on December 27—thereby allowing the timely consideration of those search terms by Plaintiffs and Plaintiffs' provision of hit counts to OpenAI for mutually agreeable terms by January 7, 2025. Although OpenAI complied with its court-ordered obligation, Plaintiffs Coates, Díaz, Lippman, Snyder, Greer, Klam, Woodson, and Hwang did not. Less than six hours before the midnight deadline to provide such hit counts, Plaintiffs' counsel emailed counsel for OpenAI to say they would not meet the court-ordered deadline. Counsel provided no information regarding when they began the process of trying to obtain hit count reports, why the ten days

---

[1] OpenAI submitted a proposed order that reflected OpenAI's good-faith understanding of the order necessary to effectuate what was discussed at the December 17, 2024 hearing in light of the Parties' Joint Discovery Brief at ECF No. 212. OpenAI informed the Court, however, that Plaintiffs disagreed. *See* ECF No. 233-1.

provided by the Court's order was insufficient, or when they first learned they might not be able to comply with the Court's order. OpenAI, of course, understands that there are times when technical difficulties or other matters outside of a party's control require adjustments to a case schedule, and OpenAI thus agreed to stipulate to an extension of those Plaintiffs' January 7 deadline. And OpenAI remains willing to work with Plaintiffs in light of the effects the wildfires in Los Angeles are having on one of their ESI vendors. What OpenAI takes issue with is the failure of eight of the twelve Plaintiffs to act diligently *before* the January 7, 2025 deadline so that, if issues did arise, they could either be timely addressed or the parties could discuss before the date Plaintiffs were set to provide hit counts. Plaintiffs now suggest that their failure to comply with the January 7 deadline was initially a result of the Parties' January 3 conferral. Plaintiffs' suggestion is belied by the fact that four of the twelve Plaintiffs had no trouble complying with the January 7 deadline notwithstanding the Parties' January 3 conferral. It is this type of lack of diligence, reflected in Plaintiffs' "many missed deadlines and . . . many promises unfulfilled," ECF No. 212 at 4, that prompted OpenAI to seek relief in the first place.

Plaintiffs' repeated failures to timely comply with their discovery obligations are having a direct impact on OpenAI's ability to move forward expeditiously. For example, OpenAI would like to begin taking Plaintiffs' depositions, particularly given Plaintiffs' intent to proceed with depositions of OpenAI witnesses this month. *See, e.g.*, ECF No. 237. Yet OpenAI cannot do so without risking material prejudice until Plaintiffs substantially complete their production of responsive documents. Indeed, Plaintiffs still have not produced the most basic discovery required in a case such as this. For example, Plaintiffs Díaz, Greer, Lippman, Snyder, and Woodson have yet to produce copies of the works they assert in this case, as sought in RFP No. 39. Most of these Plaintiffs have not produced communications related to the negotiation of the domestic publishing agreement for the works at issue. These Plaintiffs also have not produced documents sufficient to show all revenues generated from their asserted works or the amount of money Plaintiffs themselves earned from such works, as sought in RFP Nos. 41 and 42.

The productions from Plaintiffs Golden, Tremblay, Silverman, and Kadrey are likewise deficient. These deficiencies are even more concerning given those Plaintiffs' repeated claims to have completed their production of responsive documents and fulfilled their document discovery obligations. That is clearly not the case. For example, the search terms these four Plaintiffs initially proposed hit on 1,195 documents, whereas the terms OpenAI proposed to which Plaintiffs agreed hit on an additional 4,809 documents. It strains credulity to suggest that these Plaintiffs have completed their production of responsive documents in the face of such statistics. The actual documents these Plaintiffs have—and have not—produced to date tell a similar story. For example, Golden, Silverman, and Tremblay all have not produced communications regarding the negotiations of the domestic publishing agreements for their asserted works, as sought in RFP No. 12. Silverman's productions are also missing documents related to the creation, and thus ownership of her asserted work, as sought in RFP Nos. 2, 4, 12, 53, and 57. And Kadrey's productions are missing, for example, documents showing all revenue generated by his asserted work, as sought in RFP Nos. 42 and 43. These deficiencies are illustrative rather than exhaustive examples of the critical discovery Plaintiffs have yet to produce. And despite these critical gaps, none of these Plaintiffs have made a meaningful production since November.

