Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to:<br><br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | **DECLARATION OF HOLDEN BENON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH PLAINTIFFS' THIRD-PARTY DEPOSITION SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |

I, Holden Benon, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am an Associate at the Joseph Saveri Law Firm, LLP ("JSLF"), counsel of record for Plaintiffs Paul Tremblay, Christopher Golden, Richard Kadrey and Sarah Silverman in the action titled *In Re OpenAI ChatGPT Litigation*, Master File No. 3:23-cv-03223-AMO. I have personal knowledge of the matters stated herein and, if called upon, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. §1746 in support of Plaintiffs' Opposition to Ben Mann's Motion to Quash Plaintiffs' Third-Party Deposition Subpoena, or, in the Alternative, for a Protective Order ("Motion to Quash").

2. On December 16, 2024, Plaintiffs served a Deposition Subpoena on Ben Mann through his counsel.

3. The parties met and conferred regarding the deposition subpoena on January 6 and January 13. During the January 13 meet-and-confer call, Mann stated he would agree to sit for his deposition subject to the following conditions: (i) Plaintiffs would have to coordinate the deposition with the *Authors Guild* plaintiffs; (ii) Mann would sit for only four hours of record time; (iii) Plaintiffs are required to exhaust their depositions of party witnesses before the deposition of Mann; and (iv) Plaintiffs would agree not to depose Dario Amodei, who at the time had not been subpoenaed.

4. On January 13, Plaintiffs emailed Mann's counsel indicating they would not object to coordinating with the *Authors Guild* plaintiffs, but they do not agree to Mann's other conditions.

5. Also on January 13, Plaintiffs caused a deposition subpoena to be served on Dario Amodei (through his counsel).

6. The parties met and conferred again on January 17 in an effort to resolve the Motion to Quash without the need for Court intervention. Plaintiffs followed up with an email on the same day confirming that they will coordinate with the *Authors Guild* plaintiffs, and Plaintiffs agreed to limit any deposition of Amodei to six hours. Plaintiffs agreed the deposition of Mann could take place before the end of February, with Amodei's deposition to occur within two weeks thereafter.

7. Counsel for Ben Mann responded on Sunday, January 19 rejecting Plaintiffs' offer. They did not provide a counter offer.

8. On a meet-and-confer call with OpenAI that took place on April 24, 2024, OpenAI stated that ████████████████████████████████████

9. Plaintiffs have issued deposition subpoenas for Nick Ryder and Alex Paino (among other individuals) and the parties have discussed dates when those witnesses are available through mid-February. Plaintiffs plan to proceed with their first deposition in this case on January 24, 2025.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of January, 2025 in San Francisco, California.

By:    */s/ Holden Benon*
       Holden Benon