**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street Armonk,
NY 10504
(914) 749-8200
dboies@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (State Bar No. 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butterricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

**VENTURA HERSEY & MULLER, LLP**
Daniel J. Muller (State Bar Bo. 193396)
1506 Hamilton Avenue
San Jose, California
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
|---|---|
| This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO<br>Case No. 4:23-cv-04625-AMO | **PLAINTIFFS' REPLY TO OPENAI'S DECLARATION IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

Plaintiffs respectfully submit this reply to Defendant OpenAI's Declaration in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. No 265) in connection with Dkt. No. 254.

Most of the information OpenAI asks this Court to seal concerns a dataset that OpenAI said on the record is "publicly available."[1] It thus is *not* commercially sensitive. In fact, OpenAI goes further on its own website, stating in response to Congressional inquiry that its "training data comes from a variety of sources, including from **publicly available resources like Common Crawl** and also by licensing content from content owners."[2] (emphasis added). Indeed, that "publicly available" nature will likely serve as the core of its fair use defense.

Plaintiffs respectfully submit that not a single statement that OpenAI asks this Court to keep hidden under seal remotely meets the sealing standard, even the "good cause" standard applicable here in connection with discovery proceedings. In an analogous case pending in this District against Meta, Judge Chhabria unequivocally rejected Meta's similar sealing requests and ordered the parties to file unredacted documents. *See* Order, *Kadrey v. Meta Platforms, Inc*., No. 23-cv-03417, Jan. 8, 2025, ECF No. 373 (Chhabria, J.) ("Meta's request is preposterous … It is clear that Meta's sealing request is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage."); *see also* Dkt. 383 (Hixson, M.J., denying several sealing motions filed in connection with discovery disputes and ordering Meta to "either file all of the material at issue in the public record, or it shall refile narrowly tailored motions to seal . . . [in] compl[iance] with the guidance provided by Judge Chhabria in ECF No. 373]."

OpenAI's classification, which concerns all specifics regarding its use of the publicly available Common Crawl database, conceals information that merits public transparency.  The public has a right to know just how broad and indiscriminate OpenAI's scraping of the entire internet has been. Plaintiffs are not asking OpenAI to divulge its *source code* or the specifics of its ChatGPT training *methods*, or anything else that remotely could be considered or defended as "proprietary."  Instead, Plaintiffs simply ask that OpenAI

---

[1] "Questions for the Record: The following are the Questions for the Record following Sam Altman's testimony before the U.S. Senate Committee on the Judiciary (Subcommittee on Privacy, Technology, & the Law)." Available at: https://openai.com/global-affairs/sam-altman-senate-questions-for-the-record/.
[2] *Id.*

refrain from sealing generalized references to the method of acquisition, the size, and the use of the third-party datasets and content that OpenAI used. Indeed, OpenAI's supporting declaration does not even attempt—because it cannot—to explain how any of this information, let alone all of it, could be considered "proprietary," what "steps" if any it takes "to protect this information from public disclosure" (again, it has already disclosed it obtains the information from Common Crawl in statements to Congress, or how disclosure of any of this information, let alone all of it, "would give OpenAI's competitors valuable insight into its proprietary training datasets" or "cause competitive harm." Dkt. No. 265, ¶¶ 6-7. Plainly such vague and unexplained statements do not satisfy even the "good cause" standard for sealing discovery material in this District.

Accordingly, Plaintiffs request that the Court (1) direct OpenAI to file the Letter Brief at Dkt. No. 254 in its unredacted form and (2) direct OpenAI to refrain from sealing the main body of its briefs with the exception of any excerpts that directly quote case documents designated pursuant to the Protective Order in this case, *and* for which OpenAI can make the requisite showing in accordance with the Court's Standing Order.

Dated: January 27, 2025                    By:    _/s/ Joshua M. Stein_

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street Armonk,
NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Evan Matthew Ezray *(pro hac vice)*
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
eezray@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (State Bar No. 130064)
jsaveri@saverilawfirm.com
Cadio Zirpoli (State Bar No. 179108)
czirpoli@saverilawfirm.com
Christopher K.L. Young (State Bar No. 318371)
cyoung@saverilawfirm.com
Holden Benon (State Bar No. 325847)
hbenon@saverilawfirm.com
Aaron Cera (State Bar No. 351163)
acera@saverilawfirm.com
Margaux Poueymirou (State Bar No. 35600)
mpoueymirou@saverilawfirm.com
William W. Castillo Guardado (State Bar No. 294159)
wcastillo@saverilawfirm.com
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone:    (323) 968-2632
Facsimile:    (415) 395-9940
Email:        mb@buttericklaw.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes *(pro hac vice)*
Alexander J. Sweatman *(pro hac vice)*
Mohammed A. Rathur *(pro hac vice)*
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

**VENTURA HERSEY & MULLER, LLP**
Daniel J. Muller (State Bar Bo. 193396)
1506 Hamilton Avenue

San Jose, California
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*