1  **BOIES SCHILLER FLEXNER LLP**
   David Boies (*pro hac vice*)
2  333 Main Street
   Armonk, NY 10504
3  (914) 749-8200
4  dboies@bsfllp.com

5  **JOSEPH SAVERI LAW FIRM, LLP**
   Joseph R. Saveri (State Bar No. 130064)
6  601 California Street, Suite 1505
   San Francisco, CA 94108
7  Telephone: (415) 500-6800
   Facsimile: (415) 395-9940
8  Email: jsaveri@saverilawfirm.com

9  Matthew Butterick (State Bar No. 250953)
10 1920 Hillhurst Avenue, 406
   Los Angeles, CA 90027
11 Telephone: (323) 968-2632
   Facsimile: (415) 395-9940
12 Email: mb@butéricklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

**VENTURA HERSEY & MULLER, LLP**
Daniel J. Muller (State Bar Bo. 193396)
1506 Hamilton Avenue
San Jose, California
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO<br>Case No. 4:23-cv-04625-AMO | Master File No. 3:22-cv-03223-AMO<br><br>**PLAINTIFFS' OPPOSITION TO REDACTION OF MATERIAL BY OPENAI IN JOINT LETTER BRIEF WITH NON-PARTY MICROSOFT [DKT NOS. 268, 270]** |

Plaintiffs respectfully submit this opposition to OpenAI's Declaration of Michael Trinh (the "Declaration," Dkt. No. 287), which OpenAI submitted to support a single redaction of a parenthetical explaining an OpenAI-produced document cited in a Joint Discovery Letter Brief submitted by Plaintiffs and non-party Microsoft (the "Redacted Parenthetical," submitted in sealed briefing at Dkt. Nos. 268-001 and 270-001).[1]

To establish "good cause" to keep discovery material marked confidential sealed, a producing party must first demonstrate "specific prejudice or harm," including where the producing party contends disclosure would violate "privacy interests" or cause "embarrassment." *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1186 (9th Cir. 2006). Only then, after a Court "finds particularized harm will result from disclosure of information to the public," does the Court "balance[] the public and private interests to decide whether a protective order is necessary." *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). OpenAI fails to make the necessary showing at either level.

OpenAI describes the Redacted Parenthetical as a communication among high-level OpenAI executives "containing competitive assessments about a business partnership and a competitor's product." Declaration at ¶ 6. OpenAI contends its interest in keeping the Redacted Parenthetical confidential is avoiding "giv[ing] OpenAI's competitors insight into its standings with partners and competitors," which would purportedly cause "competitive harm to OpenAI." *Id.* at ¶ 7.

OpenAI's characterization of the Redacted Parenthetical is misleading. What OpenAI leaves out is that the "competitive assessments" of OpenAI's performance are high-level comments from *Microsoft's* CEO Satya Nadella (as related by OpenAI CEO Sam Altman) about (1) Mr. Nadella's opinion of the performance of some OpenAI products against a competitor, and (2) Microsoft's then-current lack of access to an OpenAI product. The close partnership between Microsoft and OpenAI—and relationship between Messrs. Nadella and Altman in particular—are highly publicized. *See, e.g.*, "How Microsoft's Satya Nadella Kept the 'Best Bromance in Tech' Alive," Nov. 20, 2023, *New York*

---

[1] Dkt. Nos. 269 and 270 corrected Dkt. Nos. 267 and 268. The corrected filings include the attestation of concurrence for the joint letter briefing, which was missing from the earlier filings. No other changes were made to the corrected filings.

*Times*. The Redacted Parenthetical also reflects Mr. Nadella's comments to Mr. Altman from *years ago*, in September 2022.

OpenAI has made only a vague and desultory complaint that "competitive harm"[2] would result from public disclosure of the outdated, subjective opinion of Microsoft's CEO concerning OpenAI's product performance against a competitor, or the outdated status of Microsoft's access to OpenAI products. This barebones showing is not nearly sufficient. OpenAI does not identify or even suggest any mechanism by which OpenAI competitors would gain an advantage from disclosure of the Redacted Parenthetical, or any other way in which OpenAI would suffer any specific prejudice or harm. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning'" do not satisfy good cause standard.) (quoting *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). Even if OpenAI had established the necessary particularized harm, the already highly publicized nature of the Microsoft-OpenAI partnership and the public policy and economic importance of the issues generally at stake in this matter foreclose balancing the interests in play towards OpenAI's privacy.

Because OpenAI has not established good cause, the Court should reject continued redaction of the Redacted Parenthetical.

---

[2] The irony is likely not lost on the Court that OpenAI emphasizes the purportedly market-moving effect of Microsoft's opinions about general OpenAI strategy, yet Microsoft contends in its letter briefing that Plaintiffs cannot establish relevance for "nearly all of their [document subpoena] requests" to Microsoft. The requests in dispute for relevance include documents related to Microsoft's investment in OpenAI (Request No. 4) and the use of OpenAI LLMs in Microsoft's products (Request No. 5).

Dated: February 3, 2025

By:     */s/ Reed D. Forbush*
        Reed D. Forbush

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Reed D. Forbush (SBN 347964)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
rforbush@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Evan Matthew Ezray *(pro hac vice)*
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
eezray@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:    jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        hbenon@saverilawfirm.com
        acera@saverilawfirm.com

mpoueymirou@saverilawfirm.com
mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butboricklaw.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

**VENTURA HERSEY & MULLER, LLP**
Daniel J. Muller (State Bar Bo. 193396)
1506 Hamilton Avenue
San Jose, California
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*