Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              hbenon@saverilawfirm.com
              acera@saverilawfirm.com
              mpoueymirou@saverilawfirm.com
              mtribble@saverilawfirm.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY OR, ALTERNATIVELY, OBJECTION TO THE REPLY BRIEF AND REPLY DECLARATION IN SUPPORT OF BEN MANN'S MOTION TO QUASH**<br><br>Judge: Robert M. Illman<br>Hearing: February 11, 2025 |

Master File No. 3:23-cv-03223-AMO

PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY OR, ALTERNATIVELY, OBJECTIONS TO REPLY BRIEF AND REPLY DECLARATION IN SUPPORT OF BEN MANN'S MOTION TO QUASH

Ben Mann's reply brief (ECF No. 273) and declaration (ECF No. 273-1) ("Reply Declaration") are chock full of new and previously undisclosed factual assertions. Those new assertions also contradict sworn statements by OpenAI: whereas OpenAI averred in its interrogatory responses that ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ which OpenAI then also used to power GPT 3.5, Mann denies that he even worked on GPT 3.5. Likewise, whereas OpenAI represented that Mann has unique knowledge, Mann says that he passed along everything he knew in a "transition memo," which Mann says he doesn't have now and OpenAI has not produced. Mann highlights these disagreements to avoid discovery. But that gets the law exactly backwards—it goes without saying that factual disputes must be explored in discovery and through cross-examination. Cross-examination, after all, is "the greatest legal engine ever invented for the discovery of truth." *California v. Green*, 399 U.S. 149, 158 (1970) (quotation omitted). Mann's factual disagreements regarding issues central to this case, including the massive IP piracy committed by OpenAI and its use of those pirated works in its Generative AI models and products, are, in other words, a reason for *more* discovery, not less. Accordingly, the Court should order Mann to comply with Plaintiffs' deposition subpoena and sit for deposition as required by the Federal Rules.

If, however, the Court is not inclined to grant Plaintiffs leave to submit a sur-reply, it should strike Mann's new factual assertions pursuant to Civil Local Rule 7-3(d)(1) and Federal Rule of Civil Procedure 12(f).

## I. MANN'S REPLY DECLARATION FURTHER EVIDENCES WHY HE MUST BE DEPOSED.

Many of Mann's key averments are at odds with sworn statements by OpenAI and other facts in the record. The inconsistencies confirm either or both of the following: (1) the Court should not rely on the Reply Declaration because it is riddled with half-truths and mischaracterizations of facts and evidence, and/or (2) OpenAI's interrogatory responses are riddled with material misrepresentations. In any event, the Court should permit *more* discovery, not less. A thorough cross-examination of Ben Mann

may also reveal whether OpenAI lied in its sworn interrogatory responses and caused Plaintiffs to waste time and effort in reliance on those responses.[1]

For example, Mann avers that he "never worked on GPT-3.5." Reply Decl., ¶ 8.[2] Yet OpenAI provided a sworn statement that Mann, along with Dario Amodei and others, are among the "former members of OpenAI OpCo, L.L.C.'s technical staff who had responsibility over the relevant technical aspects of GPT-3.5." OpenAI Supp. Resp. to ROG 15. When confronted with this inconsistency, OpenAI struggled to explain the contradiction. It asserted that Mann's statement "does not mean that some of the work he did prior to his departure was not maintained or used for a later model. Of course, because he left the company, he may not know what exactly happened after his departure." T. Gorman email to H. Benon (Jan. 30, 2025). That explanation itself contradicts OpenAI's previous statements: It swore that ███████████████████████████████████████████████████████████████████ OpenAI Supp. Resp. to ROG 2. In any case, it tests credulity to believe that one of OpenAI's top engineers was working on a self-described "revolutionary" product and didn't know it. See https://chatgpt.com/g/g-F00faAwkE-open-a-i-gpt-3-5.

A second example is Mann's reliance on a "transition memo." Reply Decl., ¶ 5. When asked for it, Mann said he does not have it. And OpenAI says no such document exists. See T. Gorman email to H. Benon (Jan. 30, 2025) ("[w]e have not identified a 'transition memo,' per se"). Hemming and hawing aside, what OpenAI does admit to now is that at least one document that could contain information to which Mann refers. See id. (OpenAI counsel: "However, we did identify a document that appears to have been created around the time of his departure that might be the one he is referring to.").

