# EXHIBIT A

MICHAEL A. JACOBS (CA SBN 111664)
MJacobs@mofo.com
JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
JOYCE C. LI (CA SBN 323820)
JoyceLi@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ALLYSON R. BENNETT (SBN 302090)
ABennett@mofo.com
ROSE S. LEE (SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454

ANDREW M. GASS (SBN 259694)
Andrew.Gass@lw.com
JOSEPH R. WETZEL (SBN 238008)
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

SARANG VIJAY DAMLE (*pro hac vice*)
Sy.Damle@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
Alli.Stillman@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 751-4864

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI
OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI
STARTUP FUND GP I, L.L.C., OPENAI
STARTUP FUND I, L.P., AND OPENAI
STARTUP FUND MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION** |

**REQUEST FOR PRODUCTION NO. 24:**

All Documents You have provided to any governmental entity, elected officeholder, or appointed official, Including state or local regulatory Documents, voluntarily or otherwise, regarding generative AI, Training Data, ChatGPT, GPT-3.5, GPT-4, or GPT-5, and all related Communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI also objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request for "All Documents [OpenAI has] provided to any governmental entity, elected officeholder, or appointed official … regarding generative AI, Training Data, ChatGPT, GPT-3.5, GPT-4, or GPT-5, and all related Communications" as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation, including to the extent this request seeks information and/or documents concerning GPT-5 because GPT-5 does not yet exist. OpenAI objects to this request to the extent it seeks information protected from disclosure by the First Amendment.

Subject to the foregoing General and Specific Objections, OpenAI states that it will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications Concerning any licensing, accreditation, or attribution mechanism, or similar tool for crediting, compensating, or seeking consent from owners of copyrighted works that were used to train GPT-3.5, GPT-4, or GPT-5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI also objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI further objects to this request for "All Documents and Communications Concerning any licensing, accreditation, or attribution mechanism, or similar tool" as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection. OpenAI also objects to the terms "mechanism," "crediting," and "used to train" as vague and ambiguous. OpenAI further objects to the request as seeking information and/or documents that are not relevant to any claim or defense in this litigation, including to the extent this request seeks information and/or documents concerning GPT-5 because GPT-5 does not yet exist.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce responsive, non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show licensing of copyrighted works used to train GPT-3.5 and GPT-4, subject to and after the entry of a protective order in this case.

**REQUEST FOR PRODUCTION NO. 26:**

All Documents and Communications sufficient to show Your actual or projected income from the sale or licensing of ChatGPT, GPT-3.5, GPT-4, and GPT-5.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

OpenAI objects to the production of confidential and sensitive information before a protective order has been entered in this case. OpenAI also objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case. OpenAI objects to this request to the extent it seeks the disclosure of information

| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676) | ANDREW M. GASS (SBN 259694) |
| JGratz@mofo.com | Andrew.Gass@lw.com |
| TIFFANY CHEUNG (CA SBN 211497) | JOSEPH R. WETZEL (SBN 238008) |
| TCheung@mofo.com | Joe.Wetzel@lw.com |
| VERA RANIERI (CA SBN 271594) | LATHAM & WATKINS LLP |
| VRanieri@mofo.com | 505 Montgomery Street, Suite 2000 |
| JOYCE C. LI (CA SBN 323820) | San Francisco, California 94111 |
| JoyceLi@mofo.com | Telephone: (415) 391-0600 |
| MELODY E. WONG (SBN 341494) | |
| MelodyWong@mofo.com | ROBERT A. VAN NEST (SBN 84065) |
| MORRISON & FOERSTER LLP | rvannest@keker.com |
| 425 Market Street, | R. JAMES SLAUGHTER (SBN 192813) |
| San Francisco, California 94105-2482 | rslaughter@keker.com |
| Telephone: (415) 268-7000 | PAVEN MALHOTRA (SBN 258429) |
| Facsimile: (415) 268-7522 | pmalhotra@keker.com |
| | MICHELLE YBARRA (SBN 260697) |
| ALLYSON R. BENNETT (CA SBN 302090) | mybarra@keker.com |
| ABennett@mofo.com | NICHOLAS S. GOLDBERG (SBN 273614) |
| ROSE S. LEE (CA SBN 294658) | ngoldberg@keker.com |
| RoseLee@mofo.com | THOMAS E. GORMAN (SBN 279409) |
| ALEXANDRA M. WARD (CA SBN 318042) | tgorman@keker.com |
| AlexandraWard@mofo.com | KATIE LYNN JOYCE (SBN 308263) |
| MORRISON & FOERSTER LLP | kjoyce@keker.com |
| 707 Wilshire Boulevard | KEKER, VAN NEST & PETERS LLP |
| Los Angeles, California 90017-3543 | 633 Battery Street |
| Telephone: (213) 892-5200 | San Francisco, CA 94111-1809 |
| Facsimile: (213) 892-5454 | Telephone: (415) 391-5400 |
| [CAPTION CONTINUED ON NEXT PAGE] | Facsimile: (415) 391-7188 |

