| | |
|---|---|
| 1 | JOSEPH C. GRATZ (CA SBN 240676) |
| | JGratz@mofo.com |
| 2 | TIFFANY CHEUNG (CA SBN 211497) |
| | TCheung@mofo.com |
| 3 | JOYCE C. LI (CA SBN 323820) |
| | JoyceLi@mofo.com |
| 4 | MELODY E. WONG (SBN 341494) |
| | MelodyWong@mofo.com |
| 5 | MORRISON & FOERSTER LLP |
| | 425 Market Street, |
| 6 | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000 |
| 7 | Facsimile: (415) 268-7522 |

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (CA SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
[CAPTION CONTINUED ON NEXT PAGE]

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

ANDREW M. GASS (SBN 259694)
Andrew.Gass@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

ROBERT A. VAN NEST (SBN 84065)
rvannest@keker.com
R. JAMES SLAUGHTER (SBN 192813)
rslaughter@keker.com
PAVEN MALHOTRA (SBN 258429)
pmalhotra@keker.com
MICHELLE YBARRA (SBN 260697)
mybarra@keker.com
NICHOLAS S. GOLDBERG (SBN 273614)
ngoldberg@keker.com
THOMAS E. GORMAN (SBN 279409)
tgorman@keker.com
KATIE LYNN JOYCE (SBN 308263)
kjoyce@keker.com
CHRISTOPHER SUN (SBN 308945)
csun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 391-7188

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF MICHAEL TRINH IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 275]** |

1  JOHN R. LANHAM (CA SBN 289382)
   JLanham@mofo.com
2  SARAH J. VANDERVALK (CA SBN 332651)
   SVandervalk@mofo.com
3  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
4  San Diego, CA 92130
   Telephone:    (858) 720-5100
5  Facsimile:    (858) 523-2803

6  CAROLYN M. HOMER (CA SBN 286441)
   CMHomer@mofo.com
7  MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
8  Washington, D.C. 20037
   Telephone:    (202) 887-1500
9  Facsimile:    (202) 887-0763

10 MAX I. LEVY (CA SBN 346289)
   MLevy@mofo.com
11 MORRISON & FOERSTER LLP
   755 Page Mill Road
12 Palo Alto, CA 94304-1018
   Telephone:    (650) 813-5600
13 Facsimile:    (650) 494-0792

14 ERIC K. NIKOLAIDES (*pro hac vice*)
   ENikolaides@mofo.com
   ZACHARY S. NEWMAN (*pro hac vice* pending)
15 ZNewman@mofo.com
   MORRISON & FOERSTER LLP
16 250 West 55th Street
   New York, NY 10019-9601
17 Telephone:    (212) 468-8000
   Facsimile:    (212) 468-7900
18
   SARANG VIJAY DAMLE (*pro hac vice*)
19 Sy.Damle@lw.com
   MICHAEL A. DAVID (*pro hac vice*)
20 Michael.David@lw.com
   ELANA NIGHTINGALE DAWSON (*pro hac vice*)
21 Elana.Nightingaledawson@lw.com
   LATHAM & WATKINS LLP
22 555 Eleventh Street, NW, Suite 1000
   Washington, D.C. 20004
23 Telephone:    (202) 637-2200

24 ALLISON L. STILLMAN (*pro hac vice*)
   Alli.Stillman@lw.com
25 RACHEL R. BLITZER (*pro hac vice*)
   Rachel.blitzer@lw.com
26 HERMAN H. YUE (*pro hac vice*)
   Herman.yue@lw.com
27 LATHAM & WATKINS LLP
   1271 Avenue of the Americas
28 New York, NY 10020
   Telephone:    (212) 751-4864

I, Michael Trinh, hereby declare as follows:

1. I am Associate General Counsel at OpenAI. I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 275, pursuant to N.D. Cal. L.R. 79-5(f)(3). I have personal knowledge of the facts set forth below and, if called as a witness, could testify competently thereto.

