UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TREMBLAY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPENAI, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03223-AMO<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE ORDER**<br><br>Re: Dkt. No. 274 |

Pursuant to Federal Rule of Civil Procedure 72(a) and Northern District of California Civil Local Rule 72-2, Plaintiffs move for relief from Magistrate Judge Robert M. Illman's Non-Dispositive Pretrial Order (ECF 247 "Order"). ECF 274. Having read the Plaintiffs' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **DENIES** Plaintiffs' motion.

The standard for review of a magistrate judge's non-dispositive ruling under Federal Rule of Civil Procedure 72(a) is highly deferential. "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). Instead, "[a] non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.' " *Id.* (quoting Fed. R. Civ. P. 72(a)). "There is clear error only when the court is 'left with the definite and firm conviction that a mistake has been committed.' " *Zepeda v. Paypal, Inc.*, 2014 WL 4354386, at *3 (N.D. Cal. Sept. 2, 2014) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "A decision may be contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Rojas v. Bosch Solar Energy Corp.*, 2020 WL 6557547, at *3 (N.D. Cal. July 20, 2020) (citation omitted).

Judge Illman's Order setting certain discovery limits is not clear error. Accordingly, the

Court **DENIES** Plaintiffs' Motion.

**IT IS SO ORDERED.**

Dated: February 10, 2025

_____
**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**