Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com
               mtribble@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to: | **DECLARATION OF HOLDEN BENON REGARDING RECENTLY PRODUCED DOCUMENT CONCERNING BENJAMIN MANN** |
| Case No. 3:23-cv-03416-AMO | |
| Case No. 3:23-cv-04625-AMO | |

I, Holden Benon, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am an Associate at the Joseph Saveri Law Firm, LLP ("JSLF"), counsel of record for Plaintiffs Paul Tremblay, Christopher Golden, Richard Kadrey, and Sarah Silverman in the action titled *In re OpenAI ChatGPT Litigation*, Master File No. 3:23-cv-03223-AMO. I have personal knowledge of the matters stated herein and, if called upon, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. § 1746 in connection with a relevant document produced by OpenAI last Friday, February 7, 2025.

2. On January 14, 2025, Ben Mann's counsel moved to quash his deposition subpoena. (ECF No. 248.)

3. In his motion to quash, Mann represented that he had "drafted and shared a transition memo and had multiple meetings during which he transitioned his work and factual knowledge to members of his former team." (*Id.*, at 2.)

4. On January 27, 2025, Plaintiffs requested a copy of the so-called "transition memo" from OpenAI.

5. On January 30, 2025, OpenAI's counsel responded: "We have not identified a 'transition memo,' per se. However, we did identify a document that appears to have been created around the time of his departure that might be the one he is referring to. That document was in our production pipeline already, and we expect it will be produced next week." (T. Gorman email to H. Benon (Jan. 30, 2025).)

6. On February 7, 2025, OpenAI produced a document bearing Bates label OPCO_NDCAL_1722276. Additionally, on February 7, 2025, OpenAI's counsel wrote to Plaintiffs stating, "Just to clarify, the `276 document is the one that I was specifically referring to." (T. Gorman email to H. Benon (Feb. 7, 2025).) A true and correct copy of the document is filed under seal concurrently herewith as Exhibit A.

1  I declare under penalty of perjury that the foregoing is true and correct. Executed this 10th day
2  of February 2025, in San Francisco, California.

By:     */s/ Holden Benon*
            Holden Benon
