Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com
               mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:     (415) 395-9940
Email:         mb@butterricklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to: | |
| Case No. 3:23-cv-03416-AMO | **DECLARATION OF AARON CERA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM REUTERS NEWS & MEDIA INC.** |
| Case No. 3:23-cv-04625-AMO | |

DECLARATION OF AARON CERA IN SUPPORT OF MOTION TO COMPEL

I, Aaron Cera, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and a member of the bar of this Court. I am an attorney with the Joseph Saveri Law Firm, LLP ("JSLF"), counsel of record for Plaintiffs Paul Tremblay, Christopher Golden, Richard Kadrey and Sarah Silverman in the above-captioned action. I have personal knowledge of the matters stated herein and, if called upon, I could competently testify thereto. I make this declaration pursuant to 28 U.S.C. §1746 in support of Plaintiffs' Motion to Compel non-party Reuters News & Media Inc. to produce documents responsive to a validly issued Rule 45 document subpoena.

2. On November 20, 2024 Plaintiffs served a document production subpoena on non-party Reuters News & Media Inc, a true and correct copy of which is attached hereto as Exhibit A.

3. On November 27, 2024 Reuters's counsel emailed Plaintiffs' counsel requesting a courtesy extension to respond to the subpoena, to which counsel agreed, making the deadline to respond December 10, 2024.

4. On December 9, 2024, Reuters's counsel served Plaintiffs with responses and objections to the subpoena, a true and correct copy of which is attached hereto as Exhibit B.

5. The parties met and conferred regarding the document subpoena and responses and objections on December 23, 2024.

6. During the December 23, 2024 conference, Reuters requested that Plaintiffs put in writing the relevance of the requests so that Reuters's counsel could further consider the matter with its client.

7. After the conference, on December 23, 2024, Plaintiffs' counsel emailed Reuters's counsel, memorializing the meet and confer, explaining the relevance of the requests and attempting to address Reuters's confidentiality concerns.

8. On January 5, 2025, having received no response to the December 23, 2024 email, Plaintiffs sent a follow-up email.

9. On January 7, 2025, Reuters's counsel stated Reuters's intent to stand on its objections.

10. On January 7, 2025, Plaintiffs responded to Reuters's email of the same date, stating their intent to file a motion to compel and requesting whether Reuters would agree to adhere to the

DECLARATION OF AARON CERA IN SUPPORT OF MOTION TO COMPEL

procedures for filing a joint letter brief in accordance with Judge Illman's standing order for resolving discovery disputes.

11.     On January 9, 2025, having received no response from Reuters, Plaintiffs followed up via email.

12.     As of the date of this declaration, Plaintiffs have not received a response to either of their January 7 or January 9 emails.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 10, 2025          By:     _/s/ Aaron Cera_
                                                      Aaron Cera

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | ) |
| *Plaintiff* | ) |
| v. | ) |
| | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   3:23-cv-03223-AMO

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Reuters News & Media Inc c/o Becky DeGeorge
2710 Gateway Oaks Drive, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Joseph Saveri Law Firm LLP 601 California St. Suite 1505 San Francisco, CA 94108 | Date and Time: 12/04/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/20/2024

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Joseph R. Saveri |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
_____, who issues or requests this subpoena, are:

Joseph R. Saveri, 601 California Street, #1505, San Francisco, CA 94108, (415) 500-6800, jsaveri@saverilawfirm.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    3:23-cv-03223-AMO

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____    on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2) *For Other Discovery.*** A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SCHEDULE A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the following is a list of requests ("Requests") sought from the recipient of this Subpoena. For all Requests, the time period for which information is sought is January 1, 2015 to present. (the "Relevant Time Period"). These Requests seek information to support Plaintiffs' claims as alleged in Plaintiffs' First Consolidated Amended Complaint in *In re OpenAI ChatGPT Litigation*, Master File No. 3:23-cv-03223-AMO (N.D. Cal. 2024).

## DEFINITIONS

As used herein, the following words, terms, and phrases—whether singular or plural, or in an alternate verb tense—shall have the meanings ascribed below. Defined terms may not be capitalized or made uppercase. The given definitions apply even if a term in question is not capitalized or made uppercase. No waiver of a definition is implied by the use of a defined term in a non-capitalized or lowercase form:

1.      "Agreements" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more Persons, including all drafts, versions, modifications, amendments, attachments, exhibits, and appendices thereof.

2.      "AI Training Data" refers to any data used to develop, improve, or refine a machine-learning model, including a large language model. This includes but is not limited to, feeding data into the model adjusting algorithms, optimizing parameters, RLHF and testing, validating, and updating models. It also includes the selection, preparation, and use of Datasets, the execution of supervised, unsupervised, or reinforcement learning techniques, and any pre-processing steps, model tuning, cross-validation, and performance evaluations.

3.      "All," "Or," and "And" should be understood to include and encompass "any"; "or" should be understood to include and encompass "and"; and "and" should be understood to include or encompass "or."

4.      "Article" refers to the article Mia Sato, *Meta signs its first big AI deal for news*, The Verge (Oct. 25, 2024, 7:46 AM), https://www.theverge.com/2024/10/25/24279259/meta-reuters-ai-chatbot-deal-news-licensing-media.

Master File No. 3:23-cv-03223

5.     "Artificial Intelligence" is referred to herein as "AI." AI refers to a computer program that algorithmically simulates human reasoning or inference, often using statistical methods.

6.     "Communications" means oral or written communications of any kind, communicated directly or indirectly, Including, without limitation inquiries, complaints, discussions, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters, correspondences, memoranda, notes, telegrams, facsimiles, electronic mail (e-mail) messages and attachments, instant or direct messages (including SMS messages, text messages, Apple messages, Slack messages, Teams messages), memoranda, documents, writings, or other forms of communications. The term "Communications" Includes instances where one party disseminates information that the other party receives but does not respond to.

7.     "Complaint" refers to the operative complaint at the time documents are produced in response to these requests. At the time of service, the currently operative Complaint is Plaintiffs' First Consolidated Amended Complaint. ECF No. 120.

8.     "Concerning" refers to and includes "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or logically or factually dealing with the matter described in the request in which the term appears.

9.     "Defendants" means any Defendants set forth in the Complaint Including their employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

10.    "Document" is defined as a "writing" under Evidence Code section 250: Writing means handwriting, typewriting, printing, photostating, photocopying, transmitting by electronic mail or facsimile, and every other means of recording upon any tangible thing, any form of communication or representation, Including letters, words, pictures, sounds or symbols, or combinations thereof, and any record thereby created, regardless of the manner in which the record has been stored. This Includes:

28

- The originals, drafts and All non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise;

- Booklets, brochures, pamphlets, circulars, notices, periodicals, papers, contracts, agreements, photographs, minutes, memoranda, messages, appraisals, analyses, reports financial calculations and representations, invoices, accounting and diary entries, inventory sheets, diaries, appointment books or calendars, teletypes, telefaxes, thermafaxes, ledgers, trial balances, correspondence, telegrams, press releases, advertisements, notes, working papers, drawings, schedules, tabulations, projections, information or programs stored in a computer whether or not ever printed out or displayed), and ALL drafts, alterations, modifications, changes or amendments of any of the foregoing:

- Graphic or aural representations of any kind, Including, without limitation, photographs, microfiche, microfilm, videotapes, recordings, drawing, charts, and motion pictures;

- All letters, words, pictures, sounds, or symbols, or combinations thereof stored in or on any electronic, mechanical, magnetic, or optical device Including, but not limited to: (i) computer data storage devices (servers, laptops hard-drives, flash drives, discs, magnetic cards, and the like), (ii) the internet or "the Cloud" such as e-mail, web posts, social media posts, internet pages, etc.), and (iii) information stored on cell phones.

11.    "Including" is used to provide examples of certain types of information and should not be construed as limiting a request or definition in any way. The terms "Including" shall be construed as if followed by the phrase "but not limited to."

12.    "Large language model" is referred to herein as "LLM." LLM means AI software designed to parse and emit natural language.

13.    "OpenAI" means OpenAI, Inc.; OpenAI, L.P.; OpenAI OpCo, L.L.C.; OpenAI GP, L.L.C.; OpenAI Startup Fund I, L.P.; OpenAI Startup Fund GP I, L.L.C.; and OpenAI Startup Fund Management, LLC, its predecessor and successor entities, its officers, directors, shareholders, parent and

subsidiary companies (whether direct or indirect), divisions, employees, agents, attorneys, representatives, and other persons acting or authorized to act on its behalf.

14.    "Person" means any natural person or any business, legal, or governmental entity or association.

15.    "Plaintiffs" means the Plaintiffs as set forth in the Complaint.

16.    "Train" means any kind of training of an AI model, whether supervised or unsupervised, including pretraining, fine-tuning, reinforcement training, or secondary training.

17.    "Training data" refers to the text and data copied and ingested by large language models.

18.    "You" or "Your" refers to and includes the specific Third Party producing documents in response to these Requests, its employees, agents, attorneys, accountants, representatives, predecessors or successors-in-interest, any corporation or partnership under its direction, or any other person or entity acting on its behalf or under its control.

## INSTRUCTIONS

1.    The Definitions above are provided only for purposes of discovery, in conformance with Rule 45 of the Federal Rules of Civil Procedure and are not intended to be used for any purpose other than discovery. Plaintiffs reserve the right to modify these Definitions or utilize different Definitions for any other purpose.

2.    The Definitions and the Requests are to be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure.

3.    All words not defined in the Definitions shall be construed using their plain and ordinary meaning. If more than one meaning can be ascribed to a word, the meaning that would make a Document be covered by the Requests for production should be used, unless You provide written notice of the specific ambiguity and state the definition of the word used to exclude the Document from the scope of the Request.

4.    In answering and responding to these Requests, You shall furnish such information and Documents in Your possession, custody or control, including information that is in the possession,

custody or control of Your agents, consultants, accountants, investigators, and (subject to any otherwise applicable privileges) attorneys.

5.    Documents should be produced in native form.

6.    Each Request herein shall be construed independently. No Request shall be construed by reference to any other Request for the purpose of limiting the scope of the answers to such Request.

7.    Where the context in a Request makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.

8.    Your obligation to respond to these Requests is a continuing one. If, after responding to these Requests, You obtain or become aware of any new or additional information pertaining to a Request contained herein, You must supplement Your answer in accordance with Federal Rules of Civil Procedure 45.

9.    Documents should be produced in accordance with the terms of the Stipulated Protective Order attached hereto as Exhibit 2. ECF No. 106.

10.    If there are no Documents or other things responsive to any particular Request, Your response shall state so in writing.

11.    If any Document is withheld, in whole or in part, due to a claim of privilege of any kind, please provide a privilege log that sets forth separately with respect to each Document: (a) the nature of the privilege or ground of confidentiality claimed; (b) the author(s) of the Document (designating which, if any, are attorneys); (c) the title of the Documents (or subject line if the Document is an email); (d) the recipient(s) of the Document, including all persons who received copies of the Document (designating which, if any, are attorneys); (e) a description of the Document (or redacted portion of the Document) as set forth in Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure; (f) the Bates range of the Document; and (g) the privilege log reference number. Any privilege log or list is to be produced in an Excel spreadsheet or other format capable of electronic sorting.

12.    Unless otherwise noted herein, the relevant time period for these Requests is January 1, 2015 to the present (the "Relevant Time Period"). These Requests seek all responsive Documents created or generated during the Relevant Time Period, as well as responsive Documents created or

generated outside the Relevant Time Period, but which contain information concerning the Relevant Time Period.

13.     In the event that any Document or other thing responsive to these Requests has been lost, discarded, or destroyed, that Document or other thing is to be identified by stating as completely as possible: (a) the authors or creators of the material; (b) all persons who received copies of the material, including any indicated and blind copy recipients; (c) the present custodian of the material; (d) the date of the material; (e) the material's date of destruction or discard, manner of destruction or discard, and the reason for destruction or discard, and (f) the persons authorizing and carrying out such destruction or discard.

14.     If You have any good faith objections to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to a part of the Request shall be stated in accordance with Rule 45 of the Federal Rules of Civil Procedure. If there is an objection to any part of a Request, then the part objected to should be identified and Documents and other things responsive to the remaining unobjectionable part should be timely produced. Further, if You object to part of a Request, You must state the basis of Your objections in accordance with Rule 45.

## REQUESTS FOR PRODUCTION

1. All licensing agreements related to AI training data.
2. All Documents and Communications related to any licensing agreements concerning AI training data, including terms, conditions, valuation, and consideration.
3. All Documents and Communications related to licensing books for use as AI training data.
4. All Documents and Communications related to licensing news articles for use as AI training data.
5. All Documents and Communications, including discussions, deliberations, or negotiations related to any actual, proposed, or contemplated licensing agreements for AI training, including any actual, proposed, or contemplated terms, conditions, and consideration.
6. All Documents and Communications related to the valuation of licenses for AI training data.
7. All Documents and Communications related to the deal referenced in the Article.

# EXHIBIT B

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
KHIRIN A. BUNKER, Cal. Bar No. 329314
350 South Grand Avenue, 40th Floor
Los Angeles, California 90071-3460
Telephone:    213.620.1780
Facsimile:    213.620.1398
E mail       kbunker@sheppardmullin.com

*Attorneys for Non-Party Reuters News & Media, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 23-cv-3223-AMO |
| This document relates to: | **NON-PARTY REUTERS NEWS & MEDIA, INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS** |
| Case No. 3:23-cv-03416-AMO | |
| Case No. 3:23-cv-04625-AMO | |

-1-

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Non-Party Reuters News & Media, Inc. ("Reuters") herby provides its objections and responses to Plaintiffs Paul Tremblay, Sarah Silverman, Christopher Golden, Richard Kadrey, Ta-Nehisi Coates, Junot Diaz, Andrew Sean Greer, David Henry Hwang, Matthew Klam, Laura Lippman, Rachel Louise Snyder, and Jacqueline Woodson (collectively, "Plaintiffs") Subpoena to Produce Documents, Information, or Objects (the "Subpoena").

## PRELIMINARY STATEMENT

The following responses and objections have been prepared prior to the completion of Reuters' investigation and discovery. The responses and objections are based only on information, facts, and documents currently available and known to Reuters.  Reuters reserves its right to make changes to the responses and objections if it appears that omissions or errors have been made in them, or that further and more accurate information, facts, and/or documents are available, but Reuters is under no obligation to do so.

Reuters's responses and objections are for the purpose of discovery only, and are not an admission or acceptance that any response, fact, or document is relevant and/or admissible into evidence.  Reuters reserves its right to object to the admissibility of any response, fact, or document at the time of trial or any pre-trial proceeding.

## GENERAL OBJECTIONS

1.    **SCOPE:**  Reuters objects to the requests for production of documents set forth in the Subpoena to the extent they are:  (a) vague, overly broad, oppressive, harassing or vexatious; (b) disproportionate to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit; and (c) seek information not within Reuters' possession, custody, or control.

2.    **PRIVILEGE:**  Reuters objects to the extent these requests call for information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges.  Reuters will not provide such information.

3.     **NO WAIVER:**  The following responses are based on information presently available to and located by Reuters.  The responses given herein are without prejudice to Reuters' right to supplement, modify, or change responses and to produce evidence of additional facts.  No incidental or implied admissions are intended by the responses herein.  Reuters reserves the right to object to the admission of any such responses on any ground.  The fact that Reuters has answered part or all of any request is not intended to be, and shall not be construed to be, a waiver by Reuters of any part of any objection to any request.

4.     **NO ADMISSION:**  Reuters' responses are not an admission that any such requested information is relevant or admissible evidence.  Reuters reserves the right to object to the admission of any such information on any grounds.

5.     **UNDULY BURDENSOME:**  Reuters objects to these requests to the extent they seek to impose upon Reuters burdens and expense that are not outweighed by the purported benefit of the proposed discovery, especially given that Reuters is a third party and is being subpoenaed under Rule 45.

6.     **CONFIDENTIAL INFORMATION:**  Reuters objects to each request to the extent that it: (a) seeks disclosure of information that would violate the privacy rights of individuals; or (b) seeks disclosure of confidential business or commercial information, trade secrets, or proprietary information, including financial information, of Reuters or third parties.

## OBJECTIONS TO DEFINITIONS

1.     Reuters objects to Definition No. 1 ("Agreements") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible in a way that includes items which are clearly not relevant in any way to the claims at issue in Plaintiffs' First Consolidated Amended Complaint in In re OpenAI ChatGPTLitigation, Master File No. 3:23-cv-03223-AMO (N.D. Cal. 2024) and purports to include "any oral or written contract, arrangement or understanding whether formal or informal, between two or more Persons, including all drafts, versions, modifications amendments, attachments, exhibits, and appendices thereof."

2.     Reuters objects to Definition No. 2 ("AI Training Data") on the grounds that it: (a)

imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible in a way that includes items which are clearly not relevant in any way to the claims at issue in Plaintiffs' First Consolidated Amended Complaint in In re OpenAI ChatGPT Litigation, Master File No. 3:23-cv-03223-AMO (N.D. Cal. 2024) and purports to include "any data used to develop, improve, or refine a machine-learning model, including a large language model."

3.      Reuters objects to Definition No. 4 ("Article") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; (b) is overbroad, vague, ambiguous, compound, and unintelligible; and (c) improperly attempts to incorporate by reference the entirety of an internet news article which was not written by Reuters and purports to require Reuters to speculate and/or provide information outside of its possession, custody or control.

4.      Reuters objects to Definition No. 5 ("Artificial Intelligence") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible.

5.      Reuters objects to Definition No. 6 ("Communications") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible in a way that includes items that cannot in any sense be considered a transmission of information by document, writing, drawing, graph, chart, photograph, sound recording, image, vocalization, electronically, or data compilation.

6.      Reuters objects to Definition No. 8 ("Concerning") on the grounds that it is vague and ambiguous, unintelligible, and calls for speculation in its inclusion of all of the terms "constituting," "evidencing," "supporting," "regarding," "mentioning," "reflecting," "concerning," "relating to," "referring to," "pertaining to," "alluding to," "responding to," "proving," "discussing," "assessing," "disproving," "connected with," "commenting on," "about," "showing," "describing," and/or "logically or factually dealing with," each of which has a distinct, different meaning and, when combined, make any request using "Concerning" inherently vague and ambiguous and unintelligible. Reuters will read "Concerning" to mean "relating to."

7.    Reuters objects to Definition No. 10 ("Document") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible in a way that includes items that cannot in any sense be considered a transmission of information by document, writing, drawing, graph, chart, photograph, sound recording, image, vocalization, electronically, or data compilation.

8.    Reuters objects to Definition No. 12 ("Large language model") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible.

9.    Reuters objects to Definition No. 16 ("Train") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible.

10.    Reuters objects to Definition No. 17 ("Training data") on the grounds that it: (a) imposes on Reuters burdens and obligations not contemplated by the Federal Rules of Civil Procedure; and (b) is overbroad, vague, ambiguous, compound, and unintelligible.

11.    Reuters objects to Definition No. 18 ("You" or "Your") on the grounds that it is vague and ambiguous regarding the parties referenced and to the extent that it attempts to impose an obligation on Reuters to produce information and/or documents related to parties over which it has no control. Reuters responds to the subpoena solely on behalf of itself (Reuters News & Media, Inc.) and no other person or entity.

## **OBJECTIONS TO INSTRUCTIONS**

1.    Reuters objects to each of Instructions 1-14 on the ground that that they impose on Reuters burdens and obligations not contemplated or required by the Federal Rules of Civil Procedure. Reuters will respond to the requests in the manner consistent with its obligations under the Federal Rules of Civil Procedure and California law.

## **OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

## **REQUEST FOR PRODUCTION NO. 1:**

All licensing agreements related to AI training data.

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

2    Reuters incorporates by reference the General Objections and Objections to Definitions set

3    forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

4    neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

5    overbroad and unduly burdensome, including without limitation because the request seeks "All

6    licensing agreements related to AI training data" and has no limitations on time or the parties involved

7    in the purported agreements; (c) seeks information protected from disclosure by the attorney work

8    product doctrine, attorney-client privilege, common interest privilege, or other privileges; (d) includes

9    the terms and/or phrases "AI training data" and "licensing agreements" which are overbroad, vague,

10   ambiguous, compound, and unintelligible; (e) seeks disclosure of confidential business or commercial

11   information, trade secrets, or proprietary information, including financial information, of Reuters or

12   third parties; and (f) to the extent it is duplicative of discovery requests served upon any defendant in

13   the litigation, Plaintiffs should first seek production of such documents from the defendant(s).

14   **REQUEST FOR PRODUCTION NO. 2:**

15   All Documents and Communications related to any licensing agreements concerning AI

16   training data, including terms, conditions, valuation, and consideration.

17   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18   Reuters incorporates by reference the General Objections and Objections to Definitions set

19   forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

20   neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

21   overbroad and unduly burdensome, including without limitation because the request seeks "All

22   Documents and Communications related to any licensing agreements concerning AI training data,

23   including terms, conditions, valuation, and consideration" and has no limitations on time or the parties

24   involved in the purported agreements; (c) seeks information protected from disclosure by the attorney

25   work product doctrine, attorney-client privilege, common interest privilege, or other privileges; (d)

26   includes the terms and/or phrases "AI training data" and "licensing agreements" which are overbroad,

27   vague, ambiguous, compound, and unintelligible; (e) seeks disclosure of confidential business or

28   commercial information, trade secrets, or proprietary information, including financial information, of

-6-

1    Reuters or third parties; and (f) to the extent it is duplicative of discovery requests served upon any

2    defendant in the litigation, Plaintiffs should first seek production of such documents from the

3    defendant(s).

4    **REQUEST FOR PRODUCTION NO. 3:**

5        All Documents and Communications related to licensing books for use as AI training data.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

7        Reuters incorporates by reference the General Objections and Objections to Definitions set

8    forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

9    neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

10   overbroad and unduly burdensome, including without limitation because the request seeks "All

11   Documents and Communications related to licensing books for use as AI training data" and has no

12   limitations on time or the parties involved; (c) is vague and ambiguous as to the meaning of the

13   undefined phrase "licensing books" as used in the request; (d) includes the term and/or phrase "AI

14   training data" which is overbroad, vague, ambiguous, compound, and unintelligible; (e) seeks

15   information protected from disclosure by the attorney work product doctrine, attorney-client privilege,

16   common interest privilege, or other privileges; (f) seeks disclosure of confidential business or

17   commercial information, trade secrets, or proprietary information, including financial information, of

18   Reuters or third parties; and (g) to the extent it is duplicative of discovery requests served upon any

19   defendant in the litigation, Plaintiffs should first seek production of such documents from the

20   defendant(s).

21   **REQUEST FOR PRODUCTION NO. 4:**

22       All Documents and Communications related to licensing news articles for use as AI training

23   data.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

25       Reuters incorporates by reference the General Objections and Objections to Definitions set

26   forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

27   neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

28   overbroad and unduly burdensome, including without limitation because the request seeks "All

-7-

1   Documents and Communications related to licensing news articles for use as AI training data" and

2   has no limitations on time or the parties involved; (c) is vague and ambiguous as to the meaning of

3   the undefined phrase "licensing news articles" as used in the request; (d) includes the term and/or

4   phrase "AI training data" which is overbroad, vague, ambiguous, compound, and unintelligible; (e)

5   seeks information protected from disclosure by the attorney work product doctrine, attorney-client

6   privilege, common interest privilege, or other privileges; (f) seeks disclosure of confidential business

7   or commercial information, trade secrets, or proprietary information, including financial information,

8   of Reuters or third parties; and (g) to the extent it is duplicative of discovery requests served upon any

9   defendant in the litigation, Plaintiffs should first seek production of such documents from the

10  defendant(s).

11  **REQUEST FOR PRODUCTION NO. 5:**

12      All Documents and Communications, including discussions, deliberations, or negotiations

13  related to any actual, proposed, or contemplated licensing agreements for AI training, including any

14  actual, proposed, or contemplated terms, conditions, and consideration.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

16      Reuters incorporates by reference the General Objections and Objections to Definitions set

17  forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

18  neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

19  overbroad and unduly burdensome, including without limitation because it seeks "All Documents and

20  Communications, including discussions, deliberations, or negotiations related to any actual, proposed,

21  or contemplated licensing agreements for AI training, including any actual, proposed, or contemplated

22  terms, conditions, and consideration" and has no limitations on time or the parties involved; (c)

23  includes the term and/or phrase "AI training" which is overbroad, vague, ambiguous, compound, and

24  unintelligible; (d) seeks information protected from disclosure by the attorney work product doctrine,

25  attorney-client privilege, common interest privilege, or other privileges; (e) seeks disclosure of

26  confidential business or commercial information, trade secrets, or proprietary information, including

27  financial information, of Reuters or third parties; and (f) to the extent it is duplicative of discovery

28  requests served upon any defendant in the litigation, Plaintiffs should first seek production of such

1   documents from the defendant(s).

2   **REQUEST FOR PRODUCTION NO. 6:**

3       All Documents and Communications related to the valuation of licenses for AI training data.

4   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

5       Reuters incorporates by reference the General Objections and Objections to Definitions set

6   forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

7   neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

8   overbroad and unduly burdensome, including without limitation because it seeks "All Documents and

9   Communications, including discussions, deliberations, or negotiations related to any actual, proposed,

10  or contemplated licensing agreements for AI training, including any actual, proposed, or contemplated

11  terms, conditions, and consideration" and has no limitations on time or the parties involved; (c)

12  includes the term and/or phrase "AI training data" which is overbroad, vague, ambiguous, compound,

13  and unintelligible; (d) seeks information protected from disclosure by the attorney work product

14  doctrine, attorney-client privilege, common interest privilege, or other privileges; (e) seeks disclosure

15  of confidential business or commercial information, trade secrets, or proprietary information,

16  including financial information, of Reuters or third parties; and (f) to the extent it is duplicative of

17  discovery requests served upon any defendant in the litigation, Plaintiffs should first seek production

18  of such documents from the defendant(s).

19  **REQUEST FOR PRODUCTION NO. 7:**

20      All Documents and Communications related to the deal referenced in the Article.

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

22      Reuters incorporates by reference the General Objections and Objections to Definitions set

23  forth above. Reuters further objects to this request on the grounds that it: (a) seeks information that is

24  neither relevant to any party's claim or defense nor proportional to the needs of the case; (b) is

25  overbroad, vague, ambiguous, compound, and unintelligible; (c) uses the term "Article" to improperly

26  attempt to incorporate by reference the entirety of an internet news article which was not written by

27  Reuters and purport to require Reuters to speculate and/or provide information outside of its

28  possession, custody or control; (d) seeks information protected from disclosure by the attorney work

-9-

product doctrine, attorney-client privilege, common interest privilege, or other privileges; (e) seeks disclosure of confidential business or commercial information, trade secrets, or proprietary information, including financial information, of Reuters or third parties; and (f) to the extent it is duplicative of discovery requests served upon any defendant in the litigation, Plaintiffs should first seek production of such documents from the defendant(s).

Dated:  December 9, 2024          SHEPPARD MULLIN RICHTER & HAMPTON LLP


                                  By _____
                                            /s/ Khirin A. Bunker
                                          KHIRIN A. BUNKER

                                  *Attorneys for Non-Party Reuters News & Media, Inc.*

SMRH:4935-8610-5604

## **PROOF OF SERVICE**

*IN RE OPENAI CHATGPT LITIGATION*
(U.S. Master File No. 23-cv-3223-AMO)

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 350 South Grand Avenue, 40th Floor Los Angeles, California 90071-3460.

On December 9, 2024, I served true copies of the following document(s) described as: **NON-PARTY REUTERS NEWS & MEDIA, INC.'S OBJECTIONS AND RESPONSE TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS**

☒	**BY ELECTRONIC TRANSMISSION:**  I caused a copy of said document(s) to be sent from e-mail address *kbunker@sheppardmullin.com* to the participant addresses. Within a reasonable time after the transmission I did not receive any electronic message or other indication that the transmission was unsuccessful.

Said document(s) was served on the interested party or parties in this action to the email addresses(es) as noted below:

Aaron Cera, Esq.
Joseph Saveri Law Firm
601 California Street
Suite 1505
San Francisco, CA 94108
acera@saverilawfirm.com

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 9, 2024, at Los Angeles, California.


*/s/ Khirin A. Bunker*
Khirin A. Bunker

-1-

SMRH:4935-8610-5604

PROOF OF SERVICE