ROBERT A. VAN NEST (CA SBN 84065)
rvannest@keker.com
R. JAMES SLAUGHTER (CA SBN 192813)
rslaughter@keker.com
PAVEN MALHOTRA (CA SBN 258429)
pmalhotra@keker.com
MICHELLE S. YBARRA (CA SBN 260697)
mybarra@keker.com
NICHOLAS S. GOLDBERG (CA SBN 273614)
ngoldberg@keker.com
THOMAS E. GORMAN (CA SBN 279409)
tgorman@keker.com
KATIE LYNN JOYCE (CA SBN 308263)
kjoyce@keker.com
CHRISTOPHER S. SUN (CA SBN 308945)
CSun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     (415) 391-5400
Facsimile:      (415) 397-7188

ANDREW M. GASS (SBN 259694)
Andrew.Gass@lw.com
JOSEPH R. WETZEL (SBN 238008)
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:     (415) 391-0600

JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
VERA RANIERI (CA SBN 271594)
VRanieri@mofo.com
JOYCE C. LI (CA SBN 323820)
JoyceLi@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:     (415) 268-7000
Facsimile:      (415) 268-7522

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (CA SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone:     (213) 892-5200
Facsimile:      (213) 892-5454

*[CAPTION CONTINUED ON NEXT PAGE]*

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File Case No. 3:23-CV-03223-AMO |
| This document relates to: | **DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL THE JOINT STIPULATION** |
| All Actions | |
| | Judge:    Hon. Robert M. Illman |
| | Date Filed:  June 28, 2023 |

1  CAROLYN M. HOMER (CA SBN 286441)
   cmhomer@mofo.com
2  MORRISON & FOERSTER LLP
   2100 L Street, NW
3  Suite 900
   Washington, DC 2003
4  Telephone: 202-65004597

5  JOHN R. LANHAM (CA SBN 289382)
   jlanham@mofo.com
6  MORRISON & FOERSTER LLP
   12531 High Bluff Dr.
7  Suite 100
   San Diego, CA 921320
8  Telephone 858-720-5100

9  MAX I. LEVY (CA SBN 346289)
   MLevy@mofo.com
10 MORRISON & FORESTER LLP
   755 Page Mill Road
11 Palo Alto, California 94304-1018
   Telephone:   (650) 813-5600
12 Facsimile:   (650) 494-0792

13 ERIC K. NIKOLAIDES (*pro hac vice*)
   ENikolaides@mofo.com
14 MORRISON & FORESTER LLP
   250 West 55th Street
15 New York, NY 10019-9601
   Telephone:   (212) 468-8000
16 Facsimile:   (212) 468-7900

17 SARANG VIJAY DAMLE (*pro hac vice*)
   Sy.Damle@lw.com
18 MICHAEL A. DAVID (*pro hac vice*)
   Michael.David@lw.com
19 ELANA NIGHTINGALE DAWSON (*pro hac vice*)
   Elana.Nightingaledawson@lw.com
20 LATHAM & WATKINS LLP
   555 Eleventh Street, NW, Suite 1000
21 Washington, D.C. 20004
   Telephone:   (202) 637-2200
22

23 ALLISON L. STILLMAN (*pro hac vice*)
   Alli.Stillman@lw.com
   RACHEL R. BLITZER (*pro hac vice*)
24 Rachel.blitzer@lw.com
   HERMAN H. YUE (*pro hac vice*)
25 Herman.yue@lw.com
   LATHAM & WATKINS LLP
26 1271 Avenue of the Americas
   New York, NY 10020
27 Telephone:   (212) 751-4864

28

1  Pursuant to Civil L.R. 7-11 and 79-5(c), OpenAI Defendants ("OpenAI") respectfully
2  submit this Administrative Motion to File Under Seal the Joint Stipulation re: Security Protocol
3  for Production of Training Dataset ("Security Protocol"). The Security Protocol is designated
4  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the operative
5  protective order in this case. Dkt. No. 106. As explained below and based on the facts set forth
6  in the concurrently filed Declaration of Bright Kellogg (the "Kellogg Decl."), the Court should
7  maintain the highlighted portions of the Security Protocol under seal because the information
8  contained therein includes sensitive details regarding the security measures used to protect
9  OpenAI's confidential data that, if publicly exposed, would significantly increase the risk of
10 unauthorized access to and/or cyber-attacks on OpenAI's confidential information.

## I. LEGAL STANDARD

In the Northern District of California, "a trial court has broad discretion to permit sealing of court documents for . . . commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Sealing is proper once the moving party: (i) complies with Civil Local Rule 79-5; and (ii) rebuts the applicable presumption in favor of access. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

Local Rule 79-5(c)(1) requires that the movant provide a statement of the applicable legal standard and the "reasons for keeping a document under seal." In particular, the movant must show: (i) "the legitimate private or public interests that warrant sealing"; (ii) "the injury that will result if sealing is denied"; and (iii) "why a less restrictive alternative to sealing is not sufficient." These requirements are satisfied where disclosure of information would cause a party competitive harm and/or raises security concerns. *See, e.g., Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("[T]he Court agrees that competitive harm and security concerns can qualify as compelling reasons" to grant a motion to seal); *Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *7 (N.D. Cal. Mar. 17, 2017) (granting motion to seal "internal discussions among Apple personnel concerning software engineering and

technical design issues that, if disclosed to the public, could make it easier to compromise the security of Apple's products."); *Pace Anti-Piracy, Inc. v. Inside Secure,* No. 17-cv-06744-BLF, 2018 WL 10517182, at *2 (N.D. Cal. Jan. 8, 2018) (holding commercially sensitive and confidential information would substantially harm competitiveness).

Moreover, the Ninth Circuit has held that an exemption to the presumption of access to judicial records exists where the documents at issue are being filed in connection with a non-dispositive motion. *See In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (recognizing an exception to the presumption of access to judicial records in the context of non-dispositive motions, and stating that, "[u]nder the exception, the usual presumption of the public's right of access is rebutted" (citation and internal quotation marks omitted)). Under the exception, a particularized showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached to non-dispositive motions. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013). Commercially sensitive information satisfies the "good cause" standard. *Glob. Indus. Inv. Ltd. v. 1955 Cap. Fund I GP LLC,* No. 21-CV-08924-HSG, 2023 WL 6165695, at *4 (N.D. Cal. Sept. 20, 2023) (showing of competitive harm provided good cause to seal documents).

## I.     OPENAI'S REASON FOR SEALING

### A.     OpenAI's Legitimate Private and Public Interests Warrant Sealing.

The Court directed the parties to enter into an agreement as to how the `cc-en-colang-v2-220131-metadata` dataset would "be managed, how it's going to be transferred, what kind of security protocols will be put in place." Jan. 28 Hearing Tr. at 10:2–6. The Parties negotiated a Security Protocol to address exactly those questions. The Court has already suggested that this information may need to be sealed. *Id.* at 10:9–11. OpenAI now respectfully requests that it be sealed because the Security Protocol includes sensitive details regarding the network and computer security protocols that will be used to protect OpenAI's data.

The Security Protocol has no relevance to the merits of the underlying litigation, and solely addresses data and network security procedures that the parties have agreed to employ.

Public disclosure of the Security Protocol could provide malicious actors with the information needed to exploit potential vulnerabilities in OpenAI's security measures, which would significantly increase the risk of unauthorized access to and/or cyber-attacks on OpenAI's confidential information. Kellogg Decl. ¶ 5. Courts have found similar types of information sealable. *See, e.g.*, *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2023 WL 4983670, at *2 (N.D. Cal. Aug. 3, 2023) (finding "compelling reasons to seal information that would reveal [the defendant's] network security information[.]"); *Opperman*, 2017 WL 1036652, at *7 (sealing "internal discussions among Apple personnel concerning software engineering and technical design issues that, if disclosed to the public, could make it easier to compromise the security of Apple's products."); *Campbell v. Facebook Inc.*, No. 13-CV-05996-PJH, 2016 WL 7888026, at *2 (N.D. Cal. Oct. 4, 2016) (finding "good cause to file . . . information regarding the processes and functionality of Facebook's security and antiabuse products and systems" under seal); *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *6 (N.D. Cal. June 30, 2015) (finding "a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems.").

OpenAI requests the following documents be sealed:

| Document | Designation | Designating Party |
|---|---|---|
| Highlighted portions of the concurrently filed Joint Stipulation re: Security Protocol for Production of Training Dataset | Highly Confidential – Attorneys' Eyes Only | OpenAI, Inc. |

**B.      Injury to OpenAI Will Result if Sealing is Denied.**

OpenAI maintains its training datasets and the security measures used to protect OpenAI's training datasets as confidential. Kellogg Decl. ¶¶ 3-4. Again, public disclosure of this information would significantly increase the risk of unauthorized access to and/or cyber-attacks on OpenAI's confidential information. *Id.* at ¶ 5. This potential injury warrants sealing. *See, e.g.*, *Laatz*, 2023 WL 4983670, at *2 (finding "compelling reasons to seal information that would reveal [the defendant's] network security information[.]"); *Grace*, 2019 WL 12288173, at *3 ("[T]he Court agrees that competitive harm and security concerns can qualify as compelling

reasons" to grant a motion to seal); *Opperman*, 2017 WL 1036652, at *7 (sealing "internal discussions among Apple personnel concerning software engineering and technical design issues that, if disclosed to the public, could make it easier to compromise the security of Apple's products."); *Campbell*, 2016 WL 7888026, at *2 (finding "good cause to file . . . information regarding the processes and functionality of Facebook's security and antiabuse products and systems" under seal); *Music Grp. Macao Com. Offshore Ltd.*, 2015 WL 3993147, at *6 (finding "a compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems.").

    **C.**  **No Less Restrictive Alternative to Sealing Is Sufficient.**

    The entirety of the Security Protocol contains sensitive details regarding OpenAI's confidential information, so no alternative to sealing is sufficient.

    For the foregoing reasons, OpenAI respectfully moves this Court pursuant to Civil Local Rules 7-11 and 79-5 to keep the highlighted portions of the Security Protocol under seal. Pursuant to Civil Local Rule 79-5, this Motion is accompanied by the supporting Declaration of Bright Kellogg, a proposed order, and a sealed version of the Security Protocol.

| | |
|---|---|
| Dated:  February 13, 2025 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Thomas E. Gorman* |
| | ROBERT A. VAN NEST<br>R. JAMES SLAUGHTER<br>PAVEN MALHOTRA<br>MICHELLE S. YBARRA<br>NICHOLAS S. GOLDBERG<br>THOMAS E. GORMAN<br>KATIE LYNN JOYCE<br>CHRISTOPHER S. SUN<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, California 94111-1809<br>Telephone:    (415) 391-5400 |

| | | |
|---|---|---|
| 1 | Dated: February 13, 2025 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ John R. Lanham* |
| 4 | | JOSEPH C. GRATZ |
| | | TIFFANY CHEUNG |
| 5 | | VERA RANIERI |
| | | JOYCE C. LI |
| 6 | | MELODY E. WONG |
| | | MORRISON & FOERSTER LLP |
| 7 | | 425 Market Street |
| | | San Francisco, California 94105-2482 |
| 8 | | Telephone:    (415) 268-7000 |
| 9 | | ROSE S. LEE |
| | | ALEXANDRA M. WARD |
| 10 | | MORRISON & FOERSTER LLP |
| | | 707 Wilshire Boulevard |
| 11 | | Los Angeles, California 90017-3543 |
| | | Telephone:   (213) 892-5200 |
| 12 | | |
| 13 | | CAROLYN M. HOMER |
| | | MORRISON & FOERSTER LLP |
| 14 | | 2100 L Street, NW, Suite 900 |
| | | Washington, DC 2003 |
| 15 | | Telephone: 202-65004597 |
| 16 | | JOHN R. LANHAM |
| | | MORRISON & FOERSTER LLP |
| 17 | | 12531 High Bluff Dr., Suite 100 |
| | | San Diego, CA 921320 |
| 18 | | Telephone 858-720-5100 |
| 19 | | MAX I. LEVY |
| | | MORRISON & FOERSTER LLP |
| 20 | | 755 Page Mill Road |
| | | Palo Alto, California 94304-1018 |
| 21 | | Telephone:    (650) 813-5600 |
| 22 | | ERIC K. NIKOLAIDES (*pro hac vice*) |
| | | MORRISON & FOERSTER LLP |
| 23 | | 250 West 55th Street |
| | | New York, NY 10019-9601 |
| 24 | | Telephone:    (212) 468-8000 |

| | |
|---|---|
| Dated: February 13, 2025 | LATHAM & WATKINS LLP<br><br>By: */s/ Elana Nightingale Dawson*<br>ANDREW M. GASS<br>JOSEPH R. WETZEL<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, California  94111<br>Telephone:    (415) 391-0600<br><br>SARANG VIJAY DAMLE (*pro hac vice*)<br>MICHAEL A. DAVID (*pro hac vice*)<br>ELANA NIGHTINGALE DAWSON (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone:   (202) 637-2200<br><br>ALLISON L. STILLMAN (*pro hac vice*)<br>RACHEL R. BLITZER (*pro hac vice*)<br>HERMAN H. YUE (*pro hac vice*)<br>LATHAM & WATKINS LLP<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone:   (212) 751-4864<br><br>*Attorneys for Defendants*<br>OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC |

**SIGNATURE ATTESTATION**

Pursuant to Local Rule 5–1(i)(3), I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories to this stipulation.

*/s/ Thomas E. Gorman*
THOMAS E. GORMAN