Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               hbenon@saverilawfirm.com
               acera@saverilawfirm.com
               mpoueymirou@saverilawfirm.com
               mtribble@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**PLAINTIFFS' RESPONSE TO THE DECLARATION OF MICHAEL TRINH [ECF NO. 316] IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

Master File No. 3:23-cv-03223-AMO

PLAINTIFFS' RESPONSE TO THE DECLARATION OF MICHAEL TRINH [ECF NO. 316] IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

Plaintiffs respectfully submit this opposition to the Declaration of Michael Trinh (ECF No. 316) In Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed ("Trin Decl."). As an initial matter, OpenAI concedes that three documents should not be sealed. Those documents should be refiled on the public docket. For the remainder, OpenAI paints with a broad brush and attempts to seal nine separate exhibits Plaintiffs filed on February 7. This is despite OpenAI's concession that much of the contents of those exhibits should *not* be sealed. ECF No. 283 at 1. A cursory review of those documents reveals that OpenAI's sealing request "is not designed to protect against the disclosure of sensitive business information that competitors could use to their advantage" but instead was "Designed to avoid negative publicity." *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, ECF No. 373 (N.D. Cal. Jan. 8, 2025) (Chhabria, J.). For six of the documents, OpenAI suggests that while the entire document may not be sealable, portions of it may be. OpenAI has not provided, however, any indication of which portions it believes are protectible. It has thus failed to meet its burden. Those documents should be unsealed in their entirety, or in the alternative, OpenAI should be ordered to file them with narrow redactions over the portions it believes are protectible as required by the Local Rules.

The vast majority of these documents were quoted in Plaintiffs' Opposition to Ben Mann's Motion to Quash (ECF No. 257) and filed provisionally under seal. *OpenAI has not moved to seal those excerpts*.[1] It now seeks to seal the entirety of those documents, in flagrant disregard of the Local Rules, which require parties to "minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." Civil Local Rules, Rule 79-5(a). In essence, OpenAI agrees that the vast majority of these documents contain contents that are not properly the subject of a motion to seal. The only explanation for OpenAI's sealing request is that it wants to shield itself from embarrassment or bad publicity.

---

[1] *See* ECF No. 283 ("OpenAI Defendants do not intend to move to seal the unredacted version of [] Plaintiffs' Opposition to Defendants' Motion to Quash Plaintiffs' Third-Party Deposition Subpoena . . .").

Master File No. 3:23-cv-03223-AMO       1
PLAINTIFFS' RESPONSE TO THE DECLARATION OF MICHAEL TRINH [ECF NO. 316] IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED

OpenAI's vexation over the public disclosure of these documents is not sufficient to warrant sealing. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."). To justify sealing, a party generally "must articulate compelling reasons supported by specific factual findings." *Id.* (cleaned up.)

The public should have a right to access the documents and understand how OpenAI acquired the copyrighted works to tarin its models. Plaintiffs are not asking OpenAI to divulge its source code or the specifics of its model training methods. Plaintiffs simply ask that OpenAI refrain from sealing entire documents simply because they contain generalized references to the third-party datasets it used, the methods it employed to download the works, or its characterizations of those datasets. None of these are proper bases for a sealing request. *See Kadrey*, No. 23-cv-03417, ECF No. 373 at 1-2 (denying requests to seal documents that reference Meta's use of pirate database Library Genesis). As discussed below, OpenAI fails to satisfy its heavy burden to justify sealing.

- **Exhibit A (ECF No. 295-2):** OpenAI does not seek to seal this document. This document should be filed on the public docket.

- **Exhibit B (ECF No. 295-3):** This document contains information that is not appropriate for a sealing motion. *See Kadrey*, No. 23-cv-03417, ECF No. 373 at 1-2. OpenAI says the document contains URLs, filenames, hyperlinks, IP addresses, and other technological markers that "could compromise internal safety and security measures." Trinh Decl., ¶ 7. Even assuming this to be accurate—a plain reading of the document reveals it is not—OpenAI should refile the document with redactions over any purported "URLs, filenames, hyperlinks, IP addresses, and other technological markers," but not the portions of the documents describing, say, OpenAI's use of Library Genesis (which OpenAI indicated it does not intend to seal (*see* ECF No. 283)) as required by the Local Rules. *See* L.R., Rule 79-5(a).

- **Exhibit C (ECF No. 295-4):** This document is about OpenAI's use of LibGen. OpenAI stated it did not intend to seal those quotes regarding LibGen as they appeared in Plaintiffs' opposition. *See* ECF No. 283. OpenAI apparently does not dispute this is material the public should have a

right to access. *See Kadrey*, No. 23-cv-03417, ECF No. 373 at 1-2. The Court should permit Plaintiffs to file an unredacted copy of this exhibit.

- **Exhibit D (ECF No. 295-5):** There is nothing commercially sensitive about this 1-page document. Contrary to OpenAI's representation, the document does not reference any "URLs, filenames, hyperlinks, IP addresses, and other technological markers." Trinh Decl., ¶ 7. And OpenAI agrees that certain portions of this document are not properly the subject of a sealing motion. *See* ECF No. 283 at 1. The only reason why OpenAI wants to seal the entirety of the document is that it contains information it finds embarrassing. But this is insufficient to warrant sealing. *Kamakana*, 447 F.3d at 1179. This document should be ordered to be filed unredacted.

- **Exhibit E (ECF No. 295-6):** As its sole basis of support its sealing request, OpenAI avers that this 1-page document deals with "internal discussions about current and potential partners" relating to "quotes or strategic decisions." Trinh Decl., ¶ 9.[2] But this document contains no such "quotes or strategic decisions" that are commercially sensitive. Indeed, OpenAI indicated that it would not move to seal an excerpt that revealed the name of the partner and its reasons for not pursuing the partnership. *See* ECF No. 283 at 1. OpenAI simply wants to avoid embarrassment or negative publicity. But these reasons are insufficient to warrant sealing. *See Kadrey*, No. 23-cv-03417, ECF No. 373 at 1. The Court should permit Plaintiffs to file an unredacted copy of this exhibit, or in the alternative, a narrowly redacted version.

- **Exhibit F (ECF No. 295-7):** OpenAI concedes that certain portions of this document are not properly the subject of a sealing motion. *See* ECF No. 283 at 1. The Court should order OpenAI to file an unredacted version of the document without redactions over the content it did not move to seal, and the conversation that flows therefrom (ECF No. 295-7 at 6-7).

- **Exhibit G (ECF No. 295-8):** There is nothing about this document that is commercially sensitive. Moreover, this document is comprised of only two lines of substantive text, one of

---

[2] OpenAI also suggests it has non-disclosure agreements with "certain partners" (Trinh Decl., ¶ 9). Tellingly, OpenAI fails to mention whether it has such a confidentiality agreement with the partner in question.

which OpenAI is not even requesting to seal. *See* ECF No. 283 at 1. There are no references to any "URLs, filenames, hyperlinks, IP addresses, and other technological markers," and OpenAI does not offer any other basis for sealing this document. The Court should permit Plaintiffs to file an unredacted copy of this exhibit.

- **Exhibit H (ECF No. 295-9):** Plaintiffs do not oppose OpenAI's motion to seal this document.
- **Exhibit I (ECF No. 295-10):** Plaintiffs do not oppose OpenAI's motion to seal this document.
- **Exhibit J (ECF No. 295-11):** OpenAI does not seek to seal this document. This document should be filed unredacted.
- **Exhibit K (ECF No. 296-12):** OpenAI does not seek to seal this document. This document should be filed unredacted.

**CONCLUSION**

Plaintiffs respectfully request an order permitting Plaintiffs to file unredacted copies of Exhibits A, J, and K (ECF Nos. 295-2, 295-11, and 295-12) because OpenAI is not moving to seal those exhibits. Plaintiffs also request an order permitting Plaintiffs to file unredacted copies of Exhibits B – G, as OpenAI has not met its burden of demonstrating that these materials outweigh the public's interest in disclosure and justify sealing. In the alternative with respect to Exhibits B – G, OpenAI should file versions of the documents with redactions narrowly-tailored to cover the information truly protectible consistent with the Local Rules.

| | | |
|---|---|---|
| Dated: February 14, 2025 | By: | */s/ Joseph R. Saveri* |
| | | Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:  jsaveri@saverilawfirm.com
  czirpoli@saverilawfirm.com
  cyoung@saverilawfirm.com
  hbenon@saverilawfirm.com
  acera@saverilawfirm.com
  mpoueymirou@saverilawfirm.com
  mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:  mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone:  215-864-2800
Email:  bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER**
**& SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone:  312-782-4880
Email:  asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email:     dmuller@venturahersey.com

David Boies
**BOIES SCHILLER FLEXNER LLP**
333 Main Street Armonk, NY 10504
Telephone: (914) 749-8201
Fax: (914) 749-8300
Email: dboies@bsfllp.com

Evan Matthew Ezray
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 377-4237
Email: eezray@bsfllp.com

Jesse Michael Panuccio
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW Washington, DC 20005
Telephone: (202) 237-2727
Email: jpanuccio@bsfllp.com

Maxwell V. Pritt
Joshua Michelangelo Stein
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6813
Telephone: (415) 293-6800
Email: jstein@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*