ORRICK, HERRINGTON & SUTCLIFF LLP
Annette L. Hurst
The Orrick Building, 405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
ahurst@orrick.com

FAEGRE DRINKER BIDDLE & REATH LLP
Jared B. Briant (admitted *pro hac vice*)
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
jared.briant@faegredrinker.com

Attorneys for non-party Microsoft Corporation

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Master File No. 3:23-cv-03223-AMO |
| This document relates to: | **JOINT STATEMENT REGARDING STATUS OF ECF 269** |
| Case No. 3:23-cv-03416-AMO | |
| Case No. 3:23-cv-04625-AMO | |

Pursuant to the Court's order and guidance during the February 11, 2025 hearing, Non-Party Microsoft Corporation ("Microsoft") and Plaintiffs submit this joint statement regarding the attempted resolution of ECF 269 seeking to compel Microsoft's production of documents in response to the Subpoena to Produce Documents at ECF 269-1. Plaintiffs and Microsoft have met and conferred, and while Microsoft has agreed to produce executed agreements related to the licensing of text-based training data and its agreements with OpenAI, many of the requests remain in dispute.

Following the February 11, 2025 hearing, Plaintiffs' counsel and counsel for Microsoft engaged in email communication in an attempt to apply the Court's guidance to the remaining issues. *See* Ex. A. As a result of this communication, on February 13, 2025, Plaintiffs' counsel sent a redlined version of the RFPs "intended in part to conform to the Court's directions and in

part to compromise to resolve disputes." *See* Ex. B.  The primary revision to the Requests was to explicitly exclude any communications exchanged between Microsoft and OpenAI, pursuant to the Court's guidance.  It is Plaintiffs' position that these revisions narrowed the scope of the Requests.  Microsoft disagrees and states that many of the Requests now seek entirely different documents than were previously requested, such as Request Nos. 1-3, 7, 8, and 16 that previously focused on documents exchanged with OpenAI but are now aimed at all of Microsoft's internal documents regarding the requested topics, as well as Request No. 9, which is a completely new request not found anywhere in the original subpoena.

Counsel for Plaintiffs and Microsoft participated in an hour-long Teams meeting on February 18, 2025 where they discussed each of the revised RFPs.  In addition to noting that many of these requests are significantly different in scope and subject matter than the original requests, Microsoft also objected to the majority of the requests as irrelevant to the extent that they seek Microsoft's internal documents that have no bearing on the claims or defenses in this case to which Microsoft is not a party, and that the requests are unduly burdensome given Microsoft's position as a non-party[1] and the fact that while the exact documents as to these topics may not be in OpenAI's possession, Plaintiffs are unable to identify any unique facts that may be gleaned from Microsoft's internal documents as to many of these topics.  Plaintiffs disagreed; their position is outlined below.

*Plaintiffs' Position.*

On February 11, 2025 counsel for Plaintiffs stated to the Court, "[w]ell, with respect to the acquisition of training data, among other things, and -- we would seek those documents, at the very least, your Honor, that are -- that pertain to these requests but would only be exclusively within the possession of Microsoft" and the Court responded, "*No, I did grant that. I gave you that.* I said just not as to profits." Ex. C (Hr'g Tr. at 31:21-22, Feb. 11, 2025) (emphasis added).  The Court further ordered Plaintiffs to "[g]o through that hoop, make that showing, and then you

---

[1] Notably, Plaintiffs' counsel agreed that RFP 8 seeks all documents that Microsoft has regarding OpenAI LLMs with the exception of communications exchanged with OpenAI.

can seek something that shows that this – it's in their exclusive control." *Id.* at 34:1-4. In compliance with the Court's Order,[2] Plaintiffs tried three things here:

1. Plaintiffs excluded the profit-related requests and narrowed the remaining requests (as seen in the attached Exhibit) to *entirely exclude documents that are in the possession of OpenAI* and then walked through the relevance of these narrowed requests in the meet and confer process focusing on the state of mind evidence relevant to willful infringement and bad faith, along with evidence related to the training data licensing market that OpenAI will likely argue does not exist.[3] *See* Ex. B.

2. Plaintiffs offered specific search terms and a limited set of custodians focusing on the two key areas central to this case: the training data's inclusion of copyrighted material and model monetization such that our experts, the Court, and Jury can better understand damages and unjust enrichment. The attached email exchange reflects this as well. *See* Ex. A.

3. Plaintiffs offered to accept a cross production of documents already produced in similar litigation by Microsoft if there was substantial overlap with the above. *See id.*[4]

Notwithstanding the Court's Order and the above efforts, Plaintiffs find themselves in the position of Microsoft refusing to provide any documents beyond fully executed licensing agreements. The Court anticipated this might happen, and stated, "[i]f there's an issue with that on the back end, then you can bring it to me discreetly, showing, '[t]his is what we did, how we tried to get it without bothering them. We're unable to do that. They should give it over.'" Ex. C

---

[2] Plaintiffs even sought and received further clarification on this, stating, "MR. FORBUSH: Your Honor, so – I'm sorry for --to beg for clarification, your Honor. It is – it's my understanding then that you are ordering, in the first instance, the production of documents that Microsoft knows are internal to itself and would not be -- THE COURT: Correct. MR. FORBUSH: Yes. THE COURT: Correct. MR. FORBUSH: Thank you. THE COURT: The only thing -- the only exclusion on that is related to profits -- Microsoft profits on the matter, okay?" *Id.* at 34:13-25.

[3] Prior letter briefing touched on these subjects, but with respect to state of mind, consider at a minimum OpenAI's rush to get models to market (and the need for large amounts of training data to do the same) to attract and then appease Microsoft, a massive investor, and documents referencing awareness about the use of pirated data.

[4] Plaintiffs would agree that documents entirely non-responsive to the issues in this case could be excluded given Microsoft's expressed concern that such production may contain irrelevant documents.

at 34:4-7.[5] What is more, after Plaintiffs' November selection of Jeff Wu as a custodian when given the option as to Wu or Katie Mayer, subsequent information has revealed Katie Mayer's key role in managing Microsoft's relationship with OpenAI, suggesting that she possesses unique, responsive documents. Plaintiffs, having notified OpenAI of this new evidence and renewed their request to add Mayer as a custodian, and have been denied. The denial by OpenAI further underscores the need for discovery from Microsoft.[6]

With respect to relevance, Plaintiffs' position is that Microsoft's internal documents are of urgent relevance to Plaintiffs' willfulness allegations against OpenAI, the commercial purpose behind the use of the data, the existence of a market, and to damages. Moreover, several documents produced by OpenAI show two things: Microsoft, while a third party, is likely to possess documents (1) that OpenAI does not have and (2) that shed real light on core issues in this case. In particular, OPCO_NDCAL_1622427 is the type of "smoking gun" document that Microsoft says it has not seen; this document can and should be made available to Microsoft for review (as well as the public) and the Court could benefit from such a review if necessary.

Plaintiffs respectfully offer that the Court may review such documents before making a decision; Plaintiffs proposed attaching two that it had shared with Microsoft, but Microsoft argued that such an attachment was not proper or necessary.[7] On the one hand, the wealth of documentation on OpenAI's end might suggest that Plaintiffs have what they need, but there are many questions that are unanswered about who decided what with respect to the use of pirated data and, again, Plaintiffs only seek documents that OpenAI could not possess. Plaintiffs thus

---

[5] Plaintiffs note that none of this transcript is presented or discussed in Microsoft's portion.
[6] Plaintiffs will be seeking to add Ms. Mayer as a custodian separately given her importance and OpenAI's refusal.
[7] OPCO_NDCAL_1457982 and OPCO_NDCAL_0001038 were shared with Microsoft, and Plaintiffs offered to attach them Exhibits D and E respectively. Microsoft argued that attaching the documents would be neither necessary nor proper, and in the interest of resolution, Plaintiffs agreed not to so attach. Plaintiffs disagree with Microsoft's characterization of this below and point to the language in Exhibit A: "We don't believe that it is necessary or proper to attach these documents produced by OpenAI to the joint status report." OPCO_NDCAL_1622427; OPCO_NDCAL_0067522; OPCO_NDCAL_1614289; OPCO_NDCAL_1606971; and OPCO_NDCAL1606975 are examples of similar documents that are designated AEO such that Microsoft cannot see them absent permission from OpenAI. These documents can be presented to the Court *in camera* upon request and shared with Microsoft if OpenAI agrees they can be shared or the Court orders the same.

respectfully ask that the Court order production along the lines of the custodians and search terms in Plaintiffs' proposal to resolve the dispute (excluding documents, which can be easily done on production platforms, that are in OpenAI's possession). Plaintiffs do not believe further meeting and conferring, briefing, or a hearing would be necessary in light of that focused request and the Court's prior Order.

*Microsoft's Position.*

Microsoft disagrees with Plaintiffs' relevance arguments and sees this as an attempt by Plaintiffs and their counsel to bring Microsoft into the case. For instance, Plaintiffs' accusation that "Microsoft was a key player in the decision to pirate data illegally," even if true, which it is not, has absolutely no bearing on Plaintiffs' claims against OpenAI.[8] Plaintiffs' allegation that Microsoft's internal documents could somehow be relevant to a willfulness claim against OpenAI also rings hollow. What document that is only in Microsoft's possession could possibly shed light on whether OpenAI "knew that [its] acts infringed."?[9] Plaintiffs have no response to this question, instead speculating that Microsoft must have documents beyond those that Plaintiffs can and should seek from OpenAI. And so, on the basis of this speculation, Plaintiffs would have Microsoft – a third party – turn its document systems inside-out to look for a purely internal document that does not include OpenAI that could answer the questions of "who decided what with respect to the use" of data that was undeniably in OpenAI's control. As the Court confirmed during the hearing, Plaintiffs had to show both that the documents they seek are not within

---

[8] Plaintiffs mischaracterize Microsoft's position as to attaching the two documents that Plaintiffs shared with Microsoft. While Microsoft does believe review of those documents is unnecessary because they do not support Plaintiffs' theory that Microsoft was somehow involved with the training of the models at issue in this case, Microsoft merely told Plaintiffs that it would be inappropriate for Microsoft's counsel, as a non-party, to file confidential documents of a party produced in this case at Plaintiffs' insistence with this statement and instead requested Plaintiffs' counsel file the statement and the documentation supporting sealing of those documents. In any event, Microsoft looks forward to explaining to the Court why those documents are the farthest thing from a smoking gun that Plaintiffs make them out to be. Rather than dealing with any kind of "pirating," the documents themselves discuss a potential – but ultimately not realized – proposal related to web scraping, that is gathering documents that are publicly available on the internet.

[9] Microsoft objects to consideration of any document in connection with this motion to compel that Microsoft does not have access to review, such as OPCO_NDCAL_1622427; OPCO_NDCAL_0067522; OPCO_NDCAL_1614289; OPCO_NDCAL_1606971; and OPCO_NDCAL_1606975 discussed above by Plaintiffs.

OpenAI's control and that they are relevant to the claims in the case. Ex. C 35:1-11. In attempting to get over the first hurdle, Plaintiffs have failed to meet the second one.

Further, neither of Plaintiffs' suggestions ease the burden on Microsoft as a non-party. Plaintiffs for the first time on the morning of this filing provided Microsoft with suggested search terms. While Microsoft has not yet had a chance to run those terms, many appear to be significantly broader than those agreed to in the case currently pending in the U.S. District Court for the Southern District of New York where Microsoft is a party and will likely require multiple rounds of revisions, thus creating more undue burden on Microsoft as a non-party. And any cross production of documents would result in the production of documents that are irrelevant to this case, which in and of itself is burdensome.

As discussed at the February 11, 2025 hearing, Microsoft has agreed to produce data access agreements dated on or after January 1, 2019, that provide for Microsoft and/or OpenAI to receive, access, and/or use text data in training Large Language Models, and Plaintiffs agree that this resolves Request No. 19. During and following the meet and confer, Microsoft has also agreed to produce its agreements with OpenAI, even though Plaintiffs should be able to obtain those from OpenAI, in an attempt to resolve Request Nos. 4, 6, and 14 relating to Microsoft's investments in OpenAI, any rights granted by OpenAI to Microsoft, and Microsoft's interest in OpenAI. Plaintiffs disagree that this resolves Request Nos. 4, 6, and 14. Plaintiffs also refuse to withdraw any of the remaining revised Requests. Thus, Plaintiffs and Microsoft remain at an impasse as to the remainder of the revised Requests.

Accordingly, Plaintiffs and Microsoft request that the Court set a further conference in two weeks to hear argument on the remaining revised requests on a request-by-request basis. Ordering production of documents consistent with the proposal by Plaintiffs that was made this morning is premature without consideration of hit counts, relevance, or overbreadth in general (as many of the terms will inevitably capture documents in OpenAI's possession). In the meantime, Plaintiffs and Microsoft will continue to meet and confer in an effort to further narrow their dispute.

Dated: February 19, 2025					FAEGRE DRINKER BIDDLE & REATH LLP

							By: *Jared B. Briant*
							      Jared B. Briant

							Attorneys for Non-Party Microsoft Corporation

Dated: February 19, 2025					BOIES SCHILLER FLEXNER LLP

							By: *Joshua S. Stein*
							      Joshua S. Stein

							Attorneys for Plaintiffs

*   *   *

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the signatories.

Dated: February 19, 2025					FAEGRE DRINKER BIDDLE & REATH LLP

							By: *Jared B. Briant*
							      Jared B. Briant

							Attorneys for Non-Party Microsoft Corporation