# EXHIBIT A

| | |
|---|---|
| **From:** | Joshua Stein <jstein@bsfllp.com> |
| **Sent:** | Wednesday, February 19, 2025 5:37 PM |
| **To:** | Briant, Jared B.; Reed Forbush; Brandon Harden |
| **Cc:** | ahurst@orrick.com; Christopher Young; Holden Benon; Evan Ezray; Aaron Cera; Joe Saveri; Silverstein, Brianna L.; Maxwell Pritt |
| **Subject:** | RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies |
| **Attachments:** | 2025-02-19 In re ChatGPT draft Joint Statement re ECF 269 .docx |

**This Message originated outside your organization.**

Jared,

We disagree, but in the interest of resolving disputes, we will note your opposition to their inclusion and merely reference them at this time.

Please see the attached, and please file this if you have no substantive edits.

Thank you.

Best,

Josh

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, February 19, 2025 3:18 PM
**To:** Joshua Stein <jstein@bsfllp.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Josh –

Thanks for sending.  We don't believe that it is necessary or proper to attach these documents produced by OpenAI to the joint status report.  But in any event, they have been designated confidential and will need to be filed under seal.  As a non-party we are not going to file any other party's documents in the court record.  Accordingly, as the party in this case, Plaintiffs will need to file the joint report and any motion to seal in compliance with the protective order and local rules.

Please send us your edits so we can review and revise accordingly.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

1

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Joshua Stein <jstein@bsfllp.com>
**Sent:** Wednesday, February 19, 2025 2:14 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

Thank you Jared. We are reviewing.

Meanwhile, here are three additional documents that we plan to attach.

Best,
Josh

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, February 19, 2025 12:31 PM
**To:** Joshua Stein <jstein@bsfllp.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

Josh -

Enclosed please find the draft joint statement.  Please provide your proposed edits as soon as possible.

To be clear, Microsoft denies that there was any illegal pirating of data, much less that Microsoft was a "key player" in any such activity. To that end, please provide the documents that you allege support your statement.

As to the proposed number of custodians and search terms, Microsoft cannot agree to those at this time, at first glance they are broader than the terms in the case where Microsoft is a party. But we remain open to working with you to identify documents that are both uniquely in Microsoft's possession that are also relevant to actual claims in that case.

We look forward to your draft edits to the joint statement.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Joshua Stein <jstein@bsfllp.com>
**Sent:** Wednesday, February 19, 2025 10:19 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

Jared,

Thank you. We will look forward to your draft.

In the meantime, I take your point about Microsoft not being entitled to the same *protections* as other third parties. It was not our intention to convey any such message. We are merely saying that Microsoft is not a mere bystander that may happen to have some documents on the edge of relevance. Microsoft was a key player in OpenAI's decision to pirate data illegally, as the documents we have reviewed show and which we can present to the Court if it may help the Court decide.

Unfortunately, those documents alone leave us in the dark about key aspects of that decision, and we have every reason to believe that Microsoft's internal documents will make the story much clearer to the

judge and jury. As we noted in our call, we think such documents will fill in major gaps with respect to the case for willful infringement, the fair use factors, and damages/unjust enrichment.

In the interest of resolving this dispute, and reserving all rights, as this is an offer purely to resolve the dispute, we propose the following:

1. Microsoft identify 5 custodians.
2. And run the following terms across those custodians:

- "OpenAI" AND "training data"
- (copyright! licens! author! publisher! book!) w/20 (infring! pira! violat! illegal! liab! torrent!) AND "openAI"
- "Microsoft" AND "OpenAI" AND ("support" OR "contribution" OR "resource")
- "OpenAI language model" AND ("Azure" OR "Microsoft product!")
- ("licensing" OR licens! OR agreement OR deal OR term!) AND ("llm" OR "language model" OR "language models" OR GPT Or ChatGPT)
- ("licensing" OR license OR licenses OR agreement OR deal OR terms) AND ("training data")
- "OpenAI" AND ("financial performance" OR "financial statements" OR "revenue" OR "profit")
- "Microsoft" AND "OpenAI" AND ("support" OR "contribut!" OR "resource!")
- "OpenAI" AND ("commercial!" OR "monet!")
- "OpenAI" AND "valu!" AND ("analysis" OR "report" OR "assessment")

And to ease burden and to the extent there is substantial overlap with the above, we'd be open to entertaining cross production from *Authors Guild et al v. OpenAI Inc. et al*, 1:23-cv-08292-SHS-OTW (and related cases).

Please let us know if this satisfies the concern you raised below that "Plaintiffs have yet to offer anything concrete as to this proposal" so that we may resolve any dispute.

Best,
Josh

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, February 19, 2025 7:55 AM
**To:** Joshua Stein <jstein@bsfllp.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

---

**CAUTION**: **External email. Please do not respond to or click on links/attachments unless you recognize the sender.**

---

Josh -

As we discussed during yesterday's meet and confer, Microsoft does not agree with plaintiffs' assertions as to why its internal documents requested in the revised Requests for Production are at all relevant to the claims and defenses in this case against OpenAI.  Additionally, the broad requests for documents put an undue burden on Microsoft.  While we appreciate the offer of "narrowed numbers of custodians and narrowed terms," that in and of itself does not avoid imposing an undue burden—Plaintiffs have yet to offer anything concrete as to this proposal and on the call implied that the burden would be on Microsoft to craft these terms.  We also do not see a custodian and search term process as being efficient and relieving burden as, in our experience in these cases, those processes are drawn out and rife with additional requests.  We also appreciate you providing the "topics of central relevance in this case," but we still fail to see the relevance of those topics and there is still an undue burden on Microsoft to search for and produce those documents.  To be clear, internal Microsoft documents regarding training data, one of the central topics you identified, were not even requested in the originally propounded RFPs aimed at training data (RFP 1-3).

It appears based on the statements during the meet and confer as well as your statement below that "Microsoft is not your typical third party" that Plaintiffs continue to assert that Microsoft should be held to a different standard than other non-parties.  However, as the Court noted during the hearing and as the case law makes clear (*see, e.g., LegalZoom.com v. Rocket Lawyer Inc.*, No. 2015 WL 12832823, at *2 (N.D. Cal. Mar. 23, 2015)), that is not accurate.  Microsoft is afforded the same protections as any other non-party as to relevance and burden, and we stand by our position that Plaintiffs have not shown that these documents are relevant to plaintiffs' claims against OpenAI or that they have attempted to avoid undue burden.  For those reasons, our position is completely in line with the guidance from the Court.

We believe that the parties have sufficiently met and conferred in good faith and are at an impasse.  However, if you believe that there is more to discuss, please let us know and we are happy to continue the discussions today or even following the filing of the joint statement in an attempt to resolve these issues.

As to the joint statement, while we disagree that Microsoft "is refusing to comply in principle with the Court's directive," in an attempt to avoid further disagreement, we are drafting a joint statement for your review and comment.  We expect that you will provide your edits and comments as soon as possible once we sent it, but in any event no later than a three-hour turnaround as stated in your email yesterday evening.  We have no issues with including the full email chain as an exhibit, and also propose including the redlined requests that we discussed during the meet and confer yesterday.  We plan to include both as exhibits.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Joshua Stein <jstein@bsfllp.com>
**Sent:** Tuesday, February 18, 2025 7:22 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>

**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

---

Jared,
One other point: we do not agree to your proposed schedule.
We think we should make this a joint status update (not a letter brief), as the Court instructed. We think it should actually endeavor to be "joint" and not in "portions" as you instruct.
And given that it is Microsoft that is refusing to comply in principle with the Court's directive, we think Microsoft should be the party that drafts the update to the Court in the first instance regarding where the parties are in their discussions and their respective positions.
You are quite familiar with our position, outlined in large part below, at this point, so I am sure you could include it in this joint status update, but feel free to use a placeholder if you prefer.
We can review any draft if you provide it by 1pm pacific tomorrow and provide any edits or comments we think are necessary within 3 hours for your approval to file.
We also propose including this email chain as an exhibit to the Joint Status Update. Let us know if you agree on that as well. Thank you.
Best,
Josh

---

**From:** Joshua Stein <jstein@bsfllp.com>
**Sent:** Tuesday, February 18, 2025 5:55 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Maxwell Pritt <mpritt@BSFLLP.com>
**Subject:** Re: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

Jared,

Am I correct that you are refusing entirely to produce any documents related to the other requests? And that you are going to take that position with the Court notwithstanding what it said last week?

Your missive also fails to mention that we repeatedly offered to accept a limited production on the basis of narrowed numbers of custodians and narrowed terms. Did your client reject that as well? We also repeatedly made clear the limited number of topics of central relevance in this case and our desire for documents that cannot be obtained from OpenAI.

We ask that you reconsider or at least consider another meet and confer, if we didn't make our compromise positions clear enough to you.

In any event we reject entirely your position that our requests have broadened along with any other characterization along those lines. We reserve all rights, including if you refuse to alter your position, to seek sanctions.

Microsoft is not your typical third party and the record in this case will suffer substantially from your refusal to take a reasonable position.

Thank you.

Best,
Josh

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Tuesday, February 18, 2025 5:43:53 PM
**To:** Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>; Joshua Stein <jstein@bsfllp.com>
**Cc:** ahurst@orrick.com <ahurst@orrick.com>; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION:** External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Reed and Josh –

Thanks for taking the time to meet and confer and discuss the subpoena earlier today. As we discussed, Microsoft is willing to produce the relevant agreements with OpenAI that are sufficient to show the information sought in RFP Nos. 4, 6, and 14. In our view, that should resolve those RFPs.

As we discussed on the call, with respect to the remainder of the RFPs, while we appreciate that Plaintiffs have redlined the requests to exclude communications exchanged between Microsoft and OpenAI, those redlines have not narrowed the requests but have instead significantly expanded scope of the requests, and in some circumstances have resulted in entirely new requests that were not part of the subpoena in the first place.

As we discussed, the scope of the attached revised requests introduce new and serious undue burden concerns on Microsoft as a third party. For example, RFP No. 8, as redlined by Plaintiffs, now effectively seeks <u>all</u> documents Microsoft has regarding OpenAI LLMs, unless such documents are communications exchanged with OpenAI. In addition, we have a fundamental disagreement over how internal Microsoft documents can in any way be relevant to Plaintiffs' willful infringement claim against OpenAI, as well as disagreements over the relevance of many of the requests seeking internal Microsoft documents to Plaintiffs' damages claims against OpenAI. We also outlined other concerns with the requests on our call. We have discussed these concerns with our client and Microsoft will not agree to the scope of the remaining requests, as revised.

As such, we will need to prepare the status update to the Court. We look forward to receiving Plaintiffs' portion of the status update by 10am PT tomorrow, and we will endeavor to provide Microsoft's section by 3pm Pacific, so that this can be finalized and filed by 5pm PT. Please confirm that this timeline is acceptable to Plaintiffs.

Thanks,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Reed Forbush <rforbush@BSFLLP.com>
**Sent:** Thursday, February 13, 2025 1:31 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Joshua Stein <jstein@bsfllp.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

Hello Jared,

Thank you for your message. I have attached a revised and redlined version of Plaintiffs' RFPs intended in part to conform to the Court's directions and in part to compromise to resolve disputes. Please let us know if Microsoft will agree to the RFPs as revised. Plaintiffs reserve their rights in relation to the proposed revisions.

As reflected in the proposed revisions:

a. We disagree that Microsoft has no obligation to search for and produce documents in response to RFP Nos. 1, 2, 3, and 7. Rather, it is only Communications exchanged with OpenAI Microsoft need not produce. That limitation is reflected across all relevant RFPs in the revisions.

b. We disagree that RFP No. 16 contains documents that would only be in OpenAI's control. The revisions clarify that Plaintiffs seek Microsoft-stored documents/communications concerning OpenAI's board meetings that are not communications with OpenAI. We have applied a similar revision to RFP No. 9.

c. We have independently applied a limitation to RFP No. 18 as a potential compromise—specifically limiting that request to discussions about both Microsoft's investment in OpenAI and how that investment pertains to AI Training data.

d.  As for your other relevance/proportionality objections, the remaining RFPs are relevant and proportionate as now limited by the revisions, for the reasons already addressed in meet and confer, in the briefing, and at oral argument.

Best,
Reed
646-339-8787

---

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Wednesday, February 12, 2025 6:43 PM
**To:** Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

---

Reed -

Thank you for your response and for acknowledging that pursuant to the Court's directives Microsoft is not obligated to produce documents responsive to RFP Nos. 1, 2, 3, and 7. We note that as a third party we are not obligated to determine whether OpenAI has documents in its possession, custody, or control, thus, absent a showing by Plaintiffs that such documents do not exist, Microsoft will not undertake an investigation into documents responsive to RFP Nos. 1, 2, 3, and 7.

It is our position that RFP No. 16 also fully requests documents that should be in the possession, custody, or control of OpenAI, and Microsoft should not be obligated to search for documents responsive to that request. Further, to the extent that Microsoft agrees to search for documents regarding any of the remaining RFPs, such searches will not include documents that should be in OpenAI's possession, custody, or control, such as emails or other forms of communication, on the basis that such documents should first be sought from OpenAI. This implicates many of the remaining RFPs.

We also disagree with your characterization of the Court's decision as to relevance. The Court specifically did not go through each of the RFPs to determine relevance. The Court's determination that discovery into Microsoft's profits was improper was the result of the Court's review of a single RFP – No. 5 – and was merely an example of the types of discovery the Court will prohibit if the parties cannot come to an agreement.

To that end, we ask again that Plaintiffs review each of the remaining RFPs and narrow those RFPs to documents that are relevant to Plaintiffs' claims against OpenAI. We specifically note that your direction to omit "between You and OpenAI" for RFP No. 9, while consistent with the Judge's ruling, now impermissibly broadens the RFP to focus on financial records of Microsoft, a nonparty. We also note that discovery into Microsoft's investments into OpenAI, including its analyses, due diligence, and the agents working on behalf of Microsoft as to those investments, appear to lack relevance to Plaintiffs' claims against OpenAI, and the burden on Microsoft as a nonparty in searching for and producing such documents is disproportionate to the needs of the case. The same is true for any offers of employment by Microsoft to OpenAI employees.

In light of this, it would be helpful if Plaintiffs could identify the scope of the RFPs that they are still seeking in advance of any meet and confer. Once we can agree on the scope of the RFPs, or at least make a good faith effort to narrow our disagreement, we can then discuss the process for any good faith search for responsive documents, and steps to be taken to avoid imposing an undue burden on Microsoft.

Sincerely,

**Jared B. Briant**
Partner

jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Reed Forbush <rforbush@BSFLLP.com>
**Sent:** Wednesday, February 12, 2025 11:00 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

Good Morning Jared,

Thank you for your message.  We believe Microsoft and Plaintiffs can agree the Court's directives concerning "overlapping" OpenAI/Microsoft documents (those in the control of both entities) means Microsoft is not obligated to produce documents responsive to RFP Nos. 1, 2, 3, and 7 unless responsive documents are not also in OpenAI's custody/control.  (RFP No. 9 should be construed to omit "between You and OpenAI.")

Please let us know if Microsoft agrees to those limitations and terms.

As to relevance, the letter briefing and prior meet and confer addressed relevance issues.  Not only did the Court fail to express any doubt as to the relevance or proportionality of the Requests apart from the Request related to Microsoft's profits, but it specifically ordered the parties to confer about a Microsoft production of documents responsive to the Requests if they were not also in OpenAI's custody or control.

We are prepared to discuss that production (terms, custodians, etc.).

Thank you,
Reed
646-339-8787

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Tuesday, February 11, 2025 5:26 PM
**To:** Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Reed –

This is not at all what Judge Illman ordered today.

First, because Microsoft is a third party to this litigation, Plaintiffs have the obligation to narrow their requests for production to exclude any documents that are also in OpenAI's possession. Second, Plaintiffs also have the obligation to articulate how the remaining portion of the requests—which would necessarily implicate Microsoft's internal documents—are relevant to Plaintiffs' claims against OpenAI, where Microsoft is not a party and where Microsoft's own conduct is not at issue. This is exactly the point that we made today during the conference: "any party seeking third-party discovery must be able to explain not only why that discovery is relevant and proportional, but also why it could not be obtained from a party to the litigation." *Airwair Int'l Ltd. v. Zoetop Bus. Co., Ltd.*, 2021 WL 6091263, at *2 (N.D. Cal. 2021) (Illman, MJ).

We look forward to a further meet and confer regarding Plaintiffs' requests, but in order to have a productive discussion, Plaintiffs must be prepared to identify and explain what portion(s) of each of their document requests constitutes documents (1) that are not in OpenAI's possession, <u>and</u> (2) are relevant to Plaintiffs' claims against OpenAI. To that end, I have attached a chart of each request that will guide our meet and confer. A sample of the information by request that Plaintiffs should be prepared to discuss is below. We look forward to receiving this information so that we can discuss and then prepare the joint statement required by the Court.

| RFP | Text of Request | Documents Not in OpenAI's Possession | Relevance and Proportionality to Plaintiffs' Claims against OpenAI |
|---|---|---|---|
| 1 | All Documents and Communications between You and OpenAI related to the contents of Training data used to train OpenAI Language Models. | | |
| 2 | All Documents and Communications between You and OpenAI related to the process of collecting, maintaining, and using Training data to train OpenAI Language Models, including the number of reproductions made of training data in the course of training OpenAI Language Models. | | |

Sincerely,

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP

1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Reed Forbush <rforbush@BSFLLP.com>
**Sent:** Tuesday, February 11, 2025 1:57 PM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

Counsel,

Judge Illman indicated today he would order Microsoft to search for and produce all documents and communications responsive to Plaintiffs' requests if OpenAI did not also possess them, except for RFP No. 5 with respect to Microsoft's profits (*but* inclusive of documents relating to OpenAI's profits and inclusive of documents relating to integration of OpenAI products into Microsoft products).

We thus expect that Microsoft will produce those documents after a good faith investigation and search. If that is not the case for any particular request, please let us know ASAP so we may meet and confer.

Best regards,
Reed
646-339-8787

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Monday, February 10, 2025 11:41 AM
**To:** Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Thanks Reed.  No changes, it will be Annette Hurst and me for Microsoft.  Feel free to send to the CRD and copy us.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

**From:** Reed Forbush <rforbush@BSFLLP.com>
**Sent:** Monday, February 10, 2025 11:49 AM
**To:** Briant, Jared B. <jared.briant@faegredrinker.com>; Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

Good Morning Counsel – Are there any changes to who will appear for Microsoft tomorrow?  We will inform the Court by noon pacific today (per the Court's request).

Thank you,
Reed
646-339-8787

**From:** Briant, Jared B. <jared.briant@faegredrinker.com>
**Sent:** Monday, February 3, 2025 10:39 AM
**To:** Reed Forbush <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**CAUTION**: External email. Please do not respond to or click on links/attachments unless you recognize the sender.

Please also copy both of us on your email to the CRD.  Thanks.

**From:** Briant, Jared B.
**Sent:** Monday, February 3, 2025 11:38 AM
**To:** 'Reed Forbush' <rforbush@BSFLLP.com>; Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M.

13

<shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

Reed – Annette Hurst and I will appear for Microsoft tomorrow.

**Jared B. Briant**
Partner
jared.briant@faegredrinker.com
Connect: vCard

+1 303 607 3588 direct / +1 303 520 5987 mobile / +1 303 607 3600 fax

**Faegre Drinker Biddle & Reath** LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202, USA

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

---

**From:** Reed Forbush <rforbush@BSFLLP.com>
**Sent:** Monday, February 3, 2025 11:34 AM
**To:** Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; Briant, Jared B. <jared.briant@faegredrinker.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

**This Message originated outside your organization.**

---

Counsel – Please let me know this morning who will appear for Microsoft tomorrow, and we will email the CRD.

Best,
Reed
646-339-8787

---

**From:** Reed Forbush
**Sent:** Wednesday, January 29, 2025 6:16 PM
**To:** Brandon Harden <bharden@bsfllp.com>; Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; jared.briant@faegredrinker.com; shelley.meyer@faegredrinker.com
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@BSFLLP.COM>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** RE: In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

Dear Counsel – Please see the attached Clerk's Notice distributed by ECF today setting a hearing on Plaintiffs' and Microsoft's joint letter briefing (Dkts. 267/269) for Feb. 4 at 11 am.   Please let me know by Monday morning which counsel for Microsoft will make an appearance and Plaintiffs will email the CRD.

Best regards,
Reed

646-339-8787

---

**From:** Brandon Harden <bharden@bsfllp.com>
**Sent:** Monday, January 27, 2025 3:09 PM
**To:** Silverstein, Brianna L. <brianna.silverstein@faegredrinker.com>; jared.briant@faegredrinker.com; shelley.meyer@faegredrinker.com
**Cc:** ahurst@orrick.com; Christopher Young <cyoung@saverilawfirm.com>; Holden Benon <hbenon@saverilawfirm.com>; Evan Ezray <Eezray@bsfllp.com>; Meyer, Shelley M. <shelley.meyer@faegredrinker.com>; Reed Forbush <rforbush@BSFLLP.com>; Aaron Cera <acera@saverilawfirm.com>; Joe Saveri <jsaveri@saverilawfirm.com>
**Subject:** In re ChatGPT - Dkt. 269 & 270 Courtesy Copies

Counsel,

Please find attached the public and sealed versions of documents filed today in *Tremblay v. OpenAI*. The attached documents were filed under docket numbers 269 and 270. They corrected dockets 267 and 268, which Plaintiffs filed on Friday, Jan. 24. Today's corrected filings include the attestation of concurrence for the joint letter briefing, which was missing from Friday's filings. No other changes were made to the corrected filings.

Best,
Brandon

**Brandon Harden**
Case Manager
**BOIES SCHILLER FLEXNER** LLP
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(t)   +1  415 293 6806
(m) +1 209 769 7171
bharden@bsfllp.com
www.bsfllp.com

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other

use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]

---

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1 08201831BSF]