February 21, 2025

**VIA ECF**

The Honorable Robert M. Illman
U.S. District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

Re: *In re OpenAI ChatGPT Litigation,* Master File No. 23-cv-3223-AMO

Dear Magistrate Judge Illman:

Pursuant to paragraph 4 of Judge Illman's General Standing Order, the parties submit this joint discovery letter brief concerning two discrete privilege log disputes, which have been the subject of numerous meet and confers.

**Joint Statement**

After months of negotiation concerning the form and content of privilege logs, the parties have agreed to language governing the cut-off date and scope of communications to be logged. The parties agree to use June 28, 2023 as the privilege log cut-off date for their privileged communications with outside litigation counsel and attorney work product that concern (i) this lawsuit, (ii) other ongoing or subsequently filed lawsuits that any of the parties is party to, or (iii) ongoing or subsequently commenced government or regulatory investigations relating to OpenAI. For the avoidance of doubt, Defendants agree to log privileged communications between Defendants and Microsoft Corporation regardless of whether counsel is included on such communications that are identified pursuant to Defendants' fulfillment of their obligations under Federal Rule of Civil Procedure 26. Likewise, Plaintiffs agree to log privileged communications between one or more Plaintiffs, on the one hand, and Lysa TerKeurst and/or Christopher Farnsworth, on the other hand, regardless of whether counsel is included on such communications that are identified pursuant to Plaintiffs' fulfillment of their obligations under Federal Rule of Civil Procedure 26. Plaintiffs also agree to log privileged communications between one or more Plaintiffs that are identified pursuant to Plaintiffs' fulfillment of their obligations under Federal Rule of Civil Procedure 26, unless counsel for all Plaintiffs on the communication are also included.

**Plaintiffs' Statement**

The lone remaining dispute between the parties concerns whether they need to identify the file names of the withheld documents included in their privilege logs. OpenAI believes the parties should be relieved from logging the filename of a document over which privilege is claimed. This is wrong. Consistent with Rule 26(b)(5)(A), as courts have recognized, file names should be included on the parties' privilege logs because they are the type of information that will enable Plaintiffs to assess the claim of privilege without revealing the privileged information itself. *See, e.g.*, *Truman v. City of Orem*, 362 F. Supp. 3d 1121, 1138 (D. Utah 2019). File names are routinely ordered to be included in privilege logs, and for good reason—they offer critical insight into the "subject matter" of the assertedly privileged document without revealing the contents of the privilege itself. *Id*.

Rule 26(b)(5) provides that when a party withholds information otherwise discoverable under the rules by claiming privilege or attorney work product, the party must: "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Therefore, the parties have an independent obligation to provide "privilege logs that contain the information necessary to assess their privilege designations, starting with a proper and usable identification of the withheld documents." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 342 F.R.D. 461, 495 (C.D. Cal. 2022).

In order to allow the parties to understand the nature of the document and the assertion of privilege, courts in this district routinely hold that the "Filename" field must be included in the privilege logs. *See Ctr. For Envtrl. Health v. Perdue*, No. 18-CV-01763-RS (TSH), 2019 WL 6114513, at *5 (N.D. Cal. Nov. 18, 2019) ("For each document, the log states the beginning and ending Bates

1

numbers; **the file name**; the author; the individuals in the "to," "from" and "cc" lines; the document date; the privilege asserted; and a privilege description … This log is typical of what a privilege log looks like for the assertion of the attorney client privilege or the attorney work product doctrine") (emphasis added). Requiring that parties include file names in privilege logs is also the law in other districts. *See U.S. v. Reifler*, No. 1:20-CR-512-1, 2021 WL 2253134, at *1 (M.D.N.C. June 2, 2021) ("The log shall also set forth the relevant available metadata fields (e.g., **File Name**, Email Subject, Date Sent, To/From/CC/BCC), and an explanation of the claim asserted against production") (emphasis added); *Meade v. General Motors, LLC*, 250 F. Supp.3d 1387, 1390 (N.D. Ga. 2017) (ordering defendant to produce a proper privilege that includes the **file name** among other fields to permit Plaintiff (and the Court) to evaluate the merits of the claimed privilege)) (emphasis added); *First S. Bank v. Fifth Third Bank, N.A.*, No. CV-7:10-2097-MGL, 2012 WL 12898229, at *2 (D.S.C. Oct. 2, 2012) ("The court notes that several of the subject/**file names** lack any detail and thus it is difficult to assess the basis of the privilege") (emphasis added).

The need for including filenames is especially necessary in light of OpenAI's inadequate privilege logging practices to date. OpenAI has made a habit of relying on extraordinarily vague and uninformative descriptions of documents and communications it is withholding. For example, OpenAI's privilege log descriptions include several hundred entries that say the redacted or withheld document concerns "data partnerships," "product legal counseling," "copyright law," "intellectual property law," and "copyright compliance obligations." The mere fact that a document may mention "copyright" or "intellectual property" does not make it privileged, and these log entries make it impossible for Plaintiffs to know whether OpenAI's withheld documents are a comprehensive legal memorandum, a single use of the word "copyright" in a Slack chat, or something in between. File names are an important, objective data point that allows the parties to better determine whether the logged documents actually are what the privilege logs say they are.

Imposing this requirement is also consistent with widely recognized best practices. For example, the Sedona Conference's Commentary on Privilege Logs recommends that, "for most documents, the metadata of the document being withheld is likely to provide the details pertaining to time, persons involved, and general subject matter by providing fields such as to, from, cc, bcc, sent or modified date, email subject, and **filename**" 25 Sedona Conf. J. 221, 292 (2024). "Practitioners may include [**the filename**] field because they believe it helps provide information about the document." *Id*. at 320 (emphasis added). Indeed, OpenAI agrees the Sedona Conference's Commentary on Privilege Logs is relevant authority as it cited that commentary in an email arguing its view on the appropriate cut-off date.

Defendants' reliance on the fact that Plaintiffs' prior correspondence did not include a request to identify file names on privilege logs is puzzling. Plaintiffs never agreed that Defendants could or should omit this important information from their privilege logs. Moreover, Defendants have failed to provide any case law to support their position that they are not required to identify file names on their privilege logs. Nor can they. Notably, Defendants again rely solely on practical guidance where file names "may not be useful" only "[i]f a traditional log includes a robust description." 25 Sedona Conf. J. 221, 323 (2024). As stated above, there is nothing "robust" about OpenAI's privilege log descriptions, and the law within and outside of this circuit strongly favors providing file names on privilege logs.

Finally, Defendants argue that adding file names to further describe its withheld documents would require "an additional burdensome privilege review and redaction process." This is a distraction and an empty assertion, as there is no need to review anything. File names are part of ordinary metadata and do not contain or provide legal advice and thus cannot be privileged. Moreover, Defendants fail to provide any support for this argument or to explain the claimed burden. If Defendants were truly concerned about this issue, they could have (but did not) propose an FRE 502(d) order covering file names, thereby alleviating any unexplained need for a re-review or any burden. But, again, such an order would be pointless since file names cannot request or provide legal advice.

Therefore, and in furtherance of Rule 26(b)(5)'s requirement, the Court should require the parties to identify the file names of all withheld documents included in their privilege logs. Doing so imposes no additional burden on the logging party, but it provides important information to help opponents and the Court understand the nature of the withheld document and the privilege claim.

Separately, Plaintiffs take issue with Defendants' statement below that "Plaintiffs have wasted the parties' time and sources with their constantly changing positions." This is a misrepresentation of the email correspondence the parties exchanged and met and conferred on during the past month which was done in good faith to come to an agreement on the scope and cut-off date for logging privileged documents. Defendants fail to point out they changed their position several times as well which is ordinary in the course of negotiations. Nonetheless, and as stated above, the parties agreed on specific language on this issue. The Court should ignore Defendants' attempt to misrepresent Plaintiffs' good-faith attempts to negotiate an agreement on the scope of documents to add in their privilege logs.

## Defendants' Statement

Plaintiffs' position on the scope of privilege logging has been in a constant state of flux over the course of negotiations and throughout the drafting of this brief. For privilege logs to date, Plaintiffs initially sought to omit logging all privileged communications with outside counsel and work product from the date of counsel's retention. Plaintiffs unilaterally imposed this cutoff, resulting in the service of facially deficient privilege logs with ***only twelve entries for all twelve Plaintiffs combined*** (that is still the status of Plaintiffs' privilege logs to date). Then, after OpenAI agreed to this joint letter brief on this dispute, Plaintiffs withdrew their position. However, Plaintiffs conditioned doing so upon OpenAI agreeing to log file names for all withheld documents on OpenAI's logs—a demand that is not only arbitrary, unnecessary, and unduly burdensome because it will result in another round of privilege review and redactions, but also unsupported by any authority. Effectively, Plaintiffs attempted to horse trade one of their basic discovery obligations—substantiating their claims of privilege with a privilege log—to apply an unnecessary and legally unsupported burden on OpenAI, who unlike Plaintiffs, have already provided comprehensive privilege logs listing hundreds of documents. With the parties now in agreement on the privilege log cut-off date, Plaintiffs' baseless negotiating ploy–its demand that OpenAI log file names–should be denied on the merits.

**Logging File Names.** It should come as no surprise given the tortured meet and confer history that Plaintiffs' present request that OpenAI log file names is meritless and unsupported by any legal authority**.**

3

Plaintiffs have long taken a position on what privilege logs must include, but never once mentioned file names.  In a letter dated October 10, 2024, Plaintiffs proposed that the parties' "privilege log[s] should identify (a) the attorney and client involved; (b) the nature of the document; (c) all persons or entities shown on the document to have received or sent the document; (d) all persons or entities known to have been furnished the document or informed of its substance; and (e) the date the document was generated." (Oct. 10 Young Ltr. at 2 (citing *In re Meta Pixel Healthcare Litig*., No. 22-CV-03580-WHO (VKD), 2024 WL 3381029, at *2 (N.D. Cal. July 10, 2024)).)[1]  Plaintiffs sent another letter the following month, requesting the exact same data points. (Nov. 20 Cera Ltr. at 1.)  The month thereafter, Plaintiffs again reiterated that "the privilege log should include the items listed on page 2 in Chris Young's letter of October 10." (Dec. 8 H. Benon Correspondence to R. Lee.)  None of this correspondence proposed the inclusion of document file names.

OpenAI's privilege logs already contain the very information Plaintiffs initially demanded–information that Plaintiffs seemingly recognized through their prior demands is sufficient to assess privilege: reasons for redaction/privilege; privilege asserted; legal participants; file type; date sent/last date modified; custodian; from/author, to, cc, bcc fields for emails; active participants for Slack; and withhold/redact.  The privilege descriptions OpenAI has served make plain the subject matter of its privilege claims.  As the Sedona Conference makes clear, "[i]f a traditional log includes a robust description, then this [file name] field may not be useful." 25 Sedona Conf. J. 221, 323 (2024).

Now, for the first time, following ***months*** of negotiations over the contents of the parties' logs, Plaintiffs contend that OpenAI's logged subject matter descriptions are somehow "uninformative."  In support, Plaintiffs present the subject matter of certain of OpenAI's log entries divorced from the other logged information that, together, substantiates the claim of privilege.  Although Plaintiffs take issue with the mention of "copyright" or "product legal counsel" in certain log entries, Plaintiffs do not identify a single privilege claim in which OpenAI's assertion relies exclusively on the "mention" of either subject.  Instead, for example, OpenAI asserts privilege as to "document[s] reflecting confidential legal advice from Gratz*, Joseph and Rubin*, Tom regarding copyright law"—that is, from OpenAI's outside and in-house legal counsel.  Plaintiffs do not appear to actually question the plainly privileged nature of such communications.  Nor do they challenge OpenAI's claim of privilege as to "communication[s] reflecting confidential legal advice from Chang*, Che and Kwon*, Jason regarding product legal counseling"—again, conversations with legal counsel.  Plaintiffs' last-minute deficiency claim is a distraction and should be rejected.

As such, requiring OpenAI to undertake an additional burdensome privilege review and redaction process for several hundred or more file names is entirely needless.  And contrary to Plaintiffs' assertions, file names may be the subject of privilege review and redactions, as they will undoubtedly be here.  *See* 25 Sedona Conf. J. 221, 259 (2024) (noting that file names may not be informative and "raise[] another burden concern," i.e., assessing whether the field "reveal[s] sensitive privileged content requiring additional protection through redaction.")

---

[1] OpenAI will file exhibits referenced herein if requested by the Court.

Moreover, Plaintiffs cannot identify *any authority* supporting their demand for the inclusion of file names in a party's privilege logs in these circumstances. Both Judge Martínez-Olguín's Standing Order for Civil Cases and the Model ESI Order for the District provide details on the structure and contents of parties' logs, yet neither calls for the inclusion of file names. And Plaintiffs' citations, the majority of which are out of circuit, do not help. Four decisions concern deficient privilege descriptions. *See Truman*, 362 F. Supp. 3d at 1138 (some disclosed file names insufficient to cure deficient subject matter descriptions); *RG Abrams Ins.*, 342 F.R.D. at 496 (finding defendant's subject matter descriptions deficient without any discussion of file names); *Meade*, 250 F. Supp. 3d at 1390 (noting prior order to log file names after defendant failed to provide *any* privilege description); *First S. Bank*, 2012 WL 12898229, at *2 ("subject /file names" lacked sufficient detail to establish privilege). Only one of these decisions concerns the required disclosure of document file names. *See Meade*, 250 F. Supp. 3d at 1390. Unlike OpenAI's logs, the producing party's logs in *Meade* failed to identify *any basis* for the party's claim of privilege. *Id.* Beyond the four cases concerning deficient privilege descriptions, Plaintiffs' final authority concerns a log that *did* include file names and was nevertheless found insufficient to establish the government's *deliberative process privilege*. *See Ctr. for Env't Health*, 2019 WL 6114513, at *5. Finally, the same Sedona Conference Commentary on Privilege Logs that Plaintiffs cite lists file names as an "*[a]dditional* field that *may* be requested" rather than an example of a "common" field. 25 Sedona Conf. J. 221, 287 (2024) (emphasis added).

Plaintiffs have wasted the parties' time and resources with their constantly changing positions. Indeed, the parties' negotiations on the contents of the parties' privilege logs continued for *almost a full month* after briefing of this letter began as Plaintiffs changed their position no fewer than *six times* in their email correspondence and the parties' meet and confers. Now that the parties' have finally agreed on the exclusion of documents from the parties' privilege logs, Plaintiffs inexplicably are filing this brief on a new and unnecessary issue. The demand is unduly burdensome and meritless. The Court should deny Plaintiffs' request.

By:  /s/ *Rose S. Lee*

Rose S. Lee
**MORRISON & FOERSTER LLP**
707 Wilshire Boulevard
Los Angeles, CA 90017
Telephone: (213) 892-5200
Fax: (213) 892-5454
Email: RoseLee@mofo.com

Christopher Sun
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400

By:  /s/ *Bryan L. Clobes*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Reed D. Forbush (SBN 347964)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800

Facsimile: (415) 397-7188
Email: CSun@keker.com

Elana Nightingale-Dawson (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: Elana.NightingaleDawson@lw.com

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI
OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI
STARTUP FUND GP I, L.L.C., OPENAI
STARTUP FUND I, L.P., AND OPENAI
STARTUP FUND MANAGEMENT, LLC

mpritt@bsfllp.com
jstein@bsfllp.com
rforbush@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com
jschuffenhauer@bsfllp.com

Evan M. Ezray (*pro hac vice*)
401 East Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(954) 377-4237
eezray@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
mb@butterpicklaw.com
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 South LaSalle Street, Suite 3210

6

Chicago, IL 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**E-FILING ATTESTATION**

      I, Joseph R. Saveri, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have concurred in this filing.

                                                   */s/ Joseph R. Saveri*
                                                   Joseph R. Saveri