Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com
mtribble@saverilawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE OPENAI CHATGPT LITIGATION

Case No. 3:23-cv-03223-AMO

**REPLY TO NON-PARTY DARIO AMODEI'S OPPOSITION TO IN RE OPENAI AND AUTHORS GUILD PLAINTIFFS' MOTIONS TO COMPEL DEPOSITION**

Date: March 4, 2025
Time: 11:00 a.m.
Judge: Hon. Robert M. Illman

# I. INTRODUCTION

Dario Amodei is a percipient witness with first-hand knowledge of facts at issue in this case. This is confirmed by OpenAI's sworn interrogatory responses, which state that [REDACTED] This evidence is at the core of Plaintiffs' case. Under Rule 45, the inquiry should end there. It would be novel—and bizarre—to require a party to exhaust first-party discovery before seeking nonparty discovery, particularly when its party adversary has identified that nonparty as possessing relevant information, as required by Rule 26. Amodei has special knowledge relevant to this litigation that OpenAI does not possess and in fact disclaims. Moreover, the documents Plaintiffs cited in their Motion to Compel also show that Amodei has unique information that Ben Mann—also identified by OpenAI—does not possess. As Mann's supervisor while at OpenAI,[1] [REDACTED] Amodei possesses his own information about [REDACTED] The documents suggest, among other things, that [REDACTED] presumably at the behest and direction of Amodei's own OpenAI peers and superiors. Accordingly, it is beyond peradventure that Amodei possesses relevant information about [REDACTED] which is relevant not only to establish the copyright violations themselves but also with respect to OpenAI's recklessness, willfulness, or bad faith. *Harper & Row Publishers, Inc. v. Nation Enterprises*, 471 U.S. 539, 562 (1985) ("Fair use presupposes 'good faith' and 'fair dealing.'") (cleaned up); *see Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) ("[T]o prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights."); *In re Barboza*, 545 F.3d

[1] *See* Gutkin Decl., ¶7, admitting Mr. Amodei had a supervisory role at OpenAI.

[2] Welinder Rough Depo Tr. 132:11-17 [REDACTED]

702, 707 (9th Cir. 2008) ("a finding of 'willfulness' . . . can be based on either 'intentional' behavior, or merely 'reckless' behavior."); 17 U.S.C. § 504(c)(2)) (damages for willful infringement).

In his opposition, Amodei does not—and cannot—dispute he possesses relevant information. Instead, he misdirects, claiming Plaintiffs "have not done their homework," have taken "negligible" steps to gather this information from OpenAI, and that they "elect to leapfrog unconducted first-party discovery." This is wrong too. Plaintiffs put these questions to OpenAI, which disclaims knowledge and points to Amodei. OpenAI in fact says [REDACTED] OpenAI, in sworn interrogatory responses, has disclaimed knowledge and directed Plaintiffs to Amodei. Deposition testimony of relevant OpenAI employees is along these lines. Mr. Pinto, [REDACTED] was deposed on February 21 and testified that [REDACTED]

Amodei then says that Plaintiffs should come back to him after they have taken first party depositions to the extent needed to "fill" any "concrete gaps." Rule 45 has no such requirement. Indeed, to the contrary, Rule 45 permits the issuing party to "command each person to whom it is directed to do the following at a specific time and place" including depositions. Fed. R. Civ. P. 45(a)(1)(iii). There is no requirement that a party must exhaust first-party discovery before seeking nonparty discovery.

Lastly, Amodei argues that he should be afforded additional protections as an "apex" witness. This is not well-taken either. Plaintiffs are not seeking testimony with respect to his current company or his conduct as CEO while there. *See In re Apple iPhone Antitrust Litig.*, No. 11-cv-06714-YGR-TSH, 2021 WL 485709, at *4 (N.D. Cal. Jan. 26, 2021) ("So, this is not a lawsuit by someone who slipped on a banana peel in the produce aisle at Safeway and now seeks to depose Safeway's CEO."). Instead, Plaintiffs are pursuing Amodei's firsthand knowledge of his conduct at OpenAI, including the creation of Books1 and Books2 datasets along with his direction and supervision over the acquisition of pirated training data, among other topics. Amodei fails to cite any relevant authority that would suggest the apex

[3] *See* Pinto Depo Tr. at 47:12-15 (Jan. 24, 2025).

doctrine should apply in cases such as this one, where a percipient witness with highly relevant information then ceases employment and moves on to another job, albeit a senior one.

Plaintiffs remain mindful of Rule 45's dictate to avoid undue burdens on nonparties and have volunteered to make considerable efforts to minimize burdens. They are flexible to his deposition occurring within six weeks of the scheduled hearing date. Plaintiffs will make best efforts to coordinate the deposition so that it concludes within a single day. Plaintiffs have also noticed the deposition for a location in the same city where Amodei resides. Plaintiffs will also coordinate the deposition with the *Authors Guild* Plaintiffs. But ultimately, given Amodei's intimate involvement in the conduct that is core to action, there is no reason for the severe time restrictions that Amodei is seeking. Plaintiffs respectfully request an order compelling Amodei to sit for 7 hours of deposition time within six weeks of the scheduled hearing date.

## II. ARGUMENT

### A. Plaintiffs have Shown Amodei Has Unique Relevant Knowledge Central to this Case.

No one disputes that Amodei was a senior employee, responsible for, among other things, [REDACTED] While disclaiming its own knowledge, OpenAI identified Amodei as an individual with relevant information. Amodei himself has unique information. As Mann's direct superior and [REDACTED] Amodei has relevant, non-cumulative knowledge required by Plaintiffs to prosecute their claims.[4] Amodei seeks to avoid giving testimony, insisting that Plaintiffs depose OpenAI employees who OpenAI itself contends only have limited, secondhand knowledge. But that is not the rule, and the cases Amodei cites are

[4] *See* Mann Hrg. Tr. 14:2-3 (Feb. 11, 2025) ("I find that based on his firsthand knowledge at the time, that's relevant to Plaintiffs' claims, and that although he is a third party, he was an employee of the company at the time when those events took place, and he has firsthand knowledge, and they've shown the relevancy for that.").

inapposite. Most of them were cited by Mann and deal with the discovery of *documents* from third parties that were also within the possession, custody, or control of the defendants.[5]

Amodei seeks to avoid his deposition by misconstruing Plaintiffs' position and mischaracterizing "settled law." The cases that Amodei cites on deposition discovery are also distinguishable. In *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (C.D. Cal. 2014), the court granted a motion to quash in part because the party seeking the discovery provided "generic" deposition topics that "do not appear to have been framed with [the subpoena recipient] in mind at all." *Id.* at 412. Moreover, that court observed the burden was "substantially greater" because the deposition would have to proceed immediately before the discovery cut-off, and the Court could not assume the witness was in the district. *Id.*

The only "new" decision that Amodei cites fares little better. In *Athalonz*, the court granted a motion to quash a plaintiff's deposition subpoena served on famed basketball star, Steph Curry, without prejudice to serving a renewed subpoena after the plaintiff conducts first-party discovery. *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 628846, at *8 (N.D. Cal. Feb. 14, 2024). The court observed the plaintiff had not yet taken first-party discovery to determine "whether Curry played *any* role" in the key facts at issue—marketing an infringing athletic shoe. *Id.* at *7 (emphasis added). Moreover, there was "ample time for [plaintiff] to pursue depositions and document discovery from [the first-party defendant] that will help assess whether Curry could be expected to offer uniquely relevant testimony." *Id.*

Here, unlike in *Amini* and *Athalonz*, Plaintiffs did their homework. They propounded first-party discovery which elicited answers from OpenAI about the unique personal knowledge that Amodei possesses, on core topics: the facts and circumstances surrounding the [redacted]

[5]*See Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-CV-07603-WHO, 2019 WL 7313047 (N.D. Cal. Dec. 30, 2019) ("[W]hen an opposing party and a non-party both possess *documents*, the *documents* should be sought from the party to the case.") (emphasis added); *Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2021 WL 3044958, *4 (N.D. Cal. July 20, 2021 (denying motion to compel under Rule 45 where "the Court does not believe that [Plaintiff] ever asked [Defendant] for *these documents*") (emphasis added); *Coppel v. Sea World Parks & Enter., Inc.*, No. 21-cv-1430-RSH-DDL, 2024 WL 4472352, *5 (S.D. Cal. Aug. 19, 2024) ("Having elected not to pursue these *documents* from Defendants, Plaintiffs may not now seek the same *documents* from [a third party].") (emphasis added).

Moreover, an OpenAI witness testified at his deposition that around the same time that OpenAI downloaded data from LibGen.[6] Additionally, Plaintiffs are not waiting until the eleventh hour or attempting to ramrod the depositions just before the fact-discovery deadline as in *Amini*. First-party discovery has confirmed Amodei should be deposed, and Plaintiffs are doing so within the parameters of the ambitious case schedule.

Amodei also makes the false assertion that Plaintiffs have failed to make sufficient effort to retrieve the requested information from Defendants.[7] This is not well-taken either. Plaintiffs need not exhaust first-party discovery before resorting to Rule 45. *See Hunt v. Continental Casualty Co.*, 2015 WL 1518067, *2 (N.D. Cal. April 3, 2015); *see also In re Transpacific Passenger Air Transp. Antitrust Litig.*, 2014 WL 939287, *5 (N.D. Cal. March 6, 2014) (noting exhaustion is a consideration, not requirement). And even if it were, it is baffling what party discovery Plaintiffs could even seek when OpenAI, the party adversary, identified only nonparties (including specifically Amodei), as possessing this information. This is before even considering that OpenAI deleted its copies of Books1 and Books2 following Amodei's departure and they otherwise lack information from OpenAI about what was contained in those datasets and connections of those datasets to the large language models at issue in this case.

**B. The Evidence Plaintiffs Has Submitted to Date Supports Their Request**

The evidence that Plaintiffs have submitted—revealed through first-party discovery on OpenAI—demonstrates that Amodei has unique relevant knowledge.

**1. OpenAI's Interrogatory Responses Concede that Amodei Has Knowledge**

OpenAI's Interrogatory Responses—cited in Plaintiffs' moving papers—speak for themselves. To the extent that OpenAI's response to Interrogatory 15 lists three other current employees, those individuals were listed in OpenAI's *original* response to Interrogatory No. 15, When Plaintiffs pressed

[6] *See supra*, note 2.





OpenAI to [redacted] OpenAI did so by supplementing its response to Interrogatory No. 15. Specifically, through meet-and-confer communications, OpenAI revealed that [redacted] Benon Decl. ISO Mtn. to Compel (ECF No. 279-1), ¶ 9. This is also consistent with OpenAI's representations to the *Authors Guild* Plaintiffs. *See* Opp. at 8:13-18 [redacted] OpenAI's representations have been consistent across the board: [redacted][7] No other individuals were identified. This fact alone justifies Amodei's deposition.

**2. OpenAI's Documents Are Consistent with its Interrogatory Responses—Amodei Plainly has Unique Knowledge**

Despite Amodei's mischaracterizations, the documents cited in Plaintiffs' motion demonstrate he was intimately involved with the relevant conduct in this case:

*Documents regarding purchase of books.* Amodei criticizes three documents[8] because in them, Amodei discusses [redacted] But the fact that [redacted] is relevant to willfulness and bad faith, because it suggests the company knew it should have compensated book authors for using their data to train its products.

*Documents regarding LibGen.* Amodei's argument is that there are other people involved in or mentioned on these documents or communications. This is not the standard. The fact that others possess information about events or communications does not mean Amodei does not. But the premise is wrong too. Amodei is either the author of, or an active participant in, these documents or communications. For example, OPCO_NDCAL_0067518 [redacted] While other individuals provide

[7] The Court should give no weight to the fact that these interrogatories are from "from ten months ago based on OpenAI's then-current understanding." Opp. at 7:6-7. Rule 26(e) requires timely, ongoing supplementation. Fed R. Civ. Pro., Rule 26(e).

[8] OPCO_NDCAL_1496743; OPCO_NDCAL_0853484; OPCO_NDCAL_0854459.

feedback using the "comment" feature of Google documents, Dario Amodei is the author and custodian of the document. The document is highly relevant to understanding The other document in this group, OPCO_NDCAL_0067583, further demonstrates that OPCO_NDCAL_0067583 This further underscores the point that Amodei, as Mann's supervisor, possesses unique knowledge about the direction and need to use certain types of data as opposed to others. Lastly, Amodei tries to attack Plaintiffs' reliance on OPCO_NDCAL_0866414. Amodei has it backwards. While there may be twelve people on the thread, he ignores the fact that thread includes

*OpenAI Whitepaper and Origin of the Names "Books1" and "Books2."* Amodei tries to downplay his involvement by saying he is one of 31 authors of the relevant white paper even though he was included in a lengthy message thread discussing drafting the paper. *See* OPCO_NDCAL_750545.[9] Of note, Amodei comments on *Id.* The document also reveals that Amodei, [10] had unique views about the propriety of OpenAI's acquisition or use of the data. *Id.* (

*Knowledge of Mitigation Effort.* Amodei's intimate involvement in and direct knowledge of these topics is plainly evident on a quick read of the documents at issue. *See* OPCO_NDCAL_0858865.[11] and that he offered unique insights in that regard. *Id.* at -72 (Amodei:

9 The document is before the Court as Exhibit F to the declaration of Holden Benon, submitted to the Court under seal on February 3, 2025.

10 *See supra*, note 2.

11 The document is before the Court as Exhibit H to the declaration of Holden Benon, submitted to the Court under seal on February 3, 2025.

[redacted]

### 3. The Deposition Testimony Plaintiffs Have Elicited to Date Further Confirms that Amodei Possesses Unique Knowledge

Amodei falsely claims that "Plaintiffs have done nothing to pursue the first-party deposition discovery from anyone named at OpenAI in these interrogatory responses[.]" Opp. at 9:6-7. This is plainly not true. Plaintiffs have already deposed one individual named in [redacted] *See* Pinto Depo Tr. at 47:12-15 (Jan. 24, 2025) ("Q. [redacted]. On February 21, Plaintiffs deposed current OpenAI employee Peter Welinder, who also [redacted] *See* Welinder Rough Depo. Tr. 279:11-282:8 [redacted] *id.* at 311:20-24 [redacted] Further, Welinder pointed to Amodei as the expert for training models in 2020. *See supra*, note 2.

Plaintiffs have also noticed the depositions of Paino and Ryder (also listed in OpenAI's response to Interrogatory 15), and the parties are currently meeting and conferring to determine the deposition dates. Declaration of Holden Benon ("Benon Decl."), ¶¶ 2, 4. Plaintiffs have duly served a deposition subpoena on Alec Radford, despite Amodei's baseless claim that Plaintiffs "have done nothing to pursue the first-party deposition testimony from [him.]" Opp. at 9:6-7. Finally, Plaintiffs *did* serve a Rule 30(b)(6) notice containing various topics regarding the Books1 and Books2 datasets. Benon Decl., ¶ 3. Regardless, this is no substitute for the firsthand knowledge that Amodei possesses.

## C. Amodei Is Not an "Apex" Witness

Although seeking shelter under the "apex doctrine," Amodei fails to cite supporting case law for the proposition that it applies here. Amodei is not an apex of OpenAI and his testimony is not sought as the figurehead or mouthpiece. Amodei should not be allowed to avoid his obligation to provide testimony regarding his prior employment simply because he is *now* a CEO. The standard is whether the

witness possesses personal knowledge, which would apply even if Amodei was the current CEO. *Anderson v. Cnty. of Contra Costa*, No. 15-CV-01673-RS (MEJ), 2017 WL 930315, at *3 (N.D. Cal. Mar. 9, 2017) (quoting *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 3884254, at *1 (N.D. Cal. July 26, 2013)) ("Where a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition.").

In fact, in the cases relied on by Amodei, depositions of "apex officers" were permitted where the deponents had unique, firsthand knowledge of facts relevant to the case and where the deposing party exhausted less intrusive methods of discovery. *In re Google Litig.*, No. C 08-03172 RMW PSG, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011). This Court has previously recognized "the party seeking to take the deposition need not prove conclusively that the deponent certainly has unique, non-repetitive information; rather, where a corporate officer may have **any first-hand knowledge** of relevant facts, the deposition should be allowed." *Finisar Corporation v. Nistica Inc.*, 2015 WL 3988132, *2 (N.D. Cal. June 30, 2015) (emphasis added). Since Amodei is an identified creator of several of the datasets at issue here,[12] supervised others withing OpenAI's organization, and OpenAI has not identified any of its own present employees with relevant knowledge, Amodei has unique and critical first-hand knowledge of unique, relevant facts.

Absent extraordinary circumstances, "it is very unusual for a court to prohibit the taking of a deposition," as any party attempting to avoid deposition "carries a heavy burden to show why discovery should be denied." *In re Google Litig.*, at *2. Amodei's attempt to shift Plaintiffs' burden fails to recognize that depositions of "apex officers" are only truly disfavored where "public agency and executive department heads" are involved or where "a corporate officer [is] unlikely to have personal familiarity with the facts of the case." *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 212CV5275MCALDWDNJ, 2015 WL 9434782, at *2 (E.D. Cal. Dec. 24, 2015). Amodei has met neither requirement here.

[12] *See* Mann Hearing Transcript 14:2-3.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' Motion to Compel the Deposition of Dario Amodei.

Dated: February 24, 2025

By: */s/ Joseph R. Saveri*
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Aaron Cera (State Bar No. 351163)
Margaux Poueymirou (State Bar No. 35600)
Melissa Tribble (State Bar No. 339098)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com
mpoueymirou@saverilawfirm.com
mtribble@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

Bryan L. Clobes (pro hac vice)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
205 N. Monroe Street
Media, PA 19063
Telephone: 215-864-2800
Email: bclobes@caffertyclobes.com

Alexander J. Sweatman (pro hac vice anticipated)
**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Telephone: 312-782-4880
Email: asweatman@caffertyclobes.com

Daniel J. Muller (State Bar No. 193396)
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023
Email: dmuller@venturahersey.com

David Boies
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8201
Fax: (914) 749-8300
Email: dboies@bsfllp.com

Evan Matthew Ezray
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Ft. Lauderdale, FL 33301
Telephone: (954) 377-4237
Email: eezray@bsfllp.com

Jesse Michael Panuccio
**BOIES SCHILLER FLEXNER LLP**
1401 New York Ave. NW
Washington, DC 20005
Telephone: (202) 237-2727
Email: jpanuccio@bsfllp.com

Maxwell V. Pritt
Joshua Michelangelo Stein
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6813
Telephone: (415) 293-6800
Email: jstein@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*