UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PAUL TREMBLAY, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>OPENAI, INC., et al.,<br><br>    Defendants. | Case No. 23-cv-03223-AMO (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE LETTER BRIEF OF FEBRUARY 26, 2025**<br><br>Re: Dkt. No. 356 |

    Now pending before the court is a discovery dispute letter brief through which Plaintiffs request the addition of yet another document custodian. *See* Ltr. Br. (dkt. 356) at 2-4. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the court finds the matter suitable for disposition without oral argument. For the reasons stated below, Plaintiffs' request is denied.

    Plaintiffs believe that Ms. Katie Mayer should now be added as a custodian because Plaintiffs have come to believe – based on reviewing discovery – that Ms. Mayer's relations with Microsoft was more than that of a "mere pencil pusher" in that "she appears to have played a major, substantive role in running Open AI's relationship with Microsoft." *Id*. at 2. More specifically, Plaintiffs have reportedly learned that Ms. Mayer was a manager of an OpenAI team that was called, "Microsoft." *Id*. Further, Plaintiffs believe that Ms. Mayer was repeatedly designated as OpenAI's point of contact with Microsoft, bearing responsibility for projects that involved the interaction between Microsoft and OpenAI. *Id*. Still more specifically, Plaintiffs report that they have now learned that Ms. Mayer may have had involvement in OpenAI projects that would be at the heart of the infringement allegations that are central to this case. *Id*. at 3. As a

1    result, Plaintiffs contend that it is likely that she may be in possession of unique and relevant

2    information. *Id*. Plaintiffs also note that "[t]o be sure, others beyond [Ms.] Mayer communicated

3    with Microsoft. Others also made strategic decisions about the Microsoft partnership. But those

4    custodians are unlikely to have the same breadth of relevant documents as Mayer," presumably

5    because Ms. Mayer was the manager of a team that was given the moniker, "Microsoft." *Id*. at 4.

6    Plaintiffs also seek to justify the addition of Ms. Mayer as a custodian by noting that when they

7    ventured to take third-party discovery from Microsoft, the court directed Plaintiffs to first resort to

8    taking discovery directly from OpenAI; therefore, as Plaintiffs see it, "[i]t cannot be the case that

9    OpenAI can avoid discovery by failing to provide a highly relevant custodian, and then its joint

10   venture partner can avoid discovery by claiming Plaintiffs need to get documents from custodians

11   that OpenAI refuses to provide." *Id*. Plaintiffs conclude by noting that "[t]he Court has already

12   concluded that the documents Katie Mayer likely possesses are relevant" and "[o]ne way or the

13   other, Plaintiffs should be permitted to discover those relevant documents [and] [a]dding [Ms.]

14   Mayer as a custodian starts to accomplish that." *Id*.

15         While Plaintiffs speak of "relevant documents" in the general sense, they have not

16   identified any particular documents or any particular category of information that they believe Ms.

17   Mayer, and <u>only</u> Ms. Mayer, would possess – that is, documents or information which they would

18   be unable to secure from any of the other 28 custodians already designated in this case. At this

19   stage in the proceedings, that is the showing Plaintiffs would need to make in order to convince

20   the undersigned to permit an enlargement of the designated custodians list. In other words, the

21   mere fact that Plaintiffs now believe that Ms. Mayer had a role that was more important than they

22   previously believed to be the case does not provide a concrete foundation for their conclusory

23   assertion that it is a possibility that she possesses unique, relevant information. While this

24   approach may have justified designating her as a custodian at an earlier phase in the discovery

25   process – the court finds that Plaintiffs have not made a satisfactorily concrete showing that would

26   justify adding her as a custodian at this juncture.

27         Indeed, the court finds that using Plaintiffs' approach (*i.e.*, the mere possibility that another

28   person *may* possess unique and relevant information justifies perpetually enlarging the document

1  custodian designation list) at this late stage in the discovery process would mire and bog down the
2  discovery process and cause unwarranted delay in the overall progress of the case. Given that the
3  court has already afforded the designation of quite a large number of custodians (more than what
4  would normally be allowed), and given that the court previously told Plaintiffs that any future
5  requests for additional custodians would be granted only upon a showing of new and relevant
6  information as to why granting the request would be appropriate – the court now finds that
7  Plaintiffs have not made such a showing here. Accordingly, for these reasons, as well as those
8  stated by OpenAI (*see id*. at 4-6), Plaintiffs' request to add Ms. Mayer as a custodian is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 27, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

3