# Exhibit A

## Public Redacted

DOUGLAS A. WINTHROP (No. 183532)
Douglas.Winthrop@arnoldporter.com
JOSEPH FARRIS (No. 263405)
Joseph.Farris@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:   (415) 471-3100
Facsimile:    (415) 471-3400

RYAN M. NISHIMOTO (No. 235208)
Ryan.Nishimoto@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone:   (213) 243-4000
Facsimile:    (213) 243-4199

ASSAD H. RAJANI (No. 251143)
Assad.Rajani@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real, Five Palo Alto Square, Suite 500
Palo Alto, CA 94306
Telephone:   (650) 319-4500
Facsimile:    (650) 319-4700

*Attorneys for Non-Party Dario Amodei*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>IN RE MOTION TO COMPEL COMPLIANCE WITH NON-PARTY SUBPOENAS<br><br>In the matter of<br><br>AUTHORS GUILD, *et al.*, individually and on behalf of others similarly situated,<br><br>              Plaintiffs,<br>      v.<br>OPENAI INC., *et al.*,<br><br>              Defendants. | Case No. 3:23-cv-03223-AMO<br><br>**NON-PARTY DARIO AMODEI'S [PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO MOTION TO COMPEL**<br><br>Misc. Case No. 3:25-mc-80017-AMO<br><br>Underlying Litigation: *Authors Guild, et al. v. OpenAI, et al.*, 1:23-cv-0822-SHS (S.D.N.Y) |

Before the Court are two motions to compel the deposition of Mr. Dario Amodei, the CEO of non-party Anthropic PBC. As noted in Mr. Amodei's opposition, the Plaintiffs have several sources of information available to them that are superior and far less burdensome than forcing Mr. Amodei to sit for deposition.

This evening, Plaintiffs concluded their deposition of Benjamin Mann, which covered the same topics for which Plaintiffs have asked the Court to compel a deposition of Mr. Amodei.[1]

1.  (Mann Tr., Ex. 1 at 60:9-18, 61:22-62:17, 97:14-100:21.) This is in stark contrast to Plaintiffs' (inaccurate and irresponsible) speculation .

2. (Mann Tr., Ex. 1 at 185:20-186:5.)

3.  (Mann Tr., Ex. 1 at 367:14-18) and Plaintiffs had no factual basis to suggest Mr. Mann had any personal knowledge of the facts after he left OpenAI. The same is true for Mr. Amodei, who also left OpenAI in late 2020.

4.  (Mann Tr., Ex. 1 at 35:8-36:7.)

Nothing in Mr. Mann's testimony suggested that Mr. Amodei was downloading or processing the datasets at issue or that Mr. Amodei's recollection would be superior in that regard.

---

[1] Excerpts from Mr. Mann's rough deposition transcript are attached as Exhibit 1 to the Declaration of Assad H. Rajani in Support of Non-Party Dario Amodei's [Proposed] Sur-Reply In Further Opposition to Motion to Compel, which are filed concurrently.

In their Reply, Plaintiffs confirmed that they were "aggressively seeking discovery" and that "Plaintiffs intend to depose **all the former employees**" identified. (*In re Open AI* Reply at 6). This dragnet approach should not be condoned, especially when it comes to the CEO of a company who Plaintiffs failed to show has unique knowledge of the topics in dispute. In light of Mr. Mann's voluminous testimony, compelling a deposition of Mr. Amodei would have little value in this case, would impose maximum burden on Mr. Amodei, and would be unreasonably cumulative and duplicative of what Plaintiffs have already obtained in discovery. Nor would another burdensome deposition of an Apex officer (of a direct competitor to OpenAI) be proportional to the needs of the case.

In view of these subsequent factual developments, the Court should deny the Motions in their entirety.

Dated: March 3, 2025

By: /s/ Assad H Rajani
ASSAD H. RAJANI
**ARNOLD & PORTER KAYE SCHOLER LLP**

*Attorneys for Non-Party Dario Amodei*