UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| PAUL TREMBLAY, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>OPENAI, INC., et al.,<br><br>  Defendants. | Case No. 23-cv-03223-AMO   (RMI)<br><br>**ORDER RE: OUTSTANDING ISSUES AS TO PLAINTIFFS' REQUEST TO COMPEL DOCUMENTS FROM NON-PARTY MICROSOFT**<br><br>Re: Dkt. Nos. 267, 269, 334 |

Now pending before the court is the remainder of Plaintiffs' request to compel certain information from non-party Microsoft regarding its investment in and collaboration with OpenAI. *See generally* Ltr. Br. (dkts. 267, 269). At a hearing on February 11, 2025, the court rendered oral rulings as to a number of the issues presented by the Parties' submissions. *See* Tr. of Hearing (dkt. 327) at 28-36. As to the issues that remained outstanding, the Parties were ordered to attempt to resolve those issues (*see id*. at 33-34), or to file a joint-statement setting forth any remaining disputes by February 19, 2025 (*see* dkt. 319). The Joint Statement (dkt. 334) has been filed and is now ripe for decision given that "Plaintiffs do not believe further meeting and conferring, briefing, or a hearing would be necessary in light of that focused request and the Court's prior Order." *Id*. at 5.

Plaintiffs report that, since the hearing of February 11, 2025, Microsoft has agreed to produce executed agreements related to the licensing of text-based training data and its agreements with OpenAI, however, a number of issues continue to remain in dispute. *Id*. at 1. Following the hearing, Plaintiffs and Microsoft engaged one another in an effort to apply the court's guidance regarding the potential narrowing of any remaining issues. *Id*. However, rather than narrowing the

1  remaining disputes, it appears that these efforts only widened the gulf between their respective
2  positions as Plaintiffs believe the issues have been narrowed while Microsoft takes the view that
3  "many of the Requests now seek entirely different documents than were previously requested,
4  such as Request Nos. 1-3, 7, 8, and 16 that previously focused on documents exchanged with
5  OpenAI but are now aimed at all of Microsoft's internal documents regarding the requested topics,
6  as well as Request No. 9, which is a completely new request not found anywhere in the original
7  subpoena." *Id*. at 2.

8  In short, Plaintiffs submit that their narrowed requests[1] seek internal documents from
9  Microsoft because of the assertion that they "are of urgent relevance to Plaintiffs' willfulness
10 allegations against OpenAI, the commercial purpose behind the use of the data, the existence of a
11 market, and to damages." *Id*. at 4. The court finds that Plaintiffs' relevance and proportionality
12 justifications in this regard are similar to those they submitted in support of their request to compel
13 non-party Reuters to produce its internal documents underlying its commercial dealings with
14 Meta. *See generally* Order of March 5, 2025 (dkt. 378). While it is true that the Microsoft internal
15 documents Plaintiffs seek most likely concern its dealings with Defendant OpenAI (as opposed to
16 the totally unrelated internal documents Plaintiffs sought from Reuters about its dealings with
17 Meta) – given that Plaintiffs seek this sort of confidential commercial discovery from a non-party,
18 they would still have to make the same showing of substantial need in order to enforce their
19 subpoena. *See id*. at 4. For the reasons stated by Microsoft (*see* Joint Statement (dkt. 334) at 5-6)
20 the court finds that Plaintiffs have not met their burden.

21 Upon further reflection, and upon careful consideration of the submissions, the court
22 agrees with Microsoft's contention that "Plaintiffs' allegation that Microsoft's internal documents
23 could somehow be relevant to a willfulness claim against OpenAI also rings hollow." *Id*. at 5. The
24 court also agrees with Microsoft's assertion that Plaintiffs' belief that Microsoft is in possession of
25 documents beyond those which Plaintiffs should seek from OpenAI appears too speculative. *Id*.

---

[1] Plaintiffs' requests have been narrowed: to exclude profit-related requests; to exclude documents that are in OpenAI's possession (something which seems burdensome for Microsoft to determine); and, to exclude documents that are entirely non-responsive to the issues in this case.

Given that Microsoft has already agreed to produce data access agreements dated on or after January 1, 2019, that provide for Microsoft's and/or OpenAI's right to receive, access, and/or use text data in training Large Language Models, as well as its agreements with OpenAI – the court does not believe that Plaintiffs' showing justifies any broader production from Microsoft at this juncture. Thus, to the extent stated at the hearing of February 11, 2025, and as set forth herein, Plaintiffs' request is **granted in part, denied in part**.

**IT IS SO ORDERED.**

Dated: March 6, 2025

ROBERT M. ILLMAN
United States Magistrate Judge