| | |
|---|---|
| **JOSEPH SAVERI LAW FIRM, LLP** | **BOIES SCHILLER FLEXNER LLP** |
| Joseph R. Saveri (SBN 130064) | David Boies (*pro hac vice*) |
| 601 California Street, Suite 1505 | 333 Main Street |
| San Francisco, CA 94108 | Armonk, NY 10504 |
| Telephone: (415) 500-6800 | Telephone: (914) 749-8200 |
| Facsimile: (415) 395-9940 | Email: dboies@bsfllp.com |
| Email: jsaveri@saverilawfirm.com | |
| **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP** | Matthew Butterick (SBN 250953) |
| Bryan L. Clobes (*pro hac vice*) | 1920 Hillhurst Avenue, #406 |
| 205 N. Monroe Street | Los Angeles, CA 90027 |
| Media, PA 19063 | Telephone: (323) 968-2632 |
| Telephone: (215) 864-2800 | Facsimile: (415) 395-9940 |
| Email: bclobes@caffertyclobes.com | Email: mb@butticklaw.com |

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Case No. 3:23-cv-03223-AMO |
| This document relates to: | **PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 358]** |
| Case No. 3:23-cv-03223-AMO | |
| Case No. 4:23-cv-03416-AMO | |
| Case No. 4:23-cv-04625-AMO | |

**MOTION**

Plaintiffs move under 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72(a), and N.D. Cal. Local Rule 72-2 for relief from a non-dispositive pretrial order of a Magistrate Judge. Plaintiffs respectfully object to and ask the Court to set aside portions of the Discovery Order at Dkt. 358 issued by Magistrate Judge Illman on February 27, 2025, as set forth in the accompanying Memorandum of Points and Authorities ("Memo"). In addition to this Motion and the Memo, the Motion is based on the relevant briefing related to Dkt. 358, the Proposed Order for this Motion, the records and docket in this matter, and any oral argument.

**MEMORANDUM OF POINTS AND AUTHORITIES**

On February 27, 2025, Judge Illman ruled on Plaintiffs' discovery letter brief seeking to add Katie Mayer as a document custodian (the "Order"). *See* Dkt. 358. Plaintiffs respectfully object to the Order and request the Court set aside the Order and designate Mayer as a custodian. Recent discovery has revealed that Mayer played a critical role in ████████████████████████████████ she is likely to have unique documents going to the heart of this matter. Excluding her as a custodian was clear error.

I.     BACKGROUND

In November 2024, Plaintiffs first requested that Katie Mayer be added as a custodian. Plaintiffs sought discovery of Mayer's custodial files because they believed that Mayer was likely to have unique, responsive documents since she "manage[d] Defendant's relationship with Microsoft." Dkt. 204 at 4. OpenAI opposed and argued that, although Mayer undisputedly communicated with Microsoft, her communications "principally concerned logistics." *Id.* at 6. Based on that understanding, OpenAI represented that "it might be true that Ms. Mayer has documents that . . . the existing custodians don't have . . . But she doesn't have relevant information." Dec. 17, 2024, Tr. 66:11-15. Judge Illman "teeter[ed]" on whether to require OpenAI to designate Mayer as a custodian. *Id.* at 74:20-22. Ultimately, Judge Illman required Plaintiffs to choose between Mayer and Jeff Wu. *Id.* at 80:9-11. Based on the information they had at that time (including OpenAI's representations), Plaintiffs chose Wu. The Court added, however, that Plaintiffs could request additional custodians if they pointed to "evidence produced to Plaintiffs on or after November 25, 2024" that justified the addition. Dkt. 243 at 1-2.

This is exactly what happened. Since that November dispute, OpenAI has produced evidence revealing that Mayer's relationship with Microsoft ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ She should thus be a custodian.

Specifically, Mayer was ████████████████████████████████████████ ████████████ Recent testimony confirms as much. Henrique Pinto testified in January that

1  Mayer ▓▓▓ Pinto Tr. 209:2-5. When asked
2  to clarify ▓▓▓
3  ▓▓▓ *Id.* at 209:8-9. And, consistent with
4  ▓▓▓
5  ▓▓▓ For example, just taking
6  documents OpenAI produced on *December 2, 2024*, Mayer ▓▓▓
7  ▓▓▓

- ▓▓▓ OPCO_NDCAL_1588774.
- ▓▓▓ OPCO_NDCAL_1588788.
- ▓▓▓ OPCO_NDCAL_1588778.
- ▓▓▓ OPCO_NDCAL_1588783.
- ▓▓▓ OPCO_NDCAL_1588793.

13  Recently produced documents also reveal that Mayer played a critical role in projects central to the
14  allegations in this case. For example, a document produced in *January 2025* shows that Mayer ▓▓▓
15  ▓▓▓. Specifically, Mayer
16  opened a thread on ▓▓▓
17  OPCO_NDCAL_1622427. In doing so, Mayer noted that ▓▓▓
18  ▓▓▓ That goes to the core of the case. The evidence shows that ▓▓▓
19  ▓▓▓
20  ▓▓▓ *See Cengage Learning, Inc. v. Library Genesis*, Case
21  No. 23-cv-08136, Dkt. 36 (S.D.N.Y. Sep. 24, 2024). The project Mayer was leading involved ▓▓▓
22  ▓▓▓
23  ▓▓▓ It is hard to imagine more relevant
24  conduct to this case, and Mayer appears to have had a key role in it. In the same document, she is the one
25  who started ▓▓▓ And she is the one who started a ▓▓▓
26  ▓▓▓ OPCO_NDCAL_1622427.
27  In light of those documents, Plaintiffs moved to add Mayer as a custodian. The Court, however,
28  denied the request. The Magistrate Judge held that, although the discovery sought is relevant, Plaintiffs have

not made a sufficient showing to justify adding Mayer as a custodian "at this late stage in the discovery process" because they failed to identify with specificity the documents that Mayer is likely to possess. Order at 2-3.

## II. LEGAL STANDARD

Under Rule 72(a), a district court shall modify or set aside a magistrate judge's order that is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citing same). A magistrate judge's findings of fact are reviewed for clear error while legal conclusions are reviewed for whether they are contrary to law. *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 422 (C.D. Cal. 1999). Overturning a magistrate judge's determination is proper where the court reaches a "definite and firm conviction that a mistake has been committed." *Wolpin*, 189 F.R.D. at 422 (C.D. Cal. 1999) (citation omitted).

## III. ARGUMENT

### A. The Order legally erred in requiring Plaintiffs to identify specific documents they needed to justify a new custodian, and clearly erred in determining that Mayer was unlikely to possess unique documents.

The Order found that "Plaintiffs . . . have not identified any particular documents or any particular category of information that they believe Ms. Mayer, and *only* Ms. Mayer, would possess[.]" Order at 2. Expecting Plaintiffs to identify the "particular documents" was contrary to law because it would require advance knowledge of Mayer's custodial documents. That is an impossible task. Instead, because a demanding party can never know the contents of a custodial file until it is produced, it need only show that an additional custodian is "likely to have unique information." *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 1440923, at *3 (D. Kan. Mar. 15, 2018); *see also In re Meta Pixel Healthcare Litig.*, 2023 WL 5767460, at *2-*3 (N.D. Cal. Sept. 6, 2023) ("likely"); *MariCal, Inc. v. Cooke Aquaculture, Inc.*, 2016 WL 9459260, at *2 (D. Me. Aug. 9, 2016) ("potentially").

The Order's alternative holding that Plaintiffs have not identified the particular categories of unique documents they seek is clearly erroneous. Plaintiffs *have* identified "particular categor[ies]" of information they seek. Plaintiffs explained that Mayer is likely to possess more details ▮▮▮▮▮ ▮▮▮▮▮ than existing custodians. Order at 3. These details, as Plaintiffs explained, are likely to include ▮▮▮▮▮

▇—which are central to this case. Order at 2-3. OpenAI argued to the Court that Mira Murati possesses much of the same information as Mayer, but the documents plainly refute that assertion. *See* OPCO_NDCAL_ 1494912 (▇). And that makes sense. Ms. Murati was a high-level executive; she would make high-level decisions. Mayer, ▇

▇ Plaintiffs have thus explained—and cited documentary support for—precisely why Mayer is likely to possess unique information.

Courts have sustained Rule 72 objections and compelled additional discovery when the discovery sought is (1) relevant and (2) not duplicative. *Matter of Application of O'Keeffe*, 184 F. Supp. 3d 1362, 1370 (S.D. Fla. 2016) ("[T]he Court concludes that the discovery sought is not unreasonably cumulative or duplicative, and there has been an insufficient showing that the burden or expense, if any, of the proposed discovery outweighs the likely benefits of the discovery, considering the factors set forth in Rule 26(b)(2). Accordingly, the Court concludes that the Magistrate Judge's Order … is clearly erroneous and contrary to law."). That principle applies here. Denying discovery of relevant information on the basis that the party seeking it did not "describe[] the material sought with sufficient specificity" constitutes clear error, *Geophysical Sys. Corp. v. Raytheon Co., Inc.*, 117 F.R.D. 646, 648-649 (C.D. Cal. 1987) (sustaining Rule 72 objection and compelling production where requests were not "specific" but nonetheless adequately described the documents sought), especially because it was OpenAI's burden—not Plaintiffs'—to show why discovery should not be allowed. *See Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012) ("the party opposing discovery has the burden of showing that discovery should not be allowed"); *see also Sky Angel U.S., LLC v. Discovery Commc'ns, LLC*, 28 F. Supp. 3d 465, 481-482 (D. Md. 2014) (sustaining Rule 72 objection in favor of party seeking discovery and noting the burden is on the party resisting discovery).

**B. The Order clearly erred by denying Plaintiffs relevant discovery related to Microsoft.**

The Order further clearly erred by denying Plaintiffs all sources to discover concededly relevant information. As Judge Illman acknowledged, *see* Feb. 11, 2025, Tr. 32:16, discovery related to OpenAI's relationship with Microsoft is relevant, ▇

1. ████████████████████████████████████████
2. OPCO_NDCAL_1622427. But the cumulative effect of these orders is that Plaintiffs cannot get that
3. information from either OpenAI or Microsoft.
4.     At the time the Court decided this dispute, it had preliminarily concluded that Plaintiffs could seek
5. Microsoft's internal documents about its relationship with OpenAI. Thus, even without Mayer, it was at
6. least possible that Plaintiffs could get some of the information they seek from Microsoft. But the Court has
7. since reversed its position and held that Plaintiffs must seek that information from OpenAI itself. Dkt. 383.[1]
8. The Court has thus simultaneously demanded that Plaintiffs seek the information from OpenAI and
9. prevented Plaintiffs from doing just that by denying their request to add Mayer—████████
10. ████████—as a custodian. It was clear error to deny all avenues of access to relevant discovery. *See*
11. *Geophysical Sys. Corp.*, 117 F.R.D. at 648-649 (sustaining Rule 72 objection because defendant's
12. communications with a third party were relevant to establishing alter ego status); *Mezu v. Morgan State*
13. *Univ.*, 495 F. App'x 286, 290 (4th Cir. 2012) (affirming district court's decision sustaining Rule 72(a)
14. objection on relevance grounds). OpenAI's relationship with Microsoft is central to this case and ████
15. ████████████████████████████. Accordingly, she should be designated as a custodian.
16.     **C. The Court erred by basing its ruling on the existing quantity of document custodians.**
17.     Finally, the Order erred in adjudicating Plaintiffs' request to add Ms. Mayer as a custodian based on
18. the quantity of existing custodians in this case. In the first sentence, the Order characterized Plaintiffs'
19. request as one to add "yet another document custodian," and it ruled in light of the fact "that the court has
20. already afforded the designation of quite a large number of custodians." Order at 1, 3. That reasoning is
21. reversible error. As discussed, Ms. Mayer possesses unique, relevant information not encompassed by
22. OpenAI's existing custodians. That is the showing Plaintiffs need to make to add a custodian, and Plaintiffs
23. have made it. This is a large case involving a large defendant—one where "quite a large number of
24. custodians" is inevitable. That inherent reality of a complex case should not have informed the decision
25. whether to specifically add Ms. Mayer as a custodian based on the unique information she possesses, and
26. the Presiding Judge should reverse the Order's reasoning to the contrary.

---

[1] Plaintiffs intend to object to that order as well.

| | |
|---|---|
| Dated: March 13, 2025 | By:     */s/ Maxwell V. Pritt*<br>        Maxwell V. Pritt |

| | |
|---|---|
| **JOSEPH SAVERI LAW FIRM, LLP**<br>Joseph R. Saveri (SBN 130064)<br>Cadio Zirpoli (SBN 179108)<br>Christopher K.L. Young (SBN 318371)<br>William W. Castillo Guardado (SBN 294159)<br>Holden Benon (SBN 325847)<br>Aaron Cera (SBN 351163)<br><br>601 California Street, Suite 1505<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br><br>jsaveri@saverilawfirm.com<br>czirpoli@saverilawfirm.com<br>cyoung@saverilawfirm.com<br>wcastillo@saverilawfirm.com<br>hbenon@saverilawfirm.com<br>acera@saverilawfirm.com<br><br>**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**<br>Bryan L. Clobes (*pro hac vice*)<br>Alexander J. Sweatman (*pro hac vice*)<br>Mohammed A. Rathur (*pro hac vice*)<br>135 South LaSalle Street, Suite 3210<br>Chicago, IL 60603<br>Tel: (312) 782-4880<br>bclobes@caffertyclobes.com<br>asweatman@caffertyclobes.com<br>mrathur@caffertyclobes.com<br><br>Matthew Butterick (SBN 250953)<br>1920 Hillhurst Avenue, 406<br>Los Angeles, CA 90027<br>Telephone: (323) 968-2632<br>Facsimile: (415) 395-9940<br>Email: mb@buttericklaw.com<br><br>**VENTURA HERSEY & MULLER, LLP**<br>Daniel J. Muller (SBN 193396)<br>1506 Hamilton Avenue<br>San Jose, California<br>Telephone: (408) 512-3022<br>Facsimile: (408) 512-3023<br>Email: dmuller@venturahersey.com | **BOIES SCHILLER FLEXNER LLP**<br>David Boies (*pro hac vice*)<br>333 Main Street<br>Armonk, NY 10504<br>(914) 749-8200<br>dboies@bsfllp.com<br><br>Maxwell V. Pritt (SBN 253155)<br>Joshua M. Stein (SBN 298856)<br>Margaux Poueymirou (SBN 356000)<br>Reed Forbush (SBN 347964)<br>44 Montgomery Street, 41st Floor<br>San Francisco, CA 94104<br>(415) 293-6800<br>mpritt@bsfllp.com<br>jstein@bsfllp.com<br>mpoueymirou@bsfllp.com<br>rforbush@bsfllp.com<br><br>Jesse Panuccio (*pro hac vice*)<br>1401 New York Ave, NW<br>Washington, DC 20005<br>(202) 237-2727<br>jpanuccio@bsfllp.com<br><br>Evan Matthew Ezray *(pro hac vice)*<br>401 E. Las Olas Blvd., Suite 1200<br>Fort Lauderdale, FL 33301<br>eezray@bsfllp.com<br><br>*Counsel for Individual and Representative Plaintiffs and the Proposed Class* |