| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676) | ANDREW M. GASS (SBN 259694) |
| JGratz@mofo.com | Andrew.Gass@lw.com |
| TIFFANY CHEUNG (CA SBN 211497) | JOSEPH R. WETZEL (SBN 238008) |
| TCheung@mofo.com | Joseph.Wetzel@lw.com |
| JOYCE C. LI (CA SBN 323820) | LATHAM & WATKINS LLP |
| JoyceLi@mofo.com | 505 Montgomery Street, Suite 2000 |
| MELODY E. WONG (SBN 341494) | San Francisco, California 94111 |
| MelodyWong@mofo.com | Telephone: (415) 391-0600 |
| MORRISON & FOERSTER LLP | |
| 425 Market Street, | ROBERT A. VAN NEST (SBN 84065) |
| San Francisco, California 94105-2482 | rvannest@keker.com |
| Telephone: (415) 268-7000 | R. JAMES SLAUGHTER (SBN 192813) |
| Facsimile: (415) 268-7522 | rslaughter@keker.com |
| | PAVEN MALHOTRA (SBN 258429) |
| ROSE S. LEE (CA SBN 294658) | pmalhotra@keker.com |
| RoseLee@mofo.com | MICHELLE YBARRA (SBN 260697) |
| ALEXANDRA M. WARD (CA SBN 318042) | mybarra@keker.com |
| AlexandraWard@mofo.com | NICHOLAS S. GOLDBERG (SBN 273614) |
| MORRISON & FOERSTER LLP | ngoldberg@keker.com |
| 707 Wilshire Boulevard | THOMAS E. GORMAN (SBN 279409) |
| Los Angeles, California 90017-3543 | tgorman@keker.com |
| Telephone: (213) 892-5200 | KATIE LYNN JOYCE (SBN 308263) |
| Facsimile: (213) 892-5454 | kjoyce@keker.com |
| [CAPTION CONTINUED ON NEXT PAGE] | CHRISTOPHER SUN (SBN 308945) |
| | csun@keker.com |
| Attorneys for Defendants | KEKER, VAN NEST & PETERS LLP |
| OPENAI, INC., OPENAI, L.P., OPENAI | 633 Battery Street |
| OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI | San Francisco, CA 94111-1809 |
| STARTUP FUND GP I, L.L.C., OPENAI | Telephone: (415) 391-5400 |
| STARTUP FUND I, L.P., AND OPENAI | Facsimile: (415) 391-7188 |
| STARTUP FUND MANAGEMENT, LLC | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF MICHAEL TRINH IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 371]** |

1  JOHN R. LANHAM (CA SBN 289382)
   JLanham@mofo.com
2  SARAH J. VANDERVALK (CA SBN 332651)
   SVandervalk@mofo.com
3  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
4  San Diego, CA 92130
   Telephone:    (858) 720-5100
5  Facsimile:    (858) 523-2803

6  CAROLYN M. HOMER (CA SBN 286441)
   CMHomer@mofo.com
7  MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
8  Washington, D.C. 20037
   Telephone:    (202) 887-1500
9  Facsimile:    (202) 887-0763

10 MAX I. LEVY (CA SBN 346289)
   MLevy@mofo.com
11 MORRISON & FOERSTER LLP
   755 Page Mill Road
12 Palo Alto, CA 94304-1018
   Telephone:    (650) 813-5600
13 Facsimile:    (650) 494-0792

14 ERIC K. NIKOLAIDES (*pro hac vice*)
   ENikolaides@mofo.com
15 ZACHARY S. NEWMAN (*pro hac vice*)
   ZNewman@mofo.com
16 MORRISON & FOERSTER LLP
   250 West 55th Street
17 New York, NY 10019-9601
   Telephone:    (212) 468-8000
18 Facsimile:    (212) 468-7900

19 SARANG VIJAY DAMLE (*pro hac vice*)
   Sy.Damle@lw.com
20 MICHAEL A. DAVID (*pro hac vice*)
   Michael.David@lw.com
21 ELANA NIGHTINGALE DAWSON (*pro hac vice*)
   Elana.Nightingaledawson@lw.com
22 LATHAM & WATKINS LLP
   555 Eleventh Street, NW, Suite 1000
23 Washington, D.C. 20004
   Telephone:    (202) 637-2200

24 ALLISON L. STILLMAN (*pro hac vice*)
   Alli.Stillman@lw.com
25 RACHEL R. BLITZER (*pro hac vice*)
   Rachel.blitzer@lw.com
26 HERMAN H. YUE (*pro hac vice*)
   Herman.yue@lw.com
27 LATHAM & WATKINS LLP
   1271 Avenue of the Americas
28 New York, NY 10020
   Telephone:    (212) 751-4864

I, Michael Trinh, hereby declare as follows:

1. I am Associate General Counsel at OpenAI. I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, ECF No. 371, pursuant to N.D. Cal. L.R. 79-5(f)(3). I have personal knowledge of the facts set forth below and, if called as a witness, could testify competently thereto.

2. I have been informed that because Plaintiffs' Motion for Leave to File Second Amended Consolidated Complaint, ECF No. 370, relates to a non-dispositive matter, the information requested to be filed under seal is not subject to a strong presumption of public access, and only a showing of "good cause" is needed to justify sealing the material. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Real Action Paintball, Inc. v. Advanced Tactical Ordinance Sys.*, LLC, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).

3. I have been informed and understand that the OpenAI confidential material contained in ECF Nos. 370 *et seq.* has been designated by OpenAI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order.

4. I submit this declaration in support of redacting certain OpenAI confidential and highly confidential information contained in Plaintiffs' Motion (ECF No. 370) and Exhibits A (ECF No. 370-2), B (ECF No. 370-3), H (ECF No. 370-9), J (ECF No. 370-11), K (ECF No. 370-12), and M (ECF No. 370-14) and Appendices A (ECF No. 370-16) and B (ECF No. 370-18) attached thereto. Public-redacted and under seal highlighted copies of these documents are filed concurrently with this declaration.[1] I also submit this declaration in support of sealing Motion Exhibits C (ECF No. 370-4), D (ECF No. 370-5), F (ECF No. 370-7), G (ECF No. 370-8), I (ECF No. 370-10), and L (ECF No. 370-13) in their entirety given their highly confidential nature and sensitivity. OpenAI does not seek to redact or seal information contained within Motion Exhibits E (ECF No. 370-6) or N (ECF No. 370-15), nor does OpenAI seek to seal the residual portions of

---

[1] The public redacted copy of Plaintiffs' Motion contains yellow highlighting, which reflects Plaintiffs' original redactions. OpenAI's requested redactions of Plaintiffs' Motion are therefore denoted in green in the sealed copy. OpenAI's requested redactions for the remainder of the sealed documents are denoted in standard, yellow highlighting.

TRINH DECL. ISO ECF NO. 371                           1
MASTER FILE NO.3:23-CV-03223-AMO

1  Plaintiffs' Motion or the Exhibits and Appendices attached thereto that are not expressly
2  discussed by this Declaration and/or identified by the highlighted portions of the sealed exhibits
3  filed contemporaneously with this Declaration.

4      5.    Based on my review, certain portions of Plaintiffs' Motion, Exhibits, and
5  Appendices fall into the following categories of information: (i) references to non-public URLs,
6  filenames, technical markers, code, and other identifying information, the disclosure of which
7  could compromise OpenAI security; (ii) highly confidential source code and competitively-
8  sensitive statements concerning technical details of processes and sources for training, testing,
9  and improving OpenAI LLMs; and (iii) competitively-sensitive statements concerning OpenAI's
10  business relationship with Microsoft, including quotations from materials subject to OpenAI's
11  nondisclosure agreement with Microsoft..

12      6.    **Category (i)**. Non-public URLs, filenames, hyperlinks, user IDs, IP addresses,
13  lines of code, and other technological markers are highly sensitive and warrant redaction.
14  Disclosure of this information could compromise OpenAI's internal safety and security measures.
15  OpenAI treats such information as confidential or highly confidential, generally does not publicly
16  disclose this type of information, and takes affirmative steps to protect the confidentiality of that
17  information. Category (i) information can be found in Exhibits I and L and the highlighted
18  portions of Exhibits A, B, H, J, K, and M, each of which are filed under seal contemporaneously
19  with this declaration.

20      7.    **Category (ii)**. The specific processes that OpenAI employs to train and test
21  ChatGPT models, including specific lines of highly confidential source code, the sources and
22  specific amounts of data used to train the models, key process milestones indicating when in the
23  process OpenAI engineers employ select technical measures, tests run to evaluate the models'
24  performance and the results of those tests, assessments of the performance of training data,
25  updates and update timelines to permit better model functionality, actual or potential techniques
26  to improve the models, internal-only development codenames, and confidential technical know-
27  how constitute highly sensitive proprietary information. OpenAI treats such information as
28  confidential or highly confidential. OpenAI generally does not publicly disclose this type of

information and takes steps to protect the confidentiality of that information, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders. Disclosure of this kind of information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI. Category (ii) information can be found in Exhibits C, F, G, I, and L and the highlighted portions of the Motion (at 1, 5, 6, 7, and 9); Exhibits A, H, J, and K; Appendix A (at ¶¶ 66, 79, 89, 90, 94, 95, 151, and 186); and the corresponding parts of Appendix B; each of which are filed under seal contemporaneously with this declaration.

8. **Category (iii)**. OpenAI treats discussions with and internal discussions about current and potential business partners like Microsoft, especially as they relate to the details of their negotiations and dealings, and information subject to their nondisclosure agreements, as confidential. OpenAI generally does not publicly disclose strategic decision-making, negotiations, or the terms of agreements with actual or potential business relationships in order to prevent competitive harm to OpenAI. Moreover, OpenAI and Microsoft have express agreements with confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships. Public disclosure of category (iii) information would cause competitive harm to OpenAI, given the highly competitive nature of the artificial intelligence industry with global stakeholders and could cause violation of OpenAI's confidentiality agreements. Category (iii) information can be found in Exhibits C and D and the highlighted portions of the Motion (at 1, 5, 6, and 7); Appendix A (at ¶¶ 89, 90, 94, 95, 96, 97, 123, 129, 186, 187, and 188), and the corresponding parts of Appendix B; each of which are filed under seal contemporaneously with this declaration.

9. OpenAI's request is narrowly tailored, as OpenAI is not seeking to seal any other portions of the Motion, Exhibits, or Appendices, nor does OpenAI seek to redact or seal information contained within Exhibits E or N.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 13th day of March, 2025, in Redwood City, California.

        */s/ Michael Trinh*
        Michael Trinh
        Associate General Counsel
        OpenAI

## ECF ATTESTATION

I, John Lanham, am the ECF User whose ID and password are being used to file this document. In accordance with Civil L.R. 5-1(i)(3), concurrence in and authorization of the filing of this document has been obtained from Michael Trinh, declarant.

Dated: March 13, 2025                      MORRISON & FOERSTER LLP

By:  /s/ *John R. Lanham*
          John R. Lanham

*Attorney for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC