**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER
& SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
205 N. Monroe Street
Media, PA 19063
Telephone: (215) 864-2800
Email: bclobes@caffertyclobes.com

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Email: dboies@bsfllp.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butboricklaw.com

*Counsel for Individual and Representative
Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 4:23-cv-03416-AMO<br>Case No. 4:23-cv-04625-AMO | Case No. 3:23-cv-03223-AMO<br><br>**PLAINTIFFS' OPPOSITION TO OPENAI'S DECLARATION IN SUPPORT OF SEALING [DKT. 392]** |

Plaintiffs respectfully submit this opposition to OpenAI's Declaration in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, Dkt. 392. OpenAI's declaration seeks to redact vast swaths of Plaintiffs' Motion for Leave to File Second Amended Consolidated Complaint ("SACC"), the exhibits thereto, and even the proposed SACC itself, which would become the operative Complaint in this action if leave is granted. Plaintiffs do not believe most of OpenAI's proposed redactions meet the standards for sealing, and for that reason, OpenAI's declaration should largely be denied.

As this Court has frequently reminded litigants, "court proceedings are presumptively public." Standing Order for Civil Cases Before District Judge Araceli Martínez-Olguín, § H(7) (revised Nov. 22, 2023). There exists a "strong presumption in favor of access" to judicial records in this Circuit. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). Parties seeking to seal records must provide "compelling reasons supported by specific factual findings" to overcome this strong presumption. *Id.* at 1178-79; *see also In re Da Vinci Surgical Robot Antitrust Litig.*, 2024 WL 1687645, at *1 (N.D. Cal. Apr. 17, 2024) (Martínez-Olguín, J.) (citing *Kamakana*). The burden to justify sealing is especially high where the material sought to be sealed accompanies either a dispositive motion or a "nondispositive motion [that is] directly related to the merits of the case" such that "the motion at issue is more than tangentially related to the underlying cause of action." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir. 2016); *see also Good Samaritan Hospital L.P. v. MultiPlan, Inc.*, 2023 WL 6520161, at *1 (N.D. Cal. Sept. 15, 2023) (Martínez-Olguín, J.) (citing *Center for Auto Safety*).

Here, Plaintiffs have moved for leave to file an amended complaint that adds a new defendant, adds new causes of action based on recently produced discovery, and adds additional facts that bear directly on the existing copyright infringement claim. This motion is much more than "tangentially related to the underlying cause of action." *Center for Auto Safety*, 809 F.3d at 1098-99. Indeed, it directly bears on "the public's understanding of the judicial proceedings in this action." *Roberts v. Bloom Energy Corp.*, 2020 WL 6162117, at *4 (N.D. Cal. Oct. 21, 2020). Nor is OpenAI's sealing request without precedent. Just three months ago, when Meta attempted to seal extensive portions of a very similar amended complaint filing in its own generative AI copyright case, Judge Chhabria denied the sealing request in its near-entirety, calling Meta's request "preposterous" and noting that "[w]ith one possible exception, there is not a single thing in

Case No. 3:23-cv-03223-AMO                                  1
PLAINTIFFS' OPPOSITION TO OPENAI'S SEALING DECLARATION [DKT. 392]

those briefs that should be sealed." *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC, Dkt. 373, at 1 (N.D. Cal. Jan. 8, 2025).

Applying these principles here, the vast majority of what OpenAI seeks to seal cannot be reconciled with the governing standards. According to the declaration, OpenAI purportedly seeks to seal three categories of information: (i) "[n]on-public URLs, filenames, hyperlinks, user IDs, IP addresses, lines of code, and other technological markers"; (ii) "[t]he specific processes that OpenAI employs to train and test ChatGPT models"; and (iii) "discussions with and internal discussions about current and potential business partners like Microsoft, especially as they relate to the details of . . . negotiations and dealings, and information subject to . . . nondisclosure agreements." Dkt. 392 at 5. Plaintiffs do not object, at least conceptually, to OpenAI's sealing of Category (i) information. But Plaintiffs largely object to sealing Category (ii) information and fully object to sealing Category (iii) information.

I.      **CATEGORY (II) INFORMATION**

OpenAI seeks to seal a significant quantity of Category (ii) information, which can be found throughout the Motion for Leave, most of the exhibits, and the proposed SACC. While OpenAI defines this category through a long list of representative data types, including "specific lines of highly confidential source code," "the sources and specific amounts of data used to train the models," and "assessments of the performance of training data," Dkt. 392 at 1, it really just amounts to a request to seal all information about the technical processes underlying its ChatGPT models. Some of this is properly sealable. For instance, specific excerpts directly reciting OpenAI's source code—as opposed to generalized references to certain aspects of the source code—may be appropriate to seal. But much of this information is *not* sealable. Here, OpenAI wants to seal all references to a single feature that Plaintiffs identified within OpenAI's source code. *See* Dkt. 392-1 at 16; Dkt. 392-8 at ¶ 66. Plaintiffs do not recite the code itself, but instead conceptually describe a process whose public disclosure could not possibly cause competitive harm to OpenAI. Relatedly, OpenAI's request to seal all information about the data mix used to train the ChatGPT models is analogous to some of Meta's sealing requests that were deemed "preposterous" by Judge Chhabria. Meta's sealing motion used much of the same terminology that OpenAI uses here, as shown in the following chart of unsuccessful sealing justifications that Meta raised. *See Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417-VC,  Dkt. 310-1 (N.D. Cal. Dec. 4, 2024).

| DOCUMENT | SEALING JUSTIFICATION | RESULT |
|---|---|---|
| Exhibit 1 | "A highly sensitive, internal communication between Meta employees discussing the use of various datasets to train Meta's generative AI models." | Denied |
| Exhibit 2 | "A compilation of highly sensitive comments made by Meta employees on a confidential internal document concerning datasets used to train Meta's generative AI models." | Denied |
| Exhibit 7 | "A highly sensitive internal document with detailed technical discussion concerning one of the datasets used to train Meta's generative AI models, including discussion of its implementation and use in developing those models." | Denied |
| Exhibit 8 | "A confidential communication between Meta employees concerning, among other things, non-public techniques for data processing, training datamix strategy, and positioning relative to competitors." | Denied |
| Exhibit 9 | "An internal communication concerning Meta's highly sensitive methods and processes for obtaining data for use in training its generative AI models." | Denied |
| Appendices A and B, Proposed Amended Complaint and Redline | "Reflect, refer to, and discuss the information contained in the highly confidential documents above. To the extent portions of the materials Meta seeks to seal include non-confidential background information, sealing of such information within the context of Plaintiffs' Motion and proposed amended complaint is necessary to maintain the confidentiality of Meta's protected information, as the discussion necessarily implies conduct by Meta which is highly sensitive, non-public, and which Meta has taken steps to keep confidential." | Denied |

The takeaway is clear: just because information relates to the technical functioning of an AI language model, and just because the developer would prefer to keep it confidential, does not mean the information meets the standards for sealing in this Circuit. OpenAI follows directly in Meta's footsteps, and its request to seal Category (ii) information should largely be denied for that reason.

II.   CATEGORY (III) INFORMATION

The story is similar for Category (iii) information, which also can be found throughout the Motion for Leave, the exhibits, and the proposed SACC. This information includes "discussions with and internal discussions about current and potential business partners like Microsoft," "information subject to . . . nondisclosure agreements," and "strategic decision-making, negotiations, or the terms of agreements with

Case No. 3:23-cv-03223-AMO                                3
PLAINTIFFS' OPPOSITION TO OPENAI'S SEALING DECLARATION [DKT. 392]

actual or potential business relationships." Dkt. 392 at 5. In short, OpenAI does not want certain arrangements with Microsoft to be publicly divulged, so it redacts all references to them.

Disclosing the broad subject matter of such arrangements—not the contracts themselves—cannot cause competitive harm. It is no secret that OpenAI partners regularly with Microsoft, and the fact that OpenAI did so again here is not competitively sensitive information. The same is true regarding OpenAI's practice of categorically redacting any references to, or quotes from, case documents produced in this litigation that relate to such arrangements. *E.g.*, Dkt. 392-8 at ¶¶ 89-90, 94-97. Based on the contents of the redacted excerpts, OpenAI appears to request to seal these materials not because they divulge trade secrets, but instead for the impermissible purpose of avoiding "a litigant's embarrassment . . . or exposure to further litigation." *Kamakana*, 447 F.3d at 1179. Moreover, the fact that some of this information is governed by confidentiality agreements is not sufficient to satisfy the strict standards for sealing in federal court. *See, e.g.*, *Lee v. Clark*, 2019 WL 13412547, at *1 (N.D. Cal. May 29, 2019) (holding the fact "that the redactions concern information subject to a confidentiality agreement . . . does not satisfy the compelling reasons requirement"); *Louisiana Pacific Corp. v. Money Market 1 Institutional Investment Dealer*, 2013 WL 636028, at *1 (N.D. Cal. Feb. 20, 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause, 'let alone a compelling reason,' to seal") (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). The public's right to access judicial records outweighs any confidentiality interests held by OpenAI and Microsoft here.

### III.     THE PROPOSED AMENDED COMPLAINT

One final note: regardless of how the information is categorized, OpenAI's attempt to redact significant portions of the proposed SACC warrants special attention. If Plaintiffs' Motion for Leave is granted, the SACC will become the operative complaint in this case. Initial pleadings are paradigmatic Court records that should be publicly accessible. *See In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *2 (N.D. Cal. Sept. 25, 2013) (observing "this Court and other courts have held that the compelling reasons standard applies because a complaint is the foundation of a lawsuit," and collecting cases). With respect to certain causes of action (especially the Sherman Act claims), an interested member of the public could read the entire SACC and still not understand the basis for Plaintiffs' allegations due to OpenAI's proposed

redactions. At a minimum, if Plaintiffs' Motion for Leave is granted, Plaintiffs should be allowed to refile the SACC without any redactions so the public can understand the new allegations in this case.

Dated: March 17, 2025

By:    */s/ Maxwell V. Pritt*
       Maxwell V. Pritt

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
William W. Castillo Guardado (SBN 294159)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
wcastillo@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@buttericklaw.com

**VENTURA HERSEY & MULLER, LLP**
Daniel J. Muller (SBN 193396)
1506 Hamilton Avenue
San Jose, California
Telephone: (408) 512-3022

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Margaux Poueymirou (SBN 356000)
Reed Forbush (SBN 347964)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
mpoueymirou@bsfllp.com
rforbush@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Evan Matthew Ezray *(pro hac vice)*
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
eezray@bsfllp.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

1  Facsimile: (408) 512-3023
   Email: dmuller@venturahersey.com
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28