March 18, 2025

**Via ECF**

The Honorable Robert M. Illman
United States District Court for the Northern District of California
Eureka-McKinleyville Courthouse
3140 Boeing Ave.
McKinleyville, CA 95519

    Re:    *In re OpenAI ChatGPT Litigation*, Master File No. 23-cv-3223-AMO Joint Letter

Dear Judge Illman:

    Pursuant to the Court's Standing Order, the parties hereby submit this joint discovery letter brief concerning Plaintiffs' request for *in camera* privilege review of 20 documents clawed back by OpenAI. The parties met and conferred multiple times but were unable to reach a resolution of this dispute.

**Plaintiffs' Statement**

This dispute arises from a series of clawback notices that OpenAI has issued in recent weeks. On January 14, 2025, OpenAI clawed back 10 documents on the basis of attorney-client privilege. Over the following three weeks, OpenAI clawed back five more. Then, on February 20, the evening before the deposition of OpenAI witness Peter Welinder, OpenAI clawed back another 14 documents, followed by two more during the deposition. Each time Plaintiffs received a clawback notice, they promptly sequestered the implicated documents as required under Fed. R. Civ. P. 26(b)(5)(B). Pursuant to that same rule, Plaintiffs now ask that the Court make *in camera* privilege determinations with respect to 20 of the clawed back documents.[1]

When a producing party claws back documents, Rule 26(b)(5)(B) provides that any party may "promptly present the information to the court under seal for a determination of the claim." That rule expressly governs the clawbacks in this case: in fact, it is incorporated by reference into the Protective Order. Dkt. 106, ¶ 13. Plaintiffs thus request that the Court order OpenAI to submit the 20 clawed back documents for *in camera* review to determine the validity of its asserted privilege claims.[2] Under the plain language of Rule 26(b)(5)(***B***), no *prima facie* showing is required, and *in camera* review is the default. But even if Plaintiffs were required to make a *prima facie* showing, as would be required for a challenge to a privilege claim under Rule 26(b)(5)(***A***), such a showing is easily made here, and *in camera* review would still be warranted.

## I. Rule 26(b)(5)(B) Provides for *In Camera* Review Without a *Prima Facie* Showing

Under Rule 26(b)(5)(B), a party receiving a clawback notice may "promptly present the information to the court under seal for a determination of the [privilege] claim." The rule does not require leave of Court or any other predicate step before presenting the documents for *in camera* review. OpenAI's assertion that there exists some atextual requirement of a *prima facie* showing before *in camera* review occurs contradicts Rule 26(b)(5)(B)'s plain text.

Courts flatly reject the notion that predicate steps are required before submitting clawed back documents for *in camera* review. *See In re Google RTB Consumer Privacy Litig.*, 2022 WL 1316586, at *2 (N.D. Cal. May 3, 2022) (in the event of a disputed clawback, "generally the Court will require submission of the disputed document for *in camera* review."); *Great-West Life & Annuity Ins. Co. v. Am. Economy Ins. Co.*, 2013 WL 5332410, at *9 & n.4 (D. Nev. Sept. 23, 2013) (holding the challenging party's "request for leave," "[r]ather than provid[ing] the material under seal with the motion," "is not supported by . . . Rule 26(b)(5)(B)"). The directive is therefore clear: when a party contests a clawback notice, *in camera* review is the very next step. Notably, OpenAI cites no authority to the contrary and instead relies extensively on inapposite case law interpreting the *in camera* review standard under Rule 26(b)(5)(***A***).[3] OpenAI's allegations about "knee-jerk" privilege challenges are baseless for that same reason. Plaintiffs immediately notified OpenAI of their *intention* to challenge OpenAI's clawback assertions, which was informed by Rule

---

[1] OpenAI withdrew 11 privilege claims after the parties meet and conferred, leaving 20 in dispute.
[2] Rule 26(b)(5)(B) allows *any* party to promptly present clawed-back documents to the Court under seal. In an abundance of caution, Plaintiffs are proceeding pursuant to traditional letter briefing and respectfully ask that OpenAI submit the 20 documents since Plaintiffs have sequestered them.
[3] OpenAI's attempt to distinguish *In re Google* and *Great-West* falls flat. Those parties' protocols did not alter Rule 26(b)(5)(B). The *In re Google* court even held that "the proposed [Rule 502(d)] order must *not* preclude [in camera] submission." 2022 WL 1316586 at *2 (emphasis added).

26(b)(5)(B)'s requirement of "prompt[]" action. The parties then conferred multiple times over several weeks before this letter brief was filed, and the universe of implicated documents was narrowed from 31 to 20—all signs of appropriate dispute resolution by the parties rather than "knee-jerk" letter briefing.

## II. Even If a *Prima Facie* Showing Were Required, Plaintiffs Satisfy It Here.

Under Rule 26(b)(5)(**A**), the standard for *in camera* review of **non**-clawed back documents is a low one: the challenging party simply must make "a factual showing sufficient to support a reasonable, good-faith belief" that the documents may not be privileged. *E.g.*, *In re Grand Jury Investigation*, 974 F.2d 1068, 1073 (9th Cir. 1992). A reasonable, good-faith belief exists here. OpenAI's privilege assertions have three problems. First, a clawback notice must "be sufficiently detailed so as to enable the receiving party and the court to understand the basis for the claim." Fed. R. Civ. P. 26(b)(5), adv. comm. notes (2006 amend.). But OpenAI's clawback notice emails just listed a string of Bates numbers without *any* explanation of why the documents are purportedly privileged. That is plainly insufficient to support the burden of establishing privilege, which falls squarely on OpenAI. *E.g.*, *U.S. v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). A belated privilege log can't cure that; rather, under the plain text of Rule 26(b)(5), OpenAI's failure to substantiate its claims in the clawback notice rendered it invalid. Relatedly, the mere listing of long strings of Bates numbers is also a symptom of the rapid rate of OpenAI's clawbacks—31 documents in January and February, plus another **45** that were clawed back in early March and about which the parties are still conferring. At a minimum, these facts support *in camera* review.

Second, OpenAI's log entries raise serious questions about the veracity of the new privilege claims. As **Exhibit A** shows, they're little more than copy-pasted boilerplate and they do not sufficiently describe the documents' contents. Nor does the mere fact that a document may implicate "copyright law" make it privileged. There's also no such thing as a "privileged Slack channel." Plaintiffs cannot discern from OpenAI's log entries whether the document or redacted information actually contains legal advice as opposed to business issues. *See, e.g.*, *Illumina Inc. v. BGI Genomics Co.*, 2021 WL 2662074, at *4 (N.D. Cal. June 29, 2021) (rejecting privilege claims over "businessperson's statement that the company needs to assess legal risk" and a "slide deck that mentions potential legal risk"). Further, the log entries render certain privilege assertions implausible. One entry, OPCO_NDCAL_1457303, is apparently an Excel spreadsheet containing legal advice from three separate OpenAI attorneys. Ex. A. This is highly unusual, particularly because the custodian is Nick Turley, a *businessperson* on OpenAI's product team. Several other entries have blank cells for the "Legal Participants" field. "Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance." *Epic Games, Inc. v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024).

Finally, the redacted reproduced versions of certain documents raise even more questions. The non-redacted context of these documents suggests that OpenAI is asserting privilege over anti-regurgitation efforts, i.e., technical efforts to prevent its models from outputting copyrighted text. *See, e.g.,* OPCO_NDCAL_1464960. But these are technical business matters, and in-house counsel's role in such activities does not render their communications privileged. *See Kadrey v. Meta Platforms, Inc.*, 2025 WL 82205, at *2 (N.D. Cal. Jan. 13, 2025) (privilege may protect the "why" but not the "what" of copyright risk mitigations). Moreover, as it concedes, OpenAI has produced other documents acknowledging the legal and reputational risks around regurgitation. OPCO_NDCAL_1688072-091 (slides concluding "[r]egurgitation from generative models poses a risk to OpenAI" and OpenAI can try to "prevent regurgitation in LMs by clever masking").

### III. OpenAI's Excessive, Untimely, and Inconsistent Clawbacks Waived Any Privilege

Rule 26(b)(5)(B) provides a procedural mechanism to address the specific event where a privileged document is produced inadvertently. It in no way permits a party to claw back dozens of documents *ad infinitum*. OpenAI's pattern of eleventh-hour clawbacks and haphazard, conflicting redactions make clear that OpenAI did not perform a reasonable privilege review before production. It has thus waived any privilege it may have had in the documents. *E.g.*, *U.S. ex rel. Bagley v. TRW, Inc.*, 204 F.R.D. 170, 179 (C.D. Cal. 2001) (number of inadvertent disclosures relevant to waiver). That OpenAI clawed back relevant documents pertaining to a witness the night before his deposition, and then clawed back even more documents *mid-deposition* that purportedly conveyed similar information, shows OpenAI was not reasonably policing privilege. And the redactions are inconsistent across the documents.[4] Further, OpenAI's has not "promptly" notified Plaintiffs of clawbacks. Instead, it has made a habit of stockpiling long lists of clawed back documents over multiple weeks and then serving them in large batches. The Court should hold OpenAI's carelessness and inconsistent redactions have waived any privilege.

### OpenAI's Statement

Plaintiffs' request should be denied for three reasons: (1) Plaintiffs fundamentally misread Rule 26 and fail to provide evidence justifying *in camera* review; (2) OpenAI's privilege log fully supports OpenAI's privilege claim; and (3) OpenAI has not waived privilege. In the alternative, if the Court requires additional information, OpenAI is prepared to submit non-privileged evidence to confirm the privileged status of the challenged documents.

*First,* Plaintiffs fail to provide facts sufficient to justify *in camera* review of privileged materials. Courts consistently hold that in order "to empower the district court to review the disputed materials" *in camera*, Plaintiffs must "show a factual basis sufficient to support a reasonable, good faith belief that in camera inspection may reveal evidence that information in the materials is not privileged. If the party makes such a showing, the decision whether to conduct the review rests within the discretion of the district court." *Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *2 (N.D. Cal. Aug. 1, 2024). Plaintiffs provide no "*factual basis* sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence" that the materials are not privileged. *In re Grand Jury*, 974 F.2d 1068, 1074-75 (9th Cir. 1992) (emphasis added). Plaintiffs speculate that material is not privileged, but they do not provide any *evidence*. Attorney argument about what is purportedly unusual is not *evidence*. *See In re Ditropan XL Antitrust Litig.*, 2007 WL 3256208, at *1, *3 (N.D. Cal. Nov. 5, 2007). It is not unusual for engineers to request or attorneys to provide legal advice via privileged spreadsheets like OPCO_NDCAL_1457303. *See U.S. ex rel. Schmuckley v. Rite Aid.*, 2023 WL 425841, at *4 (E.D. Cal. Jan. 26, 2023) ("the spreadsheet . . . is also privileged"). Each entry in OpenAI's log describes the communication "without revealing information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A)(ii). Some of the entries are repetitive because documents include the same content, are part of the same

---

[4] One example is OPCO_NDCAL_1470383. OpenAI provisionally reproduced the document in redacted form on February 21 and Plaintiffs questioned Mr. Welinder using that version. But when OpenAI formally reproduced the document a few days later, OpenAI *redacted an additional sentence* beyond what was redacted in the version used to question Mr. Welinder. Inconsistent redactions result in waiver. *E.g.*, *In re Brand Name Prescription Drugs Antitrust Litig.*, 1995 WL 683777, at *3 (N.D. Ill. Nov. 16, 1995) (finding waiver "as to the inconsistent redactions").

3

Slack chain, or address similar subject matter. Finally, communications among non-lawyers that repeat legal advice requested or received from attorneys are privileged. *Baxter Healthcare v. Fresenius Med. Care Holding*, 2009 WL 533124, at *1 (N.D. Cal. Mar. 3, 2009). Moreover, Plaintiffs' complaints about a small number of inconsistent redactions does not justify the intrusion of *in camera* review. Any discrepancy could have been addressed without motion practice. (Dkt. 357 at 6:6-20.)[5]

Even if Plaintiffs asserted an adequate factual basis to challenge privilege, courts balance several factors before permitting *in camera* review. These include (1) the volume of materials, (2) the importance of the documents, and (3) whether *in camera* review will provide more information than a fulsome log. *See In re Grand Jury,* 974 F.2d at 1074-75. Plaintiffs do not even address these factors, so their request should be denied. In any event, the factors weigh against *in camera* review. (1) Plaintiffs are asking the Court to review 20 documents now, and have signaled their intent to raise multiple future privilege disputes. *Cf. Epic Games*, No. 2024 WL 4947269, at *1 (allowing review of only 11 documents). (2) Plaintiffs have not shown that the challenged documents are uniquely important. OpenAI has already provided Plaintiffs with other non-privileged documents and relevant technical information, which weighs against *in camera* review of privileged documents. OpenAI has produced more than 2,000 non-privileged documents related to "regurgitation." Privilege protects the legal advice behind risk mitigation efforts. And (3), *in camera* review will not provide more information to assess the privilege than OpenAI's privilege log. *In re Grand Jury*, 974 F.2d at 1074-75.

Courts regularly resolve privilege disputes without *in camera* review. *See Rock River v. Universal Music*, 745 F.3d 343, 353 (9th Cir. 2014) (requiring a threshold showing); *In re Google RTB Consumer Priv. Litig.*, 2024 WL 3642191, at *2 (holding *in camera* review is "an intrusion which must be justified."). Plaintiffs incorrectly suggest Rule 26(b)(5)(B) turns the showing required for *in camera* review on its head, but Plaintiffs cite no proper authority that imposes different thresholds for *in camera* review under subsection 5(A) and 5(B). Instead, *Rock River* – a copyright case that postdates the 2006 amendments to Rule 26 that added the language in part B cited by Plaintiffs – is controlling and applied a uniform rule. There, the Ninth Circuit *affirmed* the decision *not to conduct in camera review* when the privilege challenge was "based on little more than unfounded suspicion." *Rock River*, 745 F.3d at 353. The result here should be the same. Unlike Plaintiffs' cited cases, the Court's protective order here does not require *in camera* submissions, and OpenAI does not concede *in camera* review is proper. *See Great-W. Life & Annuity Ins. v. Am. Econ. Ins.*, 2013 WL 5332410, at *8-9 (D. Nev. Sept. 23, 2013); *In re Google RTB Consumer Priv. Litig.*, 2022 WL 1316586, at *1 (N.D. Cal. May 3, 2022). And Plaintiffs' reliance on *Illumina* actually supports OpenAI's position: there the Court began reviewing some disputed documents *in camera* but stopped because the challenging party was complaining about "small redactions," and had "metastasized" the dispute "into expensive and unproductive satellite litigation." *See Illumina v. BGI Genomics*, 2021 WL 2662074, at *5 (N.D. Cal. June 29, 2021). Plaintiffs are

---

[5] Plaintiffs' other cases do not help them. *U.S. v. Richey* relates to a summons for a potentially privileged file in a tax controversy. 632 F.3d 559, 566 (9th Cir. 2011). The cited portion of *Kadrey v. Meta Platforms* concerns the scope of deposition questioning. 2025 WL 82205, at *2 (N.D. Cal. Jan. 13, 2025). *Epic Games v. Apple* stands for the unremarkable proposition that "a business case analysis bereft of any legal advice" is not privileged. 2024 WL 4947269, at *1.

4

doing the same here – 13 of their challenged clawbacks concern tailored redactions.

***Second***, OpenAI's supplemental privilege log fully establishes its privilege claims. *See* Exhibit A. Nonetheless, Plaintiffs have announced that this dispute is step one in challenging all of OpenAI's privilege claims. Indeed, within four minutes of a clawback, Plaintiffs' counsel announced it would seek *in camera* review of *all* the newly clawed back documents. Minutes after OpenAI sent its draft of this letter, Plaintiffs for the first time raised other privilege claims from a privilege log served in January. Yesterday they revealed yet another alleged clawback dispute that they intend to raise in a later motion, all but ensuring that this will be the first of multiple requests for *in camera* review after any party claws back a document. Plaintiffs' serial disputes and knee-jerk requests for *in camera* review should be denied. *Om Recs. v. OM Dev.*, 2024 WL 4100870, at *6 (N.D. Cal. Sept. 6, 2024) (Illman, J.); (Dkt. 357 at 6:6-20); *Alvarado v. FedEx*, 2009 WL 2969474, at *3 (N.D. Cal. Sept. 11, 2009); *Ritchie v. Sempra Energy*, 2015 WL 12912030, at *17 (S.D. Cal. June 11, 2015).

***Third,*** there is no privilege waiver if (1) disclosure was inadvertent; (2) the holder took reasonable steps to prevent disclosure; and (3) the holder promptly took reasonable steps to address the disclosure, including following Fed. R. Civ. P. 26(b)(5)(B). Fed. R. Evid. 502(b). (1) Plaintiffs do not dispute that the disclosure was inadvertent. Plaintiffs are wrong that the privilege log is "belated" if served after the clawback notice. The text of Rule 26(b)(5)(B) does not require "simultaneous" service of the log with the clawback notice, and OpenAI served its logs within the allowable time. *See Burlington N. & Santa Fe Ry. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005) (same-time logs not required); *Rattie v. Balfour Beatty Infras.*, 2023 WL 5507174, at *6 (N.D. Cal. Aug. 25, 2023) (no waiver or *in camera* review). Plaintiffs cannot have it both ways, complaining both that OpenAI issued clawbacks at a "rapid rate" but also did not "promptly" notify Plaintiffs. (2) OpenAI took reasonable steps to prevent disclosure. As context, in addition to OpenAI providing Plaintiffs with access to more than 175 terabytes of technical training data and source code, OpenAI has reviewed more than 900,000 documents, and produced more than 100,000. Only 20 documents are at issue here. *U.S. ex rel Parikh v. Premera Blue Cross*, 2007 WL 162726, at *2 (W.D. Wash. Jan. 17, 2007) (No waiver: "the privileged document constitutes only a small percentage . . . ."). Many of the clawbacks were narrow, with only a sliver of the document redacted for privilege, which weighs against waiver. *Dover v. Brit. Airways*, 2014 WL 4065084, at *3 (E.D.N.Y. Aug. 15, 2014) (no waiver: "The protected information occupies a small percentage [of the document.]"). (3) When OpenAI found inadvertently produced privileged material, it promptly notified Plaintiffs. OpenAI was proactive. Finally, the *TRW* case found that there was *no waiver* even though it *predates* the stringent limits in the current versions of Rule 26 and Rule 502(b). *U.S. ex rel. Bagley v. TRW,* 204 F.R.D. 170, 175-76, 185, 187 (C.D. Cal. 2001).

If the Court believes more information would assist it, the Court may defer review to consider other non-privileged evidence. *See U.S. v. Zolin*, 491 U.S. 554, 572 (1989). To the extent it would benefit the Court, before Plaintiffs impose the burden of document review on the Court, OpenAI asks for leave to submit concise declarations from OpenAI in-house counsel and employees to confirm under oath that the challenged documents are privileged. Mindful of the Standing Order prohibiting attachments to discovery joint letters, these declarations have not yet been filed.

The Court should deny Plaintiffs' request or, in the alternative, grant OpenAI leave to submit declarations prior to *in camera* review.

By:  /s/ *Brian M. Kramer*

Brian M. Kramer
**MORRISON & FOERSTER LLP**
12531 High Bluff Dr, Suite 100
San Diego, CA 92130
Telephone: (858) 720-5100
Fax: (858) 720-5125
Email: BKramer@mofo.com

Christopher Sun
**KEKER, VAN NEST & PETERS LLP**
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: CSun@keker.com

Elana Nightingale-Dawson (*pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh St., NW, Suite 1000
Washington, DC 20004
Telephone: (202) 637-2200
Email: Elana.NightingaleDawson@lw.com

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI
OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI
STARTUP FUND GP I, L.L.C., OPENAI
STARTUP FUND I, L.P., AND OPENAI
STARTUP FUND MANAGEMENT, LLC

By:  /s/ *Maxwell V. Pritt*

**BOIES SCHILLER FLEXNER LLP**
David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
(914) 749-8200
dboies@bsfllp.com

Maxwell V. Pritt (SBN 253155)
Joshua M. Stein (SBN 298856)
Reed D. Forbush (SBN 347964)
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
(415) 293-6800
mpritt@bsfllp.com
jstein@bsfllp.com
rforbush@bsfllp.com

Jesse Panuccio (*pro hac vice*)
1401 New York Ave, NW
Washington, DC 20005
(202) 237-2727
jpanuccio@bsfllp.com

Evan M. Ezray (*pro hac vice*)
401 East Las Olas Blvd. Suite 1200
Fort Lauderdale, FL, 33301
(954) 377-4237
eezray@bsfllp.com

**JOSEPH SAVERI LAW FIRM, LLP**
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Holden Benon (SBN 325847)
Aaron Cera (SBN 351163)

601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940

jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
hbenon@saverilawfirm.com
acera@saverilawfirm.com

Matthew Butterick (SBN 250953)
mb@buttericklaw.com
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**
Bryan L. Clobes (*pro hac vice*)
Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Tel: (312) 782-4880
bclobes@caffertyclobes.com
asweatman@caffertyclobes.com
mrathur@caffertyclobes.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)**

I hereby attest that I obtained concurrence in the filing of this document from each of the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 18, 2025

BOIES SCHILLER FLEXNER LLP

*/s/ Maxwell V. Pritt*
Maxwell V. Pritt

*Counsel for Plaintiffs*