# EXHIBIT 1

1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3    Before The Honorable Araceli Martinez-Olguin, District Judge

4

5   TREMBLAY, et al.,              )
                                   )
6             Plaintiffs,          )
                                   )
7   vs.                            )   No. C 23-03223-AMO
                                   )
8   OPENAI, INC., et al.,          )
                                   )
9             Defendants.          )
    _____)

10
                                   San Francisco, California
11                                 Tuesday, November 26, 2024

12
      TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13             RECORDING 9:39 - 10:06 = 26 MINUTES

14  APPEARANCES:

15  For Plaintiffs:
                                   Joseph Saveri Law Firm, LLP
16                                 601 California Street
                                   Suite 1000
17                                 San Francisco, California
                                     94108
18                          BY:    JOSEPH SAVERI, ESQ.

19                                 Matthew Butterick, Attorney at
                                     Law
20                                 1920 Hillhurst Avenue
                                   Suite 406
21                                 Los Angeles, California 90027
                            BY:    MATTHEW BUTTERICK, ESQ.
22

23

24
                 (APPEARANCES CONTINUED ON NEXT PAGE)
25

2

```
 1  For Plaintiffs:
                                 Cafferty Clobes Meriwether &
 2                                  Sprengel, LLP
                                 135 South LaSalle Street
 3                               Suite 3200
                                 Chicago, Illinois 60603
 4                          BY:  ALEXANDER SWEATMAN, ESQ.

 5  For Defendants:
                                 Keker Van Nest & Peters, LLP
 6                               633 Battery Street
                                 San Francisco, California
 7                                  94111
                            BY:  PAVEN MALHOTRA, ESQ.
 8
                                 Morrison & Foerster, LLP
 9                               425 Market Street
                                 San Francisco, California
10                                  94105
                            BY:  JOSEPH C. GRATZ, ESQ.
11
                                 Latham & Watkins, LLP
12                               505 Montgomery Street
                                 Suite 2000
13                               San Francisco, California
                                    94111
14                          BY:  ANDREW M. GASS, ESQ.

15                               Latham & Watkins, LLP
                                 555 Eleventh Street, NW
16                               Suite 1000
                                 Washington, DC 20004
17                          BY:  ELANA N. DAWSON, ESQ.

18  Transcribed by:              Echo Reporting, Inc.
                                 Contracted Court Reporter/
19                               Transcriber
                                 echoreporting@yahoo.com
20

21

22

23

24

25
```

3

1  <u>Tuesday, November 26, 2024</u>                              <u>9:39 a.m.</u>

2                    P-R-O-C-E-E-D-I-N-G-S

3                         --oOo--

4            THE CLERK:  Calling civil matter 23-3223,

5  Tremblay, et al. v. OpenAI, Incorporated, et al.

6       Counsel, please state your appearances for the record,

7  starting with the Plaintiffs.

8            MR. SAVERI:  Good morning, your Honor.  I hope you

9  can hear me.  Joseph Saveri on behalf of the Plaintiffs.

10           THE COURT:  Good morning, Mr. Saveri.

11           MR. BUTTERICK:  Good morning, your Honor.  Matthew

12  Butterick on behalf of the Plaintiffs.

13           THE COURT:  Good morning, Mr. Butterick.

14           MR. MALHOTRA:  Good morning, your Honor.  Paven

15  Malhotra of Keker, Van Nest and Peters on behalf of

16  Defendant, OpenAI.

17           THE COURT:  Good morning, Mr. Malhotra.

18           MR. MALHOTRA:  Good morning.

19           THE COURT:  I'm going to pause.  I'm going to stop

20  saying good morning.  I'm just going to let you all state

21  all of your appearances, and I will do an omnibus good

22  morning when we're all done.

23       Go ahead, counsel.

24           MR. GASS:  Good morning, your Honor.  Andy Gass

25  from Latham and Watkins on behalf of OpenAI.

4

1          MS. DAWSON:  Good morning, your Honor.  Elana

2 Nightingale Dawson, also Latham and Watkins, on behalf of

3 OpenAI.

4          MR. GRATZ:  Good morning, your Honor.  Joe Gratz

5 from Morrison and Foerster on behalf of OpenAI.

6          MR. SWEATMAN:  Good morning, your Honor.  Alex

7 Sweatman from Cafferty Clobes Meriwether and Sprengel on

8 behalf of the Plaintiffs.

9          THE COURT:  I think that's everyone, so -- all

10 right.  Good morning, everyone.  All right, folks.  So we're

11 here for a -- well, we're here for one main thing, right,

12 which is you all want more time.  And, you know, I got from

13 you all the initial request to do this, and then I got your

14 joint stipulation.  So let me talk with you all because here

15 -- let me start by just expressing a handful of things.  So

16 I'm sure it will come to no surprise to any of you that I've

17 been in touch with Judge Wang in the Southern District of

18 New York.  I've also been in touch with Judge Stein from the

19 Southern District of New York.  I've also been in touch with

20 Judge Illman, my colleague on this court.

21     So let me highlight for you some of the problems that I

22 see with your stip.  One, you told Judge Wang you're going

23 to ask me for 90 days.  You did not.  You asked for twice

24 that.  Two, you all sat on your hands and waited for a very

25 long time to ask me for any time.  Three, you all are citing

5

1  to me this decision from Judge Illman.  I've read his

2  decision.  And just to make sure that I wasn't

3  misunderstanding his decision, I called Judge Illman because

4  what I saw in his order was him saying initially to

5  Plaintiffs, "Give the Defendants 30 days to try and sort out

6  some things in the New York case."  He does not tell you to

7  keep waiting.  So I can't tell -- now, here's the last thing

8  I want to -- I want to remind you all that I know, which I

9  think you all know I know, Defendants did not want these two

10  cases brought together in this district, right?  Defendants

11  chose not to have the New York case brought here under first

12  to file.  So I don't want to hear that you're having trouble

13  now dealing with discovery in two cases because you chose

14  that.

15      So let me hear from you all, because I'm at a loss.

16  I'm a little bit at a loss.  I'm unhappy with this.  I hope

17  this is clear.  I don't think anyone has clean hands here.

18  I think Mr. Saveri and Plaintiffs have waited and waited and

19  waited, and I don't know why, right?  You waited -- you were

20  going to ask for three -- you told Judge Wang -- you wrote

21  to Judge Wang in the summer telling her you're going to ask

22  me for three months.  Never asked for that time.  Instead,

23  you waited an additional set of months and asked for six

24  months for reasons I don't fully understand.  And on top of

25  it, to the extent that I can tell that what Defendants are

6

1  hoping to do is to save themselves, which I respect and

2  understand the trouble of having to produce witnesses twice,

3  there was an easy way to do that if you brought the cases

4  together, or at least may -- I can't -- you haven't -- I

5  need you all to tell me what you have accomplished.  This is

6  in your stip, and I've looked at it when you initially filed

7  it, but I need you all to tell me again what diligence you

8  all have shown, because I, right now, am failing to see it.

9  And any one of you can start.  But actually -- I'm actually

10 going to turn --

11     I'm so sorry, Mr. Malhotra, you're the first -- you're

12 the first attorney I remember who's on Defendants' side.  So

13 if this question is better posed to your colleagues, you

14 throw them under the bus and throw them at me instead.

15          MR. MALHOTRA:  I am happy -- I'm happy to take

16 your questions --

17          THE COURT:  Okay.

18          MR. MALHOTRA:  -- your Honor.  First, I want to

19 address your question about diligence, and, second, I want

20 to address your broader concern about the case schedule.

21          THE COURT:  All right.  Hit it.

22          MR. MALHOTRA:  So first, with respect to

23 diligence, this is a complicated case, but OpenAI has been

24 working to try to make as much progress as we can on

25 discovery.  And with respect to document discovery, for

7

example, I think as of yesterday, we've produced something like 63,000 documents.  We have also made large volumes of training data available to the Plaintiffs.

THE COURT:  I'm going to stop you, Mr. Malhotra, because the one place I was going -- I want you to talk to me about your efforts to try and offer any witnesses for deposition because that's where I understand your third discovery dispute arose back in the summer when, to your benefit, Judge Illman asked the Plaintiffs to hold tight for 30 days to give you a chance to figure some of those things out.  So I want to hear what's happened with depositions.  I -- I'm grateful you all have continued to exchange the papers.  I saw that.  I did note that in the stip.  Tell me about the depositions.

MR. MALHOTRA:  So we have spent the last few months trying to coordinate depositions with Mr. Saveri's firm as well as firms in New York.  And competing proposals were sent to Judge Wang.  She decided it was premature to actually enter a deposition protocol because document discovery is ongoing.  And so no deposition protocol has been entered.  But we anticipate that the depositions are going to take place in Q1 and Q2 of 2025 in the New York cases.  And what we're hoping is -- I think everybody is attempting to coordinate between California and New York to avoid duplication.

8

1        And so the reason that we have asked for an extension

2   on the case schedule is to ensure that the depositions that

3   are happening in New York can be coordinated with the ones

4   Mr. Saveri is trying to take, in an attempt to present

5   witnesses once, have everybody have their chance to depose

6   them, and, hopefully, that will be the most efficient path

7   forward.

8        But as it stands right now, fact discovery is supposed

9   to, I think, close in this case at the end of January.  And

10  we're not going to be in a position to get all of the

11  depositions done and coordinate those depositions between

12  California and New York in that limited period of time.  And

13  that's frankly why we have sought -- one of the reasons

14  we've sought an extension.

15          THE COURT:  Mr. Saveri, tell me why this

16  deposition -- I guess I -- I'm -- this is the part that I'm

17  having trouble finding some sympathy for.

18       Mr. Malhotra, I understand your client doesn't want to

19  make these folks available twice.  Your client also chose to

20  be -- to litigate in two forums.  So explain to me why --

21  because this is the part I want you to understand.  I spoke

22  with Judge Wang.  Neither she nor I nor Judge Stein nor --

23  none of us have any interest in having you all play these

24  cases off each other, so -- which, at this point, looks like

25  exactly what you're doing.  It looks like you didn't bring

9

1 them together, so that you could just keep asking for time.

2     And I see you having raised your hand, Mr. Saveri, so I

3 want to let you get in here.

4     But I just want to tell you, you're not -- I -- I'm

5 sure it is abundantly clear.  I'm not sympathetic.  And I

6 appreciate the -- all the -- all of the paper discovery and

7 all the document or discovery that has happened, but at some

8 point, I don't understand why we're here in November.  You

9 all -- to your credit, you all wrote me in October, so that

10 month is -- I'll take the hit for that one, for the month.

11     But, Mr. Saveri, let me hear from you.

12         MR. SAVERI:  Okay.  So thank you, your Honor.  So

13 I would say a couple of things about this.  I think that,

14 you know, this coordination issue in large part started

15 when, in May of this year, we asked for our first 30(b)(6)

16 and Judge Illman issued his order.  We have been patient,

17 perhaps too patient --

18         THE COURT:  I'm going to stop you.  Judge Illman

19 told you to give them 30 days.  That --

20         MR. SAVERI:  And then --

21         THE COURT:  -- would have brought you into June.

22 It is -- so keep going, but I'm --

23         MR. SAVERI:  And --

24         THE COURT:  -- I don't want to hear --

25         MR. SAVERI:  And I --

10

1        THE COURT:  I don't want you to tell me Judge

2   Illman's order again.  I talked to him.

3        MR. SAVERI:  I'm -- and I'm not -- all I'm just

4   trying to talk about is the time schedule.  We have been

5   part of the negotiations or at least present in some of the

6   negotiations in New York about the deposition schedule and

7   coordination.  That is something -- and, you know,

8   unfortunately, Judge, because we're not parties to that

9   case, we have a limited ability to influence that schedule.

10  That has gone on for some time.  And as you noted, Judge,

11  that wasn't our idea, but here we are.

12       We have asked the Defendants -- excuse me, let me just

13  finish the thought.  We have asked Defendants for dates for

14  some of the deponents before in -- before we asked for the

15  additional time or wrote you the letter.  The Defendants

16  have said -- were not willing to do that because of the

17  pendency of these issues about coordination.  So, your

18  Honor, we -- we're anxious to get going.

19       Now, you know, your Honor, I will admit that we could

20  have filed a motion and initiated motion practice, you know,

21  in the summer, but we wanted to allow that process to

22  continue and try to reach a -- an agreeable way of

23  organizing the depositions to address the Defendants'

24  concerns about duplication and to allow that process to

25  proceed.  We are -- we're in a tough situation when that's

11

1  going on, your Honor, because we could have said, "30 days

2  or 45 days is enough.  We need the -- we need the dates."

3  When Defendants refused, we could have filed a motion, and

4  we would have back -- been back in front of the magistrate

5  judge.

6      You know, candidly, Judge, it was my decision that we

7  would allow that process to try to continue and try to

8  proceed without court intervention.  But when we started to

9  realize we were running out of time, we asked for dates.

10  We've asked for dates for depositions.  We've not been given

11  them, and part -- and partly because of what we're

12  talking --

13          THE COURT:  Mr. Saveri, let me stop you for a

14  moment.  When did you --

15          MR. SAVERI:  I'm done.  I'm done.

16          THE COURT:  When did you -- let me ask you -- and

17  I realize you may not have these things handy, so I may ask

18  you to just track them down for me.  But, right, the last --

19  when did you last serve -- when did you last either request

20  dates for depositions or serve notices?  Because that --

21  that's the part that I think -- right, my last glimpse into

22  the discovery process for you all was you all in front of

23  the -- was you in front of Judge Illman -- was you in front

24  of Judge Illman essentially trying to push to get them to

25  give you -- to give you witnesses for depositions.  Judge

12

1 Illman says, "Give them 30 days."  That's where it was.  So

2 let me ask you, when since this -- that was from June,

3 right?  Judge Illman's order is --

4          MR. SAVERI:  It's in May, your Honor.

5          THE COURT:  Yeah, that's right.  May 24th, which

6 is maybe why I have June in my head.  And to my head, it's

7 sort of, like, come early July, I would imagine you're just

8 like, "So when can I get my depos?"

9          MR. SAVERI:  And we did have those discussions,

10 but we were --

11          THE COURT:  When?

12          MR. SAVERI:  But to answer your questions

13 directly, we -- I don't believe we asked for actual dates

14 for any deponents until sometime in September or perhaps

15 October.  I can look those up.  We did not issue any -- you

16 asked me about notices, Judge, and I want to -- I want to

17 answer your questions.  We did not issue notices because we

18 felt that we -- without -- I mean, following the Northern

19 District practices, we usually want to meet with and confer

20 with Defendants.  And, you know, I'm sorry, Judge, you know,

21 maybe that's bad muscle memory, but we wanted to try to do

22 this by consent before we issued notices.  But to answer

23 your question, we did not issue notices for any of the

24 witnesses.

25          THE COURT:  Well, let me tell you, Mr. Saveri, I'm

13

1  asking about either the notices or the correspondence just

2  to try to capture the universe of things you might have

3  done.

4         MR. SAVERI:  Okay.  And I'm trying -- and so I

5  wanted to break them down and you asked --

6         THE COURT:  No, that's fine.

7         MR. SAVERI:  -- me about both.  And I want -- I'm

8  trying to be --

9         THE COURT:  Okay.

10        MR. SAVERI:  -- and I want to be -- I want to be

11 precise, and I don't want to be inaccurate.

12        THE COURT:  No, that's fine.  I think this is the

13 part I -- this -- the part that I'm having trouble with is

14 that ultimately -- I want you to understand what it is that

15 I am hearing.  And, again, perhaps this is -- this is

16 ultimately for all of you.  On the one hand, I hear Mr.

17 Malhotra wanting very much to coordinate the deposition so

18 that the witnesses for his client don't need to appear more

19 than a single time.

20     But, Mr. Malhotra, this is also of your own making

21 because you chose to proceed with that action in the

22 Southern District of New York and this action here in the

23 Northern District.  And you've had a time line, right?  I --

24 at this point, let me tell you, I have in front of me the

25 schedule you all were given initially by Judge Stein in the

14

1  Southern District.  I know that Judge Wang gave you all,

2  right -- in the letter that you all -- that you all wrote

3  Judge Wang, August 16th, she mostly granted these

4  extensions, which I think puts then -- well, let me ask you

5  all because I am -- there's what I'm holding, and then

6  there's what I -- what I'm -- it looks like she's -- from

7  what I can tell, your fact discovery -- and there was an --

8  well, maybe it's just an interim fact discovery deadline.  I

9  see she moved -- it looks like she moved the substantial

10 completion of document production perhaps to December 20th?

11         MR. MALHOTRA:  Yeah.  Your Honor, she -- Judge

12 Wang has imposed an interim fact discovery deadline of

13 December 20th.  But she has indicated in prior hearings that

14 that is likely to be extended because the depositions have

15 not occurred and document discovery is still ongoing and

16 there's a number of disputes about document discovery

17 issues.

18         THE COURT:  Right.  Now, see, the difference is --

19 I may be wrong.  This was the first extension that you all

20 got -- you all sought in the Southern District, right?  You

21 all have been proceeding in -- now, the thing -- the piece

22 again that I want you all to -- that I want -- that I feel

23 the need to remind you all about, you've been here longer,

24 and Defendants chose to have the two actions.  So you're not

25 getting six months from me.  I will give you a modest

15

1  extension, but you are not getting six months from me.

2      And, Mr. Malhotra, if that means that you -- I urge you

3  to coordinate as best as you can with Plaintiffs here, but,

4  frankly, I'm not sympathetic to your concerns that your

5  clients will have to sit twice because you chose this, Mr.

6  Malho (sic).  You and your clients chose this.

7          MR. MALHOTRA:  Understood, your Honor.

8          THE COURT:  All right.

9          MR. SAVERI:  Your --

10         THE COURT:  So -- go ahead.  I hear a voice.

11         MR. SAVERI:  Yeah.  It's my voice.  Joseph Saveri,

12 your Honor.  Excuse me.  We would like to start depositions

13 as soon as we can.  And we'd like -- given where we are on

14 the calendar at -- shortly before Thanksgiving, I think we'd

15 like to start them as early as we can in January.  And we're

16 prepared to -- and we're -- and we wanted --

17         THE COURT:  So, Mr. Saveri, it won't surprise you

18 that that's not a conversation that requires me.  That's a

19 conversation you all need to have amongst yourselves.

20         MR. SAVERI:  Very -- very good.

21         THE COURT:  So I'm going to give you deadlines.

22 And if you have trouble getting -- if you have -- this -- I

23 guess this is -- I appreciate that -- you know, again, I've

24 read Judge Illman's order.  I spoke with Judge Illman.  I

25 very much understood that on -- that in addition to saying,

16

1  "Take 30 day -- give Defendants 30 days.  They're asking for

2  something reasonable to try to coordinate between these

3  actions" -- that's fine.  That was this summer.

4       And I think, Mr. Malhotra, that's the part that I would

5  say to you.  You asked the magistrate judge here in a

6  discovery dispute here to give you some time to try to

7  coordinate.  You were given 30 days.  If that wasn't enough,

8  you could have asked for more here, but you didn't.  If --

9  right.  At this point, I understand that there -- that the

10 case in the Southern District of New York may not be moving

11 quickly enough for this one, but then -- I'm so sorry, you

12 chose that.  So -- go ahead.

13            MR. MALHOTRA:  I will just note one thing, your

14 Honor.  There has been -- deposition coordination has been

15 challenging, I agree, but there has been some progress on

16 that, and the specific progress is in the books cases in New

17 York and in Mr. Saveri's books case here in California.

18 Those parties have talked about coordinating.  So the work

19 that has been done over the last few months has been -- has

20 had some benefits because there has been a sign that at

21 least these sets of Plaintiffs will coordinate.  So I don't

22 want that point to be lost, your Honor.  There has been some

23 benefit to the coordination attempts that we've been working

24 on.

25            THE COURT:  Let me ask you -- to that end, Mr.

1  Malhotra, let me ask you.  You mentioned that -- I made a
2  note earlier that you commented that the -- that you
3  anticipated that all depositions would be accomplished in Q1
4  to Q2.  So my sense is that you're probably -- I guess this
5  is the point, right, you all asked for the close of fact
6  discovery to run to the end of July.  I'm not giving you
7  that long.  I'm just not.

8       So let me ask you -- or I think this is the point, I
9  hear -- I understand Mr. Saveri saying -- Mr. Saveri sort of
10 indicating that they're ready in the start of the new year.
11 I mean, I understand that.  I'm also going to say that's a
12 month from now, and, again, you all have been at this for a
13 while.  So I -- on the one hand, you would think that my
14 heart would be warm because it's the holiday season, but I
15 have a trial in January, so I'm so sorry, my holidays have
16 been ruined by parties, not you all specifically.  I
17 appreciate that.  So I'm so -- like, I remember this from
18 the days of litigation, the holidays don't -- they kind of
19 -- they kind of do their own thing.

20      So here's, folks, where -- what I'm thinking, I'm not
21 going to give you through the end of July.  Frankly, I was
22 looking to put you all -- I was planning to put you all at
23 the end of -- to the end of April, because I think that, at
24 this point, I respect wanting to not use this month, but
25 then you're going to hustle in Q1.  And to the extent -- so

18

1  I'm going to give -- I'm going to extend the close of fact

2  discovery in this case to April 28th of next year.

3      Can I ask you all the -- you had also sought to push

4  out the deadline for substantial completion of document

5  production.  I have to be honest with you, I have a real

6  problem with the idea that you would come back nearly two

7  months after that deadline has lapsed to ask to push it out

8  further.  So I'm not inclined to do anything with that

9  deadline, because, at this point, it either should have

10 already happened or you've just got -- you've just got to

11 resort to regular procedures for trying to get what you

12 haven't gotten.

13     So the -- I'll push the close of fact discovery.  I'm

14 looking at your stip.  So I'm going to run down this -- I'm

15 going to run down these new deadlines for you.  I'll push

16 the close of fact discovery to April 28th of 2025.  We'll

17 put the expert reports on issues on which any party has a

18 burden, July 14th, 2025.  Opposing and rebuttal expert

19 reports, August 12th of next year.  The close of expert

20 discovery -- excuse me -- September 11th of 2025.  Daubert

21 motions -- yeah, you all -- yeah, again -- and Daubert

22 motions, October 9th, 2025.  Any opposition to Daubert

23 motions, 11/21/2025.  Replies, 12/22/2025.  Your motion for

24 a class cert will be due October 9th, 2025.  The opposition

25 will be due November 21st, 2025.  And a reply, also December

19

1   22nd, 2025.

2        If you -- let me say this, if there is -- if -- to Mr.

3   Malhotra's point, if the coordination is working and you

4   need -- and you end up needing a couple of weeks at the end

5   of this, I will be open to that. But please don't come back

6   asking me for another three months because I will not be

7   open to that, right? So just to -- to try and hit the right

8   note here, I'm telling you that you can ask for another

9   reasonable extension. I'm telling you right now that trying

10  to get to the original deadlines you were asking for here, I

11  will not consider reasonable.

12       And then, Mr. Saveri, the only other note I wanted to

13  -- I want -- the only other thing I wanted to say is that I

14  did also take -- and maybe this is for all of you. I did

15  also take from Judge Illman's order that there was a degree

16  to which he was trying to tell you all to work together and

17  to not keep bringing discovery disputes to him. So I do

18  appreciate not necessarily wanting to run back to him if you

19  are having trouble, if you are -- if you -- I get it. I get

20  that you are trying to be cooperative, but at some point,

21  it's your time, right? And it's -- and the -- and I have an

22  interest in you abiding by your schedule as almost as much

23  as you do.

24            MR. SAVERI: I --

25            THE COURT: So --

20

1          MR. SAVERI:  Thank you, your Honor.  I -- and I --
2 I'm -- I appreciate you appreciate the tension or what the
3 -- what we were trying to accomplish.  I realize we're
4 behind the schedule.  I'm hopeful that with the counsel on
5 the other side, we can do this cooperatively and catch back
6 up.  So I appreciate that, your Honor.
7          THE COURT:  And despite my grinchy comments
8 earlier -- okay.  I'm done.  Is there anything else you all
9 need from me?  I was just going to wish you all a happy
10 Thanksgiving.  But before I try to kick you all out of the
11 virtual room, is there anything else you all need?  Did I --
12 is there anything else we need to talk about today?
13          MR. MALHOTRA:  I think --
14          MR. SAVERI:  Go ahead.  Excuse me.  No, no,
15 please.
16          MR. MALHOTRA:  The only other issue I had, your
17 Honor, is something we mentioned in our CMC statement about
18 the sequencing of summary judgment versus class cert.  I
19 know your Honor addressed that issue previously about a year
20 ago.  As we mentioned, a number of courts have sequenced
21 these two motions --
22          THE COURT:  Sir, sir, have --
23          MR. MALHOTRA:  Yes.
24          THE COURT:  -- you -- I know you brought it up in
25 your statement.  Have you talked to Mr. Saveri about it?

21

1          MR. MALHOTRA:  We discussed it in the course of

2  our CMC statement.  He obviously disagrees with us.

3          THE COURT:  All right.  So -- I'm sorry, I -- I'm

4  laughing because I think this will make the fourth time

5  we've talked about it.  And I'm laughing because invariably

6  -- and kudos for putting it in your CMC statement.  I'm

7  sorry I may have glossed over it this time, because the

8  other couple of times that the counsel for OpenAI -- Mr.

9  Gratz is here somewhere.  I see you -- the -- I think the

10  first time it got raised to me, it came from nowhere.  So,

11  at least, this time, if it's in the statement, I should have

12  been on notice, and I apologize that I wasn't, and I'm also

13  a little sorry for laughing.  It's just --

14      So let me ask you, Mr. Malhotra, the nature of your

15  request is essentially to ask that summary judgment happen

16  before class cert again?

17          MR. MALHOTRA:  Yes.

18          THE COURT:  In light of the schedule that I've

19  just given you all, what would you propose in that vein?

20          MR. MALHOTRA:  We would just propose -- have --

21  instead of having the class cert deadline of October 9th, we

22  would have the motion for summary judgment deadline on

23  October 9th and get summary judgment done first.  Once

24  that's done, then find deadlines for class cert.

25          THE COURT:  You just want to swap in class cert

22

1   instead of -- I'm sorry, the opposite.  You want to swap

2   in --

3            MR. MALHOTRA:  Yeah.

4            THE COURT:  -- MSJ for class cert on this time

5   line?

6            MR. MALHOTRA:  Yeah.  Yes.

7            THE COURT:  Am I -- I'm to assume, Mr. Saveri, you

8   have all the same thoughts that you had on at the last time

9   we had this conversation?

10           MR. SAVERI:  Yeah, even more so.  I feel like

11  we've had this we -- we've been around this track.  I mean -

12  - and I do appreciate the Defendants' perseverance on this,

13  but my position hasn't changed.  I think it's a good

14  schedule, and I think we should keep to it.

15           THE COURT:  But -- well, you know, the thing is,

16  Mr. Saveri, the irony is that my mind has started to change

17  some.  My mind has started to change some.

18       And so let me say this, Mr. Malhotra, I'm not prepared

19  to do that today because to -- again, to your credit, it may

20  be in your CMC.  I think I -- I see.  I'm sorry, I didn't go

21  back to the -- you're saying the CMC, but it's not in the

22  stipulation.

23           MR. MALHOTRA:  Right.  It's not in the stip.

24           THE COURT:  It's in the letter from October?

25           MR. MALHOTRA:  Yes.

23

1          THE COURT:  Okay.  So let me be candid with you.

2    I read the letter from October so that -- and I appreciate

3    you all flagging for me that Judge Wang was having -- was

4    having that status conference with you all and sort of that

5    these things were coming.  Right.  Letters, they're not --

6    they're usually not very -- they're -- right, they're sort

7    of -- I read it, but I put it down because it doesn't

8    require any action from me.  The stip gets my attention

9    because it does actually require something.

10       So, Mr. Malhotra, I'm not prepared to do anything with

11   it today.  I will -- let me think on it more, but I will, at

12   least -- I will tell both of you, and maybe this is really

13   for Mr. Butterick and Mr. Saveri.

14       I'm starting -- I'm -- you know, in theory -- you may

15   remember, Mr. Saveri, anyways, from the initial case

16   management conference that I felt very strongly that you

17   should get to move for class cert.  And that was almost in

18   part because I thought we would -- I thought we would be

19   there already, right?  Like, we were supposed to be there

20   already.  So part of this delay makes me wonder -- that --

21   that's part of what's shifting my thinking on whether or not

22   motion -- the motion for summary judgment may actually make

23   sense, because ultimately -- because if I remember, Mr.

24   Malhotra, you all are willing to -- you all are willing to

25   waive one-way intervention?

24

1           MR. MALHOTRA:  Yes.

2           THE COURT:  Right.  So -- okay.  I have all of

3  your submissions on that from the past.  You may, in fact --

4  you -- I will represent to you all that if I'm going -- if

5  I'm going to substitute in a motion for summary judgment

6  instead of the motion for class cert, you will hear from me

7  about that before the new year.  And it -- right.  It'll be

8  something -- it likely won't be -- you know, it won't be

9  more than a page.  But you'll get some -- if I'm going to do

10 it, you'll -- this is, Mr. Saveri, so that you're not having

11 to wonder forever and ever if I do, and, Mr. Butterick,

12 whether I'm going to do it.  But I want to -- I'm not

13 prepared to do it today.

14          MR. MALHOTRA:  Thank you.

15          THE COURT:  All right.  Thank you, counsel.  Happy

16 Thanksgiving.  I can't leave because other parties are

17 coming, so I will ask you --

18          MR. SAVERI:  All right.  Have a good Thanksgiving,

19 your Honor.  Thank you very much for your time.

20          MR. MALHOTRA:  Happy Thanksgiving.

21          THE COURT:  Likewise.

22          MR. BUTTERICK:  Thank you, your Honor.

23      (Proceedings recessed at 10:06 a.m.)

24

25

25

<u>CERTIFICATE OF TRANSCRIBER</u>

 I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U.S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

 I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

 Echo Reporting, Inc., Transcriber

 Friday, November 29, 2024