# EXHIBIT 2

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile:  (415) 395-9940
Email:     jsaveri@saverilawfirm.com
           czirpoli@saverilawfirm.com
           cyoung@saverilawfirm.com
           hbenon@saverilawfirm.com
           kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile:  (415) 395-9940
Email:     mb@butboricklaw.com

*Counsel for Individual and Representative Plaintiffs
and the Proposed Class*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION | Case No. 3:23-cv-03223-AMO |
| This document relates to: | **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S FIRST SET OF INTERROGATORIES** |
| Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO | |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | **Defendant OpenAI OpCo, L.L.C.** |
| 2 | **RESPONDING PARTIES:** | **Plaintiff Christopher Golden** |
| 3 | **SET NUMBER:** | **One** |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Christopher Golden ("Plaintiff") in the above-titled action hereby responds to Defendant OpenAI OpCo, L.L.C.'s ("Defendant" or "OpenAI") First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

The following responses and objections are based upon the facts, documents, and information presently known and available to Plaintiff. Discovery, investigation, research, and analysis are ongoing. These processes may disclose the existence of additional facts or documents, add meaning to known facts or documents, or lead to additions, variations or changes to these responses and objections.

Without obligating himself to do so, except to the extent required by the Federal Rules of Civil Procedure, Plaintiff reserves the right to change or supplement these responses as additional facts or documents are discovered, revealed, recalled, or otherwise ascertained, and as further analysis, research, investigation, and discovery disclose additional facts, documents, contentions, or legal theories that may apply. Plaintiff specifically reserves the right to utilize subsequently discovered facts, documents, or other evidence at trial.

The general and specific responses and objections set forth below are intended to apply to all information provided pursuant to the Interrogatories. Furthermore, these responses do not in any way waive any objections by Plaintiff in this or in any subsequent proceeding, on any grounds, including objections as to the competency, relevancy, materiality, privilege, or admissibility of these responses, or the subject matter thereof.

## GENERAL OBJECTIONS

1. These responses are made solely for purposes of discovery in this action, and any response, objection or materials produced in response to the Interrogatories are subject to all appropriate later asserted objections to their admissibility in evidence before, during, or after trial, and Plaintiff expressly reserves the right to make such future objections.

2. Plaintiff has not completed his discovery and investigation of the facts pertaining to this Action, and Plaintiff reserves the right to amend, modify, or supplement these responses with subsequently discovered responsive information and to introduce and rely upon any such subsequently discovered information in this litigation.

3. Plaintiff's investigation is ongoing and therefore, Plaintiff reserves his right to supplement these responses as necessary and as required under the Federal Rules of Civil Procedure.

4. Defendant's definitions and instructions will not be followed to the extent they seek to impose burdens or obligations beyond those required by the Federal Rules of Civil Procedure, Civil Local Rules or any of the Court's Orders and will be construed to impose only the burdens and obligations required by those Rules and Orders.

5. Plaintiff objects to the Interrogatories to the extent they seek information or materials that are protected from disclosure by attorney-client privilege, the work-product doctrine, expert-disclosure rules, or other applicable privileges and protections, including communications with Plaintiff's attorneys regarding the Action, including without limitation other documents relating to an attorney's mental impressions, conclusions, opinions, strategies, or legal theories concerning the Action. Any inadvertent production of privileged or protected materials or information is unintentional and shall not be deemed to be a waiver of Plaintiff's privileges, protections, or right to assert them.

6. Plaintiff objects to the Interrogatories as oppressive, unduly burdensome, harassing, disproportionate to the needs of the case, and to the extent they call for information that Plaintiff has already provided to Defendant or is easily accessible for the Defendant to obtain.

7. Plaintiff objects to each Interrogatory to the extent it seeks information not maintained in the ordinary course of business.

8. Plaintiff objects to each Interrogatory as unduly burdensome to the extent it seeks information that (a) is not in Plaintiff's possession, custody, or control as those terms are defined in Federal Rule of Civil Procedure 33, or (b) is as easily available to Defendant.

9. Plaintiff objects to each individual OpenAI-related entity, separately propounding twenty-five (25) interrogatories onto Plaintiff. The OpenAI corporate family as a whole shall propound a total of twenty-five (25) interrogatories onto Plaintiff.

10. Plaintiff objects to the term "Copyrighted Works" as overbroad, vague, and ambiguous. Accordingly, in the below responses, Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically mentioned in the Complaint (Case No. 3:23-cv-03416-AMO, ECF No. 1, "Complaint"), namely *Ararat*.

11. Plaintiff objects to the term "All" as vague and ambiguous.

**OBJECTIONS AND RESPONSES TO INDIVIDUAL INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each of Your Copyrighted Works, including the date on which you registered the copyright.

**RESPONSE TO INTERROGATORY NO. 1:**

Subject to and without waiving any of the general and specific objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory on the grounds that such information is publicly accessible, equally available to Defendant, or is already in its possession, custody, or control. Plaintiff further objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff's investigation in this action is ongoing. Plaintiff therefore reserves the right to supplement this response.

Without foregoing the above general and specific objections, Plaintiff responds as follows:

- *Ararat*, September 5, 2017.

**INTERROGATORY NO. 2:**

On a work-by-work basis, identify any license applicable to any of Your Copyrighted Works.

**RESPONSE TO INTERROGATORY NO. 2:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory on the grounds that such information is publicly accessible, equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to the terms "work-by-work" and "license" as vague, ambiguous, and overbroad. Plaintiff further objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work

specifically referred to in the Complaint. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Number 1. Plaintiff's investigation in this action is ongoing. Plaintiff therefore reserves the right to supplement this response.

Without foregoing the above general and specific objections, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, he will produce documents relating to licenses of his Copyrighted Works referred to in the Complaint. Plaintiff further refers OpenAI to Plaintiff's response to Interrogatory No. 1 and to OpenAI's Request for Production ("RFP") No. 4.

**INTERROGATORY NO. 3:**

For each Copyrighted Work, identify all "copyright management information" conveyed in connection with copies of that work or performances or displays of that work.

**RESPONSE TO INTERROGATORY NO. 3:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory on the grounds that such information is publicly accessible, equally available to Defendant, or is already in its possession, custody, or control. Plaintiff objects to the extent this Interrogatory is vague, ambiguous, and overbroad. Plaintiff further objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff objects to this Interrogatory to the extent that it is duplicative, in whole or in part, of Interrogatory Numbers 1, 2. Plaintiff's investigation in this action is ongoing. Plaintiff therefore reserves the right to supplement this response.

Without foregoing the above general and specific objections, Plaintiff's response includes but is not limited to the following:

- *Ararat* (title); Christopher Golden (author's name); ISBN-10 1250181348 (paperback); ISBN-13 978-1250181343 (paperback); ISBN-10 1250117054 (hardcover); ISBN-13 978-1250117052 (hardcover); ISBN 9781250117069 (e-book); Christopher Golden (copyright holder's name).

In addition, Plaintiff states that pursuant to Federal Rule of Civil Procedure 33, he will produce documents relating to his copyright-management information related to his Copyrighted Works

referred to in the Complaint. Plaintiff further refers OpenAI to Plaintiff's response to OpenAI's RFP No. 7.

**INTERROGATORY NO. 4:**

Identify all of Your active or inactive accounts with any Defendant or affiliate of a Defendant, including without limitation accounts on any OpenAI website, and, as applicable, Your full name associated with the account(s), Your username(s) for the account(s), email address(es) associated with the account(s), Your organization ID and name associated with the account(s), and date of registration or activation for the account(s).

**RESPONSE TO INTERROGATORY NO. 4:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory on the grounds that such information is publicly accessible, equally available to Defendant, or is already in its possession, custody, or control. Plaintiff further objects that the phrase "affiliate of a Defendant" is vague, ambiguous, and unknown to Plaintiff. Plaintiff further objects to the extent this Interrogatory is vague, ambiguous, and overbroad. Plaintiff's investigation in this action is ongoing. Plaintiff therefore reserves the right to supplement this response.

Without foregoing the above general and specific objections, Plaintiff responds as follows:

Plaintiff does not have any accounts with OpenAI.

**INTERROGATORY NO. 5:**

Identify all instances in which you believe that any Copyrighted Work was infringed, including but not limited to cases in which you communicated with another Person regarding that belief or in which you brought a lawsuit regarding that belief. For each such instance, identify the Copyrighted Work in question, any license applicable to that Copyrighted Work, and the manner in which you believe your rights were infringed. For instances in which you communicated regarding that belief, identify your communications regarding that belief. For filed litigation, please include the full name of the case, case number, date of filing, and jurisdiction in which the case was filed.

**RESPONSE TO INTERROGATORY NO. 5:**

Subject to and without waiving any of the general objections, and subject to such additional facts that may be adduced during discovery or otherwise in this litigation, Plaintiff objects to this Interrogatory as unduly burdensome, repetitive, and overbroad. Plaintiff objects to this Interrogatory to the extent that it calls for a response subject to the attorney-client privilege, work-product doctrine, and/or any other applicable privilege or protection from disclosure. Plaintiff objects to the term "Copyrighted Works" as overbroad. Plaintiff will interpret "Copyrighted Works" to mean the copyrighted work specifically referred to in the Complaint. Plaintiff further objects to this interrogatory as being compound, and impermissibly asking multiple interrogatories under the guise of one interrogatory. Given the overbroad nature of this Interrogatory, Plaintiff provides information dating back to June 27, 2023.

As written, this Interrogatory is overly broad and impossible to answer.

Plaintiff is amenable to meet and confer regarding this request, to narrow the scope of the Interrogatory. Without foregoing the above general and specific objections, Plaintiff responds that the above-captioned litigation pending in the Northern District of California is the only instance in which Plaintiff has brought a lawsuit due to a belief that his copyrighted work was infringed. Plaintiff believes that his Copyrighted Work, *Ararat,* was infringed by OpenAI. Plaintiff believes, among other things, that OpenAI used his Copyrighted Work to train its large language models without Plaintiff's consent or authorization.

Dated: January 26, 2024						By:		*/s/ Joseph R. Saveri*
										Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K. L. Young (State Bar No. 318371)
Holden Benon (State Bar No. 325847)
Kathleen J. McMahon (State Bar No. 340007)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:	jsaveri@saverilawfirm.com
	czirpoli@saverilawfirm.com
	cyoung@saverilawfirm.com
	hbenon@saverilawfirm.com
	kmcmahon@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, 406
Los Angeles, CA 90027
Telephone: (323)968-2632
Facsimile: (415) 395-9940
Email:	mb@buttericklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**CERTIFICATE OF SERVICE**

I, the undersigned, am employed by the Joseph Saveri Law Firm, LLP. My business address is 601 California Street, Suite 1000, San Francisco, California 94108. I am over the age of eighteen and not a party to this action.

On January 26, 2024, I caused the following documents to be served by email upon the parties listed on the attached Service List:

- **PLAINTIFF CHRISTOPHER GOLDEN'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, L.L.C.'S FIRST SET OF INTERROGATORIES**

I declare under penalty of perjury that the foregoing is true and correct. Executed January 26, 2024, at San Francisco, California.

By: _____
Ruby Ponce

# SERVICE LIST

| | |
|---|---|
| Joseph Charles Gratz<br>Joyce C. Li<br>Melody Ellen Wong<br>Michael A. Jacobs<br>Tiffany Cheung<br>**MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br>Email: jgratz@mofo.com<br>      joyceli@mofo.com<br>      melodywong@mofo.com<br>      mjacobs@mofo.com<br>      tcheung@mofo.com | Andrew Michael Gass<br>Joseph Richard Wetzel<br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Email: andrew.gass@lw.com<br>      joseph.wetzel@lw.com<br><br>Allison L Stillman<br>**LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Email: alli.stillman@lw.com |
| Alexandra Marie Ward<br>Allyson Roz Bennett<br>Rose S. Lee<br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Blvd., Suite 6000<br>Los Angeles, CA 90017<br>Email: alexandraward@mofo.com<br>      abennett@mofo.com<br>      roselee@mofo.com | Sarang Damle<br>**LATHAM & WATKINS LLP**<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>Email: sy.damle@lw.com |

*Counsel for Defendants OpenAI, Inc., a Delaware nonprofit corporation; OpenAI, L.P., a Delaware limited partnership; OpenAI OpCo, L.L.C., a Delaware limited liability corporation; OpenAI GP, L.L.C., a Delaware limited liability company; OpenAI Startup Fund GP I, L.L.C., a Delaware limited liability company; OpenAI Startup Fund I, L.P., a Delaware limited partnership; OpenAI Startup Fund Management, LLC, a Delaware limited liability company*