# EXHIBIT 3

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Silicon Valley |
| Hong Kong | Singapore |
| Houston | Tel Aviv |
| London | Tokyo |
| Los Angeles | Washington, D.C. |
| Madrid | |

LATHAM & WATKINS LLP

April 24, 2024

**VIA EMAIL**

Joseph R. Saveri
jsaveri@saverilawfirm.com
Joseph Saveri Law Firm, LLP
601 California Street, Suite 1000
San Francisco, California 94108

Re:   *In Re OpenAI ChatGPT Litigation*, Master File No. 23-cv-3223-AMO (N.D. Cal)

Counsel:

We write regarding Plaintiffs' responses and objections to OpenAI's First Set of Requests for Production of Documents and OpenAI's First Set of Interrogatories in the above-referenced matter. Please provide your availability to meet and confer about the issues identified below.

### A. Plaintiffs' Objection to Copyrighted Works Covered by Plaintiffs' Responses

In various responses, Plaintiffs object to the definition of "Copyrighted Works" as overbroad and interpret "Copyrighted Works" "to mean the copyrighted work specifically referred to in the Complaint." *E.g.*, Golden's Response to Interrogatory No. 1. Please confirm that (a) to the extent Plaintiffs later assert additional works not currently identified in the Complaint, Plaintiffs will amend the Complaint to identify them, and (b) Plaintiffs will provide discovery responsive to OpenAI's requests and interrogatories on any such asserted works.

### B. Interrogatory No. 4 (Plaintiffs' Accounts with OpenAI)

Defendant Silverman stated that she would produce responsive information once a Protective Order has taken effect. Please confirm that Defendant Silverman will produce information now that a Protective Order has been entered. *See* ECF No. 106.

### C. Interrogatory No. 5 (Instances Plaintiffs' Believed Copyrighted Work Infringed)

Interrogatory No. 5 seeks an identification of "all instances in which you believe that any Copyrighted Work was infringed." In response, Plaintiffs have objected on various grounds and have identified only instances in which Plaintiffs have "brought a ***lawsuit***" asserting copyright infringement claims. *E.g.*, Tremblay's Response to Interrogatory No. 5 (emphasis added). But the interrogatory more broadly seeks an identification of all instances in which Plaintiffs ***believed***

# LATHAM&WATKINS LLP

their works were infringed, regardless of whether Plaintiffs filed a lawsuit in response. That would include, for example, all instances in which Plaintiffs sent cease-and-desist letters alleging infringement. The interrogatory further seeks instances in which Plaintiffs believed infringement occurred, yet took no action. That information is relevant in multiple ways, e.g.: the potential value of the asserted works, which bears on both fair use and alleged damages; the potential impact on the market for the asserted works, which is also relevant to fair use; and when Plaintiffs knew or reasonably should have known about the alleged infringement in this litigation. And it is relevant to the issue of class certification. Please confirm Plaintiffs will respond fully to Interrogatory No. 5.

**D.    RFP No. 6 (Documents / Communications re: Reproduction, Public Display, or Distribution of Plaintiffs' Copyrighted Works by Defendant, Including by ChatGPT)**

Request for Production No. 6 seeks documents "relating to the alleged reproduction, public display, or distribution of Your Copyrighted Works by any Defendant." Plaintiffs respond that they will not produce documents because "such documents are publicly accessible, equally available to Defendant, and/or already in its possession, custody, or control." However, there are many potential examples of responsive documents that may not be accessible or otherwise equally available to Defendants. For instance, Plaintiffs may possess communications with third parties about OpenAI's alleged reproduction, public display, or distribution of the asserted works (or lack thereof). As another example, Plaintiffs might possess ChatGPT outputs that allegedly reflected reproduction, display, or distribution of the asserted works; based on Plaintiffs' user settings and the timing of the outputs, OpenAI might no longer have those same outputs in its possession and/or may lack sufficient information to know that those outputs were created through Plaintiffs' use of ChatGPT (e.g., because it involved an anonymous account). Those outputs are potentially relevant, even if Plaintiffs do not plan to rely on them, because they might bear on whether Plaintiffs' claims are barred by the applicable statute of limitations or would demonstrate unsuccessful attempts by Plaintiffs to generate allegedly infringing outputs. Accordingly, please confirm that Plaintiffs will produce all non-privileged documents responsive to this request.

**E.    RFPs Nos. 9, 10 (Documents / Communications re: Plaintiffs' Investigation of Their Claims; Allegation that OpenAI's Conduct Deprived Plaintiffs of "Benefits" of Their Work)**

Defendants welcome an opportunity to meet and confer about these requests, as Plaintiffs propose.

**F.    RFP No. 13 (Documents / Communications re: Injury or Harm Plaintiffs Claim to Have Suffered as a Result of Defendants Conduct)**

Request No. 13 seeks documents "relating to any injury or harm You claim to have suffered as a result of the conduct alleged in the Complaint." Plaintiffs state that they "will not produce documents related to this request, as it is premature in nature and potentially requires expert testimony." This request encompasses *documents* that are properly the subject of fact

LATHAM&WATKINS LLP

discovery, including, by way of example only, documents relating to Plaintiffs' efforts to license the asserted works, any financial benefit Plaintiffs have obtained as a result of their ownership of copyrights in the asserted works, and any non-privileged communications about the alleged harm caused as a result of the conduct alleged in the Complaint. OpenAI's counsel and its experts have a right to this information in the context of fact discovery, and Plaintiffs' anticipated expert testimony has no bearing on the discoverability of these documents. Please confirm that Plaintiffs will produce responsive, nonprivileged documents.

G. **RFP No. 15 (Documents Plaintiffs Intend To Rely on for Summary Judgment or at Trial)**

Request No. 15 seeks "[a]ll Documents upon which You intend to rely on for summary judgment or at trial." Plaintiffs state that they "will not produce documents related to this request at this time, as it is premature in nature." To be clear, OpenAI is not demanding immediate production of all documents upon which Plaintiffs may ultimately rely on for summary judgment or trial. However, Plaintiffs are obligated to produce during fact discovery any documents on which they intend to rely to support their claims for summary judgment or trial. Please confirm Plaintiffs will produce such documents on a rolling basis, as appropriate, during fact discovery.

H. **RFP No. 17 (Documents / Communications Concerning the Litigation)**

Requests No. 17 seeks "[a]ll Documents and Communications You have had with any person other than Your attorneys concerning this litigation, including Your decision to become a plaintiff in this litigation." Plaintiffs respond that they will "produce relevant and responsive non-privileged documents or communications . . . regarding [his/her] decision to become a named class representative in this litigation." However, this request seeks a broader range of documents *concerning the litigation*, not merely documents relating to each Plaintiffs' decision to become a named class representative. Please confirm that Plaintiffs will produce all responsive, nonprivileged documents.

I. **RFP No. 18 (Documents re: Plaintiffs' Legal Actions)**

Request No. 18 seeks pleadings, deposition/testimonial transcripts from "any action in which You are or were a named party or identified as a proposed class representative . . . includ[ing] all civil and criminal actions as well as actions before quasi-judicial forums such as arbitrations, and regulatory/disciplinary and administrative law tribunal." Plaintiffs state that they will produce "relevant and responsive non-privileged documents . . . relating to the subject matter of this litigation or a representative action." This is insufficient. However, Defendants are willing to narrow this request to seek the requested types of documents (i.e., pleadings and depositions/testimonial transcripts) relating to actions where a Plaintiff asserted a claim of or defense to copyright infringement, trademark infringement, copyright management information removal under 17 U.S.C. § 1202, or right of publicity (or an analogous invasion of privacy violation), including but not limited to actions where any Plaintiff asserted a copyright fair use, trademark fair use, or First Amendment defense. Please confirm that Plaintiffs will produce any

**LATHAM & WATKINS** LLP

such responsive documents.  Defendants reserve the right to seek documents responsive to the full scope of this request.

Sincerely,

*/s/ Joe Wetzel*

Joe Wetzel
of LATHAM & WATKINS LLP