**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
 *andrew.gass@lw.com*
Joseph R. Wetzel (SBN 238008)
 *joe.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Allison S. Blanco (SBN 287554)
 *allison.blanco@lw.com*
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235

Sarang V. Damle (*pro hac vice*)
 *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
 *elana.nightingaledawson@lw.com*
Michael A. David (*pro hac vice*)
 *michael.david@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
 *alli.stillman@lw.com*
Rachel R. Blitzer *(pro hac vice)*
 *rachel.blitzer@lw.com*
Herman H. Yue (*pro hac vice*)
 *herman.yue@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone:  212.906.1200

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (SBN 240676)
 *jgratz@mofo.com*
Tiffany Cheung (SBN 211497)
 *tcheung@mofo.com*
Joyce C. Li (SBN 323820)
 *joyceli@mofo.com*
Melody E. Wong (SBN 341494)
 *melodywong@mofo.com*
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (SBN 294658)
 *roselee@mofo.com*
Alexandra M. Ward (SBN 318042)
 *alexandraward@mofo.com*
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: 213.892.5200

*Attorneys for Defendants OpenAI, Inc.,
OpenAI, L.P., OpenAI OpCo, L.L.C.,
OpenAI GP, L.L.C., OpenAI Startup
Fund GP I, L.L.C., OpenAI Startup Fund
I, L.P., and OpenAI Startup Fund
Management, LLC*

[CAPTION CONTINUED ON NEXT PAGE]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This Document Relates To:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF THEIR OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND CERTAIN EXHIBITS THERETO**<br><br>Hon. Araceli Martínez-Olguín |

Max I. Levy (SBN 346289)
  *mlevy@mofo.com*
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.813.5600

John R. Lanham (SBN 289382)
  *jlanham@mofo.com*
Sarah J. Vandervalk (SBN 332651)
  *svandervalk@mofo.com*
12531 High Bluff Drive, Suite 100
San Diego, CA 92130
Telephone: 858.720.5100

Eric K. Nikolaides (*pro hac vice*)
  *enikolaides@mofo.com*
Zachary S. Newman (*pro hac vice*)
  *znewman@mofo.com*
250 West 55th Street
New York, NY 10019
Telephone: 212.468.8000

Carolyn M. Homer (SBN 286441)
  *cmhomer@mofo.com*
2100 L Street, NW, Suite 900
Washington, D.C. 20037
Telephone: 202.650.4597

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (SBN 84065)
  *rvannest@keker.com*
R. James Slaughter (SBN 192813)
  *rslaughter@keker.com*
Paven Malhotra (SBN 258429)
  *pmalhotra@keker.com*
Michelle S. Ybarra (SBN 260697)
  *mybarra@keker.com*
Nicholas S. Goldberg (SBN 273614)
  *ngoldberg@keker.com*
Thomas E. Gorman (SBN 279409)
  *tgorman@keker.com*
Katie Lynn Joyce (SBN 308263)
  *kjoyce@keker.com*
Christopher S. Sun (SBN 308945)
  *csun@keker.com*
Edward A. Bayley (SBN 267532)
  *ebayley@keker.com*
633 Battery Street
San Francisco, CA 94111
Telephone: 415.391.5400
Facsimile: 415.397.7188

DEFENDANTS' ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 3:23-cv-03223-AMO

1    Pursuant to Civil L.R. 7-11 and 79-5(c), OpenAI Defendants ("OpenAI") respectfully

2    submit this Administrative Motion to File Under Seal portions of OpenAI's Opposition to

3    Plaintiffs' Motion for Leave to File Second Amended Consolidated Complaint, as well as certain

4    exhibits thereto, which contain, discuss, or relate to competitively sensitive, confidential

5    information of OpenAI, which has been designated as CONFIDENTIAL or HIGHLY

6    CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order entered

7    in this case (Dkt. 106).

8    OpenAI submits this motion, along with the supporting Declaration of Alexander Zbrozek

9    in Support of Defendants' Administrative Motion to Seal ("Zbrozek Decl."), because the public

10   release of competitively sensitive, confidential information would create a real and immediate risk

11   of competitive harm to OpenAI by providing its competitors in the marketplace with access to

12   internal, highly sensitive, confidential, and proprietary information concerning the training and

13   testing of its large language models.  As required by the Local Rules, OpenAI has explored "all

14   reasonable alternatives to filing documents under seal" and "minimize[d] the number of

15   documents" it is seeking "to file under seal." L.R. 79-5(a).  OpenAI has complied with Local Rule

16   79-5(a) and now respectfully requests that the Court permit OpenAI to file under seal the specified

17   portions of the documents addressed herein.

18   The table below identifies the documents, and portions thereof, that contain or refer to

19   information Defendants have designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY under the Stipulated Protective Order.

21   **I.    LEGAL STANDARD**

22   In the Northern District of California, "a trial court has broad discretion to permit sealing

23   of court documents for . . . commercial information.'" *GPNE Corp. v. Apple Inc.*, No. 12-cv-

24   02885-LHK, 2015 WL 4381244, at *1 (N.D. Cal. July 16, 2015) (quoting Fed. R. Civ. P.

25   26(c)(1)(G)). Sealing is proper once the moving party: (i) complies with Civil Local Rule 79-5;

26   and (ii) rebuts the applicable presumption in favor of access.  *Icon-IP Pty Ltd. v. Specialized*

27   *Bicycle Components, Inc.*, No. 12-cv-03844-JST, 2015 WL 984121, at *1 (N.D. Cal. Mar. 4, 2015)

28   (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)).

1    Local Rule 79-5(c)(1) requires that the movant provide a statement of the applicable legal

2    standard and the "reasons for keeping a document under seal."  In particular, the movant must

3    show: (i) "the legitimate private or public interests that warrant sealing"; (ii) "the injury that will

4    result if sealing is denied"; and (iii) "why a less restrictive alternative to sealing is not sufficient."

5    These requirements are satisfied where disclosure of information would cause a party competitive

6    harm and/or raises security concerns.  *See, e.g.*, *Grace v. Apple, Inc.*, No. 17-CV-00551-LHK,

7    2019 WL 12288173, at *3 (N.D. Cal. Aug. 22, 2019) ("[T]he Court agrees that competitive harm

8    and security concerns can qualify as compelling reasons" to grant a motion to seal); *Opperman v.*

9    *Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *7 (N.D. Cal. Mar. 17, 2017) (granting

10   motion to seal "internal discussions among Apple personnel concerning software engineering and

11   technical design issues that, if disclosed to the public, could make it easier to compromise the

12   security of Apple's products."); *Pace Anti-Piracy, Inc. v. Inside Secure*, No. 17-cv-06744-BLF,

13   2018 WL 10517182, at *2 (N.D. Cal. Jan. 8, 2018) (holding commercially sensitive and

14   confidential information would substantially harm competitiveness).  In fact, courts protect

15   "any . . . compilation of information which is used in one's business, and which gives him an

16   opportunity to obtain an advantage over competitors who do not know or use it*." Whitewater West*

17   *Indus., Ltd. v. Pac. Surf* Designs*, Inc.*, No. 3:17-cv-01118, 2018 WL 3055938, at *2 (S.D. Cal.

18   June 14, 2018) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th

19   Cir. 2006)).  Beyond that, courts recognize that "other sources of business information that might

20   harm a litigant's competitive standing may also constitute a compelling reason to seal." *Id.*

21   Moreover, the Ninth Circuit has held that an exemption to the presumption of access to

22   judicial records exists where the documents at issue are being filed in connection with a non-

23   dispositive motion.  *See In re Midland Nat'l Life Ins. Co. Annuity Sales Pracs. Litig.*, 686 F.3d

24   1115, 1119 (9th Cir. 2012) (recognizing an exception to the presumption of access to judicial

25   records in the context of non-dispositive motions, and stating that, "[u]nder the exception, the usual

26   presumption of the public's right of access is rebutted" (citation and internal quotation marks

27   omitted)).  Under the exception, a particularized showing of "good cause" under Federal Rule of

28   Civil Procedure 26(c) is sufficient to preserve the secrecy of sealed discovery documents attached

1  to non-dispositive motions. *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir.

2  2013). Commercially sensitive information satisfies the "good cause" standard. *Glob. Indus. Inv.*

3  *Ltd. v. 1955 Cap. Fund I GP LLC*, No. 21-CV-08924-HSG, 2023 WL 6165695, at *4 (N.D. Cal.

4  Sept. 20, 2023) (showing of competitive harm provided good cause to seal documents).

5  **II.    OPENAI'S REASON FOR SEALING**

6      **A.    OpenAI's Legitimate Private and Public Interests Warrant Sealing.**

7      OpenAI respectfully requests that the Court seal a narrowly highlighted portion of its

8  Opposition brief and two of eight exhibits. The portions of the brief and the exhibits are

9  substantially similar to the limited portions of Plaintiffs' own motion that OpenAI has previously

10  sought to seal. *See* ECF Nos. 392 *et seq.*[1] In fact, the two exhibits that OpenAI seeks to seal are

11  only referenced to show that "OpenAI produced documents providing much of the same

12  information in June 2024" as the documents Plaintiffs' cite in their motion. *See* Opp. at 14. And

13  all the highlighted redactions and exhibits discuss specific processes that OpenAI uses to train and

14  test its large language models, internal technical processes, or confidential business discussions.

15  Courts have found similar types of information sealable. *See, e.g.*, *Doe v. Meta Platforms, Inc.*,

16  No. 22-cv-03580-WHO, 2022 WL 17970394, at *2 (N.D. Cal. Dec. 21, 2022) (finding information

17  "sealable" under N.D. Cal. L.R. 79-5 due to competitive harm).

18      OpenAI requests the following documents be sealed:

| Document | Portion Sought To Be Sealed | Designation | Designating Party |
|---|---|---|---|
| OpenAI's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint | Highlighted text at pages 14, 22, and 23 | Confidential and Highly Confidential – Attorneys' Eyes Only | Defendant OpenAI |

---

[1] Plaintiffs have opposed OpenAI's request to seal certain categories of information in Plaintiffs' Motion for Leave to File Second Amended Consolidated Complaint, the exhibits thereto, and the proposed Second Amended Consolidated Complaint. *See* ECF No. 398. OpenAI will fully address Plaintiffs' opposition in its forthcoming reply, but maintains that the documents identified in ECF Nos. 392 *et seq.* should be filed under seal..

| Document | Portion Sought To Be Sealed | Designation | Designating Party |
|---|---|---|---|
| **Ex 7**<br>(OPCO_NDCAL_0780319) | Entire Document | Highly Confidential – Attorneys' Eyes Only | Defendant OpenAI |
| **Ex 8**<br>(OPCO_NDCAL_0855085) | Entire Document | Confidential | Defendant OpenAI |

### B.    Injury to OpenAI Will Result if Sealing is Denied.

OpenAI maintains its business and product strategy, including its approach to safety and mitigation measures, the testing and development of its proprietary models, and partnerships with other entities as confidential. Zbrozek Decl. ¶¶ 7-10.  Disclosure of this information would cause OpenAI substantial harm by providing third parties with insight into the function of OpenAI's technology.  *Id.*  This potential injury warrants sealing.  *See Blockchain Innovation, LLC v. Franklin Res., Inc., et al.*, No. 21-CV-08787-TSH, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) ("[C]ourts regularly conclude that good cause supports sealing confidential technical information about a party's products and services[.]").

### C.    No Less Restrictive Alternative to Sealing Is Sufficient.

OpenAI has limited its redactions to only a few, small portions of its opposition brief regarding internal discussions and product strategy and precisely identified the portions that contain OpenAI's confidential and sensitive information.  As such, no alternative to sealing is sufficient.

For the foregoing reasons, OpenAI respectfully moves this Court pursuant to Civil Local Rules 7-11 and 79-5(c) to keep the information and text excerpts identified above under seal. Pursuant to Civil Local Rule 79-5(c), this Motion is accompanied by the supporting Declaration of Alexander Zbrozek, a proposed order, and a sealed version of OpenAI's Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint with OpenAI's proposed redactions highlighted in yellow.

1    Dated:  March 18, 2025                    Respectfully Submitted,

2

3                                             By:   */s/ Joesph C. Gratz*

4                                             **MORRISON & FOERSTER LLP**
                                              Joseph C. Gratz (SBN 240676)
5                                               *jgratz@mofo.com*
                                              Tiffany Cheung (SBN 211497)
6                                               *tcheung@mofo.com*
                                              Joyce C. Li (SBN 323820)
7                                               *joyceli@mofo.com*
                                              Melody E. Wong (SBN 341494)
8                                               *melodywong@mofo.com*
                                              425 Market Street
                                              San Francisco, CA 94105
9                                             Telephone: 415.268.7000

10                                            Rose S. Lee (SBN 294658)
                                                *roselee@mofo.com*
11                                            Alexandra M. Ward (SBN 318042)
                                                *alexandraward@mofo.com*
12                                            707 Wilshire Boulevard, Suite 6000
                                              Los Angeles, CA 90017
13                                            Telephone: 213.892.5200

14                                            Eric Nikolaides (*pro hac vice*)
                                                *enikolaides@mofo.com*
15                                            Zachary S. Newman (*pro hac vice*)
                                                *znewman@mofo.com*
16                                            250 West 55th Street
                                              New York, NY 10019
17                                            Telephone: 212.468.8000212-336-4061

18                                            Max I. Levy (SBN 346289)
                                                *mlevy@mofo.com*
19                                            755 Page Mill Road
                                              Palo Alto, CA 94304
20                                            Telephone: 650.813.5600

21                                            John R. Lanham (SBN 289382)
                                                *jlanham@mofo.com*
22                                            Sarah J. Vandervalk (SBN 332651)
                                                *svandervalk@mofo.com*
23                                            12531 High Bluff Drive, Suite 100
                                              San Diego, CA 92130
24                                            Telephone: 858.720.5100

25                                            Carolyn M. Homer (SBN 286441)
                                                *cmhomer@mofo.com*
26                                            2100 L Street, NW, Suite 900
                                              Washington, DC 20037
27                                            Telephone: 202.650.4597

28

DEFENDANTS' ADMIN. MOT. TO FILE UNDER SEAL
                                              CASE NO. 3:23-cv-03223-AMO

By:      */s/ Elana Nightingale Dawson* _____

**LATHAM & WATKINS LLP**
Andrew M. Gass (SBN 259694)
  *andrew.gass@lw.com*
Joseph R. Wetzel (SBN 238008)
  *joe.wetzel@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Allison S. Blanco (SBN 287554)
  *allison.blanco@lw.com*
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235

Sarang V. Damle (*pro hac vice*)
  *sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
  *elana.nightingaledawson@lw.com*
Michael A. David (*pro hac vice*)
  *michael.david@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman (*pro hac vice*)
  *alli.stillman@lw.com*
Rachel R. Blitzer (*pro hac vice*)
  *rachel.blitzer@lw.com*
Herman H. Yue (*pro hac vice*)
  *herman.yue@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

By:      */s/ Katie Lynn Joyce* _____

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (SBN 84065)
  *rvannest@keker.com*
R. James Slaughter (SBN 192813)
  *rslaughter@keker.com*
Paven Malhotra (SBN 258429)
  *pmalhotra@keker.com*
Michelle S. Ybarra (SBN 260697)
  *mybarra@keker.com*
Nicholas S. Goldberg (SBN 273614)
  *ngoldberg@keker.com*
Thomas E. Gorman (SBN 279409)
  *tgorman@keker.com*
Katie Lynn Joyce (SBN 308263)
  *kjoyce@keker.com*

DEFENDANTS' ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 3:23-cv-03223-AMO

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Christopher S. Sun (SBN 308945)
  *csun@keker.com*
Edward A. Bayley (SBN 267532)
  *ebayley@keker.com*
633 Battery Street
San Francisco, CA 94111
Telephone: 415.391.5400
Facsimile: 415.397.7188


*Attorneys for OpenAI Defendants*

DEFENDANTS' ADMIN. MOT. TO FILE UNDER SEAL
CASE NO. 3:23-cv-03223-AMO

1

## <u>CERTIFICATE OF SERVICE</u>

2

3

I am employed in Orange County, C.A.  I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 650 Town Center Drive, 20th Floor, Costa Mesa, CA 92626.

4

5

I further declare that on March 18, 2025, I caused to be served by email on the recipients listed below a copy of:

6

**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**

7

8

☒   **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. rule 5(b)]** by electronically mailing a true and correct copy through Latham & Watkins LLP's electronic mail system to the e-mail address(es) set forth below, or as stated on the attached service list per agreement in accordance with Federal Rules of Civil Procedure rule 5(b).

9

10

Joseph R. Saveri

11

Cadio R. Zirpoli
Christopher K.L. Young

12

Aaron Cera
Holden J. Benon

13

William Waldir Castillo Guardado
Melissa Tribble

14

Alexander Zeng

15

**JOSEPH SAVERI LAW FIRM, LLC**
601 California Street, Suite 1505

16

San Francisco, CA 94108
Phone: 415.500.6800

17

Email: *jsaveri@saverilawfirm.com*
          *czirpoli@saverilawfirm.com*

18

          *cyoung@saverilawfirm.com*
          *hbenon@saverilawfirm.com*

19

          *acera@saverilawfirm.com*
          *wcastillo@saverilawfirm.com*

20

          *mtribble@saverilawfirm.com*
          *azeng@saverilawfirm.com*

21

22

Matthew Butterick
**MATTHEW BUTTERICK, ATTORNEY AT**

23

**LAW**
1920 Hillhurst Ave. #406

24

Los Angeles, CA 90027
Phone: 323.968.2632

25

Email: *mb@butericklaw.com*

26

*JSLFSERVICE_CHATGPT@saverilawfirm.com*

27

*chatgpt_cocounsel@bsfllp.com*
          *Attorneys for Plaintiffs Paul Tremblay, Sarah Silverman, Christopher Golden,*

28

          *and Richard Kadrey*

Maxwell V. Pritt
Joshua M. Stein

**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Phone: 415.293.6869
Email: *mpritt@bsfllp.com*
          *jstein@bsfllp.com*

David Boies
333 Main Street
Armonk, NY 10504
Phone: 914.749.8200
Email: *dboies@bsfllp.com*

Jesse M. Panuccio (*pro hac vice*)
Evan M. Ezray
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Phone: 202 274 1130
Email: *jpanuccio@bsfllp.com*
          *eezray@bsfllp.com*

Bryan L. Clobes (*pro hac vice*)
**CAFFERTY CLOBES MERIWETHER &**
**SPRENGEL LLP**
1101 Market Street, Suite 2650
Philadelphia, PA 19107
Phone: 215.864.2800
Email: *bclobes@caffertyclobes.com*

Alexander J. Sweatman (*pro hac vice*)
Mohammed A. Rathur (*pro hac vice*)
135 South LaSalle Street, Suite 3210
Chicago, IL 60603
Phone: 312.782.4880
Email: *asweatman@caffertyclobes.com*
        *mrathur@caffertyclobes.com*

Daniel J. Muller
**VENTURA HERSEY & MULLER, LLP**
1506 Hamilton Avenue
San Jose, CA 95125
Phone: 408.512.3022
Email: *dmuller@venturahersey.com*

Maxwell V. Pritt
Joshua M. Stein
Reed Forbush
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Phone: 415.293.6869
Email: *mpritt@bsfllp.com*
        *jstein@bsfllp.com*
        *rforbush@bsfllp.com*

David Boies (*pro hac vice*)
333 Main Street
Armonk, NY 10504
Phone: 914.749.8200
Email: *dboies@bsfllp.com*

Jesse M. Panuccio (*pro hac vice*)
Evan M. Ezray
401 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, FL 33301
Phone: 202.274.1130
Email: *jpanuccio@bsfllp.com*
        *eezray@bsfllp.com*
        *chatgpt_cocounsel@bsfllp.com*

*Attorneys for Plaintiffs David Henry Hwang, Matthew Klam, Rachel Louise Snyder, Laura*
*Lippman, Jacqueline Woodson, Andrew Sean Greer, Ta-*
*Nehisi Coates, and Junot Díaz*

I declare under penalty of perjury that the foregoing is true and correct.

Executed at Los Angeles, C.A., this March 18, 2025.

| Allison S. Blanco | /s/ Allison S. Blanco |
|---|---|
| (typed) | (signature) |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>ATTESTATION CLAUSE</u>

I am the ECF User whose identification and password are being used to file the foregoing Administrative Motion to File Under Seal. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Elana Nightingale Dawson, attest that concurrence in the filing of this document has been obtained.

Dated: March 18, 2025                         <u>*/s/ Elana Nightingale Dawson*</u>