| | |
|---|---|
| **LATHAM & WATKINS LLP**<br>Andrew M. Gass (SBN 259694)<br>  andrew.gass@lw.com<br>Joseph R. Wetzel (SBN 238008)<br>  joe.wetzel@lw.com<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: 415.391.0600<br><br>Allison S. Blanco (SBN 287554)<br>  allison.blanco@lw.com<br>650 Town Center Drive 20th Floor<br>Costa Mesa, CA 92626<br>Telephone: 714.540.1235<br><br>Sarang V. Damle (*pro hac vice*)<br>  sy.damle@lw.com<br>Elana Nightingale Dawson (*pro hac vice*)<br>  elana.nightingaledawson@lw.com<br>Michael A. David (*pro hac vice*)<br>  michael.david@lw.com<br>555 Eleventh Street, NW, Suite 1000<br>Washington, D.C. 20004<br>Telephone: 202.637.2200<br><br>Allison L. Stillman (*pro hac vice*)<br>  alli.stillman@lw.com<br>Rachel R. Blitzer (*pro hac vice*)<br>  rachel.blitzer@lw.com<br>Herman H. Yue (*pro hac vice*)<br>  herman.yue@lw.com<br>1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: 212.906.1200 | **MORRISON & FOERSTER LLP**<br>Joseph C. Gratz (SBN 240676)<br>  jgratz@mofo.com<br>Tiffany Cheung (SBN 211497)<br>  tcheung@mofo.com<br>Joyce C. Li (SBN 323820)<br>  joyceli@mofo.com<br>Melody E. Wong (SBN 341494)<br>  melodywong@mofo.com<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: 415.268.7000<br><br>Rose S. Lee (SBN 294658)<br>  roselee@mofo.com<br>Alexandra M. Ward (SBN 318042)<br>  alexandraward@mofo.com<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017<br>Telephone: 213.892.5200<br><br>*Attorneys for Defendants OpenAI, Inc., OpenAI, L.P., OpenAI OpCo, L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC* |

[CAPTION CONTINUED ON NEXT PAGE]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This Document Relates To:<br><br>Case No. 3:23-cv-03223-AMO<br>Case No. 3:23-cv-03416-AMO<br>Case No. 3:23-cv-04625-AMO | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF ALEXANDER ZBROZEK IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Hon. Araceli Martínez-Olguín |

1  Max I. Levy (SBN 346289)
     *mlevy@mofo.com*
2  755 Page Mill Road
   Palo Alto, CA 94304
3  Telephone: 650.813.5600

4  John R. Lanham (SBN 289382)
     *jlanham@mofo.com*
5  Sarah J. Vandervalk (SBN 332651)
     *svandervalk@mofo.com*
6  12531 High Bluff Drive, Suite 100
   San Diego, CA 92130
7  Telephone: 858.720.5100

8  Eric K. Nikolaides (*pro hac vice*)
     *enikolaides@mofo.com*
9  Zachary S. Newman (*pro hac vice*)
     *znewman@mofo.com*
10 250 West 55th Street
   New York, NY 10019
11 Telephone: 212.468.8000

12 Carolyn M. Homer (SBN 286441)
     *cmhomer@mofo.com*
13 2100 L Street, NW, Suite 900
   Washington, D.C. 20037
14 Telephone: 202.650.4597

15
   **KEKER, VAN NEST & PETERS LLP**
16 Robert A. Van Nest (SBN 84065)
     *rvannest@keker.com*
17 R. James Slaughter (SBN 192813)
     *rslaughter@keker.com*
18 Paven Malhotra (SBN 258429)
     *pmalhotra@keker.com*
19 Michelle S. Ybarra (SBN 260697)
     *mybarra@keker.com*
20 Nicholas S. Goldberg (SBN 273614)
     *ngoldberg@keker.com*
21 Thomas E. Gorman (SBN 279409)
     *tgorman@keker.com*
22 Katie Lynn Joyce (SBN 308263)
     *kjoyce@keker.com*
23 Christopher S. Sun (SBN 308945)
     *csun@keker.com*
24 Edward A. Bayley (SBN 267532)
     *ebayley@keker.com*
25 633 Battery Street
   San Francisco, CA 94111
26 Telephone: 415.391.5400
   Facsimile: 415.397.7188
27

28

I, Alexander Zbrozek, hereby declare as follows:

1. I am Senior Counsel at OpenAI. I submit this declaration in support of Defendants' Administrative Motion to File Under Seal, ECF No. 401, pursuant to N.D. Cal. L.R. 79-5(c). I have personal knowledge of the facts set forth below and, if called as a witness, could testify competently thereto.

2. I have been informed that because Plaintiffs' Motion for Leave to File Second Amended Consolidated Complaint, ECF No. 370, relates to a non-dispositive matter, the information requested to be filed under seal is not subject to a strong presumption of public access, and only a showing of "good cause" is needed to justify sealing the material. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Real Action Paintball, Inc. v. Advanced Tactical Ordinance Sys., LLC*, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).

3. I have been informed and understand that the OpenAI confidential material contained in ECF Nos. 401 *et seq.* has been designated by OpenAI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order.

4. I submit this declaration in support of redacting certain OpenAI confidential and highly confidential information contained in Defendants' Opposition to Plaintiffs' Motion For Leave To File Second Amended Complaint (ECF No. 401) ("Opposition"). Portions of the Opposition reference paragraphs 186 and 188 of Plaintiffs' Motion For Leave To File Second Amended Complaint and Exhibits C, D, F, and G attached thereto (ECF Nos. 371-4, -5, -7, -8). Proposed public-redacted and under seal highlighted copies of these documents have previously been filed under seal (*See* ECF Nos. 392 *et seq.*).

5. I also submit this declaration in support of sealing Opposition Exhibits 7 (ECF No. 402-7), and 8 (ECF No. 402-8) in their entirety given their highly confidential nature and sensitivity. Public-redacted and under seal highlighted copies of these documents are filed concurrently with this declaration.

6. OpenAI does not seek to redact or seal information contained within Opposition Exhibits 1-6 (ECF Nos. 402-1 to -6), attached thereto, nor does OpenAI seek to seal the residual

1  portions of the Opposition or the Exhibits attached thereto that are not expressly discussed by this
2  Declaration and/or identified by the highlighted portions of the sealed Opposition filed
3  contemporaneously with this Declaration.

4        7.      Based on my review, certain portions of the Opposition and Exhibits fall into the
5  following categories of information: (i) references to non-public URLs, filenames, technical
6  markers, code, and other identifying information, the disclosure of which could compromise
7  OpenAI security; (ii) highly confidential and competitively sensitive statements concerning
8  technical details of processes and sources for training, testing, and improving OpenAI LLMs; and
9  (iii) competitively-sensitive statements concerning OpenAI's business relationship with
10 Microsoft, including quotations from materials subject to OpenAI's nondisclosure agreement with
11 Microsoft.

12       8.      **Category (i).** Non-public URLs, filenames, hyperlinks, user IDs, IP addresses, and
13 other technological markers are highly sensitive and warrant redaction. Disclosure of this
14 information could compromise OpenAI's internal safety and security measures. OpenAI treats
15 such information as confidential or highly confidential, generally does not publicly disclose this
16 type of information, and takes affirmative steps to protect the confidentiality of that information.
17 Category (i) information would be found in Exhibits 7 and 8 if they were not sealed.

18       9.      **Category (ii).** The specific processes that OpenAI employs to train and test
19 ChatGPT models, including the sources and specific amounts of data used to train the models, key
20 process milestones indicating when in the process OpenAI engineers employ select technical
21 measures, assessments of the performance of training data, actual or potential techniques to
22 improve the models, internal-only development codenames, and confidential technical knowhow
23 constitute highly sensitive proprietary information. OpenAI treats such information as confidential
24 or highly confidential. OpenAI generally does not publicly disclose this type of information and
25 takes steps to protect the confidentiality of that information, particularly given the highly
26 competitive nature of the artificial intelligence industry with global stakeholders. Disclosure of
27 this kind of information would give OpenAI's competitors insight into its proprietary development
28 processes and cause competitive harm to OpenAI. Category (ii) information can be found in

Exhibits 7 and 8 and the highlighted portions of the Opposition (at 14); each of which are filed under seal contemporaneously with this declaration.

10. **Category (iii).** OpenAI treats discussions with and internal discussions about current and potential business partners like Microsoft, especially as they relate to the details of their negotiations and dealings, and information subject to their nondisclosure agreements, as confidential. OpenAI generally does not publicly disclose strategic decision-making, negotiations, or the terms of agreements with actual or potential business relationships in order to prevent competitive harm to OpenAI. Moreover, OpenAI and Microsoft have express agreements with confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships. Public disclosure of category (iii) information would cause competitive harm to OpenAI, given the highly competitive nature of the artificial intelligence industry with global stakeholders and could cause violation of OpenAI's confidentiality agreements. Category (iii) can be found in Exhibits 7 and 8 and the highlighted portions of the Opposition (at 14, 22, 23); each of which are filed under seal contemporaneously with this declaration.

11. OpenAI's request is narrowly tailored, as OpenAI is not seeking to seal any other portions of the Opposition or Exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 18th day of March, 2025, in San Francisco, California.

*/s/ Alexander Zbrozek*
Alexander Zbrozek
Senior Counsel
OpenAI

**ATTESTATION CLAUSE**

I am the ECF User whose identification and password are being used to file the foregoing document. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Elana Nightingale Dawson, attest that concurrence in the filing of this document has been obtained.

Dated: March 18, 2025

/s/ *Elana Nightingale Dawson*
Elana Nightingale Dawson

*Attorney for Defendants*