ROBERT A. VAN NEST (CA SBN 84065)
rvannest@keker.com
R. JAMES SLAUGHTER (CA SBN 192813)
rslaughter@keker.com
PAVEN MALHOTRA (CA SBN 258429)
pmalhotra@keker.com
MICHELLE S. YBARRA (CA SBN 260697)
mybarra@keker.com
EDWARD A. BAYLEY (CA SBN 267532)
ebayley@keker.com
NICHOLAS S. GOLDBERG (CA SBN 273614)
ngoldberg@keker.com
THOMAS E. GORMAN (CA SBN 279409)
tgorman@keker.com
KATIE LYNN JOYCE (CA SBN 308263)
kjoyce@keker.com
CHRISTOPHER S. SUN (CA SBN 308945)
csun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone:   (415) 391-5400
Facsimile:   (415) 397-7188

ANDREW M. GASS (SBN 259694)
Andrew.Gass@lw.com
JOSEPH R. WETZEL (SBN 238008)
Joe.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:   (415) 391-0600

JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
JOYCE C. LI (CA SBN 323820)
JoyceLi@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone:   (415) 268-7000
Facsimile:   (415) 268-7522

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (CA SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:   (213) 892-5200
Facsimile:   (213) 892-5454

CAROLYN M. HOMER (CA SBN 286441)
cmhomer@mofo.com
MORRISON & FOERSTER LLP
2100 L Street, NW
Suite 900
Washington, DC 2003
Telephone: (202) 650-4597

*[CAPTION CONTINUED ON NEXT PAGE]*

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File Case No. 3:23-CV-03223-AMO<br><br>**OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 358]** |

OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

1   JOHN R. LANHAM (CA SBN 289382)
    jlanham@mofo.com
2   SARAH J. VANDERVALK (CA SBN 332651)
    svandervalk@mofo.com
3   MORRISON & FOERSTER LLP
    12531 High Bluff Dr.
4   Suite 100
    San Diego, CA 921320
5   Telephone (858) 720-5100

6   MAX I. LEVY (CA SBN 346289)
    MLevy@mofo.com
7   MORRISON & FORESTER LLP
    755 Page Mill Road
8   Palo Alto, California 94304-1018
    Telephone:    (650) 813-5600
9   Facsimile:    (650) 494-0792

10  ERIC K. NIKOLAIDES (*pro hac vice*)
    ENikolaides@mofo.com
11  ZACHARY S. NEWMAN (*pro hac vice*)
    znewman@mofo.com
12  MORRISON & FORESTER LLP
    250 West 55th Street
13  New York, NY 10019-9601
    Telephone:    (212) 468-8000
14  Facsimile:    (212) 468-7900

15  SARANG VIJAY DAMLE (*pro hac vice*)
    Sy.Damle@lw.com
16  ELANA NIGHTINGALE DAWSON (*pro hac vice*)
    Elana.Nightingaledawson@lw.com
17  MICHAEL A. DAVID (*pro hac vice*)
    Michael.David@lw.com
18  LATHAM & WATKINS LLP
    555 Eleventh Street, NW, Suite 1000
19  Washington, D.C. 20004
    Telephone:    (202) 637-2200
20
    ALLISON L. STILLMAN (*pro hac vice*)
21  Alli.Stillman@lw.com
    RACHEL R. BLITZER (*pro hac vice*)
22  Rachel.blitzer@lw.com
    HERMAN H. YUE (*pro hac vice*)
23  Herman.yue@lw.com
    LATHAM & WATKINS LLP
24  1271 Avenue of the Americas
    New York, NY 10020
25  Telephone:    (212) 751-4864

26

27

28

OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

## I. INTRODUCTION

Plaintiffs' motion for relief reveals no reversible error—only buyer's remorse. Dkt. 388 (the "Mot."). Judge Illman had already given Plaintiffs the chance to add Katie Mayer as a custodian, but they elected to designate someone else instead. Two months later, Plaintiffs tried to get the benefit of that bargain without paying the cost by demanding OpenAI designate Ms. Mayer anyway. Judge Illman rightly saw through that ruse and denied Plaintiffs a second bite at the apple. Dkt. 358 (the "Order"). Now Plaintiffs are back seeking a third bite. But they fail to demonstrate the Order is clearly erroneous or contrary to law. Even putting aside Plaintiffs' gamesmanship, Plaintiffs remain unable to describe what *relevant* information they hope to obtain from Ms. Mayer's files and why that information is unavailable from the *28 custodians* OpenAI has already designated in this case. And to the extent Ms. Mayer might have relevant, nonduplicative information, Plaintiffs cannot explain why they did not seek that information sooner. As Judge Illman warned, if Plaintiffs "choos[e] [their] custodians unwisely, they will have to bear the consequences of that decision." Dkt. 191 at 3. Now 30 days from the close of fact discovery, those consequences have arrived. The Order should be upheld.

## II. LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *In re Cathode Ray Tube Antitrust Litig.*, No. 07-cv-05944-JST, 2022 WL 20611260, at *1 (N.D. Cal. Oct. 14, 2022) (citing *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). "The district court 'may not simply substitute its judgment' for that of the magistrate judge." *Id*. (citing *Grimes*, 951 F.2d at 241). Instead, it "may only set aside [a magistrate judge's] factual determinations if it is left with a definite and firm conviction that a mistake has been committed.'" *Id*. (citing *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quotation marks and citation omitted). For "'discovery disputes . . . the Magistrate is afforded broad discretion, which will be overruled only if abused." *Poquito Mas Licensing Corp. v. Taco Bell Corp.*, No. SA-CV-131933-DOC (JPRX), 2014 WL 12772086, at *2 (C.D. Cal. Dec. 4, 2014).

### III. ARGUMENT

**A. Judge Illman Did Not Err in Determining Plaintiffs Failed to Identify Documents and Information Only Ms. Mayer Would Possess**

There is no legal error in Judge Illman's Order. Plaintiffs' attempt to manufacture one is a distraction and a misinterpretation of the governing standard. Plaintiffs assert that, to justify adding a new custodian, the "demanding party . . . need only show that [the] additional custodian is 'likely to have unique information.'" Mot. at 3. Wrong. As even the out-of-circuit cases Plaintiffs cite establish, Plaintiffs bear the burden[1] of showing that they have some reason to think that the requested custodian has (1) information and/or documents, (2) that are unique (i.e. unavailable from existing custodians), and (3) relevant to the case. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-md-2785-DDC-TJJ, 2018 WL 1440923, at *3 (D. Kan. Mar. 15, 2018). And, although Plaintiffs suggest otherwise, that is precisely the standard Judge Illman applied and the standard applied in Plaintiffs' cited cases:

| Judge Illman's Order (Dkt. 358) at 3 | *In re EpiPen*, at *3 |
|---|---|
| "While Plaintiffs speak of '**relevant documents**' in the general sense, they have not identified any particular **documents** or any particular category of **information** that they believe Ms. Mayer, and *only* Ms. Mayer, would possess—that is, documents or information which they would be unable to secure from any of the **other 28 custodians** already designated in the case." (emphases added). | "[T]he Court finds Sanofi has met its burden of showing that Coury is likely to have unique **information and ESI**, not available through **other Mylan custodians**, **relevant** to the claims and defenses in this case." (emphases added). |

Of course, there is an obvious reason why Plaintiffs have tried to shift the applicable inquiry to center on whether Ms. Mayer is "likely to have unique information," Mot. at 3—Plaintiffs cannot satisfy the actual standard of demonstrating that Ms. Mayer likely has information that is both (1) relevant and (2) unavailable from existing custodians.

First, Plaintiffs cannot describe why any of the information Ms. Mayer purportedly possesses is relevant to the case. Plaintiffs point to Ms. Mayer's work on a partnership with GitHub.

---

[1] Plaintiffs incorrectly assert that it was "OpenAI's burden—not Plaintiffs'—to show why discovery should not be allowed." Mot. at 4. That is incorrect, as Plaintiffs themselves later acknowledge. Mot. at 5 ("That is the showing that *Plaintiffs* need to make to add a custodian.") (emphasis added); *see also* Dkt. 243 at 1-2.

2
OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

But GitHub provides a platform to write and develop computer *code* and has no apparent relevance to Plaintiffs' claims that OpenAI infringed their copyrights in *books*. Plaintiffs also assert Ms. Mayer has "more details about the partnership between OpenAI and Microsoft," *id.*, but do not identify those details, much less explain why they are relevant. Similarly, Plaintiffs contend Ms. Mayer knows about "OpenAI's day-to-day work with Microsoft." *Id.* But again, what work? Why is it relevant? The same goes for Plaintiffs' assertion that Ms. Mayer was involved in a variety of Microsoft-related projects: Plaintiffs never describe what the projects concerned or their relevance. These general assertions of relevance are insufficient and should doom their request.

Second, even if Plaintiffs were able to establish that Ms. Mayer possessed *relevant* information, that information is cumulative because it is available from other custodians. OpenAI's list of custodians already includes the person to whom Ms. Mayer reported—Mira Murati—and whom Microsoft representatives have described as "ha[ving] been [their] primary contact ███████." OPCO_NDCAL_1494912 at 913. It also includes multiple members of the ████████████████████████████████████████████████. *See, e.g.* OPCO_NDCAL_1478766, 1478767. Plaintiffs fail to identify any information that Ms. Mayer likely possesses that these various custodians would not. Indeed, the main issue Plaintiffs specifically highlight that Ms. Mayer purportedly has unique knowledge of is her involvement in ████████████████. Mot. at 3-4. But Plaintiffs neglect to mention that Ms. *Murati* was the one that ████████████████████, OPCO_NDCAL_1622427. And although Plaintiffs refer to unspecified "details" Ms. Mayer was purportedly "working on," they cannot describe what those details are, why they are relevant, or why Ms. Murati ████████████████████████████ wouldn't know about them. *See* Mot. at 4. The same is true of Plaintiffs' assertion that "40% of the already-produced documents that Mayer is copied on do not include Murati." *Id.* Plaintiffs do not argue—likely because they cannot—that those documents are uniquely relevant or are unavailable from existing custodians.

At best, the only thing Plaintiffs can offer to support their demand for Ms. Mayer's files is speculation that, because of her general roles and responsibilities at OpenAI, she might have relevant, non-duplicative information. But "speculation that *more* documents must exist is no basis

for a compulsory discovery order of any kind." *Happy Place, Inc. v. Hofesh*, LLC, No. 2:18-cv-6915-ODW-SKX, 2019 WL 4221400, at *2 (C.D. Cal. May 17, 2019) (italics in original) (citing *Thomas v. Saafir,* No. C 06-0184-MMC (PR), 2007 WL 1063474, at *2 (N.D. Cal. Apr. 9, 2007)). Judge Illman thus correctly rejected Plaintiffs' demand.

Were that not enough to deny Plaintiffs' request for relief, Judge Illman also correctly denied Plaintiffs' motion because their request was not based on new and relevant information. Dkt. 358 at 3. As the Order notes, "the court previously told Plaintiffs that any future requests for additional custodians would be granted only upon a showing of new and relevant information as to why granting the request would be appropriate." *Id.* Indeed, Plaintiffs were explicitly required to base their custodian demands "on evidence produced to Plaintiffs on or after November 25, 2024." Dkt. 243 at 1-2. Yet, and as OpenAI described in detail in the underlying briefing, the information Plaintiffs use to justify their demand for Ms. Mayer was available from documents produced before that cutoff, and almost all of the documents themselves were available to Plaintiffs when they made their initial choice not to designate Ms. Mayer. In other words, none of the information supporting Plaintiffs' motion was "new," Dkt. 358 at 3, which independently warrants rejecting Plaintiffs' demand for relief at this late stage of the case.[2] *See In re Sandisk SSDs Litig.*, No. 23-Cv-04152-RFL (LJC), 2025 WL 444420, at *1 (N.D. Cal. Feb. 10, 2025) ("In the context of the schedule for this case . . . Plaintiffs have not met their burden to pursue discovery from the custodians they propose adding at this late stage, even without reaching the parties' dispute regarding relevance, proportionality, or the apex doctrine.").

**B.    Judge Illman Has Not Denied Plaintiffs Relevant Microsoft Discovery**

Judge Illman has not denied "Plaintiffs all sources to discover" information related to OpenAI's relationship with Microsoft. Mot. at 4. To the contrary, Plaintiffs have asked for, and OpenAI has produced information related to, its relationship with Microsoft including, ▮

---

[2] Plaintiffs also assert that they relied on OpenAI's representations about Ms. Mayer's role. Mot. at 1. That statement is misleading, at best. OpenAI never made any representations about Ms. Mayer's role when conferring with Plaintiffs. The statements that Plaintiffs cite, when read in context, concern the inadequacy of Plaintiffs' evidence, which did not show Ms. Mayer had relevant, substantive knowledge of the relevant issues, but instead showed her addressing logistical matters.

4
OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

██████████████████████████████████████████████████, over 2,500 documents that reflect communications with Microsoft, and designating as custodians *five* of its executives that regularly communicated with Microsoft and/or have knowledge of its relationship with OpenAI. Plaintiffs' cited cases from another district and outside of this Circuit are inapposite. *See* Mot. at 5. In those cases, unlike here, there was no indication that Plaintiffs were already receiving information relevant to their requests. And, in any event, Plaintiffs cannot show that whatever additional information they seek regarding Microsoft is both (1) attainable from Ms. Mayer and (2) unobtainable from OpenAI's already-designated custodians.

### C. Judge Illman Properly Considered the Number of Document Custodians

Judge Illman's consideration of the 28 custodians already designated in this case was not clearly erroneous. Plaintiffs cite no legal authority to support this assertion, *see* Mot. at 5, presumably because there is none. To the contrary, Plaintiffs' argument runs afoul of the well-established discovery principles in this Circuit, which give the Court broad discretion and authority to manage discovery. *See U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011). Unsurprisingly, courts in this District regularly consider the total number of designated custodians when assessing the burden of discovery and whether it is proportional to the needs of the case. *See Tradeshift, Inc. v. BuyerQuest, Inc.*, No. 20-cv-01294-RS (TSH), 2021 WL 2109382, at *2 (N.D. Cal. May 25, 2021) (concluding "proposed new custodians would more than double the number of document custodians" making the request "disproportional to the needs of the case"); *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404-LHK (VKD), 2019 WL 8757255, at *1 (N.D. Cal. Feb. 20, 2019) ("Alta Devices' demand for ESI discovery from 33 custodians is not proportional to the needs of this case."). Judge Illman was entitled to make a similar determination with respect to Plaintiffs' demand for Ms. Mayer. Doing so certainly was not clearly erroneous.

### IV. CONCLUSION

The Order denying Ms. Mayer as a custodian should be upheld.

| | |
|---|---|
| Dated: March 27, 2025 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ Christopher S. Sun* |
| | ROBERT A. VAN NEST<br>R. JAMES SLAUGHTER<br>PAVEN MALHOTRA<br>MICHELLE S. YBARRA<br>EDWARD A. BAYLEY<br>NICHOLAS S. GOLDBERG<br>THOMAS E. GORMAN<br>KATIE LYNN JOYCE<br>CHRISTOPHER S. SUN<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, California 94111-1809<br>Telephone:   (415) 391-5400 |

6

OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

Dated: March 27, 2025

MORRISON & FOERSTER LLP

By: */s/ John R. Lanham*

JOSEPH C. GRATZ
TIFFANY CHEUNG
JOYCE C. LI
MELODY E. WONG
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone:   (415) 268-7000

ROSE S. LEE
ALEXANDRA M. WARD
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, California 90017-3543
Telephone:   (213) 892-5200

CAROLYN M. HOMER
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 2003
Telephone: (202) 650-4597

JOHN R. LANHAM
SARAH J. VANDERVALK
MORRISON & FOERSTER LLP
12531 High Bluff Dr., Suite 100
San Diego, CA 921320
Telephone: (858) 720-5100

MAX I. LEVY
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, California 94304-1018
Telephone:   (650) 813-5600

ERIC K. NIKOLAIDES (*pro hac vice*)
ZACHARY S. NEWMAN (*pro hac vice*)
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019-9601
Telephone:   (212) 468-8000

7

OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

Dated: March 27, 2025

LATHAM & WATKINS LLP

By: /s/ Elana Nightingale Dawson

ANDREW M. GASS
JOSEPH R. WETZEL
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone:   (415) 391-0600

SARANG VIJAY DAMLE (*pro hac vice*)
ELANA NIGHTINGALE DAWSON (*pro hac vice*)
MICHAEL A. DAVID (*pro hac vice*)
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:   (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
RACHEL R. BLITZER (*pro hac vice*)
HERMAN H. YUE (*pro hac vice*)
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone:   (212) 751-4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

8
OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO

2890537

# ATTESTATION CLAUSE

I am the ECF User whose identification and password are being used to file the foregoing document. Pursuant to Local Rule 5-1(i)(3) regarding signatures, I, Christopher S. Sun, attest that concurrence in the filing of this document has been obtained.

Dated: March 27, 2025                                        */s/ Christopher S. Sun*

9

OPENAI'S OPPOSITION TO MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 358]
Master File Case No. 3:23-CV-03223-AMO