JOSEPH C. GRATZ (CA SBN 240676)
JGratz@mofo.com
TIFFANY CHEUNG (CA SBN 211497)
TCheung@mofo.com
JOYCE C. LI (CA SBN 323820)
JoyceLi@mofo.com
MELODY E. WONG (SBN 341494)
MelodyWong@mofo.com
MORRISON & FOERSTER LLP
425 Market Street,
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

ROSE S. LEE (CA SBN 294658)
RoseLee@mofo.com
ALEXANDRA M. WARD (CA SBN 318042)
AlexandraWard@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, California 90017-3543
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
[CAPTION CONTINUED ON NEXT PAGE]

Attorneys for Defendants
OPENAI, INC., OPENAI, L.P., OPENAI
OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI
STARTUP FUND GP I, L.L.C., OPENAI
STARTUP FUND I, L.P., AND OPENAI
STARTUP FUND MANAGEMENT, LLC

ANDREW M. GASS (SBN 259694)
Andrew.Gass@lw.com
JOSEPH R. WETZEL (SBN 238008)
Joseph.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111
Telephone: (415) 391-0600

ROBERT A. VAN NEST (SBN 84065)
rvannest@keker.com
R. JAMES SLAUGHTER (SBN 192813)
rslaughter@keker.com
PAVEN MALHOTRA (SBN 258429)
pmalhotra@keker.com
MICHELLE YBARRA (SBN 260697)
mybarra@keker.com
NICHOLAS S. GOLDBERG (SBN 273614)
ngoldberg@keker.com
THOMAS E. GORMAN (SBN 279409)
tgorman@keker.com
KATIE LYNN JOYCE (SBN 308263)
kjoyce@keker.com
CHRISTOPHER SUN (SBN 308945)
csun@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 391-7188

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**OPENAI'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE [DKT. 357]** |

1  JOHN R. LANHAM (CA SBN 289382)
   JLanham@mofo.com
2  SARAH J. VANDERVALK (CA SBN 332651)
   SVandervalk@mofo.com
3  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
4  San Diego, California 92130
   Telephone:   (858) 720-5100
5  Facsimile:   (858) 523-2803

6  CAROLYN M. HOMER (CA SBN 286441)
   CMHomer@mofo.com
7  MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
8  Washington, D.C. 20037
   Telephone:   (202) 887-1500
9  Facsimile:   (202) 887-0763

10 MAX I. LEVY (CA SBN 346289)
   MLevy@mofo.com
11 MORRISON & FOERSTER LLP
   755 Page Mill Road
12 Palo Alto, California 94304-1018
   Telephone:   (650) 813-5600
13 Facsimile:   (650) 494-0792

14 ERIC K. NIKOLAIDES (*pro hac vice*)
   ENikolaides@mofo.com
15 ZACHARY S. NEWMAN (*pro hac vice*)
   ZNewman@mofo.com
16 MORRISON & FOERSTER LLP
   250 West 55th Street
17 New York, New York 10019-9601
   Telephone:   (212) 468-8000
18 Facsimile:   (212) 468-7900

19 SARANG VIJAY DAMLE (*pro hac vice*)
   Sy.Damle@lw.com
20 MICHAEL A. DAVID (*pro hac vice*)
   Michael.David@lw.com
21 ELANA NIGHTINGALE DAWSON (*pro hac vice*)
   Elana.Nightingaledawson@lw.com
22 LATHAM & WATKINS LLP
   555 Eleventh Street, NW, Suite 1000
23 Washington, D.C. 20004
   Telephone:   (202) 637-2200

24 ALLISON L. STILLMAN (*pro hac vice*)
   Alli.Stillman@lw.com
25 RACHEL R. BLITZER (*pro hac vice*)
   Rachel.blitzer@lw.com
26 HERMAN H. YUE (*pro hac vice*)
   Herman.yue@lw.com
27 LATHAM & WATKINS LLP
   1271 Avenue of the Americas
28 New York, New York 10020
   Telephone:   (212) 751-4864

Plaintiffs' Motion for Relief should be denied.  Plaintiffs unreasonably ask this Court to grant them relief from (i) seven-month-old orders underlying Judge Illman's ruling, including the parties' stipulated ESI Order, (ii) the requirement to identify a deficiency before obtaining an order compelling discovery, (iii) the fact discovery cutoff, to accommodate their unmerited, eleventh-hour attempt to balloon discovery, and (iv) their own calculated decision to omit the eight proposed search terms that were the subject of their letter brief from the brief itself.

### I.   PROCEDURAL HISTORY

On July 30, 2024, the parties filed a joint letter brief on ESI-related issues, which included Plaintiffs' position that a requesting party should have input in determining a producing party's search terms.  (ECF No. 163 at 2-3.)  On July 31, 2024, Judge Illman denied Plaintiffs' request because "the requesting Party hav[ing] input in determining search terms raises the specter of too many future delays and disputes over methodology and search term formulation."  ("July Order," ECF No. 166 at 3:6-7.)  Plaintiffs did not move for relief.  By August 22, 2024, Plaintiffs had *stipulated* to an ESI Order, which provided that "each Producing Party will develop its own appropriately tailored search terms to locate its relevant documents that are responsive to discovery requests."  ("ESI Order," ECF No. 175 at 1:1; 3:14-16.)

On December 23, 2024, Plaintiffs asked Judge Illman to order OpenAI to specifically search for documents discussing torrents.  (ECF No. 242 at 3.)  In January 2025, Judge Illman rejected Plaintiffs' request because Plaintiffs' allusion to "gaps" in OpenAI's productions were "speculative and unsupported."  (ECF No. 247 at 3:5-7.)  The Court denied Plaintiffs' request for relief from that ruling.  (ECF No. 309.)  Plaintiffs next sought to compel OpenAI to run a set of eight broad, compound search terms (which break out into 362 individual search terms), including torrent terms.  (ECF No. 298 at n.4, p.5.)  Plaintiffs' proposed terms hit on 345,000 documents beyond the 640,000 that OpenAI had already agreed to review, and would require an estimated 9,000 additional hours of review.  (*Id.* at 5; Homer Decl. ¶¶ 2-4.)  Judge Illman denied Plaintiffs' request, noting that "Plaintiffs are trying to relitigate an issue they have already lost (i.e., that they should be involved in the search term formulation process without making a clear showing of prejudice stemming from gaps or deficiencies in the search terms disclosed by the producing

Party).'" ("February Order," ECF No. 357 at 2:25-3:2.) Judge Illman found that the relief sought by Plaintiffs "will only prolong fact discovery while failing to add to the substance of Plaintiffs' case." (*Id.* at 2:21-23.) Plaintiffs now move for relief from that Order. ("Motion," ECF No. 390.)

## II. LEGAL STANDARD

With respect to discovery orders, "the magistrate judge's decision in such nondispositive matters is entitled to great deference by the district court." *United States v. Abonce-Barrera*, 257 F.3d 959, 969 (9th Cir. 2001). "A non-dispositive order entered by a magistrate judge must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Any motion for relief must be filed within 14 days of service of the magistrate judge's order. Civil L.R. 72(a); Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a).

## III. ARGUMENT

### A. Plaintiffs Are Time-Barred from Seeking Relief from Orders That Issued Last Summer, Including the Stipulated ESI Order

Plaintiffs attempt in their Motion to relitigate the issue of "whether input from the requesting party should be considered in determining search terms," which the parties briefed nearly a year ago. (ECF No. 163 at 2-3.) Plaintiffs not only failed to seek timely relief from Judge Illman's July Order foreclosing input into an opposing party's search terms, they then *stipulated* to that provision in the August ESI Order. (ESI Order 1:1; 3:14-16.) Judge Illman's February Order, which declines to compel Plaintiffs' proposed search terms, adheres to his July Order that Plaintiffs not be permitted to propose search terms: "It appears that Plaintiffs now seek to litigate that issue for a third time, and by doing so, it appears that the objective of the court's initial ruling (i.e., to prevent delays and the stalling of the discovery process . . . ) has been nevertheless frustrated." (February Order 2:1-4). Now Plaintiffs, in their Motion for Relief, try to do what Rule 72 expressly forbids, i.e., to "assign as error a defect in [an] order not timely objected to." Fed. R. Civ. P. 72(a); (February Order 2:26-28 ("Plaintiffs are trying to relitigate an issue they have already lost")).

### 1. The ESI Order Is Not Contrary to Law

Contrary to Plaintiffs' assertions, search term negotiations are neither a required nor a "bedrock feature" of discovery.[1] (Mot. 2:16.) Instead, many courts have embraced Sedona Principle 6: "Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." 19 Sedona Conf. J. 1, 118 (3rd ed. 2018); *see also Weinstein v. Katapult Grp., Inc.*, No. 21-CV-05175, 2022 WL 4548798, at *2 (N.D. Cal. Sept. 29, 2022) ("[responding party] is in the best position to determine the appropriate scope of the search."); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-CV-0347, 2019 WL 4934477, at *2 (S.D. Cal. Oct. 7, 2019) (finding the Model ESI Order to be inconsistent with Sedona Principle 6 and declining to determine whether proposed custodians or search terms were appropriate); *Hyles v. New York City*, No. 10 Civ. 3119, 2016 WL 4077114, at *3 (S.D.N.Y. Aug. 1, 2016) ("The City can use the search method of its choice. If Hyles later demonstrates deficiencies . . . the City may have to re-do its search.").

### 2. The ESI Order Does Not Provide for Negotiated Search Terms

Seeking to evade Judge Illman's reasoning as well as prior discovery orders, Plaintiffs contend that the ESI Order—which they co-drafted and stipulated to—does not *preclude* them from proposing search terms.[2] But the ESI Order explicitly states that "each Producing Party will develop its *own* appropriately tailored search terms," and that "the Producing Party may proceed with its review of documents hitting upon the disclosed search terms *without input from the Requesting Party*." (ESI Order 3:13-21 (emphases added).) Plaintiffs also argue that if they were unable to propose search terms, they would have "no recourse" if those terms were deficient. (Mot. 4:21-22.) Wrong again. The ESI Order allows the requesting party to seek disclosures from the producing party about its validation protocol and to meet and confer to resolve any

---

[1] Plaintiffs' citations to *Humanmade*, *Doe*, and *Cook* show only why stipulations to search term negotiations are problematic—because they inevitably require court intervention. (Mot. 2:25-3:7.)
[2] Plaintiffs understood when drafting the ESI Order that it did not provide for the requesting party's input into search terms. Plaintiffs' ESI order in *Kadrey v. Meta* also provides that "each Producing Party will develop its own appropriately tailored search terms to locate its relevant documents that are responsive to discovery requests." No. 3:23-cv-03417, ECF No. 100-1 (N.D. Cal. Apr. 9, 2024). But, unlike the ESI Order here, the *Kadrey* ESI order expressly allows that the "Requesting Party can propose additional search terms." *Id.* at 5.

issues. (ESI Order 3:22-4:7.) Plaintiffs ignore this provision because they aren't interested in correcting any purported deficiency; they are determined to demand hundreds of thousands of documents outside the scope of discovery and to needlessly extend fact discovery to do so.

### B. Plaintiffs' Motion Was Denied Because They Failed to Identify Any Production Deficiencies and Because Their Search Terms Would Needlessly Prolong Fact Discovery

Plaintiffs' letter brief on search terms did not make the required threshold showing that OpenAI's productions were deficient. *See Taylor v. Google LLC*, No. 20-CV-07956, 2024 WL 4947270, at *4 (N.D. Cal. Dec. 3, 2024) ("plaintiffs have not shown a specific deficiency in [defendant's] document production . . . and thus there is no justification for an order requiring [defendant] to run the search terms plaintiffs propose"); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, No. 3:18-MD-02843, 2021 WL 10282172, at *2 (N.D. Cal. Oct. 11, 2021) (denying motion to compel because "there do not appear to be deficiencies in Facebook's productions to date.").[3]

There are no deficiencies here. OpenAI has run 647 search terms and produced over two million pages of documents, in addition to providing inspections of code and training data. (Homer Decl. ¶¶ 2, 5.) Plaintiffs *do not allege* that OpenAI's *productions* are deficient and admit that "they know very little about documents OpenAI hasn't produced," as cited in Judge Illman's Order. (February Order 2:4-7.) Plaintiffs instead speculate that OpenAI's *search terms* "appeared too narrow or didn't capture lingo used by OpenAI's own employees." ("Ltr. Br.," ECF 298 at 1; Mot. 4.)[4] Even that argument is refuted by a comparison of their proposed search terms against OpenAI's existing search terms. (*See* Ltr. Br. 4 n.5; Homer Decl. ¶ 6, Ex. A[5]; *see also* February Order 2:23-26 (noting OpenAI's comparisons).) Neither Plaintiffs' attorney argument nor their desire for scorched earth discovery warrants search terms that hit on 345,000

---

[3] Plaintiffs cite to *O'Keeffe* and *Geophysical Systems*, which reversed orders that found discovery was irrelevant. (Mot. 1:24-28.) The Order here is not premised on relevance, but on Plaintiffs' failure to show any deficiency in OpenAI's production of relevant, responsive documents.

[4] To quote Plaintiffs' case, "to dare opine that a certain search term or terms would be more likely to produce information than the terms that were used is truly to go where angels fear to tread . . . and requires that any such conclusion be based on evidence[.]" *William A. Gross Const. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135 (S.D.N.Y. 2009) (citation omitted).

[5] Exhibit A is a copy of OpenAI's Proposed Exhibit C to the Letter Brief at ECF No. 298.

1  additional documents that would require 9,000 hours of review.  (Ltr. Br. 5; Homer Decl. ¶¶ 4, 5.)

2  Consistent with Rule 26, Judge Illman denied Plaintiffs' unsupported request to
3  "introduce hundreds of thousands of non-responsive documents into its review queue [that] will
4  only prolong fact discovery while failing to add to the substance of Plaintiffs' case."  (February
5  Order 2:21-23.)  As set out above, Judge Illman did not deny Plaintiffs' request "out of hand."
6  (Mot. 3:26.)  And his observation that Plaintiffs were trying to relitigate, "for a third time," the
7  issue of whether they should have input into the formulation of search terms, does not displace his
8  finding that Plaintiffs' request was not based on any production deficiency or "prejudice."
9  (February Order 2:1-4, 2:23-3:2.)  Finally, Judge Illman's February Order is entirely consistent
10 with his order directing OpenAI to propose terms to Plaintiffs after OpenAI, unlike Plaintiffs
11 here, established material deficiencies in Plaintiffs' productions, including the failure of many
12 Plaintiffs to produce *a single email*.  (ECF No. 212 at 1; Hr'g Tr. 32:3-10 (Dec. 17, 2024).)

### C. Judge Illman Had No Obligation to Consider Search Terms That Plaintiffs Chose Not to Include in Their Briefing

15 Judge Illman properly decided Plaintiffs' motion on the discovery letter brief presented to
16 him.[6]  Plaintiffs are solely responsible for any "lack of a factual record" on the issue.  (Mot. 5:24-
17 25.)  They knew Judge Illman's rules regarding joint letter briefs: "This joint letter shall include a
18 description of every issue in dispute, and a detailed summary of each party's final position on
19 each issue.  The joint letter may not be accompanied by exhibits[.]"  Standing Order for J. Illman
20 (Sep. 19, 2022).  Yet, Plaintiffs chose not to include their eight search terms in their brief and
21 instead made the strategic decision to use that space for additional argument.  Judge Illman did
22 not "expressly decline[]" to analyze search terms (a blatant mischaracterization of his Order); to
23 the contrary, he noted that "[search] string numbers 1 and 4 were set forth by OpenAI as
24 exemplars."  (February Order 2:24-26.)  Regardless, Judge Illman did not need to review the
25 proposed search terms because Plaintiffs failed to show any *production* deficiencies, i.e.
26 "prejudice," as required to merit their consideration.  (February Order 2:23-3:2; Section III.B.)

---

[6] Plaintiffs provide no authority that Judge Illman's Standing Order is contrary to law.  The *AMEC* and *Humanmade* courts' decisions to ask the parties to submit additional information are hardly dispositive of a requirement that Judge Illman do so here.

OPENAI OPP'N TO PLS' MOT. RELIEF DKT. 357            5
MASTER FILE NO.3:23-CV-03223-AMO

| | | |
|---|---|---|
| 1 | Dated: March 27, 2025 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: /s/ *John R. Lanham*<br>John R. Lanham |
| 4 | | JOSEPH C. GRATZ<br>JGratz@mofo.com |
| 5 | | TIFFANY CHEUNG<br>TCheung@mofo.com |
| 6 | | JOYCE C. LI<br>JoyceLi@mofo.com |
| 7 | | MELODY E. WONG<br>MelodyWong@mofo.com |
| 8 | | MORRISON & FOERSTER LLP<br>425 Market Street |
| 9 | | San Francisco, California  94105-2482<br>Telephone:    (415) 268-7000 |
| 10 | | Facsimile:    (415) 268-7522 |
| 11 | | ROSE S. LEE<br>RoseLee@mofo.com |
| 12 | | ALEXANDRA M. WARD<br>AlexandraWard@mofo.com |
| 13 | | MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard |
| 14 | | Los Angeles, California 90017-3543<br>Telephone:    (213) 892-5200 |
| 15 | | Facsimile:    (213) 892-5454 |
| 16 | | JOHN R. LANHAM<br>JLanham@mofo.com |
| 17 | | SARAH J. VANDERVALK<br>SVandervalk@mofo.com |
| 18 | | MORRISON & FOERSTER LLP<br>12531 High Bluff Drive, Suite 100 |
| 19 | | San Diego, California 92130<br>Telephone:    (858) 720-5100 |
| 20 | | Facsimile:    (858) 523-2803 |
| 21 | | CAROLYN M. HOMER<br>CMHomer@mofo.com |
| 22 | | MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900 |
| 23 | | Washington, D.C. 20037<br>Telephone:    (202) 887-1500 |
| 24 | | Facsimile:    (202) 887-0763 |
| 25 | | *Attorneys for Defendants*<br>OPENAI, INC., OPENAI, L.P., OPENAI |
| 26 | | OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI<br>STARTUP FUND GP I, L.L.C., OPENAI |
| 27 | | STARTUP FUND I, L.P., AND OPENAI<br>STARTUP FUND MANAGEMENT, LLC |
| 28 | | |

OPENAI OPPN TO PLS' MOT. RELIEF DKT. 357         6
MASTER FILE NO.3:23-CV-03223-AMO

LATHAM & WATKINS LLP

By:  */s/ Elana Nightingale Dawson*
Elana Nightingale Dawson

ANDREW M. GASS
Andrew.Gass@lw.com
JOSEPH R. WETZEL
Joseph.Wetzel@lw.com
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California  94111
Telephone:     (415) 391-0600

SARANG VIJAY DAMLE (*pro hac vice*)
Sy.Damle@lw.com
MICHAEL A. DAVID (*pro hac vice*)
Michael.David@lw.com
ELANA NIGHTINGALE DAWSON (*pro hac vice*)
Elana.Nightingaledawson@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone:     (202) 637-2200

ALLISON L. STILLMAN (*pro hac vice*)
Alli.Stillman@lw.com
RACHEL R. BLITZER
Rachel.blitzer@lw.com (*pro hac vice*)
HERMAN H. YUE (*pro hac vice*)
Herman.yue@lw.com
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone:     (212) 751-4864

*Attorneys for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC

| | |
|---|---|
| 1 | KEKER, VAN NEST & PETERS LLP |
| 2 | |
| 3 | By:   /s/ *Christopher Sun*<br>      Christopher Sun |
| 4 | ROBERT A. VAN NEST<br>rvannest@keker.com |
| 5 | R. JAMES SLAUGHTER<br>rslaughter@keker.com |
| 6 | PAVEN MALHOTRA<br>pmalhotra@keker.com |
| 7 | MICHELLE YBARRA<br>mybarra@keker.com |
| 8 | NICHOLAS S. GOLDBERG<br>ngoldberg@keker.com |
| 9 | THOMAS E. GORMAN<br>tgorman@keker.com |
| 10 | KATIE LYNN JOYCE<br>kjoyce@keker.com |
| 11 | CHRISTOPHER SUN<br>csun@keker.com |
| 12 | KEKER, VAN NEST & PETERS LLP<br>633 Battery Street |
| 13 | San Francisco, California 94111-1809<br>Telephone:   (415) 391-5400 |
| 14 | Facsimile:    (415) 391-7188 |
| 15 | *Attorneys for Defendants* |
| 16 | OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI |
| 17 | STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI |
| 18 | STARTUP FUND MANAGEMENT, LLC |

## SIGNATURE ATTESTATION

I, John R. Lanham, attest that Elana Nightingale Dawson and Christopher Sun concur in the filing of this document.

Dated:  March 27, 2025

*/s/ John R. Lanham*
John R. Lanham