| | |
|---|---|
| JOSEPH C. GRATZ (CA SBN 240676)<br>JGratz@mofo.com<br>TIFFANY CHEUNG (CA SBN 211497)<br>TCheung@mofo.com<br>JOYCE C. LI (CA SBN 323820)<br>JoyceLi@mofo.com<br>MELODY E. WONG (SBN 341494)<br>MelodyWong@mofo.com<br>MORRISON & FOERSTER LLP<br>425 Market Street,<br>San Francisco, California 94105-2482<br>Telephone:    (415) 268-7000<br>Facsimile:    (415) 268-7522<br><br>ROSE S. LEE (CA SBN 294658)<br>RoseLee@mofo.com<br>ALEXANDRA M. WARD (CA SBN 318042)<br>AlexandraWard@mofo.com<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017-3543<br>Telephone:    (213) 892-5200<br>Facsimile:    (213) 892-5454<br>[CAPTION CONTINUED ON NEXT PAGE]<br><br>Attorneys for Defendants<br>OPENAI, INC., OPENAI, L.P., OPENAI<br>OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI<br>STARTUP FUND GP I, L.L.C., OPENAI<br>STARTUP FUND I, L.P., AND OPENAI<br>STARTUP FUND MANAGEMENT, LLC | ANDREW M. GASS (SBN 259694)<br>Andrew.Gass@lw.com<br>JOSEPH R. WETZEL (SBN 238008)<br>Joseph.Wetzel@lw.com<br>LATHAM & WATKINS LLP<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111<br>Telephone:    (415) 391-0600<br><br>ROBERT A. VAN NEST (SBN 84065)<br>rvannest@keker.com<br>R. JAMES SLAUGHTER (SBN 192813)<br>rslaughter@keker.com<br>PAVEN MALHOTRA (SBN 258429)<br>pmalhotra@keker.com<br>MICHELLE YBARRA (SBN 260697)<br>mybarra@keker.com<br>NICHOLAS S. GOLDBERG (SBN 273614)<br>ngoldberg@keker.com<br>THOMAS E. GORMAN (SBN 279409)<br>tgorman@keker.com<br>KATIE LYNN JOYCE (SBN 308263)<br>kjoyce@keker.com<br>CHRISTOPHER SUN (SBN 308945)<br>csun@keker.com<br>KEKER, VAN NEST & PETERS LLP<br>633 Battery Street<br>San Francisco, CA 94111-1809<br>Telephone:    (415) 391-5400<br>Facsimile:    (415) 391-7188 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE OPENAI CHATGPT LITIGATION<br><br>This document relates to:<br><br>All Actions | Master File No. 3:23-cv-03223-AMO<br><br>**DECLARATION OF ALEXANDER ZBROZEK IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 415]** |

1  JOHN R. LANHAM (CA SBN 289382)
   JLanham@mofo.com
2  SARAH J. VANDERVALK (CA SBN 332651)
   SVandervalk@mofo.com
3  MORRISON & FOERSTER LLP
   12531 High Bluff Drive, Suite 100
4  San Diego, CA 92130
   Telephone:   (858) 720-5100
5  Facsimile:   (858) 523-2803

6  CAROLYN M. HOMER (CA SBN 286441)
   CMHomer@mofo.com
7  MORRISON & FOERSTER LLP
   2100 L Street, NW, Suite 900
8  Washington, D.C. 20037
   Telephone:   (202) 887-1500
9  Facsimile:   (202) 887-0763

10 MAX I. LEVY (CA SBN 346289)
   MLevy@mofo.com
11 MORRISON & FOERSTER LLP
   755 Page Mill Road
12 Palo Alto, CA 94304-1018
   Telephone:   (650) 813-5600
13 Facsimile:   (650) 494-0792

14 ERIC K. NIKOLAIDES (*pro hac vice*)
   ENikolaides@mofo.com
15 ZACHARY S. NEWMAN (*pro hac vice*)
   ZNewman@mofo.com
16 MORRISON & FOERSTER LLP
   250 West 55th Street
17 New York, NY 10019-9601
   Telephone:   (212) 468-8000
18 Facsimile:   (212) 468-7900

19 SARANG VIJAY DAMLE (*pro hac vice*)
   Sy.Damle@lw.com
20 MICHAEL A. DAVID (*pro hac vice*)
   Michael.David@lw.com
21 ELANA NIGHTINGALE DAWSON (*pro hac vice*)
   Elana.Nightingaledawson@lw.com
22 LATHAM & WATKINS LLP
   555 Eleventh Street, NW, Suite 1000
23 Washington, D.C. 20004
   Telephone:   (202) 637-2200

24 ALLISON L. STILLMAN (*pro hac vice*)
   Alli.Stillman@lw.com
25 RACHEL R. BLITZER (*pro hac vice*)
   Rachel.blitzer@lw.com
26 HERMAN H. YUE (*pro hac vice*)
   Herman.yue@lw.com
27 LATHAM & WATKINS LLP
   1271 Avenue of the Americas
28 New York, NY 10020
   Telephone:   (212) 751-4864

I, Alexander Zbrozek, hereby declare as follows:

1. I am Senior Counsel at OpenAI. I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed Re: Reply in Support of Motion for Leave to File Second Amended Consolidated Complaint, ECF No. 415, pursuant to N.D. Cal. L.R. 79-5(f)(3). I have personal knowledge of the facts set forth below and, if called as a witness, could testify competently thereto.

2. I have been informed that because Plaintiffs' Reply in Support of Motion for Leave to File Second Amended Consolidated Complaint, ECF No. 414, relates to a non-dispositive matter, the information requested to be filed under seal is not subject to a strong presumption of public access, and only a showing of "good cause" is needed to justify sealing the material. *See Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *Real Action Paintball, Inc. v. Advanced Tactical Ordinance Sys.*, LLC, 2015 WL 1534049, at *2 (N.D. Cal. Apr. 2, 2015) (quoting *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)).

3. I have been informed and understand that the OpenAI confidential material highlighted in the Reply and contained within Exhibits A, B, C, E, F, and G attached thereto has been designated by OpenAI as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the protective order. I submit this declaration in support of redacting certain information, as marked in highlighting, in the Reply.[1] I also submit this declaration to maintain under seal Exhibits A, B, C, E, F, and G. OpenAI does not seek to redact or seal the residual portions of the Reply or information contained within Exhibit D.

4. Based on my review, certain portions of the Reply brief and Exhibits A, B, C, E, F, and G attached thereto fall into the following categories: (i) internal references to URLs or other identifying information, the disclosure of which could compromise OpenAI security; (ii) competitively sensitive statements concerning details of processes and sources for training, testing, and improving OpenAI LLMs; (iii) competitively sensitive statements concerning

---

[1] The sealed copy of the Reply contains yellow highlighting, which reflects Plaintiffs' original redactions. OpenAI's requested redactions are therefore denoted in green in the sealed copy.

OpenAI's actual or potential business relationships; and (iv) OpenAI's internal policies and procedures.

5. **Category (i).** URLs, filenames, hyperlinks, user IDs, IP addresses, and other technological markers are highly sensitive and warrant redaction. Disclosure of this information could compromise OpenAI's internal safety and security measures. OpenAI treats such information as confidential or highly confidential, generally does not publicly disclose this type of information, and takes affirmative steps to protect the confidentiality of that information. Category (i) information can be found in Exhibits E and G.

6. **Category (ii).** The specific processes that OpenAI employs to train and test ChatGPT models, including the sources and specific amounts of data used to train the models, confidential meetings about model performance and improvement, the process OpenAI engineers employ to select technical measures, assessments of the performance of training data, and confidential technical know-how constitute highly sensitive proprietary information. OpenAI treats such information as confidential or highly confidential. OpenAI generally does not publicly disclose this type of information and takes steps to protect the confidentiality of that information, particularly given the highly competitive nature of the artificial intelligence industry with global stakeholders. Disclosure of this kind of information would give OpenAI's competitors insight into its proprietary development processes and cause competitive harm to OpenAI. Category (ii) information can be found in Exhibits A, E, F, and G, as well as the green-highlighted portions of the Reply filed contemporaneously with this declaration at 2 and 11.

7. **Category (iii).** OpenAI treats discussions with and internal discussions about current and potential business partners, especially as they relate to quotes or strategic decisions, as confidential or highly confidential, given the highly competitive nature of the artificial intelligence industry. OpenAI generally does not publicly disclose strategic decision-making deliberations concerning actual or potential business relationships to prevent competitive harm to OpenAI. Moreover, OpenAI and certain partners have express agreements with confidentiality provisions that prevent public disclosure of confidential facts about the companies' business relationships. Public disclosure of category (iii) information would cause competitive harm to

1  OpenAI, given the highly competitive nature of the artificial intelligence industry with global
2  stakeholders and could cause violation of OpenAI's confidentiality agreements with third parties.
3  Category (iii) information can be found in Exhibits B, C, E, and F, as well as the green-
4  highlighted portions of the Reply filed contemporaneously with this declaration at 2, 3, 7, 11, and
5  13.

6        8. **Category (iv).** OpenAI treats its internal workplace policies as highly
7  confidential, generally does not publicly disclose this type of information, and takes affirmative
8  steps to protect the confidentiality of that information. Disclosure of this information would
9  cause harm to OpenAI and could compromise its safety and security measures. Category (iv)
10 information can be found in Exhibit G.

11        9. OpenAI's request is narrowly tailored, as OpenAI is not seeking to redact the other
12 portions of the Reply not marked for redaction, nor does OpenAI seek to redact or seal
13 information contained within Exhibit D.

14        I declare under penalty of perjury under the laws of the United States of America that the
15 foregoing is true and correct.

16        Executed on this 1st day of April, 2025, in New York, New York.

                                                   */s/ Alexander Zbrozek*
                                                   Alexander Zbrozek
                                                   Senior Counsel
                                                   OpenAI

**ECF ATTESTATION**

I, John Lanham, am the ECF User whose ID and password are being used to file this document. In accordance with Civil L.R. 5-1(i)(3), concurrence in and authorization of the filing of this document has been obtained from Alexander Zbrozek, declarant.

Dated: April 1, 2025

MORRISON & FOERSTER LLP

By: */s/ John R. Lanham*
John R. Lanham

*Attorney for Defendants*
OPENAI, INC., OPENAI, L.P., OPENAI OPCO, L.L.C., OPENAI GP, L.L.C., OPENAI STARTUP FUND GP I, L.L.C., OPENAI STARTUP FUND I, L.P., AND OPENAI STARTUP FUND MANAGEMENT, LLC