Plaintiffs' repeated failure to timely comply with their discovery obligations continues to prejudice OpenAI, including in its preparations for depositions. At the same time, Plaintiffs insist that

"Plaintiffs are proceeding with discovery apace" and that it is "OpenAI" that "continues to delay progress on discovery in this case," the foregoing demonstrates that, in fact, the exact opposite is true. While OpenAI has produced over 79,000 documents to date, including over 11,000 documents since the last discovery hearing, Plaintiffs' productions to date remain paltry. Plaintiffs Kadrey, Coates, and Golden have not produced a single new document since the last hearing. Plaintiff Silverman produced one new document (a deposition errata). And while the remaining eight Plaintiffs collectively produced 1,679 documents on December 23, as the Court ordered, those Plaintiffs have produced no new documents since.

Plaintiffs' primary response to OpenAI's request for assistance is a procedural one–that the Parties have not sufficiently conferred. In reality, the parties have been conferring for *months* regarding OpenAI's efforts to get Plaintiffs to produce responsive documents within their possession, custody, and control by a date certain. Despite Plaintiffs' promises to remedy their many document deficiencies by the end of October 2024, significant deficiencies remain. OpenAI welcomes Plaintiffs' commitment to substantially complete the productions discussed herein as soon as possible after January 31, 2025. However, given Plaintiffs' repeated failure to follow through on such commitments in the past, OpenAI believes a Court order memorializing that commitment, and setting a reasonable date for the discussed substantial completion, is warranted.

In the Order at ECF No. 240, the Court ordered Plaintiffs Díaz, Greer, Hwang, Woodson, Snyder, Coates, Lippman, and Klam to produce documents responsive to Defendants' Second Requests for Production, to which Plaintiffs have agreed to respond. OpenAI now respectfully requests a corresponding order requiring all Plaintiffs to produce by January 31, 2025, documents that Plaintiffs (a) located using the search terms to which the parties have mutually agreed and (b) agreed to produce in response to OpenAI's outstanding Requests for Production.

***Plaintiffs' Statement:*** This is not the first time OpenAI has sought to circumvent the proper procedures set by this Court—OpenAI has once already in relation to this very dispute when it sought to submit a proposed order in contravention with this Court's statements on the record and without Plaintiffs' agreement. *See* ECF Nos. 233-235; *see also* ECF No. 240 (entering Plaintiffs' proposed order over OpenAI's). This dispute is just the latest in OpenAI's troubling resort to litigation by ambush. On the Sunday before this filing, OpenAI proposed for the first time the January 31 document production deadline sought through this letter brief. OpenAI failed to raise the topic of a document production deadline in either of the parties' meet-and-confer calls. The requested production deadline should be denied as procedurally improper under the Court's Standing Order for failure to meet and confer on the issue. OpenAI's request should also be denied because despite Plaintiffs diligently and in good faith working to review and produce any responsive documents in a timely manner, OpenAI's proposed deadline of January 31 is unworkable in light of the realities and burden associated with reviewing and producing documents, particularly in light of the fires and high winds in Los Angeles which have impacted Plaintiffs' ESI vendor.

The Court's Standing Order and the Court's Order, ECF No. 240 ("Order 240") require that the parties meet and confer to attempt to resolve any issues before bringing them to the Court. Despite meeting and conferring multiple times regarding Order 240, including as recently as January 10, 2025, the parties have not once discussed the timeline for producing documents from the recently run searches. Instead, OpenAI represented that it would be briefing the few proposed search terms

that the parties have not reached agreement on. In an email sent January 8, 2025, Ms. Nightingale-Dawson stated that, for purposes of the Joint Discovery Brief due on January 14, 2025 "the issues that remain outstanding relate to the terms Plaintiffs have refused to run. . . ." During the January 10 conferral, the Parties exclusively discussed the remaining disputes on search terms, and OpenAI again indicated it would be briefing the terms Plaintiffs had not agreed on. OpenAI did not propose or otherwise discuss any timeline for producing documents.

In addition to being procedurally improper, OpenAI fails to provide any compelling reasons for the Court to impose an aggressive document production deadline that applies to Plaintiffs but not to OpenAI. Plaintiffs produced all responsive documents which hit on their initial search terms. Although OpenAI claims that there are gaps in the productions, these issues were raised in the Joint Discovery Brief, ECF No. 212, and the Court granted OpenAI's requested relief. Pursuant to Order 240, OpenAI proposed search terms to specifically address the alleged deficiencies, and the parties reached agreement on nearly all of OpenAI's proposed search terms. Notably, OpenAI does not take issue with any aspects of the parties' negotiations over search terms. In fact, the parties are continuing to negotiate the few remaining terms for which Plaintiffs are awaiting OpenAI's modified proposals. Seeking an Order to produce documents when search terms are still unsettled is simply unreasonable.

OpenAI's attempt to fault Plaintiffs for the minor delay in producing hit reports rings hollow. Plaintiffs conferred with OpenAI on January 3 to attempt a mutual agreement before running the terms, as contemplated in Order 240, and began the process of running the terms soon thereafter. While Plaintiffs Coates, Díaz, Lippman, Snyder, Greer, Klam, Woodson, and Hwang encountered delays in producing hit reports due to technical issues and issues arising from the ongoing extreme winds and fires in Los Angeles (where their ESI vendor is located), those Plaintiffs have now produced hit reports, and have otherwise fully complied with Order 240. Plaintiffs have been complying with their discovery obligations, yet OpenAI persists in burdening Plaintiffs and this Court by bringing forth a dispute that is faulty on both the procedure and the merits.

To the extent any additional responsive documents hit upon the new search terms, they will be produced; however, Plaintiffs require additional time to review the documents which hit on the new search terms for responsiveness and privilege. As OpenAI noted, the new search terms hit on many more documents than the previous terms. While Plaintiffs' initial review of these documents suggests the majority of these documents will not be responsive because the proposed terms are overbroad, Plaintiffs intend to review all of the document hits and will produce documents that are responsive and non-privileged. Had OpenAI asked about the review timeline in the course of the parties' conferrals, Plaintiffs would have agreed to rolling productions beginning January 31 with substantial completion as soon as possible thereafter. As Plaintiffs explained to OpenAI, Plaintiffs are unable to commit to a date certain for full production because they don't know when they will even receive a majority of the document hits from the ESI vendor and be able to begin the review process. In light of the uncertainty regarding the ESI vendor's timeline, and Plaintiffs' commitment to produce documents as soon as possible, a Court ordered deadline is unworkable and unnecessary.

For the reasons above, OpenAI's request should be denied.

Dated: January 14, 2025

Respectfully Submitted,

*/s/ Elana Nightingale Dawson*
Elana Nightingale Dawson (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: elana.nightingaledawson@lw.com

*Counsel for Defendants*


*/s/ Joseph R. Saveri*
Joseph R. Saveri
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Bryan L. Clobes
**CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP**
135 S. LaSalle Street Suite 3210
Chicago, IL 60603
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

## **ATTESTATION**

I, Elana Nightingale Dawson, am the ECF user whose user ID and password authorized the filing of this document.  Under Civil L.R. 5-1(i)(3), I attest that all signatories to this document have concurred in its filing.

Dated: January 14, 2025                                               */s/ Elana Nightingale Dawson*