---

[1] On more than one occasion, there is a substantial discrepancy between OpenAI's representations, including those in its sworn statements, and the facts, as it turns out. Rather the narrow issues in dispute, the disparities between OpenAI's tergiversation and cagey answers to direct questions confuse the issues, waste time, and cause Plaintiffs to incur unnecessary fees and costs.

[2] GPT 3.5 was created by OpenAI in 2022. In March of 2022, OpenAI began to issue new versions of GPT 3. On November 30, 2022, OpenAI began referring to these models as belonging to the "GPT-3.5" series and released ChatGPT, which was fine-tuned from a model in the GPT-3.5 series.

1  Remarkably, however, OpenAI has not produced it, instead saying it's somewhere in the "production
2  pipeline." Id.³

3  One more example: Mann says that Shantanu Jain and Chris Hallacy "have firsthand knowledge
4  and were involved in data collection during [Mann's] time at OpenAI." Reply Decl., ¶ 5. But there is no
5  reason to believe that Hallacy or Jain were involved in OpenAI's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6  ▓▓▓▓▓▓▓▓▓▓▓, an online pirated database of tens of millions of copyrighted works. Neither Hallacy
7  nor Jain are identified in OpenAI's interrogatory responses that list members of OpenAI OpCo, L.L.C.'s
8  technical staff "who have responsibility over the relevant technical aspects of ChatGPT, GPT-3.5, and
9  GPT-4." See OpenAI Supp. Resps. to ROGs 8, 10, 15. OpenAI also *opposed* Plaintiffs' request to have
10 Shantanu Jain added as a custodian on the basis that Mann and Amodei are among those knowledgeable
11 on the topic of LibGen. See ECF No. 204 at 6. Documents show that OpenAI—▓▓▓▓▓▓▓▓▓▓▓▓
12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓. Plaintiffs refer the Court to Exhibits A-H to the declaration of Holden Benon, which are
14 cited in Plaintiffs' Opposition.⁴ Mann joined OpenAI in July 2019, and possibly as early as 2017.⁵ Jain
15 started working at OpenAI in June *2020*,⁶ at least 11 months after Mann joined the company. Thus,
16 Mann's argument that similar information can be gathered from Jain is simply false—there is at least an

---

³ OpenAI should be required to produce Mann's documents immediately, and certainly before Mann's deposition proceeds.

⁴ To the extent the court considers the new evidence cited in Mann's Reply and considers the Reply Declaration, Plaintiffs also attach additional documents showing Mann's first-hand knowledge and involvement in collecting pirated data from LibGen. See Exh. I, OPCO_NDCAL_0067538 (Mann's performance review from the first half of 2020, which states ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (emphasis added); Exh. J, OPCO_NDCAL_0067569 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Exh. K, OPCO_NDCAL_0067581 (Oct. 5, 2019) (Mann ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (emphasis added).

⁵ Ben Mann, LinkedIn Profile https://www.linkedin.com/in/benjamin-mann/ (last visited Jan. 30, 2025) (listing "Jul 2019" as start date at OpenAI); *but see* Ben Mann, *I'm Joining OpenAI To Create Human Level Artificial Intelligence*, Medium (https://8enmann.medium.com/im-joining-openai-to-create-human-level-artificial-intelligence-e38fc9fc82a3) (Feb 27, 2017). (Ben Mann announcing joining OpenAI in 2017).

⁶ Shantanu Jain, LinkedIn Profile https://www.linkedin.com/in/shantanu-jain-yes-that-one/ (last visited Jan. 30, 2025)

1  11-month gap between Mann's start date and Jain's start date, and the documents reveal that Mann was actively involved in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *before* Jain's start date. It also appears that Hallacy had little or no involvement in the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Hallacy's name does not appear on any of the relevant documents Plaintiffs cite in their opposition, which indicate that it was Mann—along with Amodei—who ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Exhs. A-E.

Mann's and OpenAI's narratives are starkly different. The question is what to do about it. Mann says the answer is nothing. On his view, because he disagrees with OpenAI, the discovery process should end. But the law is the opposite. In our system, sworn examination is the way we ensure "the integrity of the fact-finding process." *Kentucky v. Stincer*, 482 U.S. 730, 736 (1987). And "open discovery" is how we ensure that trial remains a "search for the truth." *Stormans Inc. v. Selecky*, 2015 WL 224914, at *3 (W.D. Wash. Jan. 15, 2015). Mann's disagreements with OpenAI, in other words, are a reason for *more* discovery, not less. The only way for Plaintiffs to determine whether Mann or OpenAI is telling the truth is by having the Court order that Mann sit for a full deposition. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947) (goal of discovery is for "parties to obtain the fullest possible knowledge of the issues and facts before trial").

In the alternative, the Court should strike or disregard the Reply Declaration as improper and unreliable. The Court may strike and wholly disregard the Reply Declaration because of its fundamental misstatements, at odds with other sworn statements and other facts in the records. *See Blough v. Shea Homes, Inc.*, No. 2:12-CV-01493 RSM, 2014 WL 3694231, at *5 (W.D. Wash. July 23, 2014) (granting motion to strike and disregarding inaccurate statements made on reply). In the alternative, it should at a minimum strike the most obviously false statements. *See* Reply Decl., ¶¶ 5, 8; Reply (ECF No. 273), 3:14-23.

## II. MANN'S REPLY BRIEF AND REPLY DECLARATION ARE IMPROPER BECAUSE THEY CONTAIN NEW EVIDENCE AND ARGUMENT NOT PREVIOUSLY RAISED IN MANN'S MOVING PAPERS.

Mann's Reply and the Reply Declaration should also be stricken or ignored because they violate the Court's Local Rules. *See* L-R 7.3(d)(1) ("If new evidence has been submitted in the reply, the opposing party may file and serve an Objection to Reply Evidence."). Courts in this District routinely strike reply declarations containing new facts and argument. *See, e.g., Citcon USA, LLC v. RiverPay Inc.*,

No. 18-CV-02585-NC, 2019 WL 2603219, at *3 (N.D. Cal. June 25, 2019) ("[T]he Court cannot consider his declaration because it is impermissible new evidence submitted on a reply brief in violation of Civil Local Rule 7-3(d)(1)."); *Willis v. Koning & Assocs.*, No. 21-CV-00819-BLF, 2023 WL 2541327, at *2 (N.D. Cal. Mar. 15, 2023) (similar); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (similar). Indeed, it is well established that new arguments and evidence presented for the first time in a reply are waived. *United States v. Patterson*, 230 F.3d 1168, 1172 (9th Cir. 2000); *see Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). But in the event this Court considers Mann's improper new evidence, it should give Plaintiffs the opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996).

In addition to the averments and arguments described above, Mann also asserts in his Reply Declaration that OpenAI's "source code and libraries" are "the ultimate source of truth regarding what training data was used for each of OpenAI's models." Reply Decl., ¶ 7. Again, this is an entirely new argument. *Even assuming* OpenAI's "source code and libraries" identify "what training data was used for each of OpenAI's models"—which is certainly not something that OpenAI has represented or identified[7]—that data itself does not address many of the disputed issues in this case, including OpenAI's state of mind, its motive, and whether its conduct was willful. *See Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985) ("Also relevant to the 'character' of the use is the propriety of the defendant's conduct. Fair use presupposes 'good faith' and 'fair dealing.'") (cleaned up).

### III. CONCLUSION

For the reasons set forth herein, this Court should grant Plaintiffs' leave to file a sur-reply to address Mann's new facts and arguments and deem this brief Plaintiffs' sur-reply. Alternatively, the Court should strike as improper and/or unreliable the new facts and arguments in Mann's Reply and Reply Declaration.

---

[7] It is unclear what Mann refers to by OpenAI's "libraries." In any event, Plaintiffs should be entitled to depose Mann on which scripts among the vast quantities of OpenAI's source code, and which "libraries," he believes are the "source of truth."

Master File No. 3:23-cv-03223-AMO                5
PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUR-REPLY OR, ALTERNATIVELY, OBJECTIONS TO REPLY BRIEF AND REPLY DECLARATION IN SUPPORT OF BEN MANN'S MOTION TO QUASH

| | | |
|---|---|---|
| Dated: February 3, 2025 | By: | /s/ *Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:            jsaveri@saverilawfirm.com
                     czirpoli@saverilawfirm.com
                     cyoung@saverilawfirm.com
                     hbenon@saverilawfirm.com
                     acera@saverilawfirm.com
                     mpoueymirou@saverilawfirm.com
                     mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:   (323) 968-2632
Facsimile:    (415) 395-9940
Email:           mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:   215-864-2800
Email:           bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:   312-782-4880
Email:           asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

David Boies
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8201
Fax: (914) 749-8300
Email: dboies@bsfllp.com

Evan Matthew Ezray
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 377-4237
Email: eezray@bsfllp.com

Jesse Michael Panuccio
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Telephone: (202) 237-2727
Email: jpanuccio@bsfllp.com

Maxwell V. Pritt
Joshua Michelangelo Stein
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6813
Telephone: (415) 293-6800
Email: jstein@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*