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to:<br>All Actions<br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO | **OPENAI'S RESPONSES TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 31-41)** |

any claim or defense in this litigation to the extent it seeks information about models not used for ChatGPT.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable search sufficient to show income from paid versions of ChatGPT, between its introduction on November 30, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 33:**

All Documents and Communications Concerning any valuation of any OpenAI Language Model or ChatGPT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of documents and communications concerning "any valuation of any" model. OpenAI objects to this request as duplicative of Requests for Production Nos. 26 and 32. OpenAI further objects to the term "valuation" as vague and ambiguous. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about models not used for ChatGPT.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable search sufficient to show income from paid versions of ChatGPT, between its introduction on November 30, 2022 to the present.

**REQUEST FOR PRODUCTION NO. 34:**

Documents and Communications Concerning the ability of any OpenAI Language Model to output fictional works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of all documents and communications concerning the ability of a generative artificial intelligence model to generate content. OpenAI objects to the terms "ability" and "fictional works" as vague and ambiguous. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about models not used for ChatGPT. OpenAI further objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search discussing instances of regurgitation, if any, of the expressive content of copyrighted works of fiction used to train a model used for ChatGPT in model outputs.

**REQUEST FOR PRODUCTION NO. 35:**

Documents and Communications Concerning the ability of any OpenAI Language Model to produce output 25,000 words or longer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered. OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of all documents and communications concerning the ability of a generative artificial intelligence model to generate content. OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about models not used for ChatGPT. OpenAI objects to the term "ability" as vague

and ambiguous.  OpenAI further objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show context windows for ChatGPT.

**REQUEST FOR PRODUCTION NO. 36:**

Documents and Communications sufficient to show each instance within the last three years where You have licensed copyrighted works for Your commercial use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

OpenAI objects to the production of electronically stored information before an applicable ESI protocol has been entered.  OpenAI objects to this request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of all documents and communications concerning "each instance" where OpenAI has licensed any copyrighted works for any commercial use.  OpenAI objects to this request as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent it seeks information about licensing for purposes other than training the models used for ChatGPT.  OpenAI further objects to the term "commercial use" as vague and ambiguous.  OpenAI objects to this request as duplicative of Request for Production No. 25.  OpenAI objects to this request to the extent it seeks information protected by the attorney-client privilege, work-product doctrine, common-interest privilege, or any other applicable privilege or protection.

Subject to the foregoing General and Specific Objections, OpenAI responds that it will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show agreements related to training data used to train models used for ChatGPT.

| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676)<br>JGratz@mofo.com<br>TIFFANY CHEUNG (CA SBN 211497)<br>TCheung@mofo.com<br>VERA RANIERI (CA SBN 271594)<br>VRanieri@mofo.com<br>JOYCE C. LI (CA SBN 323820)<br>JoyceLi@mofo.com<br>MELODY E. WONG (SBN 341494)<br>MelodyWong@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street,<br>San Francisco, California 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522<br><br>ROSE S. LEE (CA SBN 294658)<br>RoseLee@mofo.com<br>ALEXANDRA M. WARD (CA SBN 318042)<br>AlexandraWard@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454<br>[CAPTION CONTINUED ON NEXT PAGE]<br><br>Attorneys for Defendants<br>OPENAI, INC., OPENAI, L.P., OPENAI<br>OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI<br>STARTUP FUND GP I, L.L.C., OPENAI<br>STARTUP FUND I, L.P., AND OPENAI<br>STARTUP FUND MANAGEMENT, LLC | ANDREW M. GASS (SBN 259694)<br>Andrew.Gass@lw.com<br>JOSEPH R. WETZEL (SBN 238008)<br>Joe.Wetzel@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone: (415) 391-0600<br><br>ROBERT A. VAN NEST (SBN 84065)<br>rvannest@keker.com<br>R. JAMES SLAUGHTER (SBN 192813)<br>rslaughter@keker.com<br>PAVEN MALHOTRA (SBN 258429)<br>pmalhotra@keker.com<br>MICHELLE YBARRA (SBN 260697)<br>mybarra@keker.com<br>NICHOLAS S. GOLDBERG (SBN 273614)<br>ngoldberg@keker.com<br>THOMAS E. GORMAN (SBN 279409)<br>tgorman@keker.com<br>KATIE LYNN JOYCE (SBN 308263)<br>kjoyce@keker.com<br>CHRISTOPHER SUN (SBN 308945)<br>csun@keker.com<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone: (415) 391-5400<br>Facsimile: (415) 391-7188 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br>All Actions<br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**OPENAI'S RESPONSES TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION (NOS. 42-80)** |

documents alleged to have been lost or destroyed. OpenAI will not produce such documents, as the requests to do so are unreasonably burdensome and not proportional to the needs of this case.

Without waiving the foregoing General Objections but in express reliance thereon, OpenAI incorporates the foregoing objections into the responses below and responds to the individually numbered Requests as follows:

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 42:**

All Documents and Communications Concerning the decision to not provide information about the training datasets used to develop GPT-4 in the Paper introducing GPT-4 as described in paragraph 45 of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

OpenAI objects to this Request as argumentative, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning a "decision to not provide information." OpenAI objects to the term "datasets" as undefined, and, if referencing Plaintiffs' defined term "Dataset(s)," as overly broad, unduly burdensome and not proportional to the needs of the case to the extent it includes "all collections of data [. . .] used, referenced, or intended to be used in connection with the development, training, validation, testing, or evaluation of large language models." OpenAI further objects to the definition to the extent it purports to include "all versions, updates, augmentations, or modifications or any large language model" as overly broad, unduly burdensome, disproportionate to the needs of this case and beyond the scope of permissible discovery under the Federal Rules of Civil Procedure. OpenAI objects to this Request as seeking information and/or documents that are not relevant to any claim or defense in this litigation. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

1      Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 43:**

All Documents and Communications Concerning the decision to use Shadow Datasets for training or testing OpenAI Language Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning a "decision to use" an unidentified number of datasets for any model. OpenAI objects to the phrase "Shadow Datasets" as vague, ambiguous, overly broad, and unduly burdensome insofar as it purports to encompass an unspecified number of unidentified document or data compilations. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 44:**

Documents and Communications sufficient to show which OpenAI Language Models were trained on Shadow Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

OpenAI objects to the defined term "Shadow Datasets" as vague, ambiguous, overly broad, and unduly burdensome insofar as it purports to encompass an unspecified number of unidentified document or data compilations. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this

litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time.

Subject to the foregoing General and Specific Objections, OpenAI will make available for inspection text training data for models used to power ChatGPT.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents and Communications Concerning the decision to use Torrent Systems to acquire data for training OpenAI Language Models

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning a "decision to use" unidentified data sharing systems. OpenAI objects to the defined term "Torrent System" as vague, ambiguous, overly broad, and unduly burdensome insofar as it purports to encompass any "network or application designed for sharing computer data." OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents and Communications Concerning the decision to use books for long-range context modeling research.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate

to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning a "decision to use" books for a broad area of research. OpenAI objects to the undefined phrase "long-range context modeling research" as vague and ambiguous. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 47:**

All Documents and Communications Concerning the decision to use books in the training of OpenAI Language Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning a "decision to use" books for model training. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 63:**

All Documents and Communications Concerning discussions between You and third parties interested in licensing the OpenAI Language Models or ChatGPT concerning the data used to train OpenAI Language Models, including but not limited to the inclusion of any copyrighted material within data used to train OpenAI Language Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning any "discussions" with unspecified third parties concerning a broad subject matter. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to the phrase "including but not limited to the inclusion of any copyrighted material" on the grounds it calls for a legal conclusion. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding an appropriately narrow scope for this Request.

**REQUEST FOR PRODUCTION NO. 64:**

All Documents and Communications Concerning Your decisions about or guidelines for including or excluding copyrighted material from data used to train OpenAI Language Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning "decisions" or "guidelines" regarding "copyrighted material" and training data. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to the phrase "including or excluding copyrighted material" on the grounds it calls for a legal conclusion. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI further objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI will produce non-privileged documents in its possession, custody, or control, if any, that it locates pursuant to a reasonable and diligent search sufficient to show the relevant OpenAI policies and procedures related to including or excluding copyrighted material.

**REQUEST FOR PRODUCTION NO. 65:**

All Documents and Communications Concerning Your understanding about whether the use of copyrighted material to train and develop OpenAI Language Models was "fair use."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning the "use of copyrighted material" and "fair use." OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to the phrases "use of copyrighted material" and "fair use" on the grounds they call for a legal conclusion. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently

**REQUEST FOR PRODUCTION NO. 67:**

All Documents and Communications, including source code, Concerning any efforts, attempts, or measures implemented by You to prevent OpenAI Language Models from emitting or outputting copyrighted material, including documents regarding "regurgitation," "anti-regurgitation," "masking," and "memorization."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning "any efforts, attempts, or measures implemented" to "prevent . . . 'regurgitation,' 'anti-regurgitation,' 'masking,' and 'memorization.'"  OpenAI objects to the undefined term "memorization" as vague and ambiguous.  OpenAI objects to the phrase "copyrighted material" on the grounds it calls for a legal conclusion.  OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI also objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time.  OpenAI further objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding the meaning and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 68:**

All Documents and Communications, including source code, Concerning the processing of copyrighted material used in training or testing OpenAI Language Models, including storage and deletion of copyrighted material.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and

Communications" concerning handling of purportedly copyrighted material. OpenAI objects to the term "processing" and the phrase "storage and deletion" as vague and ambiguous. OpenAI objects to the phrase "copyrighted material" on the grounds it calls for a legal conclusion. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.

Subject to the foregoing General and Specific Objections, OpenAI responds that it is willing to meet and confer regarding the meaning and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All Documents and Communications Concerning actual or contemplated source code changes within OpenAI Language Models, including source code, "commits," and "pull requests."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

OpenAI objects to this Request as overly broad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks production of "[a]ll Documents and Communications" concerning "actual and contemplated source code changes." OpenAI objects to the undefined term "commits" and undefined phrase "pull requests" as vague and ambiguous. OpenAI objects to this Request as overly broad and as seeking information and/or documents that are not relevant to any claim or defense in this litigation to the extent this Request seeks documents and communications about models not used for ChatGPT. OpenAI objects to this Request as overly broad and unduly burdensome because it is not sufficiently limited by time. OpenAI objects to this Request to the extent it purports to seek documents protected by the attorney-client privilege and/or common interest privilege.