2. I have been informed that because Plaintiffs' Motion for Relief relates to a non-dispositive matter, the information requested to be filed under seal is not subject to a strong presumption of public access, and only a showing of "good cause" is needed to justify sealing the material. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Real Action Paintball, Inc. v. Advanced Tactical Ordinance Sys.*, LLC, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).

3. I have been informed and understand that the OpenAI confidential material contained in ECF Nos. 274, -1, -2, -3, -4, and -5 has been designated by OpenAI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order.

4. OpenAI does not seek to seal the redacted portions of Plaintiffs' Motion for Relief from Non-Dispositive Pretrial Order of Magistrate Judge, ECF No. 274, the declaration of Maxwell V. Pritt filed in support of that Motion, ECF No. 274-2, or sealed Exhibit B to Pritt's declaration, ECF No. 274-4. I submit this declaration in support of sealing certain OpenAI confidential information contained in Appendix A (ECF No. 274-1) to Plaintiffs' Motion for Relief and Exhibits A and C, ECF Nos. 274-3 and -5, to the declaration filed in support of Plaintiffs' Motion.

5. Based on my review, certain portions of the Appendix A, Exhibit A, and Exhibit C fall into the following two categories of information: (i) competitively-sensitive statements concerning details of processes and sources for training, testing, and improving OpenAI LLMs and (ii) competitively-sensitive statements concerning OpenAI's actual or potential business relationships.

6. **Category (i)**. The specific processes that OpenAI employs to train and test ChatGPT models, including the sources and specific amounts of data used to train the models, key process milestones indicating when in the process OpenAI engineers employ select technical measures, tests run to evaluate the models' performance and the results of those tests, assessments of the performance of training data, updates and update timelines to permit better model functionality, actual or potential techniques to improve the models, internal-only development codenames, and confidential technical know-how constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential. OpenAI generally does not publicly disclose this type of information and takes steps to protect the confidentiality of that information, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders. Disclosure of this kind of information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI. Category (i) information can be found in the highlighted portions of Appendix A (at 1, 4, 5, 6, 8, 9, 10, 11, 13, 14, 15, 16, and 17), Exhibit A, and Exhibit C that are filed under seal contemporaneously with this declaration.[1]

7. **Category (ii)**. OpenAI treats discussions with and internal discussions about current and potential business partners, especially as they relate to quotes or strategic decisions, as confidential or highly confidential. Even the identities of these current or potential business partners can be commercially sensitive, given the highly competitive nature of the industry. OpenAI generally does not publicly disclose strategic decision-making, deliberations, concerning actual or potential business relationships to prevent competitive harm to OpenAI. Moreover, OpenAI and certain partners have express agreements with confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships. Public disclosure of category (ii) information would cause competitive harm to OpenAI, given the highly competitive nature of the artificial intelligence industry with global stakeholders and could cause violation of OpenAI's confidentiality agreements. Category (ii) information can be found in the

---

[1] Consistent with the instructions for E-Filing Under Seal in Civil Cases, OpenAI will file redacted versions of the highlighted documents if requested by the Court.

1 | highlighted portions of Appendix A (at 2, 4, 7, 8, 9, and 15).

2 |     8.    OpenAI's requests are narrowly tailored, as OpenAI is not seeking to seal the other portions of Appendix A, Exhibit A, or Exhibit C, and is not seeking to seal any portions of the brief or Exhibit B submitted by Plaintiffs redacted or under seal.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed on this 3rd day of February, 2025, in Redwood City, California.

/s/ Michael Trinh
Michael Trinh
Associate General Counsel
OpenAI

**ECF ATTESTATION**

I, John Lanham, am the ECF User whose ID and password are being used to file this document. In accordance with Civil L.R. 5-1(i)(3), concurrence in and authorization of the filing of this document has been obtained from Michael Trinh, declarant.

Dated: February 3, 2025                    MORRISON & FOERSTER LLP

By:  /s/ John R. Lanham
      John R. Lanham

*Attorney for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC